IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO SEVER THE CLAIMS OF PLAINTIFF BENSON
FROM THE CLAIMS OF PLAINTIFF KLAYMAN**

Defendants Judicial Watch, Inc. ("Judicial Watch") and Thomas J. Fitton ("Fitton"), by undersigned counsel, hereby submit the following Memorandum in Support of their Motion to Sever the claims of Plaintiff Benson from the claims of Plaintiff Klayman.

**I.   THE CLAIMS OF BENSON AND KLAYMAN DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AND MUST BE SEVERED**

Under Rule 20(a) of the Federal Rules of Civil Procedure ("Rule 20"), parties are properly joined only if: (1) the issues involved arise from the same transaction or occurrence, or series of transactions *and* (2) there is a question of law or fact common to the Plaintiffs. Benson's and Klayman's claims and underlying facts are thoroughly distinct and unrelated; thus, must be severed. Disparte v. Corporate Executive Board, 223 F.R.D. 7, 8 (D.D.C. 2004).

A. <u>Plaintiffs' Claims Do Not Arise from the Same Transaction, Or Occurrence, Or Series of Transactions</u>

The claims of Benson and Klayman do not arise out of the same transaction, or occurrence, or series of transactions. Klayman's claims against Judicial Watch and Fitton stem from an alleged breach of a Severance Agreement between Judicial Watch and Klayman, and from the organization's alleged portrayal of Klayman in the public and the media. During Klayman's employment at Judicial Watch, Benson was not even one of the organization's employees, but was an outside donor and volunteer.

In her role as an outsider to the organization, Benson was not a party to or in any way affected by Judicial Watch's actions toward its employees or former employees, including Klayman. She was not at all connected with any transaction or occurrence arising out of Klayman's Severance Agreement, or the organization's alleged portrayal of Klayman.

Benson's own claims in this suit stem from a pledge and contribution she made to Judicial Watch while Klayman was still employed by the organization, and before the Severance Agreement negotiations began. In fact, Klayman's role as chairman of Judicial Watch during the period of Benson's alleged reliance and donations positions Klayman as an adversary to her. Because Plaintiffs' claims are entirely unrelated, different evidence will be needed to needed to prove each party's claims. Allowing these two Plaintiffs' claims to remain joined in this action would therefore, not fit within the purpose of Rule 20 to "promote trial convenience and expedite the resolution of [the] lawsuit". <u>Disparte v. Corporate Executive Board</u>, 223 F.R.D. 7, 8 (D.D.C. 2004).

B.      There is No Question of Fact or Law Common to the Plaintiffs

1.      No Common Question of Fact

Plaintiffs' Second Amended Complaint contains nine counts. Of the nine counts, Plaintiffs do not share one question of fact in common. There are essentially three transactions, occurrences, or series of occurrences at issue in this case.

TRANSACTION ONE: BENSON'S ALLEGED GIFTS TO JUDICIAL WATCH

The first transaction relates to monetary and volunteer service donations by Benson to Judicial Watch. Benson alleges that she pledged $50,000, of which she has donated only $15,000, in response to a solicitation sent by Co-Plaintiff Klayman to Benson and others prior to his separation from the organization. Benson also claims to have volunteered her time with Judicial Watch's San Marino, CA office, and with the organization's "Judicial Monitoring Project."

From these alleged monetary and volunteer service donations stem the following counts in Plaintiffs' Complaint: Count One — Fraudulent Misrepresentation (Louise Benson v. Judicial Watch and Thomas Fitton); Count Two — Breach of Contract (Louise Benson v. Judicial Watch); and Count Three — Unjust Enrichment (Louise Benson v. Judicial Watch). The factual issues underlying these three counts do not relate to the factual issues underlying Klayman's claims for relief.

TRANSACTION TWO: ALLEGED DEFAMATION/MISREPRESENTATION OF KLAYMAN'S IMAGE

Klayman claims that Judicial Watch misrepresented in electronic and postal mail communications that Klayman was Judicial Watch's Chairman and General Counsel, and that Judicial Watch used these alleged misrepresentations to raise money for the organization. Klayman also claims that Judicial Watch otherwise defamed him in the public and in the media.

3

From the alleged wrongs, three counts within the Complaint are derived. The three counts related to Transaction Two are: Count Four — Violation of Section 43(a) of the Lanham Act (Klayman v. Judicial Watch and Thomas Fitton); Count Five — Violation of Florida Statute 540.08-Unauthorized Publication of Name or Likeness; and Count Nine — Defamation (Klayman v. Judicial Watch and Thomas Fitton).

The facts of Transaction Two do not relate in any way to Benson or her claims against Judicial Watch or Thomas Fitton. They are connected with Klayman only.

TRANSACTION THREE: ALLEGED BREACH OF KLAYMAN'S SEVERANCE AGREEMENT

The final alleged series of transactions involves what Klayman claims is a breach of his Severance Agreement with Judicial Watch. Klayman claims that Judicial Watch: opened Klayman's mail after he had left the organization; made false statements on the organization's IRS Form 990 regarding a debt owed by Klayman; failed to pay healthcare for Klayman and his family; failed to pay Klayman's last paycheck; converted Klayman's personal assets and assets of Klayman & Associates; failed to make a good faith effort to remove Klayman as a personal guarantor from the lease of Judicial Watch's headquarters; attempted to have Klayman removed as counsel in a lawsuit connected with the Elian Gonzalez saga; failed to pass along Klayman's messages; interfered with Klayman's former clients; and defamed Klayman in the media and in the public. (Complaint ¶ 62).

From this series of alleged transactions, the following counts in the Complaint arise: Count Six — Breach of Contract-Rescission (Klayman v. Judicial Watch); Count Seven — Breach of Contract-Damages (Klayman v. Judicial Watch); and Count Eight — Breach of Contract-Specific Performance (Klayman v. Judicial Watch).

There is no argument that the Transaction Two events and the Transaction Three events share one or more common issues of fact. Neither the Transaction Two nor Transaction Three events (related exclusively to disputes among a former employee, his former employer and the man who now heads the organization) are in any way factually related to the Transaction One events (involving a donor to the organization). The Benson and Klayman claims are unrelated and share no common question of fact.

### 2.     No Common Question of Law

Just as there is no common question of fact between Benson and Klayman, there is no common question of law. Of the nine counts alleged in the Complaint, the only cause of action Benson and Klayman allege in common is Breach of Contract. However, the two Plaintiffs allege breach of contract for entirely different contracts. The mere fact that they both allege this cause of action is not sufficient to render breach of contract a common question of law in this case.

The Disparte court made clear that "allegations based on the same theories of law are insufficient to show a common question." Disparte, 223 F.R.D. at 11 (citing Smith v. North American Rockwell Corp., 50 F.R.D. 515, 522-524 (N.D. Okla. 1970). The underlying issue involved an employment discrimination suit, and all the misjoined plaintiffs were that same cause of action. Citing Smith, the court stated that "whether a defendant unlawfully discriminated against one plaintiff with respect to promotion or job assignment in a given department is not common with the question whether defendant unlawfully discriminated against another plaintiff in a separate department." Disparte, 223 F.R.D. at 10-11.

In this case, the mere fact that Benson alleges that Judicial Watch breached a "contract" with her to utilize her donated funds in the purchase of a building is not a

5

common question to whether Judicial Watch breached a Severance Agreement with its former employee, Klayman. The underlying theory of law — breach of contract — is nominally the same; however, the questions Benson and Klayman present under this legal theory are entirely unrelated.

## II.    UNLESS THE CLAIMS OF BENSON AND KLAYMAN ARE SEVERED, DEFENDANTS WILL SUFFER PREJUDICE

Courts recognize that "in some circumstances, to avoid prejudicing the parties — either the plaintiff or the defendant — or confusing the jury, there would inescapably be [the need for] as many separate lawsuits a parties plaintiff." Disparte, 223 F.R.D. at 11 (citing Smith v. North American Rockwell Corp., 50 F.R.D. 515, 522-524 (N.D. Okla. 1970) (internal quotations omitted). Trying Benson's and Klayman's utterly distinct and unrelated claims against Judicial Watch and Fitton as a single action would be prejudicial to both Defendants.

In this case, "Plaintiffs claims in fact are highly individualized." Disparte, 223 F.R.D. at 12 (citing Henderson v. AT&T Corp., 918 F. Supp. 1059, 1063 (S.D. Tex. 1996). The Klayman claims stem from his retrospective dissatisfaction with an employment separation agreement. Benson's claims stem from her dissatisfaction with a monetary pledge she made nearly four years ago, at Klayman's request. Klayman's claims are not sufficiently analogous to Benson's to say that his right to relief arises from the same series of transactions as her rights do. See Disparte, 223 F.R.D. at 10, fn6 (citing Moorhouse v. Boeing Co., 501 F. Supp. 390, 392 (E.D. Pa. 1980).

The Benson/Klayman situation is precisely the type of situation that Rule 20 seeks to avoid, and is contemplated by the provisions of Federal Rules of Civil Procedure 21, which permits severance of improperly joined claims. Neither Plaintiff would be

prejudiced if Benson's claims were severed from Klayman's, However, Defendants would be substantially prejudiced should the claims remain joined, because different evidence would be needed to prove Benson's claims than would be needed to prove Klayman's. Judicial Watch and Fitton would essentially be required to engage in two unrelated trials simultaneously.

Prejudice can result to defendants if plaintiffs are allowed to remain joined despite the fact that they will rely on utter distinct evidence to prove their claims. See Disparte, 223 F.R.D. at 10, fn6 (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1324 (11th Cir. 2000) (noting that defendants would be prejudiced by allowing plaintiffs to be joined in an employment discrimination case in which "the alleged discrimination occurred during the different time period[s] . . . different supervisors made the challenged decisions[,] . . . or the alleged discrimination happened at geographically removed places")).

The claims of Benson and Klayman are so divergent that they would not draw upon the same evidence for proof. Even in cases where some of the same evidence will be relied upon, plaintiffs are not properly joined where the facts underlying their allegations are different. In Grant v. Salem, 226 F.R.D. 1 (D.D.C. 2004), the court severed the claims of three plaintiffs who had received the exact same surgical procedure from the same doctor, under the same negligent specifications. Despite the similarity of the facts of their individual cases, the court found that the plaintiffs were misjoined, and that their cases did not arise from the same transaction, occurrence or series of occurrences. "Although each trial will involve some overlap of expert testimony, the facts and circumstances of each plaintiff's claim vary so substantially that the Court concludes that they fail to satisfy the requirements of Rule 20." Grant, 226 F.R.D. at 2.

As discussed above, Benson and Klayman do not share a single claim in common. The evidence Benson will need to prove her claims relating to the pledge and monetary/volunteer service donations will be completely different from Klayman's proof regarding the alleged misrepresentations and breach of the Severance Agreement. Even to the extent that there is any piece of evidence Plaintiffs may share in common, as was the case in Grant, the circumstances and facts of each of Benson's and Klayman's claims substantially vary, such that they cannot meet the Rule 20 standard for joinder.

## CONCLUSION

For the reasons stated herein, Defendant Judicial Watch respectfully requests that this Court GRANT this Motion to Sever.

Respectfully submitted,

//s// *Richard W. Driscoll*

---

Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc. and Thomas J. Fitton*

Dated: June 28, 2006