IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
PAUL J. ORFANEDES AND CHRISTOPHER J. FARRELLS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Paul J. Orfanedes ("Orfanedes") and Christopher J. Farrell ("Farrell"), by undersigned counsel, hereby submit the following Memorandum in Support of their Motion to Dismiss the Second Amended Complaint:

**INTRODUCTION**

The filing of this lawsuit is part of a smear campaign against Judicial Watch, Inc. ("Judicial Watch") and its President, Thomas Fitton. Among Klayman's motives for filing this lawsuit is to counter Judicial Watch's effort to collect an outstanding debt that Klayman owes in an amount greater than $250,000.00. Klayman's vitriolic allegations can also be explained as part of his vendetta against Judicial Watch and Fitton for forcing Klayman to resign from Judicial Watch for improper conduct.

On May 1, 2006, after filing his Amended Complaint, Klayman sent an email to Orfanedes and Farrell stating that they could avoid being named as defendants in this lawsuit by "voting Tom Fitton off the Board". A copy of the May 1, 2006, Email is attached hereto as Exhibit 1. Having

refused to give in to Klayman's tactics of intimidation and harassment, Orfanedes and Farrell now find themselves named as defendants in Court Four (Lanham Act), Count Five (Unauthorized Publication of Name or Likeness) and Count Nine (Defamation) of the Second Amended Complaint. Orfanedes adopt and join in the Motion to Dismiss previously filed by Defendants Judicial Watch and Fitton. In addition to the grounds set forth in the previously filed Motion to Dismiss, the Second Amended Complaint must be dismissed as to Orfanedes and Farrell because it seeks to impose personal liability merely because they are corporate officers and/or directors.

## ARGUMENT

The claims against Orfanedes and Farrell must be dismissed because the allegation of the Second Amended Complaint fail to support individual liability. Perusal of the allegations discloses that they are being sued based solely on their position as officers and/or directors of Judicial Watch, and not for their own individual conduct. Klayman correctly alleges that Orfanedes is both an officer and a director of Judicial Watch. He is also correct that Farrell is currently a director of Judicial Watch.[1] However, with the exception of conclusory allegations, there is no other factual basis to support individual liability.

The District of Columbia recognizes that in certain circumstances, corporate officers are not immune due to the limited liability of the corporate entity. The District of Columbia Court of Appeals explained the necessary circumstances to impose personal liability as follows:

> Individual liability attaches when a corporate officer either physically commits the tortious conduct, or participates in "some meaningful sense" in the tortious conduct. Sufficient participation can exist

---

1  Although ¶ 7 of the Second Amended Complaint alleges that Farrell was a Board Member when the Severance Agreement was negotiated, Klayman is fully aware that this allegation is an outright lie. In fact, Farrell did not become a Director until after Klayman left Judicial Watch.

> where there is "an act or omission by the officer which logically leads to the inference that he or she had a share in the wrongful acts of the corporation which constitute the offense." An officer's liability is not based merely on the officer's position in the corporation; it is based on the officer's behavior and whether that behavior indicates that the tortious conduct was done within the officer's area of affirmative official responsibility and with the officer's consent or approval. This type of liability is not derivative; it is based on wrongful acts by the individual being held accountable.

Camacho v. 1440 Rhode Island Ave. Corp., 620 A.2d 242, 247 (D.C. App. 1993) (internal citations omitted); see also Lawlor v. District of Columbia, 758 A.2d 964, 977 (D.C. 2000) ("under D.C. law, corporate officers may be held personally liable for torts in which they have some "meaningful participation"). Camacho clarifies that the liability is not derivative. Instead, liability must be based on individual "wrongful acts" committed by Orfanedes and Farrell.

Plaintiffs' Second Amended Complaint fails to allege sufficient "wrongful acts" by Orfanedes or Farrell to survive this Motion to Dismiss.

**I.   COUNT FOUR FAILS TO ALLEGE ANY DIRECT OR PERSONAL PARTICIPATION IN THE VIOLATION OF SECTION 43 OF THE LANHAM ACT**

Consistent with the law of the District of Columbia, the Lanham Act also recognizes that direct or personal participation by an officer or director is necessary to allege personal liability. See Committee for Idaho's High Desert v. Yost, 92 F.3d 814, 823-24 (9th Cir. 1996) (liability may arise for actions that the officer/director authorizes, directs or in which there is direct participation); Polo Fashions, Inc. v. Craftex, Inc., 816 F.2d 145, 149 (4th Cir. 1987) ("corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation. This is true in trademark infringement and unfair trade practices cases."); Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d Cir. 1978) (corporate president who authorized

and approved corporation's act of unfair competition deemed liable under § 43(a); "corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort"). Therefore, to state a claim under Section 43(a) of the Lanham Act, Klayman must allege that Orfanedes and Farrell were actual and direct participants in the violation of the Act.

Count Four alleges that Judicial Watch misrepresented Klayman was the chairman and general counsel after his termination, which created confusion among donors. ¶ 48.[2] In particular, the specific actions that Klayman complains of are as follows:

- "Fitton caused JW to send fund raising letter solicitations through the U.S. Mail that falsely represented that Klayman was the Chairman and General Counsel of JW." ¶ 48.

- "By placing in the U.S. mails and on the Internet letters, newsletters and other solicitations that misrepresented that Klayman was the Chairman and General Counsel of Judicial Watch, and using these published misrepresentations to raise money for Judicial Watch, Judicial Watch engaged in ...." ¶ 98.

- "Fitton and Judicial Watch knew that donors that received the misleading fundraising publications would be confused by the publication and use of Klayman's name and likeness." ¶ 102.

No specific conduct regarding Count Four is attributed to Orfanedes or Farrell. Instead, Klayman merely alleges general conduct and the possession of a motive in conclusory fashion. With regard to Count Four, the only allegations ascribed to Orfanedes and Farrell are as follows:

---

2   All references to the Second Amended Complaint are hereinafter designated by "¶__".

- "Fitton Orfanedes, Farrell and Judicial Watch deliberately used Klayman's image and name to confuse donors into thinking that Klayman was still affiliated with Judicial Watch." ¶ 103.

- "Fitton's Orfanedes', Farrell's and Judicial Watch's false portrayal of Klayman was used to misrepresent the status of Judicial Watch to entice donors to continue giving donations to Judicial Watch." ¶ 104.

With regard to ¶ 103, no allegation of fact is provided to explain the direct or substantial involvement of Orfanedes or Farrell in the conduct alleged to be committed by Judicial Watch or Fitton in ¶¶ 48 or 98. In fact, a comparison of the allegations in the Amended Complaint with those of the Second Amended Complaint shows that, with the exception of inserting the names Orfanedes and Farrell in ¶¶ 103 and 104, the cause of action consists of the same exact factual allegations. The following chart highlights the lack of any allegation regarding direct or personal participation by Orfanedes or Farrell:

| AMENDED COMPLAINT | SECOND AMENDED COMPLAINT | ADDITIONAL ALLEGATIONS CONTAINED IN SECOND AMENDED COMPLAINT |
|---|---|---|
| 44 | 48 | Same |
| 45 | 49 | Same |
| 94 | 98 | Same |
| 95 | 99 | Same |
| 96 | 100 | Same |
| 97 | 101 | Same |
| 98 | 102 | Same |
| 99 | 103 | Insert "Orfanedes, Farrell" |
| 100 | 104 | Insert "Orfanedes', Farrell's" |
| 101 | 105 | Same |
| 102 | 106 | Same |

As demonstrated by this chart, alteration of Count Four to add Orfanedes and Farrell as defendants was a superficial insertion of their names in ¶¶ 103 and 104. There is a total absence of any factual allegation to demonstrate that either Defendant authorized, directed and/or or directly participated in the alleged use of Klayman's name in the October 2003, Newsletter.

II. **COUNT FIVE FAILS TO ALLEGE ANY CONDUCT OR PARTICIPATION IN ANY "MEANINGFUL SENSE" TO ESTABLISH THAT ORFANEDES OR FARRELL ARE LIABLE FOR UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS**

Count Five alleges that Judicial Watch engaged in the unauthorized use of Klayman's name and/or likeness to solicit donations. ¶ 108. There, there is no allegation that Orfanedes or Farrell authorized or participated in the alleged use of Klayman's name or likeness. In fact, the sole allegation expressly ascribed to Orfanedes and Farrell is as follows:

- "Fitton Orfanedes, Farrell and Judicial Watch knew that donors that received the misleading fundraising publications would be confused by the publication and use of Klayman's name and likeness." ¶ 107.

Despite this allegation of Defendants' knowledge, only Judicial Watch is alleged to have sent the mailing. ¶ 108.

Once again, it appears that Klayman merely employed his word processor's "find and replace" function to add the names "Orfanedes" and "Farrell" in one location, without alleging any factual background as to their actual participation or authorization of the allegedly harmful conduct.

Klayman's simple amendments fail to meet the pleading requirement for imposing liability on a corporate officer. Examination of the difference between the Amended Complaint and Second Amended Complaint demonstrates that the Second Amended Complaint is fatally deficient in pleading claims against Orfanedes and Farrell:

6

| AMENDED COMPLAINT | SECOND AMENDED COMPLAINT | ADDITIONAL ALLEGATIONS CONTAINED IN SECOND AMENDED COMPLAINT |
|---|---|---|
| 44 | 48 | Same |
| 45 | 49 | Same |
| 103 | 107 | Same |
| 104 | 108 | Same |
| 105 | 109 | Same |
| 106 | 110 | Same |
| 107 | 111 | Insert "Orfanedes, Farrell" |
| 108 | 112 | Same |
| 109 | 113 | Same |
| 110 | 114 | Same |

There is no allegation of fact to support the direct participation or authorization in allegedly harmful conduct by Orfanedes or Farrell in any "meaningful sense" to support a claim of personal liability. Camacho, 620 A.2d at 247. In essence, Klayman seeks to impose liability based on their status as officers and/or directors, not because of any participation in tortious conduct. As a matter of law, Count Five is insufficient and must be dismissed.

### III. COUNT NINE FAILS TO ALLEGE ANY CONDUCT OR PARTICIPATION IN ANY "MEANINGFUL SENSE" TO ESTABLISH THAT ORFANEDES OR FARRELL DEFAMED THE PLAINTIFF

Count Nine alleges that Judicial Watch defamed Klayman by engaging in the following conduct:

- Publishing newspaper quotes on the Judicial Watch website that Klayman alleges should have described him and not Judicial Watch.[3] ¶ 65.

---

3   This allegation is particularly ironic in that Klayman, as part of his campaign of lies and distortion, recently sent out a second fundraising letter to which he attaches what purports to be an April 14, 2006, Washington Times article. A copy of the fundraising letter is attached hereto as Exhibit 2. However, close examination with the article as printed in the Washington Times discloses that Klayman's version grossly alters the content to exclude any comment or quote that criticizes or disputes his claims. A copy of the actual article, which

- Disclosing Klayman's debt of more than $250,000.00 on Judicial Watch's IRS Form 990, as it was required by law to do. ¶¶ 66B, 150 and 151.

- Informed Judicial Watch employees that this lawsuit was filed "because he owed Judicial Watch a significant sum of money." ¶ 154.

- Informed reporters that this lawsuit was a "tactical maneuver designed to distract attention away from the fact that Klayman owes more than a quarter of a million dollars to Judicial Watch". ¶ 157.

As with other claims against Orfanedes and Farrell, Klayman does not plead any individual conduct or authorization of the conduct of others in "some meaningful sense". Camacho, 620 A.2d at 247. The factual underpinnings for Klayman's defamation claim are alleged in ¶¶ 64-67. Orfanedes and Farrell are not even mentioned in these allegations. Instead, Count Nine merely adds their names to certain general allegations that do not allege meaningful participation in any sense. Moreover, the conduct alleged is completely identical to that alleged in the Amended Complaint. No allegation identifies or alleges direct participation in the tort by either Orfanedes or Farrell.

Comparison of allegations in the Amended Complaint and Second Amended Complaint demonstrates that Klayman merely inserted "Orfanedes" and "Farrell" into a few random paragraphs, without alleging a single fact related to either. The following chart highlights the limited amendments:

| AMENDED COMPLAINT | SECOND AMENDED COMPLAINT | ADDITIONAL ALLEGATIONS CONTAINED IN SECOND AMENDED COMPLAINT |
|---|---|---|
| 60 | 64 | Same |
| 61 | 65 | Same |

appeared in the Washington Times on April 14, 2006, is attached hereto as Exhibit 3.

| | | |
|---|---|---|
| 62 | 66 | Same |
| 62A | 66A | Same |
| 62B | 66B | Same |
| 62C | 66C | Same |
| 62D | 66D | Same |
| 62E | 66E | Same |
| 62F | 66F | Same |
| 62G | 66G | Same |
| 62H | 66H | Same |
| 62J | 66J | Same |
| 62I | 66I | Same |
| 63 | 67 | Same |
| 145 | 149 | Insert "Orfanedes, Farrell" |
| 146 | 150 | Insert "Orfanedes, Farrell" |
| 147 | 151 | Same |
| 148 | 152 | Same |
| 149 | 153 | Same |
| 150 | 154 | Same |
| 151 | 155 | Insert "Orfanedes, Farrell" |
| 152 | 156 | Same |
| 153 | 157 | Insert "Orfanedes, Farrell" |
| 154 | 158 | Insert "Orfanedes, Farrell" |
| 155 | 159 | Insert "Orfanedes, Farrell" |
| 156 | 160 | Same |
| 157 | 161 | Insert "Orfanedes, Farrell" |
| 158 | 162 | Same |

Such simple modifications do not transform an already deficient claim into one that alleges personal liability of an officer or director. The allegations must expressly allege meaningful participation by Orfanedes and Farrell, not merely mention their names. Having failed to do so, Count Nine must be dismissed.

## CONCLUSION

Plaintiff Klayman's Second Amended Complaint utterly fails to allege is any act or omission by Defendants Orfanedes or Farrell that demonstrates they had a share in the wrongful acts that Judicial Watch is alleged to have committed.

9

WHEREFORE, for all of the forgoing reasons, Defendants Paul J. Orfanedes and Christopher J. Farrell respectfully request that the Court GRANT this Motion and dismiss the Second Amend Complaint with prejudice.

                                               Respectfully submitted,

//s// *Richard W. Driscoll*

_____

Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
*Counsel for Defendants*

Dated: July 10, 2006