# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Klayman, *et al.*<br>　　　*Plaintiffs,*<br><br>v.<br><br>Judicial Watch, Inc., *et al.*<br>　　　*Defendants.* | Civil Action No. 1:06-CV-00670<br><br>Honorable Colleen Kollar-Kotelly<br><br>**Jury Trial Demanded.** |

**PLAINTIFF KLAYMAN'S ANSWER,
AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS AGAINST KLAYMAN**

Plaintiff, Larry Klayman, by counsel, Daniel J. Dugan, Esquire, of Spector Gadon & Rosen, P.C., hereby submits his Answer and Affirmative Defenses as follows:

**I.   ANSWER TO COUNTERCLAIMS OF
     JUDICIAL WATCH, INC. AND THOMAS J. FITTON**

**Parties**

1.　Admitted.

2.　Admitted.

3.　Admitted in part and denied in part. It is admitted that Larry Klayman is a citizen and resident of the State of Florida and is the sole shareholder of Klayman & Associates, P.C. ("K&A"). It is denied that Klayman was the sole officer of K&A, in fact, at all material times, Defendant, Paul Orfanedes was corporate secretary of K&A.

4.　The averments of paragraph four (4) are conclusions of law to which no responsive pleading is required.

**Jurisdiction**

5. The averments of paragraph five (5) are conclusions of law to which no responsive pleading is required.

**Venue**

6. Admitted.

**Facts Common to All Claims**

7. Admitted in part and denied in part. It is admitted that Klayman and Judicial Watch, Inc. entered into a severance agreement that was signed on September 19, 2003 (the "Severance Agreement"). The remaining averments of paragraph seven (7) are expressly denied. By way of further response, as alleged in the Second Amended Complaint, Klayman decided to run for the United States Senate in 2003 and, therefore, entered into negotiations to leave Judicial Watch, Inc.

8. Denied. The Severance Agreement is a document that speaks for itself. By way of further response, for the reasons set forth in Plaintiffs' Second Amended Complaint, Defendants materially breached the Severance Agreement. Moreover, Defendants' egregious conduct renders the Severance Agreement invalid and unenforceable.

9. Denied. By way of further response, Defendants materially breached the Severance Agreement and have failed to honor most of their obligations under the Severance Agreement.

10. Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

11. Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

12. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

13. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

14. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

15. Denied. By way of further response, despite Defendants' continued failure to honor their obligations under the Severance Agreement, including, but not limited to, failing to return personal property and fulfill all payment obligations to Klayman, Klayman has paid all debts that are undisputed. Moreover, Klayman has made certain payments in a good faith effort to resolve the disputed debt owed by K&A, despite Defendants' failure to document expenses and their fraudulent and inflated debt claims. Defendants were on notice long before the filing of the Second Amended Complaint that the debts were disputed and that Klayman demanded prompt resolution of the dispute. Instead of responding to Klayman, Defendants threatened Klayman and engaged in their egregious conduct to disparage and defame Klayman.

16. Denied. By way of further response, Klayman does not personally owe to Defendants any money, and Defendants' mischaracterization of Klayman's pre-litigation efforts to resolve the dispute is further evidence of Defendants' improper conduct, which underpins the claims in the Second Amended Complaint.

17. Denied.

18. Denied. By way of further response, Defendants trademark claims are a thinly veiled attempt to delay any hearing on the merits of the Second Amended Complaint. Moreover, as Defendants are aware, trademark law does not provide Defendants with the protections that

they claim.  Indeed, Defendants' alleged "trademarks" are invalid, as is the legal basis for Defendants' "trademark infringement" claims.  These claims are further evidence of Defendants' efforts to obfuscate and delay the proceedings.

### COUNT I -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶10 of the Severance Agreement by Klayman)

19.  Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-18 above, as if fully set forth at length herein.

20.  Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.  By way of further response, while Klayman received severance, had Judicial Watch, Inc. promptly paid Klayman complete consideration owed and honored their obligations under the Severance Agreement, then Plaintiff would not have filed the Second Amended Complaint on this Count.

21.  Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

22.  Denied.  The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.  By way of further response, as stated earlier, Klayman placed Judicial Watch, Inc. on notice of the disputed debt, has made good faith payments, and has attempted to resolve the dispute without litigation.  Instead of reasonably responding to Klayman, Defendants, in line with their pattern of misconduct (efforts to disparage, defame, and marginalize Klayman), have refused to negotiate, despite Defendants' knowledge that certain "debts" were reasonably in dispute.  Moreover, to this day, Defendants fail to take responsibility for their actions and properly credit Klayman for monies owed to him.

23. Admitted in part and denied in part. It is admitted only that Judicial Watch, Inc. submitted certain false invoices to Klayman. It is denied that Klayman owes Judicial Watch, Inc. any amounts.

24. The averments of paragraph twenty-four (24) are conclusions of law to which no responsive pleading is required. Plaintiffs expressly deny that any legitimate debt is owed.

### COUNT II -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶11 of the Severance Agreement by Klayman)

25. Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-24 above, as if fully set forth at length herein.

**26.** Admitted in part and denied in part. It is admitted that Klayman is the sole shareholder of Klayman & Associates, P.C. ("K&A"). It is denied that Klayman was the sole officer of K&A, in fact, at all material times, Defendant, Paul Orfanedes was corporate secretary of K&A.

27. Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

28. Admitted in part and denied in part. It is admitted that, at some point, Judicial Watch, Inc. advised Klayman of its purported audit and claim of debt owed by K&A  The remaining averments are expressly denied and strict proof is demanded.

29. Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied. By way of further response, the amount of "debt" owed by K&A continues to be disputed.

30. Denied.

### COUNT III -- INDEMNIFICATION
### Asserted By Judicial Watch, Inc.
### (Indemnification by Klayman for K&A's Non-Payment)

31.     Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-30 above, as if fully set forth at length herein.

32.     Denied.  The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

33.     Denied.  The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.  The factual averments of paragraph thirty-three (33) are expressly denied and strict proof of the debt owed, if any, is demanded.

34.     Denied.

### COUNT IV -- TRADEMARK INFRINGEMENT
### Asserted By Judicial Watch, Inc.
### (Lanham Act – 15 U.S.C. §1114(1)(a))

35.     Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-34 above, as if fully set forth at length herein.

36.     Denied as a conclusion of law.  By way of further response, the validity and strength of the alleged trademarks is at issue.

37.     Denied.

38.     Denied.  The May 9, 2006 solicitation letter (the "Solicitation Letter") is a document that speaks for itself, and any characterizations of the Solicitation Letter are expressly denied.

39.     Denied.  The return envelope is a document that speaks for itself, and any characterizations of the return envelope are expressly denied.

**40.** Denied. The averments of paragraph forty (40) are conclusions of law to which no responsive pleading is required. By way of further response, use of the words, "Judicial" and "Watch," are neither protected by, nor are they a violation of, established trademark law. Indeed, there certainly can be no confusion that the Solicitation Letter was sent by Judicial Watch, Inc. Moreover, use of the phrase, "Because No One Is Above The Law" is neither prohibited by, nor is it subject to, wholesale protection.

**COUNT V -- TRADEMARK INFRINGEMENT**
**Asserted By Judicial Watch, Inc.**
**(Lanham Act – 15 U.S.C. §1125(a))**

**41.** Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-40 above, as if fully set forth at length herein.

**42.** Denied as conclusions of law. By way of further response, the validity and strength of the alleged trademarks is at issue.

**43.** Denied. The trademark registrations and filing dates speak for themselves.

**44.** Denied. The Solicitation Letter is a document that speaks for itself, and any characterizations of the Solicitation Letter are expressly denied.

**45.** Denied. The return envelope is a document that speaks for itself, and any characterizations of the return envelope are expressly denied. By way of further response, Klayman did not use the "Judicial Watch" trademark on any publications.

**46.** Denied. It is denied that Klayman used any of Defendants' alleged trademarks. The remaining averments of paragraph forty-six (46) are conclusions of law to which no responsive pleading is required. By way of further response, use of the words, "Judicial" and "Watch," are neither protected by, nor are they a violation of, established trademark law. Indeed, there certainly can be no confusion that the Solicitation Letter was sent by Judicial Watch, Inc.

Moreover, use of the phrase, "Because No One Is Above The Law" is neither prohibited by, nor is it subject to, wholesale protection

47.     Denied.  It is denied that Klayman used any of Defendants' alleged trademarks.  The remaining averments of paragraph forty-seven (47) are conclusions of law to which no responsive pleading is required.

48.     Denied.  It is denied that Klayman used any of Defendants' trademarks.  The remaining averments of paragraph forty-eight (48) are conclusions of law to which no responsive pleading is required.  By way of further response, there certainly can be no confusion that the Solicitation Letter was sent by Judicial Watch, Inc.

### COUNT VI -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶17 of the Severance Agreement by Klayman)

49.     Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-48 above, as if fully set forth at length herein.

50.     Denied.  The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

51.     Denied.  The press release, issued on or about April 13, 2006, (the "Press Release") is a document that speaks for itself, and any characterization thereof is expressly denied.

52.     Denied.  The website assertions are contained on a webpage, which is a document that speaks for itself, and any characterization thereof is expressly denied.

53.     Denied.  The Solicitation Letter is a document that speaks for itself, and any characterizations of the Solicitation Letter are expressly denied.

54. Denied. The Solicitation Letter is a document that speaks for itself, and any characterizations of the Solicitation Letter are expressly denied.

55. The remaining averments of paragraph fifty-five (55) are conclusions of law to which no responsive pleading is required.

56. Denied.

**COUNT VII -- BREACH OF CONTRACT**
**Asserted By Fitton**
**(Breach of ¶17 of the Severance Agreement by Klayman)**

57. Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-56 above, as if fully set forth at length herein.

58. Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

59. Denied. The Press Release is a document that speaks for itself, and any characterization thereof is expressly denied.

60. Denied. The website assertions are contained on a webpage, which is a document that speaks for itself, and any characterization thereof is expressly denied.

61. Denied. The Solicitation Letter is a document that speaks for itself, and any characterizations of the Solicitation Letter are expressly denied.

62. The averments of paragraph sixty-two (62) are conclusions of law to which no responsive pleading is required.

63. Denied.

### COUNT VIII -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶4 of the Severance Agreement by Klayman)

64. Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-63 above, as if fully set forth at length herein.

65. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

66. Admitted. Indeed, Klayman was the origin and source of much of this "confidential" information.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

### COUNT IX -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶5 of the Severance Agreement by Klayman)

71. Plaintiff incorporates by reference his responses to the averments contained in paragraphs 1-70 above, as if fully set forth at length herein.

72. It is admitted that Klayman was paid $200,000, the remaining averments are denied as conclusions of law.

73. Denied. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

74. Denied. The press release, issued on or about June 3, 2004, (the "Oil for Food Press Release") is a document that speaks for itself, and any characterization thereof is expressly denied.

75. Denied. The October/November, 2004 newspaper article is a document that speaks for itself, and any characterization thereof is expressly denied.

76. Denied. The March/April, 2005 letter is a document that speaks for itself, and any characterization thereof is expressly denied.

77. Denied. The averments of paragraph seventy-seven (77) are conclusions of law to which no responsive pleading is required.

## CLAUSE FOR RELIEF

Plaintiff repeats and re-alleges his responses to the foregoing paragraphs as if the same were fully set forth herein. Plaintiff respectfully submits that the Defendants are not entitled to any relief including the relief prayed for in paragraphs A-K of their Counterclaim and respectfully requests that Defendants' complaint be dismissed in its entirety.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of the Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' claims are untimely and they are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of accord and satisfaction.

**FIFTH AFFIRMATIVE DEFENSE**

At all material times, any action taken by Plaintiff with respect to the terms and conditions of the Severance Agreement were taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred in whole or in part by the doctrines of res judicata and/or, release, and/or discharge.

**SEVENTH AFFIRMATIVE DEFENSE**

The Counterclaims as a whole and each count individually fail to state a claim for compensatory, punitive or other damages or relief, or for attorney's fees.

**EIGHTH AFFIRMATIVE DEFENSE**

If Defendants suffered any damages or losses, such damages or losses were caused in whole or in part by their own acts, omissions or conduct, or by the acts, omissions, or conduct of parties other than the Plaintiff about which the Plaintiff had no prior knowledge and is not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

Defendants' claim for damages should be denied because Defendants have failed to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, by the doctrine of contributory negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the terms of the Severance Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's performance is excused due to the Defendants' prior breach of contract and egregious violation of Plaintiff's rights.

## FOURTEETH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in party by superseding and/or intervening causes.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's performance is excused because Defendants' failed to perform a condition precedent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's statements meet or exceed the standard for substantial truth.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in part, by consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants'' claim for defamation is barred, in whole or in party, by the absence of malice.

## NINETEEN AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in party, by privilege.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in part, as statements of opinion, future events and/or fair comments on matters of public interest.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the doctrine of fair use.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by innocent infringement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants' trademarks are invalid

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has superior rights to the complained of trademarks and was the first to use the marks in commerce.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

### TWENTY-SIX AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in party, by acquiescence of use.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff intends to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Plaintiff expressly reserves the right to amend this Answer to assert any and all such defenses.

**WHEREFORE,** Plaintiff requests that the Defendants' Counterclaim be dismissed and that judgment be entered in his favor and against the Defendants on each count of the Counterclaims, including any award to Plaintiff for costs, attorney fees and expenses of this action and for further relief as this Court may deem just and proper.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: \_\_\_\_//s// *Daniel J. Dugan*\_\_\_\_\_(DD 1339)
    Daniel J. Dugan, Esquire
    1635 Market Street, Seventh Floor
    Philadelphia, PA  19103
August 7, 2006    215.241.8872/215.241.8844(Fax)
    ddugan@lawsgr.com
    *Attorneys for Plaintiffs, Larry Klayman and Louise Benson*

Of Counsel:

**SPECTOR GADON & ROSEN, P.C.**
Jason B. Schaeffer, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
215.241.8887
215.241.8844 *fax*
Email: jschaeffer@lawsgr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2006, a true and correct copy of Plaintiff Klayman's Answer and Affirmative Defenses to Defendants' Counterclaims was served via electronic filing on the following:

>Richard W. Driscoll, Esquire
>Driscoll & Seltzer, PLLC
>600 Cameron Street
>Alexandria, Virginia 22314
>
>Counsel for Defendants

By: ____//s// *Daniel J. Dugan*