IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**REPLY MEMORANDUM OF DEFENDANTS
PAUL J. ORFANEDES AND CHRISTOPHER J. FARRELL
IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Paul J. Orfanedes ("Orfanedes") and Christopher J. Farrell ("Farrell"), by undersigned counsel, hereby submit the following Reply Memorandum in Support of their Motion to Dismiss Counts IV, V, and IX of the Second Amended Complaint[1] filed by Plaintiffs Louise Benson ("Benson") and Larry Klayman ("Klayman").

**INTRODUCTION**

Klayman's opposition to Orfanedes' and Farrell's separate motion to dismiss does nothing to overcome the inescapable conclusion that the Second Amended Complaint fails to state claims against them. Klayman's allegations with respect to Orfanedes and Farrell are conclusory, confused, and contradictory. They fail to satisfy even the minimal notice pleading requirements of Rule 8.

---

[1] While Plaintiffs caption their opposition as "Plaintiffs'" opposition to Orfanedes' and Farrell's motion to dismiss the "Complaint," only Plaintiff Klayman asserted claims against Orfanedes and Farrell, who have moved to dismiss the claims asserted against them in Second Amended Complaint. They were not named as defendants in the original complaint.

It is well established that a court need not credit conclusory legal and factual allegations on a motion to dismiss. Domen v. Nat'l Rehablitation Hospital, Inc., 925 F. Supp. 830, 837 (D.D.C. 1996). "The court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Jones v. Executive Office of the President, 167 F. Supp. 2d 10, 12 (D.D.C. 2001) (Kollar-Kotelly, J.) (dismissing Klayman-filed complaint). "Sweeping and unwarranted averments of fact without any underlying factual basis will not be deemed admitted for purposes of a motion to dismiss." Flowers v. Executive Office of the President, 142 F. Supp.2d 38, 46-47 (D.D.C. 2001) (dismissing Klayman-filed complaint). "Inferences or conclusions that are either unsupported or contradicted by the factual allegations must be rejected." Browning v. Clinton, 2001 U.S. Dist. LEXIS 24537, slip op. at 23-24 (D.D.C. February 12, 2001) (*aff'd* in part, and *rev'd* and remanded, in part) (dismissing Klayman-filed complaint). Despite Klayman's arguments to the contrary, a paragraph-by-paragraph analysis of the Second Amended Complaint demonstrates that Klayman's allegations against Orfanedes and Farrell are insufficient as a matter of law to state any claims against them.

### ADOPTION OF THE REPLY MEMORANDUM FILED BY DEFENDANTS JUDICIAL WATCH, INC. AND THOMAS J. FITTON

Orfanedes and Farrell adopt and join in the Reply Memorandum in support of the Motion to Dismiss filed by Defendants Judicial Watch and Fitton.[2] In addition to those grounds, the Second

---

2   Klayman incorrectly states that Defendants Orfanedes and Farrell "have not challenged whether the 'elements' have been sufficiently plead . . . ." Opposition, p. 4. Contrary to this assertion, Defendants' Motion to Dismiss expressly states that they "expressly adopt and join in the Motion to Dismiss the Second Amended Complaint that was previously filed by Defendants Judicial Watch, Inc. and Fitton."

Amended Complaint must be dismissed as to Orfanedes and Farrell because it seeks to impose personal liability merely because they are corporate officers and/or directors.

**ARGUMENT**

Consistent with Klayman's May 1, 2006, threat to Orfanedes and Farrell, the Second Amended Complaint named both individuals as defendants. See Exhibit 1 of Defendants Orfanedes and Farrell's Memorandum in Support of Motion to Dismiss Second Amended Complaint (May 1, 2006 email from Klayman to Orfanedes and Farrell threatening to sue them unless they assisted in "voting Tom Fitton off the Board"). Klayman's email explains why review of the Second Amended Complaint does not disclose notice of any facts to imply that Orfanedes or Farrell participated in any wrongful acts alleged therein. Instead, Klayman merely included the Defendants names in certain conclusory allegations, but does not allege any facts to state a claim.

Klayman's Opposition entirely misstates the grounds set forth in Defendants' Motion to Dismiss. Defendants do not concede in any way that "the allegations in the Compliant [sic] state that Orfanedes and Farrell are individually alleged as participants in the misconduct". In addition to the legal deficiencies as set forth in the Motion to Dismiss filed by Judicial Watch and Fitton, Klayman's Second Amended Complaint must be dismissed as to Orfanedes and Farrell because there is a complete absence of any allegations to support individual liability.

Klayman attempts to maneuver around the glaring deficiency of his Second Amended Complaint by relying on the general pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure. However, Rule 8(a) provides no safe harbor for Klayman. Under Rule 8(a)(2), Klayman must provide "a short and plain statement of the claim" showing that he is entitled to relief. As used in Rule 8(a), the claim for relief is defined as the "aggregate of operative facts which give rise to rights enforceable in the courts." Smith, Kline & French Laboratories v A. H. Robins Co., 61 F.R.D.

24, 28 (E.D. Pa. 1973); see also Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996) (although "notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim"). Therefore, to meet the minimum standard of notice pleading, Klayman must allege facts sufficient to state a claim against Orfanedes and Farrell. As a matter of law, merely relying on their status as members of the Board of Directors for Judicial Watch is insufficient.

In this regard, Klayman's Second Amended Complaint does not place Orfanedes or Farrell on notice of acts or omissions that imply either had a "share in the wrongful acts of the corporation which constitute the offense". Camacho v. 1440 Rhode Island Ave. Corp., 620 A.2d 242, 247 (D.C. App. 1993) (stating that "relevant inquiry is whether the individual committed the tort, or at least participated to such an extent that it can be said that he is responsible for a significant share of the commission of the tort"). Indeed, the Second Amended Complaint fails to provide the very information that would allow Defendants to begin preparing their defense to these claims. Therefore, Klayman did not plead facts sufficient to satisfy the legal elements for individual liability of corporate officers.

Klayman also cites no authority for his assertion that the individual participation of Orfanedes and Farrell in acts of the corporation is left to the fact finder. This assertion is a tacit admission that Orfanedes and Farrell are named solely for their positions on the Board of Directors and not for any individual action of their own. Instead, Klayman seeks to be excused from the minimum pleading requirements. However, this is exactly the circumstance that Rule 8 is intended to prevent; pursuing an action against individual defendants without notifying them of the wrongful conduct they are accused of committing.

Orfanedes and Farrell do not hide behind the corporate identity of Judicial Watch. Simply

put, they seek to be notified of the alleged wrongful conduct. As currently framed, the Second Amended Complaint does not accomplish this basic requirement.

## I.    COUNT IV – LANHAM ACT

In ¶ 48,[3] Klayman alleges that, one month after he "stepped down" from Judicial Watch, "***Fitton*** caused Judicial Watch to send fund raising letter solicitations through the U.S. Mail that falsely represented that Klayman was Chairman and General Counsel of Judicial Watch." No mention is made of Orfanedes or Farrell.

In ¶ 98, Klayman alleges that "[b]y placing in the U.S. Mails and on the internet letters that misrepresented that Klayman was Chairman and General Counsel of Judicial Watch, and using these published misrepresentations to raise money for Judicial Watch, ***Judicial Watch*** engaged in false designation of origin, false and misleading deceptions, false and misleading advertising, and other illegal acts of unfair competition . . . ." Again, no mention is made of Orfanedes or Farrell.

In ¶ 99, Klayman alleges that "***Defendants*** deliberately misrepresented and falsely advertised that Klayman was Chairman and General Counsel of Judicial Watch after he left Judicial Watch to run for Senate." No specific mention is made of Orfanedes or Farrell.

In ¶ 100, Klayman alleges that "[t]he misuse of Klayman's name and likeness were (sic) calculated to confuse donors into believing that Klayman was soliciting their donation and that he was still running Judicial Watch." No attempt is made to attribute the alleged misuse to any individual, and, again, no mention is made of Orfanedes or Farrell.

---

3    References to the Second Amended Complaint are designated by "¶ __".

In ¶ 102, Klayman alleges that "***Fitton*** and ***Judicial Watch*** knew that donors that (sic) received the misleading fundraising publication would be confused by the publication and use of Klayman's name and likeness."  Again, no mention is made of Orfanedes or Farrell.

It is not until ¶ 103 that Klayman even mentions Orfanedes and Farrell in the context of any alleged misuse of his name.  In paragraph 103, Klayman alleges for the first time, in an entirely conclusory fashion, and in contradiction to all of his previous allegations, that Orfanedes and Farrell also somehow misused his name and likeness:  "Fitton Orfanedes (sic), Farrell and Judicial Watch deliberately used Klayman's name and image to confuse donor into thinking that Klayman was still affiliated with Judicial Watch."  Klayman does not allege when, where, or in what context this alleged misuse occurred.  It is unclear whether Klayman is referring to the same alleged misuse he previously attributed to Fitton and/or Judicial Watch only, or if he is referring to some other, unidentified alleged misuse.  He certainly does not state he is alleging the same alleged misuse.

In ¶ 104, Klayman alleges that "Fitton's Orfanedes' (sic), Farrell's and Judicial Watch's false portrayal of Klayman was used to misrepresent the status of Judicial Watch to entice donors to continue giving donations to Judicial Watch."  This allegation is merely an attempt to attribute a motive; it does not provide any further information about when, where, or in what context the alleged misuse purportedly occurred, or if Klayman is attempting to refer to the same alleged misuse he previously attributed to Fitton and/or Judicial Watch only.

Moreover, Klayman's Second Amended Complaint is devoid of any factual allegations from which it is possible to infer that Orfanedes or Farrell "inspired" the alleged wrongful acts, that alleged wrongful acts were done with their approval, or that the alleged wrongful acts fell within their "area[s] of official responsibility."  Lawlor v. District of Columbia, 758 A.2d 964, 976-977 (D.C. 2000); Camacho v. 1004 Rhode Island Ave., 620 A.2d 242, 247 (D.C. 1993).  Klayman fails to

6

allege that either Orfanedes or Farrell have any responsibility whatsoever for fundraising or direct mail solicitations. Rather, he merely alleges that Orfanedes is a director, secretary, and "the attorney managing cases at Judicial Watch." ¶ 22. He alleges that Farrell is a director and "lead investigator" at Judicial Watch. ¶ 32. It is difficult to conceive of how an attorney who manages cases for an organization or a "lead investigator" are responsible for the content of direct mail solicitations. Klayman's allegations against Orfanedes and Farrell with respect to his Lanham Act claim fail to satisfy the notice pleading requirements of Rule 8. Jones, 167 F. Supp.2d at 12; Flowers, 142 F. Supp.2d at 46-47; Browning, 2001 U.S. Dist. LEXIS 24537, slip op. at 23-24; Domen, 925 F. Supp. at 837.

## II.   COUNT V – FLA. STA. 540.08

Klayman's allegations in support of the alleged violation of Fla. Stat. 540.08 is likewise lacking in any reference to Orfanedes or Farrell.

In ¶ 108, Klayman again fails to allege any involvement by Orfanedes or Farrell in the allegedly offending mailing, but instead attributes the mailing to "Judicial Watch" only. Similarly, in ¶ 109, Klayman again attributes the mailing to "Defendants," and fails to make any mention of Orfanedes or Farrell individually. Paragraph 110 fails to attribute the allegedly offending mailing to any individual, but instead refers to "the misuse" only. Like ¶ 104, ¶ 111 does not attempt to attribute any additional acts or conduct to Orfanedes or Farrell -- or to Fitton or Judicial Watch for that matter -- but only attempts to attribute knowledge to them.

As with his Lanham Act claim, Klayman's allegations against Orfanedes and Farrell with respect to the Florida statutory claim fail to satisfy the minimum notice pleading requirements of Rule 8. Jones, 167 F. Supp.2d at 12; Flowers, 142 F. Supp.2d at 46-47; Browning, 2001 U.S. Dist. LEXIS 24537, slip op. at 23-24; Domen, 925 F. Supp. at 837.

### III.     COUNT IX -- DEFAMATION

The same conclusory, confused, and contradictory allegations that destroy Klayman's Lanham Act and Florida statutory claims are fatal to Klayman's defamation claims against Orfanedes and Farrell.

In ¶ 65, Klayman alleges that "***Fitton*** has caused Judicial Watch to disparage, and defame Klayman" by putting false statements on its website.  No mention is made of Orfanedes or Farrell.  In ¶ 66, Klayman alleges that "***Fitton*** also caused Judicial Watch to harm and damage Klayman." Again, no mention is made of Orfanedes or Farrell.  In ¶ 66(B), Klayman alleges that ***"Judicial Watch*** made false statements on IRS Form 990s, and then published them on Judicial Watch's website . . . ."  Klayman also alleges that "***Fitton*** signed the 2003 and 2004 Judicial Watch tax returns and made these false statements under oath, in violation of 18 U.S.C. Sec. 1001."  Again, no mention is made of Orfanedes or Farrell.  In ¶ 66(I), Klayman alleges that "***Fitton*** and ***Judicial Watch*** defamed Klayman among the media outlets and the general public."  Again, no mention is made of Orfanedes or Farrell.

In ¶ 149, Klayman alleges that "***Judicial Watch***, through Fitton, Orfanedes, Farrell and other agents and representatives . . . have defamed Klayman, by publishing false statements to various persons and entities as alleged above."  Not only did Klayman not allege "above" that Orfanedes or Farrell published any false statements to anyone, but Klayman fails to allege that Orfanedes or Farrell did anything to cause Judicial Watch to defame him in this unspecified manner to unidentified "persons and entities" on some unspecified occasion.[4]

---

[4]     Averments as to time are material for purposes of testing the sufficiency of a pleading.  Fed.R.Civ.P. 9(f).

In ¶ 150, Klayman alleges that "*Judicial Watch*, through Fitton, Orfanedes, Farrell and other agents and representatives, published false and misleading statements in Judicial Watch's 2003 and 2004 Form 990 IRS returns." Again, Klayman fails to allege that Orfanedes and Farrell did anything that caused Judicial Watch to defame him in its 2003 and 2004 IRS Form 990s, and the only particular conduct alleged by Klayman -- the actual signing of the 990s -- is attributed to Fitton. See ¶ 66(B).

In ¶¶ 152 and 153, Klayman refers to "*Fitton's* and *Judicial Watch's* defamatory publications and statements," but makes no allegation regarding Orfanedes and Farrell. Likewise, in ¶ 154, Klayman alleges that "*Fitton* and *Judicial Watch* knowingly sent a false statement to all Judicial Watch employees which stated that Klayman filed his lawsuit because he owed Judicial Watch a significant sum of money." Again, no mention is made of Orfanedes or Farrell.

In ¶ 155, Klayman alleges that Fitton, Orfanedes, Farrell and Judicial Watch knew that Klayman did not, individually, owe Judicial Watch any money when they published the false and misleading statement." The first part of this statement is an allegation of knowledge, not conduct. It does not attribute the making of any defamatory statement to Orfanedes or Farrell. In addition, while Klayman also alleges that "they" published "the false and misleading statement," he fails to identify who the "they" are. If he is referring to the allegedly defamatory statement set forth in ¶ 154, then the "they" must refer to Fitton and Judicial Watch because ¶ 154 attributes the statement to them only. If Klayman is referring to some other allegedly defamatory statement, then he has failed to allege what the statement was, to whom it was made, when it was made, and who, in particular, made it.

In ¶ 156, Klayman alleges that "beginning on April 13, 2006, *Fitton* and *Judicial Watch* published knowingly false statements in the following media outlets . . . ." Again, no mention is

9

made of Orfanedes or Farrell. In ¶ 157, Klayman alleges that Fitton, Orfanedes, Farrell and Judicial Watch falsely told reporters that Klayman filed his lawsuit "as a tactical maneuver designed to distract attention away from the fact that Klayman owes more than a quarter of a million dollars to Judicial Watch." What reporters? When? It does not appear that Klayman is attempting to refer to the allegedly false statements made to the "media outlets" or the dates he identified in ¶ 156 because those statements were attributed to Fitton and Judicial Watch only. If Klayman is referring to some other occasion, then he has failed to allege to whom the statement was made, when it was made, and who in particular made the statement.

In ¶ 158, Klayman alleges that "[w]hen Fitton, Orfanedes, Farrell and Judicial Watch published their defamatory statements they did so with the knowledge that 1) Klayman does not owe Judicial Watch any money; and 2) Klayman has a genuine dispute with Judicial Watch that is yet to be resolved." On its face, this is an allegation about purported knowledge, not an allegation about any particular instance of alleged defamation. Again, Klayman fails to attribute any particular, allegedly defamatory statement to Orfanedes or Farrell.

In ¶ 159, Klayman alleges that "Fitton, Orfanedes and Farrell deliberately lied to sully Klayman's name and to imply that, among other things, Klayman filed a frivolous lawsuit." On its face, this is an allegation about purported lying, not about defamation. Klayman again fails to allege the publication of any defamatory statement to anyone or when the alleged defamation occurred. This is true not only with respect to Orfanedes and Farrell, but also with respect to Fitton.

In ¶ 160, Klayman alleges that "**Fitton's and Judicial Watch's** defamation is part of Fitton's continuing efforts to lower Klayman's esteem in the media and the public's eye." Again, no mention is made of Orfanedes or Farrell.

In ¶ 161, Klayman alleges that "Fitton Orfanedes (sic), Farrell and Judicial Watch uttered and published false statements about Klayman and they harmed Klayman's reputation in his trade, and profession (sic) and had the effect of lowering him in the estimation of the community." This is the first time Klayman alleges that Orfanedes or Farrell "uttered" anything, and he fails to identify what they allegedly "uttered, to whom they allegedly uttered it, or when they allegedly uttered it." Similarly, Klayman has not attributed publication of a single, specific statement, defamatory or otherwise, to Orfanedes or Farrell.

As with his Lanham Act and Florida statutory claim, Klayman fails to allege for purposes of his defamation claim that Orfanedes or Farrell "inspired" the alleged wrongful acts, that alleged wrongful acts were done with their approval, or that the alleged wrongful acts fell within their "area[s] of official responsibility." Lawlor, 758 A.2d at 976-977; Camacho, 620 A.2d at 247. Klayman's allegations against Orfanedes and Farrell with respect to his defamation claim fail to satisfy the notice pleading requirements of Rule 8 Jones, 167 F. Supp.2d at 12; Flowers, 142 F. Supp.2d at 46-47; Browning, 2001 U.S. Dist. LEXIS 24537, slip op. at 23-24; Domen, 925 F. Supp. at 837.

## **CONCLUSION**

WHEREFORE, for all of the forgoing reasons, Defendants Paul J. Orfanedes and Christopher J. Farrell respectfully request that the Court GRANT their Motion to Dismiss the Second Amend Complaint with prejudice.

                                      Respectfully submitted,

                                      //s// *Richard W. Driscoll*

                                      _____
                                      Richard W. Driscoll (436471)
                                      DRISCOLL & SELTZER, PLLC
                                      600 Cameron Street
                                      Alexandria, Virginia 22314
                                      703.340.1625 Telephone
                                      703.997.4892 Facsimile
                                      Email: rdriscoll@driscollseltzer.com
                                      *Counsel for Defendants Judicial Watch, Inc.,*
                                      *Thomas J. Fitton, Paul J. Orfanedes and*
                                      *Christopher J. Farrell*

Dated: September 1, 2006