IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
|
LARRY KLAYMAN, *ET AL*.            |
|
    Plaintiffs,             |
|
v.                                 |   Civil Action No. 1:06-CV-00670
|   Honorable Colleen Kollar-Kotelly
JUDICIAL WATCH, INC., *ET AL*.     |
|
    Defendants.            |
_____|

**REPLY MEMORANDUM OF
DEFENDANTS IN SUPPORT OF THEIR MOTION TO SEVER**

    Defendants Judicial Watch, Inc. ("Judicial Watch" or "the organization") and Thomas J. Fitton ("Fitton"), by undersigned counsel, hereby submit the following Reply Brief in Support of their Motion to Sever the claims of Plaintiff Larry Klayman ("Klayman") from those of Plaintiff Louise Benson ("Benson").

**INTRODUCTION**

    Klayman, a former Chairman and General Counsel of Judicial Watch, wrongly complains that the organization breached his Severance Agreement, defamed him and misappropriated his name and likeness after his employment was terminated in 2003. As an entirely unrelated matter, Benson — a donor with no formal ties to Judicial Watch — made a free-will financial donation to Judicial Watch prior to Klayman's departure from Judicial Watch. She now mistakenly asserts that Judicial Watch misrepresented the use of her contribution and breached an agreement to permit her the right to name the President's Office for a new headquarters building.

Without addressing the baseless nature of these claims, the allegations that support causes of action made by Klayman are totally unrelated to those made by Benson. These fundamentally unconnected claims may not be conflated into a single action. Instead, Klayman's and Benson's claims must be severed pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

**I.    KLAYMAN AND BENSON IGNORE THE STANDARD FOR RULE 20(a)**

Plaintiffs concede in their Opposition that Rule 20(a) allows for different parties' claims to be joined *only* if (1) the issues involved arise from the same transaction or occurrence, or series of transactions *and* (2) there is a question of law or fact common to the parties. However, there is a complete absence of any explanation as to how their claims fall within this standard. Indeed, this case meets neither requirement.

Plaintiffs fruitlessly attempt to group a series of unrelated allegations under a single overarching banner — "pattern." In truth, the facts Klayman and Benson allege are unconnected, and must be severed.

While making much of Rule 20(a)'s purpose to "promote trial convenience and expedite the resolution of lawsuits," Plaintiffs fails to acknowledge that the intent of Rule 20 is not to force entirely unrelated claims to be tried together. In fact, the first prong of Rule 20(a) — determining if two or more claims arise out of the same transaction or occurrence — can only be met if the claims are "logically related," not wholly unrelated as are Klayman's and Benson's claims. Disparte v. Corporate Executive Board, 223 F.R.D. 7, 8 (D. D.C. 2004).

A logical relationship is absent where "there is no showing that [one plaintiff's] claims are sufficiently analogous to the original plaintiffs' to say that his right to relief arises from the same series of transactions as their rights do." Id. at 9 (*citing* Moorhouse v. Boeing Co., 501 F. Supp. 390, 392 (E.D. Pa. 1980)). In Disparte, the District Court found that the claims of three separate employees against their employer were not logically related, stating that where it is clear

the "Plaintiffs' claims in fact are highly individualized, involving particularized questions about each Plaintiff's work history and job performance," no logical relationship exists. Id. (*citing* Martinez v. Safeway Stores, Inc., 66 F.R.D. 446, 449 (N.D. Cal. 1975)).

Klayman and Benson provide no basis for the Court to discern any logical relationship. In this case, Benson, a California resident, seeks recovery of a donation to Judicial Watch's building fund and compensation for volunteer services provided in Judicial Watch's California office. Klayman, a Florida resident, seeks damages arising from the breach of a Severance Agreement (that was negotiated and executed in the District of Columbia), misappropriation of his name and likeness, and defamation. Each Plaintiffs' claims are independent of the other and do not rely on related facts or discovery. In fact, the only relationship of Plaintiffs' claims if the identity of the Defendant Judicial Watch. Certainly, mere identity of an opposing party is wholly insufficient to establish logical relationship of claims.

Like this case, the Martinez and Moorhouse plaintiffs sought to shelter divergent facts under the rubric of a "pattern" in an attempt to try their claims together. However, Disparte instructs that such a tactic must fail where, as in Martinzez, the various claims alleged were highly individualized and where, as in Moorhouse, plaintiffs' claims were not sufficiently analogous. As demonstrated in Defendants' Motion to Sever, Klayman's and Benson's claims are highly individualized and not at all analogous. Disparte is clear that severance is the only appropriate course of action under these circumstances.

**B.    THERE ARE NO COMMON FACTS BETWEEN THE CLAIMS OF BENSON AND KLAYMAN**

Plaintiffs fail to identify a single common fact among their claims. Although Plaintiffs allude to language in Disparte that reads "[t]he relevant legal authority requires the plaintiffs to allege, not prove, a pattern of [misconduct] to merit the proper joinder of parties," they fall short

3

of achieving this requirement.  <u>Alleging</u> a pattern is dramatically different from merely assigning the <u>label</u> of "pattern" to several unrelated claims.  <u>Id.</u> at 28.

In <u>Disparte</u>, each plaintiff alleged employment discrimination against the same employer and relied on the same statutes to develop their causes of action.  Notwithstanding this relationship, one of the three <u>Disparte</u> plaintiffs was severed because he worked in a different department from, and was supervised under different circumstances than, were the other two plaintiffs.  <u>Id</u>. at 25-28.  The facts of this case are much less persuasive.  Klayman and Benson do not allege a single common fact, legal argument or cause of action.  Their claims are not nearly as close factually as were the claims of the misjoined <u>Disparte</u> plaintiff to the other two plaintiffs.  Despite their hollow proclamations to the contrary, the Second Amended Complaint does not allege any "pattern" of misconduct.

C. **SEVERING THE CLAIMS OF KLAYMAN AND BENSON WILL PROMOTE JUDICIAL EFFICIENCY AND PREVENT INEVITABLE PREJUDICE TO THE DEFENDANTS**

Plaintiffs erroneously assert that they will need to depose the same witnesses, ask the same questions, and produce the same evidence to prove their claims.  Predictably, they do not, and can not, offer not a single illustration to support this claim.  The simple explanation for this omission is that none exists.  Their causes of action are not related and do not require establishment of the same elements.

The "pattern" of which Plaintiffs complain is, in their words, "[t]he questions of whether Fitton, Orfanedes, and Farrell mislead Klayman, donors, and the public in order to take over Judicial Watch and misuse funds;" yet this overly broad grievance (which is not true), is not actionable in and of itself.  Only by breaking out the entirely separate allegations in Plaintiffs' Second Amended Complaint can one discern any recognizable cause of action at all.

4

Immediately upon making this separation, it is apparent that not a single fact or question of law corresponds to both Klayman *and* Benson.

Judicial resources are not "wasted" when unrelated claims are relegated to separate trials. In fact, separate trials are mandatory in cases like this to avoid prejudicing the Defendants and confusing the jury. As <u>Disparte</u> notes:

> in some circumstances, to avoid prejudicing the parties — either the plaintiff or the defendant — or confusing the jury, 'there would inescapably be [the need for] as many separate lawsuits as parties plaintiff.'

<u>Id.</u> (*citing* <u>Smith v. North American Rockwell Corp.</u>, 50 F.R.D. 515, 523 (N.D. Okla. 1970).

There is no more appropriate case deserving of severance than this case. Klayman and Benson ask the Court to force a jury to track varied and unrelated facts regarding two parties with no relevant connection to one another. Presumably, Plaintiffs hope to benefit from the inevitable confusion that will result, and to prejudice Defendants by having the jury impute allegations from Klayman's claims to Benson's case and vice versa. This thinly veiled scheme to shore up two weak and unrelated cases by trying them together must fail.

## **CONCLUSION**

Wherefore, Defendants Judicial Watch and Thomas J. Fitton respectfully request that this Court sever the Klayman claims from the Benson claims. The allegations made by the two Plaintiffs do not arise from the same transaction or occurrence, or series of transactions, and there is no common question of law or fact.

Respectfully submitted,

//s// *Richard W. Driscoll*

_____
Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: September 1, 2006