IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO STRIKE**

Defendants, by counsel and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, respectfully submit this Reply Memorandum in support of their Motion to Strike.

**INTRODUCTION**

Defendants' Motion to Strike identifies 7 categories of allegations that are immaterial, impertinent and scandalous. Plaintiffs' Opposition addresses only the issue of whether the allegations are scandalous, but is silent regarding whether the allegations are immaterial or impertinent. By their silence, Plaintiffs concede that the 7 categories of allegations must be stricken as immaterial and impertinent.

Where specific allegations in the Second Amended Complaint are "irrelevant and prejudicial to the defendant", Defendants' Motion to Strike must be granted. Judicial Watch, Inc. v. U.S. Department of Commerce, 224 F.R.D. 261, 263 (D.D.C. 2004). Indeed, this Court has often recognized that allegations that are irrelevant and prejudicial to a defendant are subject to a motion to strike. Wiggins v. Phillip Morris, Inc., 853 F. Supp. 457, 457 (D.D.C. 1994) (Lamberth, J.); see

also <u>Payne v. Howard</u>, 75 F.R.D. 465, 468 (D.D.C. 1977). Plaintiffs' claims have no relationship to the allegations that are the subject of this Motion.

**I.   BENSON'S CLAIMS ARE NOT RELEVANT OR PERTINENT TO THE ALLEGATIONS IDENTIFIED BY DEFENDANTS**

Benson's claims relate to representations made by Judicial Watch regarding its intent to purchase a headquarters building and alleged promises made in exchange for Benson's pledge to donate $50,000 toward the building fund effort. Specifically, Benson alleges the following 3 causes of action:

- <u>Fraudulent misrepresentation</u> against Judicial Watch and Fitton concerning statements affirming that Judicial Watch intends to purchase a headquarters building;

- <u>Breach of contract</u> against Judicial Watch regarding her pledge of $50,000 toward purchase of Judicial Watch's headquarters building in exchange for naming rights for the President's Office; and

- <u>Unjust enrichment</u> against Judicial Watch seeking return of her $15,000 donation, as well as compensation for volunteer service to Judicial Watch.

However, there is no relationship between Benson's claims and any of the categories of allegations objected to by the Defendants. The scope of information relevant to these claims does not exceed what was said or represented to Benson in connection with her donation and volunteer service. There is no relationship whatsoever, nor do Plaintiffs attempt to explain a relationship, between Benson's claims and the scandalous, impertinent and immaterial allegations in the Second Amended Complaint.

Investigating Benson's claims has no connection to whether Fitton sought to "entrench" himself as head of Judicial Watch to promote his personal and/or political agenda. Likewise, there is no nexus with allegations of mismanagement and dissipation of Judicial Watch assets or Fitton's alleged ownership of property in Belize. Clearly, Fitton's educational background has no relationship to Benson's claims. Other than being identified as a potential witness regarding what was represented to Benson, Greg Mills and his background are not relevant. Finally, the alleged removal of directors at Judicial Watch, relative position of donors and restoration of ethics to Judicial Watch are completely irrelevant to Benson's claims. Such allegations are pled merely to smear Judicial Watch, Fitton and others without any other purpose related to this litigation. They bear no association to Benson's claims, nor do Plaintiffs provided any credible explanation regarding an association between her claims and the allegations.

## II.  KLAYMAN'S CLAIMS ARE NOT RELEVANT OR PERTINENT TO THE ALLEGATIONS IDENTIFIED BY DEFENDANTS

Klayman's action against these Defendants involves three subject matters. First, whether the alleged use of Klayman's name and likeness on an October 2003 newsletter was authorized. Second, whether the parties breached the Severance Agreement. And third, whether Defendants made any defamatory statements regarding Klayman. To pursue these questions, Klayman pursues 6 causes of action, as follows:

- <u>Violation of § 43(a) of the Lanham Act</u> against all Defendants for "false endorsement" arising from an allegedly unauthorized use of Klayman's name and likeness on a newsletter;

- <u>Violation of Florida Statutes § 540.08</u> against all defendants arising from an allegedly unauthorized use of Klayman's name and likeness on a newsletter;

- <u>Rescission</u> of the Severance Agreement against Judicial Watch for alleged fraudulent misrepresentations by Fitton that induced Klayman to enter into the Severance Agreement;[1]

- <u>Breach of the Severance Agreement</u> against Judicial Watch seeking damages for a variety of alleged issues;

- <u>Specific performance of the Severance Agreement</u> against Judicial Watch regarding payments due, return of personal property and other provisions; and

- <u>Defamation</u> against all Defendants by publication of Judicial Watch's Form 990 tax returns, statements to Judicial Watch employees and statements to the media.

Investigating these claims will not involve Fitton's alleged entrenchment as head of Judicial Watch to promote agendas, nor will it require inquiry into his alleged ownership of property in Belize. Moreover, Fitton's educational background has no relationship to Benson's claims.[2] Further, there is no correlation to allegations of mismanagement and dissipation of Judicial Watch assets. Fundraising efforts at Judicial Watch, including Greg Mills, are completely outside the scope

---

1   One is naturally compelled to ask how an individual who trumpets honors degrees, claims to have been a prosecutor with the U.S. Justice Department, and considers himself a "major force in Washington" can be deceived by an individual who Klayman believes to be unqualified to lead Judicial Watch.

2   This is especially true as the Severance Agreement contains a negotiated merger clause.

of Klayman's causes of action, as are the alleged removal of directors at Judicial Watch, other donors and restoration of ethics to Judicial Watch. Klayman is pursuing contract claims and claims seeking damages for libel, slander and misappropriation of his name and likeness. He has no standing to investigate the operations of Judicial Watch or to advocate on behalf of anyone other than himself.

Without question, the subject allegations are not relevant to resolution of the issues at hand. There is no relationship between Klayman's claims and the scandalous, impertinent and immaterial allegations identified by Defendants. As such, the Motion must be granted.

### III. PLAINTIFFS' IMMATERIAL, IMPERTINENT AND SCANDALOUS ALLEGATIONS ARE CAUSING HARM AND PREJUDICE TO JUDICIAL WATCH

Plaintiffs misread the restrictions of Rule 12(f) regarding materials outside the Second Amended Complaint. In considering whether Judicial Watch is being prejudiced by the subject allegations, Defendants submit that the Court must be free to consider matters outside the pleadings. Otherwise, a court abdicates its inquiry to the draftsmanship of the plaintiff.

### CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the following paragraphs be struck from the Second Amended Complaint in whole or in part: 1, 8, 11, 13, 14, 15, 29, 30, 31, 33, 34, 47, 56, 62, 64, 66, 71, 76, 85, 96, 117, 119, 128, 132, and 140. Defendants also respectfully request that Plaintiff Klayman's demand to be reinstated as Chairman and General Counsel of Defendant Judicial Watch, Inc. be struck.

Respectfully submitted,

//s// *Richard W. Driscoll*

_____
Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc. and Thomas J. Fitton*

Dated: June 28, 2006