IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Klayman, *et al.*, <br> *Plaintiffs,* <br><br> v. <br><br> Judicial Watch, Inc., *et al.*, <br> *Defendants.* | Civil Action No. 1:06-CV-00670 <br><br> Honorable Colleen Kollar-Kotelly <br><br> **Jury Trial Demanded** |

*PLAINTIFFS' SUR REPLY TO REPLY MEMORANDUM OF DEFENDANTS
JUDICIAL WATCH AND THOMAS J. FITTON IN SUPPORT
OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT*

Plaintiffs hereby submit this Sur Reply to Reply Memorandum of Defendants Judicial Watch and Thomas J. Fitton In Support of Their Motion to Dismiss Second Amended Complaint (Document No. 26):

**I.  INTRODUCTION**

This Sur Reply addresses an important misstatement made by Defendants in their Reply to Plaintiffs' Opposition to Motion to Dismiss. Defendants' reliance on the Restatement (Second) of Torts §592A is misplaced, and their recitation of the facts is incorrect. Though the Restatement provides protection to those who are "required by law" to publish defamatory statements, the "privilege" does not apply to statements to the Internal Revenue Service (the "IRS") that are deliberately and knowingly false. By its very nature, if a party fabricates a statement, the "safe harbor" of §592A can not apply for the simple reason that the Internal Revenue Code expressly prohibits and punishes those that knowingly publish false statements. If, as Plaintiffs' allege, the statements published in Judicial Watch's Form 990s are knowingly false, there can be no privilege. Accepting Plaintiff's allegations as true, the Defendants can not

292292-1

prevail on a Motion to Dismiss on the basis that the statements were "privileged" because to do so would require the Court to determine whether the statements themselves were knowingly false. Accordingly, Defendants' Motion to Dismiss Plaintiff Klayman's defamation claim should be denied because the "privilege" is inapplicable.

II. **LEGAL ARGUMENT**

Restatement (Second) of Torts §592A provides that "[o]ne who is required by law to publish defamatory matter is absolutely privileged to publish it." Thus, for a privilege to apply, a party must establish that they were required by law to publish the <u>defamatory</u> statement. Here, Defendants rely on 26 C.F.R. § 301.6104 for the proposition that they were required by law to publish the defamatory statements through the publication of Defendants' Form 990s, however, the Internal Revenue Code ("IR Code") does <u>not</u> direct them to publish false or defamatory information. To the contrary, the IR Code compels Defendants to publish <u>truthful</u> information. 26 U.S.C.A. § 7206 (I.R.C. § 7206). Moreover, while a "privilege" to publish defamatory matter is an "affirmative defense," the defense will not generally support a Rule 12(b)(6) motion to dismiss. *Fortner v. Thomas,* 983 F.2d 1024, 1028-9 (11th Cir.1993). Plaintiff Klayman has asserted that Defendants made knowingly false statements on their Form 990s. Thus, as an "affirmative defense," Defendants' "privilege" can not provide the basis for this Court to dismiss the claim.

The requirement that Judicial Watch make its Form 990s available to the public does <u>not</u> provide Defendants with a basis for Judicial Watch to publish knowingly false information about Mr. Klayman. If this Court were to accept Judicial Watch's "excuse" for publishing the statement, it would eviscerate the simple obligation that parties are obligated to file truthful statements with the IRS. While under certain circumstances, a party may be required to supply

292292-1

potentially offensive, or embarrassing yet truthful statements to the IRS, no "privilege" could apply to a party that supplies knowingly false information to the IRS. For the purposes of Defendants' Motion to Dismiss, accepting Plaintiff's allegations as true, this Court must reject Defendant's "excuse" for publishing the allegedly false statements and allow the claims to continue.

For the foregoing reasons, and as fully set forth in Plaintiffs' Opposition Briefs, Plaintiffs request that Defendants' Motion to Dismiss Counts I, II, III, IV, V, VI and IX of the Second Amended Complaint be denied in its entirety.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: ___//s// *Daniel J. Dugan*___ (DD 1339)
Daniel J. Dugan, Esquire
1635 Market Street, Seventh Floor
Philadelphia, PA 19103
215.241.8872 215.241.8844 (*fax*)
ddugan@lawsgr.com
*Attorneys for Plaintiffs, Larry Klayman and Louise Benson*

September 14, 2006

292292-1