IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

## DECLARATION OF PAUL J. ORFANEDES

I, PAUL J. ORFANEDES, declare as follows:

1.     My name is Paul J. Orfanedes.  I am over the age of eighteen and have personal knowledge of the facts set forth below.

2.     I am an attorney admitted to practice law in several jurisdictions, including the District of Columbia.  I have been employed as an attorney by Judicial Watch, Inc. ("JW") since approximately June 1998.  I currently am the Director of Litigation at JW and also serve as the organization's Secretary and Treasurer.  I also am a member of JW's Board of Directors.

3.     On or about January 12, 2006, Klayman sent an e-mail to JW's counsel, David Barmak, Esq., demanding documents regarding an article written by former JW client Peter F. Paul ("Paul").  I was "cc-ed" on the e-mail.  An attorney-client relationship had existed between JW and Paul from approximately February 2001 to approximately April 2005, including a period of more than eighteen (18) months after Klayman had left JW.  To my knowledge, Paul has not initiated any legal action against JW, nor to my knowledge has Paul initiated any action legal against Klayman.  As JW had represented Paul on multiple matters for more than four years, Klayman's demand would have required JW to search through years worth of case files,

correspondence, and other records.  The documents demanded by Klayman encompassed records protected by the attorney-client privilege and the attorney work product doctrine, and, not only did Klayman fail to indicate that he would or could take any steps to protect the confidentiality of these documents, but I was concerned that, without there being any kind of formal claim or lawsuit against Klayman, the attorney-client privilege and rules of professional conduct prohibited JW from providing these documents to Klayman.  Nor did Klayman offer to provide a more precise description of the documents to which he sought access or reimburse JW for its search costs or photocopying expenses.  Under the circumstances, JW quite reasonably declined to produce the requested records to Klayman.  A true and correct copy of Klayman's January 12, 2006 e-mail is attached hereto as Exhibit A.

4.      After his departure from JW, Klayman failed to take any action to withdraw from the numerous pending actions in which he had served as counsel while at JW.   Among these actions was *Dalrymple, et al. v. United States*, Case No. 1:03cv20588 (S.D. Fla.) ("*Dalrymple*"), a lawsuit involving the April 22, 2000 raid that forcibly removed six-year old Cuban shipwreck survivor Elian Gonzalez from the custody of his relatives in Miami, Florida.  In the Spring of 2004, Klayman tried to inject himself into the *Dalrymple* matter by seeking to continue to represent one of the plaintiffs in that lawsuit, Ms. Sandra Cobas.  *Id.*  Judicial Watch filed a motion to strike Klayman's appearance, citing a provision in the Severance Agreement between JW and Klayman that required Klayman's withdrawal.  While the motion ultimately was denied, there was nothing false, frivolous, or fraudulent about it.  True and correct copies of all documents filed in the *Dalrymple* lawsuit regarding this matter, including the ultimate rulings on the matter, are attached hereto as Exhibit B.

I HEREBY DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of December, 2006 in Washington, D.C.

Paul J. Orfanedes

## **EXHIBIT A**

## Tom Fitton

| | |
|---|---|
| **From:** | leklayman [leklayman@bellsouth.net] |
| **Sent:** | Thursday, January 12, 2006 5:22 PM |
| **To:** | Barmak, David; tfitton@judicialwatch.org; porfanedes@judicialwatch.org; sprytherch@judicialwatch.org; jkulunas@foxrothschild.com |
| **Cc:** | Larry Klayman |
| **Subject:** | Fw: Paritial Response ToLetter to Klayman re his check.DOC |

----- Original Message -----
**From:** leklayman
**To:** jroscoe@jamsadr.com ; Larry Klayman
**Cc:** adye@wc-b.com ; kraffa@raffa.com
**Sent:** Thursday, January 12, 2006 5:14 PM
**Subject:** Fw: Partial Response To Letter to Klayman re his check.DOC

----- Original Message -----
**From:** leklayman
**To:** Barmak, David
**Cc:** jroscoe@amsadr.com ; Paul Orfanedes ; tfitton@judicialwatch.org ; sprytherch@judicialwatch.org
**Sent:** Thursday, January 12, 2006 5:07 PM
**Subject:** Re: Paritial Response ToLetter to Klayman re his check.DOC

David:

I have reviewed your letter of this date responding to my letter of about two weeks ago, which I e-mailed to you and the mediator, Jerry Roscoe.

I will respond shortly to the subtance of your letter through counsel. However, in the interim, would you please send to me iimmediately any an all correspondence by or on behalf of Peter Paul and Judicial Watch with regard to the matter set forth in the next paragraph.

 As we discussed at the mediation session in December, using sworn statements about me in the false Judicial Watch IRS Form 990 for 2003, which was later modified for 2004 (albeit incorrectly and in a misleading fashion), I have learned recently that Peter Paul wrote and published an equally false and defamatory article, which appeared not just on his website but was posted on the Free Republic website, which stated that I was fired by Judicial Watch because of the expense issue, among other libelous statements. *I have been severely damaged as a result.* At the end of the article, Paul states that he is bringing suit against Judicial Watch, its current officers and me, as well as filing other complaints.

Accordingly, false and defamatory information contained on the 2003 JW Form 990 was used and published by Paul and he states that litigation and other complaints will result.. Under the Confidential Severance Agreement, I am entitled to receive  any and all documents to and from Paul and I hereby make this demand. Please provide this on an expedited basis.

Further, please advise me whether, as is required, Paul's forecast legal actions have been reported to Judicial Watch's professional liability and directors and officers insurance carriers, as well as my past enumerated claims against Judicial Watch and its current officers and directors.

Thank you for your immediate response and for providing this information and documentation right away.

Sincerely,

Larry Klayman

cc: Joseph Kulunas, Esq.
    Jerry Roscoe, Esq.
    Alan Dye, Esq.
    Kathy Raffa

----- Original Message -----
**From:** Barmak, David
**To:** leklayman@bellsouth.net
**Cc:** jroscoe@amsadr.com ; Paul Orfanedes ; tfitton@judicialwatch.org ; sprytherch@judicialwatch.org
**Sent:** Thursday, January 12, 2006 4:25 PM
**Subject:** Letter to Klayman re his check.DOC

Please see attached letter.

_____

David Barmak | Member
*Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.*
12010 Sunset Hills Road | Reston, VA 20190
Phone: 703.464.8109 | Fax: 703.464.4895
E-mail: dbarmak@mintz.com
Web: www.mintz.com

-------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

-------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

**<u>EXHIBIT B</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| DONATO DALRYMPLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| Vs. | ) | Case No. 03-20588-CIV-MOORE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge: O'Sullivan |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF WITHDRAWAL**
**AND NOTICE OF APPEARANCE**

The undersigned, Larry Klayman, Esq. hereby enters a Notice Of Appearance in the abovestyled case on behalf of the Plaintiff, Sandra Maria Cobas, and withdraws his appearance previously entered, while he was General Counsel of Judicial Watch, Inc., for the other Plaintiffs.

Respectfully submitted,

Larry Klayman
Florida Bar No.:0246220
c/o 540 Brickell Key Drive
Suite #732
Miami, FL 33131

Attorneys for Plaintiffs

I hereby certify that on May 20, 2004 a true copy of the foregoing NOTICE OF WITHDRAWAL AND NOTICE OF APPEARANCE FOR PLAINTIFF SANDRA MARIA COBAS was served by first-class mail, postage prepaid, on the following:

Edelberto Fares, Esq.
Florida Bar No.:0070793
Judicial Watch, Inc.
100 SE 2nd Street
Suite #3920
Miami, FL 33131
Tel.:(305) 349-2391
Fax: (305) 374-9054

Stephen E. Handler
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

_____
Larry Klayman, Esq.

Unsealed 9/24/04

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No.: 03-20588-CIV-MOORE

DONATO DALRYMPLE,                    )
                                     )
and                                  )
                                     )
HECTOR S. ABELAIRAS, et al.          )
                                     )
            Plaintiffs,              )
                                     )
vs                                   )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Defendant.               )
                                     )

NIGHT BOX
FILED

JUN 25 2004

CLARENCE MADDOX
CLERK, USDC / SDFL - MIA

## MOTION TO PERMIT FILING UNDER SEAL

Pursuant to Rule 5.4, L.R.S.D.Fla., Judicial Watch, Inc. ("Judicial Watch"), hereby moves to place under seal for a period of five (5) years its Motion to Strike Larry E. Klayman's May 20, 2004 notice of appearance on behalf of Plaintiff Sandra Cobas (the "Motion to Strike"). There is a reasonable basis for departing from the general policy of a public filing, and good cause exists to grant this Motion to Seal, as set forth briefly below.

The Motion to Strike, which Judicial Watch seeks to file under seal, is based on and recites from an agreement that contains confidential personal, financial and employment information that the parties to the agreement (Judicial Watch and Mr. Klayman) intended to remain confidential and agreed would remain confidential. The documents, therefore, should be filed and kept under seal, until after the final disposition of the case at which time they should be destroyed.

Case No.: 03-20588-CIV-MOORE

Accordingly, and based on the foregoing, Judicial Watch respectfully requests that the Court place under seal, for a period of five (5) years, its Motion to Strike, which contains confidential information.

Respectfully submitted,

JUDICIAL WATCH, INC.

David Barmak, Esq.[1]
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
12010 Sunset Hills Road, Suite 900
Reston, Virginia 20190
Telephone: (703) 464-4800
Facsimile: (703) 464-4895

Haas A. Hatic, Esq.
Florida Bar No. 843989
GREENSPOON, MARDER, HIRSCHFELD,
RAFKIN, ROSS & BERGER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, FL 33309
Telephone: 954.491.1121
Facsimile: 954.343.6956
haas.hatic@greenspoonmarder.com

Attorneys for Judicial Watch, Inc.

---

[1] Pursuant to Rule 2.3 of the Local Rules for the Southern District of Florida and Rule 4B of the Special Rules Governing the Admission and Practice of Attorneys, David Barmak, Esq. will be filing his Motion for Admission Pro Hac Vice and applicable filing fee.

2

Case No.: 03-20588-CIV-MOORE

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2004, a true and correct copy of the foregoing Motion to

Permit Filing Under Seal was served by first-class mail, postage prepaid on the following:

Larry Klayman, Esq.
Florida Bar No.: 0246220
c/o 540 Brickell Key Drive
Suite 732
Miami, FL 33131
Attorney for Plaintiff, Sandra Cobas

Stephen E. Handler
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044
Attorneys for Defendant

Haas A. Hatic

G Hah 10693 0001 pldgs Motion to Permit Filing Under Seal (2) DOC

RLS 116980v1

3

[vdkttext]

Case Selection

Dkt type: cv    Case Number: 03 20588    Division: 1    Miami
Title : Dalrymple                .V.  United States

Filed         Entry Date    Last Update       History ID      Docketed by
6/25/04       6/28/04       **/**/**          6319818         cj

SEALED DOCUMENT placed in vault

*viewing docket text
Transaction: next doc  / /

Command mode (? for commands)

Attached to D.E. # _58_

Unsealed 9/24/04

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No.: 03-20588-CIV-MOORE

DONATO DALRYMPLE,          )
                           )
and                        )
                           )
HECTOR S. ABELAIRAS, et al. )
                           )
          Plaintiffs,      )
                           )
vs.                        )
                           )
UNITED STATES OF AMERICA,  )
                           )
          Defendant.       )
_____)



NIGHT BOX
FILED

JUN 25 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION TO STRIKE LARRY E. KLAYMAN'S
## MAY 20, 2004 NOTICE OF APPEARANCE
## ON BEHALF OF PLAINTIFF, SANDRA COBAS

Judicial Watch, Inc., which is counsel for Plaintiffs, respectfully submits this motion to

strike the May 20, 2004 Notice of Appearance filed by Larry E. Klayman, Esq., by which Mr.

Klayman purports to enter his appearance on behalf of Plaintiff Sandra Cobas.

1.      Before resigning from Judicial Watch, Mr. Klayman was counsel of record for

Plaintiff, through Judicial Watch. Mr. Klayman was formerly employed by Judicial Watch as its

General Counsel. His employment was severed pursuant to a Confidential Severance Agreement.

Among other things, the Confidential Severance Agreement provides as follows:

> **Withdrawal of Appearance in Judicial Watch Litigation.**
> Except as otherwise agreed by Judicial Watch, and consistent with
> the applicable rules of court, Klayman's *appearance as counsel
> shall be withdrawn in all legal proceedings in which Judicial
> Watch currently is involved as party or as counsel for any person
> or entity.*

Case No.: 03-20588-CIV-MOORE

Confidential Severance Agreement, ¶ 12 (emphasis supplied). [1]

2.    Although the Confidential Severance Agreement containing this requirement was signed on or about September 19, 2003, Mr. Klayman did not sign the notice of withdrawal required by Paragraph 12 with respect to this case (or any other case involving Judicial Watch), over the next two months.  Thus, on November 25, 2003, Judicial Watch forwarded to Mr. Klayman's counsel notices of withdrawal for thirty-two other cases, and requested that Mr. Klayman sign and file them. (Ex. A).

3.    For almost six additional months, Mr. Klayman failed to execute the notice of withdrawal in this or any other case involving Judicial Watch.  Then, on May 20, 2004, Mr. Klayman filed a Notice of Withdrawal in this case, finally withdrawing his appearance in this action as to all Plaintiffs, except one, Sandra Maria Cobas, for whom he purported to enter his appearance.

4.    Ms. Cobas had worked with Mr. Klayman at Judicial Watch's Miami Office.  She left Judicial Watch's employ around the time that Mr. Klayman left Judicial Watch, and then she immediately began to work with Mr. Klayman on his primary election campaign for United States Senate.

5.    Mr. Klayman's notice of withdrawal and his entry of appearance for Ms. Cobas violates Paragraph 12 of the Confidential Severance Agreement in that it does not accomplish the withdrawal of his "appearance as counsel . . . in all legal proceedings in which Judicial Watch currently is involved as party or as counsel for any person or entity."

---

[1]    In order to preserve the confidentiality of other terms of the Confidential Severance Agreement, not material to this Motion, and assuming that Mr. Klayman does not contest the meaning of Paragraph 12 quoted above - - and he cannot reasonably do so - -, Judicial Watch has not filed the Confidential Severance Agreement with this Motion. It reserves the right to do so if necessary or if ordered by the Court.

Case No.: 03-20588-CIV-MOORE

6.    If Mr. Klayman is permitted any role in this case, not only will he be in breach of the Confidential Severance Agreement, but his presence will be a major distraction which will impede cooperation and communication between the Plaintiffs and their counsel.    His representation of Ms. Cobas, therefore, would be prejudicial to the administration of justice.

7.    Judicial Watch does not seek to represent Ms. Cobas in this matter, although it is willing to do so,[2] and recognizes that she has a right to retain any other counsel willing and able to represent her.  However, by virtue of his agreement with Judicial Watch, Mr. Klayman may not lawfully represent Ms. Cobas in this case and his notice of appearance on her behalf therefore should be stricken.

WHEREFORE, the interests of justice and judicial economy would be best served by striking Mr. Klayman's notice of appearance in this case and barring him from representing any of the Plaintiffs.

Dated:  June 25, 2004

---

[2]    Ms. Cobas asked Judicial Watch to withdraw as her counsel and it did so, filing a Motion for Leave to Withdraw Appearance as Counsel of Record for Plaintiff Sandra Maria Cobas on May 11, 2004  On May 13, 2004, the Court conditionally granted that motion, effective only upon notice of appearance of substitute counsel Significantly, Mr. Klayman appears to have actively solicited and induced Ms. Cobas not only to terminate her relationship with Judicial Watch but also to have him enter his appearance on her behalf

Case No.: 03-20588-CIV-MOORE

Respectfully submitted,

JUDICIAL WATCH, INC.

David Barmak, Esq.[3]
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
12010 Sunset Hills Road, Suite 900
Reston, Virginia 20190
Telephone: (703) 464-4800
Facsimile: (703) 464-4895

Haas A. Hatic, Esq.
Florida Bar No. 843989
GREENSPOON, MARDER, HIRSCHFELD,
RAFKIN, ROSS & BERGER, P.A.
Trade Center South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, FL 33309
Telephone: (954) 491-1121
Facsimile: (954) 343-6956
haas.hatic@greenspoonmarder.com

Attorneys for Judicial Watch, Inc.

---

[1]    Pursuant to Rule 7.3 of the Local Rules for the Southern District of Florida and Rule 4B of the Special
Rules Governing the Admission and Practice of Attorneys, David Barmak, Esq. will be filing his Motion for
Admission Pro Hac Vice and applicable filing fee.

4

Case No.: 03-20588-CIV-MOORE

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2004, a true and correct copy of the foregoing Motion to

Strike Larry E. Klayman's May 20, 2004 Notice of Appearance on Behalf of Plaintiff Sandra

Cobas was served by first-class mail, postage prepaid on the following:

> Larry Klayman, Esq.
> Florida Bar No.: 0246220
> c/o 540 Brickell Key Drive
> Suite 732
> Miami, FL 33131
> Attorney for Plaintiff, Sandra Cobas
>
> Stephen E. Handler
> Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> Benjamin Franklin Station
> P.O. Box 888
> Washington, DC 20044
> Attorneys for Defendant

_____
Haas A. Hatic

G:\Hah\1002\0004\pldgs\Motion to Strike Klayman Appearance for Cobas #921.DOC
RES 1170008v1

5



| | |
|---|---|
| MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC | Boston<br>Washington<br>Reston<br>New York<br>New Haven<br>Los Angeles<br>London |

701 Pennsylvania Avenue, N W
Washington, D C 20004
202 434 7300
202 434 7400 fax
www.mintz.com

Joanne B. Jarquin

Direct dial 202 434 7488
jbjarquin@mintz.com

November 25, 2003

**CONFIDENTIAL**
**VIA FEDERAL EXPRESS**

David P. Durbin, Esq.
Jordan Coyne & Savits, LLP
1100 Connecticut Ave., N.W.
Suite 600
Washington, D.C. 20036

Re:  Withdrawal of Appearance By Larry Klayman

Dear David:

Enclosed please find 32 Withdrawal of Appearance notices which Judicial Watch has prepared for Larry Klayman's signature. I would appreciate it if you would have Mr. Klayman execute these notices at his earliest convenience. Once that is done, please return them to me for filing with the court

If Mr. Klayman or you have any questions regarding the enclosed materials, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

Joanne B. Jarquin

JBJ jbj
Enclosures
cc:    Tom Fitton
       David Barmak

**EXHIBIT**
_A_

[vdkttext]

```
                      Case Selection
Dkt type: cv   Case Number: 03 20588    Division: 1  Miami
Title : Dalrymple                .V.  United States




Filed      Entry Date  Last Update      History ID     Docketed by
6/25/04     6/28/04    **/**/**         6319822            cj
   *                                                       *
       SEALED DOCUMENT placed in vault



    viewing docket text
Transaction: seal doc  /   /

  Command mode (? for commands)
```

Attached to D.E. # 59

Unsealed 9/24/04

Sealed

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DONATO DALRYMPLE.                )
et al.                           )
      Plaintiffs,               )
                                 )
                                 )
                                 )
      v.                        )    Civil Action No 03-20588-CIV-MOORE
                                 )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
      Defendant,                )
                                 )
                                 )
_____  )

04 JUL 14 PM 4: 23
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. FLA. - MIA

## MOTION FOR EXTENSION FOR TIME TO RESPOND TO MOTION TO
## STRIKE APPEARANCE AND MOTION TO PERMIT FILING UNDER SEAL

Defendant, Sandra Cobas through her chosen counsel, Larry Klayman, hereby moves this

court for an order extending the time to respond to the abovestyled motions from July 15,

2004, to and including July 28, 2004.  Counsel needs the additional time due to recent

travel outside of the state and other personal considerations    The other parties have

agreed to this modest extension

62
HH

Respectfully submitted,

Larry Klayman, Esq.
Florida Bar #0246220
P.O. Box 310077
Miami, Florida 33231
305-577-8944

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON July 15 2004, I caused to be served upon the

following counsel a true and correct copy of the Plaintiff, Sandra Cobas' Motion For

Extension Of Time  via First Class Mail to:

Paul Orfanedes
Judicial Watch, Inc.
501 School Street
Suite 500
Washington, DC 20024

Ed Farres
Judicial Watch, Inc.
100 S.E. 2nd Street
Bank of America Tower
Suite 3920
Miami, FL 33131
Attorney for the plaintiffs

Stephen E. Handler
U.S. Department of Justice
Benjamin Franklin Station
P.O Box 888
Washington, D.C. 20044
Attorney for the United States

David Barmak, Esq.
MINTZ LEVIN COHEN FERRIS
GLOVSKY AND POPEO PC
12010 Sunset Hills Road, Suite 900
Reston, Virginia 20190

Hass A. Hatic, Esq.
Florida Bar No. 843989
GREENSPOON, MARDER,
HIRSCHFELD RAFKIN, ROSS &
BERGER, P A.
Trade Centre Smith, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309

Elizabeth Jambor

[vdkttext]

Case Selection
Dkt type: cv   Case Number: 03 20588    Division: 1   Miami
Title : Dalrymple                        .V.  United States


Filed       Entry Date  Last Update        History ID    Docketed by
7/14/04      7/15/04      **/**/**           6345422         mh
        *
        SEALED DOCUMENT placed in vault


     *viewing docket text
Transaction: neal doc  /  /

Command mode (? for commands)


Attached to D.E. # 62