*EXHIBIT*

ness to attend a court hearing, even when a witness has reason to be fearful and notifies the office issuing that subpoena of her fears, does not create a duty to protect or arrange protection for the witness upon one issuing that subpoena.

## STATUTORY DUTY OF CARE

Finally, our research reveals that there is no statutory duty of care. We do not minimize the serious injuries suffered by Ms. Powell. However, the legislature must create a new duty upon a state attorney to permit a plaintiff under similar circumstances to recover. *See Everton*, 468 So.2d at 939.

Reversed and remanded with directions to grant a directed verdict in favor of the state attorney's office.

SCHOONOVER, C.J., and RYDER, J., concur.



---

Michael D. LEE, Petitioner,

v.

FLORIDA DEPARTMENT OF INSURANCE AND TREA-SURER, Respondent.

No. 90–3831.

District Court of Appeal of Florida, First District.

Sept. 11, 1991.

Rehearing Denied Oct. 14, 1991.

---

A general lines insurance agent filed a petition seeking a review of a hearing offi-cer's order denying disqualification of the Department of Insurance's attorney in disciplinary proceedings to revoke the agent's license. The District Court of Appeal, Zehmer, J., held that: (1) settlement agreement between agent and insurance industry group involved in former litigation, restricting participation by attorney or law firm which represented group in disciplinary proceedings, was not rendered void by the rule of professional conduct regarding restrictive employment agreements for attorneys; (2) settlement provision disqualified group's attorney's former associate from representing Department of Insurance in administrative proceeding; and (3) agent had standing to object to attorney's representation of Department by virtue of his status as beneficiary of settlement agreement.

Order denying disqualification motion quashed.

---

1. Attorney and Client ⊂⟩21.5(5)

A bar rule of professional conduct prohibiting a lawyer from participating in an employment agreement restricting a lawyer's right to practice could not be used to render void a provision of a settlement prohibiting one party's attorney and law office from representing or participating in an administrative proceeding to revoke an insurance agent's license; rule simply provided a framework for the ethical practice of law and could not be used to invalidate a private contractual provision. West's F.S.A. Bar Rule 4–5.6.

2. Attorney and Client ⊂⟩21.5(5)

Settlement between parties involved in insurance dispute, which contained provision prohibiting one party's attorney and his law firm from representing or participating in administrative proceedings to revoke or suspend an insurance agent's license, when considered in the context of the remainder of the settlement agreement, was applicable to any disciplinary proceeding that might arise out of the matters

being settled by the parties, including an administrative proceeding to revoke an agent's license as a general lines insurance agent.

**3. Attorney and Client ⇐32(13)**

A lawyer is bound to honor the request of a current or former client not to use or disclose information and confidences learned during representation of the client. West's F.S.A. Bar Rules 4–1.6, 4–1.9.

**4. Attorney and Client ⇐21**

In conflict of interest cases, disqualification of the lawyer is appropriate when it is shown that an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and the matter in which the law firm subsequently represents the interest adverse to the former client is the same or substantially related to the matter in which it represented the former client. West's F.S.A. Bar Rule 4–1.7.

**5. Attorney and Client ⇐21.15**

Under a settlement agreement between an insurance agent and an insurance industry organization, a provision prohibiting the organization's attorney and his law firm from participating in an administrative proceeding to revoke the agent's general lines agent's license applied equally to attorney's associate who later left the firm; associate's participation in representation gave him access to information and confidences arising out of representation by attorney and firm, giving rise to irrefutable presumption that confidences were disclosed. West's F.S.A. Bar Rules 4–1.10, 4–5.6.

**6. Attorney and Client ⇐20**

Rule of professional responsibility prohibiting lawyers from participating in making employment agreements restricting a lawyer's right to practice was intended to prevent lawyers from entering into agreements that operate to restrict a lawyer's right to practice generally, but did not

reach agreements with or by the client to preclude the lawyer's representation of other persons with respect to cases that involve the same facts, transactions, and events as the case settled for the client. West's F.S.A. Bar Rules 4–1.6, 4–1.9, 4–5.6.

**7. Attorney and Client ⇐20**

A client's agreement to a settlement provision prohibiting participation by its attorney and his law firm in administrative proceedings to revoke an insurance agent's license manifested the client's intent to preclude use or disclosure of information gained by attorney during his representation and thus demonstrated sufficient adversity of interest to apply rules regarding conflicts of interest and disqualification. West's F.S.A. Bar Rules 4–1.6, 4–1.9.

**8. Attorney and Client ⇐21.20**

General lines insurance agent who was party to a settlement agreement with insurance industry group which contained a provision precluding group's attorney from participating in administrative proceedings involving agent's general lines insurance license, had standing to object to representation of Department of Insurance by group's attorney's former associate in disciplinary proceeding, by virtue of his position as a beneficiary of settlement agreement.

———————

Thomas M. Ervin, Jr., and Melissa Fletcher Allaman, Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, and Edward A. White, Jacksonville, for petitioner.

S. Marc Herskovitz, Div. of Legal Services, Florida Dept. of Ins., Tallahassee, and L. William Porter, II, Tallahassee, for respondent.

ZEHMER, Judge.

Michael D. Lee invokes the jurisdiction of this court to review a nonfinal order entered in this administrative disciplinary proceeding against him by the Department of Insurance. The petition seeks review of a

by the client to
sentation of oth-
o cases that in-
ansactions, and
d for the client.
-1.6, 4-1.9, 4-5.6.

⇒20

to a settlement
cipation by its at-
in administrative
nsurance agent's
nt's intent to pre-
of information
g his representa-
ed sufficient ad-
y rules regarding
l disqualification.
4-1.6, 4-1.9.

⇒21.20

ce agent who was
greement with in-
which contained a
p's attorney from
-ative proceedings
al lines insurance
object to represen-
of Insurance by
r associate in disci-
rtue of his position
ement agreement.

———

Jr., and Melissa
in, Varn, Jacobs,
see, and Edward A.
petitioner.

iv. of Legal Servic-
., Tallahassee, and
Tallahassee, for re-

es the jurisdiction of
nonfinal order en-
tive disciplinary pro-
the Department of
n seeks review of a

hearing officer's order that denied disquali-
fication of the Department's attorney, L.
William Porter II, to represent the Depart-
ment in these proceedings. Because it ap-
pears that review of the final agency deci-
sion would not provide an adequate reme-
dy, we accept jurisdiction pursuant to sec-
tion 120.68(1), Florida Statutes (1989), and
rule 9.100, Florida Rules of Appellate Pro-
cedure. For the reasons hereafter stated,
we quash the appealed order and remand
with directions to disqualify Porter from
further representation of the Department
in these proceedings.

Petitioner Lee holds a license as a gener-
al lines insurance agent issued by the De-
partment. This administrative proceeding
was initiated by the Department to revoke
his license on numerous grounds arising
out of transactions and events that were
involved in a civil action filed in the United
States District Court for the Middle Dis-
trict of Florida by the National Council on
Compensation Insurance (NCCI).[1] NCCI
made claims for damages against Lee and
his business, and Lee counterclaimed for
damages against NCCI. Counsel for NCCI
in that action included the law offices of
Frederick Leo Bateman, Jr. Porter, then a
salaried associate with that firm, appeared
and signed papers filed in that case. Dur-
ing his participation in the federal court
action, Porter allegedly received and
gained substantial information and knowl-
edge through his representation of NCCI.
The federal court suit was settled pursuant
to a written settlement between NCCI, Lee
and the other parties to the suit dated
February 26, 1990. Attorney Bateman par-
ticipated in negotiating and reaching this
settlement as attorney for NCCI, but he
did not sign the agreement. The settle-
ment agreement provided in paragraph 8
that:

Counsel for NCCI Plaintiffs, FRED-
ERICK L. BATEMAN JR., and the Law
Offices of Frederick LEO BATEMAN,

JR., [sic] will not represent the Depart-
ment of Insurance, State of Florida, nor
participate in any administrative proceed-
ings brought by the Department of In-
surance to revoke or suspend the license
issued by [sic] the Department of Insur-
ance and Treasurer, State of Florida, to
MICHAEL D. LEE as a general lines
agent, and NCCI will so instruct and
direct its attorney, Frederick L. Bate-
man, Jr. and the Law Office of Frederick
Leo Bateman, Jr. [sic] not to so represent
or participate in said administrative pro-
ceeding.

Pursuant to the settlement agreement,
NCCI was paid the sums as agreed by the
parties, and a joint motion to dismiss with
prejudice was filed in federal court. An
order of dismissal was entered on March 7,
1990.

Attorney Porter terminated his associa-
tion with Bateman's law office shortly
thereafter, on February 28, 1990, and es-
tablished his own law firm. The Depart-
ment instituted these disciplinary proceed-
ings on July 9, 1990. On August 31, 1990,
Porter having been employed by the De-
partment to represent it in this case, for-
mally appeared in these proceedings as at-
torney for the Department. Petitioner Lee
immediately filed a motion to disqualify
Porter from representing the Department
based on the provisions of paragraph 8 of
the settlement agreement. The Depart-
ment responded to the hearing officer's
order to show cause, and an evidentiary
hearing was held before the hearing officer
on the matter. In the order denying the
motion, the hearing officer found, in addi-
tion to the facts recited above, that there
were no written or oral agreements be-
tween Porter and Bateman restricting Port-
er's future employment. The specific
grounds for denial then recited:

6. The Department argues in its brief
that restrictions on employment are
against public policy. The Respondent

number 87–980–CIV–J–12.

———

1. The case was styled *National Council on Com-*
*pensation Insurance v. Lee & Lee, Inc.,* case

argues that ethical considerations prevent Mr. Porter from taking any action contrary to the interest of his former client and that his participation would breach the settlement agreement contrary to the client's interest.

7. Restrictions on any attorney's right to practice as part of a partnership or employment agreement, or as a settlement agreement between private parties are prohibited. See, Rule 4–5.6, Rules of Professional Conduct.

Therefore, the motion to disqualify counsel is hereby DENIED.

[1] We hold that the hearing officer erred in ruling that the provision in paragraph 8 of the settlement agreement is prohibited and thus made void by rule 4–5.6 of the Florida Bar's Rules of Professional Conduct.[2]

We first would note that the application of rule 4–5.6 to invalidate or render void a provision in a private contract between two parties is beyond the scope and purpose of the Rules and constitutes error. As the preamble to the Rules states, they "simply provide a framework for the ethical practice of law." The preamble further explains:

Failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process....

Violation of a rule should not give rise to a cause of action nor should it create

any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons.... Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such duty.

To use rule 4–5.6 as the basis for invalidating a private contractual provision is manifestly beyond the stated scope of the Rules and their intended legal effect. Until paragraph 8 of the settlement agreement has been voided, canceled, or nullified by a court of competent jurisdiction, it must be treated as valid and binding on all parties legally affected by its terms.[3] Whether attorney Bateman acted unethically in violation of the Rules by participating in the negotiation of a settlement agreement that included the provisions in paragraph 8 and should be disciplined therefor is not the issue in this proceeding. Rather, the critical issue is whether Porter, as an associate lawyer employed in Bateman's law office who worked on NCCI's case, can be ethically and legally disqualified from representing the Department in respect to the same transactions and events as those in which

2. The Rules of Professional Conduct will be referred to hereafter simply as "Rules" or "Rule." Rule 4–5.6 provides:

A lawyer shall not participate in offering or making:
(a) A partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or
(b) An agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties.

3. There is no provision in chapter 120 giving the hearing officer in an administrative disciplinary proceeding jurisdiction to cancel or nullify contractual provisions between private parties or to

specifically enforce a private contractual provision; only courts of competent jurisdiction have such authority. Accordingly, we do not treat the disposition of the issue here presented as requiring the specific enforcement of paragraph 8 of the settlement agreement. However, we recognize that administrative disciplinary proceedings such as this involve the exercise of quasi-judicial power pursuant to Article V, Section 1, of the Florida Constitution and the statutes regulating the professional involved, and we ascribe to the hearing officer and the agency the same power that courts exercise to disqualify a lawyer from representing a party to the proceeding if that representation would be in violation of law or Rules of Professional Conduct applicable to lawyers. The exercise of that power is subject to judicial review pursuant to section 120.68, Florida Statutes.

LEE v. FLORIDA DEPT. OF INS. & TREASURER   Fla.  1189
Cite as 586 So.2d 1185 (Fla.App. 1 Dist. 1991)

he had previously represented NCCI in view of the presumptively valid contractual provision in paragraph 8 between Lee and NCCI.

[2] By the terms of paragraph 8, NCCI agreed to instruct its attorney Bateman and his associate Porter not to participate in any administrative proceeding by the Department to revoke Lee's license. Considered in context with the remainder of the settlement agreement, we can conclude that this agreement was intended to be applicable to any disciplinary proceeding that might arise out of the matters being settled by the parties, including this administrative proceeding.

At the evidentiary hearing on this matter, it was agreed by the Department and the hearing officer that Bateman would be bound by the provisions of paragraph 8 and would be disqualified from representing the Department in these proceedings. We also agree. NCCI had sufficient interest in preserving any confidences and preventing use or disclosure of information that may have been learned or communicated to Bateman and his employees during the handling of the case, and NCCI could insist that Bateman and those employees not par-

ticipate in any administrative proceeding arising out of those matters as a lawyer representing the Department, or any other party, because that participation might require the use or disclosure of information and confidences obtained during his representation of NCCI.

[3, 4] A lawyer is bound by rule 4–1.6[4] to honor such a request by a current client and by rule 4–1.9[5] as to a former client. Thus, it has been ruled that a lawyer is bound to respect the request of a client or former client not to use or disclose information or confidences learned during that representation, and is forbidden to use such information for the advantage of himself or of a third person. *See Campbell v. American Pioneer Savings Bank*, 565 So.2d 417 (Fla. 4th DCA 1990); *Ford v. Piper Aircraft Corp.*, 436 So.2d 305 (Fla. 5th DCA 1983), *rev. denied*, 444 So.2d 417 (Fla.1984); *Buntrock v. Buntrock*, 419 So.2d 402 (Fla. 4th DCA 1982). Bateman and his firm's representation of NCCI gave rise to an irrefutable presumption that confidences were disclosed during the relationship. *State Farm Mutual Automobile Ins. Co. v. K.A.W.*, 575 So.2d 630 (Fla. 1991); *Ford v. Piper Aircraft Corp.*, 436

4. Rule 4–1.6 provides in pertinent part:
   (a) A lawyer shall not reveal information relating to representation of a client except as stated in paragraphs (b), (c), and (d) unless the client consents after disclosure to the client.

   *   *   *   *   *   *

   (c) A lawyer may reveal such information to the extent the lawyer believes necessary:
   (1) To serve the client's interest *unless it is information the client specifically requires not to be disclosed.*
   (Emphasis added.) The Comment to the rule states in part:
   The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege (which includes the work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics. The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than

those where evidence is sought from the lawyer through compulsion of law. The confidentiality applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or by law.
The Comment also states: "The duty of confidentiality continues after the client-lawyer relationship has terminated."

5. Rule 4–1.9 provides:
   A lawyer who has formerly represented a client in a matter shall not thereafter:
   (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
   (b) Use information relating to the representation to the disadvantage of the former client except as rule 4–1.6 would permit with respect to a client or when the information has become generally known.

So.2d 305.[6] The client's restriction on the use or disclosure of such information could very well place Bateman or those in his firm in a conflict of interest position under rule 4–1.7 if and when confronted with the need to use or disclose it in the subsequent representation of another client. In conflict of interest cases, disqualification of the lawyer is appropriate when it is shown that "(1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client." *State Farm Mutual Automobile Ins. Co. v. K.A.W.,* 575 So.2d at 633. Disqualification is required to avoid the appearance of impropriety.

[5] The hearing officer focused on whether Porter was disqualified to represent the Department by reason of paragraph 8, and although conceding that Bateman was so disqualified by that agreement, nevertheless ruled that Porter was not disqualified by reason of rule 4–5.6. In so ruling, the hearing officer failed to focus on the critical issue, which was not whether Bateman could restrict Porter's practice after he left Bateman's firm, but whether Porter was as disqualified as Bateman by reason of rule 4–1.10.[7] Porter's participation in the representation of NCCI gave him access to the information and confidences arising out of the representation by Bateman and his firm, giving rise to the irrefutable presumption that confidences were disclosed; and this factor made Porter just as disqualified as Bateman.

[6] Furthermore, we do not give the same construction to rule 4–5.6 as did the hearing officer. That Rule, as we construe it, is intended to prevent lawyers from entering into agreements that operate to restrict a lawyer's right to practice generally, for example, in the sense that an attorney agrees as part of a settlement not to represent any persons who may have interests adverse to the client regardless of the events and issues involved; that Rule does not reach agreements with or by the client to preclude the lawyer's representation of other persons with respect to cases that involve the same facts, transactions, and events as does the case settled for the client. Failure to give effect to this distinction would defeat the protections of confidential information provided in rules 4–1.6 and 4–1.9.

[7] The Department contends that Porter's representation of the Department is not sufficiently adverse to the interests of NCCI to give rise to any conflict of interest. However, NCCI's agreement in paragraph 8 to prevent such representation manifests its intent to withhold consent and thereby preclude the use or disclosure of information gained during his representation of NCCI. That fact alone demonstrates sufficient adversity of interests to apply the rules on conflict of interests.

[8] Finally, the Department argues that petitioner Lee has no standing to object to

---

6. For this reason, we reject the Department's argument that it was not shown on the record that "Porter gained no confidential knowledge during his tenure with the Law Office of Frederick Leo Bateman, Jr. that will disadvantage the NCCI."

7. Rule 4–1.10 provides in part:
    (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule 4–1.7, 4–1.8(c), 4–1.9, or 4–2.2.
    \*   \*   \*   \*   \*   \*
    (c) When a lawyer has terminated any association with a firm, the firm is not prohibited

from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:
    (1) The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
    (2) Any lawyer remaining in the firm has information protected by rules 4–1.6 and 4–1.9(b) that is material to the matter.

INTERCONTINENTAL CORP. v. MEDICAL CENTER    'Fla.  **1191**
Cite as 586 So.2d 1191 (Fla.App. 5 Dist. 1991)

Porter's representation of the Department because he represented NCCI and did not represent Lee. We conclude otherwise because, as shown by the record, the agreement in paragraph 8 was intended not only for the benefit and protection of NCCI, which continued to have litigation with Lee and others in a circuit court action pending in Broward County after consummation of the settlement agreement, but also for the benefit of Lee as a party to the agreement. Since this provision is assumed to be valid for purposes of this appeal, Lee has standing as the beneficiary of that agreement to seek Porter's disqualification to the extent that Porter's representation is unethical. We see no compelling reason to require Lee to seek Porter's disqualification by way of a specific performance action in circuit court by denying him standing to raise the issue in this administrative action to which he is the principal party.

Finding no merit in the Department's remaining contentions, we quash the order denying the motion to disqualify Porter with directions that he be disqualified from further representation of the Department in these administrative proceedings against Lee.

BOOTH and WOLF, JJ., concur.



INTERCONTINENTAL CORP.,
et al., Appellants,

v.

ORLANDO REGIONAL MEDICAL
CENTER, INC., Appellee.

No. 90–2101.

District Court of Appeal of Florida,
Fifth District.

Sept. 12, 1991.

Rehearing Denied Oct. 15, 1991.

Hospital sued firm engaged in administering claims for medical services furnished to foreign nationals, and firms which had made determination whether bills for services were reasonable, alleging tortious interference with contract relationships between hospital and patients and conspiracy against hospital. The Circuit Court, Orange County, B.C. Muszynski, J., denied motion to dismiss. Appeal was taken. The District Court of Appeal, Griffin, J., held that: (1) court lacked jurisdiction under Florida long arm statute involving conduct of business ventures within Florida, and (2) long-arm statute provision allowing jurisdiction in cases where tortious act was performed within state had not been satisfied.

Reversed and remanded.

1. Courts ⚖12(2.25)

Long-arm statute did not confer jurisdiction over firm engaged in administering insurance claims for medical treatment given to foreign nationals visiting United States, and firms which made determination as to whether bills for such services were reasonable, which had been sued by hospital claiming that they were carrying on business venture within Florida purpose of which was to interfere with contracts between hospital and patients; bills were reviewed outside of Florida, as were decisions whether to recommend payment or to oppose, and only contacts with state were correspondence and telephone conversations with hospital personnel within state urging reduction of bills, and one visit from firms' attorney to hospital's attorney, to discuss matter. West's F.S.A. § 48.-193(1)(a).

2. Courts ⚖12(2.25)

Long-arm statute did not confer jurisdiction over firm which administered medical claims for medical services furnished to foreign nationals, and firms which made determination whether bills were reasonable, which had been sued on theory that they committed tortious interference in Florida with contractual relations between

Confidential Severance Agreement

CONFIDENTIAL

CONFIDENTIAL

B.    <u>Covenant Not to Compete or Solicit</u>.  Klayman agrees that, in order to enable Judicial Watch to preserve and protect Judicial Watch's valuable and legitimate business interests, including, but not limited to, those valuable and legitimate business interests set forth in paragraph 5 A, and in exchange for the additional consideration referred to in paragraph 6 below (which the parties acknowledge to be separately bargained for), Klayman shall not, for a period of two (2) years following the Separation Date, directly or indirectly:

(iii) solicit or in any manner encourage or induce, or attempt to solicit, encourage or induce, any client of Judicial Watch to terminate its attorney-client relationship with Judicial Watch; <u>provided</u>, <u>however</u>, that Klayman shall not be precluded from providing legal representation to any client, if requested by the client, in his capacity as a lawyer in private practice; or

CONFIDENTIAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONATO DALRYMPLE.                    )                    FILED UNDER SEAL
et al.                                              )
                Plaintiffs,          )
                                     )
                                     )
                                     )
                                     )
        v.                           )          Civil Action No 03-20588-CIV-MOORE
                                     )
                                     )
UNITED STATES OF AMERICA)
                                     )
                Defendant,           )
                                     )
                                     )
_____).

## ORDER

THIS CAUSE having come on to be heard pursuant to Plaintiff, Sandra Cobas' Supplement to

Her Opposition And File Surreply to Motion to Strike, IT IS ORDERED:


        Plaintiff's Motion is Granted.



        Date:                            _____
                                         The Honorable K. Michael Moore
                                         U.S. District Court Judge

1

cc:    Larry Klayman
       540 Brickell Drive, Suite 732
       Miami, Florida 33131

       Stephen E. Handler
       U.S. Department of Justice
       Benjamin Franklin Station
       P.O. Box 888
       Washington, D.C. 20044
       Attorney for the United States

       David Barmak, Esq.
       MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
       12010 Sunset Hills Road, Suite 900
       Reston, Virginia 20190

       Haas A. Hatic, Esq.
       Florida Bar No. 843989
       GREENSPOON, MARDER, HIRSCHFELD
       RAFKIN, ROSS & BERGER, P.A.
       Trade Centre Smith, Suite 700
       100 West Cypress Creek Road
       Fort Lauderdale, FL 33309

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true copy of The Motion To Supplement Opposition And File Surreply To Motion To Strike And Proposed Order were served by mail this 16th day of August, 2004, upon the following:

Paul Orfanedes, Esq.
Judicial Watch
501 School Street, SW
Suite 500
Washington, D.C. 20024

Stephen E. Handler
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C. 20044
Attorney for the United States

David Barmak, Esq.
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, PC
12010 Sunset Hills Road, Suite 900
Reston, Virginia 20190

Haas A. Hatic, Esq.
Florida Bar No. 843989
GREENSPOON, MARDER, HIRSCHFELD
RAFKIN, ROSS & BERGER, P.A.
Trade Centre Smith, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, FL 33309

Larry Klayman

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 03-20588-CIV-MOORE/O'SULLIVAN

**DONATO DALRYMPLE, et al.**

    **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

FILED by ____ nicni__ D.C.
MAG. SEC

AUG 3 0 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

### <u>NOTICE OF HEARING</u>

**THIS MATTER** is before the Court on all matters relating to the appearance of counsel in this matter.

PLEASE TAKE NOTICE that these matters have been set for hearing on September 13, 2004 at 2:00 p.m. before United States Magistrate Judge John J. O'Sullivan at the United States District Court, 300 N.E. First Avenue, Miami, Florida, South Court Room, Second Floor. The parties may appear by telephone. The parties may contact Chambers to arrange for a telephonic appearance. Request for continuance of this cause shall not be considered unless addressed to the Court in form of a written motion.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 30 day of August, 2004.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moore
All Counsel of Record

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

FILED UNDER SEAL

DONATO DALRYMPLE,                    ) Case No.: 04-21303-CIV-
                                     ) MOORE/O'SULLIVAN
          Plaintiff,                 )
                                     )
     vs.                             )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
          Defendant                  )
_____    )

## MOTION FOR CONTINUANCE

Plaintiff, Sandra Cobas, through her counsel, moves this honorable court for

a continuance of the hearing set for 2:00 p.m. as September 13, 2004, before

Magistrate Judge John J. O'Sullivan concerning the appearance of counsel and

as grounds therefore would show:

1.    Plaintiff's counsel Larry Klayman was a candidate for the U.S. Senate

and left Florida on travel immediately after the primary election on August

31, 2004.    Accordingly, because he was not in town and due to the

interruption caused by Hurricane Frances, he did not receive the court's

notice of August 30, which set the hearing of September 13, until yesterday

evening, September 7, when Ms. Cobas was able after the hurricane to fetch

his mail.  Mr. Klayman did not win the primary election and has now reentered

private practice full time.

- 1

2.    The order provides that motions for continuance must be made in writing.

3.    Plaintiff and her counsel moves for a continuance since counsel, Larry Klayman, must be in Cleveland, Ohio, on September 13, 2004, to tend to matters relating to his young children beginning school. Specifically, he had planned to accompany his young son, nearly age 5, to his first day of preschool and also attend school with his young daughter, nearly age 7, and meet with teachers and directors of the school programs during the day. Mr. Klayman is scheduled to return to South Florida that day and will be boarding a plane to Ft. Lauderdale at the time of the hearing. A prepaid ticket to return had already been purchased. In addition, because of the importance of the hearing, which bears upon a client's right to choose her own counsel, he and Ms. Cobas want to be present at the hearing, and Mr. Klayman is currently out of town. Should the court wish to have the airline e-mail ticket submitted, Mr. Klayman would be pleased to do so.

4.    As Mr. Klayman is divorced and his children live with their mother in Cleveland, it is important that he be with his children during their first days of school. The time he is able to spend with his children is very important for the children and for him.

- 2

WHEREFORE, Plaintiff moves for a continuance of the hearing for any date after September 13 and thanks the court for its understanding and consideration to allow counsel to attend to matters relating to counsel's young children.

Respectively Submitted,


Larry Klayman, Esq.
Florida Bar #0246220
540 Brickell Key Drive
Unit 732
Miami, Florida 33131
786-683-0269

- 3

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

FILED UNDER SEAL

DONATO DALRYMPLE,                         )  Case No.: 04-21303-CIV-
                                          )  MOORE/O'SULLIVAN
            Plaintiff,                    )
                                          )
      vs.                                 )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Defendant                     )
_____     )

## ORDER

THIS CAUSE having come on to be heard upon Plaintiff's Motion for
Continuance, IT IS ORDERED:

Plaintiff's motion to continue the date of the September 13, 2004,
hearing is granted. The hearing is hereby renoticed to
_____a.m./p.m. on _____, 2004.

Date:


                        _____
                        Magistrate Judge John J. O'Sullivan


-1-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON September 08, 2004, I caused to be served

upon the following counsel a true and correct copy of the Plaintiff, Sandra Cobas' Motion

For Continuance And Order, via First Class Mail to:

Paul Ordanedes  also via facsimile
Judicial Watch, Inc.
501 School Street
Suite 500
Washington, DC 20024

Stephen E. Handler also via facsimile
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C. 20044
Attorney for the United States

David Barmak, Esq. also via facsimile
Michael C. Whitticar, Esq
MINTZ, LEVIN, COHN, FERRIS,
GLOVISKY AND POPEO, PC
12010 Sunset Hills Road, Suite 900
Reston, Virginia 20190

Haas A. Hatic, Esq. also via facsimile
GREENSPOON, MARDER,
HIRSCHFELD, RAFKIN, ROSS &
BERGER, P.A.
Trade Center South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309


Sandra Cobas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-20588-CIV-MOORE/O'SULLIVAN

DONATO DALRYMPLE, et al.

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

FILED by _____ D.C.
MAG. SEC.

SEP 1 6 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

### RE-NOTICE OF HEARING

**THIS MATTER** is before the Court on all matters relating to the appearance of counsel in this matter.

PLEASE TAKE NOTICE that these matters have been **reset** for hearing on **September 23, 2004 at 1:30 p.m.** before United States Magistrate Judge John J. O'Sullivan at the United States District Court, 300 N.E. First Avenue, Miami, Florida, South Court Room, Second Floor. The parties may appear by telephone. The parties may contact Chambers to arrange for a telephonic appearance. Request for continuance of this cause shall not be considered unless addressed to the Court in form of a written motion.

DONE AND ORDERED, in Chambers, at Miami, Florida, this _16_ day of September, 2004.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moore
All Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MAGISTRATE JUDGE *O'Sullivan* CIVIL CALENDAR

COURTROOM _Smith_

CASE NO: 03-20588-Moore DATE 9/23/04 TIME 1:30 END 1:45-

STYLE _Dalrymple v. USA,-_

ATTORNEY(S)/PLTF _David Barmak._
_Larry Klayman_
_Paul Orfanedes_

ATTORNEY(S)/DEFT _Stephen Hankeu_

PROCEEDING (1) Motion to appear pro hac vice
granted - Pltf's to file w/in 1
week to provide Ct with name
local counsel -
(2) Pltf's motion to strike appearance
Larry Klayman under seal -
Denied

TAPE NO: CVA-10-1

ECR CLERK: _____  CT. REPORTER: _____

MAGISTRATE CLERK PILAR MAYA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 03-20588-CIV-MOORE/O'SULLIVAN

**DONATO DALRYMPLE, et al.**

    **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

FILED by ____ D.C.
MAG. SEC. ()

SEP 2 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

### ORDER

This matter is before the Court on David Barmak's Motion to Appear Pro Hac Vice (DE# 79, 7/14/04), the Motion to Strike Larry E. Klayman's May 20, 2004, Notice of Appearance on Behalf of Plaintiff, Sandra Cobas (filed 6/25/04), the Motion for Continuance (DE# 73, 9/8/04), the Motion to Permit Filing Under Seal (filed 6/25/04), the Motion for Extension of Time to Respond to Motion to Strike Appearance and Motion to Permit Filing Under Seal (DE # 62, 7/14/04), Judicial Watch's Unopposed Motion for Enlargement of Time Within Which to Serve Reply Memorandum (DE # 64, 8/5/04), the Motion to Supplement Opposition and File Sur-reply to Motion to Strike (DE # 66, 8/16/04), and the Application for Leave to Appear Pro Hac Vice and Motion to Waive Requirement of Local Counsel (DE # 61, 7/13/04). Having reviewed the applicable filings and law, it is

    ORDERED AND ADJUDGED that David Barmak's Motion to Appear Pro Hac Vice (DE# 79, 7/14/04) is **GRANTED** It is further,

    ORDERED AND ADJUDGED that the Motion to Strike Larry E. Klayman's May 20,



2004, Notice of Appearance on Behalf of Plaintiff, Sandra Cobas (filed 6/25/04) is

DENIED. It is further,

ORDERED AND ADJUDGED that the Motion for Continuance (DE# 73, 9/8/04) is

GRANTED. It is further,

ORDERED AND ADJUDGED that the Motion to Permit Filing Under Seal (filed

6/25/04) is DENIED. It is further,

ORDERED AND ADJUDGED that the Motion for Extension of Time to Respond to

Motion to Strike Appearance and Motion to Permit Filing Under Seal (DE # 62, 7/14/04)

is DENIED as moot. It is further,

ORDERED AND ADJUDGED that Judicial Watch's Unopposed Motion for

Enlargement of Time Within Which to Serve Reply Memorandum (DE # 64, 8/5/04) is

DENIED as moot. It is further,

ORDERED AND ADJUDGED that the Motion to Supplement Opposition and File

Sur-reply to Motion to Strike (DE # 66, 8/16/04) is DENIED as moot. It is further,

ORDERED AND ADJUDGED that the on or before September 30, 2004, Paul J.

Orfanedes and Dale Wilcox shall provide notice to the Court of the name of their local

counsel.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 24 day of

September, 2004.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

2

Copies furnished to:

United States District Judge Moore
All Counsel of Record

3