IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL*. | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL*. | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION OF THE
JANUARY 17, 2007 ORDER DENYING THE MOTION TO DISMISS
<u>COUNT FIVE OF THE SECOND AMENDED COMPLAINT</u>**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby submit the following Memorandum of Law in support of their Motion for Reconsideration of the Court's January 17, 2007, Order declining to dismiss Count Five of the Second Amended Complaint.

**<u>INTRODUCTION</u>**

In the January 17, 2007, Memorandum Opinion and Order, the Court denied Defendants' Motion to Dismiss Count Five,[1] rejecting Defendants' assertion that the claim is barred by the District of Columbia statute of limitations for actions involving libel and slander. January 17, 2007, Memorandum Opinion at pp. 24-27; *see also* Memorandum in Support of Defendants' Motion to Dismiss, pp. 14-16; and D.C. Code § 12-301(4) (one-year statute of limitations). The Court concluded that a false conflict existed between the District of Columbia's one-year statute

---

1  Count Five seeks damages for unauthorized use of name and image under Florida Statutes § 540.08.

of limitations and the four-year statute of limitations that Florida applies to claims for relief under Florida Statutes § 540.08. In particular, the Court's analysis relies on language in Florida Statutes § 540.08, which reads, in relevant part: "[t]he remedies provided for in this section shall be in addition to and not in limitation of the remedies and rights of any person under the common law against the invasion of her or his privacy." Fla. Stat. § 540.08(6). Reasoning that the Florida statute was intended to create a cause of action beyond Plaintiff's rights under the common law, the Court did not apply the District of Columbia's one-year statute of limitations for invasion of privacy claims.

Defendants submit that the Court's ruling is contrary to well-established law in the District of Columbia.

## ARGUMENT

I. **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 59(e), this Court has discretion to reconsider its January 17, 2007 Order to correct a clear error of law. "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

II. **IT IS A CLEAR ERROR OF LAW TO SUPPLEMENT THE D.C. STATUTE OF LIMITATIONS WITH FLORIDA STATUTES § 540.08**

It is a clear error of law to disregard the District of Columbia's one-year statute of limitations. Under choice of law analysis, the District of Columbia treats statutes of limitations as a procedural matter that is governed by the law of the forum and apply the District of

Columbia statute of limitations. Furthermore, the District of Columbia does not recognize any exception to justify application of Florida's statute of limitations.

### A.   The D.C. Statute of Limitations

In the District of Columbia, a three-year statute of limitations applies to any cause of action for which an express limitations is not enacted. DC Code 12-301(8). However, "[i]f a stated cause of action is so 'intertwined' with one for which a limitations period is prescribed, District courts apply the specifically stated period, not the three-year catch-all." *Mittlemann v. United States*, 104 F.3d 410, 415 (D.C. Cir. 1997). It is well-settled in the District of Columbia that the conduct alleged in Count Five – appropriation of one's name or likeness – is deemed to be a claim for invasion of privacy. *Grunseth v. Marriott*, 872 F. Supp. 1069, 1074 (D.D.C. 1995) (stating that a cause of action for invasion of privacy may be maintained on any one of four theories, including "appropriation of the name or likeness for another's benefit."). Therefore, the one-year statute of limitations under D.C. Code § 12-301(4), which governs libel, slander, and similar intentional torts, applies to invasion of privacy claims because such claims are types of defamation. *Id*.

### B.   The D.C. Choice of Laws Rule

When deciding state law claims, under diversity or supplemental jurisdiction, the District of Columbia's choice of law rules require this Court to apply the District of Columbia's statutes of limitations. The Circuit Court of Appeals for the District of Columbia noted that "Erie clearly mandates that in diversity cases the substantive law of the forum controls with respect to those issues which are outcome-determinative, and it is beyond cavil that statute of limitations are of that character." *Steorts v. Am. Airlines*, 647 F.2d 194, 196-197 (D.C. Cir. 1981) (quoting *Gassman v. Eli Lilly & Co.*, 407 F. Supp.2d 203, 208 (D.D.C. 2005).

Recently, this Court affirmed that the District of Columbia will apply its own statute of limitations and cautioned that other courts should not disturb this rule:

> While defendant asks this court to pioneer a path towards a more narrow choice of law analysis to the forum statute of limitations approach, that is not the role for this federal court.  This court must faithfully apply the same law the District of Columbia would apply if this case was presently before them.  This court takes the law of the appropriate jurisdiction as [found] and we leave it undisturbed. The decision to approach a forum choice of law statute of limitations analysis as a substantive matter -- applying a different forum's statute of limitation time limit -- is best left to the District of Columbia Court of Appeals.

*Reeves v. Eli Lilly & Co.*, 368 F. Supp.2d 11, 25-27 (D.D.C. 2005) (Lamberth, J.) (internal citations and quotations omitted); *see also A. I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 63 F.3d 1454, 1458 (D.C. Cir. 1995) ("Looking to D.C. choice-of-law rules we see that they treat statutes of limitations as procedural, and therefore almost always require the application of the District's own statute of limitations"); *Nat'l Railroad Passenger Corp v. Lexington Ins. Co.*, 357 F. Supp. 2d 287, 292 (D.D.C. 2005) ( "Where a cause of action in federal court is based on state law, as where a court sits in diversity, the court must apply the law of the forum state"); *Unum v. First Unum Life Insurance Co.*, 2005 U.S. Dist. LEXIS 6630, 7-8 (D.D.C. 2005) (stating that the District of Columbia's statutes of limitations apply where jurisdiction is based on diversity of citizenship); *Unum v. First Unum Life Insurance Co.*, 2005 U.S. Dist. LEXIS 6632, 11 (D.D.C. 2005) (same); *Bradley v. Nat'l Assoc. of Securities Dealers Dispute Resolution, Inc.*, 245 F. Supp.2d 17, 20 (D.D.C. 2003) (stating that federal district court sitting in diversity must apply the District of Columbia's statute of limitations period); *Nix v. Hoke*, 139 F. Supp.2d 125, 132 n.4 (D.D.C. 2001) (District of Columbia statutes of limitations govern "[b]ecause the District of Columbia treats the statute of limitations as a procedural issue rather than a substantive one, the

law of the forum state applies, as it does with respect to all procedural matters"); *Bledsoe v. Crowley*, 1990 U.S. Dist. LEXIS 17178, 4 (D.D.C. 1990) ("Since the forum state would apply District of Columbia statute of limitations, we are bound to do the same").

At this time, the District of Columbia Court of Appeals has not altered its position regarding application of its own statute of limitations. *Namerdy v, Generalcar*, 217 A.2d 109, 113 (D.C. 1996) (stating that "it is apparent from the decided cases, that a limitation on the time of suit is procedural and governed by the law of the forum."); *May Dep't Stores Co. v. Devercelli*, 314 A.2d 767, 773 (D.C. 1973) ("This issue being procedural is governed by the statute of limitations of the forum").

### C. The Court Did Not Follow Well-Established Law in the District of Columbia

Absent direction from the District of Columbia Court of Appeals, this Court is not authorized to expand the length of the statute of limitations that the District of Columbia would apply. "A federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits." *Day & Zimmermann, Inc. v. Challoner et al.*, 423 U.S. 3, 4 (1975).

To date, the District of Columbia has recognized only one exception to the general rule that limitations are procedural and governed by the law of the forum. Where limitations are part of the cause of action itself, the District will defer based on the rational that the limitation is part of the substantive law. *Huang v. D'Albora*, 644 A.2d 1, 10 (D.C. 1994) (rejecting Appellants' argument that the tolling feature under the Maryland Health Care Malpractice Act was a part of the substantive action for wrongful death).

By supplanting the District's statute of limitations with Florida Statute § 95.11(3)(f), the Court did not follow well-established law and pioneered a path toward enlarging the District's limitations period. The four year statute of limitations for a claim under Florida Statutes § 540.08 is not part of the Florida substantive law. Indeed, the statute of limitations does not even appear in § 540.08. Instead, that limitations period is found in the general limitation statute set forth in Florida Statutes § 95.11(3)(f). Therefore, the only recognized exception for not applying the law of the forum does not apply in these circumstances.

Under circumstances analogous to those addressed by this Court, the Southern District of New York rejected Florida's four year limitations period in favor of the New York statute of limitations. In *Cummings v. Sony Music*, 2003 U.S. Dist. LEXIS 15007 (S.D. N.Y. 2003),[2] the court reviewed whether the statute of limitations that Florida applies to claims brought under Florida Statutes § 540.08 was applicable. New York state courts, like the District of Columbia, treat statutes of limitations as part of the forum's procedure, and thus apply New York statutes of limitations regardless of whether the underlying claim is ultimately governed by the substantive law of another jurisdiction. *Cummings*, slip op. at 8. Therefore, New York's one year statute of limitations applied. *Id*. *Cummings* is also significant because the court evaluated application of New York's "borrowing" statute. Under New York's borrowing statute, actions that accrue outside the state are subject to the foreign limitations period only if the borrowed limitations period is less than New York's. *Id*. (citing New York Civil Practice Law and Rules § 202). Therefore, the Florida claim under § 540.08 was not saved because Florida's period of limitations exceeded those of New York. *Cummings*, slip op. at 8-9.

---

2    A copy of the Cummings opinion is attached as Exhibit A.

The District of Columbia has no borrowing statute and simply follows the rule that a statute of limitations is procedural. "[T]he long-standing and still-viable rule in the District of Columbia is that the statute of limitations of the forum must be *automatically* applied, and an "interest analysis" is therefore inappropriate." *Manatee Cablevision Corp. v. Pierson*, 433 F. Supp. 571, 573 (D.D.C. 1977) (emphasis added). Unlike New York, this Court does not have the authority to consider application of the statute of limitations applicable to claims brought under Florida Statutes § 540.08.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that the Court Reconsider its January 17, 2007, Order and GRANT this Motion by dismissing Count Five of the Second Amended Complaint.

Respectfully submitted,

//s// *Richard W. Driscoll*

Richard W. Driscoll (436471)
Terence J. Everitt
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: January 30, 2007