2003 U.S. Dist. LEXIS 15007, *

JEREMIAH CUMMINGS a.k.a. JERRY CUMMINGS, Plaintiff, -against- SONY MUSIC, Defendant.

01 Civ. 4375 (RCC)(KNF)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 15007

August 27, 2003, Decided

SUBSEQUENT HISTORY: Accepted by, Adopted by, Stay denied by, Motion granted by, in part, Motion denied by, in part Cummings v. Sony Music, 2003 U.S. Dist. LEXIS 17394 (S.D.N.Y., Sept. 30, 2003)

DISPOSITION: [*1] Recommended that defendant's motion for judgment on pleadings, made pursuant to Fed. R. Civ. P. 12(c), be denied with respect to plaintiff's claims concerning CDs The Ultimate Blue Notes, My Blue Heaven and For Real, and granted with respect to other CDs at issue in this action.

CASE SUMMARY:
PROCEDURAL POSTURE: Plaintiff music artist, proceeding pro se, filed an action against defendant music company, alleging the unauthorized use of the artist's image, name and vocals without compensation on certain compact disc recordings sold by the company. The company moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The artist opposed the motion. The matter was referred to the magistrate for report and recommendation.

OVERVIEW: In his complaint the artist alleged that the company released several compact discs using his name, photograph, and vocals without compensating him. The company filed a motion for judgment on the pleadings, claiming that it had not used such materials for commercial purposes and that the claims were time-barred. Pursuant to N.Y. C.P.L.R. 202 the magistrate applied the New York statute of limitations because such period was shorter than that provided under relevant Florida law, which applied to the substantive claims, and recommended that the claims were time-barred as to discs released more than one year before the complaint was filed. Applying Fla. Stat. ch. 540.08, the magistrate recommended that the prominent use of the artist's photograph on the remaining disc's covers was commercial use warranting denial of the motion as to those claims. However, the magistrate recommended the grant of the motion as to all claims for unauthorized use of the artist's voice on the ground that § 540.08 did not

provide for such a claim.

OUTCOME: The magistrate recommended that the motion be granted as to claims regarding compact discs released more than one year before the complaint was filed and as to all claims regarding the artist's voice on the other compact discs at issue. The magistrate recommended denying the motion as to the remainder of the artist's claims.

CORE TERMS: likeness, publicity, photograph, advertising, permission, limitations period, unauthorized use, recording, picture, vocals, statute of limitations, substantive law, pro se, discovery, time barred, package, motion to dismiss, purposes of trade, facts underlying, cause of action, one year, deposition, expressive, offending, creative, portrait, accrue, user, featuring, Federal Rules of Civil Procedure

LexisNexis(R) Headnotes

Civil Procedure > Pretrial Judgments > Judgment on the Pleadings
HN1
See Fed. R. Civ. P. 12(c).

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Pretrial Judgments > Judgment on the Pleadings
HN2
The standard for granting a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is identical to that of a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim. In both instances, a court is required to accept as true all factual allegations in the complaint and to view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. Dismissal of a complaint is not warranted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Additionally, on a motion to dismiss, a court may consider all papers and exhibits appended to the complaint as well as any matters of which judicial notice may be taken.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss
Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation
Civil Procedure > Parties > Self-Representation > Pleading Standards
HN3
When a plaintiff is proceeding pro se, the courts are to construe the complaint liberally. Thus although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a motion to dismiss.

Civil Procedure > Federal & State Interrelationships > Choice of Law > General Overview
Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Intentional Torts > Invasion of Privacy > Appropriation > Defenses
HN4
New York courts treat statutes of limitations as part of the forum's procedure, and therefore apply New York statutes of limitations even if the underlying claim ultimately will be governed by the substantive law of another jurisdiction.


Civil Procedure > Federal & State Interrelationships > Choice of Law > General Overview
Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Intentional Torts > Invasion of Privacy > Appropriation > Defenses
HN5
Under New York law, actions that accrue outside the state are subject, pursuant to New York's "borrowing" statute, to the foreign jurisdiction's limitations period, but only if the borrowed limitations period is shorter than New York's.


Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN6
Claims brought pursuant to N.Y. Civ. Rights Law § 51 have a one-year statute of limitations and accrue at the time the allegedly offending publication was placed on sale to the public, and no later.


Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Intentional Torts > Invasion of Privacy > Appropriation > Defenses
HN7
The single publication rule, which holds that distribution of an offending publication gives rise to only one cause of action, applies both to claims brought pursuant to N.Y. Civ. Rights Law § 51 and to right of publicity claims under foreign law.


Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN8
A damages claim brought pursuant to Florida's statute governing unauthorized publication of a name and likeness must be filed within, in this case, one year of the accrual of the cause of action, rather than within one year of the discovery of the fact of publication.

Governments > Legislation > Statutory Remedies & Rights
Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN9
Florida recognizes both a statutory right of publicity and a common law claim of invasion of privacy based on commercial misappropriation of a person's likeness.


Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN10
See Fla. Stat. ch. 540.08.


Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN11
Under Florida law, a person's name or likeness is used for commercial, trade or advertising purposes when it is used to directly promote a product or service. A name, likeness or other indication of a person's identity is used for the purposes of trade if it is used in advertising the user's goods or services, or is placed on merchandise marketed by the user, or is used in connection with services rendered by the user. Use of a name is not harmful simply because it is included in a publication sold for profit.


Evidence > Scientific Evidence > Voice Identification
Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN12
Fla. Stat. ch. 540.08 does not specifically recognize a right of publicity in one's voice.


Civil Procedure > Pretrial Judgments > Judgment on the Pleadings
Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN13
Under Florida law, the elements of a common law claim of invasion of privacy based upon a commercial misappropriation of a person's likeness coincide with the elements of Fla. Stat. ch. 540.08.


Civil Procedure > Pretrial Judgments > Judgment on the Pleadings
Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Scope of Freedom
Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
HN14
The First Amendment provides no right to use an individual's identity without his or her consent as a vehicle for the promotion of a commercial product.


Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements

HN15
Fed. R. Civ. P. 8 does not require that a plaintiff, when crafting a complaint, set forth in detail the facts upon which a plaintiff bases his or her claim. All that is required is that the complaint contain a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). Nothing more is needed because the complaint is merely a vehicle through which the plaintiff is to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action.

COUNSEL: Jeremiah Cummings, PLAINTIFF, Pro se, Orlando, FL USA.

For Sony Music, DEFENDANT: Steven M Hayes, Parcher, Hayes & Snyder, PC, New York, NY USA.

JUDGES: KEVIN NATHANIEL FOX, UNITED STATES MAGISTRATE JUDGE. HONORABLE RICHARD C. CASEY, UNITED STATES DISTRICT JUDGE.

OPINION BY: KEVIN NATHANIEL FOX

OPINION: REPORT AND RECOMMENDATION

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD C. CASEY, UNITED STATES DISTRICT JUDGE

I. INTRODUCTION

Plaintiff Jeremiah Cummings ("Cummings"), proceeding pro se, brings this action against Sony Music Entertainment Inc. ("Sony"), alleging the unauthorized use of his "image, name and vocals," without compensation, on certain compact disc ("CD") recordings of songs performed by the musical group, Harold Melvin & The Blue Notes. n1 The defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal [*2] Rules of Civil Procedure. Plaintiff opposes the motion; it is addressed below.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 In papers submitted in support of its motion for judgment on the pleadings, the defendant notes that it is identified in the complaint incorrectly as "Sony Music" and/or "Sony Music Company."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

II. BACKGROUND

Cummings, a resident of the state of Florida, contends that Sony used his "image, name and vocals," without his permission," on such CD recordings as 'The Collector's Item' by Harold Melvin and the Bluenotes and other materials." According to plaintiff, the recordings were first made and distributed in the 1970s, and later acquired and released by Sony in CD format. Plaintiff states that he was not aware that CDs featuring Harold Melvin & The Blue Notes had been released until August 2000, when he visited music stores in Florida and Texas and "realized that his photo, name and vocals were and are being sold and distributed by [Sony]." On August 7, 2000, plaintiff received an E-mail communication from the director [*3] of the Gold and Platinum Awards Program of the Recording Industry of America Association informing him that Sony had "upgraded [the CD] 'Wake Up Everybody' to platinum status while [the CD] 'Collector's Item' was simultaneously certified both gold and platinum on August 3, 2000." Cummings asserts that, "if he is eligible to receive such awards and plaques then he should also be eligible to receive royalty payments for these ... recordings sold by [Sony]."

Plaintiff's submissions establish that CDs featuring Harold Melvin & The Blue Notes were released by Sony on the following dates: February 24, 1987 (Collector's Item), November 11, 1988 (Wake Up Everybody), February 28, 1995 (If You Don't Know Me By Now: The Best of Harold Melvin & The Blue Notes), February 17, 1998 (Blue Notes & Ballads), February 15, 2000 (Super Hits), August 21, 2001 (The Ultimate Blue Notes), 2001 (My Blue Heaven) and 2002 (For Real). All of the CDs, with the exception of Wake Up Everybody, feature plaintiff's photograph, together with those of other group members, on the outside cover. In addition, plaintiff's name and photograph appear on various supplemental materials, [*4] such as "liner notes," included in some of the CD packages.

In its memorandum of law in support of the instant motion for judgment on the pleadings, Sony states: "it appears that plaintiff asserts a purported claim under Section 51 of New York's Civil Rights Law for unauthorized use of his 'name, portrait, picture or voice' on certain old compact disc recordings ...." Sony maintains that the complaint, so construed, should be dismissed because, among other things, Sony did not use plaintiff's name, picture or voice for any of the purposes specified in § 51 of New York's Civil Rights Law, that is, "advertising purposes or ... the purposes of trade." In addition, Sony contends, the complaint is time-barred under the applicable statute of limitations and moreover, fails to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.

In its reply memorandum of law, however, Sony analyzes Cummings' complaint differently. Sony states: "while preparing this reply, we determined that New York courts likely would apply the substantive law of Florida (plaintiff's apparent domicile) to plaintiff's publicity claims." Even if Florida law applies, however, [*5] according to Sony, plaintiff's claims fail because the relevant Florida statute, like § 51 of New York's Civil Rights Law, applies only when an individual's name, photograph or other likeness is used for trade, commercial or advertising purposes. In this case, Sony contends,

Cummings' name and picture were not used for any such purpose; therefore, plaintiff's right of publicity claim is not actionable. Moreover, Sony maintains, Florida law does not allow claims for appropriation of a person's name, picture or likeness in connection with creative or expressive publications because such publications are protected under the First Amendment. Furthermore, according to Sony, Florida law does not recognize a right of publicity in one's voice; therefore, plaintiff's claim that Sony used his voice or "vocals" without his permission is not actionable. Sony also contends that, even if the complaint is properly construed as asserting a claim under the law of Florida, New York's one-year statute of limitations for right of publicity claims still applies in this case and, under that statute, the complaint is time-barred.

III. DISCUSSION

Judgment on the Pleadings

Rule 12(c) of the [*6] Federal Rules of Civil Procedure provides, in pertinent part, that HN1 "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." HN2 The standard for granting a motion for judgment on the pleadings under Rule 12(c) is identical to that of a Rule 12(b)(6) motion for failure to state a claim. See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In both instances, a court is required to accept as true all factual allegations in the complaint and to view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. See id.; Dist. Council No. 9 v. APC Painting, Inc., 272 F. Supp. 2d 229, 2003 U.S. Dist. LEXIS 10920, No. 01 Civ. 9093, 2003 WL 21497528, at *5 (S.D.N.Y. June 30, 2003). Dismissal of a complaint is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Ad-Hoc Comm. of the Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 [*7] [1957]). Additionally, on a motion to dismiss, a court may consider all papers and exhibits appended to the complaint as well as any matters of which judicial notice may be taken. See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

HN3 When a plaintiff is proceeding pro se, the courts are to construe the complaint liberally. See, e.g., Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Thus although the same standards for dismissal apply, a "court should give the pro se litigant special latitude in responding to a motion to dismiss." Narvarte v. Chase Manhattan Bank, 969 F. Supp. 10, 11 (S.D.N.Y. 1997).

Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rule of the forum state. See Rogers v. Grimaldi, 875 F.2d 994, 1001 (2d Cir. 1989). "The New York Court of Appeals has clearly stated that 'right of publicity' claims are governed by the

substantive law of the plaintiff's domicile because rights of publicity constitute personalty." Id. In this case, [*8] the plaintiff is a domiciliary of Florida. Therefore, Florida law governs this claim. See id.

Statute of Limitations

HN4 "New York courts treat statutes of limitations as part of the forum's procedure, and therefore apply New York statutes of limitations even if the underlying claim ultimately will be governed by the substantive law of another jurisdiction." Architectronics, Inc. v. Control Systems, Inc., 935 F. Supp. 425, 431 (S.D.N.Y. 1996)(citing Sun Oil Co. v. Wortman, 486 U.S. 717, 722-29, 108 S. Ct. 2117, 2121-26, 100 L. Ed. 2d 743 [1988]). Thus, in the case at bar, although the substantive law of Florida applies to plaintiff's right of publicity claim, the court must look to New York law to determine the applicable limitations period. HN5 Under New York law, actions that accrue outside the state are subject, pursuant to New York's "borrowing" statute, to the foreign jurisdiction's limitations period, but only if the borrowed limitations period is shorter than New York's. See DeWeerth v. Baldinger, 836 F.2d 103, 106 (2d Cir. 1987) (citing New York Civil Practice Law and Rules ["C.P.L.R."] § 202).

HN6 Claims brought pursuant [*9] to § 51 of New York's Civil Rights Law have a one-year statute of limitations and accrue "at the time the allegedly offending publication was placed on sale to the public, and no later." Rostropovich v. Koch Int'l Corp., 1995 U.S. Dist. LEXIS 2785, No. 94 Civ. 2674, 1995 WL 104123, at *7 (S.D.N.Y. March 7, 1995)(quoting Pascuzzi v. Montcalm Publishing Corp., 65 A.D.2d 786, 410 N.Y.S.2d 325, 326 [App. Div. 2d Dep't 1978])(internal quotation marks omitted); see also C.P.L.R. § 215(3). Claims brought pursuant to the comparable Florida statute, discussed infra, carry a four-year statute of limitations. See Epic Metals Corp. v. Condec, Inc., 867 F. Supp. 1009, 1015 (M.D. Fla. 1994); Putnam Berkley Group, Inc. v. Dinin, 734 So. 2d 532, 533 (Fla. Dist. Ct. App. 1999). Therefore, since Florida's limitations period for right of publicity claims is the longer of the two, New York's limitations period for such claims -- that is, one year -- applies in this case.

Furthermore, HN7 the single publication rule, which holds that distribution of an offending publication gives rise to only one cause of action, applies both to claims brought pursuant [*10] to § 51 of New York's Civil Rights Law and to right of publicity claims under Florida law. See Rostropovich, 1995 U.S. Dist. LEXIS 2785, 19951995 WL 104123, at *7; Putnam Berkley Group, Inc., 734 So. 2d at 533. Under this rule, the limitations period runs from the first distribution of the offending item.

Plaintiff filed the instant action on May 10, 2001. The defendant argues that plaintiff's right of publicity claims should be dismissed as to any CD first released prior to May 10, 2000, one year before he filed his complaint. Plaintiff argues that his claims did not accrue until August 2000, the date on which he first discovered the purportedly unauthorized use of his name, voice and likeness on the CDs in question. Therefore, plaintiff contends that his claims are not time barred.

HN8 A damages claim brought pursuant to Florida's statute governing unauthorized publication of a name and likeness must be filed within, in this case, one year of the accrual of the cause of action, rather than within one year of the discovery of the fact of publication. See Putnam Berkley Group, Inc., 734 So. 2d at 536. Consequently, plaintiff's claims concerning those CDs first released [*11] prior to May 10, 2000 -- that is, the CDs entitled Collector's Item, Wake Up Everybody, If You Don't Know Me By Now: The Best of Harold Melvin & The Blue Notes, Blue Notes & Ballads and Super Hits -- are time barred and should be dismissed. However, since the CDs entitled The Ultimate Blue Notes, My Blue Heaven and For Real were released after May 10, 2000, plaintiff's claims asserted with respect to those CDs are not time barred and should not be dismissed on that ground.

Florida Statutes § 540.08

HN9 Florida recognizes both a statutory right of publicity and a common law claim of invasion of privacy based on commercial misappropriation of a person's likeness. See, e.g., Lane v. MRA Holdings, LLC, 242 F. Supp. 2d 1205, 1220-21 (M.D. Fla. 2002). Florida's right of publicity statute, in its most pertinent part, provides:

HN10 (1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by ... such person ...

(2) In the event the consent required [*12] in subsection (1) is not obtained, the person whose name, portrait, photograph, or other likeness is so used ... may bring an action to enjoin such unauthorized publication ... and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages.

Fla. Stat. § 540.08

HN11 A person's name or likeness is used for commercial, trade or advertising purposes when it is used "to directly promote a product or service." Valentine v. C.B.S., Inc., 698 F.2d 430, 433 (11th Cir. 1983); see also Lane, 242 F. Supp. 2d at 1212-13 ("Under Fla. Stat. § 540.08, the terms 'trade,' 'commercial,' or 'advertising purpose' mean using a person's name or likeness to directly promote a product or service."); Loft v. Fuller, 408 So. 2d 619, 622-23 (Fla. Dist. Ct. App. 1981) ("In our view, Section 540.08, by prohibiting the use of one's name or likeness for trade, commercial or advertising purposes, is designed to prevent the unauthorized use of a name to directly promote the product or service of the publisher."). A name, likeness or other indication of [*13] a person's identity is used for the purposes of trade "if [it is] used in advertising the user's goods or services, or [is] placed on merchandise marketed by the user, or [is] used in connection with services rendered by the user." Lane, 242 F. Supp. 2d at 1213 (quoting

Section 47 of the Restatement [Third] of Unfair Competition). "Use of a name is not harmful simply because it is included in a publication sold for profit." Valentine, 698 F.2d at 433. To interpret Fla. Stat. § 540.08 as involving an absolute bar to "the use of an individual's name or likeness without consent for any purpose would raise grave questions as to constitutionality." Id.

As stated earlier in this writing, plaintiff's claims are time barred with respect to all but three of the CDs at issue in this action. Those CDs are: The Ultimate Blue Notes, My Blue Heaven and For Real. Plaintiff's submissions establish that his photograph, as well as those of other members of Harold Melvin & The Blue Notes, appears on the covers of all three CDs. In addition, a photograph of Cummings is displayed beside a promotional writing about the group that is included in The Ultimate [*14] Blue Notes package. In Gritzke v. M.R.A. Holding, LLC, 2003 U.S. Dist. LEXIS 9307, No. 4:01cv495-RH, 2002 WL 32107540, at *1 (N.D. Fla. March 15, 2002), the court found that, since the plaintiff had "squarely alleged that defendant published her photograph in Florida for commercial and advertising purposes -- specifically on the package of defendant's videotape and in advertisements therefor," without her permission, plaintiff had stated a claim under Fla. Stat. § 540.08. In this case, although there is no evidence that defendant used plaintiff's photograph or other likeness in any advertisement for the music group's CDs, nevertheless, as in Gritzke, the defendant made plaintiff the focus of the promotion of the CDs by "prominently displaying" his likeness on the CD packages. Gritzke, 2002 WL 32107540, at *1. Thus, by placing plaintiff's likeness, without his permission, "on merchandise marketed by" Sony, the defendant has publicly used plaintiff's photograph for commercial purposes. n2 Therefore, it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claims concerning the CDs The Ultimate Blue Notes, My Blue Heaven and For [*15] Real which would entitle him to relief. Accordingly, the defendant's motion for judgment on the pleadings should be denied with respect to those claims.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 Sony has not, however, engaged in the unauthorized use for commercial purposes of plaintiff's name or voice, as plaintiff has alleged. Plaintiff's name appears only in connection with CDs released prior to May 10, 2000; as noted above, any claims concerning those CDs should be dismissed as untimely. As for the defendant's use of plaintiff's voice, Fla. Stat. § 540.08 HN12 does not specifically recognize a right of publicity in one's voice. Therefore, the defendant is correct that plaintiff's claim that Sony improperly used his voice or "vocals" without his permission fails to state a cause of action.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Common Law Invasion of Privacy

HN13 Under Florida law, the elements of a common law claim of invasion of privacy based upon a commercial misappropriation of a person's likeness coincide with the elements of Fla. Stat. § 540.08. See Lane, 242 F. Supp. 2d at 1220-21. [*16] Therefore, for the same reasons as those set forth above, this branch of defendant's motion for judgment on the pleadings should be denied with respect to claims concerning the CDs The Ultimate Blue Notes, My Blue Heaven and For Real.

First Amendment

The defendant also asserts that plaintiff's claims should be dismissed because Florida law does not allow claims for appropriation of a person's name, picture or likeness in connection with creative or expressive publications, on the ground that such publications are protected under the First Amendment. Assuming arguendo that defendant has a right under the First Amendment to publish an individual's name or likeness in connection with a creative or expressive work, nevertheless, HN14 the First Amendment provides no right to use an individual's identity without his or her consent as a vehicle for the promotion of a commercial product, as plaintiff alleges Sony has done. See Gritzke, 2003 U.S. Dist. LEXIS 9307, 2002 WL 32107540, at *4. Therefore, the Court is not persuaded by defendant's First Amendment argument in favor of its motion for judgment on the pleadings.

Fed. R. Civ. P. 8

Sony also maintains that the complaint should [*17] be dismissed because it fails to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. According to Sony, the complaint "fails to disclose the applicable law and does not provide notice of the nature of the claims plaintiff is purporting to assert."

Rule 8 of the Federal Rules of Civil Procedure HN15 does not require that a plaintiff, when crafting a complaint, set forth in detail the facts upon which a plaintiff bases his or her claim. All that is required is that the complaint contain a short and plain statement of the claim. See Fed. R. Civ. P. 8(a)(2). Nothing more is needed because the complaint is merely a vehicle through which the plaintiff is to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action. See McNamara v. Buhler, Inc., 1999 U.S. Dist. LEXIS 1437, No. 98 CV 0759, 1999 WL 66691, at *2 (W.D.N.Y. Jan. 19, 1999).

Other provisions of the Federal Rules of Civil Procedure are designed to enable a defendant to elicit the particular facts underlying a claim or to narrow the issues for trial. Among these provisions are the rules germane to depositions and discovery. See Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957); [*18] Fed. R. Civ. P. 26-37, passim. Indeed, the preferred course is for a defendant to use the deposition -- discovery procedures to determine the factual basis of the claims made in the pleadings. See John J. Kirlin, Inc. v. Conopco, Inc., 1995 U.S. Dist. LEXIS 368, No.

94 Civ. 2675, 1995 WL 15468, at *3 (S.D.N.Y. Jan. 17, 1995)(citing Boothe v. TRW Credit Data, 523 F. Supp. 631, 635 [S.D.N.Y. 1981]). For over fifty years, the deposition -- discovery provisions of the Federal Rules of Civil Procedure have been viewed as integrated procedural devices designed to enable parties to discover the true facts underlying a claim. See Hickman v. Taylor, 329 U.S. 495, 505, 67 S. Ct. 385, 391, 91 L. Ed. 451 (1947); Conley v. Gibson, supra, 355 U.S. at 47-48, 103.

In the case at bar, the complaint states plaintiff's claims with sufficient clarity to have provided defendant with an understanding of what the plaintiff is complaining about and the general nature of the action, namely, that Sony improperly used various indicia of plaintiff's identity without his permission and without compensation on certain CDs featuring Harold Melvin & The Blue Notes. Moreover, although the [*19] plaintiff, who is proceeding pro se, did not "disclose the applicable law," it is evident from the defendant's submissions in support of the instant motion that it was readily able to discern the pertinent statutes governing plaintiff's claims. Furthermore, should defendant seek to discover the true facts underlying those claims, it may avail itself of the procedural devices described above. Accordingly, the defendant's motion to dismiss the complaint for failure to comply with Fed. R. Civ. P. 8 should be denied.

IV. RECOMMENDATION

For the reasons set forth above, I recommend that the defendant's motion for judgment on the pleadings, made pursuant to Fed. R. Civ. P. 12(c), be denied with respect to plaintiff's claims concerning the CDs The Ultimate Blue Notes, My Blue Heaven and For Real, and granted with respect to the other CDs at issue in this action.

V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, [*20] and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard C. Casey, 500 Pearl Street, Room 1950, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Casey. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn 474 U.S. 140, 88 L. Ed. 2d 435, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: August 27, 2003

Respectfully submitted,

KEVIN NATHANIEL FOX

UNITED STATES MAGISTRATE JUDGE