UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, *et al.*,

   Plaintiffs,

     v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06–670 (CKK)

**ORDER**
(February 2, 2007)

Defendants filed their [33] Motion for Partial Summary Judgment in this matter on December 26, 2006. On January 30, 2007, Plaintiff Klayman filed his [37] Opposition to Defendants' Motion for Partial Summary Judgment, along with an accompanying Statement of Genuine Issues in Opposition to Defendants' Motion for Partial Summary Judgment.[1] Defendants have not yet filed their Reply; however, in reviewing Plaintiff Klayman's Opposition, the Court has determined that Plaintiff Klayman's Statement of Genuine Issues in Opposition to Defendants' Motion for Partial Summary Judgment fails to comply with Local Civil Rules 7(h) and 56.1, and thus with this Court's April 24, 2006 Order, which specifically advises the parties that "[t]he Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules." *Klayman, et al., v. Judicial Watch, et al.*, Civil Action No. 06-670 (citing *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002)). The Court has

---

[1] The Court is not, at this point in time, ruling on either Plaintiff Klayman's assertion that the Court should deny Defendants' Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) or the Affidavit of Daniel J. Dugan, submitted by Plaintiff Klayman in support of that assertion.

attempted to parse Plaintiff Klayman's Statement of Genuine Issues in Opposition to Defendants' Motion for Partial Summary Judgment in order to determine which factual issues remain in dispute in this matter, but is unable to do so.

The District Court for the District of Columbia has supplemented Federal Rule of Civil Procedure 56 with LCvR 56.1, which requires that each party submitting a motion for summary judgment attach a statement of material facts to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in fashioning the statement.[2] The party opposing such a motion must, in turn, submit a statement of genuine issues enumerating all material facts which the party contends are at issue and thus require litigation. *See* LCvR 56.1. Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted. LCvR 56.1. As the District of Columbia Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854

---

[2] The Rule provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, *the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion*.

LCvR 56.1 (formerly known as Local Rule 108(h) (emphasis added).

F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)). Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1. *See id*. at 150 (citations omitted). Plaintiff Klayman's Statement of Genuine Issues in Opposition to Defendants' Motion for Partial Summary Judgment fails to comply with his obligations under Local Civil Rule 56.1.

Accordingly, it is this 2nd day of February, 2007, hereby

**ORDERED** that [37] Plaintiff Klayman's Opposition to Defendants' Motion for Partial Summary Judgment, along with the accompanying Statement of Genuine Issues in Opposition to Defendants' Motion for Partial Summary Judgment, shall be stricken; it is also hereby

**ORDERED** that Plaintiff Klayman shall file a revised Opposition to Defendants' Motion for Partial Summary Judgment, including a properly prepared response to Defendants' Statement of Material Facts Not In Dispute, which responds to each paragraph of Defendants' Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. Plaintiff Klayman should include any information relevant to its response in that paragraph. If Plaintiff Klayman has additional facts that are not addressed in the corresponding paragraphs, Plaintiff Klayman should include these at the end of its responsive statement of facts. At all points, Plaintiff Klayman must furnish precise citations to the portions of the record on which he relies; it is also hereby

**ORDERED** that Plaintiff Klayman shall file his revised Opposition on or before February 16, 2007. Rather than simply treat the facts alleged by Defendants as conceded, the Court is allowing Plaintiff Klayman an opportunity to properly comply with his obligations pursuant to Local Civil Rules 7(h) and 56.1. However, as Plaintiff Klayman is at fault for failing

to comply initially, the Court will not grant Plaintiff any extensions. In addition, if Plaintiff Klayman's revised response to Defendants' Statement of Material Facts Not In Dispute fails to strictly comply with this Order, the Court shall take all facts alleged by Defendants as conceded; it is also hereby

ORDERED that Defendants shall file their Reply to Plaintiff's Opposition on or before March 1, 2007.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　United States District Judge