IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          |
LARRY KLAYMAN, *ET AL.*                   |
                                          |
        Plaintiffs,                       |
                                          |
v.                                        |        Civil Action No. 1:06-CV-00670
                                          |        Honorable Colleen Kollar-Kotelly
JUDICIAL WATCH, INC., *ET AL.*            |
                                          |
        Defendants.                       |
_____|

**DEFENDANTS PAUL J. ORFANEDES AND CHRISTOPHER J. FARRELL'S
ANSWER AND DEFENDANTS JUDICIAL WATCH, INC.
AND THOMAS J. FITTON'S UPDATED ANSWER TO THE
PLAINTIFFS' SECOND AMENDED COMPLAINT**

In response to the Court's January 17, 2007, Memorandum Opinion and Order, Defendants

Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel, hereby file their Answer, and

Defendants Judicial Watch, Inc. and Thomas J. Fitton, by undersigned counsel, hereby file their

Updated Answer[1] to the Second Amended Complaint as follows:

Introduction

1.      The first and last sentences of Paragraph 1 contain a summary of the Plaintiff's

putative motives and goals for this action and do not require a response. However, to the extent that

a response is required, Defendants are without knowledge or information sufficient to either admit or

deny the allegations contained in paragraph 1, and therefore, deny the same. Defendants deny the

remaining allegations of paragraph 1.

---

[1]      In their earlier Answer to the Second Amended Complaint, Defendants Judicial Watch and Fitton included
a Counterclaim against Plaintiff Larry Klayman. Defendants do not waive or abandon their Counterclaim in any
way and to the extent necessary, the Counterclaims are incorporated herein by reference.

2.      Defendants admit that Judicial Watch has among its goals the promotion of justice and public service ethics.  Defendants deny the remaining allegations of paragraph 2.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 2, and therefore, deny the same.

3.      Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 3, and therefore, deny the same.

4.      Defendants admit that Judicial Watch has grown since its inception and that it now maintains satellite offices.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations as phrased in paragraph 4, and therefore, deny the same.

5.      Defendants admit that in late 2003, Senator Bob Graham (D, Fla.) announced that he would not seek reelection for the Florida seat to the United States Senate.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 5, and therefore, deny the same.

6.      Defendants deny that Plaintiff Klayman's motive for separation from Judicial Watch was to seek a seat in the U.S. Senate and aver that the reasons for Plaintiff Klayman's separation included, but were not limited to, an inappropriate relationship with a former Judicial Watch employee, an admitted inappropriate relationship with a Judicial Watch employee, concerns regarding Klayman's use of the organization's financial resources as well as other conduct that was inconsistent with Judicial Watch's mission.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 6, and therefore, deny the same.

7.     Defendants admit that negotiations relating to a Severance Agreement among Plaintiff Klayman and Judicial Watch were commenced in early May of 2003 and culminated in a written agreement that was executed on September 19, 2003.  Defendants deny the remaining allegations of paragraph 7.

8.     Defendants deny the allegations of paragraph 8.

9.     Defendants deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10 and aver that pursuant to ¶ 26 of the Severance Agreement, the entire agreement between Klayman and Defendant Judicial Watch is memorialized in the terms of the Severance Agreement.

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendants deny the allegations of paragraph 13.

14.     Defendants deny the allegations of paragraph 14.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

<u>Parties</u>

18.     Defendants aver that at the time the Severance Agreement was negotiated and signed, Klayman was a resident of the Commonwealth of Virginia.  Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 18, and therefore, deny the same.

19.     Pursuant to the Court's January 17, 2007 Order dismissing the claims of Louise Benson, the allegations of paragraph 19 are no longer part of the Second Amended Complaint.

20.     Defendants admit that Judicial Watch is a non-profit organization formed and existing under the law of the District of Columbia, where it currently maintains its headquarters. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 20, and therefore, deny the same.

21.     Defendants admit that Fitton is the current President of Judicial Watch. Defendants deny the remaining allegations of paragraph 21.

22.     Defendants admit that Orfanedes is the current Secretary and a Director of Judicial Watch. Defendants further admit that Orfanedes is the managing attorney for cases at Judicial Watch. Defendants deny the remaining allegations of paragraph 22.

23.     Defendants admit that Farrell is a current Director of Judicial Watch and functions as a lead investigator. Defendants deny the remaining allegations of paragraph 23.

<u>Jurisdiction and Venue</u>

24.     Paragraph 24 contains statements of law that do not require an answer. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 24, and therefore, deny the same.

25.     Paragraph 25 contains statements of law that do not require an answer. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 25, and therefore, deny the same.

4

<u>Allegations of Fact</u>

26.    Defendants admit that Plaintiff Klayman was a founder of Judicial Watch and previously used the titles of chairman and general counsel.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 26, and therefore, deny the same.

27.    Defendants admit that Judicial Watch has acted in many legal matters, including those listed in paragraph 27.  Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 27, and therefore, deny the same.

28.    Defendants admit that Plaintiff Klayman executed a Severance Agreement on September 19, 2003.  Defendants deny the remaining allegations of paragraph 28.

29.    Defendants deny the allegations of paragraph 29.

30.    Defendants deny the allegations of paragraph 30.

31.    Defendants deny the allegations of paragraph 31.

32.    The allegations of paragraph 32 do not require a response as they are an attempt to characterize the contents of the Severance Agreement, which speaks for itself.  However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 32.

33.    Defendants deny the allegations of paragraph 33.

34.    Defendants deny the allegations of paragraph 34.

35.    Defendants deny the allegations of paragraph 35.

36.    Defendants deny the allegations of paragraph 36.

37.     Defendants admit that they complied with the Severance Agreement and did not disclose the reasons why Klayman was forced to leave Judicial Watch.  Defendants deny the remaining allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants deny the allegations of paragraph 41.

42.     Defendants admit that: a) Klayman is a public figure; b) Klayman appeared on network, cable and radio programs; c) A semi-fictional character for "West Wing" appears to be based on Klayman; and d) Klayman was called to comment on legal or political affairs.  Defendants deny the remaining allegations of paragraph 41.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants deny the allegations of paragraph 46.

47.     Defendants deny the allegations of paragraph 47.

48.     The allegations of paragraph 48 do not require a response as they are an attempt to characterize the contents of a document attached to the Second Amended Complaint as Exhibit A, which speaks for itself.  However, to the extent that a response is required, Defendants deny the allegations of paragraph 48 regarding Exhibit A.  Defendants deny the remaining allegations of paragraph 48.

49.     Defendants deny the allegations of paragraph 49.

50 - 63.        Pursuant to the Court's January 17, 2007 Order dismissing the claims of Louise Benson, the allegations of paragraphs 50 through 63 are no longer part of the Second Amended Complaint.

64.        Defendants deny the allegations of paragraph 64.

65.        Pursuant to the Court's January 17, 2007 Order, the allegations of paragraph 65 are no longer part of the Second Amended Complaint.

66.        Defendants deny the allegations of paragraph 66.

67.        Defendants deny the allegations of paragraph 67.

Count One – Fraudulent Misrepresentation

68-78. Pursuant to the Court's January 17, 2007 Order dismissing the claims of Louise Benson, Count One was dismissed and is no longer part of the Second Amended Complaint.

Count Two – Breach of Contract

79-88. Pursuant to the Court's January 17, 2007 Order dismissing the claims of Louise Benson, Count Two was dismissed and is no longer part of the Second Amended Complaint.

Count Three – Unjust Enrichment

89-96. Pursuant to the Court's January 17, 2007 Order dismissing the claims of Louise Benson, Count Three was dismissed and is no longer part of the Second Amended Complaint.

Count Four – Violation of Section 43(a) of the Lanham Act

97.        Defendants incorporate their responses to paragraphs 1 – 96 as if set forth fully herein.

98.        Defendants deny the allegations of paragraph 98.

99.        Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

101. Defendants deny the allegations of paragraph 101.

102. Defendants deny the allegations of paragraph 102.

103. Defendants deny the allegations of paragraph 103.

104. Defendants deny the allegations of paragraph 104.

105. Defendants deny the allegations of paragraph 105.

106. Defendants deny the allegations of paragraph 106.

<u>Count Five – Violation of Florida Statute 540.08</u>

107. Defendants incorporate their responses to paragraphs 1 – 106 as if set forth fully herein.

108. Defendants deny the allegations of paragraph 108.

109. Defendants deny the allegations of paragraph 109.

110. Defendants deny the allegations of paragraph 110.

111. Defendants deny the allegations of paragraph 111.

112. Defendants deny the allegations of paragraph 112.

113. Defendants deny the allegations of paragraph 113.

114. Defendants deny the allegations of paragraph 114.

<u>Count Six – Breach of Contract - Rescission</u>

115. Defendants incorporate their responses to paragraphs 1 – 114 as if set forth fully herein.

116. Defendants deny the allegations of paragraph 116.

117. Defendants deny the allegations of paragraph 117.

118.    Defendants deny the allegations of paragraph 118.

119.    Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

129.    Defendants deny the allegations of paragraph 129.

130.    Defendants deny the allegations of paragraph 130.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants deny the allegations of paragraph 132.

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants deny the allegations of paragraph 134.

135.    Defendants deny the allegations of paragraph 135.

136.    Defendants deny the allegations of paragraph 136.

137.    Defendants deny the allegations of paragraph 137.

<u>Count Seven – Breach of Contract - Damages</u>

138.    Defendants incorporate their responses to paragraphs 1 – 137 as if set forth fully herein.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants deny the allegations of paragraph 140.

<u>Count Eight – Breach of Contract – Specific Performance</u>

141.    Defendants incorporate their responses to paragraphs 1 – 140 as if set forth fully herein.

142.    Defendants deny the allegations of paragraph 142.

143.    Defendants deny the allegations of paragraph 143.

144.    Defendants deny the allegations of paragraph 144.

145.    Defendants deny the allegations of paragraph 145.

146.    Defendants deny the allegations of paragraph 146.

147.    Defendants deny the allegations of paragraph 147.

<u>Count Nine - Defamation</u>

148.    Defendants incorporate their responses to paragraphs 1 – 148 as if set forth fully herein.

149.    Defendants deny the allegations of paragraph 149.

150.    Pursuant to the Court's January 17, 2007 Order, the allegations of paragraph 150 are no longer part of the Second Amended Complaint.

151.    Pursuant to the Court's January 17, 2007 Order, the allegations of paragraph 151 are no longer part of the Second Amended Complaint.

152.    Defendants deny the allegations of paragraph 152.

153.    Defendants deny the allegations of paragraph 153.

154.    Defendants deny the allegations of paragraph 154.

155.    Defendants deny the allegations of paragraph 155.

156.    Defendants deny the allegations of paragraph 156.

157.    Defendants deny the allegations of paragraph 157.

158.    Defendants deny the allegations of paragraph 158.

159.    Defendants deny the allegations of paragraph 159.

160.    Defendants deny the allegations of paragraph 160.

161.    Defendants deny the allegations of paragraph 161.

162.    Defendants deny the allegations of paragraph 162.

163.    Defendants deny each and every allegation that is not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Second Amended Complaint fails to state a claim on which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by applicable statutes of limitation.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and the obligation to "do equity".

### Sixth Affirmative Defense

Plaintiff suffered no harm as a result of the alleged wrongs.

### Seventh Affirmative Defense

The October 2003 newsletter was mailed at the request and/or with the consent of Plaintiff.

### Eighth Affirmative Defense

Plaintiff authorized the mailing of the October 2003 newsletter.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the terms of the Severance Agreement.

### Eleventh Affirmative Defense

Defendants' performance is excused due to the Plaintiffs' prior breach of contract.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part by superseding and/or intervening causes.

### Thirteenth Affirmative Defense

Defendants' performance is excused because Plaintiffs failed to perform a condition precedent.

### Fourteenth Affirmative Defense

Defendants' statements meet or exceed the standard for substantial truth.

### Fifteenth Affirmative Defense

Plaintiff's claim for defamation is barred, in whole or in part, by consent.

### Sixteenth Affirmative Defense

Plaintiff's claim for defamation is barred, in whole or in part, by the absence of malice.

### Seventeenth Affirmative Defense

Plaintiff's claim for defamation is barred, in whole or in part, by privilege.

### Eighteenth Affirmative Defense

Plaintiff's claim for defamation is barred, in whole or in part, as statements of opinion, future events and/or fair comments on matters of public interest.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by innocent infringement.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by acquiescence of use.

### Twenty-Third Affirmative Defense

The Lanham Act does not apply to a non-profit organization's request for donations.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by concurrent right of use.

13

<u>Twenty-Fifth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by prior use.

<u>Twenty-Sixth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by license.

<u>Twenty-Seventh Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, because there is no likelihood of confusion.

<u>Twenty-Eighth Affirmative Defense</u>

Defendants reserve the right to supplement the affirmative defenses as new information is obtained through discovery.

WHEREFORE, Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell respectfully request that the Court award the following relief:

1.      Enter judgment in favor of Defendants as to all claims;

2.      Dismiss with prejudice all claims against Defendants;

3.      Enter judgment in favor of Defendants for attorney fees and costs of this litigation pursuant to ¶ 19(C) of the Severance Agreement;

4.      Enter judgment in favor of Defendants for attorney fees and costs pursuant to 15 U.S.C. § 1117; and

5.      Such other and further relief as this Court deems appropriate.

## **Demand for Jury Trial**

Judicial Watch demands a jury trial on all issues so triable.

14

Respectfully submitted,

//s// *Richard W. Driscoll*

_____

Richard W. Driscoll (436471)
Terence J. Everitt (492139)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes, and*
*Christopher J. Farrell*

Dated: February 6, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February 2007, a copy of the foregoing Answer to Second Amended Complaint was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

//s// *Richard W. Driscoll*

_____

Richard W. Driscoll