**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

Larry Klayman,

     *Plaintiff,*

v.

Judicial Watch, Inc., *et al.,*

     *Defendants.*

:
:
:
:
:
:
:
:
:

Civil Action No. 1:06-CV-00670

Honorable Colleen Kollar-Kotelly

**Jury Trial Demanded.**

---

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHRORITIES IN OPPOSITION
TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
JANUARY 17, 2007 ORDER DENYING THE MOTION TO DISMISS
<u>COUNT FIVE OF THE SECOND AMENDED COMPLAINT</u>**

Plaintiff, Larry Klayman, submits this memorandum of points and authorities in opposition to the Defendants' Motion for Reconsideration of the Court's January 17, 2007, Order denying dismissal of Count Five of the Second Amended Complaint. For the reasons set forth below, the Court should deny the motion in its entirety.

*INTRODUCTION*

In the January 17, 2007, Memorandum Opinion and Order, the Court properly denied Defendants' Motion to Dismiss Count Five, holding that District of Columbia choice of law rules posit a false conflict between the District of Columbia one-year statute of limitation for common law libel and slander and the four-year statute of limitation for actions brought under Florida Statute § 540.08. Memorandum Opinion and Order dated January 17, 2007 at pp. 25-26. The Court concluded that Count Five stated a claim "because that statute is intended to create a cause of action above and beyond Klayman's rights under the common law." *Id.* at p. 26. The Court rejected Defendants' argument that the District of Columbia statute of limitations applies because all statutes of limitation are procedural and adopted the Florida statutory scheme

325665-1

applying a four-year limitations period as a substantive issue. *Id.* at p. 25. Accordingly, the Court held that the District of Columbia one-year statute of limitations for common law claims of invasion of privacy is "inapplicable to Klayman's claim under Florida Statute § 540.08," and denied the motion to dismiss Count Five of the Second Amended Complaint. *Id.* at p. 26.

Despite the comprehensive analysis by the Court, Defendants now attempt a second bite at the apple, arguing again that District of Columbia's one-year statute of limitations for common law tort should be applied to Klayman's claims under Fla. Sta. § 540.08. Klayman respectfully submits that no basis for reconsideration exists because the Court did not commit clear error of law. The claims in Count Five are distinct from the other common law defamation claims and are stated under statutory, not common law. While both Florida and the District of Columbia recognize the common law tort of invasion of privacy, there is no parallel in the District of Columbia to Fla. Stat. § 540.08, which provides remedies for beyond those provided in the District of Columbia law on invasion of privacy. The only statute of limitations applicable to Count Five is the Florida four-year statute of limitations as provided by Florida state law.

### ARGUMENT

## I.    A MOTION FOR RECONSIDERATION IS ONLY APPROPRIATE IN EXTRAORDINARY CIRCUMSTANCES NOT PRESENT HERE.

Under Federal Rules of Civil Procedure, "[m]otions under *Fed. R. Civ. P. 59(e)* are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeyer v. Max Baucus*, 153 F.Supp.2d 23 (D.D.C. 2001); *See Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). It is well settled law that a "Rule 59(e) motion is not a second opportunity to present argument

2

upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *Niedermeyer*, 153 F.Supp. at 28. *See* Wright & Miller § 2810.1 at 127-28 (Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"). Defendants cite not authorities that they could not have cited in their original motion to dismiss; on the contrary, they simply reargue their position by citing to other pre-existing authorities they chose not to present previously. In these circumstances, the Court should not even entertain their instant motion.

## II.    THE COURT CORRECTLY APPLIED SUBSTANTIVE STATE LAW IN UPHOLDING KLAYMAN'S STATUTORY CLAIM IN COUNT FIVE UNDER FLORIDA LAW.

The Court correctly applied Florida's four-year statute of limitations to Klayman's claims in Count Five for violation of Florida Statute § 540.08. Under District of Columbia choice of law rules, statutes of limitations may be substantive. When a properly stated claim for relief under state law is distinct and has no parallel in the District of Columbia, a false conflict is posited and the district court must apply state law, including the applicable statute of limitations.

### A.    The District of Columbia Choice of Law Rules Reveals A False Conflict.

Under the District of Columbia's choice of law rules, a federal court sitting in diversity must apply state law to the substantive issues before it. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). For this purpose, the statute of limitations is substantive. *A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 63 F.3d 1454, 1458 (D.C. Cir. 1995). Looking to the District of Columbia choice-of-law rules, courts have treated statutes of limitations as procedural, but there is no equivalence between what is substantive under the *Erie* doctrine and what is substantive for

3

purposes of applying conflict of laws principles. *Id., citing Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945).

"When the policy of one state would be advanced by application of its law, and that of another state would not be advanced by application of its law, a false conflict appears and the law of the interested state prevails." *Herbert v. District of Columbia*, 808 A.2d 776 (D.C. Cir. 2002); *See als, Biscoe v. Arlington County*, 738 F.2d 1352, 1360 (1984), *cert. denied*, 469 U.S. 1159, 83 L. Ed. 2d 923, 105 S. Ct. 909 (1985). A true conflict arises only when both states have an interest in applying their own laws to the facts of the case, in which case the law of the forum "will be applied unless the foreign state has a greater interest in the controversy." *Biscoe*, 738 F.2d at 1360. Using this analysis, "this Court applies another state's law when (1) [the other state's] interest in the litigation is substantial, and (2) application of District of Columbia law would frustrate the clearly articulated public policy of that state." *Valentine v. Elliott (In re Estate of Delaney)*, 819 A.2d 968 (D.C. 2003).

Florida courts first recognized the tort of invasion of privacy in *Cason v. Baskin,* 20 So. 2d 243 (Fla. 1944). As in the District of Columbia, the common law right to privacy was traditionally defined by Florida courts within four general categories (1) the right to be free from unreasonable intrusion upon one's seclusion; (2) the right to prohibit publicity that unreasonably places one in a false light before the public; (3) the right to be free from unreasonable publicity about one's private life; and (4) the right to prohibit the appropriation of one's name and likeness. In 1967, however, the Florida Legislature significantly expanded the remedies available under the right of appropriation by enacting § 540.08.

Under Florida Statute § 540.08,

No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the

4

> name, portrait, photograph, or other likeness of any natural person
> without the express written or oral consent to such use given
> by…[s]uch person….

Fla. Stat. § 540.08(1). Further, the statute sets forth remedies and provides that a plaintiff "may

bring an action to enjoin such unauthorized publication, printing, display or other public use, and

to recover damages for any loss or injury sustained by reason thereof, including an amount which

would have been a reasonable royalty, and punitive or exemplary damages." Fla. Stat. §

540.08(2); *see Weinstein Design Group, Inc. v. Fielder*, 884 So. 2d 990 (Fla. Dist. Ct. App.

2004).[1] Moreover, "the remedies provided for in this section shall be in addition to and not in

limitation of the remedies and rights of any person under the common law against the invasion of

her or his privacy." Fla. Stat. § 540.08(6).

Here, a false conflict is posited between the District of Columbia one-year statute of

limitations for the common law tort of invasion of privacy and the Florida statutory four-year

limitations period under Florida Statutes § 540.08 and § 95.11. Unlike in the District of

Columbia, Fla. Sta. § 540.08 codifies the fourth theory described above and permits a party to

proceed under available common law theories as well. In addition, the District of Columbia has

no distinct statutory remedies above and beyond the common law for invasion of privacy, as

does Florida. The District of Columbia has never enacted a statutory right to publicity. Thus,

the District of Columbia's one-year statute of limitations is inapplicable to Count Five and would

frustrate the clearly articulated public policy as expressed in §§ 540.08 and 95.11 by the Florida

legislature. Since there is only a false, not a real, conflict, no conflict of law analysis is

necessary.

---

[1] Florida Statute § 540.08 also expanded the scope of potential plaintiffs. Under common law invasion of
privacy claims, only the individual whose privacy has been invaded can maintain an action. Section
540.08 expands standing beyond the traditional common law, by permitting a surviving spouse, the
surviving children, or someone holding a written license to use the deceased person's name to bring an
action for misappropriation under § 540.08. Fla. Stat. § 540.08(1)(c).

**B.    The Pre-Existing Authorities On Which Defendants Rely Are Consistent with the Decision of This Court.**

In their motion for reconsideration, the Defendants cite a litany of District of Columbia cases for the proposition that all statutes of limitations are procedural and, therefore, Florida's statute of limitations cannot apply to Count Five.  Not one of these cases were decided in the interim after defendants filed their motion and their instant motion.   Besides not representing new law of which this Court may have been unaware when it reached it January 17th decision, the cases cited are not on point.  Unlike the situation here, each of those cases addressed the situation where the *common law* of different states directly conflicted with one another.  *Reeves v. Eli Lilly & Co.*, 368 F.Supp.2d 11 (D.D.C. 2005)(application District of Columbia's limitations on the discovery rule over the Restatement (Second), Conflict of Laws § 142); *A.I. Trade*, *supra.*, 63 F.3d 1454 (application of District of Columbia over New York statute of limitations on contract action to enforce a guaranty); *Nat'l Railroad Passenger Corp. v. Lexington Ins. Co.*, 357 F.Supp.2d 287 (D.D.C. 2005)(application of District of Columbia over Missouri statute of limitations for accrual of a breach of contract action); *Unum v. First Unum Life Ins. Co.*, 2005 U.S. Dist. LEXIS 6630 (D.D.C. 2005)(application of District of Columbia over New York statute of limitations for failure to provide disability benefits under an insurance contract); *Bradley v. Nat'l Assoc. of Securities Dealers Dispute Resolution, Inc.*, 245 F.Supp.2d 17 (D.D.C. 2003)(application of District of Columbia over Florida statute of limitations for accrual of an action for professional negligence); *Nix v. Hoke*, 139 F.Supp.2d 125 (D.D.C. 2001)(application of District of Columbia over Ohio statute of limitations for accrual of common law invasion of privacy, illegal wiretapping claim); *Bledsoe v. Crowley*, 1990 U.S. Dist. LEXIS 17178 (D.D.C. 1990)(application of District of Columbia over Maryland statute of limitations for accrual of a medical malpractice action).

325665-1

Moreover, Defendants' reliance on *Cummings v. Sony Music*, 2003 U.S. Dist. LEXIS 15007 (S.D.N.Y. 2003), a case certainly available during the first round of briefing, is likewise distinguishable and unavailing.  In *Cummings*, the court applied the New York statute of limitations to the § 540.08 claim because there was a clear conflict between the Florida statute and section 51 of the New York Civil Rights Law, which, like Florida, codified and provided distinct remedies for the "unauthorized use of [plaintiff's] name, portrait, picture or voice." *Cummings*, slip op. at 4.

Here, because Florida clearly provides that the statute of limitations for violations of statutory misappropriation of likeness under § 540.08, the statute of limitations is substantive, not procedural.  Irrespective of the question about procedural versus substantive application of a statute of limitations, Defendants can supply no authority for their assertion that the District of Columbia's one-year statute of limitations for the common law torts of invasion of privacy can be grafted onto the substantive provisions of Florida Statutes § 540.08 and § 95.11 to alter the four-year statute of limitations proscribed by the Florida Legislature.

While the Second Amended Complaint set forth other numerous allegations of defamatory conduct by Defendants which were ongoing and continuous, *see e.g.* SAC ¶¶ 148-49, 152-162, Count Five is a distinct and separate claim based on, *inter alia*, Defendants' October 2003 mailing.  This conduct damaged and injured Klayman while he was domiciled in Florida and at a time when Klayman was hypersensitive to precisely this kind of misappropriation of name and likeness due to his campaign for the open Senate seat from Florida.  As already ruled by this Court, Klayman may proceed on this claim.

**C.    As the Court Already Determined, Florida's Four-Year Statute of Limitations Applies to Klayman's Statutory Claims Under Florida Law.**

Defendants concede that exceptions to the application of the District of Columbia's procedural law exist where the limitations are "part of the substantive law." Def. Br. p. 5. In *Huang v. D'Albora*, the District of Columbia court held that under District of Columbia law, the limitations period in Maryland's wrongful death statute "is part of the substantive right of action." *Huang v. D'Albora*, 644 A.2d 1, 4 (D.C. 1994). There, the only feature struck down as not part of the substantive law was the tolling portion of an arbitration requirement that District law does not impose. In *Huang*, a true conflict existed between the Maryland and the District of Columbia wrongful death legislation. *Id.*

Under Florida Statute 95.11, "[a]ctions other than for recovery of real property shall be commenced as follows:…[within four years], [a]n action founded on a statutory liability." Fla. Stat. § 95.11(3)(f). "The general Florida statute of limitations bars actions founded on a statutory liability and most tort actions if they are not commenced within 4 years of the time the cause of action accrued." *Putnam Berkley Group, Inc. v. Dinin*, 734 So. 2d 532, 533 (Fla. App. 1999); *Epic Metals Corp. v. Condec, Inc.*, 867 F.Supp. 1009, 1015 (M.D. Fla. 1994). The fact that the statute of limitations applicable to § 540.08 is found elsewhere in the Florida Statutes does not mean that such is not part of Florida's 'substantive law.' In fact, Florida courts have specifically and consistently applied the four-year statute of limitations to actions under Florida Statute § 540.08. Accordingly, this Court did not commit any clear error of law.

*CONCLUSION*

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendants'

Motion for Reconsideration and to award Plaintiff the costs of opposing the motion, including

his reasonable attorneys' fees.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: _____//s// *Daniel J. Dugan*_____
    Daniel J. Dugan, Esquire
    1635 Market Street, 7th floor
    Philadelphia, PA  19103
    215.241.8872--215.241.8844 *fax*
    *ddugan@lawsgr.com*

February 12, 2007               *Attorneys for Plaintiff, Larry Klayman*

Of Counsel:

**SPECTOR GADON & ROSEN, P.C.**
Jeffrey H. Schervone, Esquire
1000 Lenola Road, Bldg. 1, Suite 202
Maple Shade, NJ  08052
856.778.8100
856.772.5344 *fax*
*jschervone@lawsgr.com*

325665-1