IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION OF THE
JANUARY 17, 2007 ORDER DENYING THE MOTION TO DISMISS
COUNT FIVE OF THE SECOND AMENDED COMPLAINT**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly referred to as "Judicial Watch"), by undersigned counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby submit the following Reply Memorandum in support of their Motion for Reconsideration of the Court's January 17, 2007, Order declining to dismiss Count Five of the Second Amended Complaint.

**ARGUMENT**

**I.    DEFENDANTS' MOTION FOR RECONSIDERATION IS APPROPRIATE**

Relying on Niedermeyer v. Baucus, 153 F. Supp. 2d 23 (D.D.C. 2001), Klayman asserts that the Motion for Reconsideration should not be entertained because Judicial Watch does not refer to any authority that could not have been cited previously. Plaintiff's assertion demonstrates a misunderstanding of the Motion, which seeks reconsideration based on the "*need to correct clear error*". Id. at 28 (emphasis added). Accordingly, the Motion is properly submitted pursuant to Rule 59(e).

1

II. **KLAYMAN CONFUSES CONFLICT OF LAW PRINCIPLES WITH THE DISTRICT OF COLUMBIA'S VIEW THAT STATUTES OF LIMITATIONS ARE PROCEDURAL**

The premise of Klayman's "false conflict" argument is that "there is no equivalence between what is substantive under the Erie doctrine and what is substantive for applying conflict of laws principles." Pl. Br. pp.3-4. However, Klayman misunderstands the application of this principle. Under DC's choice of law principles, statutes of limitation are procedural. Therefore, DC always applies its own statute of limitations, except in one circumstance that does not apply to this case.

"Looking to the D.C. choice-of-law rules, we see that they treat statutes of limitations as procedural, and therefore almost always mandate application of the District's own statute of limitations." A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp., 62 F.3d 1454, 1458 (D.C. Cir. 1995) (quoting Namerdy v. Generalcar, 217 A.2d 109, 113 (D.C. 1966)). In Guaranty Trust Co. v. York, 326 U.S. 99 (1945), the Supreme Court explained that substantive for purposes of the Erie doctrine is not necessarily substantive for conflict of law analysis. Indeed, "Guaranty Trust itself rejects the notion that there is an equivalence between what is substantive under the Erie doctrine and what is substantive for purposes of conflict of laws." A.I. Trade Finance, Inc., 62 F.3d at 1458 (quoting Sun Oil Co. v. Wortman, 486 U.S. 717, 726 (1988)).

Where a state's statute of limitations would bar recovery in the state court, the same suit filed in federal court based on diversity of citizenship should result in the same outcome. Therefore, under the Erie doctrine, it is irrelevant whether statutes of limitations are cast as substantive or procedural. Guaranty Trust, 326 U.S. at 109 (noting that "Erie… was not an endeavor to formulate scientific legal terminology"). "The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the

accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away should not lead to a substantially different result." Id. Terms like substance and procedure "describe very little except a dichotomy, and what they mean in a particular context is largely determined by the purposes for which the dichotomy is drawn." Sun Oil, 486 U.S. at 726. Therefore, determining what statute of limitations to apply – its own or that of another jurisdiction – is entirely within the legislative competence of the forum state. Id. at 755 (stating that "we do not hold that Kansas must apply its own statute of limitations to a claim governed in its substance by another State's law, but only that it may"). Following this principle, the Supreme Court rejecting the notion that the Full Faith and Credit Clause altered the Erie doctrine:

> But to address petitioner's broader point of which the Erie argument is only a part -- that we should update our notion of what is sufficiently "substantive" to require full faith and credit: We cannot imagine what would be the basis for such an updating. As we have just observed, the words "substantive" and "procedural" themselves (besides not appearing in the Full Faith and Credit Clause) do not have a precise content, even (indeed especially) as their usage has evolved. And if one consults the purpose of their usage in the full-faith-and-credit context, that purpose is quite simply to give both the forum State and other interested States the legislative jurisdiction to which they are entitled. If we abandon the currently applied, traditional notions of such entitlement we would embark upon the enterprise of constitutionalizing choice-of-law rules, with no compass to guide us beyond our own perceptions of what seems desirable. There is no more reason to consider recharacterizing statutes of limitation as substantive under the Full Faith and Credit Clause than there is to consider recharacterizing a host of other matters generally treated as procedural under conflicts law, and hence generally regarded as within the forum State's legislative jurisdiction.

Id. at 756. Therefore, this Court must follow the District of Columbia and apply its statute of limitations.

### III.  D.C. TREATS STAUTES OF LIMITATION AS PROCEDURAL

"[T]he District of Columbia has explicitly and consistently held that the limitation on the time of suit is considered procedural, and thus governed by the law of the forum." Riddell v. Riddell Washington Corp., 866 F.2d 1480, 1496 (D.C. Cir. 1989) (citing Hodge v. Southern R.R., 415 A.2d 543 (D.C. App. 1973)); see also Estate of Grant v. Armour Pharmaceutical Co., 2007 U.S. Dist. LEXIS 4574 at p. 6 (Hogan, C.J.) (citing Hodge v. Southern R.R., 415 A.2d 543 (D.C. App. 1973)).  Klayman erroneously contends that District of Columbia choice of laws rule are inapplicable because they address situations where the common law of different states conflict with each other. However, Klayman offers no reason or authority for this distinction; presumably because none exist.

Klayman's rationale for distinguishing Cummings v. Sony Music, 2003 U.S. Dist. LEXIS 15007 (S.D. N.Y. 2003) is likewise unconvincing.  Plaintiff asserts that Cummings applied the New York limitations to Florida Statutes § 540.08 because there was a clear conflict with the New York Civil Rights Law. Pl. Br. p.7.  Klayman is wrong.  The Cummings court applied the New York limitations because "New York courts treat statutes of limitations as part of the forum's procedure, and therefore apply New York statutes of limitations even if the underlying claim ultimately will be governed by the substantive law of another jurisdiction." Cummings, slip op. at 8 (citing Architectronics, Inc. v. Control Systems, Inc., 935 F. Supp. 425, 431 (S.D.N.Y. 1996).

### IV. FLORIDA STATUTES § 540.08 DOES NOT FALL WITHIN THE NARROW EXCEPTION TO THE DISTRICT OF COLUMBIA'S RULE THAT LIMITATIONS ARE PROCEDURAL AND GOVERNED BY ITS LAW

Klayman argues that the statute of limitations under § 540.08 is intended to be a substantive part of the law, falling within the narrow exception outlined in Huang v. D'Albora, 644 A.2d 1, 10 (D.C. 1994). Huang recognized a narrow exception to the general rule that limitations are procedural and governed by the law of the forum, but still rejected the argument that the tolling feature of the Maryland Health Care Malpractice Act was a part of a substantive action for wrongful death. In fact, since 1937[1], the District has consistently declined to apply the statute of limitations of foreign jurisdictions. See Bledsoe v. Crowley, 1990 U.S. Dist. LEXIS 17178 at p. 4, fn2 (D.D.C. December 13, 1990)[2] (noting that the exception has since been characterized as "dicta").

It is significant that the Florida statute of limitations, § 95.11(3)(f), was not enacted as part of the substantive cause of action under § 540.08. In fact, it applies by default, to any cause of action that does not have a statute of limitation indicated in the statute creating the cause of action. Therefore, Klayman essentially asks this Court to find that the exception swallows the rule whenever a statute of limitations is established in the same "Code" that the cause of action is found within.

This Court previously addressed the same issue in National R. Passenger Corp. v. Notter, 677 F. Supp. 1 (D.D.C. 1987) (Harris, J.). Reviewing applicable statute of limitations, the Court opined that the District may apply those limitations of another jurisdiction if the limitations period constituted a part of the substantive law. Id. at 6, fn2.

---

[1] Moran v. Harrison, 91 F.2d 310 (D.C. Cir. 1937) (holding that a limitation imposed by the statute that created the right is a limitation of the right itself).

[2] A copy of the Bledsoe opinion is attached as Exhibit A.

However, the Court concluded that the exception did not apply because the law of the foreign jurisdiction "provide[d] for general limitations periods applicable to broad classes of claims." Id. The Florida statute of limitations fits squarely within the facts of Notter. Florida Statutes § 95.11 provides general limitations periods that apply to a broad cross-section of claims and is likewise outside the scope of the exception.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that the Court Reconsider its January 17, 2007, Order and GRANT the Motion for Reconsideration by dismissing Count Five of the Second Amended Complaint.

> Respectfully submitted,
>
> //s// *Richard W. Driscoll*
> _____
> Richard W. Driscoll (436471)
> Terence J. Everitt (492139)
> DRISCOLL & SELTZER, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> 703.340.1625 Telephone
> 703.997.4892 Facsimile
> Email: rdriscoll@driscollseltzer.com
>
> *Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: February 20, 2007