# EXHIBIT A

1990 U.S. Dist. LEXIS 17178, *

THEODORE BLEDSOE, M.D., Plaintiff v. BRIAN CROWLEY, M.D., Defendant and Third Party Plaintiff v. SYLVIA FRIEDMAN, M.D., Third Party Defendant

CA No. 86-0928 (PJA)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

1990 U.S. Dist. LEXIS 17178

December 13, 1990, Filed

CASE SUMMARY

PROCEDURAL POSTURE: Plaintiff patient filed a complaint against defendant psychiatrist and third-party defendant psychiatrist for medical malpractice, claiming that they failed to take steps resulting in an earlier diagnosis of a tumor. The Health Claims Arbitration Office ruled in favor of the psychiatrists on the basis that Maryland's statute of limitations expired. The psychiatrists filed a motion for summary judgment.

OVERVIEW: The patient was under the psychiatric care of the psychiatrists. At all relevant times, the psychiatrists resided in Maryland and provided their services in Maryland. The patient was also a resident of Maryland while under care, but he subsequently moved to the District of Columbia. The patient filed a complaint against the psychiatrists, contending that they failed to make an early diagnosis of his tumor. The Health Claims Arbitration Office ruled in favor of the psychiatrists on the basis that Maryland's statute of limitations for filing a medical malpractice arbitration claim had expired. Proceedings resumed in district court. The psychiatrists filed a motion for summary judgment based upon expiration of the statute of limitations. The court denied the motion. Because the forum state would have applied District of Columbia statute of limitations, the court was bound to do the same. Under D.C. Code Ann. § 12-301(3), the statute of limitations for medical malpractice actions was three years from the time plaintiff discovered or reasonably should have discovered his injury. Thus, the patient timely filed his claim within two years of first being diagnosed as having a brain tumor.

OUTCOME: The court denied the psychiatrists' motion for summary judgment in the patient's medical malpractice action.

CORE TERMS: statute of limitations, summary judgment, medical malpractice, third-party, substantive law, expired, forum state, reply, diversity jurisdiction, choice of law, brain tumor, malpractice, emotional, diagnosed, tumor

LexisNexis(R) Headnotes

Torts > Malpractice & Professional Liability > Healthcare Providers
Torts > Procedure > Alternative Dispute Resolution
Torts > Procedure > Statutes of Limitations > General Overview

HN1The statute of limitations for a medical malpractice action in Maryland is the shorter of either five years after the injury was committed or three years after the injury was discovered. Md. Code Ann., Cts. & Jud. Proc. § 5-109(a)(1), (2).  More Like This Headnote

Civil Procedure > Jurisdiction > General Overview
Civil Procedure > Federal & State Interrelationships > Erie Doctrine
Governments > Legislation > Statutes of Limitations > General Overview

HN2In acting pursuant to diversity jurisdiction, the court must look to the forum's choice of law rules and apply the statute of limitations that the court of the forum state would apply. Looking to the law of the forum, the United States Court of Appeals for the District of Columbia has explicitly and consistently held that the limitation on the time of suit is considered procedural, and thus governed by the law of the forum.  More Like This Headnote

Civil Procedure > Federal & State Interrelationships > Choice of Law > Governmental Interests
Governments > Legislation > Statutes of Limitations > General Overview

HN3Under conflict of law principles, this court must first look to the forum's characterization of a particular provision of law, not Maryland's. If the forum deems the provision to be substantive, then the court's analysis using the District of Columbia's "governmental interest" analysis ensues. However, if the forum considers the provision to be procedural, as it does here, then no balancing test is utilized because the District of Columbia determines that its own law necessarily applies, regardless of which state's substantive law applies.  More Like This Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Malpractice & Professional Liability > Healthcare Providers
Torts > Procedure > Statutes of Limitations > General Overview

HN4The statute of limitations for medical malpractice actions is three years from the time the plaintiff discovered or reasonably should have discovered his injury. D.C. Code Ann. § 12-301(3).  More Like This Headnote

COUNSEL: [*1]

Charles R. Claxton, Washington, D.C., for plaintiff.

Joseph Montedonico and Mel Wright, Montedonico & Mason, P.C., Washington, D.C., for defendant and third-party plaintiff.

Judith R. Catterton, Catterton, Kemp & Mason, Rockville, Md. for third-party defendant.

JUDGES: Patrick J. Attridge, United States Magistrate.

OPINION BY: ATTRIDGE

OPINION: MEMORANDUM OPINION

This matter is before the court on the defendants Crowley's and Friedman's motions for summary judgment urging that the plaintiff's medical malpractice claim is barred by the statute of limitations. For the reasons set forth below, the defendants' motions are denied.

I. Factual Background

In 1969, the plaintiff sought out the psychiatric services of the defendant Dr. Crowley in an effort to bring his impulsive behavior under control. He remained under the care of Dr. Crowley for this and other emotional problems until 1980, and was concurrently treated for emotional problems by the defendant Dr. Friedman from 1979 to November of 1981. At all relevant times, the defendants resided in Maryland and provided their services to the plaintiff in Maryland. The plaintiff was also a resident of Maryland while under the defendants care, but subsequently moved [*2] to the District of Columbia.

In 1984, the plaintiff was self-admitted to St. Elizabeth's Hospital in the District of Columbia. While there, the plaintiff was diagnosed as having a massive frontal lobe brain tumor. This tumor was successfully removed in 1985. On April 4, 1986, the plaintiff initiated a medical malpractice action against the defendants in this court, invoking its diversity jurisdiction. In December, 1986, the plaintiff filed a claim against the defendants with the Maryland Health Claims Arbitration Office. In both actions, the plaintiff averred that Drs. Crowley and Friedman were negligent in failing to take steps that would have resulted in an earlier diagnosis of his tumor.

Before the case proceeded to trial in this jurisdiction, this court found that District of Columbia's choice of law principles required application of Maryland substantive law, and such application mandated compliance with Maryland's arbitration procedure prior to the maintenance of the suit. This determination was later upheld by the Court of Appeals, n1 and ultimately the case was stayed pending a determination of the plaintiff's dispute by the Maryland Health Claims Arbitration Office.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Bledsoe v. Crowley, 849 F.2d 639 (D.C. Cir. 1988).

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*3]

In December of 1988, the Health Claims Arbitration Office ruled in favor of defendants and against the plaintiff on the basis that Maryland's statute of limitations for filing a medical malpractice arbitration claim had expired. n2 Proceedings resumed in the District Court for the District of Columbia. The defendants now have moved for summary judgment on much the same grounds as in the Arbitration Office, i.e., that under Maryland law, the statute of limitations for the plaintiff's action has expired. The plaintiff argues that the District of Columbia statute of limitations apply, not Maryland's, and District of Columbia's statute of limitations has not lapsed. Alternatively, the plaintiff argues that if Maryland's statute of limitations does apply, there is still genuine issues of material fact to be resolved, precluding the entering of summary judgment.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 HN1The statute of limitations for a medical malpractice action in Maryland is the shorter of either five years after the injury was committed or three years after the injury was discovered. Md. Cts. & Jud. Proc. Code § 5-109(a)(1) & (2). When the plaintiff in this action filed his claim with the Maryland Health Claims Arbitration Office, the Panel Chairman ruled that this filing, and this filing only, tolled the statute of limitations. Given that the latest the plaintiff could have brought the action was November, 1986 under Maryland law, the Panel Chairman held that the statute of limitations had expired because the plaintiff had not filed his claim with the Arbitration Office until December, 1986. Opinion and Order, December 13, 1988 at 3, 8, attached as third-party defendant Friedman's Motion for Summary Judgment exhibit A.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*4]

II. Discussion

A. Choice of law

HN2In acting pursuant to diversity jurisdiction, this court must look to the forum's choice of law rules and apply the statute of limitations that the court of the forum state would apply. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941), Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945). Looking to the law of the forum, the Court of Appeals for the District of Columbia has explicitly and consistently held that the limitation on the time of suit is considered procedural, and thus governed by the law of the forum. Hodge v. Southern R.R., 415 A.2d 543 (D.C. App. 1980), May Department Stores v. Devercelli, 314 A.2d 767 (D.C. App. 1973). Since the forum state would apply District of Columbia statute of limitations, we are bound to do the same. Hoffa v. Fitzsimmons, 673 F.2d 1345, 1360, n. 41 (D.C. Cir. 1982), Steorts v. American Airlines, 647 F.2d 194, 197 (D.C. Cir. 1981), Friedman v. Manfuso, 620 F.Supp. 109, 14 (D.D.C. 1985).

Both defendants make much of the fact that this court has previously determined that Maryland substantive law applies to this case. The defendants [*5] then attempt to bootstrap their conclusion that Maryland statute of limitations should apply by arguing that Maryland considers its own statute of limitations to be substantive. The defendants are mistaken. HN3Under conflict of law principles, this court must first look to the forum's characterization of a particular provision of law, not Maryland's. If the forum deems the provision to be substantive, then the court's analysis using the District of Columbia's "governmental interest" analysis ensues. See Bledsoe, 849 F.2d at 641. However, if the forum considers the provision to be procedural, as it does here, then no balancing test is utilized because the District of Columbia has determined that its own law necessarily applies, regardless of which state's substantive law applies. See May Dept. Stores v. Devercelli, 314 A.2d at 773.

The defendant Dr. Friedman in her reply states that the District of Columbia recognizes a limited exception to this rule and will apply a foreign statute of limitations when that limitation is part and parcel of statute that has "created the [plaintiff's] cause of action." Hodge v. Southern Railway, 415 A.2d 543, 544 (D.C. 1980), citing Moran [*6] v. Harrison, 91 F.2d 310, 313 (D.C. 1937). Even assuming

the continuing validity of this exception, n3 the statute of limitations at issue here does not fall within it. Accepting for the moment that Md. Cts. & Jud. Proc. Code § 5-109 is an integral part of the Health Care Malpractice Claims Act, Md. Cts. & Jud. Proc. Code § 3-2A et seq., it is difficult to conclude that this statute "created" the plaintiff's malpractice claim. Instead, the goal of this act was simply to establish a "mechanism to screen malpractice claims prior to the file of suit," rather than devise an entirely new cause of action. Medical Malpractice Insurance Study Committee Report to the President of the Senate and the Speaker of the House at 3, cited in Group Health Association, Inc. v. Blumenthal, 453 A.2d 1198, 1204 (Md. 1983).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 See Nat'l R.R. Passenger Corp v. Notter, 677 F.Supp. 1, 4, n.2 (D.D.C. 1987) (characterizing the rule expressed in Hodge as "dicta"). In any event, cases after the 1937 decision in Moran have declined to apply foreign statutes of limitations.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*7]

B. Application of District of Columbia Law

In the District of Columbia, HN4the statute of limitations for medical malpractice actions is three years from the time the plaintiff discovered or reasonably should have discovered his injury. D.C. Code § 12-301(3), see also Dawson v. Eli Lilly & Co., 543 F.Supp. 1330 (D.D.C. 1982), Burns v. Bell, 409 A.2d 614 (D.C. App. 1979). It is clear from this record , and the defendants take no issue with the fact that the plaintiff instituted this action within two years of first being diagnosed as having a brain tumor. Therefore, the court concludes that the plaintiff timely filed suit under D.C. Code § 12-301(3).

III. Conclusion

For the above reasons, the defendant and third-party defendants' action for summary judgment is denied. An appropriate order accompanies this memorandum.

ORDER - December 13, 1990, Filed

Upon consideration of the defendant Crowley's and third-party defendant Friedman's motions for summary judgment, the plaintiff's opposition, the defendant Crowley's reply, and the entire record herein, it is this 13th day of December, 1990:

ORDERED that the defendant's and the third-party defendant's motions be, and hereby [*8] are, denied.

Service:  Get by LEXSEE®
Citation:  1990 U.S. Dist. LEXIS 17178

**Bledsoe v. Crowley, 1990 U.S. Dist. LEXIS 17178, 1-8 (D.D.C. 1990)**