UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>   Plaintiff,<br><br>     v.<br><br>JUDICIAL WATCH, INC., *et al.*,<br><br>   Defendants. | Civil Action No. 06-670 (CKK) |

**MEMORANDUM OPINION**
(April 3, 2007)

On January 17, 2007, the Court issued an Order and Memorandum Opinion, *inter alia*, denying Defendants' motion to dismiss Count Five of Plaintiff's Second Amended Complaint. *See Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670 (D.D.C. Jan. 17, 2007) (hereinafter "Slip Op."). Defendants have filed a Motion for Reconsideration of that portion of the Court's January 17, 2007 Order, pursuant to Federal Rule of Civil Procedure Rule 59(e). Upon consideration of Defendants' Motion, Plaintiff's Opposition, Defendants' Reply, and the relevant case law, the Court shall grant Defendants' Motion, vacate that portion of the Court's January 17, 2007 Order and Memorandum Opinion that denied Defendants' motion to dismiss as to Count Five of Plaintiff's Second Amended Complaint, and dismiss Count Five of Plaintiff's Second Amended Complaint as time-barred.

**I: BACKGROUND**

The Court shall assume familiarity with the Court's January 17, 2007 Memorandum Opinion, which sets forth in detail the factual background of this case, and shall therefore only

briefly address such facts as are necessary for resolution of the motion currently before the Court. Defendant Judicial Watch, Inc. is a 501(c)(3) organization formed under the laws of the District of Columbia and headquartered in the District of Columbia. Slip Op. at 3. Defendant Fitton is President of Judicial Watch, Defendant Orfanedes is the Secretary and a Director of Judicial Watch, and Defendant Farrell is a Director of Judicial Watch. *Id.* Plaintiff Larry Klayman ("Klayman") is the self-described founder and former Chairman and General Counsel of Judicial Watch, who resides in and practices law in the State of Florida. *Id.*

In his Second Amended Complaint, Klayman brought six claims against various combinations of Defendants, relating to various events that occurred after Klayman decided to leave Judicial Watch in 2003 in order to run for a seat in the United States Senate from his home state of Florida. *Id.* at 4.[1] Defendants moved to dismiss four of Klayman's six claims against them (Counts Four, Five, Six and Nine), and in its January 17, 2007 Memorandum Opinion, the Court denied Defendants' motion to dismiss as to Counts Four, Five, and Six, and granted-in-part and denied-in-part their motion to dismiss Count Nine. *Id.* at 20-48. The instant Motion for Reconsideration relates only to the Court's denial of Defendants' motion to dismiss Count Five of the Second Amended Complaint, in which Klayman alleges that a fund-raising mailing sent by Judicial Watch a month after Klayman's departure misrepresented that Klayman was still

---

[1] In addition, the Second Amended Complaint in this action included three claims (Counts One through Three) brought by Louise Benson, a resident of California who had been a supporter of and donor to Judicial Watch. Slip Op. at 3. In its January 17, 2007 Memorandum Opinion, the Court determined that Benson's claims were limited to $15,000 that she allegedly donated to Judicial Watch. Slip Op. at 12-17. The Court concluded that Benson's claims therefore did not meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a), and declined to exercise supplemental jurisdiction over Benson's claims. *Id.* at 17-20. As such, the Court dismissed without prejudice Counts One, Two and Three of the Second Amended Complaint for lack of subject matter jurisdiction. *Id.* at 20.

Chairman and General Counsel of Judicial Watch, and constituted an unauthorized use of Klayman's name and likeness, in violation of Florida Statute § 540.08. *Id.* at 7-8. Florida Statute § 540.08 provides, "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by (a) such person . . . ." Fla. Stat. § 540.08.

In their motion to dismiss, Defendants argued that, as the allegedly unauthorized mailing was sent in October 2003, Count Five was barred by the District of Columbia's one-year statute of limitations for actions involving libel and slander. Slip Op. at 24. The Court rejected Defendants' argument, however, concluding that it posited a false conflict between the District of Columbia one-year statute of limitations for libel and slander and the four-year statute of limitations for actions brought under Florida Statute § 540.08. *Id.* at 25. On January 30, 2007, Defendants filed a Motion for Reconsideration of that portion of the Court's January 17, 2007 Order that denied their motion to dismiss Count Five. Klayman filed an Opposition to Defendants' Motion for Reconsideration on February 12, 2007, and Defendants filed their Reply Memorandum on February 20, 2007.

**LEGAL STANDARD**

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and

citations omitted); *see also Ramseur v. Barreto*, 213 F.R.D. 79, 81 (D.D.C. 2003) (instructing that reconsideration will be granted when the moving party demonstrates that there exists a "manifest error of law or fact," or presents "newly discovered evidence") (quoting *United States v. W. Elec. Co.*, 690 F. Supp. 22, 25 (D.D.C. 1988), *aff'd in part, rev'd on other grounds*, 900 F.2d 283 (D.C. Cir. 1990)). Granting reconsideration under Rule 59(e) is an "extraordinary measure." *Firestone*, 76 F.3d at 1208. New evidence is evidence which "is newly discovered or previously unavailable despite the exercise of due diligence." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (citing *Alton & S. Ry. Co. v. Bhd. of Maint. of Way Employees*, 899 F. Supp. 646, 648 (D.D.C. 1995), *aff'd*, 72 F.3d 919 (D.C. Cir. 1995)).

A Rule 59(e) motion is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *United States v. Funds from Prudential Sec.,* 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Nor is it "a vehicle for presenting theories or arguments that could have been presented earlier," *id*. at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989); *see also Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1508-09 (5th Cir. 1989) (finding no abuse of discretion in denying a Rule 59(e) motion that sought to raise new theories where facts were known to the movant in advance of summary judgment).

### III: DISCUSSION

In rejecting Defendants' motion to dismiss Count Five of the Second Amended Complaint, the Court's January 17, 2007 Memorandum Opinion concluded that Defendants

posited a false conflict between the District of Columbia one-year statute of limitations for libel and slander and the four-year statute of limitations for actions brought under Florida Statute § 540.08. Slip Op. at 25 (citing *Epic Metals Corp. v. Condec, Inc.*, 867 F. Supp. 1009, 1015 (M.D. Fla. 1994)). The Court noted that Florida Statute § 540.08 specifically states, "[t]he remedies provided for in this section shall be in addition to and not in limitation of the remedies and rights of any person under the common law against the invasion of her or his privacy." Slip Op. at 25-26 (citing Fla. Stat. § 540.08(6)). Upon further consideration, however, the Court agrees with Defendants that this is a distinction without significance because the four-year statute of limitations that applies to Florida Statute § 540.08 is not part of the substantive law itself. Accordingly, the Court shall grant Defendants' Motion for Reconsideration.

 As the Court noted in its January 17, 2007 Memorandum Opinion, under District of Columbia law, appropriation of one's name or likeness is one of four theories on which a plaintiff may maintain a cause of action for invasion of privacy. *Grunseth v. Marriott Corp.*, 872 F. Supp. 1069, 10974 (D.D.C. 1995) (citing *Vassiliades v. Garfinckel's, Brooks Bros.*, 492 A.2d 580, 586 (D.C. 1985)). Moreover, although the District of Columbia applies a three-year statute of limitations to any cause of action for which an express limitation is not enacted, *see* DC Stat. § 12-301(8), the one-year statute of limitations applicable to libel, slander, assault, and other similar torts "has been applied to invasion of privacy claims in the District of Columbia on the rationale that invasion of privacy is essentially a type of defamation." *Grunseth*, 872 F. Supp. at 1074. In contrast, Florida Statute § 540.08, which creates a statutory action for misappropriation of name or likeness above and beyond a common law cause of action for the same conduct, is governed by a four-year statute of limitations. *See Epic Metals Corp.*, 867 F. Supp. at 1015; Fla.

Stat. § 95.11(3)(p).

A federal court sitting in diversity must apply state law to the substantive issues before it. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938). As the statute of limitations is considered substantive for this purpose, the Court looks to state law to determine whether Klayman's cause of action based on state law has expired, and applies the District of Columbia choice of law rules to determine which state's statute of limitations applies. *A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945); *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941); and *Lee v. Flintkote Co.*, 593 F.2d 1275, 1278-80 (D.C. Cir. 1979)). Furthermore, the District of Columbia choice of law rules "treat statutes of limitations as procedural, and therefore almost always mandate application of the District's own statute of limitations." *Id.* (citations omitted).

An exception to the rule that "a limitation on the time of suit is procedural and is governed by the law of the forum" may exist when the limitations period is prescribed by the statute that creates the cause of action, and is therefore considered part of the substantive law. *Huang v. D'Albora*, 644 A. 2d 1, 4 (D.C. 1994) (citing *Namerdy v. Generalcar*, 217 A.2d 109, 113 (D.C. 1966)). However, as Defendants stress in their Motion for Reconsideration, that exception is not relevant here because Florida Statute § 540.08 does not itself include the four-year statute of limitations. Fla. Stat. § 540.08. Instead, the four-year statute of limitations is derived from Florida Statute § 95.11, which "provides for general limitations periods applicable to broad classes of claims." *Nat'l R.R. Passenger Corp. v . Notter*, 677 F. Supp. 1, 4 n. 2 (D.D.C. 1987); Fla. Stat. § 95.11.

For his part, Klayman argues that because "the Florida Legislature significantly expanded the remedies available under the right of appropriation by enacting § 540.08," applying the District of Columbia's one-year statute of limitations "would frustrate the clearly articulated public policy as expressed in §§ 540.08 and 95.11 by the Florida legislature." Pl.'s Opp'n at 4-5. However, as the four-year statute of limitations applicable to Florida Statute § 540.08 cannot rightly be said to be part of that substantive law, the Court discerns no reason to depart from the District of Columbia's rule that statutes of limitations are procedural and governed by the law of the filing forum. *See Reeves v. Eli Lilly and Co.*, 368 F. Supp. 2d 11, 25 (D.D.C. 2005) (citing *Kaplan v. Manhattan Life Ins. Co.*, 109 F.2d 463, 465-66 (D.C. Cir. 1939); *May Dep't Stores v. Devercelli*, 314 A.2d 767, 773 (D.C. 1973); and *Hodge v. S. Ry. Co.*, 415 A.2d 543 (D.C. 1980)). Klayman does not contest that he would be barred from bringing a claim for misappropriation of name or likeness based on the October 2003 mailing in the District of Columbia because of the applicable one-year statute of limitations. The Court therefore concludes that Klayman's claim pursuant to Florida Statute § 540.08 is barred by the District of Columbia's one-year statute of limitations.

As a result, the Court determines that reconsideration of its January 17, 2007 Order and Memorandum Opinion is in the interest of justice, shall vacate that portion of its January 17, 2007 Order and Memorandum Opinion that denied Defendants' motion to dismiss Count Five of the Second Amended Complaint, and shall dismiss Count Five. In granting Defendants' Motion for Reconsideration, however, the Court notes that the argument that the Court has now found to be persuasive – that the exception to the rule that statutes of limitations are procedural only applies to statutes of limitations included in substantive laws, and therefore does not apply to

Florida Statute § 540.08 – was equally available to Defendants in drafting their motion to dismiss, but that Defendants did not present it in that motion. The Court strongly recommends that, in the future, Defendants – and all parties – put their best foot forward in their initial round of briefing rather than burden their adversaries, their clients, and the Court with the unnecessary effort and expense of a second round of motions that could easily be avoided.

## IV: CONCLUSION

For the reasons set forth above, in the interest of justice the Court shall grant Defendants' Motion to Reconsider that portion of its January 17, 2007 Memorandum Opinion and Order denying Defendants' motion to dismiss Count Five of the Second Amended Complaint. The Court shall vacate only that portion of its January 17, 2007 Memorandum Opinion and Order, and shall dismiss Count Five of the Second Amended Complaint. An appropriate Order accompanies this Memorandum Opinion.

Date:   April 3, 2007

                                                      /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge