UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


LARRY KLAYMAN, ET AL                    :
                                        :
            Plaintiff(s)                :
                                        :
        v.                              :        Civil Action No. 06-670
                                        :        (Judge C. Kollar-Kotelly)

JUDICIAL WATCH, INC., ET AL

            Defendant(s)


## ORDER FOR INITIAL SCHEDULING CONFERENCE

This above-captioned case has been assigned to this Judge for resolution.  The

Initial Scheduling Conference is set for__ APRIL 25, 2007 AT 11:30 A.M. _____

in Courtroom 28A.  Counsel who attend must be sufficiently familiar with the case to

answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to LCvR 16.3(a) of the Local Rules and Fed. R. Civ. P. 26 (f) and 26 (f)(1),

counsel shall submit their Joint Statement addressing all topics listed in LCvR 16.3 (c) no

later than 14 days following their meeting.  Counsel are also directed to either include in

their Joint Statement or in a supplemental pleading to be filed no later than 72 hours prior

to the Initial Scheduling Conference, a brief statement of the case and the statutory basis

for all causes of action and defenses.

Counsel are required to comply with Local Rule LCvR 16.3 and, in particular,

LCvR 16.3 (c).  In considering what form of alternative dispute resolution the parties

think the case is most suited to, counsel are reminded that amongst their options are

mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of

alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Dorothy Jones-Patterson, (202) 354-3189, or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, chambers can be reached at (202) 354-3340.


April 3, 2007                               _____/S/_____
        Date                               **COLLEEN KOLLAR-KOTELLY**
                                           **United States District Judge**

**APPENDIX I**

**Rule 16.3**
**DUTY TO CONFER**

(c)     **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the meeting required by this Rule, the parties shall discuss the following matters:

\* \* \*

(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

(i)     the client's goals in bringing or defending the litigation;

(ii)     whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)     the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa)     whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb)     whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)     whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)     whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.