IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LARRY KLAYMAN, *ET AL.*

       Plaintiffs,

v.

JUDICIAL WATCH, INC., *ET AL.*

       Defendants.

_____

Civil Action No. 1:06-CV-00670
Honorable Colleen Kollar-Kotelly

## BRIEF STATEMENT OF CASE AND STATUTORY BASIS

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes and Christopher J. Farrell, pursuant to this Court's April 3, 2007 Order and by undersigned counsel, hereby file this Brief Statement of the Case and Statutory Basis for claims and defenses.

## INTRODUCTION

This action arises from a Separation Agreement among Plaintiff Larry Klayman ("Klayman") and Defendant Judicial Watch, Inc. ("Judicial Watch"). Pursuant to this written Agreement, Klayman and his law firm, Klayman & Associates, acknowledged outstanding debts owed to Judicial Watch, which now total more than $250,000.00. Despite Judicial Watch's good faith efforts to collect this debt, Klayman and Klayman & Associates have paid only $4,572.68. Instead, Klayman filed this action seeking to avoid repayment of his outstanding debt and regain his position with Judicial Watch. Defendants deny any and all liability to Klayman.

## <u>STATEMENT OF THE CASE</u>

After this Court's adjudication of the Motion to Dismiss, Motion for Reconsideration and Motion for Partial Summary Judgment, the following is a general description of Klayman's remaining claims:

<u>Count Four</u>:    Plaintiff sues all Defendants pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B) for "false advertising" and "false endorsement" based on an October 2003 newsletter mailing.    Defendants' multiple defenses include innocent infringement, acquiescence of use, and an absence of a likelihood of confusion, which are based in part on the statutory language of 15 U.S.C. § 1114.

<u>Count Six</u>:    Klayman sues Judicial Watch for rescission based on the following alleged acts:  (1) failure to pay the health insurance of the Klayman family for the twelve months following Plaintiff's date of separation; (2) failure to remove Plaintiff as personal guarantor on Judicial Watch's lease; (3) failure to remove Plaintiff as a personal guarantor of Judicial Watch's credit cards; (4) failure to return and/or allow Klayman access to Klayman's personal property, including the artwork in the Miami Office and Klayman & Associate's records; (5) failure to allow Klayman access to documents regarding Judicial Watch's expense claims and Peter Paul's threat of litigation against Klayman; and (5) various "disparagement" claims and an assertion that Judicial Watch attempted to limit his ability to represent clients.

<u>Count Seven</u>:   Plaintiff sues Judicial Watch for breach of contract damages based on the same alleged actions as set forth above for Count Six.

<u>Count Eight</u>:    Plaintiff sues Judicial Watch for specific performance of the Severance Agreement based on the same alleged actions as set forth above for Count Six.

Count Nine:    Plaintiff sues all Defendants for defamation claims arising from the following alleged publications: (1) statement to Judicial Watch employees that Plaintiff filed suit against the Defendants because Klayman owes Judicial Watch "a significant sum of money;" and (2) statement to media that "Klayman filed his suit as a tactical maneuver designed to distract attention away from the fact that Klayman owes more than a quarter of a million dollars to Judicial Watch."

In response to the Complaint, Defendants Judicial Watch and Thomas Fitton filed a Counter Claim consisting of the following claims:

Count I:    Judicial Watch sues Klayman for his breach of the Severance Agreement by failing to repay Judicial Watch for more than $76,683.17 in personal costs and expenses that Klayman paid with Judicial Watch funds.

Count II:    Judicial Watch sues Klayman for his breach of the Severance Agreement by failing to repay Judicial Watch for more than $162,620.52 in Klayman & Associates' costs and expenses that were paid with Judicial Watch funds and for which Klayman acknowledged his responsibility.

Count III:    Judicial Watch sues Klayman for breach of his obligation in the Severance Agreement to indemnify Judicial Watch for any and all claims, liabilities, costs, damages or judgments of any and every kind (including, without limitation, attorneys' fees and costs) that arise from a breach of the Severance Agreement by Klayman or K&A. Current costs associated with Klayman's breach of the Severance Agreement exceed $100,000.00.

Count IV:    Judicial Watch sues Klayman for willful trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a), based on May 9, 2006, solicitation letter mailed to current Judicial Watch donors and others in which Klayman used Judicial Watch's registered trademark,

"Because No One Is Above the Law," without the consent of Judicial Watch.  In addition, without the consent of Judicial Watch, Klayman used the "Judicial Watch" trademark on the pre-addressed envelope that the letter-recipient was intended to use to return a monetary contribution to Klayman.

   Count V:  Judicial Watch sues Klayman for willful trademark infringement under the Lanham Act, 15 U.S.C. § 1125(1)(a), based on the same conduct alleged in Count IV because Klayman's unauthorized use of Judicial Watch's Federally registered trademarks constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation that is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of Klayman's activities, and has damaged Judicial Watch as a proximate result.

   Count VI:  Judicial Watch sues Klayman for breach of the Severance Agreement by publication of disparaging statements on his website and in fundraising correspondence.

   Count VII:  Thomas Fitton sues Klayman for breach of the Severance Agreement by publication of disparaging statements on his website and in fundraising correspondence.

   Count VIII:  Judicial Watch sues Klayman for breach of the Severance Agreement by use of confidential information in his fundraising efforts.

   Count IX:  Judicial Watch sues Klayman for breach of the Severance Agreement for violation of the non-competition clause.

  Klayman's failure to pay the debts owed to Judicial Watch have cost the organization more than $350,000.00.

Respectfully submitted,

/s/ *Richard W. Driscoll*

_____
Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: April 20, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April 2007, a copy of the foregoing Brief Statement of Case was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/ *Richard W. Driscoll*

_____
Richard W. Driscoll

5