IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670<br>Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**DEFENDANTS' INITIAL DISCLOSURES**

Defendants, Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (collectively "Defendants"), by undersigned counsel and pursuant to Fed.R.Civ.P. 26(a)(1), submit the following initial disclosures:

(A) The following individuals are likely to have discoverable information that the Defendants may use to support their claims or defenses:

1. Thomas J. Fitton, Defendant, 501 School Street, S.W., Suite 500, Washington, D.C. 20024. Mr. Fitton is generally familiar with facts relating to each of Plaintiff's claims and in particular with Plaintiff's employment by Judicial Watch, separation, the Severance Agreement, efforts to remove Plaintiff as a guarantor of the lease, removal of Plaintiff as a guarantor of the Judicial Watch credit card and response regarding Plaintiff's request for all records relating to Peter Paul. He is also generally familiar with facts establishing the Defendants' defenses.

2. Paul J. Orfanedes, Defendant, 501 School Street, S.W., Suite 500, Washington, D.C. 20024. Mr. Orfanedes is generally familiar with facts relating to some of Plaintiff's claims. In particular, he has knowledge relating to Plaintiff's employment

by Judicial Watch, separation, the Severance Agreement, motion to strike Plaintiff's appearance in the Dalrymple matter and Plaintiff's request for all records regarding Peter Paul. Mr. Orfanedes will also have knowledge relating to Defendants' defenses.

3. Christopher J. Farrell, Defendant, 501 School Street, S.W., Suite 500, Washington, D.C. 20024. Mr. Farrell is generally familiar with facts relating to some of Plaintiff's claims. In particular, he has knowledge relating to Plaintiff's employment by Judicial Watch. He is also familiar with facts establishing the Defendants' defenses.

4. Susan E. Prytherch, 501 School Street, S.W., Suite 500, Washington, D.C. 20024. Ms. Prytherch is generally familiar with facts relating to Plaintiff's claims. In particular, she has knowledge of Plaintiff's employment by Judicial Watch, separation, the Severance Agreement, debts owed by Plaintiff and Klayman & Associates to Judicial Watch, Plaintiff's health insurance benefits, removal of Plaintiff's personal belongings and removal of Klayman & Associates' property. She is also generally familiar with facts establishing the Defendants' defenses.

5. Hillary Jenkins, address unknown. Ms. Jenkins is generally familiar with facts relating to the removal of Plaintiff's personal property from the Washington, DC Office of Judicial Watch.

6. Sandra Cobas, address unknown. Ms. Cobas is generally familiar with facts relating to organizing, packing, and segregating Plaintiff's personal belongings and property belonging to K&A. These activities occurred prior to Plaintiff's departure from Judicial Watch's Washington, DC Office.

7. Jose Paredes, address unknown. Mr. Paredes is generally familiar

with facts relating to organizing, packing, and segregating Plaintiff's personal belongings and property belonging to K&A. These activities occurred prior to Plaintiff's departure from Judicial Watch's Washington, DC Office.

8. Lissette Tortora, address unknown. Ms. Tortora is generally familiar with facts relating to the removal of Plaintiff's personal property from the Washington, DC Office of Judicial Watch.

9. Kristinn Taylor, address unknown. Mr. Taylor is generally familiar with facts relating to the removal of Plaintiff's personal property from the Washington, DC Office of Judicial Watch.

10. Irene Garcia, 100 S.E. 2nd Street, Suite 3920, Miami, FL 33131. Ms. Garcia is generally familiar with facts relating to Plaintiff's removal of property from the Miami Office of Judicial Watch.

11. Plaintiff Larry E. Klayman, 540 Brickell Key Drive, Miami, Florida 33131.

12. Stephanie Luck Klayman, address currently unknown. Ms. Klayman is generally aware of the circumstances relating to health insurance benefits from Judicial Watch and Plaintiff's separation from Judicial Watch.

13. David P. Durbin, Esq., Jordan, Coyne & Savits, L.L.P., 1100 Connecticut Ave., N.W., Suite 600, Washington, D.C. 20036. Mr. Durbin is familiar with facts relating to Plaintiff's employment by Judicial Watch, separation and the Severance Agreement.

14. Herbert N. Beller, Esq., Sutherland, Asbill & Brennan, L.L.P., 1275 Pennsylvania Avenue, NW Washington, DC 20004-2415. Mr. Beller is familiar

with facts relating to Plaintiff's employment by Judicial Watch, separation and the Severance Agreement.

15. Stuart Pechner, Vanguard Realty Group. Mr. Pechner is familiar with facts relating to Judicial Watch's efforts to remove Plaintiff as a guarantor of the lease and efforts to purchase the building.

16. James Ray Cottrell, Gannon & Cottrell, address unknown. Mr. Cottrell is familiar with facts relating to the reason for Plaintiff's separation from Judicial Watch.

17. Denise Underberg Golden, address unknown. Ms. Golden is familiar with facts relating to the reason for Plaintiff's separation from Judicial Watch.

(B) The following is a description of documents, data, compilations and tangible things in Defendants' possession, custody or control that they may use to support their defenses or claims:

1. The September 19, 2003 Severance Agreement.

2. Judicial Watch files, including electronic and email files relating to the Plaintiff;

3. Communications, including electronic documents and e-mails between Plaintiff (and/or any of his representatives) and Defendants (and/or any of their representatives).

4. Health insurance benefit records for Plaintiff and his family.

5. Judicial Watch files relating to payroll and benefits for Stephanie Luck Klayman.

6. Judicial Watch records relating to amounts owed by Plaintiff and

Klayman & Associates.

       7.      Judicial Watch records relating to October 2003 Newsletter.

Pursuant to the Discovery Plan, the foregoing documents will be made available for production. Defendants reserve their right to identify additional documents as they are identified through discovery.

(C)    Damages Calculation: Defendants seek the following damages for their Counterclaim: (1) Count I: $77,399.45, plus pre- and post-judgment interest based on back-up documentation to be produced during discovery; (2) Count II: $162,620.52, plus pre- and post-judgment interest based on documentation to be produced during discovery; (3) Count III: at least $100,000, plus pre- and post-judgment interest based on back-up documentation to be produced during discovery; (4) Counts IV – V: amount to be determined at the trial pursuant to 15 U.S.C. § 1117(a) and trebled pursuant to 15 U.S.C. § 1117(a), plus costs of this action and reasonable attorney fees pursuant to 15 U.S.C. § 1117(a); and (5) Counts VI - IX: amount to be determined at trial pursuant to Severance Agreement.

(D)    Insurance Agreements:    Hartford Casualty Insurance Company, Policy No. 42 SBA BR8197, insuring Judicial Watch, Inc.

Respectfully submitted,

/s/ *Richard W. Driscoll*

_____

Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: April 20, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April 2007, a copy of the foregoing Initial Disclosures were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/ *Richard W. Driscoll*

_____

Richard W. Driscoll