IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL*. | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL*. | |
| Defendants. | |

**DEFENDANTS' MOTION FOR LEAVE TO AMEND COUNTERCLAIM**

Defendants/Counter-Claimants Judicial Watch, Inc. and Thomas J. Fitton (jointly "Judicial Watch"), by undersigned counsel and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby move to amend their Counterclaim. In support of this Motion, Judicial Watch states as follows:

1. Judicial Watch filed its Counterclaim on June 26, 2006 in response to Plaintiff Larry Klayman's ("Klayman") Second Amended Complaint. Since filing the Counterclaim, Judicial Watch has had an opportunity to obtain additional information. In addition, since that time, Klayman has pursued a course of action that requires expanded allegations concerning claims under the Lanham Act.

2. Judicial Watch now seeks to amend its Counterclaim to include discovered information and to accurately reflect Klayman's activities since June 2006. Accordingly, the Amended Counterclaim expands Count IV for trademark infringement, and divides Count V into two claims, namely, unfair competition claims for false advertising (Count V) and false association (Count VI) under the Lanham Act. The Counterclaim also includes a claim for

cybersquatting (Count VII).  A copy of the proposed Amended Counterclaim is attached hereto as Exhibit 1.

3.     Pursuant to Federal Rule of Civil Procedure 15(a), Judicial Watch may amend its Counterclaim by leave of this Court, which "leave shall be freely given when justice so requires." *Caribbean Broad. Sys., Ltd, v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).  Indeed, the Supreme Court recognized that "[i]f the underlying facts or circumstances relied upon by a [counter-claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This Court's determinations regarding a motion for leave to amend are reviewed for abuse of discretion.  *Id.*; *Caribbean Broad Sys.*, 148 F.3d at 1083.

4.     Pursuant to this Court's May 9, 2007, Amended Scheduling and Procedures Order, the deadline for requesting leave for amend is April 25, 2007.  Therefore, Judicial Watch's Motion is within the permissible time limits for requesting leave to amend.  Furthermore, this Motion is not the product of undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments.  On the contrary, it will assist in shaping the issues to be litigated in this case.

5.     <u>LCvR 7(m) CERTIFICATE:</u>  On May 24, 2007, undersigned counsel attempted to contact opposing counsel in a good faith effort to determine whether there is any opposition to the relief requested herein.  At the time of the filing of this Motion, opposing counsel did not respond and no discussion was conducted.

WHEREFORE, for all of the forgoing reasons, Defendants/Counter-Claimants Judicial Watch, Inc. and Thomas J. Fitton respectfully request that the Court GRANT this Motion for leave to amend the Counterclaim.

Respectfully submitted,

/s/ *Richard W. Driscoll*

———————————————————
Richard W. Driscoll (436471)
Terence J. Everitt (492139)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants and Counter-Claimants*
*Judicial Watch, Inc. and Thomas J. Fitton*

Dated: May 25, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May 2007, a copy of the foregoing Motion was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/ *Richard W. Driscoll*

———————————————————
Richard W. Driscoll

3