## SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW

| | | |
|---|---|---|
| NEW JERSEY OFFICE:<br>1000 LENOLA ROAD<br>P.O. BOX 1001<br>MOORESTOWN, NJ 08057<br>[856] 778-8100<br>FAX: [856] 722-5344 | SEVEN PENN CENTER<br>1635 MARKET STREET<br>SEVENTH FLOOR<br>PHILADELPHIA, PENNSYLVANIA 19103<br>[215] 241-8888<br>FAX: [215] 241-8844<br>WWW.LAWSGR.COM | FLORIDA OFFICE:<br>360 CENTRAL AVENUE<br>SUITE 1550<br>ST. PETERSBURG, FL 33701<br>[727] 896-4600<br>FAX: [727] 896-4604 |

*Jason B. Schaeffer*

May 29, 2006

E-MAIL
jschaeffer@lawsgr.com

DIRECT DIAL NUMBER
[215] 241-8887

**Via E-mail, Facsimile and Regular Mail**

Richard Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314

Re: **Klayman et al. v. Judicial Watch et al.**

Dear Richard:

This letter responds to our telephone conversation of Friday, May 26, 2006, during which you advised me that your clients' "defense strategy" likely will include the publication and dissemination of "information" that will attack my client, Larry Klayman's reputation, with allegations about, among other things, his prior marriage. This letter puts you on notice that any attempt or action that furthers this threat will result in strong counteraction on our part before all appropriate courts and state bar authorities on professional ethics.

Regrettably, your clients' purported request that you utilize this misinformation about Mr. Klayman is part and parcel to your clients' and, in particular, Tom Fitton's, prior conduct in smearing and harming Mr. Klayman's reputation. This type of conduct gave rise to the above-referenced lawsuit.

The allegations to which you referred in our May 26 conversation were shared, in the spring of 2003, by Mr. Klayman with Paul Orfanedes, Esquire, a director and attorney of Judicial Watch, and Thomas Fitton, in an attorney-client communication with Mr. Orfanedes and Mr. Fitton. Such allegations are not fact and, to the contrary, were withdrawn by Mr. Klayman's prior wife in the parties' marital agreement. In addition to being untrue, these allegations have no relevance to the instant proceeding or to any potential counterclaim. Further, and importantly, the allegations are subject to sealed court pleadings; any publication of these allegations will result not only in our moving for contempt citations and other sanctions and remedies, but also in an amendment to the above-referenced complaint and/or the commencement of new legal actions that will include all parties responsible for the allegations' publication or dissemination generally.

In short, if you and your clients, including their other counsel, Mr. David Barmak, decide to proceed with this disingenuous, false, and defamatory "defense strategy," then you hereby are on notice of the consequences, for which you will be held fully accountable.

**Spector Gadon & Rosen, P.C.**
    ATTORNEYS AT LAW

May 29, 2006
Page -2-

    I trust that you will use your professional judgment and caution your clients accordingly. I remain hopeful that we will be able to maintain the degree of professionalism that we, as counsel, have exhibited to date.

    Please govern yourselves accordingly.

                                    Sincerely,

                                    s//*Jason B. Schaeffer*

                                  Jason B. Schaeffer

cc:    Larry Klayman, Esquire
        Daniel Dugan, Esquire

268966-1