IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

## DEFENDANT JUDICIAL WATCH'S INTERROGATORIES TO PLAINTIFF

Defendant Judicial Watch, Inc., by undersigned counsel and pursuant to Fed. Rule of Civ. Pro. 33(a) and LCvR 26.2(b), hereby serves the following Interrogatories on Plaintiff Larry Klayman and requests that he answer them separately and fully, in writing, and under oath.

These Interrogatories are continuing in nature pursuant to Fed. Rule of Civ. Pro. 26(e)(2) so as to require you to file amended and/or supplemental answers if you learn that any prior answer is in some material respect incomplete or incorrect.

Where knowledge or information in possession of the party is requested, such request includes the knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, such party's attorneys.

## DEFINITIONS AND INSTRUCTIONS

1.  If you claim any privilege, immunity or qualified immunity with respect to any response, the following is requested for such information: (a) identify the privilege, immunity or qualified immunity and state the basis on which it is claimed; (b) identify each document for which you claim any privilege, immunity or qualified immunity,

including, the author(s), addressee(s), recipient(s), carbon and/or blind copy recipient(s), document date and subject matter thereof; and (c) identify each attachment to each document.

2. "Plaintiff," "you," and "your" shall mean Plaintiff Larry Klayman.

3. "Person" means any individual or natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, or local government agency, office, bureau, department, or entity.

4. "Litigation" shall refer to the time, place and circumstances mentioned or complained of in this action.

5. "Document" means every form in which information is kept in your possession, custody or control, whether prepared by you or by any other person. "Document" includes all writings (whether handwritten, typed, printed, copy, draft, stenographic, or other form), drawings, microfilm, microfiche, graphs, charts, photographs, recordings, films, videotapes, audiotapes, electronically stored data, electronic mail messages, or other data compilations.

6. "Identify," when used in reference to an individual, means to state the full name, present or last known business address and telephone numbers (or, if a business address or telephone number are unknown, the person's home address and telephone number), and present or last known occupation, employer, job title and description.

7. "Identify," when used in reference to a document, means to state the type of document, its date, the identity of its author(s) and recipient(s), and any title and reference or bates number appearing on the document, the identity of its present custodian, its present location, and a brief description of its subject matter. If such a

document was, but no longer is, in your possession, custody or control, please state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred to others, or (4) has been otherwise disposed of.

8. "Judicial Watch" shall mean Defendant Judicial Watch, Inc.

9. "Building" shall mean the building at 501 School Street, S.W., Washington, D.C.

10. "Severance Agreement" shall mean the September 19, 2003 Confidential Severance Agreement.

11. "Artwork" shall mean the artwork referenced in Plaintiffs' Second Amended Complaint and more thoroughly described in ¶ 21 of Plaintiffs' Statement of Genuine Issues in Opposition to Defendant's Motion for Summary Judgment on Counts VI, VII and VIII of the Complaint.

## INTERROGATORIES

INTERROGATORY NO. 1: State the name, current address and relationship to Plaintiff of all persons who assisted in answering these Interrogatories.

INTERROGATORY NO. 2: Identify each person having knowledge of any material fact or circumstance relating to the issues raised in this Litigation. Include witnesses or suspected witnesses, and describe the general subject matter of their knowledge.

INTERROGATORY NO. 3: If any person has given you any oral, written or recorded statement concerning your allegations in this Litigation, state the date of each such statement, provide the name and address of the person who provided the statement,

describe the subjects of the statement in general terms, and provide the name and address of the custodian(s) of the statement.

INTERROGATORY NO. 4:    Identify the name(s), address(es) and qualification(s) of any expert witness(es) that you expect to call to testify at trial in this proceeding. Include in your answer the specific subject matter upon which each expert is expected to testify, qualifications, substance of all findings and opinions to which each is expected to testify and provide a complete summary of the grounds for each opinion.

INTERROGATORY NO. 5:    If you contend that Defendants, or their agents, made any admissions regarding the Litigation, state in detail the content of those admissions, including, but not limited to, the substance of each admission, the date of the admission and the name and address of all persons with personal knowledge of each alleged admission.

INTERROGATORY NO. 6:    If you know of anyone who has documents relevant to the Litigation other than yourself, identify the custodian of any such documents with sufficient particularity to facilitate the service of a subpoena *duces tecum* on any such person(s) seeking production of any such document(s).

INTERROGATORY NO. 7:    Describe in detail the facts supporting your assertion that you are a "celebrity within the non-profit legal/political community."

INTERROGATORY NO. 8:    Describe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

4

INTERROGATORY NO. 9: If you contend that your personal relationships, business relationships and good will have been harmed by Defendants' alleged use of your name and/or likeness in fundraising activities, describe the harm in detail and identify all individuals with knowledge relating to the harm.

INTERROGATORY NO. 10: Identify and describe in detail each and every act of defamation committed by Defendants against you.

INTERROGATORY NO. 11: Describe in detail your reasons for leaving your employment with Judicial Watch.

INTERROGATORY NO. 12: Describe in detail any evidence you have supporting the assertion that Defendants failed to take affirmative steps to remove you as guarantor for the Judicial Watch building lease and identify all individuals with knowledge relating to this issue.

INTERROGATORY NO. 13: Describe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

INTERROGATORY NO. 14: If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention.

INTERROGATORY NO. 15: Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.

INTERROGATORY NO. 16: Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

INTERROGATORY NO. 17: List every television and newspaper interview you have participated in since your departure from Judicial Watch.

INTERROGATORY NO. 18: Describe in detail the Artwork at issue in this case.

INTERROGATORY NO. 19: Identify all counsel who assisted you during the negotiation of the Severance Agreement.

INTERROGATORY NO. 20: Identify each and every person from whom Judicial Watch employees concealed your location.

INTERROGATORY NO. 21: Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch.

INTERROGATORY NO. 22: Identify the source(s) of the "Saving Judicial Watch" donor list.

INTERROGATORY NO. 23: If you denied any of the Requests for Admission, explain in detail the reason(s) for each and every denial.

        Respectfully submitted,

        _____
        Richard W. Driscoll (436471)
        DRISCOLL & SELTZER, PLLC
        600 Cameron Street
        Alexandria, Virginia 22314
        703.340.1625 Telephone
        703.997.4892 Facsimile
        Email: rdriscoll@driscollseltzer.com
        *Counsel for Defendants Judicial Watch,*
        *Inc., Thomas J. Fitton, Paul J. Orfanedes*
        *and Christopher J. Farrell*

Dated: June 13, 2007

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 13th day of June 2007, a true copy of the foregoing Interrogatories was sent via facsimile and first class mail, postage prepaid, to:

        Daniel J. Dugan, Esquire
        Spector, Gadon & Rosen, P.C.
        Seven Penn Center
        1635 Market Street, 7th Floor
        Philadelphia, PA 19103

        _____
        Richard W. Driscoll