IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

## **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel and pursuant to Fed. Rule of Civ. Pro. 34, hereby serve the following Request for Production of Documents on Plaintiff Larry Klayman and request that the Plaintiff produce the following described documents and/or things within thirty (30) days after service of this Request.

This Request is continuing in nature pursuant to Fed. Rule of Civ. Pro. 26(e)(2) so as to require you to file amended and/or supplemental answers if you learn that any prior answer is in some material respect incomplete or incorrect.

## **DEFINITIONS AND INSTRUCTIONS**

1.  If you claim any privilege, immunity or qualified immunity with respect to any response, the following is requested for such information: (a) identify the privilege, immunity or qualified immunity and state the basis on which it is claimed; (b) identify each document for which you claim any privilege, immunity or qualified immunity, including, the author(s), addressee(s), recipient(s), carbon and/or blind copy recipient(s), document date and subject matter thereof; and (c) identify each attachment to each

document.

2.  If the original of any document has been destroyed or lost, or is no longer in your possession, set forth the contents of the document, the location of any copies of the document, the date the document was destroyed, lost or surrendered, and, if destroyed, the identity of the person authorizing the destruction, and the identity of the last known custodian of the document prior to its destruction.

3.  "Plaintiff," "you," and "your" shall mean Plaintiff Larry Klayman.

4.  "Person" means any individual or natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, or local government agency, office, bureau, department, or entity.

5.  "Litigation" shall refer to the time, place and circumstances mentioned or complained of in this action.

6.  "Document" means every form in which information is kept in your possession, custody or control, whether prepared by you or by any other person. "Document" includes all writings (whether handwritten, typed, printed, copy, draft, stenographic, or other form), drawings, microfilm, microfiche, graphs, charts, photographs, recordings, films, videotapes, audiotapes, electronically stored data, electronic mail messages, or other data compilations.

7.  "Identify," when used in reference to an individual, means to state the full name, present or last known business address and telephone numbers (or, if a business address or telephone number are unknown, the person's home address and telephone number), and present or last known occupation, employer, job title and description.

8.  "Identify," when used in reference to a document, means to state the type

of document, its date, the identity of its author(s) and recipient(s), and any title and reference or bates number appearing on the document, the identity of its present custodian, its present location, and a brief description of its subject matter.  If such a document was, but no longer is, in your possession, custody or control, please state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred to others, or (4) has been otherwise disposed of.

9. "Judicial Watch" shall mean Defendant Judicial Watch, Inc.

10. "Building" shall mean the building at 501 School Street, S.W., Washington, D.C.

11. "Severance Agreement" shall mean the September 19, 2003 Confidential Severance Agreement.

13. "Severance Date" shall mean September 19, 2003.

14. "Artwork" shall mean the artwork referenced in Plaintiffs' Second Amended Complaint and more thoroughly described in ¶ 21 of Plaintiffs' Statement of Genuine Issues in Opposition to Defendant's Motion for Summary Judgment on Counts VI, VII and VIII of the Complaint.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST NO. 1:     All documents reviewed or consulted in preparing responses to Defendants' Interrogatories.

REQUEST NO. 2:     All documents that support your claim that Defendants' misused and/or misrepresented your name and/or likeness for fundraising activities.

REQUEST NO. 3:    All documents relating to the calculation of your damages.

REQUEST NO. 4:    All documents that support your claim that Defendants disparaged, defamed and/or cast you in a false light to the public and media.

REQUEST NO. 5:    All documents relating to the Severance Agreement.

REQUEST NO. 6:    All documents supporting your claim that Defendant Thomas J. Fitton represented that he would take steps to find a successor for you as Chairman of Judicial Watch, Inc.

REQUEST NO. 7:    All documents relating to the calculation of monies owed to you by Judicial Watch.

REQUEST NO. 8:    All documents relating to your efforts to reclaim your property from Judicial Watch.

REQUEST NO. 9:    All documents relating to ownership of the disputed Artwork.

REQUEST NO. 10:    All documents relating to your position as guarantor of any Judicial Watch credit cards.

REQUEST NO. 11:    All documents relating to the calculation of damages in connection to your position as guarantor of the building.

REQUEST NO. 12:    All communications between you and Peter F. Paul.

REQUEST NO. 13:    All documents relating to the approval of payment of family health insurance coverage for you by Judicial Watch.

REQUEST NO. 14:    All documents relating to your reimbursement of Judicial Watch pursuant to ¶ 10 of the Severance Agreement.

REQUEST NO. 15:   All documents relating to your repayment of Klayman & Associates, P.C.'s debt to Judicial Watch pursuant to ¶ 11 of the Severance Agreement.

REQUEST NO. 16:   All documents that you have produced subsequent to the Severance Date which contains the term "Judicial Watch."

REQUEST NO. 17:   All documents that you have produced subsequent to the Severance Date which contains the phrase "Because No One is Above the Law!"

REQUEST NO. 18:   Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Saving Judicial Watch."

REQUEST NO. 19:   Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Freedom Watch."

REQUEST NO. 20:   Each and every press release that you have issued subsequent to the Severance Date.

REQUEST NO. 21:   All documents regarding your work with RightMarch.com.

        Respectfully submitted,

        _____
        Richard W. Driscoll (436471)
        DRISCOLL & SELTZER, PLLC
        600 Cameron Street
        Alexandria, Virginia 22314
        703.340.1625 Telephone
        703.997.4892 Facsimile
        Email: rdriscoll@driscollseltzer.com
        *Counsel for Defendants Judicial Watch,*
        *Inc., Thomas J. Fitton, Paul J. Orfanedes*
        *and Christopher J. Farrell*

Dated: June 13, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June 2007, a true copy of the foregoing Request for Production of Documents was sent via facsimile and first class mail, postage prepaid, to:

        Daniel J. Dugan, Esquire
        Spector, Gadon & Rosen, P.C.
        Seven Penn Center
        1635 Market Street, 7th Floor
        Philadelphia, PA 19103

        _____
        Richard W. Driscoll