IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL*. | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL*. | |
| Defendants. | |

### **DEFENDANT'S SUR-REPLY TO PLAINTIFF'S CROSS MOTION FOR SANCTIONS**

Defendants/Counter-Claimants ("Defendants"), Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, hereby submit this Sur-Reply to Plaintiff Larry Klayman's ("Klayman") Reply in Support of Plaintiff's Cross-Motion for Sanctions by the Undersigned counsel and pursuant to this Court's Minute Order entered October 1, 2007.

### **INTRODUCTION**

Defendants respond to the new documents and/or new issues raised by Klayman's Reply Memorandum in Support of his Cross Motion for Sanctions. In summary, Klayman's three newly attached exhibits fail to support Klayman's attempt to seek sanctions against Defendants, whether considered within or outside the scope of Rule 11. Klayman's Reply and Cross-Motion Memoranda merely set forth what would be purported defenses to the allegations in the Amended Counterclaim in lieu of a basis for sanctions. Instead, Klayman seeks to circumvent the discovery process by raising factual disputes at the pleading stage. Defendants submit that this is merely a tactic to further delay the filing of the Amended Counterclaim against him.

Klayman argues that Defendants wrongly make allegations in the Amended Counterclaim relating to the events precipitating his departure from Judicial Watch; thus, entitling him to sanctions. However, Klayman provides no basis for sanctions, but merely disputes the factual allegations of the Amended Counterclaim. Moreover, Defendants are entitled to raise these events in support of their Amended Counterclaim because Klayman himself placed these events at issue in the Second Amended Complaint. *See* Second Amended Complaint, including but not limited to, ¶¶ 24, 27, 31, 33, 131 & 157. As set forth below, the new issues and documents advanced in Klayman's Reply Memorandum fail to provide any legal basis to delay filing of the Amended Counterclaim, or to impose sanctions against Defendants.

## ARGUMENT

### I. THE ORDER OF SEAL DOES NOT RESTRICT DEFENDANTS' RIGHT TO FILE THE AMENDED COUNTERCLAIM

Klayman argues that including the facts relating to the events leading to his termination by Judicial Watch violate an "Order of Seal." To support this claim, Klayman relies on an Order of Seal from the Circuit Court for the County of Fairfax, dated June 19, 2003. *See* Plaintiff's Exhibit 1 to Reply Memorandum. The Order of Seal reads, in relevant part, as follows:

> It is hereby ORDERED that the record hereof be sealed and withheld from public inspection and hereafter the same shall only be opened to the parties, their respective attorneys, and to such other persons as a judge of this court in his discretion shall decide to have a proper interest therein.

*See Id.* The test of this Order does not restrict the Defendants' right to allege facts relating to conversations among Klayman and the Defendants, nor does it contain a 'gag order' or similar non-disclosure provision. It simply prohibits a review of the record without further court permission. *See Id.*; *see also* Pl.'s Reply.

The basis for the Amended Counterclaim is not the court file for Klayman's divorce. Indeed, Klayman does not allege that Defendants reviewed this Record in violation of the Order as no such review occurred. Instead, the basis is a conversation that Klayman admits occurred. Moreover, as a practical matter, the Order of Seal was entered subsequent to the date of the conversation as plead by Defendants.

Finally, by Klayman's own admission, and the basis of the facts plead in the Amended Counterclaim, Defendants' actual knowledge of the divorce allegations resulted from Klayman's own disclosures to Defendants and not through any physical review of a sealed court record. *See* Plaintiff's Reply Memorandum at p. 9. In fact, Klayman wrote, "[i]ndeed, at the time that the parties were discussing ***Klayman's previous disclosure of the divorce allegations***, Judicial Watch acknowledged in writing that Barmak was Klayman's personal attorney." (*See Id.*, (emphasis added)). By Klayman's own admission, he made earlier disclosures of the divorce allegations.

Accordingly, the facts do not fall within the scope of the Order of Seal. Therefore, Klayman fails to meet the legal burden necessary to support sanctions. The Court should treat Klayman's Motion for what it is – an attempt to delay Defendants' redress for Klayman's egregious wrongs as set forth in the Amended Counterclaim.

## II.     DISCLOSURE OF KLAYMAN'S ADMISSIONS DOES NOT VIOLATE THE ATTORNEY-CLIENT PRIVILEGE

In a perverse twisting of the facts, Klayman contends that disclosure of his admissions to Defendants violates the attorney/client privilege. As support for this confusing allegation, Klayman provides a letter in which Mr. Barmack, Judicial Watch's outside general counsel, acknowledges that he may have personally advised Klayman while he was Chairman and

General Counsel of Judicial Watch. *See* Plaintiff's Reply Memorandum, Exhibit 3. It appears that Klayman contends his potential relationship with Mr. Barmak somehow attaches to communications among Klayman, Orfanedes and Fitton, for which Mr. Barmak was not present. Further, Klayman alleges that because his disclosures to Fitton and Orfanedes were later discussed in the presence of Mr. Barmak, the earlier admission became privileged. Regardless of whether it was also discussed in front of counsel at a later date, Klayman admits that the conversation first took place between Defendants and Klayman *outside* the presence of counsel. In relevant part, Klayman admits:

> at the time that the parties were discussing ***Klayman's previous disclosure of the divorce allegations***, Judicial Watch acknowledged in writing that Barmak was Klayman's personal attorney."

*See supra, p. 9.* There is no basis in law or fact to support Klayman's claim of privilege. Klayman's disclosures to Defendants did not obtain a cloak of privilege merely because he alleges they were later discussed with an attorney. This issue provides no grounds for sanctions.

### III. KLAYMAN'S REPLY MEMORANDUM IS MERELY AN ATTEMPT TO DELAY FILING OF THE COUNTERCLAIM BY RAISING HIS DEFENSES IN ADVANCE

Klayman raises several other reasons in the Reply Memorandum that do not require a response at this time as they merely contest the factual accuracy of the Amended Counterclaim, but provide no support for these disputes other than Klayman's personal opinion. Therefore, the Amended Counterclaim is properly plead and must be allowed to proceed. Moreover, this Court is not authorized to impose sanctions merely because Klayman objects to disclosure of embarrassing information regarding his conduct.

**CONCLUSION**

Klayman makes unjustifiable claims against these Defendants in an attempt to prevent discovery and delay justice for Judicial Watch. There are no grounds for imposition of any sanctions. Accordingly, Defendants respectfully request that the Court GRANT the Motion for Leave to Amend the Counterclaims and further that the Court DENY Plaintiff's Cross Motion for Sanctions.

> Respectfully submitted,
>
> /s/ *Richard W. Driscoll*
> _____
> Richard W. Driscoll (436471)
> Juli Haller Simonyi (466921)
> DRISCOLL & SELTZER, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> 703.340.1625 Telephone
> 703.997.4892 Facsimile
> Email: rdriscoll@driscollseltzer.com
>
> *Counsel for Defendants*

Dated: October 9, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October 2007, a copy of the foregoing Sur-Reply Memorandum was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

> /s/ *Richard W. Driscoll*
> _____
> Richard W. Driscoll