IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Klayman,<br>   *Plaintiff,*<br><br>  v.<br><br>Judicial Watch, Inc., *et al.*<br>   *Defendants.* | Civil Action No. 1:06-CV-00670<br><br>Honorable Colleen Kollar-Kotelly<br><br><br>**Jury Trial Demanded.** |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

Plaintiff Larry Klayman responds to the interrogatories of defendant Judicial Watch as follows:

### GENERAL OBJECTIONS

1. Klayman objects to the Interrogatories to the extent that defendant attempts to impose obligations on him greater than those permitted by the Federal Rules of Civil of Procedure.

2. Klayman objects to these Interrogatories to the extent the information requested is protected under attorney-client privilege, the attorney-work product doctrine, or is subject to any other privilege or legal right. Klayman further objects to these Interrogatories to the extent that they seek legal conclusions, or opinions.

3. Klayman further objects to the definitions contained in these Interrogatories to the extent that they are inconsistent with (a) the ordinary and customary meaning of such words and phases, (b) the rules governing the permissible scope of discovery, or (c) the definition set forth by Klayman in its responses.

367534-1

4. Each of Klayman's general objections is applicable to and hereby incorporated into each and every response to specific Requests. Any response by Plaintiff to any Request is made without waiver of, and is limited by, the general objections made herein.

5. Klayman reserves the right to supplement or amend these responses as additional information and documents become available through discovery.

Consistent with these general objections, Klayman responds below to the specific Interrogatories.

## RESPONSES TO SPECIFIC INTERROGATORIES

1. State the name, current address and relationship to Plaintiff of all persons who assisted in answering these Interrogatories.

**Response:** Larry Klayman

2. Identify each person having knowledge of any material fact or circumstance relating to the issues raised in this Litigation. Include witnesses or suspected witnesses, and describe the general subject matter of their knowledge.

**Response:** Any such information is set forth in Plaintiff's initial disclosures at ¶ A.

3. If any person has given you any oral, written or recorded statement concerning your allegations in this Litigation, state the date of each such statement, provide the name and address of the person who provided the statement, describe the subjects of the statement in general terms, and provide the name and address of the custodian(s) of the statement.

**Response:** None

4. Identify the name(s), address(es) and qualification(s) of any expert witness(es) that you expect to call to testify at trial in this proceeding. Include in your answer the specific subject matter upon which each expert is expected to testify, qualifications, substance of all

2

367534-1

findings and opinions to which each is expected to testify and provide a complete summary of the grounds for each opinion.

**Response:** Plaintiff has not yet retained any expert witness.

5. If you contend that Defendants, or their agents made any admissions regarding the Litigation, state in the content of those admissions, including, but not limited to, the substance of each admission, the date of the admission and the name and address of all persons with personal knowledge of each alleged admission.

**Response:** Plaintiff objects to this interrogatory because it is overly broad, neither limited in time nor scope, nor to issues relevant to this litigation, nor to admissions against interest. In addition, it improperly seeks information relating to evidentiary matters relating to admissions against interest that are not relevant at this stage of the litigation. As a result, plaintiff cannot meaningfully respond.

6. If you know of anyone who has documents relevant to the Litigation other than yourself, identify the custodian of any such documents with sufficient particularity to facilitate the service of a subpoena *duces tecum* on any such person(s) seeking production of any such document(s).

**Response:** Any such information is set forth in Plaintiff's initial disclosures at ¶ B.

7. Describe in detail the facts supporting your assertion that you are a "celebrity within the non-profit legal/political community."

**Response:** Plaintiff objects to this interrogatory on the grounds that it calls for a narrative response. Notwithstanding that objection, facts that confirm my celebrity status in the non-profit legal/political community include, without limitation, numerous articles in

3

newspapers and magazines about me, most of which can be found by doing a Google search, plus numerous TV and radio interviews of me.

8.  Describe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:** All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

9.  If you contend that your personal relationship, business relationships and good will have been harmed by Defendants' alleged use of your name and/or likeness in fundraising activities, describe the harm in detail and identify all individuals with knowledge relating to the harm.

**Response:** Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

10. Identify and describe in detail each and every act of defamation committed by Defendants against you.

**Response:** Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

11. Describe in detail your reasons for leaving your employment with Judicial Watch.

**Response:** To run for the US Senate from Florida. *See also* the Severance Agreement.

12. Describe in detail any evidence you have supporting the assertion that Defendants failed to take affirmative steps to remove you as guarantor for the Judicial Watch building lease and identify all individuals with knowledge relating to this issue.

**Response:** This information is contained in Plaintiff's Statement of Material Facts Genuinely in Dispute Submitted in Opposition to Defendants' Motion for Partial Summary Judgment on Counts VI, VII and VIII of the Complaint (the "Statement") at ¶¶ 12, 14, 16.

13. Describe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:** All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

14. If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention.

**Response:** Discovery from the defendants will provide the information to respond fully to this interrogatory. Such information currently known is contained in the Statement at ¶¶ 18-31.

5

367534-1

15. Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.

**Response:** Such information currently known is contained in the Statement at ¶¶ 55-58.

16. Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:** All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

17. List every television and newspaper interview you have participated in since your departure from Judicial Watch.

**Response:** Plaintiff objects to this interrogatory because it is overbroad, vague and ambiguous. In addition, the defendants can obtain information responsive to this request by conducting an internet search and otherwise

18. Describe in detail the Artwork at issue in this case.

**Response:** This information is contained in the Statement at ¶¶ 55-58.

19. Identify all counsel who assisted you during the negotiation of the Severance Agreement.

6

367534-1

**Response:** Counsel's name is on the Severance Agreement and otherwise known to defendants.

20. Identify each and every person from whom Judicial Watch employees concealed your location.

**Response:** Judicial Watch and its employees concealed my location from every person who called into Judicial Watch and told callers that the location, as well as my reason for leaving Judicial Watch, was confidential. I was also disparaged and defamed during these calls. Discovery will reveal the identities of such persons.

21. Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch.

**Response:** On information and belief, every major TV and radio network.

22. Identify the source(s) of the "Saving Judicial Watch" donor list.

**Response:** Plaintiff objects to this interrogatory because it seeks confidential, propriety and irrelevant information. Without waiving that objection, Judicial Watch is not the source of the donor list; to the contrary, defendants have not provided plaintiff with any access to Judicial Watch's donor list.

23. If you denied any of the Requests for Admission, explain in detail the reason(s) for each and every denial.

367534-1

**Response:**   Not applicable.

                              Objections only,

                              **SPECTOR GADON & ROSEN, P.C.**

                    By:   _Daniel J. Dugan_____
                              Daniel J. Dugan, Esquire
                              1635 Market Street, 7th floor
                              Philadelphia, PA  19103
                              215.241.8872 --215.241.8844 *fax*
                              *ddugan@lawsgr.com*
                              *Attorneys for Plaintiff*

July 23, 2007

8

367534-1

## VERIFICATION

I, Larry Klayman, hereby verify that the statements set forth in the foregoing responses to interrogatories are true and correct to the best of my knowledge, information and belief.

Signed this _23d_ day of July, 2007.

_____
LARRY KLAYMAN

Sworn to and subscribed before me this ___ day of July, 2007.

_____
Notary Public
My Commission Expires:

9

367534-1

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2007, I served a true and correct copy of Plaintiff's Responses to Defendants' Interrogatories on the following by US Mail, postage prepaid:

>Richard W. Driscoll, Esquire
>Driscoll & Seltzer, PLLC
>600 Cameron Street
>Alexandria, Virginia 22314
>*Counsel for Defendants*

>*Daniel J. Dugan*
>Daniel J. Dugan

367534-1