SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **WALTER B. TOLUB**    PART _____

Index Number : 103916/2007
STERN, JARED PAUL
vs
BURKLE, RONALD
Sequence Number : 003
SUBST/RELIEVE/WITHDRAW COUNSEL

INDEX NO. _____
MOTION DATE _____
MOTION SEQ. NO. _____
MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

Cross-Motion:  ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion

**IS DECIDED IN ACCORDANCE WITH ACCOMPANYING MEMORANDUM DECISION**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

FILED
SEP 07 2007
NEW YORK
COUNTY CLERK'S OFFICE

Dated: 9/6/07

WALTER B. TOLUB J.S.C.

Check one:  ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 15
------------------------------------------x
JARED PAUL STERN,

        Plaintiff,

Index No.103916/2007
Mtn Seq.003

    -against-
RONALD BURKLE, FRANK RENZI, MICHAEL
SITRICK, WILLIAM SHERMAN,
THE NEW YORK DAILY NEWS,
HILLARY RODHAM CLINTON, and
WILLIAM JEFFERSON CLINTON

        Defendants.
------------------------------------------x

FILED SEP 07 2007 NEW YORK COUNTY CLERK'S OFFICE

**WALTER B. TOLUB, J.:**

    By this motion Plaintiff seeks admission of Mr. Larry Klayman, pro hac vice. Plaintiff's motion is denied.

    In support if Plaintiff's motion, Mr. Klayman has submitted an application for special admission pro hac vice stating that he is a member of good standing of the bars of Florida, Pennsylvania and the District of Columbia. However, Mr. Klayman has been cited repeatedly, in many different jurisdictions, for inappropriate and unethical behavior. For example:

> 1. In 2003, Chief Judge John C. Coughenour of the United States District Court for the Western District of Washington rejected Mr. Klayman's request for a new trial and characterized his arguments "regarding the conduct and demeanor of this Court" as "bizarre" and "beyond the far fetched." Dely v. Far Eastern Shipping Co, 238 F.Supp.2d 1231, 1241 [W.D. Wash 2003].
> 2. In 2001, Judge James Robertson of the United States District Court for the District of Columbia criticized Mr. Klayman and his organization for acting with "malicious glee" and for their "forked tongue response to the

Court's order." Judge Robertson concluded that Mr. Klayman's "maneuver is not funny, and is indeed sanctionable." <u>Judicial Watch of Florida Inc. v. US Dept of Justice</u>, 159 F.Supp.2d 763, 764 [D.D.C. 2001]

3. In 1999, Judge Royce C. Lamberth of the United States District Court for the District of Columbia wrote that he had "grown weary of [Mr. Klayman's] use-and-abuse- of the discovery process. The court has already sanctioned [Mr. Klayman] for making representations to the court, allowing the court to rely upon those representations in a favorable ruling, and then later contravening those very (mis)representations." <u>Alexander v. FBI</u>, 186 FRD 188, 190 [D.D.C 1999].

4. In 1997, Judge Denny Chin of the United States District Court for the Southern District of New York sanctioned Mr. Klayman for "undignified and discourteous conduct that was both degrading to the Court and prejudicial to the administration of justice." <u>MacDraw, Inc. v. CIT Group Eqip. Financing Inc.</u>, 994 F.Supp. 447, 455 [SDNY 1997] *aff'd* 138 F.3d 33, 37 [2d Cir 1998]. The court found that Mr. Klayman had advanced "preposterous" claims, had engaged repeatedly in "abusive and obnoxious" behavior during depositions and had accused the court of racial and political bias. *Id.* at 457-59. Judge Chin revoked Mr. Klayman's pro hac vice admission, stated that he would deny and future applications in the SDNY. *Id.* at 460. The Second Circuit affirmed the decision, stating that it could "find no error in the sanctioning of [Mr. Klayman], much less an abuse of discretion." 138 F.3d 33, 37 [2d Cir. 1998]).

5. In 1997, Judge Ricardo A. Urbina of the United States District Court for the District of Columbia denied a request to order Mr. Klayman's client to pay attorneys' fees. Nonetheless, Judge Urbina sharply rebuked Mr. Klayman for "often highly inappropriate" conduct and stated that his performance "was episodically blighted by rude and unprofessional behavior which was directed toward the presiding judge and opposing

2

counsel." *Material Supply Int'l, Inc. v. Sunmatch Indus. Co. Ltd.*, No. Civ. A. 94-1184, 1997 WL 243223 at *8 & 10n.17 [D.D.C May 7, 1997] *aff'd in part and rev'd in part*, 146 F.3d 983 [D.C. Cir. 1998].

6. In 1996, Judge William D. Keller of the United States District Court for the Central District of California sanctioned Mr. Klayman's law firm for "unreasonably and vexatiously multiplying the proceedings" and barred Mr. Klayman permanently and prospectively" from appearing before him pro hac vice ever again. *Baldwin Hardware Corp. v. Franku Enterprise Corp.*, 78 F.3d 550, 555 [Fed Cir. 1996][noting that Mr. Klayman, in his appellate briefs, accused the trial judge of anti-Asian bias]. The Federal Circuit affirmed the sanctions. *Id.* at 564.

7. In 1994, the United States Court of International Trade sanctioned Mr. Klayman for filing an untimely complaint and opposing the Government's motion to dismiss with "frivolous filings" that "wasted time and resources of defendants as well as of the court." *Wire Rope Importers' Assn v. United States*, 18 CIT 478, 1994 WL 235620 at *7 [May 26, 1994].

Although New York favors representation by counsel of one's own choosing, the court has broad discretion in deciding whether to grant pro hac vice admission to an out of state attorney. (22 NYCRR 520.11(a)(1); *Neal v. Ecolab Inc.*, 252 AD2d 716 [3d Dept 1998]). As a learned colleauge recently noted:

> Admission pro hac vice is a privilege, not a right *See Leis v. Flynt*, 49 US 438 [1979]. In deciding whether to admit an attorney pro hac vice, the court must strike a balance between the right of a litigant to be represented by counsel of the litigant's choosing (*See S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.*, 69 NY2d 437 [1987]) and the court's obligation to assure

>     that proceedings are conducted with order and
>     decorum (See 22 NYCRR 100.3[B][2]), to
>     dispose of matters promptly, efficiently and
>     fairly (22 NYCRR 100.3[B][7]) and to assure
>     that an attorney's conduct comports to the
>     Code of Professional Responsibility 922 NYCRR
>     100.3[D][2]).

(Adkins v. Lipper, Gordon & Co., 10 Misc.3d 1062(A) [NY Sup. 2005]).

Mr. Klayman's record demonstrates more than an occasional lapse of judgment, it evinces a total disregard for the judicial process. There is no reason for Mr. Klayman to be involved in this case or appear in this court.

Accordingly it is

ORDERED that Plaintiff's motion to admit Mr. Klayman pro hac vice is denied.

Counsel for the parties are directed to appear for a conference on October 26, 2006 at 11:00 am in room 335 at 60 Centre Street.

This memorandum opinion constitutes the decision and order of the Court.

Dated: 9/6/07

FILED
SEP 07 2007
NEW YORK
COUNTY CLERK'S OFFICE

HON. WALTER B. TOLUB, J.S.C.

4