IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel, hereby respond to Plaintiff's Request for Production of Documents.

GENERAL OBJECTIONS

I. Defendants object to the Requests to the extent they seek to impose obligations that are beyond the scope permitted by the Federal Rules of Civil Procedure.

II. All responses are based upon the best information currently available and Defendants reserve their right to supplement responses as discovery proceeds, and new information comes to light, as its own investigation and review continues.

III. Defendants object to the Requests to the extent they are overly-broad, duplicative, unduly burdensome, oppressive, vexatious, and/or seek information that is not relevant to a claim or defense of any party.

IV. Defendants object to the Requests to the extent they seek information protected by the attorney-client privilege.

V. Defendants object to the Requests to the extent they seek information

which constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

VI.   Defendants object to the Requests to the extent that they seek information not within the possession, custody or control of these Defendants.

VII.   Defendants' failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

## RESPONSES

REQUEST NO. 1:   Any and all documents that refer or relate to the negotiation, drafting and execution of the Agreement.

RESPONSE TO NO. 1:   Defendants object to this Request to the extent that it is overly broad, duplicative, unduly burdensome, oppressive, vexatious, and seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendants object to this Request as unduly burdensome as the information may be obtained or ascertained from copies of the Plaintiff's business records, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff, and the records are identified and/or in the possession of Plaintiff.  Subject to, and without waiving any objections, Defendants state that no such documents exist based on the definition of the term "Agreement".

REQUEST NO. 2:   Any and all documents that refer or relate to any of the allegations in the Complaint, Answer or Counterclaim.

RESPONSE TO NO. 2:   As to the Complaint, Defendants object to this Request as overly-broad, unduly burdensome, oppressive, vexatious, and seeking documents that are not relevant to a claim or defense, but would require production of

2

documents related to Counts that were dismissed pursuant to the Court's Order granting, in part, Defendants' Motion to Dismiss. Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. As to the "Answer" and "Counterclaim," no such documents exist based on the definition provided for these terms. Subject to and without waiving any objections, Defendants state that relevant documents relating to the Complaint will be produced. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

>REQUEST NO. 3:   Any and all communications including emails and other documents (as defined herein) which relate, in whole or in part, to Klayman from the period from September 2003 to the present.

>RESPONSE TO NO. 3:   Defendants object to this Request as overly-broad, unduly burdensome, oppressive, vexatious, and seeking documents that are not relevant to this case, but would include production of every document that relates, in any way to Klayman since September 2003 regardless of the subject matter of the communication. Defendants object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. Subject to and without waiving any objections, Defendants state that documents responsive to this Request will

3

be produced. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

>REQUEST NO. 4: Any and all documents that refer or relate to the issuance of the October 2003 mailing to donors.

>RESPONSE TO NO. 4: Defendants object to this Request as overly-broad, unduly burdensome, oppressive, vexatious, and seeking documents that are not relevant to this case. Defendants further object to this Request as vague and ambiguous in that the term "October 2003 mailing" is not defined and fails to inform the Defendants of what documents are being requested. Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. Finally, Defendants object to producing non-public, proprietary information that does not relate to remaining claims in this litigation. Subject to and without waiving any objections, Defendants will produce documents reasonably responsive to this Request. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

REQUEST NO. 5: Any and all documents that refer or relate to Klayman's separation from Judicial Watch.

RESPONSE TO NO. 5: Defendants object to this Request as overly-broad, unduly burdensome, oppressive, vexatious, and seeking documents that are not relevant to this case. Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. Further, Defendants object to this Request as unduly burdensome as the information may be obtained or ascertained from copies of the Plaintiff's business records, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff, and the records are identified and/or in the possession of Plaintiff. Subject to and without waiving any objections, Defendants will produce documents responsive to this Request. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

REQUEST NO. 6: Any and all documents that refer or relate to efforts allegedly made to remove Klayman as guarantor of Judicial Watch's building lease from September 2003 through the present.

RESPONSE TO NO. 6: Defendants object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or

5

legal theories of counsel. Subject to and without waiving any objection, Defendants will produce documents responsive to this Request. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

> REQUEST NO. 7: Any and all documents that refer or relate to instructions given by Judicial Watch to employees, independent contractors, agents and/or third parties in connection with the circumstances surrounding Klayman's separation from Judicial Watch.

> RESPONSE TO NO. 7: Defendants object to this Request as overly broad,

duplicative, unduly burdensome, oppressive, vexatious, unnecessarily costly, or insufficiently probative to the issues in the case to justify the expenses of production and/or seeking information that is not relevant to this case. Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. Subject to and without waiving any objection, Defendants will produce documents responsive to this Request. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

REQUEST NO. 8: Any and all documents that refer or relate to your allegations that Klayman's separation from Judicial Watch was for reasons other than his pursuit of other endeavors, including Klayman's run for the Senate seat vacated by Bob Graham in 2003.

RESPONSE TO NO. 8: Defendants object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel. Subject to and without waiving any objection, Defendants will produce documents responsive to this Request. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

REQUEST NO. 9: Any and all documents, including without any limitation financial records, that refer or relate to the collection and use of any funds donated in the fall and winter of 2003.

RESPONSE TO NO. 9: Defendants object to this request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production. In addition, Defendants object to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to producing non-public, proprietary information that does not relate to remaining claims in this litigation. Subject to and without waiving any objection, Defendants will produce documents responsive to this Request. However, Defendants object to

producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

>REQUEST NO. 10: A copy of Judicial Watch federal tax returns, including without limitation IRS form 990 from 2002 until the present.

>RESPONSE TO NO. 10: Defendants object to this request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production. In addition, Defendants object to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to producing non-public, proprietary information that does not relate to remaining claims in this litigation.

>REQUEST NO. 11: A copy of Fitton's federal income tax returns for the period from 2003 until the present.

>RESPONSE TO NO. 11: Defendants object to this request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production. In addition, Defendants object to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to producing non-public, private information that does not relate to remaining claims in this litigation. Finally, this Request violates Mr. Fitton's rights of privacy.

>REQUEST NO. 12: Any and all documents that refer or relate to the employment of Mike Pendleton, including without limitation his employment file and any expenses allegedly incurred but not reimbursed further to his separation

from Judicial Watch.

RESPONSE TO NO. 12:    Defendants object to this request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production.  In addition, Defendants object to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to producing non-public, proprietary information that does not relate to remaining claims in this litigation.  Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel.  Finally, this Request violates Mr. Pendleton's rights of privacy.

> REQUEST NO. 13:  Any and all documents that refer or relate to any inventories, compilations or other summaries in connection with property owned or purchased by Klayman prior to September 2003 that you claim should not have been returned to Klayman following his separation in September 2003.

RESPONSE TO NO. 13:    Defendants object to this Request as vague, ambiguous and incomprehensible.  Defendants also object to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel.  Subject to and without waiving any objection, no such documents exist.

> REQUEST NO. 14:  Any and all documents that refer or relate to any inventories, compilations or other summaries in connection with Klayman & Associates records and/or property owned or prior to September 2003 that you claim should not have been returned to Klayman following his separation in September 2003.

RESPONSE TO NO. 14:  Defendants object to this Request as vague, ambiguous and incomprehensible.  Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel.  Defendants note that this Request appears to be the same as Request No. 13 except that it relates to Klayman & Associates.  Interpreting the Request in this way, no such documents exist.

REQUEST NO. 15:  Any and all documents that refer or relate to any instructions given by Judicial Watch to employees and/or third parties in connection with the return of Klayman's personal property and/or Klayman & Associates records and/or property.

RESPONSE TO NO. 15:  Defendants object to this Request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly and insufficiently probative to the issues in the case to justify the expenses of production and/or seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to producing any non-public, proprietary information not specifically bearing of Plaintiff's allegations without a protective order.  Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or which would disclose the mental impressions, conclusions, opinions or legal theories of counsel.  Subject to and without waiving any objection, Defendants will produce responsive documents to the extent that they exist.  However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the

10

information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

>REQUEST NO. 16:   Any and all documents that refer or relate to the closing of Judicial Watch regional offices in Dallas, Texas, and Chicago, Illinois.

>RESPONSE TO NO. 16:   Defendants object to this Request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production. In addition, Defendants object to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and is inconsistent with the Privacy Act. Defendants further object to producing non-public, proprietary information that does not relate to remaining claims in this litigation. Defendants also object to producing documents responsive to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

>REQUEST NO. 17:   Any and all documents that refer or relate to your decision to end the Judicial Watch Report on radio and television.

>RESPONSE TO NO. 17:   Defendants object to this Request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production. In addition, Defendants object to this Request as it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to producing non-public, proprietary information that does not relate to remaining claims in this litigation. Defendants also object to producing documents responsive to

this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel.

REQUEST NO. 18:   The complete employment file of Klayman.

RESPONSE TO NO. 18:   Defendants object to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel.  Subject to and without waiving any objection, Defendants will produce responsive documents to the extent that they exist.  However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers.  Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

REQUEST NO. 19:   Any and all documents that refer or relate to any internal or other audits and/or investigations conducted by Defendants regarding Klayman's expenses and to other directors including Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell.

RESPONSE TO NO. 19:   Defendants object to this Request as vague, ambiguous and incomprehensible.  Defendants also object to this Request as overly broad, unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production.  Defendants further object to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or

legal theories of counsel. Subject to and without waiving any objection, Defendants will produce responsive documents to the extent that they exist regarding Klayman. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the Court and obtain protection from Klayman's harassing tactics.

> REQUEST NO. 20: Any and all documents that refer or relate to expenses allegedly incurred, but not reimbursed by Klayman pursuant to the Agreement.

> RESPONSE TO NO. 20: Based on Plaintiff's definition for the term

"Agreement," no such documents exits.

> REQUEST NO. 21: Any and all documents upon which defendants intend to rely in support of the allegation advanced at paragraph 7 of the Counterclaim.

> RESPONSE TO NO. 21: Based on Plaintiff's definition for the term

"Counterclaim," no such documents exits.

> REQUEST NO. 22: Any and all documents upon which defendants intend to rely in support of the allegation advanced at paragraph 16 of the Counterclaim.

> RESPONSE TO NO. 22: Based on Plaintiff's definition for the term

"Counterclaim," no such documents exits.

> REQUEST NO. 23: Any and all documents upon which defendants intend to rely in support of the allegation advanced at paragraph 17 of the Counterclaim.

> RESPONSE TO NO. 23: Based on Plaintiff's definition for the term

"Counterclaim," no such documents exits.

> REQUEST NO. 24: Any and all documents that refer or relate to Fitton's real estate investments in the country of Belize.

> RESPONSE TO NO. 24: Defendants object to this Request as overly broad,

unduly burdensome, oppressive, vexatious, unnecessarily costly, and insufficiently probative of any issue in this case to justify the expense of production. Subject to and without waiving any objection, no such documents exist.

REQUEST NO. 25: Any and all documents that refer or relate to communications between Judicial Watch and the media and/or third parties, including Judicial Watch clients such as Gennifer Flowers, concerning Klayman and/or his Senate Campaign.

RESPONSE TO NO. 25: Defendants object to this Request as overly broad, unduly burdensome, oppressive, vexatious and unnecessarily costly because as phrased, the Request seeks all documents related to any communication between Judicial Watch and anyone else regarding Klayman. Defendants further object to the Request as insufficiently probative of any issue in this case to justify the expense of production. Defendants also object to this Request to the extent that it is intended to encompass information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. Finally, Defendants object to producing any non-public, proprietary information not specifically bearing of Plaintiff's allegations without a protective order. Subject to and without waiving any objection, Defendants will produce responsive documents to the extent that they related to remaining claims in this litigation. However, Defendants object to producing documents responsive to this Request absent an appropriate protective order to ensure the integrity of the information and prevent Klayman from using the information for his campaign to smear Judicial Watch and its officers. Judicial Watch will file a Motion for Protective Order to present this issue to the

Court and obtain protection from Klayman's harassing tactics.

                                        Respectfully submitted,

                                        _____
                                        Richard W. Driscoll (436471)
                                        Juli Haller Simonyi (466921)
                                        DRISCOLL & SELTZER, PLLC
                                        600 Cameron Street
                                        Alexandria, Virginia 22314
                                        703.340.1625 Telephone
                                        703.997.4892 Facsimile
                                        Email: rdriscoll@driscollseltzer.com
                                        *Counsel for Defendants Judicial Watch,*
                                        *Inc., Thomas J. Fitton, Paul J. Orfanedes*
                                        *and Christopher J. Farrell*

Dated: July 26, 2007

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 26th day of July 2007, a true copy of the foregoing Response to Plaintiff's Request for Production of Documents was sent by first class mail, postage prepaid, to:

                        Daniel J. Dugan, Esquire
                        Spector, Gadon & Rosen, P.C.
                        Seven Penn Center
                        1635 Market Street, 7th Floor
                        Philadelphia, PA 19103

                                        _____
                                        Richard W. Driscoll