IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

## ORDER GRANTING PROTECTIVE ORDER

THIS COURT has before it Defendants' Motion for Protective Order, which Plaintiff opposes.

WHEREAS, Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "Judicial Watch") filed a Motion For Protective Order seeking protection for information containing trade secrets and other proprietary information produced in *Larry Klayman v. Judicial Watch, Inc., et al.*, Civil Action No. 1:06-CV-00670 ("Litigation"); and

WHEREAS, a Protective Order is necessary to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order,

IT IS HEREBY ORDERED THAT:

1. General Prohibition on Disclosure of Information. All information exchanged in discovery by Judicial Watch or obtained through depositions, including information designated "CONFIDENTIAL", shall not be disclosed. Notwithstanding anything written herein to the contrary and under no circumstances shall such information be disclosed in any way to, or used by, Larry Klayman.

      2.      Designation of Discovery Materials as "CONFIDENTIAL". All documents and information produced in the course of discovery by Judicial Watch, and all deposition testimony and deposition exhibits concerning Judicial Watch in this action shall be subject to this Order, as set forth below:

      (a)      All documents and information produced by Judicial Watch shall be designated "CONFIDENTIAL," except for those documents that Judicial Watch agrees are not entitled to any other confidentiality protection.

      (b)      The designation of "CONFIDENTIAL" for documents shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, a white label or stamp such that the designations appear on the documents in a clear and prominent manner.

      (c)      Any deposition testimony that describes or refers to a document that has been designated as "CONFIDENTIAL," as described above, shall be deemed to be designated as "CONFIDENTIAL" and subject to this Protective Order.

      (d)      Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by counsel for the parties in this Litigation or any parties in this Litigation or any persons identified in Subparagraph (d) for any purposes whatsoever other than preparing for and conducting this Litigation in which the information or documents were disclosed (including appeals). For purposes of this subparagraph, documents and information designated "CONFIDENTIAL" may be disclosed in the following circumstances:

      (i)      Disclosure may be made to counsel and employees of counsel for the parties in this Litigation who have direct functional responsibility for the conduct, preparation and trial of this Litigation. Any such employee to whom counsel for the parties in this

Litigation makes a disclosure shall be provided with a copy of, execute and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

    (ii)  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee or representative to whom counsel for the parties in this Litigation makes a disclosure shall be provided with a copy of, execute and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence prior to any disclosure being made to such employee or representative.

    (iii)  Disclosure may be made to court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter, videographer or person engaged in making photocopies of documents, such person shall be provided with a copy of, execute and become subject to, the provisions of this Protective Order.

    (iv)  Disclosure may be made to expert witnesses who are designated to testify at trial of this Litigation. Prior to disclosure to any such expert, the expert shall be provided with a copy of, execute and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

    (v)  Disclosure may be made to witnesses for use at deposition in and at trial of this Litigation after the witnesses are provided with a copy of, execute and become subject to, the provisions of this Protective Order. Judicial Watch shall be provided with fifteen (15) days notice of the proposed disclosure and afforded an opportunity to object to the disclosure.

(e) Counsel for the parties to this Litigation shall keep all documents and information designated as "CONFIDENTIAL" that are received under this Protective Order secure within their exclusive possession and shall take all reasonable efforts to place such documents in a secure area. Counsel for the parties to this Protective Order shall remain responsible for any improper disclosure to any party or party representative of any document or information designated "CONFIDENTIAL."

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" under this Protective Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

3. "CONFIDENTIAL" Information Filed with Court. To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Superior Court for the District of Columbia in this Litigation, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA DATED _____" or such other procedure as the Court deems proper.

4. Return of "CONFIDENTIAL" Material at Conclusion of Litigation. At the conclusion of this Litigation, all material treated as confidential under this Protective Order and not received in evidence shall be returned to the originating party. If the parties to this Protective Order so stipulate, the material may be destroyed instead of being returned.

5. Effect of Obtaining Documents from Sources other than Judicial Watch. Notwithstanding any of the foregoing provisions, if any party to this Litigation has obtained from any source other than Judicial Watch, a copy of any document that Judicial Watch has designated as "CONFIDENTIAL", that designation shall apply to the document regardless of whether the document had been so designated by that other source. Judicial Watch, however, expressly reserves any and all claims against Larry Klayman or any other party for infringement of its intellectual property rights regardless of the source from which the document was obtained.

6. Violation of this Protective Order. Judicial Watch reserves the right to pursue any and all legal remedies for violation of this Protective Order or any other protective order or any other order of this Court or any other court, including those provided by the District of Columbia Uniform Trade Secrets Act. Further, any person executing this Protective Order hereby agrees to jurisdiction and venue in this Court for any and all proceedings regarding violation of this Protective Order.

Dated: November ___, 2007          SPECTOR, GADON & ROSEN, PC


By:_____
    Daniel J. Dugan
    Attorneys for Plaintiff Larry Klayman

Dated: November ___, 2007          DRISCOLL & SELTZER, PLLC


By:_____
   Richard W. Driscoll
   Attorneys for Defendants Judicial Watch, Inc.,
   Thomas J. Fitton, Paul J. Orfanedes and
   Christopher J. Farrell

**IT IS SO ORDERED:**

Dated: November ____, 2007




_____
Honorable Colleen Kollar-Kotelly
Judge, United States District Court

cc:    Copies to all counsel