IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Klayman,<br>   *Plaintiff,*<br><br>v.<br><br>Judicial Watch, Inc., *et al.*<br>   *Defendants.* | Civil Action No. 1:06-CV-00670<br><br>Honorable Colleen Kollar-Kotelly<br><br><br>**Jury Trial Demanded.** |

## PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R Civ.P. 34, Plaintiff, Larry Klayman responds to Defendants' Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Plaintiffs object to each request to the extent that the Definitions and Instructions in the Request exceed the bounds of discovery provided by the Federal Rules of Civil Procedure.

2. Plaintiffs also object to each request to the extent that it seeks to elicit any information that is protected by the attorney-client privilege, the work product doctrine or any other applicable claim of privilege or other legal right. To the extent that Plaintiffs respond to any request, each such response is subject to each of these General Objections as well as the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege and each such response is without waiver of Plaintiffs' right to contest such request at a later date.

3. Each of Plaintiffs' General Objections is applicable to and hereby incorporated into each and every response to each request. Any response by Plaintiffs to any request is made

370907-1

without waiver of, and is limited by, the General Objections made herein. Plaintiff reserves his right to supplement these responses.

Subject to their general objections above, Plaintiffs respond to the specific requests as follows:

### RESPONSES

1. All documents reviewed or consulted in preparing responses to Defendants' Interrogatories.

   **Response:** Plaintiff objects to this request to the extent it seeks any documents other than those identified in Answers to Interrogatories. Those documents will be produced.

2. All documents that support your claim that Defendants' misused and/or misrepresented your name and/or likeness for fundraising activities.

   **Response:** Relevant documents evidencing Plaintiff's calculation of damages will be produced at a mutually agreeable time, date and place. Plaintiff objects to the production of any additional documents on the grounds that the requests seek irrelevant information the production of which would be burdensome and harassing.

3. All documents relating to the calculation of your damages.

   **Response:** Relevant non-privileged documents will be produced at a mutually agreeable time, date and place.

4. All documents that support your claim that Defendants disparaged, defamed and/or cast you in a false light to the public and media.

   **Response:** Relevant non-privileged documents will be produced at a mutually agreeable time, date and place.

5. All documents relating to the Severance Agreement.

**Response:** Plaintiff objects to this request because other than with respect to the Severance Agreement itself (which is attached to the Complaint in this matter), the request (a) is vague, ambiguous and overly broad, and (b) seeks documents that are protected by attorney client, work product, and other applicable privileges.

6. All documents supporting your claim that Defendant Thomas J. Fitton represented that he would take steps to find a successor for you as Chairman of Judicial Watch, Inc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

7. All documents relating to the calculation of monies owed to you by Judicial Watch.

**Response:** Relevant documents, including without limitation documents relating to personal expenses owed to the plaintiff, are in the possession and control of the defendants, who have refused to provide them to the Plaintiff.

8. All documents relating to your efforts to reclaim your property from Judicial Watch.

**Response:** Relevant documents will be produced at a mutually agreeable time, date and place. Relevant documents are also in the possession and control of the defendants, who have refused thus far to produce them to the plaintiff.

9. All documents relating to ownership of the disputed Artwork.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place. Relevant documents are also in the possession, custody and control of defendants but defendants have thus far refused to produce them

10. All documents relating to your position as guarantor of any Judicial Watch credit cards.

3

370907-1

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

11. All documents relating to the calculation of damages in connection to your position as guarantor of the building.

**Response:** Plaintiff objects to this request because it is duplicative of request number three.

12. All communications between you and Peter F. Paul.

**Response:** Plaintiff objects to this request because it (a) is vague, ambiguous and overly broad, (b) seeks documents that are protected by attorney client and work product privileges, and (c) seeks irrelevant information the production of which would be burdensome and harassing.

13. All documents relating to the approval of payment of family health insurance coverage for you by Judicial Watch.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place. Relevant documents, which include, without limitation, those referred to in the Severance Agreement, are within the possession and control of Judicial Watch. Any such relevant documents will be produced at a mutually agreeable date, time and place.

14. All documents relating to your reimbursement of Judicial Watch pursuant to paragraph ten of the Severance Agreement.

**Response:** Relevant documents will be produced at a mutually agreeable date, time and place. Relevant documents are also within the possession and control of Judicial Watch.

15. All documents relating to your repayment of Klayman & Associates, P.C.'s debt to Judicial Watch pursuant to paragraph eleven of the Severance Agreement.

**Response:** Plaintiff objects to this request on the grounds that it seeks irrelevant information the production of which would be burdensome and harassing.

4

16. All documents that you have produced subsequent to the severance date which contains the term "Judicial Watch".

**Response:** Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

17. All documents that you have produced subsequent to the Severance Date which contains the phrase "Because No One is Above the Law!"

**Response:** Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

18. Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Saving Judicial Watch."

**Response:** Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

19. Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Freedom Watch."

**Response:** Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

20. Each and every press release that you have issued subsequent to the Severance Date.

370907-1

**Response:** Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation the production of which would be burdensome and harassing.

21. All documents regarding your work with RightMarch.com.

**Response:** Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation the production of which would be burdensome and harassing.

Objections only,

**SPECTOR GADON & ROSEN, P.C.**

By: *Daniel J. Dugan*
Daniel J. Dugan, Esquire
1635 Market Street, 7th floor
Philadelphia, PA 19103
215.241.8872 --215.241.8844 *fax*
*ddugan@lawsgr.com*
*Attorneys for Plaintiff*

July 23, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 23th day of July, 2007, a true and correct copy of Plaintiff's Responses to Defendants' Requests for Production of Documents were served on the following by U.S. Mail, postage pre-paid:

> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> *Counsel for Defendants*

> *Daniel J. Dugan*
> Daniel J. Dugan, Esquire