AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARRY KLAYMAN

V.

JUDICIAL WATCH, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] U.S.D.C., CA 1:06-CV-00670

TO: DIENER CONSULTANTS, INC.
Serve: Philip Sheldon
1725 Oregon Pike, Suite 106
Lancaster, PA 17601

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached document request, Appendix A to this Subpoena.

| PLACE  Driscoll & Seltzer, PLLC, 600 Cameron St., Alexandria, VA 22314 | DATE AND TIME  11/16/2007 4:00 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    attorneys for Defendants    DATE  10·29·07

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Juli Z. Haller Simonyi, 600 Cameron St., Alexandria, VA 22314, 703.340.1628, Attorneys for Defendants

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, ET AL.

    Plaintiffs,

v.

JUDICIAL WATCH, INC., ET AL.

    Defendants.

Civil Action No. 1:06-CV-00670
Honorable Colleen Kollar-Kotelly

## APPENDIX A. DOCUMENTS REQUESTED

To:   Diener Consultants, Inc.
      Serve: Mr. Phillip Sheldon
      1725 Oregon Pike, Suite 106
      Lancaster, PA 17601

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel and pursuant to Fed. Rule of Civ. Pro. 45 and the attached Subpoena, hereby request the following Documents to be produced as stated, in accordance with the following Definitions and Instructions.

### DEFINITIONS AND INSTRUCTIONS

    1.    If you claim any privilege, immunity or qualified immunity with respect to any response, the following is requested for such information: (a) identify the privilege, immunity or qualified immunity and state the basis on which it is claimed; (b) identify each document for which you claim any privilege, immunity or qualified immunity, including, the author(s), addressee(s), recipient(s), carbon and/or blind copy recipient(s), document date and subject matter thereof; and (c) identify each attachment to each document.

    2.    If the original of any document has been destroyed or lost, or is no longer in your possession, set forth the contents of the document, the location of any copies of the document, the date the document was destroyed, lost or surrendered, and, if destroyed, the identity of the person authorizing the destruction, and the identity of the last known custodian of the document prior to its destruction.

    3.    The term "Documents" shall be used in the broadest sense and shall include, without limitation, any of the following items in your actual or constructive possession, custody

or control, whether such items are typed, printed, recorded, stored in a computer, reproduced by any mechanical process, or copied or written by hand: contracts, communications, correspondence, telegrams, memoranda, statements, records, reports, books, summaries and/or recordings of telephone conversations, summaries and/or recordings of personal conversations, lists, manuals, databases, quotes, bids, rating methodologies, diaries, forecasts, orders, bills, invoices, checks, studies, graphs, charts, accounts, work papers, indexes, data sheets, data processing cards, analytical records, minutes and/or records of meetings and conferences, reports and/or summaries of interviews, reports and/or opinions of consultants, attorneys, accountants and/or financial advisors, records, reports and/or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, projections, drafts, working papers, copies, marginal notations, photographs, drawings, tape recordings, financial statements, summaries, reports, records and the like, and all other written, printed, recorded or graphic matter, photographic matter, or sound production, however produced or reproduced. The term "Documents" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

    4.  The term "Communications" shall refer to any transmission of any sort whatsoever, by one or more persons, to one or more persons, by any means whatsoever, including, but not limited to, telephone conversations, letters, electronic mail, telegrams, teletypes, telecopies, telexes, written memoranda, radio, cable, television, and face-to-face conversations or meetings.

    5.  Any reference to an individual shall mean that individual, in his personal and professional capacity, and all agents or representatives of that individual, as well as all persons and entities acting or purporting to act on that individual's behalf.

    6.  Any reference to an entity shall mean that entity, all agents or representatives of that entity, and all persons or entities acting or purporting to act on that entity's behalf.

    7.  As may be necessary to bring within the scope of any interrogatory or request any response that might otherwise be construed to be outside its scope, the following shall apply: all uses of the conjunctive "and" herein include the disjunctive "or" and vice versa; all words in the singular include the plural and vice versa; all uses of the masculine gender include the feminine gender and vice versa; and all verb tenses shall include the past, present, and future tenses.

    8.  The time frame of this request is from 2003 to the present.

    9.  "You" shall be defined as DIENER CONSULTANTS, INC. and any officer, director, principal, representative, employee or agent of DIENER CONSULTANTS, INC.

## DOCUMENT REQUESTS

  REQUEST NO. 1.  Any and all contracts and/or agreements and/or purchase orders entered into, by and between you and Larry Klayman or any entity with Larry Klayman as principal, including but not limited to, (1) Larry Klayman's 2004 U.S. Senate campaign, a/k/a

"Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 2.    Any and all communications with Larry Klayman and you including but not limited to, (1) Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 3.    Any and all internal communications concerning or relating work you conducted for Larry Klayman including but not limited to, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 4.    Any and all communications with third parties concerning or relating to any work you conducted for Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 5.    Any and all documents concerning, relating to, or reflecting "list selects," "special selects," or criteria for selecting individuals or lists of individuals to whom you sent direct mail solicitations for or on behalf of (1) Larry Klayman and/or Larry Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 6.    Any and all documents concerning or relating to any list orders, including but not limited to internal or in-house lists orders or orders for the "Viguerie Master File," "Viguerie Combined Master File," or similar, in-house master list, for any direct mail campaign or other fundraising campaigns you conducted for (1) Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 7.    Any and all bills and/or invoices for services performed or that you generated for or on behalf of (1) Larry Klayman and/or Larry Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 8.    Any and all documents, records, or other data concerning or relating to respondents to any direct mail campaign or other fundraising campaigns you conducted Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry

Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns. Documents include, but not limited to, mail code data identifying the list from which respondents' names were generated.

REQUEST NO. 10. Any and all reports, analyses or accountings of the results of any direct mail campaign or other fundraising campaigns you conducted for (1) Larry Klayman; Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; or (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 11. Any and all other documents concerning or relating to any direct mail campaign or other fundraising campaigns you conducted for (1) Larry Klayman; Larry Klayman's 2004 U.S. Senate Campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

Respectfully submitted,

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
Email: jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: October 24, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October 2007, a true copy of the foregoing Subpoena and Appendix A, Document Request was sent via facsimile and first class mail, postage prepaid, to:

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

_____
Juli Haller Simonyi