IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, ET AL.<br><br>        Plaintiffs,<br><br>v.<br><br>JUDICIAL WATCH, INC., ET AL.<br><br>        Defendants. | Civil Action No. 1:06-CV-00670<br>Honorable Colleen Kollar-Kotelly |

## APP. A.  DOCUMENTS REQUESTED

To:   American Target Advertising, Inc.
       Suite 400
       9625 Surveyor Court
       Manassas, VA 20110

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel and pursuant to Fed. Rule of Civ. Pro. 45 and the attached Subpoena, hereby request the following Documents to be produced as stated, in accordance with the following Definitions and Instructions.

## DEFINITIONS AND INSTRUCTIONS

1. If you claim any privilege, immunity or qualified immunity with respect to any response, the following is requested for such information: (a) identify the privilege, immunity or qualified immunity and state the basis on which it is claimed; (b) identify each document for which you claim any privilege, immunity or qualified immunity, including, the author(s), addressee(s), recipient(s), carbon and/or blind copy recipient(s), document date and subject matter thereof; and (c) identify each attachment to each document.

2. If the original of any document has been destroyed or lost, or is no longer in your possession, set forth the contents of the document, the location of any copies of the document, the date the document was destroyed, lost or surrendered, and, if destroyed, the identity of the person authorizing the destruction, and the identity of the last known custodian of the document prior to its destruction.

3. The term "Documents" shall be used in the broadest sense and shall include, without limitation, any of the following items in your actual or constructive possession, custody

or control, whether such items are typed, printed, recorded, stored in a computer, reproduced by any mechanical process, or copied or written by hand: contracts, communications, correspondence, telegrams, memoranda, statements, records, reports, books, summaries and/or recordings of telephone conversations, summaries and/or recordings of personal conversations, lists, manuals, databases, quotes, bids, rating methodologies, diaries, forecasts, orders, bills, invoices, checks, studies, graphs, charts, accounts, work papers, indexes, data sheets, data processing cards, analytical records, minutes and/or records of meetings and conferences, reports and/or summaries of interviews, reports and/or opinions of consultants, attorneys, accountants and/or financial advisors, records, reports and/or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, projections, drafts, working papers, copies, marginal notations, photographs, drawings, tape recordings, financial statements, summaries, reports, records and the like, and all other written, printed, recorded or graphic matter, photographic matter, or sound production, however produced or reproduced. The term "Documents" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

4. The term "Communications" shall refer to any transmission of any sort whatsoever, by one or more persons, to one or more persons, by any means whatsoever, including, but not limited to, telephone conversations, letters, electronic mail, telegrams, teletypes, telecopies, telexes, written memoranda, radio, cable, television, and face-to-face conversations or meetings.

5. Any reference to an individual shall mean that individual, in his personal and professional capacity, and all agents or representatives of that individual, as well as all persons and entities acting or purporting to act on that individual's behalf.

6. Any reference to an entity shall mean that entity, all agents or representatives of that entity, and all persons or entities acting or purporting to act on that entity's behalf.

7. As may be necessary to bring within the scope of any interrogatory or request any response that might otherwise be construed to be outside its scope, the following shall apply: all uses of the conjunctive "and" herein include the disjunctive "or" and vice versa; all words in the singular include the plural and vice versa; all uses of the masculine gender include the feminine gender and vice versa; and all verb tenses shall include the past, present, and future tenses.

8. The time frame of this request is from 2003 to the present.

9. "You" shall be defined as American Target Advertising, Inc. and any officer, director, principal, representative, employee or agent of American Target Advertising, Inc.

## DOCUMENT REQUESTS

REQUEST NO. 1. Any and all contracts and/or agreements and/or purchase orders entered into, by and between you and Larry Klayman or any entity with Larry Klayman as principal, including but not limited to, (1) Larry Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any

other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 2.   Any and all communications with Larry Klayman and you including but not limited to, (1) Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 3.   Any and all internal communications concerning or relating to any direct mail campaign or other fundraising campaigns you conducted for Larry Klayman including but not limited to, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 4.   Any and all communications with third parties concerning or relating to any direct mail campaign or other fundraising campaigns you conducted for Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 5.   An exemplary of each and every direct mail solicitation you prepared for or on behalf of (1) Larry Klayman and/or Larry Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman"; or (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 6.   Any and all documents concerning, relating to, or reflecting "list selects," "special selects," or criteria for selecting individuals or lists of individuals to whom direct mail solicitations you sent for or on behalf of (1) Larry Klayman and/or Larry Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 7.   Any and all documents concerning or relating to any list orders, including but not limited to internal or in-house lists orders or orders for the "Viguerie Master File," "Viguerie Combined Master File," or similar, in-house master list, for any direct mail campaign or other fundraising campaigns you conducted for (1) Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 8.   Any and all documents, records, or other data contained within the "blue book system" concerning or relating to any direct mail campaign or other fundraising

campaigns you conducted for Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 9.   Any and all documents, records, or other data concerning or relating to respondents to any direct mail campaign or other fundraising campaigns you conducted Larry Klayman, Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns. Documents include, but not limited to, mail code data identifying the list from which respondents' names were generated.

REQUEST NO. 10.   Any and all reports, analyses, or accountings of the results of any direct mail campaign or other fundraising campaigns you conducted for (1) Larry Klayman; Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; or (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 11.   Any and all other documents concerning or relating to any direct mail campaign or other fundraising campaigns you conducted for (1) Larry Klayman; Larry Klayman's 2004 U.S. Senate Campaign, a/k/a "Friends of Larry Klayman," (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

Respectfully submitted,

/s/

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
Email: jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: October 24, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____/2007, a true copy of the foregoing Subpoena and Appendix A, Document Request was sent via facsimile and first class mail, postage prepaid, to:

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

_____
Juli Haller Simonyi