IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, ET AL. <br><br> Plaintiffs, <br><br> v. <br><br> JUDICIAL WATCH INC., ET AL. <br><br> Defendants, | Case No. CA 1:06-CV-00670 (CKK) |

### OBJECTION OF AMERICAN TARGET ADVERTISING, INC. TO SUBPOENA AND REQUEST FOR DOCUMENTS

American Target Advertising, Inc. ("ATA"), by and through legal counsel and pursuant to Rules 26(b) and 45(c)(2)(B) of the Federal Rules of Civil Procedure, objects to the subpoena and request for documents issued by defendant Judicial Watch and served upon ATA on the grounds that it seeks privileged information as more described herein.

1. On or about September 4, 2003, ATA entered into an agreement with Friends of Larry Klayman ("FLK") under which ATA was to provide certain direct marketing and fundraising services. ATA's services included (A) writing and designing copy for direct mail letters to be promulgated into Florida and nationally, (B) based on ATA's unique skills, trade secrets, research, development, expertise and knowledge of marketplace conditions, identifying certain lists and list selects to which mailings should be sent and that would most likely include potential donors and/or respondents to FLK mailings, and (C) securing print and other vendors for the mailings and their returns.

1

2. One of the market niches and unique selling points of ATA is that it knows how to quickly develop large files of donors and other respondents for its clients using direct marketing techniques it has pioneered over the course of its more than 42 years of business, and which ATA continues to develop with protection and security. ATA's contracts and services are of a unique and special nature because, among other reasons, ATA is financially at risk for the financial losses of its clients' direct marketing and fundraising programs, and the lists developed by ATA are used as consideration and security to pay for potential losses. The methods by which ATA selects lists and uses components or list selects within such lists is vital to its business model.

3. The methods and criteria by which ATA identifies, researches and develops lists and list selects are trade secrets, the exposure of which would harm ATA financially and put ATA and its clients at a disadvantage with competitors and the general direct marketing and fundraising marketplace. Since the methods by which it selects lists and the list selects themselves are critical underpinnings of ATA's method of business, ATA takes serious precautions and security measures to protect those trade secrets. Exposure of such trade secrets would undermine ATA's entire method of doing business, and would harm its existing clients, which rely extensively on ATA's business methods and trade secrets for the success of the services provided by ATA.

4. ATA therefore objects to the defendant's requests for documents insofar as they cover communications and documents that constitute trade secrets and/or other confidential research, development, and commercial information with respect to lists and list selects. Such documents and communications constitute only a small portion of the

2

communications and documents in ATA's possession that have been requested and that ATA will produce.

5. Towards the end of the contract term and following the termination of services under that contract, a dispute arose and continued between ATA and FLK regarding FLK's fulfillment of the contract terms. ATA began preparation to file a lawsuit against FLK for breach and other potential causes of action. Certain communications between ATA's officers and its in-house legal counsel, Mark Fitzgibbons, and certain communications between ATA's outside legal counsel for this matter, David McC. Estabrook, and ATA's officers and its in-house legal counsel, were made in anticipation of litigation. Certain documents and communications also contain the work product, mental impressions, conclusions, opinions and legal theories or legal counsel concerning the litigation.

6. ATA objects to the defendant's requests for documents insofar as they cover certain communications and documents prepared by ATA and both internal and outside counsel in preparation for, and anticipation of, such litigation, which are subject to the attorney-client privilege and the attorney work-product privilege. Such documents and communications constitute only a small portion of the communications and documents in ATA's possession that have been requested and that ATA will produce.

7. ATA therefore withholds documents and communications that are subject to this Objection until these issues are resolved by good-faith resolution or court order.[1] Should the defendant seek a court order compelling such documents and communications pursuant to Rule 45(c), ATA shall ask the court for (A) a protective order that does not

---

[1] ATA has sought an extension to produce documents from defendant's attorney due to the voluminous nature of the request. Today ATA also received via facsimile Plaintiff's Motion to Quash Subpoenas, or Alternatively for Protective Order.

require production of such privileged documents, and/or (B) in the alternative, some other reasonable protective order to keep such documents and communications under seal, and that provides for the return of such documents and communications to ATA.

Respectfully submitted,

Mark J. Fitzgibbons (425927)
9625 Surveyor Court, #400
Manassas, Virginia 20110
703.392.7676 Telephone
703.392.7654 Facsimile
Email: mfitzgibbons@americantarget.com
Counsel for American Target Advertising, Inc.

Dated: November 6, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 6th day of November, 2007, a true and correct copy of the foregoing Objection of American Target Advertising, Inc. to Subpoena and Request for Documents was sent via facsimile and United States First-Class Mail, postage prepaid, to:

Juli Z. Haller Simonyi, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314

and

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, PC
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103

Mark J. Fitzgibbons