IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, ET AL.

    Plaintiffs,

v.

JUDICIAL WATCH INC., ET AL.

    Defendants,

Case No. CA 1:06-CV-00670 (CKK)

### SECOND OBJECTION OF AMERICAN TARGET ADVERTISING, INC. TO SUBPOENA AND REQUEST FOR DOCUMENTS

    American Target Advertising, Inc. ("ATA"), by and through legal counsel and pursuant to Rules 26(b) and 45(c)(2)(B) of the Federal Rules of Civil Procedure, objects to the subpoena and request for documents issued by defendant Judicial Watch and served upon ATA on the grounds of relevancy as more described herein.

    1. The subpoena and request for documents issued to ATA includes requests for documents stored in computers and electronic mail.

    2. ATA is an agency that provides services to multiple clients, mostly nonprofit organizations. ATA secures goods and services from third-party vendors on behalf of ATA's clients to produce mailings, to receive returns for its clients' mailings and other communications, and to provide data about those mailings and returns. In many, but not all, cases those third-party vendors provide services for multiple clients' of ATA.

    3. Some of ATA's internal and external communications to third parties include references to, and information about, the services provided by ATA to multiple clients, and data pertaining to multiple clients. Those communications, information and data are

1

not relevant to the litigation between the plaintiff and defendant in this matter insofar as they include information and data about ATA clients that are not subject to the above-captioned litigation.

4. Besides being not relevant to this litigation between plaintiff and defendant, some communications, information and data are subject to contracts that have confidentiality provisions. A typical confidentiality provision contained in some of ATA's contracts reads as follows:

> Client and ATA hereby agree to keep confidential this Agreement and all correspondence, reports, information and communications (hereinafter "Information") by and between the parties. ATA and Client agree to use Information provided by either party to the other only for projects conducted herein and not to sell, trade or otherwise disseminate to third parties such Information, except as may be required for reporting purposes to regulating government agencies and/or organizations or as otherwise permitted herein.

5. The electronic mail and documents stored in computers sought by defendant pursuant to the subpoena issued to ATA would include such information not relevant to the litigation and/or subject to confidentiality agreements. To produce only (1) documents and communications sought by defendant, but not (2) information not relevant to the litigation and/or not subject to confidentiality agreements, ATA must print electronic mail and computer-stored documents, and redact non-relevant information and data.

6. ATA therefore objects to the defendant's requests for communications and documents insofar as they cover certain internal and external communications and documents that contain information involving multiple clients of ATA, and/or subject to confidentiality agreements between ATA and its clients that are not parties to this litigation, because such information is not relevant to defendant's litigation.

2

7. ATA therefore shall print and redact electronic documents and communications that are subject to, and in accordance with, this Second Objection.[1] Should the defendant seek a court order compelling such documents and communications pursuant to Rule 45(c), ATA shall ask the court for (A) a protective order that does not require production of such non-relevant documents and communications, and/or (B) in the alternative, some other reasonable protective order to keep such documents and communications under seal, and that provides for the return of such documents and communications to ATA.

Respectfully submitted,

Mark J. Fitzgibbons (425927)
9625 Surveyor Court, #400
Manassas, Virginia 20110
703.392.7676 Telephone
703.392.7654 Facsimile
Email: mfitzgibbons@americantarget.com
Counsel for American Target Advertising, Inc.

Dated: November 8, 2007

---

[1] ATA has sought an extension to produce documents from defendant's attorney due to the voluminous nature of the request. ATA also received Plaintiff's Motion to Quash Subpoenas, or Alternatively for Protective Order, which is more comprehensive in scope than ATA's objections, and ATA understands that such Motion must be resolved before it may produce any documents.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 8th day of November, 2007, a true and correct copy of the foregoing Second Objection of American Target Advertising, Inc. to Subpoena and Request for Documents was sent via facsimile and United States First-Class Mail, postage prepaid, to:

> Juli Z. Haller Simonyi, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314

and

> Daniel J. Dugan, Esquire
> Spector, Gadon & Rosen, PC
> Seven Penn Center
> 1635 Market Street, 7th Floor
> Philadelphia, Pennsylvania 19103

_____
Mark J. Fitzgibbons

4