IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————
|
LARRY KLAYMAN,                           |
|
            Plaintiff,                   |
|
v.                                       |        Civil Action No. 1:06-CV-00670
                                         |        (CCK) (AK)
JUDICIAL WATCH, INC., *et al.*,          |
|
            Defendants.                  |
|
—————————————————————|

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
PLAINTIFF'S ANSWERS TO INTERROGATORIES**

1.      On June 13, 2007, Defendant Judicial Watch, Inc. served its first set of interrogatories on Plaintiff via facsimile and first class mail. *See* Defendant Judicial Watch, Inc. Interrogatories to Plaintiff, attached as Exhibit 1.

2.      Plaintiff's answers were due on or before July 13, 2007. *See* Fed. R. Civ. P. Rule 33. Even if Plaintiff was entitled to an additional three days for service by regular mail, his responses were due on July 16, 2007 at the latest. *See* Fed. R. Civ. P. Rule 6(e).

3.      Plaintiff failed to serve his answers until July 23, 2007. *See* Plaintiff's Responses to Defendant's Interrogatories, attached as Exhibit 2.

4.      By serving untimely answers to Defendant's interrogatories, Plaintiff waived his right to assert any objections pursuant to Fed. R. Civ. P. Rule 33(b)(4), which states, "Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." In addition, Plaintiff's answers were largely non-responsive.

5.      Defendant sent a letter to Plaintiff on October 30, 2007 in an effort to confer pursuant to Fed. R. Civ. P. Rule 37. In its letter, Defendant set forth each answer with which it took issue and described why the answer was non-responsive. *See* Defendant's October 30, 2007

Letter to Plaintiff, attached as Exhibit 3.  Defendant requested that Plaintiff provide complete answers in order to avoid a motion to compel.  *Id.*

6.     On November 9, 2007, Plaintiff responded to Defendant's letter of October 30, 2007 and enclosed supplemental responses to Defendant's interrogatories.  *See* Plaintiff's November 9, 2007 E-Mail to Defendant, attached as Exhibit 4; Plaintiff's Supplemental Responses to Defendant's Interrogatories, attached as Exhibit 5.

7.     Plaintiff's supplemental answers still were largely non-responsive, however.  *See* Exhibits 4 and 5.

8.     On November 13, 2007, Defendant sent another letter to Plaintiff in a second attempt to confer pursuant to Fed. R. Civ. P. 37.  *See* Defendant's November 13, 2007 Letter to Plaintiff, attached as Exhibit 6.  Defendant set forth each supplemental answer and described why the supplemental answer was insufficient.  Defendant again requested that Plaintiff provide complete answers in order to avoid a motion to compel.  *Id.*

9.     To date, Plaintiff has failed to respond to Defendant's letter of November 13, 2007.

10.     Defendant now seeks to compel Plaintiff to provide fully responsive answers to its June 13, 2007 interrogatories.  Defendant has set forth each interrogatory, answer, and supplemental answer in sequence, followed by an argument as to why the answer and supplemental answer is insufficient:

**INTERROGATORY  NUMBER  7:**     Describe in detail the facts supporting your assertion that you are a "celebrity within the non-profit legal/political community."

Plaintiff's Original Answer:  Plaintiff objects to this interrogatory on the grounds that it calls for a narrative response.  Notwithstanding that objection, facts that confirm my celebrity

2

status in the non-profit legal/political community include, without limitation, numerous articles in newspapers and magazines about me, most of which can be found by doing a Google search, plus numerous TV and radio interviews of me.

Plaintiff's Supplemental Answer:  Plaintiff objects to this interrogatory on the grounds that it calls for a narrative response.  Notwithstanding that objection, facts that confirm my celebrity status in the non-profit legal/political community including, without limitation, numerous articles in newspapers and magazines about me, most of which can be found by doing a Google search, plus numerous TV and radio interviews of me.

Insufficient:  As an initial matter, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object to Defendant's interrogatories in a timely matter.  *See Peskoff v. Faber*, 244 F.R.D. 54, 64 (D.D.C. 2007); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005); Fed. R. Civ. P. 33(b)(4).

Plaintiff, who left Defendant Judicial Watch, Inc.'s employment on September 19, 2003, claims that Defendants violated the Lanham Act, 15 U.S.C. § 1125(a), by misusing his name and likeness in the October 2003 edition of Defendant Judicial Watch, Inc.'s newsletter.  *See* Second Amended Complaint at paras. 97-106.  In support of this claim, Plaintiff alleges that "Klayman is a celebrity within the non-profit legal/political community.  Klayman is widely recognized, both nationally and internationally, as the leading figure in the world of government and judicial oversight and public "watchdog" groups."  *Id.* at para. 101.  Defendant's interrogatory relates directly to this factual allegation.  Rather than provide a proper response, however, Plaintiff's answer, in effect, was "Google me."

A plaintiff has the burden to prove the elements of his claims, and a defendant "is entitled to any information that would support such claims by plaintiff or enable it to defend against such

claims, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1)." *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005).  In addition, a party has a duty to provide specific information and not simply reference some other source.  *See Williams v. Johanns*, 235 F.R.D. 116, 123 (D.D.C. 2006) (holding that "[s]imply noting the existence of a file is obviously not a sufficient answer.")  Moreover, "A party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control …."  *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).  Plaintiff's answer is clearly insufficient.  Plaintiff must be compelled to provide all facts and information on which he relies for his assertion that he is a "celebrity within the non-profit legal/political community."

**INTERROGATORY NUMBER 8**:  Describe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities.  If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

Plaintiff's Original Answer:  All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff.  Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

Plaintiff's Supplemental Answer:  Damages include damage to fundraising, in an amount in to be determined once Defendants produce documents, which to date, they failed to do.  Moreover, Defendants use of Klayman's name and/or likeness, as well as continuing defamation of Klayman caused confusion in the public about Klayman's affiliation with Judicial Watch

4

during and after the conclusion of Plaintiff's Senate Campaign.     Further, Defendants' interferences with Klayman's private law practice and his other activities harmed Klayman severely.     Defendants have stonewalled discovery.     Plaintiff reserves the right to further supplement this response as discovery progresses up to and including at trial.

Insufficient:  Defendant's interrogatory obviously seeks whatever evidence Plaintiff relied on when he alleged that, as a result of Defendants' purported misuse of his name and likeness, he suffered damages.  *See* Second Amended Complaint at para. 105.  Plaintiff seeks $1.5 million in damages from Defendants for this alleged misuse of his name and likeness, as well as "Defendants' profits," "treble damages," "a reasonable royalty," and "an amount of punitive damages to be determined at trial."  *Id.* at para 105 and Wherefore Clause, para. C.  Defendant is entitled to any information that would support Plaintiff's claim or enable Defendant to defend against Plaintiff's claim, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1).  *Doe*, 231 F.R.D. at 30.

Plaintiff's reservation of "the right to further supplement" his response, apparently in lieu of providing any meaningful answer at this time, misstates his discovery obligation.  Rule 26(d) of the Federal Rules of Civil Procedure "explicitly rejects the proposition that, even if good cause could be shown -- which is not the case -- a party is free to produce responsive information when it unilaterally chooses."  *Lohrenz v. Donnelly*, 187 F.R.D. 1, 7 (D.D.C. 1999).  As the Court declared:

> The court's concern does not end with this frivolous argument, however.  Plaintiff repeatedly cites the proposition that she will supplement discovery as information becomes available.  Although this is certainly a requirement under the federal rules, it cannot be used to push off the production of information properly requested and reasonably available; it was intended to apply only to information "thereafter acquired."  If plaintiff believes that she can simply put off until tomorrow what the rules of civil procedure (and this court) require her to do

5

> today, the court will take this opportunity to relieve her of this misunderstanding. Again, the court should not have to tell plaintiff that she cannot simply choose to produce information when she feels like it.

*Lohrenz*, 187 F.R.D. at 7-8 (internal citations omitted).

Moreover, generalized statements that Defendants caused "damage to fundraising," "confusion," or "harmed Klayman severely," fail to describe Plaintiff's damages in detail or explain in detail how Plaintiff's alleged damages were calculated. Plaintiff initiated this action seeking millions of dollars in compensation from Defendants, and, in so doing, alleged that Defendants caused him to suffer damages. It certainly is not unreasonable to expect Plaintiff to describe with specificity how he claims to have been harmed. However, Plaintiff's answer fails to set forth what damages he allegedly suffered, when or how he suffered them, or how he calculates his alleged damages. When Plaintiff initiated this lawsuit, his counsel certified that he had conducted a reasonable inquiry and determined that Plaintiff's lawsuit was not being presented for any improper purposes and that Plaintiff's allegations and factual contentions have evidentiary support, or, if specifically so identified, were likely to have evidentiary support. Fed. R. Civ. P. 11(b). Plaintiff's complete and utter failure to provide any degree of specificity about his alleged damages, his glib assertion that he will supplement his answer as discovery progresses, and his disingenuous attempt to blame Defendants for his apparent inability to present any evidence supporting his claim of damages, raises serious questions about his counsel's Rule 11 certification. Plaintiff must be compelled to provide a full, detailed accounting of all of his alleged damages.

**INTERROGATORY NUMBER 9:** If you contend that your personal relationships, business relationships and good will have been harmed by Defendants' alleged use of your name

6

and/or likeness in fundraising activities, describe the harm in detail and identify all individuals with knowledge relating to the harm.

    <u>Plaintiff's Original Answer</u>:  Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

    <u>Plaintiff's Supplemental Answer</u>:  Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

    <u>Insufficient</u>:  *See* Insufficiency of Answer to Interrogatory No. 8.

    **<u>INTERROGATORY NUMBER 10</u>:**  Identify and describe in detail each and every act of defamation committed by Defendants against you.

    <u>Plaintiff's Original Answer</u>:  Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

    <u>Plaintiff's Supplemental Answer</u>:  As outlined in the Second Amended Complaint, Defendants defamed Klayman by, *inter alia*, communicating a false statement to all Judicial Watch employees and others, which stated that Klayman filed his lawsuit because he owed Judicial Watch a significant sum of money; falsely communicating to reporters that Klayman filed his suit as a "tactical maneuver designed to distract attention away from the fact that Klayman owes more than a quarter of a million dollars to Judicial Watch;" threatening members of the news media who sought to interview Klayman; publishing knowingly false statements in media outlets including The Washington Post (April 19, 2006), the Washington Times (April 14, 2006), World NetDaily.com (April 13, 2006), Slate.com (April 28, 2006), and elsewhere; deliberately lying to sully Klayman's name and to imply that, among other things, Klayman filed a frivolous lawsuit and was simply an employee of Judicial Watch, and that they could not talk about Klayman for fear of litigation.  Klayman was also defamed when supporters would call to

7

Judicial Watch to speak with or contract Klayman, and various statements were made that Judicial Watch could not discuss the reasons for Klayman's separation because they were 'confidential,' contrary to the Severance Agreement, thereby creating false innuendo.

    <u>Insufficient</u>:    Again, Defendant is entitled to any information that would support Plaintiff's claim or enable Defendant to defend against Plaintiff's claim, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1).  *Doe*, 231 F.R.D. at 30. In addition, a party to whom an interrogatory is propounded "must provide true, explicit, responsive, complete, and candid answers."  *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996).  It is not sufficient that a party cannot respond until discovery is complete. *Lohrenz*, 187 F.R.D. at 7-8.

    Plaintiff's answer appears to describe, albeit in very general terms, six categories of allegedly defamatory statements:  (1) a false statement "to all Judicial Watch employees and others;" (2) false statements to unidentified "reporters;" (3) undisclosed threats to unidentified "members of the news media;" (4) false statements in "media outlets," only some of which are identified; (5) "deliberately lying" to unidentified persons "to sully Klayman's name;" and (6) false "innunendo" to undisclosed callers to Defendant Judicial Watch, Inc.'s offices.  Plaintiff's answer uniformly fails to "identify and describe in detail each and every act of defamation" with respect to each of these categories.  He fails to identify the date, time, and place of nearly all of the alleged statements.  He largely fails to identify the persons to whom the allegedly defamatory statements were made and, in most instances, fails to identify what, specifically, is alleged to have been stated.  He also fails to identify any witnesses to the alleged statements.  Plaintiff also completely fails to identify which of the four defendants he has sued for defamation is alleged to have made any of the allegedly defamatory statements at issue.  Again, Plaintiff's complete and

8

utter failure to provide any degree of specificity about his defamation claim raises serious questions about his counsel's Rule 11 certification. Plaintiff must be compelled to identify, for each alleged defamatory statement, the exact statement that allegedly was made, who is alleged to have made it, to whom the statement allegedly was made, when it allegedly was made, and where it allegedly was made, as well as identify any witnesses to each alleged statement.

**INTERROGATORY NUMBER 13**: Describe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

Plaintiff's Original Answer: All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

Plaintiff's Supplemental Answer: "Plaintiff has great liability on the lease."

Insufficient: *See* Insufficiency of Answer to Interrogatory No. 8.

**INTERROGATORY NUMBER 14**: If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention.

Plaintiff's Original Answer: Discovery from the defendants will provide the information to respond fully to this interrogatory. Such information currently known is contained in [Plaintiff's Statement of Material Facts Genuinely in Disputed Submitted in Opposition to

Defendants' Motion for Partial Summary Judgment on Counts VI, VII, and VIII of the Complaint ("the Statement")] at ¶¶ 18-31.

Plaintiff's Supplemental Answer:    Following his separation, Klayman repeatedly demanded access to Judicial Watch offices and return of his property.  Defendants provided only perfunctory access and failed to permit Klayman to properly inventory the items he owned.  Such property includes corporate books for corporations Klayman owns or owned, client files, other person documents and also including artwork.  Included, is Artwork from the Kennedy Gallery in Miami Beach, Florida, and elsewhere in Miami.  Also, Klayman is the owner of at least four significant pieces of artwork that Klayman repeatedly demanded that Judicial Watch return, or allow him access to remove the artwork from Judicial Watch's offices.  The value of corporate books, client files, other personal and business documentation belonging to Klayman cannot be determined, but is highly valuable to Klayman.  The artwork is valued in excess of $4,000.00.

Insufficient:  One of the primary "purpose[s] of discovery is to make a trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible' . . . ."  *Hansel*, 169 F.R.D. at 305 (*quoting United States v. Proctor & Gamble*, 356 U.S. 677, 683, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958)).

Again, Plaintiff has fails to answer the interrogatory posed to him.  He fails to set forth *specific* items of property, the estimated value of each item, the method of valuation for each item, and efforts to re-claim each item.  While he identifies generally "corporate books, client files, other personal documents and artwork," he fails to identify what corporate books, what client files, or what "other personal documents" he claims Defendant are holding or failed to return to him.  He also fails to identify the location of these books, files, or documents before he left Defendant Judicial Watch, Inc.'s employment.  With respect to the artwork, it is unclear

10

whether Plaintiff claims Defendant retains four pieces of artwork or more than four pieces. He fails to identify this artwork in any meaningful manner, such as by artist's name, date of creation, date of purchase, location, or other useful identifiers. He fails to state affirmatively whether each piece of artwork at issue came from the Kennedy Gallery or whether he claims additional pieces of artwork at issue were obtained from other sources and what those sources are. While Plaintiff claims the artwork at issue is valued at "in excess of $4,000," he fails to identify the method by which he estimated this value, such as by identifying receipts, other purchase records, or appraisals. He completely fails to identify any individuals possessing knowledge about this claim.

In addition, a party generally "cannot answer one interrogatory simply by referring . . . . to another equally unresponsive answer." *Monroe v. Ridley*, 135 F.R.D. 1, 3 (D.D.C. 1990) (*citing Martin v. Easton Publishing Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980). A party has a duty to provide specific information and not to simple reference another source. *See Williams*, 235 F.R.D. at 123. Plaintiff's reference to the Statement, a copy of which is attached hereto as Exhibit 7, fails to correct any of these very basic shortcomings in his response.

Again, Plaintiff's complete and utter failure to provide any degree of specificity about these items raises serious questions about his counsel's Rule 11 certification. Plaintiff must be compelled to provide a complete itemization of each and every item of his personal property he claims Defendant Judicial Watch, Inc. holds or failed to return and otherwise provide a full answer to the interrogatory.

**<u>INTERROGATORY NUMBER 15</u>:** Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.

Plaintiff's Original Answer:   Such information currently known is contained in the Statement at ¶¶ 55-58.

Plaintiff's Supplemental Answer:   In addition to an American Express account, Klayman was guarantor of several other Judicial Watch credit card accounts, including Visa and MasterCard credit card accounts.   Any such evidence is in the possession custody and control of Defendants.   To this day, Defendants failed to provide sufficient evidence to Klayman that he was removed as guarantor of these credit card accounts.

Insufficient:   Plaintiff sued Defendant Judicial Watch, Inc. claiming that it breached the severance agreement by failing to remove Plaintiff as personal guarantor of the organization's credit card.   *See* Second Amended Complaint at para. 144.   This interrogatory required Plaintiff to provide whatever evidence he possesses in support of his contention that Defendant Judicial Watch, Inc. failed to remove him as personal guarantor.   Plaintiff's response fails to identify any such evidence, but, instead, merely tries to shift the burden onto Defendant Judicial Watch, Inc. Nor does his reference to the Statement correct these deficiencies.   *Williams*, 235 F.R.D. at 123; *Monroe*, 135 F.R.D. at 3.   Once again, Plaintiff's complete and utter failure to respond to the question asked of him raises serious questions about his counsel's Rule 11 certification.   Plaintiff must be compelled to provide all evidence he possesses regarding this claim.

**INTERROGATORY NUMBER 16:**   Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.   If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

Plaintiff's Original Answer:   All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and

have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, Plaintiff will provide his full response to this interrogatory.

      Plaintiff's Supplemental Answer: All the facts necessary to respond to this interrogatory are not in Plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery has been stonewalled by Defendants, and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

      Insufficient: *See* Insufficiency of Answer to Interrogatory Nos. 8 and 15.

      **INTERROGATORY NUMBER 17:** List every television and newspaper interview you have participated in since your departure from Judicial Watch.

      Plaintiff's Original Answer: Plaintiff objects to this interrogatory because it is overbroad, vague and ambiguous. In addition, the defendants can obtain information responsive to this request by conducting an internet search and otherwise.

      Plaintiff's Supplemental Answer: See the Google search, which provides links to television and newspaper interviews of Klayman.

      Insufficient: Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object to Defendant's interrogatories in a timely matter. *See Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42; Fed. R. Civ. P. 33(b)(4). Nonetheless, there is nothing vague or ambiguous about requiring Plaintiff to identify every television and newspaper interview he has given since he left Defendant Judicial Watch, Inc.'s employment. Nor is this interrogatory overbroad. It is aimed squarely at Plaintiff's claim that Defendants threatened the

media, causing them to "shun" him and "refrain from inviting him to appear or comment to

them."  *See* Second Amended Complaint at para. 41.  Plaintiff similarly alleges:

> The actions of Fitton, Orfanedes, Farrell and other Judicial Watch employees and
> agents had the desired effect of chilling the media.  Without the ability to freely
> refer to Klayman as Judicial Watch's founder and former Chairman, or to
> comment on Judicial Watch's activities, the media would not be able to identify
> Klayman to its viewers.  Instead of calling on Klayman to comment on political
> and legal affairs -- and have to confront Judicial Watch's threats of retaliation in
> doing so -- the media sought to avoid injecting themselves into any disputes
> between Judicial Watch and Klayman by ignoring Klayman and seeking other
> commentators.

*Id.* at para. 45.  By claiming Defendants caused the media to "shun" him, Plaintiff has put his

media appearances directly at issue.  Consequently, he cannot legitimately complain that an

interrogatory requiring him to provide a complete accounting of his media appearances is

overbroad.  In addition, for the same reasons Plaintiff's "Google me" response to interrogatory

number 7 was insufficient, Plaintiff's response to this interrogatory is insufficient as well.

Plaintiff must be compelled to provide a complete answer.

**INTERROGATORY NUMBER 18**:  Describe in detail the Artwork at issue in this

case.

Plaintiff's Original Answer:  This information is contained in the Statement at ¶¶ 55-58.

Plaintiff's Supplemental Answer:  Included, is Artwork from the Kennedy Gallery in

Miami Beach, Florida.  Also, Klayman is the owner of at least four significant pieces that show

various scenes and designs.

Insufficient:  Again, Plaintiff has brought suit against Defendant Judicial Watch, Inc.

claiming it failed to return certain artwork to him.  *See* Second Amended Complaint at para. 143.

Defendant is entitled to a complete itemization of the artwork at issue.  The answer fails to

provide this most basic information.  While it appears that Plaintiff alleges some of the artwork

14

is from a particular gallery in Miami Beach, Florida, the answer is ambiguous as to whether this is the only artwork at issue, or if other artwork is at issue as well. Even this limited description fails to provide any identifying information about particular pieces of artwork at issue, such as a general description of each piece, the artist's name, the date of creation, the date of purchase, or the location of each piece. *See also* Insufficiency of Answer to Interrogatory No. 14. Plaintiff must be compelled to provide a clear and unambiguous itemization of all artwork he claims was not returned to him.

**INTERROGATORY NUMBER 19**: Identify all counsel who assisted you during the negotiation of the Severance Agreement.

Plaintiff's Original Answer: Counsel's name is on the Severance Agreement and otherwise known to Defendants.

Plaintiff's Supplemental Answer: Counsel's name is on the Severance Agreement and otherwise known to Defendants.

Insufficient: The interrogatory required Plaintiff to identify "all counsel" who assisted him during the negotiation of the severance agreement at issue in this litigation, not just those whose names are listed on the severance agreement. If the attorneys whose names are listed on the severance agreement are the only attorneys who assisted Plaintiff, then Plaintiff must so state. Otherwise, Plaintiff's reference to the severance agreement is incomplete.

**INTERROGATORY NUMBER 20:** Identify each and every person from whom Judicial Watch employees concealed your location.

Plaintiff's Original Answer: Judicial Watch and its employees concealed my location from every person who called into Judicial Watch and told callers that the location, as well as my

15

reasons for leaving Judicial Watch, was confidential. I was also disparaged and defamed during these calls. Discovery will reveal the identities of such persons.

<u>Plaintiff's Supplemental Answer</u>: Thomas J. Fitton, Paul J. Orfanedes (sic), Christopher J. Farrell, Jeffrey (sic) Lyons, and various Judicial Watch receptionists and other employees. Discovery is ongoing. Plaintiff reserves the right to further supplement this response up to and including trial.

<u>Insufficient</u>: Plaintiff alleges that Defendants breached the severance agreement by, among other things, concealing and misrepresenting his location from people who called Defendant Judicial Watch, Inc. asking for him. *See* Second Amended Complaint at para. 36. Plaintiff's reservation of "the right to further supplement" his response, apparently in lieu of providing an answer at this time, misstates his discovery obligation. *Lohrenz*, 187 F.R.D. at 7-8. Unless Plaintiff is claiming that Defendant Judicial Watch, Inc.'s employees concealed Plaintiff's location from Messrs. Fitton, Orfanedes, and Farrell, each of whom Plaintiff has named as a defendant, as well as Mr. Lyons, who also is an employee of Defendant Judicial Watch, Inc., Plaintiff's answer is not responsive. Plaintiff must be compelled to identify each and every person from whom his location allegedly was concealed.

**<u>INTERROGATORY NUMBER 21</u>:** Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch.

<u>Plaintiff's Original Answer</u>: On information and belief, every major TV and radio network.

<u>Plaintiff's Supplemental Answer</u>: On information and belief, every major TV and radio network.

Insufficient:  *See* Insufficiency of Answers to Interrogatory Nos. 10 and 17.

**INTERROGATORY NUMBER 22**:  Identify the source(s) of the "Saving Judicial Watch" donor list.'

Plaintiff's Original Answer:  Plaintiff objects to this interrogatory because it seeks confidential, proprietary and irrelevant information.  Without waiving that objection, Judicial Watch is not the source of the donor list; to the contrary, defendants have not provided plaintiff with any access to Judicial Watch's donor list.

Plaintiff's Supplemental Answer:  Judicial Watch is not the source of the referenced list and therefore the Interrogatory seeks irrelevant information.

Insufficient:  Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object to Defendant's interrogatories in a timely matter.  *See Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42; Fed. R. Civ. P. 33(b)(4).  In addition, the interrogatory clearly required Plaintiff to identify the source(s) of the "Saving Judicial Watch" mailing list, but Plaintiff's answer merely asserts that Defendant Judicial Watch, Inc. is not the source of the list. The answer is non-responsive.

Moreover, the source of the list is highly relevant to several of Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff, including its counterclaims for misusing confidential donor information, trademark infringement, and unfair competition.  *See* Amended Counterclaims at Counts IV, V, VI, and X.  After leaving Defendant Judicial Watch, Inc.'s employment, Plaintiff initiated a smear campaign to distort the truth behind his departure, to attack the organization's current officers and directors, and to raise funds, purportedly to finance this lawsuit, return himself to the organization, and "save" Defendant Judicial Watch, Inc.  *Id.*, at paras. 30-52. Because Plaintiff's smear campaign has been directed largely at supporters of the organization, it

17

is obvious that Plaintiff has been able to access information about Defendant Judicial Watch, Inc.'s donors. Such access not only is in breach of Plaintiff's obligations under the severance agreement, but it also has created confusion among donors about the origin of Plaintiff's "Saving Judicial Watch" campaign and has directed false and misleading representations about the reasons for Plaintiff's departure and Defendant Judicial Watch, Inc.'s current officers and directors squarely at the population where such representations would do the most harm -- donors to Defendant Judicial Watch, Inc. Plaintiff must be compelled to provide a full and complete answer.

11. Each of Defendant's interrogatories is directly relevant to this litigation. Nonetheless, a party "is not only entitled to discovery of admissible evidence, but also to discovery of information "reasonably calculated to lead to the discovery of admissible evidence." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).

12. In this action, Plaintiff, the former Chairman and General Counsel of Defendant Judicial Watch, Inc., asserts claims against Defendant Judicial Watch, Inc. for purportedly breaching his September 19, 2003 severance agreement with the organization, as well as for rescission of the severance agreement. He also asserts claims against Defendant Judicial Watch, Inc. and the organization's corporate officers and directors for allegedly violating the Lanham Act, 5 U.S.C. § 1125(a), by misappropriating his name and likeness in conjunction with an October 2003 newsletter, and for defamation. Plaintiff seeks monetary damages in excess of $500,000 on his breach of contract claim, $1,500,000 on his Lanham Act claim, and $1,500,000 on his defamation claims. *See* Plaintiff's Second Amended Complaint at Wherefore Clause, paras. C, D, E, and G. Plaintiff also seeks to recover Defendant Judicial Watch, Inc.'s profits, treble damages, punitive damages, interest, and attorney's fees. *Id.*

18

14.     Defendant Judicial Watch, Inc. has asserted counterclaims against Plaintiff for breach of the severance agreement, trademark infringement, unfair competition, and cybersquatting.  Defendant Judicial Watch, Inc.'s claims arising under the severance agreement include claims for violating the agreement's confidentiality, non-competition, and non-disparagement clauses, as well as failing to repay various debts set forth in the severance agreement.  Defendant Thomas J. Fitton also has asserted a counterclaim against Plaintiff for breach of the severance agreement's non-disparagement clause

15.     The close of fact discovery on January 31, 2008 is fast approaching.  *See* Order of December 3, 2007.  Defendants are being prejudiced and will be prejudiced further unless Plaintiff is compelled to provide full and complete answers promptly.

16.     Rule 37 of the Federal Rules of Civil Procedure authorizes a party to file a motion to compel upon certification that the movant conferred or attempted to confer in good faith with the party not making the disclosure.  *See* Fed. R. Civ. P. 37(a) (2) (B).  Defendant's certification accompanies this motion.

17.     Rule 37 also authorizes the Court, upon the granting of a motion to compel or if disclosure is provided after the motion is filed, to grant sanctions for reasonable expense incurred in making the motion, including attorney's fees.  *See* Fed. R. Civ. P. 37(a)(4); *see also Rude v. Dancing Crab at Wash. Harbour*, 245 F.R.D. 18, 21 (D.D.C. 2007).

18.     Defendant is entitled to full and complete answers to its June 13, 2007 interrogatories, without regard to any of Plaintiff's untimely objections.

19.     Defendants also are entitled to an award of attorney's fees and costs reasonably incurred in preparing this motion.

WHEREFORE, Defendant respectfully requests that the Court order Plaintiff to provide full and complete answers to Defendant Judicial Watch, Inc.'s Interrogatories to Plaintiff without further delay and award Defendants reasonable attorney's fees and costs incurred in preparing this motion.

Dated:  December 12, 2007                Respectfully submitted,

                                          _____//s//_____
                                          Richard W. Driscoll (436471)
                                          Juli Haller Simonyi (466921)
                                          DRISCOLL & SELTZER, PLLC
                                          600 Cameron Street
                                          Alexandria, Virginia 22314
                                          703.340.1625 Telephone
                                          703.997.4892 Facsimile
                                          rdriscoll@driscollseltzer.com
                                          jhaller@driscollseltzer.com
                                          *Counsel for Defendants Judicial Watch, Inc.,*
                                          *Thomas J. Fitton, Paul J. Orfanedes  and*
                                          *Christopher J. Farrell*