

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Juli Z. Haller Simonyi*
Writers email: jhaller@driscollseltzer.com
*Admitted in DC, NY and NJ
Not Admitted IN VA

November 13, 2007

VIA EMAIL AND FACSMILE

Jeffrey Schervone, Esquire
Spector, Gadon & Rosen, P.C.
1000 Lenola Road
Moorestown, NJ 08057
(856) 722-5344

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215).241.8844

       Re: *KLAYMAN V. JUDICIAL WATCH, ET AL.*
          *06-cv-670*

Dear Mr. Dugan, Mr. Schervone:

Thank you for your recent correspondence and supplemental Interrogatory Answers, which we received on November 9, 2007. The following Answers continue to be unresponsive:

In <u>Interrogatory Number 7</u>, we asked: "Describe in detail the facts supporting your assertion that you are a "celebrity within the non-profit legal/political community." The supplemental response refers Defendants again to a *"google" search*. Plaintiff again failed to attach any such referenced results from "google." We requested, and are entitled to receive, whatever evidence Plaintiff intends to rely on to support his assertion that "[he] is a celebrity within the non-profit legal/political community." (*See* Pl.'s Second Am'd. Compl., par. 101). This Answer continues to be wholly deficient.

In <u>Interrogatory Number 8</u>, we asked: "[d]escribe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities. If any portion of your damages requires any calculation, explain in detail how the calculations were performed."

The supplemental response again refers defendants to *"amount[s] that will be determined once Defendants produce documents"* and general or speculative statements that Defendants *"harmed Klayman severely."* Plaintiff claims both monetary damages and specific performance in his

Complaint yet fails to set forth what damage, when or how he suffered it or how he calculated it, i.e., instances of lost fund raising opportunities, lost clients or other claimed lost opportunities. This Answer continues to be wholly deficient.

In Interrogatory Number 9, we asked: "If you contend that your personal relationships, business relationships and good will have been harmed by Defendants' alleged use of your name and/or likeness in fundraising activities, describe the harm in detail and identify all individuals with knowledge relating to the harm." The Supplemental Response *again* responded that *"[o]ther than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until discovery is completed."* Plaintiff again fails to set forth what damage, when or how he suffered it or how he calculated it. Plaintiff further fails to identify any specific instances of lost fund raising opportunities, lost clients or other claimed lost opportunities. This Answer continues to fail to respond to the question.

In Interrogatory Number 10, we asked: "Identify and describe in detail each and every act of defamation committed by Defendants against you."

This Answer fails to specify any factual basis your defamation claim, therefore, lacking any responsiveness. Plaintiff generally alleges *"communicating a false statement to all Judicial Watch employees."* This allegation fails to specify the alleged incident: including date, time, place, witnesses and any identifiable information. The response that Defendants *"falsely communica[ted] to reporters that Klayman filed his suit as a 'tactical maneuver designed to distract attention away from the fact that Klayman owes more than a quarter million dollars..."* again fails to specify the alleged incident including date, time, place, witnesses and any identifiable information. Similarly the allegation that Defendants '*threatened the news media'* fails to specify the alleged incident including date, time, place, witnesses and any identifiable information. The *'publication of false statements'* to the media sources cited (*Post, Times, World NetDaily, Slate.com*) should be attached to the Answers to Interrogatories as Exhibits. Further allegations such as *"deliberately lying to sully Klayman's name..."* again fails to specify the alleged incident: including date, time, place, location, witnesses and any other identifiable information. Further the allegation that *"Klayman was also defamed when supporters would call to speak with or contact Klayman..."* again fails to specify the incident, including date, time, place, witnesses and any other identifiable information.

This Answer continues to be wholly deficient.

In Interrogatory Number 13, we asked: "[d]escribe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed."

Plaintiff states that he has *"great liability on the lease."* This Answer continues to fail to respond to the question.

Letter to Mr. Dugan, Mr. Schervone
November 13, 2007
Page 3

In Interrogatory Number 14, we asked: "If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention."

Plaintiff vaguely identifies, "*corporate books, client files, other personal documents and artwork*" and "*at least four significant pieces of artwork*" and states generally that "*the value of the personal and business documentation cannot be determined*" and that "*the artwork is in 'excess of $4,000.00.'*"

Plaintiff fails to set forth specific items of property, value, the method of valuation and efforts to re-claim said property. Plaintiff fails to identify what items, i.e., what books, what client files, what other personal documents. With respect to the artwork, plaintiff fails to set forth any identifiable information including but not limited to: the artist name, date of creation, date of purchase, receipt of purchase, detailed descriptions and the location of each piece before he left. He further fails to set forth whether each came from the Kennedy Gallery or whether the four are in addition to the pieces from the Kennedy Gallery. This Answer continues to fail to respond to the question.

In Interrogatory Number 15, we asked: "Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue."

Plaintiff responds that "*any such evidence is in the possession custody and control of Defendants.*" Plaintiff fails to set forth any evidence, including but not limited to, Plaintiff's credit history showing any credit in his name or any other proof of said claim. Plaintiff continues to fail to respond to the question.

In Interrogatory Number 16, we asked: "Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed."

Again Plaintiff states that "*all of the facts necessary to respond ...are not in Plaintiff's possession and control...*" Plaintiff fails to set forth any evidence that supports his claim, including but not limited to credit history or any other support of a damage claim. Plaintiff must provide any evidence he intends to rely on in support of his claim. Plaintiff continues to fail to respond to the question.

In Interrogatory Number 17, we asked: "List every television and newspaper interview you have participated in since your departure from Judicial Watch."

Plaintiff again references defendants to "*the Google search,*" which again is non-specific and unresponsive. We requested, and are entitled to receive, whatever evidence Plaintiff intends to

Letter to Mr. Dugan, Mr. Schervone
November 13, 2007
Page 4

rely on to support his assertion that "[he] is a celebrity within the non-profit legal/political community." (*See* Pl.'s Second Am'd. Compl., par. 101). Plaintiff should additionally attach any exhibits in support of his Answers as Exhibits.

In Interrogatory Number 18, we asked: "Describe in detail the Artwork at issue in this case." Plaintiff again fails to identify the artwork when he says that "*included, is Artwork from Kennedy Gallery*" and "*Klayman is the owner of at least four significant pieces that show various scenes and designs.*" This Answer lacks specifics including but not limited to: the artist name, date of creation, date of purchase, receipt of purchase, detailed descriptions and the location of each piece before he left. He further fails to set forth whether each came from the Kennedy Gallery or otherwise. The Answer continues to fail to respond to the question.

In Interrogatory Number 19, we asked, "Identify all counsel who assisted you during the negotiation of the Severance Agreement."

Plaintiff *again* responded evasively and cited only generally to *the Severance Agreement* and *Defendants' knowledge*. This Answer continues to fail to respond to the question.

In Interrogatory Number 20, we asked, "Identify each and every person from whom Judicial Watch employees concealed your location." Plaintiff again responded evasively and names only '*the Defendants*' but not '*from whom* they concealed Plaintiff's location.' This Answer continues to fail to respond to the question.

In Interrogatory Number 21, we asked, "Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch." Plaintiff states, "*[o]n information and belief, every major TV and radio network,*" which again fails to detail any specific information. Plaintiff fails to provide any information as to each purported threat, including but not limited to, date, time, place, specific language used, witnesses and any other supporting facts. This Answer continues to fail to respond to the question.

In Interrogatory Number 22, we asked, 'Identify the source(s) of the "Saving Judicial Watch" donor list.' Plaintiff responds that "Judicial Watch is not the source… therefore the Interrogatory seeks irrelevant information." The objection is inappropriate and objections were waived due to untimely responses. This Answer continues to fail to respond to the question.

As you know, the close of discovery is fast approaching and we still lack responsive Answers to Interrogatories and have received no document production. We reiterate our prior request for documents as to both those that you consider objectionable and those that are not. As previously set forth, the objections lack substance but make only general claims that the requests are "overbroad, burdensome, harassing and/or irrelevant." Further as your responses were served untimely any objection has been waived. Regarding the 'privilege' objection to #12, we request a privilege log as well as evidence of an attorney client relationship, (i.e., such as an affidavit).

This letter will serve as our continued effort to confer in good faith with you as to deficient discovery responses and Answers to Interrogatories. **Please provide Responsive Answers and Document Production by the end of this week, Friday, November 16, 2007.** We continue to seek your anticipated cooperation.

        Sincerely,

        DRISCOLL & SELTZER, PLLC

        By: _____
           Juli Z. Haller Simonyi

cc:    Paul Orfanedes, Esq.