IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|

LARRY KLAYMAN,                          |

                                        |

            Plaintiff,                  |

                                        |

v.                                      |          Civil Action No. 1:06-CV-00670

                                        |          (CCK) (AK)

JUDICIAL WATCH, INC., *et al.*,         |

                                        |

            Defendants.                 |

_____|

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF
DOCUMENTS**

1.      On June 13, 2007, Defendants served, via facsimile and first class mail,

Defendants' Request for Production of Documents to Plaintiff Larry Klayman.  *See* Defendants'

Request for Production of Documents, attached as Exhibit 1.

2.      Plaintiff's responses were due on or before July 13, 2007, thirty days from the day

of service.  *See* Fed. R. Civ. P. Rule 34.  Even if Plaintiff was entitled to an additional three days

for service by regular mail, pursuant to Fed. R. Civ. P. Rule 6(e), his responses were due July 16,

2007 at the latest.

3.      However, Plaintiff neither served responses on or before that date nor requested

or obtained an extension of time.  Plaintiff did not serve responses until July 23, 2007, ten days

after they were due.  *See* Plaintiff's Responses to Request for Production of Documents, attached

as Exhibit 2.

4.      In his responses to Request Nos. 1, 2, 3, 4, 6 8, 9, 10, 13, and 14, Plaintiff stated

that he would produce "relevant" documents at a mutually agreeable time, date, and place.  *See*

Exhibit 2. No such documents were produced at that time, nor has Plaintiff produced any such documents to date.

5.     In addition, Plaintiff also asserted a great many vague, conclusory, and unsubstantiated objections. Because Plaintiff failed to serve his responses in a timely manner, even these legally insufficient objections were waived. *See Peskoff v. Faber*, 244 F.R.D. 54, 64 (D.D.C. 2007) (finding that failure to object to document production in a timely manner, like the failure to object to an interrogatory, constitutes an automatic waiver of any objections) (*citing Myrdal v. District of Columbia*, 2007 U.S. Dist. LEXIS 41220, 2007 WL 1655875 (D.D.C. June 7, 2007); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (same).

6.     On October 30, 2007, Defendants sent a letter to Plaintiff in an effort to meet and confer, pursuant to Fed. R. Civ. P. Rule 37, about Plaintiff's objections and to inquire about when responsive documents would be produced. Defendants wrote:

> In Plaintiff's Responses to Requests for Production, Plaintiff's objections are waived as untimely. Further in Responses 1, 2, 3, 4, 6 8, 9, 10, 13, and 14 you state that unobjectionable documents shall be produced at a mutually agreeable time and place. Plaintiff to date, however, has not made any documents available. We request an opportunity to review any responsive documents you claim that you will make available. As for Responses 5, 7, 11, 12, 15, 16, 17, 18, 19, 20 and 21 you fail to provide any documents whatsoever. Your objections lack substance but generally claim that the requests are "overbroad, burdensome, harassing and/or irrelevant." You assert 'privilege' as to Response #12 for which you must provide a privilege log as well as evidence of an attorney client relationship.
>
> Not only have you waived your objections but your objections lack merit. You have failed to produce any responsive information. We, at this time, request that you make available any and all *responsive* documents to Defendants' Requests for Production of Documents for review. We expect you to provide us with such availability within one week, 7 days, from receipt of this letter or we shall file a Motion to Compel.

*See* Defendants' Correspondence to Plaintiff, October 30, 2007, attached as Exhibit 3.

7.      On November 9, 2007, Plaintiff replied to Defendants' letter of October 30, 2007 and enclosed Supplemental Responses to Defendant's Interrogatories.    *See* Plaintiff's Correspondence to Defendants, November 9, 2007, attached as Exhibit 4, and Plaintiff's Supplemental Responses to Defendants' Interrogatories, attached as Exhibit 5.    However, Plaintiff completely failed to address any of Defendants' concerns regarding their document requests but set forth that he anticipated producing responsive documents by the following week. *Id.*

8.      On November 13, 2007, Defendants sent a second letter to Plaintiff in another attempt to meet and confer.    (*See* Defendants' Correspondence to Plaintiff, November 13, 2007, attached as Exhibit 6.  Defendants wrote:

> As you know, the close of discovery is fast approaching and we still lack responsive Answers to Interrogatories and have received no document production. We reiterate our prior request for documents as to both those that you consider objectionable and those that are not.  As previously set forth, the objections lack substance but make only general claims that the requests are "overbroad, burdensome, harassing and/or irrelevant." Further as your responses were served untimely any objection has been waived.  Regarding the 'privilege' objection to #12, we request a privilege log as well as evidence of an attorney client relationship, (i.e., such as an affidavit).

9.      To date, Defendants have not received any response to their correspondence of November 13, 2007.  Nor has Plaintiff produced any documents responsive to any of Defendants' document requests.  For the reasons set forth below, Plaintiff must be compelled to produce all responsive documents without further delay.  Each request, along with Plaintiff's response and Defendants' arguments with respect to each response, is set forth in sequence:

## REQUEST  NO. 1:

All documents reviewed or consulted in preparing responses to Defendants' Interrogatories.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request to the extent it seeks any documents other than those identified in Answers to Interrogatories.  Those documents will be produced.

**ARGUMENT FOR REQUEST NO. 1:**

Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter.  *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42.  Nonetheless, Plaintiff fails to assert any recognized objection.  In fact, he provided no basis whatsoever for objecting to the requested records, much less any reasons why his response should be limited to documents identified in his Answers to Interrogatories.  Regardless, he has failed to produce any responsive documents.  All responsive documents must be produced.

**REQUEST  NO. 2:**

All documents that support your claim that Defendants misused and/or misrepresented your name and/or likeness for fundraising activities.

**RESPONSE TO REQUEST NO. 2:**

Relevant documents evidencing Plaintiff's calculation of damages will be produced at a mutually agreeable time, date and place.  Plaintiff objects to the production of any additional documents on the grounds that the requests seek irrelevant information the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 2:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely manner.  *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42.  In addition, Plaintiff cannot reserve for himself the power to make unilateral determinations as to

4

what is "relevant," but instead must produce all documents that are "responsive" to a request so long as the request is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(b)(1). In *Alexander v. F.B.I.*, 186 F.R.D. 54, 59 (D.D.C. 1998), a case in which Plaintiff himself served as counsel, the Court rejected a substantially similar discovery response by Plaintiff. There, as here, Plaintiff agreed to produce "any relevant documents" in response to a discovery requests. *Id.* In compelling Plaintiff's clients to produce "all responsive documents," as opposed to "any relevant documents," the Court held, "Plaintiffs may not arrogate to themselves the power to determine what constitutes a relevant document and no proper objections were served by plaintiffs addressing the requests at issue." *Id.* The same is true here. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.*

Furthermore, "[i]t is axiomatic that the party objecting to a discovery request bears the burden of demonstrating that discovery should not be allowed." *Edco Corp. v. Newark Insurance Co.*, 145 F.R.D. 18, 24 (D. Conn. 1992). Where a party objects to a discovery request, the specifics of the objection, and how that objection relates to the documents or information being requested, must be clearly stated. *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292-297 (E.D. Pa. 1980). In other words:

> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Cheesling v. Charter*, 162 F.R.D. 649, 650 (D. Kan. 1995). The party resisting discovery must clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure. *Obiajulu*, 166

F.R.D. at 295; *Roesberg*, 85 F.R.D. at 296-297.  Generic, non-specific, boilerplate objections --

such as "vague", "ambiguous", "overly broad", "unduly burdensome", "harassing", and

"irrelevant" --  are inconsistent with both the letter and spirit of the federal rules.  *Obiajulu*, 166

F.R.D. at 295; *Roesberg*, 85 F.R.D. at 296-297.  Plaintiff's boilerplate objections here that

Defendants' request is "burdensome and harassing" fail to satisfy this most basic requirement.

Nonetheless, the requested records are directly relevant to Plaintiff's Lanham Act claim

against Defendants, which alleges that Defendants misused and/or misrepresented Plaintiff's

name and/or likeness in Defendant Judicial Watch, Inc.'s fundraising materials.  *See* Second

Amended Complaint at paras. 98-106.

Finally, Plaintiff has failed to produce any responsive documents in the nearly seven

months since Defendants served the request.  The requested documents must be produced.

**REQUEST  NO. 3:**

All documents relating to the calculation of your claims of damages.

**RESPONSE TO REQUEST NO. 3:**

Relevant, non-privileged documents will be produced at a mutually agreeable time, date

and place.

**ARGUMENT FOR REQUEST NO. 3:**

To the extent Plaintiff's response can be interpreted as an objection on the basis of

privilege, he waived any such objections by failing to respond in a timely manner.  *Peskoff*, 244

F.R.D. at 64; *Fonville*, 230 F.R.D. at 42.  In addition, Plaintiff has failed to assert any identifiable

privilege, produce a privilege log of withheld, responsive documents, or otherwise comply with

his obligations under Fed.R.Civ.P 26(b)(5)(A).  Moreover, Plaintiff improperly arrogates to

himself the power to determine what is "relevant," as opposed to what is "responsive."

6

*Alexander*, 186 F.R.D. at 59.  All "responsive" documents, not just all "relevant" documents, must be produced.  *Id.*  Finally, Plaintiff has failed to produce any responsive documents in the nearly seven months since Defendants served the request.  All responsive documents must be produced.

## REQUEST  NO. 4:

All documents that support your claim that Defendants disparaged, defamed and/or case you in a false light to the public and media.

## RESPONSE TO REQUEST NO. 4:

Relevant, non-privileged documents will be produced at a mutually agreeable time, date and place.

## ARGUMENT FOR REQUEST NO. 4:

Defendants incorporate by reference their arguments regarding Plaintiff's response to request number 3.

## REQUEST  NO. 5:

All documents relating to the Severance Agreement.

## RESPONSE TO REQUEST NO. 5:

Plaintiff objects to this request because other than with respect to the Severance Agreement itself (which is attached to the Complaint in this matter), the request (a) is vague, ambiguous and overly broad, and (b) seeks documents that are protected by attorney client, work product, and other applicable privileges.

## ARGUMENT FOR REQUEST NO. 5:

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely manner.  *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42.  In

addition, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297. Finally, Plaintiff failed to produce a privilege log of withheld, responsive documents or otherwise comply with his obligations under Fed.R.Civ.P 26(b)(5)(A). All responsive documents must be produced.

**REQUEST NO. 6:**

All documents supporting your claim that Defendant Thomas J. Fitton represented that he would take steps to find a successor for you as Chairman of Judicial Watch, Inc.

**RESPONSE TO REQUEST NO. 6:**

Any such relevant documents will be produced at a mutually agreeable time, date and place.

**ARGUMENT FOR REQUEST NO. 6:**

Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* In addition, Plaintiff has failed to produce any responsive documents in the nearly seven months since Defendants served the request. All responsive documents must be produced.

**REQUEST NO. 7:**

All documents relating to the calculation of money owed to you by Judicial Watch.

**RESPONSE TO REQUEST NO. 7:**

Relevant documents relating to personal expenses owed to the plaintiff, are in the possession and custody and control of the defendants who have refused to provide them.

8

**ANSWER FOR REQUEST NO. 7:**

Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* In addition, the request requires Plaintiff to produce responsive documents in *his* possession, custody, or control. It does not ask what documents Defendants' may have in *their* possession, custody, or control. Such objections are insufficient to resist a discovery request. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record."). All responsive records in *Plaintiff's* possession, custody, or control must be produced.

**REQUEST  NO. 8:**

All documents relating to your efforts to reclaim your property from Judicial Watch.

**RESPONSE TO REQUEST NO. 8:**

Relevant documents will be produced at a mutually agreeable time, date and place. Relevant documents are also in the possession and control of the defendants, who have refused thus far to produce them to plaintiff.

**ANSWER TO REQUEST NO. 8:**

Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* In addition, the request requires Plaintiff to produce responsive documents in *his* possession, custody, or control. It does not ask what documents Defendants' may have in *their* possession, custody, or control. Such objections

9

are insufficient to resist a discovery request. *St. Paul Reinsurance Co.*, 198 F.R.D. at 513.
Finally, Plaintiff has failed to produce any responsive documents in the nearly seven months
since Defendants served the request.   All responsive documents in *Plaintiff's* possession,
custody, or control must be produced.

**REQUEST  NO. 9:**

All documents relating to ownership of the disputed Artwork.

**RESPONSE TO REQUEST NO. 9:**

Any such relevant documents will be produced at a mutually agreeable time, date and
place.  Relevant documents are also in the possession, custody and control of defendants but
defendants have thus far refused to produce them.

**ARGUMENT FOR REQUEST NO. 9:**

Defendants incorporate by reference their arguments regarding Plaintiff's response to
request number 8.

**REQUEST  NO. 10:**

All documents relating to your position as guarantor of any Judicial Watch credit cards.

**RESPONSE TO REQUEST NO. 10:**

Any such relevant documents will be produced at a mutually agreeable time, date and
place.  Such documents are in the custody, possession and control of the defendants.

**ARGUMENT FOR REQUEST NO. 10:**

Defendants incorporate by reference their arguments regarding Plaintiff's response to
request number 8.

**REQUEST  NO. 11:**

All documents relating to the calculation of damages in connection to your position as guarantor of the building.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this request because it is duplicative of request number three.

**ARGUMENT FOR REQUEST NO. 11:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, the request is not duplicative, as this particular request expressly refers to damage calculations "in connection to [Plaintiff's] position as guarantor of the building." Regardless, Plaintiff has not produced any documents in response to request number 3 in the nearly seven months since Defendants served the request. All responsive documents must be produced.

**REQUEST NO. 12:**

All communications between you and Peter F. Paul.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request because it (a) is vague, ambiguous and overly broad, (b) seeks documents that are protected by attorney client and work product privileges, and (c) seeks irrelevant information the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 12:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive"

11

documents, not just all "relevant" documents, must be produced.  *Id.*  Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced.  *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297.

Plaintiff also has failed to produce a privilege log of withheld, responsive documents or otherwise comply with his obligations under Fed.R.Civ.P 26(b)(5)(A).  As for documents for which plaintiff claims the attorney-client or work-product privilege, he must submit a privilege log itemizing these documents.  *See Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D.D.C. 2005) (*citing* Fed. R. Civ. P. 26(b)(5); *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 63 n. 5 (D.D.C. 1998); *see also*, *Lohrenz v. Donnelly*, 187 F.R.D. 1, 6-7 (D.D.C. 1999) (Lamberth, J.) (denying plaintiff's assertion of privilege because of her failure to provide a privilege log as required by the Federal Rules of Civil Procedure).  Accordingly, Plaintiff's blanket objection on the basis of privilege should be rejected.

Finally, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s and Defendant Thomas J. Fitton's counterclaims against Plaintiff for breaching a non-disparagement clause in Plaintiff's severance agreement.  *See* Amended Counterclaims at paras. 50, 117-24.  Specifically, in at least one of his disparaging direct mail solicitations, Plaintiff asserts that Mr. Paul, a former client of Defendant Judicial Watch, Inc., has "join[ed] [Plaintiff] in taking on Tom Fitton and Saving Judicial Watch."  *Id.* at para. 50 and Exhibit O.  All responsive documents must be produced.

## REQUEST  NO. 13:

All documents relating to the approval of payment of family health insurance coverage for you by Judicial Watch.

**RESPONSE TO REQUEST NO. 13:**

Any such relevant documents will be produced at a mutually agreeable time, date and place. Relevant documents, which include, without limitation, those referred to in the Severance Agreement, are within the possession and control of Judicial Watch. Any such relevant documents will be produced at a mutually agreeable date, time and place.

**ARGUMENT FOR REQUEST NO. 13:**

Defendants incorporate by reference their arguments regarding Plaintiff's response to request number 8.

**REQUEST  NO. 14:**

All documents relating to your reimbursement of Judicial Watch pursuant to paragraph 10 of the Severance Agreement.

**RESPONSE TO REQUEST NO. 14:**

Relevant documents will be produced at a mutually agreeable date, time and place. Relevant documents are also within the possession and control of Judicial Watch.

**ARGUMENT FOR REQUEST NO. 14:**

Defendants incorporate by reference their arguments regarding Plaintiff's response to request number 8.

**REQUEST  NO. 15:**

All documents relating to your repayment of Klayman & Associates, P.C.'s debt to Judicial Watch pursuant to paragraph eleven of the Severance Agreement.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this requests on the grounds that it seeks information the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 15:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297. All responsive documents must be produced.

**REQUEST  NO. 16:**

All documents that you have produced subsequent to the severance date which contains the term "Judicial Watch."

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this request on the ground that it is overly broad and seeks documents that are irrelevant to this subject matter of this litigation, the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 16:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In

addition, Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297. Finally, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for trademark infringement and unfair competition, which allege that Plaintiff unlawfully used Defendant Judicial Watch, Inc.'s federally registered trademark "Judicial Watch, Inc." *See* Amended Counterclaims at paras. 85-90, 99-195. All responsive documents must be produced.

**REQUEST  NO. 17:**

All documents that you have produced subsequent to the severance dated which contain the phrase "Because No One is Above the Law!"

**RESPONSE FOR REQUEST NO. 17:**

Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 17:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff again improperly arrogates to himself the power to determine what is

"relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297. Finally, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for trademark infringement and unfair competition, which allege that Plaintiff unlawfully used Defendant Judicial Watch, Inc.'s federally registered trademark "Because No One is Above the Law!" *See* Amended Counterclaims at paras. 85-90, 99-105. All responsive documents must be produced.

**REQUEST  NO. 18:**

Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Saving Judicial Watch."

**RESPONSE FOR REQUEST NO. 18:**

Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 18:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive"

documents not just all "relevant" documents, must be produced.  *Id.*  Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced.  *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297.  Finally, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for trademark infringement, unfair competition, and cybersquatting, which allege that Plaintiff unlawfully used Defendant Judicial Watch, Inc.'s federally registered trademarks "Judicial Watch, Inc." and "Because No One is Above the Law!" and unlawfully registered a confusingly similar domain name.  *See* Amended Counterclaims at paras. 30-67, 85-90, 99-116. They also are directly relevant to the counterclaims asserted by Defendants Judicial Watch, Inc. and Thomas J. Fitton against Plaintiff for breaching the non-disparagement clause of the severance agreement.  Using the name "Saving Judicial Watch," Plaintiff has conducted a smear campaign against Defendants Judicial Watch, Inc. and Thomas J. Fitton that has included numerous disparaging statements made by Plaintiff in direct mail solicitations.  *See* Amended Counterclaims at paras. 30-67, 117-24.  All responsive documents must be produced.

**REQUEST  NO. 19:**

Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Freedom Watch."

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 19:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg*, 85 F.R.D. at 296-297. Finally, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaim against Plaintiff for breaching a non-competition clause in his severance agreement by establishing and soliciting donations for an entity known as "Freedom Watch." *See* Amended Counterclaims at paras. 133-38. All responsive documents must be produced.

**REQUEST NO. 20:**

Each and every press release that you have issued subsequent to the Severance Date.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

**ARGUMENT FOR REQUEST NO. 20:**

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff again improperly arrogates to himself the power to determine what is "relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg,* 85 F.R.D. at 296-297. Finally, the requested records are directly relevant to many, if not all, of Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for trademark infringement, unfair competition, cybersquatting, and breach of non-disparagement and non-competition clauses in his severance agreement. *See generally* Amended Counterclaims. All responsive documents must be produced.

## REQUEST  NO. 21:

All documents regarding your work with RightMarch.com.

## RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

## ARGUMENT FOR REQUEST NO. 21:

Again, Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely matter. *Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42. In addition, Plaintiff again improperly arrogates to himself the power to determine what is

"relevant," as opposed to what is "responsive." *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.* Moreover, Plaintiff's boilerplate objections are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced. *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg*, 85 F.R.D. at 296-297. Finally, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaim against Plaintiff for breaching a non-competition clause in his severance agreement by affiliating with and soliciting donations for an entity known as "RightMarch.com." *See* Amended Counterclaims at paras. 133-38. All responsive documents must be produced.

10.    Each of Defendants' requests is highly relevant to this litigation. Nonetheless, a party "is not only entitled to discovery of admissible evidence, but also to discovery of information "reasonably calculated to lead to the discovery of admissible evidence." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).

11.    In this action, Plaintiff, the former Chairman and General Counsel of Defendant Judicial Watch, Inc., asserts claims against Defendant Judicial Watch, Inc. for purportedly breaching his September 19, 2003 severance agreement with the organization, as well as for rescission of the severance agreement. He also asserts claims against Defendant Judicial Watch, Inc. and the organization's corporate officers and directors for allegedly violating the Lanham Act, 5 U.S.C. § 1125(a), by misappropriating his name and likeness in conjunction with an October 2003 newsletter, and for defamation. Plaintiff seeks monetary damages in excess of $500,000 on his breach of contract claim, $1,500,000 on his Lanham Act claim, and $1,500,000

on his defamation claims. *See* Plaintiff's Second Amended Complaint at Wherefore Clause, paras. C, D, E, and G. Plaintiff also seeks punitive damages, interest and attorney's fees. *Id.*

12.     Defendant Judicial Watch, Inc. has asserted counterclaims against Plaintiff for breach of the severance agreement, trademark infringement, unfair competition, and cybersquatting. Defendant Judicial Watch, Inc.'s claims arising under the severance agreement include claims for violating the agreement's confidentiality, non-competition, and non-disparagement clauses, as well as failing to repay various debts set forth in the severance agreement. Defendant Thomas J. Fitton also has asserted a counterclaim against Plaintiff for breach of the severance agreement's non-disparagement clause

13.     By signing the complaint that initiated this lawsuit, Plaintiff's counsel certified, in accordance with Rule 11 of the Federal Rules of Civil Procedure, that he had conducted a reasonable inquiry and determined Plaintiff claims were not presented for any improper purpose such as to harass Defendants, are warranted by existing law or by a nonfrivolous argument, and have evidentiary support or, if specifically so identified, are likely to have evidentiary support. *See* Fed. R. Civ. P. 11(b)(1)-(3). Plaintiff's complete and utter failure to produce any documents responsive to Defendants' document request, served in June of 2007, raises serious questions about that certification.

14.     The close of fact discovery on January 31, 2008 is fast approaching. *See* Order of December 3, 2007. Defendants are being prejudiced and will be further prejudiced unless Plaintiff is compelled to make a full production of all responsive documents promptly.

15.     Rule 37 of the Federal Rules of Civil Procedure authorizes a party to file a motion to compel upon certification that the movant conferred or attempted to confer in good faith with

the party not making the disclosure. *See* Fed. R. Civ. P. 37(a)(2)(B). Defendants' certification accompanies this motion. *See also* Exhibits 6, 7, and 8.

16.    Rule 37 also authorizes the Court, upon the granting of a motion to compel or if disclosure is provided after the motion is filed, to grant sanctions for reasonable expense incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(4); *see also Rude v. Dancing Crab at Wash. Harbour*, LP, 245 F.R.D. 18, 21 (D.D.C. 2007).

17.    Defendants are entitled to a full production of all documents responsive to their June 2007 requests, without regard to any of Plaintiff's untimely objections.

18.    Defendants also are entitled to an award of attorney's fees and costs reasonably incurred in preparing this motion.

WHEREFORE, Defendants respectfully requests that the Court order Plaintiff to produce all documents responsive to Defendants' Request for Production of Documents without further delay and award Defendants reasonable attorney's fees and costs incurred in preparing this motion.

Dated: December 12, 2007                Respectfully submitted,

                                        _____//s//_____
                                        Richard W. Driscoll (436471)
                                        Juli Haller Simonyi (466921)
                                        DRISCOLL & SELTZER, PLLC
                                        600 Cameron Street
                                        Alexandria, Virginia 22314
                                        703.340.1625 Telephone
                                        703.997.4892 Facsimile
                                        rdriscoll@driscollseltzer.com
                                        jhaller@driscollseltzer.com

                                        *Counsel for Defendants Judicial Watch, Inc.,*
                                        *Thomas J. Fitton, Paul J. Orfanedes, and*
                                        *Christopher J. Farrell*

                                        22