# driscoll seltzer

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Juli Z. Haller Simonyi*
Writers email: jhaller@driscollseltzer.com
*Admitted in DC, NY and NJ
Not Admitted IN VA

October 30, 2007

VIA EMAIL AND REGULAR MAIL

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

        Re:    *KLAYMAN V. JUDICIAL WATCH, ET AL.*
               *06-cv-670*

Dear Mr. Dugan:

As you know, we served via facsimile and first class mail (i) Defendants' Requests for Production of Documents and (ii) Defendant Judicial Watch, Inc.'s Interrogatories to Plaintiff Larry Klayman on June 13, 2007.

Under cover letter dated July 23, 2007, you sent us Plaintiff's Responses to Interrogatories and Defendants' Responses to Production of Documents. Initially, we note that your[1] responses are untimely. Therefore, Defendants maintain that all objections were waived.

This letter will serve as our attempt to confer with you as to deficient discovery responses and Answers to Interrogatories.

In <u>Interrogatory Number 5</u>, we asked: "[i]f you contend that Defendants, or their agents, made any admissions regarding the Litigation, state in detail the content of those admissions, including, but not limited to, the substance of each admission, the date of the admission and the name and address of all persons with personal knowledge of each alleged admission." You objected that this Interrogatory was overbroad and irrelevant and concluded you could not "meaningfully respond." This answer lacks any substance. Either Mr. Klayman is aware of admissions against interest or he is not. The Interrogatory is clear.

In <u>Interrogatory Number 6</u>, we asked: "If you know of anyone who has documents relevant to the Litigation other than yourself, identify the custodian of any such documents with sufficient particularity to facilitate the service of a subpoena *duces tecum* on any such person(s) seeking

---

[1] "You" or "Your" shall be synonymous with Plaintiff and or Plaintiff's Counsel.

a professional limited liability company

Letter to Mr. Dugan
October 30, 2007
Page 2

production of any such document(s)." You responded by simply citing to Initial Disclosures. The initial disclosures identify 22 people (excluding defendants) yet only six (6) of those 22 are identified with an address. You further failed to specifically identify the information held by said persons. This Answer is evasive and non-responsive.

In Interrogatory Number 7, we asked: "Describe in detail the facts supporting your assertion that you are a "celebrity within the non-profit legal/political community." You responded by generally referencing newspapers and magazines and suggested a "google" search. Plaintiff failed to attach any such referenced newspapers, magazines or results from "google." The Answer is non-responsive.

In Interrogatory Number 8, we asked: "[d]escribe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities. If any portion of your damages requires any calculation, explain in detail how the calculations were performed." You failed to give any Answer and instead Responded that "all the facts necessary to respond …are not in plaintiff's possession and control because many of them are held by the defendants…" Plaintiff claims both monetary damages and specific performance in his Complaint yet fails to cite a single basis for any damage claim or provide any calculation of his damages. This Answer is deficient.

In Interrogatory Number 9, we asked: "If you contend that your personal relationships, business relationships and good will have been harmed by Defendants' alleged use of your name and/or likeness in fundraising activities, describe the harm in detail and identify all individuals with knowledge relating to the harm." You again responded that "[o]ther than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until discovery is completed." This answer fails to cite any factual basis for alleged damages. The Answer is deficient.

In Interrogatory Number 10, we asked: "Identify and describe in detail each and every act of defamation committed by Defendants against you." "[o]ther than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until discovery is completed." This Answer fails to cite any factual basis your defamation claim, therefore, lacking any responsiveness.

In Interrogatory Number 12, we asked: "[d]escribe in detail any evidence you have supporting the assertion that Defendants failed to take affirmative steps to remove you as guarantor for the Judicial Watch building lease and identify all individuals with knowledge relating to this issue." Your Answer generally refers defendants to your 'Statement of Material Facts on the Defendants' Motion for Summary Judgment.' You fail to cite to any specific information or to provide any Answer whatsoever. The Answer is deficient.

In Interrogatory Number 13, we asked: "[d]escribe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation,

Letter to Mr. Dugan
October 30, 2007
Page 3

explain in detail how the calculations were performed." You again fail to respond at all and state that, "the facts necessary to respond to this interrogatory are not in plaintiff's possession and control," and that therefore, Plaintiff cannot respond to this interrogatory until discovery is completed. This answer fails to provide any support for alleged damages. Your Answer is deficient.

In Interrogatory Number 14, we asked: "If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention." Plaintiff again states that at some future time he will respond but otherwise references the "Statement," which must be Plaintiff's Statement of Material Facts on the Motion for Summary Judgment. This Answer again fails to cite any factual support for alleged damages. Your Answer once again lacks any responsiveness.

In Interrogatory Number 15, we asked: "Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue." Again you state that at some future time you will respond but otherwise references the "Statement," which must be Plaintiff's Statement of Material Facts on the Motion for Summary Judgment. Once again, this answer fails to cite any factual support for your alleged damages. The Answer lacks responsiveness.

In Interrogatory Number 16, we asked: "Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed." Again Plaintiff states that at some future time he will respond. This Answer is non-responsive.

In Interrogatory Number 17, we asked: "List every television and newspaper interview you have participated in since your departure from Judicial Watch." Plaintiff objects alleging the request is overbroad and once again fails to set forth any response whatsoever.

In Interrogatory Number 18, we asked: "Describe in detail the Artwork at issue in this case." Plaintiff again just referenced the "Statement," which again must refer to Plaintiff's Statement of Material Facts on the Motion for Summary Judgment. This Answer is non-responsive.

In Interrogatory Number 19, we asked, "Identify all counsel who assisted you during the negotiation of the Severance Agreement." Plaintiff again responded evasively and cited only generally to the Severance Agreement and Defendants' knowledge. This Answer is non-responsive.

In Interrogatory Number 20, we asked, "Identify each and every person from whom Judicial Watch employees concealed your location." Plaintiff again responded evasively and stated "[d]iscovery will reveal the identities of such persons." This Answer is non-responsive.

Letter to Mr. Dugan
October 30, 2007
Page 4

In Interrogatory Number 21, we asked, "Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch." Plaintiff generally references, "every major TV and radio network," which again is an evasive Answer.

In Interrogatory Number 22, we asked, 'Identify the source(s) of the "Saving Judicial Watch" donor list.' Plaintiff fails to identify said source claiming said information to be proprietary. Plaintiff not only fails to respond but fails to state a legitimate objection as arguably, the list may be proprietary but the "source" is not. The Answer is again non-responsive.

In Interrogatory Number 23, we asked, "If you denied any of the Requests for Admission, explain in detail the reason(s) for each and every denial." Plaintiff fails to object and or respond at all and simply wrote, "not applicable." This Answer is again non-responsive.

We request fully supplemented and responsive Answers to Interrogatories. Please provide said Answers within one week, (7) days, from receipt of this letter. Absent satisfactory responses, we intend to file a Motion to Compel.

In Plaintiff's Responses to Requests for Production, Plaintiff's objections are waived as untimely. Further in Responses 1, 2, 3, 4, 6 8, 9, 10, 13, and 14 you state that unobjectionable documents shall be produced at a mutually agreeable time and place. Plaintiff to date, however, has not made any documents available. We request an opportunity to review any responsive documents you claim that you will make available.

As for Responses 5, 7, 11, 12, 15, 16, 17, 18, 19, 20 and 21 you fail to provide any documents whatsoever. Your objections lack substance but generally claim that the requests are "overbroad, burdensome, harassing and/or irrelevant." You assert 'privilege' as to Response #12 for which you must provide a privilege log as well as evidence of an attorney client relationship. Not only have you waived your objections but your objections lack merit. You have failed to produce any responsive information. We, at this time, request that you make available any and all *responsive* documents to Defendants' Requests for Production of Documents for review. We expect you to provide us with such availability within one week, 7 days, from receipt of this letter or we shall file a Motion to Compel.

We look for forward to your anticipated cooperation and the avoidance of any unnecessary motion practice.

Letter to Mr. Dugan
October 30, 2007
Page 5

Sincerely,

DRISCOLL & SELTZER, PLLC

By: _____
Juli Z. Haller Simonyi

cc:    Paul Orfanedes, Esq.