## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| Larry Klayman, | : | |
| *Plaintiff,* | : | Civil Action No. 1:06-CV-00670 |
| | : | |
| v. | : | Honorable Colleen Kollar-Kotelly |
| | : | |
| Judicial Watch, Inc., *et al.* | : | |
| | : | |
| *Defendants.* | : | **Jury Trial Demanded.** |

_____

### *PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S INTERROGATORIES*

Plaintiff Larry Klayman, hereby supplements answers the Defendants' interrogatories subject to general objections previously stated as follows:

### RESPONSES TO SPECIFIC INTERROGATORIES

5.      If you contend that Defendants, or their agents made any admissions regarding the Litigation, state in the content of those admissions, including, but not limited to, the substance of each admission, the date of the admission and the name and address of all persons with personal knowledge of each alleged admission.

**Response:**     Plaintiff objects to this interrogatory because it is overly broad,  neither limited in time nor scope, nor to issues relevant to this litigation, nor to admissions against interest.  In addition, it improperly seeks information relating to evidentiary matters relating to admissions against interest that are not relevant at this stage of the litigation.  As a result, plaintiff cannot meaningfully respond.

**Supplemental Response:**     On page 9 of Defendants' Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment, Defendants admit that they have made no effort whatsoever to have Klayman removed as guarantor of the lease for the

401536-2

headquarters' building since October, 2003, and they further admit that they could have, but chose not to remove Klayman as guarantor.  Defendants, in the Motion to Amend Pleadings, and to others, have also admitted they released into the public domain alleged information about Klayman's divorce, which were subject to a court seal order.  These admissions prove, *inter alia*, material breaches of the Severance Agreement.  Plaintiff reserves the right to supplement this response as discovery progresses and up to and including at trial.

6.    If you know of anyone who has documents relevant to the Litigation other than yourself, identify the custodian of any such documents with sufficient particularity to facilitate the service of a subpoena *duces tecum* on any such person(s) seeking production of any such document(s).

**Response:**    Any such information is set forth in Plaintiff's initial disclosures at ¶ B.

**Supplemental Response:**    Other than Defendants and Judicial Watch employees, who maintain possession, custody and control of the majority of documents relevant to the Litigation, Raffa and Associates, 1899 L Street NW, Suite 600, Washington, D.C. 20036, who, upon information and belief, maintains documentation relevant to Defendants of breaches of the Severance Agreement, violations of the Lanham Act for false designation.

David Barmak, Esquire, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., 701 Pennsylvania Avenue N.W., Washington, D.C. 20004, , who, upon information and belief, maintains documentation relevant to Defendants' breaches of the Severance Agreement and violations of the Lanham Act for false designation.

Russ Verney, Dallas, Texas.  Mr. Verney was formerly director of Judicial Watch's southwest regional offices and may have relevant documents relating Defendants' practices and

2

401536-2

conduct following Klayman's separation.  As a former employee of Judicial Watch, Defendants

are in the best position to know the last known address of this individual.

Mike Pendleton, Los Angeles, California.  Mr. Pendleton was formerly director of

Judicial Watch's Los Angeles offices and may have relevant documents relating Defendants'

practices and conduct following Klayman's separation.  As a former employee of Judicial

Watch, Defendants are in the best position to know the last known address of this individual.

Jane Chastain, Temucla, California.  Ms. Chastain worked as a talk show host for Judicial

Watch and may have relevant documents relating Defendants' practices and conduct following

Klayman's separation.  As a former employee of Judicial Watch, Defendants are in the best

position to know the last known address of this individual.

John Vincent, Chicago, Illinois.  Mr. Vincent was formerly director of Judicial Watch's

Midwest regional offices and may have relevant documents relating Defendants' practices and

conduct following Klayman's separation.  As a former employee of Judicial Watch, Defendants

are in the best position to know the last known address of this individual.

Stuart Pechner, Vanguard Realty Group, 7200 Wisconsin Avenue, Suite 501, Bethesda,

Maryland 20814, and the landlord, Robert Wolpe, Florida.  Mr. Pechner and Mr. Wolfe may

have relevant documentation relating to the Defendants' failure to remove Mr. Klayman as

guarantor of the Judicial Watch building lease and the Defendants' lack of efforts to purchase the

building.

7.      Describe in detail the facts supporting your assertion that you are a "celebrity

within the non-profit legal/political community."

**Response:**      Plaintiff objects to this interrogatory on the grounds that it calls for a

narrative response.  Notwithstanding that objection, facts that confirm my celebrity status in the

non-profit legal/political community include, without limitation, numerous articles in newspapers and magazines about me, most of which can be found by doing a Google search, plus numerous TV and radio interviews of me [sic].

**Supplemental Response:**     See Google search of Larry Klayman. Further, Defendant, Judicial Watch, maintains video and media library which contains materials attesting to Larry Klayman's celebrity status.

8.     Describe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:**     All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

**Supplemental Response:**     Damages include damage to fundraising, in an amount in to be determined once Defendants produce documents, which to date, they have failed to do. Moreover, Defendants use of Klayman's name and/or likeness, as well as continuing defamation of Klayman caused confusion in the public about Klayman's affiliation with Judicial Watch during and after the conclusion of Plaintiff's Senate Campaign. Further, Defendants' interference with Klayman's private law practice and his other activities harmed Klayman severely. Defendants have stonewalled discovery. Plaintiff reserves the right to further supplement this response as discovery progresses up to and including at trial.

9.     If you contend that your personal relationship, business relationships and good will have been harmed by Defendants' alleged use of your name and/or likeness in fundraising

4

activities, describe the harm in detail and identify all individuals with knowledge relating to the harm.

**Response:**    Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

**Supplemental Response:**    Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

10.    Identify and describe in detail each and every act of defamation committed by Defendants against you.

**Response:**    Other than as set forth in the pleadings in this case, plaintiff cannot respond to this interrogatory until the discovery of the defendants is completed.

**Supplemental Response:**    As outlined in the Second Amended Complaint, Defendants defamed Klayman by, *inter alia*, communicating a false statement to all Judicial Watch employees and others, which stated that Klayman filed his lawsuit because he owed Judicial Watch a significant sum of money; falsely communicating to reporters that Klayman filed his suit as a "tactical maneuver designed to distract attention away from the fact that Klayman owes more than a quarter of a million dollars to Judicial Watch;" threatening members of the news media who sought to interview Klayman; publishing knowingly false statements in media outlets including The Washington Post (April 19, 2006), The Washington Times (April 14, 2006), World NetDaily.com (April 13, 2006), Slate.com (April 28, 2006), and elsewhere; deliberately lying to sully Klayman's name and to imply that, among other things, Klayman filed a frivolous lawsuit and was simply an employee of Judicial Watch, and that they could not talk about Klayman for fear of further litigation.  Klayman was also defamed when supporters would call to Judicial Watch to speak with or contact Klayman, and various statements were made that

5

Judicial Watch could not discuss the reasons for Klayman's separation because they were 'confidential,' contrary to the Severance Agreement, thereby creating false innuendo.

12.    Describe in detail any evidence you have supporting the assertion that Defendants failed to take affirmative steps to remove you as guarantor for the Judicial Watch building lease and identify all individuals with knowledge relating to this issue.

**Response:**    This information is contained in Plaintiff's Statement of Material Facts Genuinely in Dispute Submitted in Opposition to Defendants' Motion for Partial Summary Judgment on Counts VI, VII and VIII of the Complaint (the "Statement") at ¶¶ 12, 14, 16.

**Supplemental Response:**    The Landlord personally told Klayman that no one from Judicial Watch contacted him to remove Klayman as the guarantor of Judicial Watch's lease. To date, Klayman is still guarantor of Judicial Watch's lease for its Washington, D.C. headquarters. Paragraph 9A of the Severance Agreement requires Defendants to "continue to act in good faith to remove Klayman as the guarantor of the lease for the headquarters' building." Defendants admit that they have made no effort whatsoever to have Klayman removed as guarantor of the lease for the headquarters' building since October, 2003, and they further admit that they could have, but chose not to remove Klayman as guarantor. In addition, Defendants' failure to cause Judicial Watch to purchase the building, as they represented to Klayman and thousands of donors that they would, evidence their lack of good faith, fair dealing, and fraudulent conduct that has kept Klayman, unnecessarily, in the status of guarantor, among other matters.

13.    Describe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:**    All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

**Supplemental Response:**    Plaintiff has great liability on the lease.

14.    If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention.

**Response:**    Discovery from the defendants will provide the information to respond fully to this interrogatory. Such information currently known is contained in the Statement at ¶¶ 18-31.

**Supplemental Response:**    Following his separation, Klayman repeatedly demanded access to Judicial Watch offices and return of his property. Defendants provided only perfunctory access and failed to permit Klayman to properly inventory the items he owned. Such property includes corporate books for corporations Klayman owns or owned, client files, other personal documents, and also including artwork. Included, is Artwork from the Kennedy Gallery in Miami Beach, Florida, and elsewhere in Miami. Also, Klayman is the owner of at least four significant pieces of artwork that Klayman repeatedly demanded that Judicial Watch return, or allow him access to remove the artwork from Judicial Watch's offices. The "value" of corporate books, client files, other personal and business documentation belonging to Klayman cannot be determined, but is highly valuable to Klayman. The artwork is valued in excess of $4,000.00.

7

401536-2

15.     Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.

**Response:**     Such information currently known is contained in the Statement at ¶¶ 55-58.

**Supplemental Response:**     In addition to an American Express account, Klayman was guarantor of several other Judicial Watch credit card accounts, including Visa and MasterCard credit card accounts.  Any such evidence is in the possession custody and control of Defendants. To this day, Defendants failed to provide sufficient evidence to Klayman that he was removed as guarantor of these credit card accounts.

16.     Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.  If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:**     All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff.  Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

**Supplemental Response:**     All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff.  Indeed, discovery has been stonewalled by Defendants, and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

401536-2

17.    List every television and newspaper interview you have participated in since your departure from Judicial Watch.

**Response:**    Plaintiff objects to this interrogatory because it is overbroad, vague and ambiguous.  In addition, the defendants can obtain information responsive to this request by conducting an internet search and otherwise.

**Supplemental Response:**    See the Google search, which provides links to television and newspaper interviews of Klayman.

18.    Describe in detail the Artwork at issue in this case.

**Response:**    This information is contained in the Statement at ¶¶ 55-58.

**Supplemental Response:**    Included, is Artwork from the Kennedy Gallery in Miami Beach, Florida.  Also, Klayman is the owner of at least four significant pieces of artwork that show various scenes and designs.

19.    Identify all counsel who assisted you during the negotiation of the Severance Agreement.

**Response:**    Counsel's name is on the Severance Agreement and otherwise known to defendants.

**Supplemental Response:**    Counsel's name is on the Severance Agreement and otherwise known to defendants.

20.    Identify each and every person from whom Judicial Watch employees concealed your location.

**Response:**    Judicial Watch and its employees concealed my [sic] location from every person who called into Judicial Watch and told callers that the location, as well as my [sic]

9

reason for leaving Judicial Watch, was confidential. I [sic] was also disparaged and defamed during these calls. Discovery will reveal the identities of such persons.

**Supplemental Response:**    Thomas J. Fitton, Paul J. Orfanedes, Christopher J. Farrell, Jeffrey Lyons, and various Judicial Watch receptionists and other employees. Discovery is ongoing. Plaintiff reserves the right to further supplement this response up to and including at trial.

21.    Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch.

**Response:**    On information and belief, every major TV and radio network.

**Supplemental Response:**    On information and belief, every major TV and radio network.

22.    Identify the source(s) of the "Saving Judicial Watch" donor list.

**Response:**    Plaintiff objects to this interrogatory because it seeks confidential, propriety and irrelevant information. Without waiving that objection, Judicial Watch is not the source of the donor list; to the contrary, defendants have not provided plaintiff with any access to Judicial Watch's donor list.

**Supplemental Response:**    Judicial Watch is not the source of the referenced "donor list' and therefore the Interrogatory seeks irrelevant information.

23.    If you denied any of the Requests for Admission, explain in detail the reason(s) for each and every denial.

**Response:**    Not applicable**.**

**Supplemental Response:**    To the best of Plaintiff's knowledge, no Requests for Admissions were served in this case.

**SPECTOR GADON & ROSEN, P.C.**


By:      //s// *Daniel J. Dugan*
         Daniel J. Dugan, Esquire
         1635 Market Street, 7th floor
         Philadelphia, PA  19103
         215.241.8872 --215.241.8844 *fax*
         *Attorneys for Plaintiff*

November 9, 2007

11

## VERIFICATION

I, Larry Klayman, hereby verify that the statements set forth in the foregoing responses to interrogatories are true and correct to the best of my knowledge, information and belief.

Signed this ____9th____ day of November, 2007.

LARRY KLAYMAN

Sworn to and subscribed before me this 9th day of November, 2007.

Notary Public    RAYMOND GARCIA
My Commission Expires: 9/24/00
Miami-Dade County, Florida

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of November 2007, I served a true and correct copy

of Plaintiff's Supplemental Responses to Defendants' Interrogatories on the following by email

and by regular U.S. mail, postage prepaid:

> Richard W. Driscoll, Esquire
> Juli Haller Simonyi, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> *Counsel for Defendants*


 //s//*Daniel J. Dugan*
 Daniel J. Dugan

401536-2