# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Klayman, *et al.*<br>　　　　*Plaintiffs,*<br><br>v.<br><br>Judicial Watch, Inc., *et al.*<br>　　　　*Defendants.* | Civil Action No. 1:06-CV-00670<br><br>Honorable Colleen Kollar-Kotelly<br><br>**Jury Trial Demanded.** |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO AMENDED COUNTERCLAIM OF DEFENDANTS**

Plaintiff, Larry Klayman, by counsel, Daniel J. Dugan, Esquire, of Spector Gadon & Rosen, P.C., hereby submits his Answer and Affirmative Defenses as follows:

1.　　Admitted.

2.　　Admitted.

3.　　Admitted in part and denied in part. It is admitted that Larry Klayman is a citizen and resident of the State of Florida and is the sole shareholder of Klayman & Associates, P.C. ("K&A"). It is denied that Klayman was the sole officer of K&A, and in fact, at all material times, Defendant Paul Orfanedes was corporate secretary of K&A. The remaining allegations in paragraph 3 are expressly denied.

4.　　The allegations contained in paragraph 4 are conclusions of law to which no responsive pleading is required, and are thus denied.

413345-3

5. The allegations contained in paragraph 5 are conclusions of law to which no responsive pleading is required, and are thus denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no responsive pleading is required, and are thus denied.

7. Admitted.

8. Denied as stated. Larry Klayman founded Judicial Watch in 1994 as a not-for-profit, tax exempt educational organization. The mission of Judicial Watch was to investigate and prosecute legal and governmental corruption and abuse. Due to vision and efforts of Klayman, Judicial Watch enjoyed substantial success.

9. Admitted in part and denied in part. It is admitted that Klayman was Treasurer and General Counsel of Judicial, as well as a member of the organization's Board of Directors. It is denied that Klayman's additional title of Chairman of Judicial Watch merely an "honorarium." To the contrary, Klayman was in fact Chairman of Judicial Watch.

10. Admitted in part; denied in part. It is admitted only that in or about May 2003, Klayman advised Defendants that his wife at the time, had commenced divorce proceedings against him. The remaining allegations in paragraph 10 are specifically denied.

11. Admitted in part; denied in part. It is admitted only that Klayman denied the allegations made by his wife at the time. Otherwise, all allegations contained in paragraph 11 are denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted in part; denied in part. It is admitted only that in or about May 2003, Klayman and Judicial Watch commenced negotiations for Klayman's separation from the organization. By way of further answer, Klayman voluntarily resigned from Judicial Watch to run for the United States Senate from the State of Florida, and Judicial Watch issued a press release praising Klayman's significant ethical and legal contributions to and leadership of the organization. The remaining allegations contained in paragraph 15 are denied.

16. Denied.

17. Denied.

18. Denied as stated. On September 19, 2003, the parties executed the Severance Agreement. By way of further response, the Severance Agreement, executed by the parties, provided that Judicial Watch acknowledge that Klayman's separation was a voluntary resignation further to Klayman's run for the United States Senate seat from the State of Florida, and Judicial Watch issued a press release praising Klayman's significant ethical and legal contributions to and leadership of the organization.

19. Admitted in part; denied in part. It is admitted only that Klayman's run for the Republican nomination for the U.S. Senate seat from the State of Florida was unsuccessful. By way of further response, Defendants' conduct in obfuscating, defaming and disparaging Klayman in the media, with supporters and elsewhere harmed and continue to harm Klayman and his family. The remaining allegations contained in paragraph 19 are denied.

20. Denied. By way of further response, the Severance Agreement, executed by the parties, provided that Judicial Watch acknowledge that Klayman's separation was a voluntary resignation further to Klayman's run for the United States Senate seat from the State of Florida.

21. It is admitted that Klayman and Judicial Watch, Inc. entered into a Severance Agreement that was signed on September 19, 2003 (the "Severance Agreement"). The remaining allegations contained in paragraph 21 are expressly denied. By way of further response, as alleged in the Second Amended Complaint, Defendants breached the Severance Agreement.

22. The Severance Agreement is a document that speaks for itself. By way of further response, for the reasons set forth in Plaintiffs' Second Amended Complaint, Defendants breached the Severance Agreement. Moreover, the breaches and Defendants' egregious and unlawful conduct renders the Severance Agreement invalid and unenforceable.

23. Denied. By way of further response, Defendants breached the Severance Agreement and have failed to honor their obligations under the Severance Agreement.

24. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

25. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

26. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

27. Denied. By way of further response, despite Defendants' continued failure to honor their obligations under the Severance Agreement, including, but not limited to, failing to return personal property and fulfill all payment obligations to Klayman, Klayman has paid all debts that are undisputed. Defendants were on notice long before the filing of the Second Amended Complaint that the debts were disputed and that Klayman demanded prompt resolution

of the dispute. Instead of responding to Klayman in good faith, Defendants threatened Klayman and engaged in their egregious and unlawful conduct to disparage, defame and harm Klayman and his family. To the contrary, Defendants failed to make payments for debts owed to Klayman and K&A.

28. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

29. Denied. To the contrary, Defendants have smeared Klayman with false allegations.

30. Denied.

31. Denied. By way of example, paragraph 31 is part of Defendants' continuing smear campaign against Klayman.

32. Admitted.

33. Denied.

34. Admitted in part; denied in part. It is admitted only that Klayman launched the website www.savingjudicialwatch.org after the commencement of the instant litigation, to keep the public informed about his efforts to save Judicial Watch and to seek support. The remaining allegations contained in paragraph 34 are denied.

35. Admitted in part; denied in part. It is admitted only that the website www.savingjudicialwatch.org contained a posting that "After Klayman left Judicial Watch in the fall of 2003, the current president, Tom Fitton, set out to hijack the group to further his own person interests." The remaining allegations contained in paragraph 35 are denied. By way of further response, the website also stated "[a]s alleged in the complaint, Fitton sent out false and

5

413345-3

misleading fundraising letters, misused donor money, disparaged Klayman with supporters and the media, and took other actions which increased the damage to Judicial Watch, the donors and Klayman. Egregiously, Fitton allowed to remain as head of the high dollar Judicial Watch fundraising department an individual, Robert G. Mills, who he knew had a shady fundraising past and was in bed with Congressman Tom DeLay. This high dollar fundraiser, along with Fitton, defrauded donors.  Fitton himself defrauded Klayman about his past, passing himself off as a college graduate of George Washington University when Klayman hired him years earlier, when in fact he had not graduated from the school and did not have even an undergraduate college degree."

36. Denied.  The allegations contained in paragraph 36 are legal conclusions to which no responsive pleading is required, and are thus denied.

37. Denied.  The allegations contained in paragraph 37 are legal conclusions to which no responsive pleading is required, and are thus denied.

38. Admitted in part; denied in part.  It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support.  The remaining allegations contained in paragraph 38 are denied.

39. Admitted in part; denied in part.  It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support.  The remaining allegations contained in paragraph 39 are denied.

40. Admitted in part; denied in part.  It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support.  The remaining allegations contained in paragraph 38 are denied.

6

41. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 41 are denied.

42. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 42 are denied.

43. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 43 are denied.

44. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 44 are denied.

45. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 45 are denied.

46. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 46 are denied.

47. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 47 are denied.

48. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 48 are denied.

49. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 49 are denied.

50. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 50 are denied.

51. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 51 are denied.

52. Admitted in part; denied in part. It is admitted only that after Klayman commenced the instant litigation, he kept the public informed about his efforts to save Judicial Watch and sought support. The remaining allegations contained in paragraph 52 are denied.

53. Admitted in part; denied in part. It is admitted only that Judicial Watch used the terms "Judicial Watch" and "Because No One Is Above The Law." The remaining allegations contained in paragraph 53 are denied.

54. Denied.

55. Denied.

56. Denied.

57. Admitted in part; denied in part. It is admitted only that Saving Judicial Watch is accessible via www.savingjudicialwatch.org. The remaining allegations contained in paragraph 58 are denied.

58. Admitted in part; denied in part. It is admitted only that Klayman registered the domain www.savingjudicialwatch.org with Domains by Proxy, Inc. The remaining allegations contained in paragraph 58 are denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### COUNT I -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶10 of the Severance Agreement by Klayman)

68. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-67 above, as if fully set forth at length herein.

69. Denied.

70. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

71. Denied.

72. Admitted in part and denied in part. It is admitted only that Judicial Watch, Inc. submitted certain fraudulent invoices to Klayman. It is denied that Klayman owes Judicial Watch, Inc. any amounts.

73. The allegations contained of paragraph 73 are conclusions of law to which no responsive pleading is required. Klayman expressly denies that any legitimate debt is owed.

### COUNT II -- BREACH OF CONTRACT
### Asserted By Judicial Watch, Inc.
### (Breach of ¶11 of the Severance Agreement by Klayman)

74. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-73 above, as if fully set forth at length herein.

75. Admitted in part; denied in part. It is admitted only that Klayman was an officer or K&A. It is denied that Klayman was the sole officer of K&A, and in fact, at all material times, Defendant Paul Orfanedes was corporate secretary of K&A.

76. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

77. Admitted in part and denied in part. It is admitted that, at some point, Judicial Watch, Inc. advised Klayman of its purported audit and claim of debt owed by K&A  The remaining allegations are expressly denied.

78. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

79. Denied.

## COUNT III -- INDEMNIFICATION
### Asserted By Judicial Watch, Inc.
### (Indemnification by Klayman for K&A's Non-Payment)

80. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-79 above, as if fully set forth at length herein.

81. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

82. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

83. Denied.

## COUNT IV -- TRADEMARK INFRINGEMENT
### Asserted By Judicial Watch, Inc.
### (Lanham Act – 15 U.S.C. §1114(1)(a))

84. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-83 above, as if fully set forth at length herein.

85. Denied as conclusions of law.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## COUNT V – UNFAIR COMTETITION
### Asserted By Judicial Watch
### (Lanham Act – 15 U.S.C. §1125(a))

91. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-90 above, as if fully set forth at length herein.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT VI – UNFAIR COMTETITION
### Asserted By Judicial Watch
### (Lanham Act – 15 U.S.C. §1125(a))

98. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-97 above, as if fully set forth at length herein.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT VII – CYBERSQUATTING
### Asserted By Judicial Watch
### (Lanham Act – 15 U.S.C. §1125(d))

106. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-105 above, as if fully set forth at length herein.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## COUNT VIII -- BREACH OF CONTRACT
### Asserted By Judicial Watch
### (Breach of ¶17 of the Severance Agreement by Klayman)

117. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-116 above, as if fully set forth at length herein.

118. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

119. Denied.

120. Denied.

## COUNT IX -- BREACH OF CONTRACT
### Asserted By Fitton
### (Breach of ¶17 of the Severance Agreement by Klayman)

121. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-120 above, as if fully set forth at length herein.

122. Denied.

123. Denied.

124. Denied.

### COUNT X -- BREACH OF CONTRACT
### Asserted By Judicial Watch
### (Breach of ¶4 of the Severance Agreement by Klayman)

125. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-124 above, as if fully set forth at length herein.

126. Denied. During his tenure as Chairman and General Counsel of Judicial Watch, Klayman was privy to information he developed and utilized regarding the organization's operations, plans, programs, relationships, donors, prospective donors, clients, prospective clients, past and then current employees, contracts, financial affairs and legal affairs, and expressly denies he misappropriated any information.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

### COUNT IX -- BREACH OF CONTRACT
### Asserted By Judicial Watch
### (Breach of ¶5 of the Severance Agreement by Klayman)

132. Plaintiff incorporates by reference his responses to the allegations contained in paragraphs 1-131 above, as if fully set forth at length herein.

133. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

134. The Severance Agreement is a document that speaks for itself, and any characterization of the Severance Agreement is expressly denied.

135. The press release, purportedly issued on or about June 3, 2004, (the "Oil for Food Press Release") is a document that speaks for itself, and any characterization thereof is expressly denied.

136. The purported October/November, 2004 newspaper article is a document that speaks for itself, and any characterization thereof is expressly denied.

137. The purported March/April, 2005 letter is a document that speaks for itself, and any characterization thereof is expressly denied.

138. Denied. The allegations contained in paragraph 138 are conclusions of law to which no responsive pleading is required.

## CLAUSE FOR RELIEF

Plaintiff expressly denies any other allegations or headings in the Amended Counterclaim not otherwise admitted or denied. Plaintiff repeats and re-alleges his responses to the foregoing paragraphs as if the same were fully set forth herein. Plaintiff respectfully submits that the Defendants are not entitled to any relief including the relief prayed for in paragraphs A-K of their Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of the Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' claims are untimely and they are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

At all material times, any action taken by Plaintiff with respect to the terms and conditions of the Severance Agreement were taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in part by the doctrines of res judicata and/or, release, and/or discharge.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims as a whole and each count individually fail to state a claim for compensatory, punitive or other damages or relief, or for attorney's fees.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendants suffered any damages or losses, such damages or losses were caused in whole or in part by their own acts, omissions or conduct, or by the acts, omissions, or conduct of

parties other than the Plaintiff about which the Plaintiff had no prior knowledge and is not legally responsible.

### NINTH AFFIRMATIVE DEFENSE

Defendants' claim for damages should be denied because Defendants have failed to mitigate their damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the doctrines of contributory and comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the terms of the Severance Agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's performance is excused due to the Defendants' prior breach of contract and egregious and unlawful violation of Plaintiff's rights.

### FOURTEETH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in party by superseding and/or intervening causes.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's performance is excused because Defendants' failed to perform a condition precedent.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's statements meet or exceed the standard for substantial truth.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in part, by consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in party, by the absence of malice.

### NINETEEN AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in party, by privilege.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants' claim for defamation is barred, in whole or in part, as statements of opinion, future events and/or fair comments on matters of public interest.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the doctrine of fair use.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by innocent infringement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants' trademarks are owned by Klayman and/or are invalid

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has superior rights to the complained of trademarks and was the first to use the marks in commerce.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

## TWENTY-SIX AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in party, by acquiescence of use.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the parol evidence rule.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff intends to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Plaintiff expressly reserves the right to amend this Answer to assert any and all such defenses.

**WHEREFORE,** Plaintiff prays for trial by jury of the Amended Counterclaims and Affirmative Defenses, and requests that the Defendants' Amended Counterclaim be dismissed and that judgment be entered in his favor and against the Defendants on each count of the Amended Counterclaim, including any award to Plaintiff for costs, attorney fees and expenses of this action and for further relief as this Court may deem just and proper.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

Dated: December 24, 2007         By:   //s// *Daniel J. Dugan*
                                        Daniel J. Dugan, Esquire
                                        1635 Market Street, Seventh Floor
                                        Philadelphia, PA  19103
                                        215.241.8872/215.241.8844(Fax)
                                        ddugan@lawsgr.com
                                        *Attorneys for Plaintiff, Larry Klayman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of December, 2007, a true and correct copy of Plaintiff Klayman's Answer and Affirmative Defenses to Defendants' Amended Counterclaim was served via electronic filing on the following:

> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> *Counsel for Defendants*

By: \_\_\_\_//s// *Daniel J. Dugan*

413345-3