IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
|
LARRY KLAYMAN,                              |
|
Plaintiff,                |
|
v.                                                      |          Civil Action No. 1:06-CV-00670
|          (CCK) (AK)
JUDICIAL WATCH, INC., et al.,          |
|
Defendants.             |
———————————————————|

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

1.      As this Court is aware, Defendants served document requests over six months ago, on June 13, 2007, and Plaintiff failed to respond in a timely matter.  *See* Exs. 1 and 2 to Defs. Mot. to Compel Responses to Requests for Production, "RPD".

2.      As this Court is also aware, Defendants filed the Motion to Compel Plaintiff's responses on December 12, 2007.  *See* Defs. Mot. to Compel RPD.

3.      In his opposition to Defendants' Motion to Compel, Plaintiff completely and utterly failed to provide any cause, much less "good cause," for why the Court should excuse his failure to respond to Defendants' discovery requests in a timely manner.  *See* Fed.R.Civ.P. 33(b)(4).  Plaintiff never requested or obtained from the Court an extension of time to respond. Plaintiff's assertion that he unilaterally granted himself an extension of time to respond by assuming that Defendants were amenable to an alleged, informal, telephonic request to which, by Plaintiff's own account, Defendants did not respond, does not conform to basic standards of professional conduct, much less constitute the "good cause" contemplated by the Rule.  Plaintiff

thus waived any objections to Defendants' requests for production. *Peskoff v. Faber*, 244 F.R.D. 54, 64 (D.D.C. 2007), *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005).

4.    Plaintiff nonetheless belatedly represented that he would produce "relevant" documents at "a mutually agreeable time, date, and place."  While Defendants repeatedly requested access to said documents, none were forthcoming.  *See* Ex. 2 to Defs.' Mot to Compel RPD, *see also*, Ex. 3, Defs.' Correspondence to Plaintiff, October 30, 2007 and Ex. 6, Defs.' Correspondence to Plaintiff, November 13, 2007.  This motion resulted.

5.    On December 21, 2007, after the filing of this motion on December 12, 2007, Plaintiff sent an email to the Undersigned stating:

> From: Daniel Dugan [mailto:dugan@lawsgr.com]
> Sent: Friday, December 21, 2007 10:52 AM
> To: Richard Driscoll
> Cc: Jeffrey Schervone
> Subject: Klayman
>
> Dear Rich:
>
> Following up on my earlier letter.  We are sending documents out to you today.  Are you going to send me yours today?  We will need them to review in advance of the depositions.  If I do not hear affirmatively from you, we will file a motion to compel on Monday.  If I do not get them sufficiently in advance of the depositions to adequately prepare, I may have to delay some of them and/or seek an extension of the discovery deadline.
>
> Regards,
> Dan

*See* Pl.'s Opp'n to Defs.' Mot., Ex. 2, p.3.

6.    While the instant motion is about Plaintiff's utter disregard for producing documents that are of obvious relevance to this litigation, in which Plaintiffs seeks millions of dollars in alleged damages from Defendants, the above-referenced e-mail was Plaintiff's first

correspondence to Defendants requesting access to documents pursuant to Defendants' timely Responses to Plaintiff's Requests for Production.  Importantly, Defendants had filed a motion for a protective order seeking to limit dissemination of information and documents exchanged in discovery, and the Court granted that motion, in large part, on December 3, 2007.

7.      Yet, it is Plaintiff who argues that Defendants only "purportedly made documents available for inspection and copying only on December 21, 2007, the eve of the Christmas/New Years holiday…"  It should be noted that, on December 21, 2007, on the eve of the Christmas/New Year's holiday, Plaintiff initiated the contact and demanded documents from Defendant under threat of a motion to be filed on December 24, 2007, the Christmas Eve holiday, regardless of any attempt to confer.  Defendants immediately made over 4000 pages of documents available to Plaintiff, *on the same day of the request*.

8.      Plaintiff seeks to confuse the issues herein by misrepresenting that Defendants failed to comply with their discovery obligations.  Contrary to Plaintiff's threat to file a motion to compel only one day after Plaintiff demanded, for the first time since the granting of Defendants' motion for a protective order, that Defendants' document production be made available, Defendants had repeatedly attempted to confer with Plaintiff on when he would make documents available for inspection, giving Plaintiff weeks of opportunity to produce records and avoid a motion to compel.  *See* Defs.' Ex. 3, Ex. 6 and Defs' Mot. to Compel.

9.      It was only under cover letter dated December 21, 2007, after the filing of Defendants' motion, that Plaintiff sent Defendants 482 pages of bates-stamped documents, which include multiple duplicate copies of the same document.  Plaintiff did not produce documents for inspection "as they are kept in the usual course of business" nor did he "organize [or] label them to correspond with the categories in the requests."    Fed.R.Civ.P. 34(b)(i).  Thus, Plaintiff's

production was procedurally deficient.  As important, if not more important, is that Plaintiff's

production is wholly deficient substantively.  The following is a summary of what Defendants

requested and what Plaintiff purports to be his document production:

- Pgs. 1-7:  Correspondence to Defendants' Counsel, (Mintz Levin), from Klayman dated December 23, 2003;
- Pg. 8:  Pl. Correspondence to Judicial Watch's Counsel dated May 08, 2003;
- Pg. 9:  Pl. Correspondence to Judicial Watch's Counsel dated September 25, 2003;
- Pg. 10:  *DUPLICATE* copy of Page 9;
- Pgs. 11-24:  A copy of the Severance Agreement between the Parties;
- Pgs. 25:  Pl. Correspondence to Judicial Watch's Counsel dated September 25, 2003;
- Pgs. 26-39: *DUPLICATE* copy of the Severance Agreement between the Parties;
- Pgs. 40-105: Correspondence to Pl. dated December 1, 2003 enclosing Notices for Withdrawal for Klayman's signature;
- Pgs. 106-115:  Judicial Watch's 2003 990 IRS form;
- Pg. 116:  Fax cover sheet to Pl.'s Counsel from Klayman dated November 6, 2003;
- Pgs. 117-118:  Klayman correspondence to Judicial Watch's Counsel dated November 6, 2003;
- Pgs. 119-136:  Judicial Watch's October 2003 Newsletter;
- Pg. 137: Klayman cover sheet correspondence to Judicial Watch's Counsel dated November 6, 2003;
- Pgs. 138-139: An unidentified "Atlanta Journal Constitution" article captioned "Alabama Chief Justice Roy Moore removed from office;"
- Pgs. 140-144:  Klayman correspondence to Judicial Watch's Counsel dated December 12, 2004, marked 2003, and fax cover sheet dated December 17, 2003;
- Pgs. 145-149:  *DUPLICATE* correspondence to Judicial Watch's Counsel dated December 12, 2004, marked 2003, with a fax cover sheet dated December 17, 2003;
- Pgs. 150-155:  *DUPLICATE* correspondence to Judicial Watch's Counsel dated December 12, 2004, with a fax cover sheet dated December 12, 2003;
- Pgs. 156-160:  *DUPLICATE* correspondence to Judicial Watch's Counsel dated December 12, 2004, with a fax cover sheet dated December 17, 2003;
- Pgs. 161-168:  Klayman correspondence to Judicial Watch's Counsel dated January 8, 2004;
- Pgs. 169-175:  Klayman correspondence to Judicial Watch's Counsel dated February 5, 2004;
- Pgs. 176-185:  Klayman correspondence to Judicial Watch's Counsel dated February 5, 2004; *DUPLICATE*.
- Pgs. 186-188:  Klayman correspondence to Judicial Watch's Counsel dated February 5, 2004; *DUPLICATE*.
- Pgs. 189-190:  Judicial Watch's Counsel's correspondence to Klayman dated April 14, 2004;

- Pgs. 191-193:  Klayman correspondence to Defendant Fitton/ Fitton response dated April 26, 2003;
- Pgs. 194-207:  Klayman correspondence to Judicial Watch's Counsel dated April 26, 2003;
- Pgs. 208-217:  Judicial Watch's Counsel's correspondence to Klayman dated March 19, 2004;
- Pgs. 218-225:  Judicial Watch's Counsel's correspondence to Klayman dated March 19, 2004, *DUPLICATE*;
- Pgs. 226-234: Judicial Watch's Counsel's correspondence to Klayman dated March 19, 2004, *DUPLICATE*;
- Pgs. 235-237: Klayman correspondence to Judicial Watch's Counsel dated April 9, 2004;
- Pgs. 238-239: Judicial Watch's Counsel's correspondence to Klayman dated April 14, 2004;
- Pg. 240:  Judicial Watch's Counsel's correspondence to Klayman dated May 4, 2004;
- Pgs. 241-242: Judicial Watch's Counsel's correspondence to Klayman dated April 14, 2004, *DUPLICATE*;
- Pgs. 243-245:  Judicial Watch's Counsel's correspondence to Klayman dated May 10, 2004;
- Pgs. 246-248:  Judicial Watch's Counsel's correspondence to Klayman dated May 10, 2004; *DUPLICATE*;
- Pg. 249:  Judicial Watch's Counsel's correspondence to Klayman dated March 30, 2005;
- Pg. 250:  Judicial Watch's Counsel's correspondence to Klayman dated May 3, 2005;
- Pgs. 251-253:  Klayman correspondence to Judicial Watch's Counsel dated May 14, 2004;
- Pgs. 254-264:  Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004;
- Pgs. 265-275:  Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 265-276:  Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 276-286:  Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 287-297:  Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004, with additional markings;
- Pgs. 298-308:  Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 309-310:  Klayman correspondence to Judicial Watch's Counsel dated May 15, 2004;
- Pgs. 311-312:  Klayman correspondence to Judicial Watch's Counsel dated May 15, 2004; *DUPLICATE*;
- Pg. 313:  Klayman fax to Judicial Watch's Counsel dated May 17, 2004;
- Pgs. 314-315:  Klayman correspondence to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;

- Pg. 316:  Klayman fax to Judicial Watch's Counsel dated May 17, 2004; *DUPLICATE*.
- Pgs. 317-318:  Judicial Watch's Counsel's correspondence to Klayman dated October 6, 2004;
- Pgs. 319-320:  Judicial Watch's Counsel's correspondence to Klayman dated October 7, 2004;
- Pgs. 321-322:  Klayman correspondence to Judicial Watch's Counsel dated October 13, 2004;
- Pgs. 323-324:  Klayman correspondence to Judicial Watch's Counsel dated October 13, 2004; *DUPLICATE*;
- Pgs. 325-329:  Judicial Watch's Counsel's correspondence to Klayman dated December 1, 2004 with enclosures;
- Pg. 330:  Judicial Watch's Counsel's correspondence to Klayman dated May 30, 2005; *DUPLICATE* (with Pg. 250);
- Pgs. 331-334:  Klayman correspondence to Judicial Watch's Counsel dated December 30, 2005, with enclosure;
- Pg. 335:  Defendant Orfanedes's correspondence to Klayman dated May 05, 2004;
- Pg. 336:  Klayman correspondence to Defendant Orfanedes dated February 05, 2004;
- Pg. 337:  Defendant Orfanedes's correspondence to Klayman dated January 31, 2004;
- Pgs. 338-348:  Klayman correspondence to Defendant Orfanedes dated April 09, 2004, with enclosure;
- Pgs. 349-350:  Klayman's Counsel Kalunas correspondence to Judicial Watch's Counsel dated April 04, 2004;
- Pgs. 351-352:  Judicial Watch's Counsel's correspondence to Klayman dated May 13, 2005;
- Pgs. 353-354:  Klayman's Counsel Kalunas correspondence to Judicial Watch's Counsel dated April 04, 2004; *DUPLICATE*;
- Pgs. 355-356:  Judicial Watch's Counsel's correspondence to Klayman dated June 28, 2006 with enclosure of Klayman EMAIL to Judicial Watch's Counsel dated June 22, 2006;
- Pg. 357:  Judicial Watch's Counsel's Fax Cover correspondence to Klayman dated June 28, 2006 referencing four (4) pages but not including any attachments;
- Pgs. 358-371:  Klayman correspondence to Judicial Watch's Counsel dated April 26, 2004;
- Pg. 372:  Klayman correspondence to Defendant Fitton dated April 26, 2004;
- Pgs. 373-386:  Klayman correspondence to Judicial Watch's Counsel dated April 26, 2004; *DUPLICATE*;
- Pg. 387:  Klayman correspondence to Defendant Fitton dated April 26, 2004; *DUPLICATE*;
- Pgs. 388-390:  Klayman correspondence to Judicial Watch's Counsel dated April 29, 2004;
- Pg. 391:  C-SPAN Email dated April 27, 2004;
- Pg. 392:  CNN Note;
- Pgs. 393-395:  Judicial Watch email dated April 15, 2004;

- Pg. 396:  a page from a Judicial Watch publication;
- Pgs. 397-398:  Klayman correspondence to Judicial Watch's Counsel dated October 7, 2004;
- Pgs. 399-400:  Klayman correspondence to Judicial Watch's Counsel dated October 13, 2004;
- Pgs. 401-417:  Judicial Watch's October 2003 Newsletter; *DUPLICATE*;
- Pgs. 418-438:  Judicial Watch's Fundraising letter addressed to Benson dated November 15, 2002;
- Pgs. 439-449:  Judicial Watch's Legacy campaign;
- Pgs. 450-453:  April 22, 2002 Judicial Watch publication, "special report;"
- Pgs. 454-456:  Judicial Watch publication, unidentified;
- Pg. 457:  Unidentified page of notes;
- Pgs. 458-478:  Judicial Watch Newsletter addressed to Louise Benson dated February 2005;
- Pgs. 479-482:  October 30, 2007 incomplete copy of Judicial Watch Newsletter.

10.    The deficiencies in this production are substantial.  With the single exception of one email from C-Span, Plaintiff fails to produce any email or other, computer generated documents.  Plaintiff failed to produce anything that would appear to show his alleged damages or damage calculations.  He does not appear to have produced any of his numerous direct mail solicitations, any documents of his work as "Saving Judicial Watch," or "Freedom Watch," any communications with Mr. Peter F. Paul, or any of his records of his work RightMarch.com, among many other failings.  Nonetheless, Plaintiff devotes the better part of his opposition to the demonstrably false assertion that *Defendants* failed to make a sufficient document production. *See* Pl.'s Opp'n at pgs. 3-4.

11.    It was only after a conference call was scheduled with the Court that Plaintiff wrote to Defendants, "…[w]hile I have not seen additional documents (which is what I told you), I was not aware that Jeff has received and is reviewing additional documents.  I expect we will be producing those within the next couple of days."  *See* Dugan E-Mail of January 2, 2008 to

Defendants' Counsel, attached hereto as Ex. A; *see also,* Court's Minute Order setting teleconference entered January 2, 2008.

12.    As of Monday, January 7, 2008, the day Defendants' reply memorandum is due, Plaintiff has failed to produce any additional documents to Defendants.

13.    The close of fact discovery remains January 31, 2007.  *See* Order of Court, December 3, 2007.  Defendants are being prejudiced and will be prejudiced further unless Plaintiff is compelled to make a full production of all responsive documents promptly.

14.    While Plaintiff claims Defendants' motion is largely moot, in addition to providing deficient responses, Plaintiff only produced his clearly deficient responses after Defendants filed their motion.  Rule 37 authorizes the Court, upon the granting of a motion to compel or "if the disclosure or requested discovery is provided *after* the motion is filed," to grant sanctions for reasonable expenses incurred in making the motion, including an award of attorney's fees.  Fed.R.Civ.P. 37(a)(4) (emphasis added).  Even in the unlikely event the Court should find this motion moot, Defendants are entitled to an award of attorney's fees and costs reasonably incurred in preparing the motion because Plaintiff's failure to produce the requested records, despite Defendants' repeated requests, was not substantially justified.  *See* Fed.R.Civ.P. 37(a)(4); *see also Rude v. Dancing Crab at Wash. Harbour, LP*, 245 F.R.D. 18, 21 (D.D.C. 2007).

15.    The following sets forth Defendants' requests, a summary of arguments raised by Plaintiff in his opposition with respect to each request, a description of what documents, if any, Plaintiff actually produced, and Defendants' arguments why the production is insufficient:

REQUEST NO. 1:

All documents reviewed or consulted in preparing responses to Defendants' Interrogatories.

RESPONSE TO REQUEST NO. 1:

Plaintiff in his Opposition claims that Plaintiff produced documents responsive to this Request. *See* Pl.'s Opp'n at p. 6.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced. Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 1:

If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff did not review or consult any documents in preparing his interrogatory answers, then he must be compelled to so state.

REQUEST NO. 2:

All documents that support your claim that Defendants misused and/or misrepresented your name and/or likeness for fundraising activities.

RESPONSE TO REQUEST NO. 2:

Plaintiff claims relevant documents were produced.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It is not clear whether any of the documents produced are actually responsive to this Request. Nonetheless, giving Plaintiff all benefit of doubt, it appears that he produced only a single, possibly responsive document, a copy of the October 2003 Judicial Watch's Newsletter

attached to his Second Amended Complaint.  No other documents appear to be responsive to this Request.

ARGUMENT FOR REQUEST NO. 2

The burden is on Plaintiff to support his Complaint.  A plaintiff has the burden to prove the elements of his claims, and a defendant "is entitled to any information that would support such claims by plaintiff or enable it to defend against such claims, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1)."  *Doe v .District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005).  Plaintiff has sued Defendants for allegedly misusing and/or misrepresenting his name and/or likeness for fundraising activities.  Defendants requested and are entitled to receive all documents that support this claim, and Plaintiff must be compelled to produce them.  Plaintiff also must be compelled to identify, with specificity, which of the documents he produced are responsive to this request.  If Plaintiff has no other responsive documents in his possession, custody or control, then he must be compelled to so state.

REQUEST  NO. 3:

All documents relating to the calculation of your claims of damages.

RESPONSE TO REQUEST NO. 3:

Plaintiff again claims "relevant" documents were produced, but continues to object on grounds of relevancy.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced.  Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 3

Plaintiff waived any objections he otherwise may have been entitled to assert by failing to object in a timely manner. *See Peskoff*, 244 F.R.D. at 64; *Fonville*, 230 F.R.D. at 42.

In addition, a plaintiff has the burden to prove the elements of his claims, and a defendant "is entitled to any information that would support such claims by plaintiff or enable it to defend against such claims, as long as that information is not privileged or otherwise excepted from Rule 26(b)(1)." *Doe*, 231 F.R.D. at 30. Plaintiff seeks monetary damages from Defendants in excess of $500,000 on his breach of contract claim, $1,500,000 on his Lanham Act claim, and $1,500,000 on his defamation claims. *See* Plaintiff's Second Amended Complaint at Wherefore Clause, paras. C, D, E, and G. Plaintiff also seeks punitive damages, interest and attorney's fees. *Id*. There can be no reasonable dispute that Defendants are entitled to any non-privileged or otherwise exempt information regarding Plaintiff's claims of damages, yet, to date, documents supporting Plaintiff's purported damages have not been produced. Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 4:

All documents that support your claim that Defendants disparaged, defamed and/or placed you in a false light to the public and media.

RESPONSE TO REQUEST NO. 4:

Plaintiff again claims "relevant" documents were produced, but continues to object on grounds of relevancy.

11

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced. Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 4

Defendants hereby incorporate their Argument for Request No. 3.

Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 5:

All documents relating to the Severance Agreement.

RESPONSE TO REQUEST NO. 5:

Plaintiff objects to this request because other than with respect to the Severance Agreement itself (which is attached to the Complaint in this matter), the request (a) is vague, ambiguous and overly broad, and (b) seeks documents that are protected by attorney client, work product, and other applicable privileges.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

An obviously *incomplete* set of communications between Plaintiff and Defendants from 2003 are included in the production, as is a copy of the Severance Agreement. Any other correspondence relating to the Severance Agreement by Plaintiff to other persons is wholly lacking, as are any drafts or ancillary documents.

ARGUMENT FOR REQUEST NO. 5:

Defendants hereby incorporate their Argument for Request No. 3.

In addition, Plaintiff's boilerplate objections of over breath are insufficient and fail to satisfy his burden of demonstrating why the requested documents should not be produced.  *See Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Edco Corp.*, 145 F.R.D. at 24; *Roesberg*, 85 F.R.D. at 296-297.  Moreover, Plaintiff appears to assert the Parole Evidence Rule as a new, additional objection.  Not only has this much-belated objection been waived by its untimeliness, but, clearly, whether or not the Rule applies is for the Court to determine after discovery is complete.  It does not prevent discovery.  Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request.  If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 6:

All documents supporting your claim that Defendant Thomas J. Fitton represented that he would take steps to find a successor for you as Chairman of Judicial Watch, Inc.

RESPONSE TO REQUEST NO. 6:

Again, Plaintiff claims that he produced documents and will produce additional documents, arguing that the motion is moot as a result.

DOCUMENTS ACTUALLY PRODUCED IN REPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced.  Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 6:

Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which

13

documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 7:

All documents relating to the calculation of money owed to you by Judicial Watch.

RESPONSE TO REQUEST NO. 7:

Plaintiff continues to assert that relevant documents relating to "personal expenses" are in the possession and custody and control of Defendants, who have refused to provide them.

DOCUMENTS ACTUALLY PRODUCED IN REPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced. Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 7:

The request requires Plaintiff to produce responsive documents in his possession, custody, or control. Plaintiff's objections are insufficient to resist a discovery request. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record."). Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 8:

All documents relating to your efforts to reclaim your property from Judicial Watch.

RESPONSE TO REQUEST NO. 8:

Plaintiff claims that he produced responsive documents and will produce additional, responsive documents at some undefined time in the future, thus arguing that the motion is moot with respect to this particular request as a result. He again argues that such documents are in Defendants' control or possession.

DOCUMENTS ACTUALLY PRODUCED IN REPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced. Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 8:

Defendants hereby incorporate their Argument for Request No. 7.

Moreover, the Request seeks *Plaintiff's efforts* to reclaim property allegedly held by Defendants. How can Plaintiff legitimately claim not to have evidence of something directly implicating his own affairs? Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 9:

All documents relating to ownership of the disputed Artwork.

RESPONSE TO REQUEST NO. 9:

Plaintiff claims that he produced and that he will produce additional documents, arguing that the motion is moot as a result. He further again argues that such documents are in Defendants' control or possession.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced.  Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 9:

Defendants incorporate their Argument for Request Nos. 3, 7, and 8.

In addition, if Plaintiff has any legal right of ownership, then obviously there must be documentation that he can access to prove it, including but not limited to receipts for purchase of the artwork at issue.  Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request.  If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 10:

All documents relating to your position as guarantor of any Judicial Watch credit cards.

RESPONSE TO REQUEST NO. 10:

Plaintiff claims that he produced document and will produce additional documents, arguing that the motion is moot as a result.  He further again argues that such documents are in Defendants' control or possession.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced.  Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 10:

Defendants incorporate their Argument for Request Nos. 7 and 8.

Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request.  If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 11:

All documents relating to the calculation of damages in connection to your position as guarantor of the building.

RESPONSE TO REQUEST NO. 11:

Plaintiff claims that he produced documents and will produce additional documents, arguing that the motion is moot as a result.  He further again argues that such documents are in Defendants' control or possession.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It does not appear that a single responsive document was produced.  Not one such document can be identified in the listed production of documents.

ARGUMENT FOR REQUEST NO. 11:

Defendants incorporate their Argument for Request Nos. 7 and 8.

Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request.  If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 12:

All communications between you and Peter F. Paul.

<u>RESPONSE TO REQUEST NO. 12</u>:

Plaintiff again objects to this request because it (a) is vague, ambiguous and overly broad, (b) seeks documents that are protected by attorney client and work product privileges, and (c) seeks irrelevant information the production of which would be burdensome and harassing.

<u>DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST</u>:

It does not appear that a single responsive document was produced. Not one such document can be identified in the listed production of documents.

<u>ARGUMENT FOR REQUEST NO. 12</u>:

Defendants incorporate their Argument for Request Nos. 3 and 5.

In addition, while Plaintiff baldly asserts that he represents Mr. Paul, he fails to provide any supporting information about the scope or timing of that purported representation. Indeed, Defendant Judicial Watch, Inc. represented Mr. Paul for a period of time, and Plaintiff's counsel, not Plaintiff, is representing Mr. Paul in his companion lawsuit, *Peter F. Paul v. Judicial Watch, Inc., et al.*, Case No. 07-279 (RCL) (D. District of Columbia). To properly assert a claim of attorney-client privilege with respect to Mr. Paul, Plaintiff must set forth for what matters and for how long he was counsel to Mr. Paul. This is especially the case because Plaintiff's representation in his direct mail campaign that "Peter Paul joins me in taking on Tom Fitton and Saving Judicial Watch" does not assert that Plaintiff is serving as Mr. Paul's legal counsel. *See* Amended Counterclaims of Judicial Watch, Inc. and Thomas J. Fitton at Ex. O. Cooperating on a fundraising effort to finance litigation is hardly the same thing as providing legal representation. Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with

18

specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 13:

All documents relating to the approval of payment of family health insurance coverage for you by Judicial Watch.

RESPONSE TO REQUEST NO. 13:

Plaintiff claims that he produced documents and will produce additional documents, arguing that the motion is moot as a result. He further again argues that such documents are in Defendants' control or possession.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

Other than the Severance Agreement itself, no other documents can be identified as responsive in the listed production of documents.

ARGUMENT FOR REQUEST NO. 13:

Defendants incorporate by reference their Arguments for Request Nos. 7 and 8.

Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 14:

All documents relating to your reimbursement of Judicial Watch pursuant to paragraph 10 of the Severance Agreement.

RESPONSE TO REQUEST NO. 14:

Plaintiff claims that he produced documents and will produce additional documents, arguing that the motion is moot as a result.  He further again argues that such documents are in Defendants' control or possession.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

Other than the production of the Severance Agreement itself, it is unclear what if any of the documents are in fact responsive to this Request.

ARGUMENT FOR REQUEST NO. 14:

Defendants incorporate their Argument for Request Nos. 7 and 8.

Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request.  If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 15:

All documents relating to your repayment of Klayman & Associates, P.C.'s debt to Judicial Watch pursuant to paragraph eleven of the Severance Agreement.

RESPONSE TO REQUEST NO. 15:

Plaintiff claims that he produced documents and will produce additional documents, arguing the motion is moot as a result.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

It appears Plaintiff produced one document reflecting a single payment that he made to Judicial Watch. No other documents can be identified as responsive in the listed production of documents.

ARGUMENT FOR REQUEST NO. 15.

Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 16:

All documents that you have produced subsequent to the severance date which contains the term "Judicial Watch."

RESPONSE TO REQUEST NO. 16:

Plaintiff continues to object to this request on the ground that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

None.

ARGUMENT FOR REQUEST NO. 16:

Defendants incorporate their Argument for Request No. 3.

In addition, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for trademark infringement and unfair competition, which allege that Plaintiff unlawfully used Defendant Judicial Watch, Inc.'s federally registered trademark "Judicial Watch, Inc." *See* Amended Counterclaims at paras. 85-90, 99-195. Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 17:

All documents that you have produced subsequent to the severance dated which contain the phrase "Because No One is Above the Law!"

RESPONSE FOR REQUEST NO. 17:

Plaintiff again objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

None.

ARGUMENT FOR REQUEST NO. 17:

Defendants incorporate their Argument from Request Nos. 3 and 16.

Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 18:

Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Saving Judicial Watch."

RESPONSE FOR REQUEST NO. 18:

Plaintiff again objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

None.

ARGUMENT FOR REQUEST NO. 18:

Defendants incorporate their Argument for Request No. 3.

In addition, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for trademark infringement, unfair competition, and cybersquatting, which allege that Plaintiff unlawfully used Defendant Judicial Watch, Inc.'s federally registered trademarks "Judicial Watch, Inc." and "Because No One is Above the Law!" and unlawfully registered a confusingly similar domain name. See Amended Counterclaims at paras. 30-67, 85-90, 99-116. They also are directly relevant to the counterclaims asserted by Defendants Judicial Watch, Inc. and Thomas J. Fitton against Plaintiff for breaching the non-disparagement clause of the severance agreement. Using the name "Saving Judicial Watch," Plaintiff has conducted a smear campaign against Defendants Judicial Watch, Inc. and Thomas J. Fitton that has included numerous disparaging statements made by Plaintiff in direct mail solicitations. *See* Amended Counterclaims at paras. 30-67, 117-24. Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST NO. 19:

Each and every solicitation, fundraising letter and/or mailing you have caused to enter the United States mails from or regarding "Freedom Watch."

RESPONSE TO REQUEST NO. 19:

Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

None.

ARGUMENT FOR REQUEST NO. 19:

Defendants hereby incorporate their Argument in support of Request No. 3.

In addition, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for breach of the Severance Agreement's non-competition clause. *See* Amended Counterclaims at paras. 132-38. The requested records also are relevant to the counterclaims asserted by Defendants Judicial Watch, Inc. and Thomas J. Fitton against Plaintiff for breaching the non-disparagement clause of the severance agreement. Using the name "Saving Judicial Watch," Plaintiff has conducted a smear campaign against Defendants Judicial Watch, Inc. and Thomas J. Fitton that has included numerous disparaging statements made by Plaintiff in direct mail solicitations. *See* Amended Counterclaims at paras. 30-67, 117-24. In July 2007, Plaintiff appeared to combine his "Saving Judicial Watch" smear campaign with his "Freedom Watch" fundraising efforts, representing that he would operate as "Freedom Watch" on an interim basis until he regained control of Defendant Judicial Watch, Inc., then combine the two efforts. *See* "The Dream Team is Back! To bring Justice to the Clintons as We Retake Judicial Watch," attached hereto as Ex. B. Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If

Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 20:

Each and every press release that you have issued subsequent to the Severance Date.

RESPONSE TO REQUEST NO. 20:

Again Plaintiff objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

None.

ARGUMENT FOR REQUEST NO. 20:

Defendants incorporate their Argument for Request Nos. 3, 18, and 19.

Plaintiff must be compelled to produce all responsive documents.  If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request.  If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

REQUEST  NO. 21:

All documents regarding your work with RightMarch.com.

RESPONSE TO REQUEST NO. 21:

Plaintiff again objects to this request on the grounds that it is overly broad and seeks documents that are irrelevant to the subject matter of this litigation.

DOCUMENTS ACTUALLY PRODUCED IN RESPONSE TO THIS REQUEST:

None.

ARGUMENT FOR REQUEST NO. 21:

Defendants hereby incorporate their Argument in support of Request No. 3.

In addition, the requested records are directly relevant to Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff for breach of the Severance Agreement's non-competition clause. *See* Amended Counterclaims at paras. 132-38. Plaintiff must be compelled to produce all responsive documents. If Plaintiff claims he produced responsive documents, then he must be compelled to identify, with specificity, which documents are responsive to this request. If Plaintiff has no responsive documents in his possession, custody, or control, then he must be compelled to so state.

WHEREFORE, Defendants respectfully request that the Court order Plaintiff to produce all documents responsive to Defendants' Request for Production of Documents without further delay and award Defendants reasonable attorney's fees and costs incurred in preparing this motion.

Dated:  January 7, 2008                    Respectfully submitted,

                                           //s//_____
                                           Richard W. Driscoll (436471)
                                           Juli Haller Simonyi (466921)
                                           DRISCOLL & SELTZER, PLLC
                                           600 Cameron Street
                                           Alexandria, Virginia 22314
                                           703.340.1625 Telephone
                                           703.997.4892 Facsimile
                                           rdriscoll@driscollseltzer.com
                                           jhaller@driscollseltzer.com

                                           *Counsel for Defendants Judicial Watch, Inc.,*
                                           *Thomas J. Fitton, Paul J. Orfanedes, and*
                                           *Christopher J. Farrell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January 2008, a true copy of the foregoing Reply Memorandum in further Support of Defendants' Motion to Compel Production of Documents was filed with the Court's Electronic Filing System and thereby served to:

> Daniel J. Dugan, Esquire,
> Spector, Gadon & Rosen, P.C.
> Seven Penn Center
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103
> dugan@lawsgr.com
>
> and
>
> Larry Klayman, Esquire
> The Klayman Law Firm
> Courvoiser Centre
> 6701 Brickell Key Drive, Suite 404
> Miami, Florida  33131
> leklayman@bellsouth.net

> /s/
> _____
> Juli Z. Haller Simonyi

27