IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-00670 (CCK) (AK) |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES**

1.   As the Court is aware, Defendant Judicial Watch, Inc. served Interrogatories on Plaintiff on June 13, 2007. *See* Ex. 1 to Defs.' Mot. to Compel. Plaintiff, however, failed to serve his answers in a timely fashion. Plaintiff did not serve his answers until July 23, 2007. *See* Pl.'s Responses to Defendant's Interrogatories, attached as Ex. 2 to Defs.' Mot. to Compel. He thus waived any and all objections he otherwise may have been entitled to try to assert. *See* Fed. R. Civ. P. Rule 33(b) (4) ("Any ground not stated in a timely objection *is waived* unless the party's failure to object is excused by the court for *good cause* shown.")

2.   In his opposition to Defendant's Motion to Compel, Plaintiff completely and utterly failed to provide any cause, much less "good cause," for why the Court should excuse his failure to respond to Defendants' discovery requests in a timely manner. *See* Fed.R.Civ.P. 33(b)(4). Plaintiff never requested or obtained from the Court an extension of time to respond. Plaintiff's assertion that he unilaterally granted himself an extension of time to respond by assuming that Defendants were amenable to an alleged, informal, telephonic request to which, by Plaintiff's own account, Defendants did not respond, does not conform to basic standards of

professional conduct, much less constitute the "good cause" contemplated by the Rule. *See Id., see also,* Fed. R. Civ. 6(b). The Court should not consider any of Plaintiff's belated objections.

3. Defendant sent a letter to Plaintiff on October 30, 2007 setting forth specific deficiencies in his responses. *See* Ex. 3 to Defs.' Mot. to Compel. Plaintiff then produced purported supplemental responses on November 9, 2007. Defendants wrote a second, detailed deficiency letter to Plaintiff, as the supplemental responses contained nearly all of the same deficiencies that were present in the initial, untimely response. *See* Ex. 4-6 to Defs.' Mot. to Compel. Plaintiff now attempts to argue that his November 9, 2007 supplemental responses are sufficient.

4. Plaintiff also attempts to convolute the issues before the Court by alleging that Defendant somehow failed to comply with its discovery obligations. Plaintiff, however, never requested supplemental interrogatory answers from Defendant. Nor has Plaintiff ever asserted that Defendant's interrogatory answers were deficient in any way. Moreover, Defendant's answers were timely. Finally, and most notably, the issue of whether Defendant provided sufficient answers simply is not before the Court.

5. Plaintiff attempts to take issue with Defendants' production of documents and argues that it was not made until the eve of the Christmas/ New Year's Holiday. *See* Pl. Opp'n at 5. Importantly, Defendant had served timely responses and filed a motion for a protective order seeking to limit dissemination of information and documents exchanged in discovery. The Court granted that motion, in large part, on December 3, 2007. Plaintiff did not contact Defendant until December 21, 2007, on the eve of the Christmas/New Year's holiday, to request that Defendant's documents be made available. Nonetheless, Defendants made over 4000 pages

of documents available to Plaintiff on the very same day of Plaintiff's request. Clearly, Plaintiff cannot legitimately complain about Defendant's discovery behavior.

6. As the Court is aware, the close of fact discovery on January 31, 2008 is fast approaching. *See* Order of December 3, 2007. Defendants are being prejudiced and will be prejudiced further unless Plaintiff is compelled to provide full and complete answers promptly.

7. Defendant is entitled to full and complete answers to its June 13, 2007 interrogatories, without regard to any of Plaintiff's untimely objections and an award of attorney's fees and costs reasonably incurred in preparing this motion. *See* Fed. R. Civ. P. 37(a)(4).

8. Defendant has set forth each interrogatory and a summary of Plaintiff's argument, followed by Defendant's argument in reply:

**INTERROGATORY NUMBER 7:** Describe in detail the facts supporting your assertion that you are a "celebrity within the non-profit legal/political community."

Plaintiff's Opposition Argument: Plaintiff objects that the Interrogatory calls for a narrative response and is otherwise "absurd." *See* Pl. Opp'n at 7. Plaintiff further claims that a "Google" search will show over 30,000 hits and claims that Plaintiff has made multiple media appearances, articles and interviews.

Insufficient:

As an initial matter, Plaintiff waived any objections by failing to answer in a timely fashion. *See* Fed. R. Civ. P. 33. In addition, as the party bringing this lawsuit, Plaintiff has the burden to prove the elements of his claims. *See Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005). It is Plaintiff who has claimed, for purposes of his Lanham Act claim, that he is a celebrity, and, therefore, it is Plaintiff who must prove this allegation with admissible evidence.

In responding to a discovery request, a party has a duty to provide specific information and not simply reference some other source. *See Williams v. Johanns*, 235 F.R.D. 116, 123 (D.D.C. 2006) (holding that "[s]imply noting the existence of a file is obviously not a sufficient answer."). It also is not sufficient for a party to assert that it cannot respond until discovery is complete. *Lohrenz v. Donnelly*, 187 F.R.D. 1, 7-8 (D.D.C. 1999). Indeed, one of the primary purposes of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *Hansel v. Shell Oil Corp.*, 69 F.R.D. 303, 305 (E. D. Pa. 1996) (internal quotations omitted).

Plaintiff tries to defend his "Google me" response by asserting that discovery of his "celebrity" status is better left for his deposition. Of course, Defendant is entitled to use all of the discovery tools available to it, not just those Plaintiff might seek to dictate it use. In addition, Plaintiff's non-response denies Defendant the ability to prepare properly for Plaintiff's deposition by preventing it from obtaining Plaintiff's evidence of his alleged "celebrity" status in advance of that deposition in order to test Plaintiff's evidence and examine Plaintiff about the evidence at his deposition. Plaintiff must be compelled to provide a full and complete response.

**INTERROGATORY NUMBER 8:** Describe in detail your damages in connection to Defendants' alleged use of your name and/or likeness in fundraising activities. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show his damages without production from Defendants. *See* Pl Opp'n at p. 8. He further asserts, incomprehensibly, that "Klayman must prove based, in part, on what he was unable to covet from his celebrity status." *See Id.* Nevertheless, Plaintiff states that he can only make such a showing upon receipt of Defendants' documents. *See Id.*

Insufficient:

Defendant incorporates its argument for Interrogatory No. 7, above.

In addition, Plaintiff now appears to argue that he can only detail his damages after reviewing Defendant's discovery responses. Pl. Opp'n at 8. Such an assertion is contrary to all logic and common sense, as well as Plaintiff's own, partial answer. For example, Plaintiff claims that he suffered "damages to fundraising." What damages? How was his fundraising affected? He claims that there was "confusion in the public" about his affiliation with Defendant. What confusion? How did this confusion manifest itself to Plaintiff? Who expressed confusion to Plaintiff? How did this alleged confusion affect his fundraising? He also claims to have suffered severe harm to his private law firm and "other activities." Evidence of all such harm, if it exits at all, should be well known to Plaintiff. He does not need to refer to "what Defendants published and disseminated" to provide evidence that should be well within his control. Plaintiff must be compelled to provide a full, detailed accounting of his alleged damages. If he has no evidence of damage, then he should be compelled to so state.

**INTERROGATORY NUMBER 9:** If you contend that your personal relationships, business relationships and good will have been harmed by Defendants' alleged use of your name and/or likeness in fundraising activities, describe the harm in detail and identify all individuals with knowledge relating to the harm.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show the harm he claims to have suffered without discovery of Defendants. *See* Pl. Opp'n at 9.

Insufficient:

Defendant incorporates its argument for Interrogatory Nos. 7 and 8, above.

In addition, Plaintiff makes no effort whatsoever to identify any individuals who possess knowledge regarding the harm Plaintiff claims to have suffered. He completely ignores this important portion of the interrogatory. He must be compelled to provide a full and complete description of the harm he claims to have suffered and an identification of all persons with knowledge of this alleged harm. If he does not have any such information, he must be compelled to so state.

**INTERROGATORY NUMBER 10:** Identify and describe in detail each and every act of defamation committed by Defendants against you.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show how he was harmed without production from Defendants. *See* Pl. Opp'n. at p. 9.

Insufficient:

Defendant incorporates its argument for Interrogatory No. 7, above.

In addition, Plaintiff's answer largely fails to identify the date, time, and place of each allegedly defamatory statement, the identity of the person alleged to have published each alleged statement, the identity of the person to whom each allegedly statement was published, and any witnesses to the alleged statement. In most instances, Plaintiff also fails to identify what, specifically, is alleged to have been stated. Fact discovery closes in nearly three weeks, and Defendant lacks this most basic information with which to test Plaintiff's defamation claims. Plaintiff must be compelled to provide all such information with respect to each allegedly defamatory statement. If he has no such information, he must be compelled to so state.

**INTERROGATORY NUMBER 13:** Describe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with

knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show his damages without production from Defendants. *See* Pl. Opp'n at 10.

Insufficient:

Defendant incorporates its arguments for Interrogatory Nos. 7 and 8.

Plaintiff's assertion that Defendants possess the information necessary for him to determine how he was damages again defies all logic and common sense. Surely, if Plaintiff has suffered any real harm, such as a downgrading of his credit worthiness, a loss of credit, or the loss of some business opportunity arising from his status as personal guarantor of Defendant Judicial Watch, Inc.'s lease, then such information would be readily available to him. In addition, Plaintiff again has completely ignored that portion of the interrogatory that required him to identify all individuals with knowledge of the harm he claims to have suffered. He must be compelled to provide a full and complete answer that can be test in discovery. Otherwise, Plaintiff's litigation unfairly will become game of "blind man's bluff." *Hansel*, 69 F.R.D. at 305. If Plaintiff has no responsive information, then he must be compelled to so state.

**INTERROGATORY NUMBER 14:** If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show his damages without production from Defendants. *See* Pl. Opp'n at 11.

Insufficient:

7

Defendant incorporates its argument for Interrogatory No. 7, above.

This interrogatory is straightforward: What property of Plaintiff does Defendant possess, what is the value of each item, what efforts did Plaintiff make to seek each item's return, and what specific persons possess knowledge relating to each item? While the interrogatory is simple enough, Plaintiff continues to obfuscate and blame Defendants. Again, logic and common sense dictate that Plaintiff should be able to answer these basic questions about his own claim. Again, Plaintiff fails to do so. He also again completely ignores that portion of the interrogatory requiring him to identify individuals with relevant knowledge. Plaintiff must be compelled to provide a full and complete response, and, if has no such information, he must so state.

**INTERROGATORY NUMBER 15:** Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show his damages without production from Defendants. *See* Pl. Opp'n at 11.

Insufficient:

Defendant incorporates its argument for Interrogatory Nos. 7, 8 and 13, above.

Plaintiff must provide the basis for his contention that Defendant Judicial Watch, Inc. failed to remove him as personal guarantor of unidentified credit cards. Again this Interrogatory addresses Plaintiff's own personal affairs, including his own credit history. Once again Plaintiff merely tries to shift the burden onto Defendant Judicial Watch, Inc. Plaintiff must be compelled to produce a complete response.

**INTERROGATORY NUMBER 16:** Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

Plaintiff's Opposition Argument: Plaintiff continues to maintain that he cannot show his damages without production from Defendants. *See* Pl. Opp'n at p. 12.

Insufficient:

Defendant incorporates its argument for Interrogatory Nos. 7 and 15, above.

**INTERROGATORY NUMBER 17:** List every television and newspaper interview you have participated in since your departure from Judicial Watch.

Plaintiff's Opposition Argument: Plaintiff again objects that the Interrogatory is overbroad, vague and ambiguous. Plaintiff continues to maintain that he cannot respond without production from Defendants. *See* Pl. Opp'n at 12-13.

Insufficient**:**

Defendant incorporates its argument for Interrogatory No. 7, above.

This interrogatory is clearly relevant to Plaintiff's claim that Defendant threatened members of the media with legal action if they referred to Plaintiff as the founder or former chairman of Defendant Judicial Watch, Inc. *See* Second Amended Complaint at paras. 40, 41, 124-125. Rather than answering this clearly relevant and probative interrogatory, Plaintiff once again resorts to instructing Defendant to a "Google" him. Once again, he refers to Defendant's discovery responses rather than making any effort to satisfy his own discovery obligations. His abject failure to provide basic information regarding his own claims is inexcusable. Plaintiff

9

.

must be compelled to provide a full and complete answer, or, if he has no responsive information, he must be compelled to so state.

**INTERROGATORY NUMBER 18:** Describe in detail the Artwork at issue in this case.

Plaintiff's Opposition Argument: Plaintiff again claims that he provided this information. He continues to claim that he cannot show his damages without production from Defendants. *See* Pl. Opp'n at 13-14.

Insufficient:

Defendant incorporates its argument for Interrogatory Nos. 7 and 14, above.

In addition, Plaintiff's answer continues to lack the most basic information about the artwork at issue. At a minimum, he must identify each individual piece of artwork, not curtly and vaguely assert that "*at least* four significant pieces" are at issue. Plaintiff's failure to provide even the most basic information about the alleged artwork over which he has brought suit continues to show a complete disregard for Defendant's right to obtain discovery about his claims. He must be compelled to provide a full and complete description of each piece of artwork alleged to be at issue. If he does not have such information, he must be compelled to so state.

**INTERROGATORY NUMBER 19**: Identify all counsel who assisted you during the negotiation of the Severance Agreement.

Plaintiff's Opposition Argument: Plaintiff again asserts that the information is identified on the Severance Agreement. *See* Pl. Opp'n at 14.

Insufficient:

Defendant incorporates its argument for Interrogatory No. 7, above.

Plaintiff's reference to the Severance Agreement is deficient because it fails to state whether he received assistance from other attorneys whose named do not appear on the document. If Plaintiff received assistance from only those attorneys who witnessed the Settlement Agreement, then he must be compelled to so state.

**INTERROGATORY NUMBER 20:** Identify each and every person from whom Judicial Watch employees concealed your location.

Plaintiff's Opposition Argument: Plaintiff again objects that the Interrogatory is overbroad, vague and ambiguous. Plaintiff continues to maintain that he cannot respond without production from Defendants. *See* Pl. Opp'n at 14-15.

Insufficient:

Defendant incorporates its argument for Interrogatory No. 7, above.

Plaintiff now argues that "[t]he names of callers to Judicial Watch of persons from whom Defendants concealed Klayman's location during the relevant time period are known to Defendants." Pl.'s Opp'n at 15. Defendants do not know the names of such callers. Moreover, even if Defendants did know this information -- they are entitled to have Plaintiff provide what ever information he has about the identity of such persons. It was, after all, Plaintiff who sued Defendant over such calls, not vice versa. Plaintiff's answer is not a proper response to a discovery request.

Plaintiff continues: "The claim that Defendants did so is based on information given to Klayman by supporters after the fact." *Id.* What information? What supporters? Plaintiff apparently has this information Defendant seeks and knows the names of the "supporters" who allegedly provided him with it, but fails to disclose the information or names even though both

are clearly responsive to Defendant's interrogatory. Plaintiff must be compelled to provide a full and complete response.

**INTERROGATORY NUMBER 21:** Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch.

Plaintiff's Opposition Argument: Plaintiff incorporates by reference his arguments regarding Interrogatory Nos. 10 and 17. Pl. Opp'n at 15.

Insufficient:

Defendant incorporates its argument for Interrogatory Nos. 10 and 17, above.

In addition, this interrogatory specifically addresses Plaintiff's allegations that Defendant threatened members of the media with legal action if they referred to Plaintiff as the founder or former chairman of Defendant Judicial Watch, Inc. *See* Second Amended Complaint at paras. 40, 41, 124-125. Defendant quite reasonably asked Plaintiff to identify the alleged recipients of these purported threats. Plaintiff's answer -- that "on information and belief, *every major* TV and radio network" received such threats -- fails to name a single such recipient. The answer is totally void of any meaningful information, and, therefore, is deficient. Defendant is entitled to this most basic information about Plaintiff's allegation. Again, litigation is not meant to be a game of "blind man's bluff." *Hansel*, 69 F.R.D. at 305. Plaintiff must be compelled to provide a full and complete answer. If he does not have such information, he must be compelled to so state.

**INTERROGATORY NUMBER 22**: Identify the source(s) of the "Saving Judicial Watch" donor list.'

<u>Plaintiff's Opposition Argument</u>:   Plaintiff argues that the Interrogatory seeks confidential and proprietary information, as well as irrelevant information. Plaintiff continues to maintain that his prior response was sufficient. *See* Pl. Opp'n at 15.

<u>Insufficient</u>:

Defendant incorporates its argument for Interrogatory No. 7, above.

In addition, Plaintiff's untimely objection that this interrogatory seeks confidential and proprietary information is a red herring. The interrogatory only requires Plaintiff to identify *the source(s)* of the "Saving Judicial Watch" mailing list. Even if the interrogatory did require the disclosure of confidential or proprietary information -- and Plaintiff has failed to demonstrate that it does -- a protective order has been put in place to protect just such information from improper use outside this litigation.

Moreover, Plaintiff's answer, which merely asserts that Defendant Judicial Watch, Inc. is not the source of the list and unilaterally deems all other information "irrelevant," is clearly insufficient. The source of the list is highly relevant to several of Defendant Judicial Watch, Inc.'s counterclaims against Plaintiff, including its counterclaims that Plaintiff misused Defendant Judicial Watch, Inc.'s confidential, proprietary, business information and for trademark infringement and unfair competition. *See* Amended Counterclaims at Counts IV, V, VI, and X, see also, paras. 30-52. Because Plaintiff has largely directed his smear campaign has at supporters of Defendant Judicial Watch, Inc., it is obvious that Plaintiff has been able to access information about Defendant Judicial Watch, Inc.'s donors, if not Defendant Judicial Watch, Inc.'s actual donor lists. If Plaintiff seeks to challenge this conclusion, he can do so through his own discovery and at trial. He should not, however, be allowed to prevent

13

Defendant from obtaining the discovery it seeks to support its counterclaims. Plaintiff must be compelled to provide a full and complete answer.

WHEREFORE, Defendant respectfully requests that the Court order Plaintiff to provide full and complete answers to Defendant Judicial Watch, Inc.'s Interrogatories to Plaintiff without further delay and award Defendants reasonable attorney's fees and costs incurred in preparing this motion.

Dated: January 7, 2008                                  Respectfully submitted,

                                                        _____//s//_____
                                                        Richard W. Driscoll (436471)
                                                        Juli Haller Simonyi (466921)
                                                        DRISCOLL & SELTZER, PLLC
                                                        600 Cameron Street
                                                        Alexandria, Virginia 22314
                                                        703.340.1625 Telephone
                                                        703.997.4892 Facsimile
                                                        rdriscoll@driscollseltzer.com
                                                        jhaller@driscollseltzer.com

                                                        *Counsel for Defendants Judicial Watch, Inc.,*
                                                        *Thomas J. Fitton, Paul J. Orfanedes and*
                                                        *Christopher J. Farrell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January 2008, a true copy of the foregoing Reply Memorandum in further Support of Defendants' Motion to Compel Interrogatories was filed with the Court's Electronic Filing System and thereby served to:

>Daniel J. Dugan, Esquire,
>Spector, Gadon & Rosen, P.C.
>Seven Penn Center
>1635 Market Street, 7th Floor
>Philadelphia, PA 19103
>dugan@lawsgr.com
>
>and
>
>Larry Klayman, Esquire
>The Klayman Law Firm
>Courvoiser Centre
>6701 Brickell Key Drive, Suite 404
>Miami, Florida 33131
>leklayman@bellsouth.net

/s/
_____
Juli Z. Haller Simonyi