IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>Defendants. | Civil Action No. 06-670 (CKK) (AK) |

## OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM ORDER OF JANUARY 8, 2008 CONCERNING THIRD PARTY SUBPOENAS

Plaintiff, Larry Klayman, hereby files his objections to the Magistrate-Judge's above styled (order and as grounds therefore would show:

1. For judicial efficiency, Plaintiff incorporates herein by reference Plaintiff's Memorandum in Support of his Motion to Quash Subpoenas, or Alternatively for Protective Order (Docket Entry 76) and his Reply Memorandum (Docket Entry 80).

2. The Magistrate Judge's Order clearly errs as a matter of law in at least three respects.

3. First, the Order relies on the protective order entered by this honorable court in concluding, in effect, that Plaintiff's legitimate objections concerning the overbreadth and relevancy of the subpoenas, which have been briefed in the above pleadings, as well as the issue of confidentiality, are not important. That there is a protective order does not legally bear on any of these issues, particularly with regard to relevancy and overbreath. And, confidentiality is not protected as to the Defendants' access to Plaintiff's proprietary information, even if there is a protective order in place. Importantly, the order largely falls to address each of the objections on their merits.

4. Second, the Order in part relies on the premise that the third parties did not file motions to quash the subpoenas. However, American Taget Advertising and its adjunct Chester List Consultants did file objections to the subpoenas, which objections are also not addressed in the Order.

5. Third, the Order also errs in that it does not address, particularly in the context of overbreath and relevancy, the burdensomeness to Plaintiff, who does have a proprietary interest, in having to review of all the voluminous materials which have been subpoenaed in order to assert privileges and other rights. Nor does the Order address, pursuant to Rule 45, the considerable expense involved to the third parties and Defendants' liability for these costs.

6. In effect, the Order seems to say that because a protective order has been entered that all of the subpoenaed material of Plaintiff can be emptied from the third party subpoenaed parties' files, with little stated regard to relevancy or overbreath. As just one example, the non-competition clause that was agreed to between the parties, notwithstanding Plaintiffs' allegations that the Severance Agreement was breached by Defendants, concluded in September 2005. Yet the subpoenas seek documents far beyond that period.

WHEREFORE, Plaintiff respectfully requests a de novo review of the Order as it errs as a matter of law and fails to address Plaintiff's specitic objections to the subpoenas, as well as ATA's objections.

Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
Fl. Bar No.: 0246220
The Klayman Law Firm, P.A.
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

Daniel J. Dugan, Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street 7th Floor
Philadelphia, PA 19103
Tel: 215-241-8872
Fax: 215.241.8844

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January 2008, a true copy of the foregoing

Reply Memorandum was served via electronic means to:

>Richard W. Driscoll, Esquire
>Driscoll & Seltzer, PLLC
>600 Cameron Street
>Alexandria, VA 22314

>By: s/Larry Klayman
>Larry Klayman, Esq.
>Fl. Bar No.: 0246220
>The Klayman Law Firm, P.A.
>3415 SW 24th Street
>Miami, FL 33145
>Tel: 305-447-1091
>Fax: 305-447-1548