IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *et al.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Magistrate Judge Kay |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes"), and Christopher J. Farrell ("Farrell"), by undersigned counsel, respectfully submit the following Response to Plaintiff Larry Klayman's ("Klayman") motion for a twenty (20) day extension of time to respond to Defendants' Requests for Admissions. As grounds therefore, Defendants state as follows:

## MEMORANDUM OF LAW

1. Pursuant to Fed. R. Civ. P. 36, Defendants served requests for admissions on Plaintiff on December 26, 2007, by facsimile, email, and regular mail. Defendants prepared and served these requests to ensure responses would be received before the close of fact discovery on January 31, 2008.

2. Out of respect for Plaintiff's loss, Defendants' agreed to extend the due date for Plaintiff's responses until January 31, 2008, which is the close of discovery. *See* Ex. 1, Copy of Defs.' Correspondence of January 25, 2008.

3. Defendants previously agreed to extend fact discovery from December 7, 2007 to January 31, 2008, largely to accommodate Plaintiff, who represented to Defendants that he was not available for deposition before the December 7, 2001 discovery cut-off. *See* Court Order of December 5, 2007, "Set/Reset Deadlines."

4. When Plaintiff then rebuffed Defendants' requests for dates when he was available for deposition, Defendants unilaterally noticed Plaintiff's deposition for January 10, 2008. Plaintiff asserted that his counsel was unavailable on that date.

5. On January 3, 2008, the parties held a telephone conference with Magistrate Judge Kay to discuss Plaintiff's failure to make himself available for deposition. At that time, the parties discussed a tentative deposition schedule wherein some depositions would have to take place beyond the close of fact discovery on January 31, 2008, but the parties' depositions would be completed before January 31, 2008. The parties tentatively scheduled Plaintiff's deposition for January 17, 2008.

6. Plaintiff subsequently asserted that he was not available for deposition until after January 28, 2008, then subsequently asserted he was not available for deposition until after January 31, 2008, the current fact discovery cutoff.

7. On January 17, 2008, Defendants arranged to have a telephone conference with Plaintiff to discuss a variety of outstanding discovery issues, including Plaintiff's deposition. During the conference call, Plaintiff represented that the only date he was available for deposition was February 8, 2008. Based in part on Plaintiff's representations about his mother's impending death, Defendants agreed to this date with the understanding that the parties would seek an appropriately tailored extension of time from the Court. *See* Ex. 2, Copy of Defs.' Correspondence of January 18, 2008.

8. Also during the January 17, 2008 telephone conference, Plaintiff promised Defendants that he would inform them by January 22, 2008 as to whether he would produce any additional documents in response to Defendants' initial and supplemental document requests; whether he would comply with, or seek reconsideration of, a January 16, 2008 ruling by Magistrate Kay granting Defendants' motions to compel responses to Plaintiff's interrogatories and initial document requests; and whether he would provide contact information for Louise Benson, a witness identified on Plaintiff's initial disclosures whom Defendants had made repeated efforts to serve with a deposition subpoena, would agree to accept service. At that time he refused to provide Ms. Benson's contact information, specifically her telephone number, which he stated that he possessed.

9. On January 22, 2008, Plaintiff failed to provide Defendants with any of the information he promised to provide during the January 17, 2008 telephone conference. Nor has he provided any of this information to date.

10. On January 23, 2008, Plaintiff filed objections to a January 8, 2008 ruling by Magistrate Kay denying Plaintiff's motion to quash or, in the alternative, for a protective order, regarding certain third-party subpoenas served by Defendants in October 2007. In light of Plaintiff's January 23, 2008 filing, Defendants fully expect Plaintiff to seek reconsideration of Magistrate Kay's January 16, 2008 Order as well, although Plaintiff has yet to inform them of this as he promised.

11. On January 25, 2008, Plaintiff requested a twenty day extension of time to file his responses to Defendants' requests for admissions. Such an extension would mean Plaintiff's responses would not be due until on or about February 19, 2008, a date after Plaintiff's February 8, 2008 deposition and significantly beyond the current fact discovery cut-off.

12. Defendants strongly object to any extension of fact discovery other than that which is necessary to complete discovery already initiated by the parties. Defendants have gone to great lengths to try to complete fact discovery within the Court's time limitations, but those efforts largely have been frustrated, through no fault of their own. Any open-ended extension of fact discovery would severely prejudice Defendants, who not only have had to confront nearly two years of extremely contentious litigation, but also have been subjected to a vicious and untruthful direct mail, advertising, and internet fundraising campaign. Defendants are entitled to a firm, final, and timely end of fact discovery.

13. Although Defendants sympathize with Plaintiff's family's loss, Plaintiff has very able counsel. Plaintiff and his counsel have had Defendants' requests in their possession since December 26, 2007, and, as members of a firm having more than 60 lawyers with offices located in Pennsylvania, New Jersey and Florida, Plaintiff's counsel are very likely to have no difficulty responding to Defendants' requests.

14. In another matter pending before this Court, in which a party had fallen ill, Magistrate Judge John M. Facciola found that counsel should have been able to proceed, despite the party's illness, in some significant fashion:

> . . . Mrs. Williams owes this Court no apology, nor is the "reason things are not moving as swiftly" due to Mrs. Williams. Her illness did not cause her counsel to abandon his obligations or his ability to proceed in some significant fashion with this case, information about which he must have had at the time the Complaint was filed. The responsibility falls on Mrs. Williams' attorney, not Mrs. Williams, to communicate with the Court and opposing counsel within the designated time frame regarding any necessary extensions of time required to accommodate her illness. *See* Fed. R. Civ. P. 6. It is Mrs. Williams' attorney, not Mrs. Williams, who failed to make these efforts before deadlines expired on multiple occasions.

*See Williams v. Johanns*, 498 F. Supp.2d 113, 116 (D.D.C. 2007).  Similarly, Plaintiff's counsel certainly should capable of preparing appropriate responses to Defendants' requests for admission by January 31, 2008.

WHEREFORE, Defendants respectfully request that Plaintiff's motion for a twenty (20) day extension of time be denied.

Respectfully submitted,

\_\_\_\_//s//_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated:  January 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of January, 2008, I filed a true copy of the foregoing Defendants' Response to Plaintiff's Motion for Extension of Time through the Court's Electronic Filing System, which serves copies on all counsel of record.

/s/
_____

Juli Z. Haller Simonyi