# driscoll seltzer

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Juli Z. Haller Simonyi*
Writers email: jhaller@driscollseltzer.com
*Admitted in DC, NY and NJ
Not Admitted IN VA

January 18, 2008

VIA EMAIL, FACSIMILE AND REGULAR MAIL

Daniel Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8844

Jeffrey Schervone, Esquire
1000 Lenola Road
Spector, Gadon & Rosen, P.C.
Moorestown, NJ 08057
(856) 722-5344

Larry Klayman, Esquire
The Klayman Law Firm
Courvoiser Centre
6701 Brickell Key Drive, Suite 404
Miami, Florida 33131
leklayman@bellsouth.net

          Re:    *KLAYMAN V. JUDICIAL WATCH, ET AL.*
                  *06-cv-670*

Dear Mr. Dugan, Mr. Schervone, Mr. Klayman:

This confirms our conversation among counsel, including Mr. Klayman, yesterday afternoon regarding the following issues:

1. The "Anonymous" witness does not exist, but is instead a witness that is hoped to be discovered in the future through Defendants' depositions.

2. Regarding Defendants' repeated requests for current contact information for Ms. Louise Benson, a witness identified by Mr. Klayman's in his Initial Disclosures, Plaintiff does not have any additional address for Ms. Benson but will contact her. Plaintiff declined to provide a telephone number for her, but will speak to her and

*a professional limited liability company*

Letter to Mr. Dugan and Mr. Schervone
January 18, 2008
Page 2

      indicate to us within 4-5 days whether she will accept service. Mr. Dugan does not represent Ms. Benson at this time. Mr. Klayman declined to indicate whether he represents Ms. Benson and stated that it was not relevant. Mr. Klayman raised the fact that she has worked for his firm and confirmed that she is a board member of his law firm, Klayman & Associates.

3. Defendants objected to the delay in the deposition schedule. Mr. Klayman explained that he was required to delay commencement because his mother is currently dying. As a result, he is unavailable until February 8, 2008 due to traveling to California to be with his family and attend the funeral. Accordingly, Defendants agree to commence depositions on February 8, 2008, beginning with the deposition of Mr. Klayman.

4. Plaintiff has not determined whether he will move for reconsideration of the Memorandum Opinion issued by Magistrate Kay granting Defendants' Motions to Compel. As such, he has not determined whether to comply with the relief granted therein. Likewise, no decision has been made on whether to withdraw Plaintiff's objections to the Supplemental Requests for Production of Documents. Defendants are not to anticipate any additional production of documents by Plaintiff by Tuesday January 22, 2008, but are to anticipate a communication from Plaintiff on whether additional responses shall be made to Defendants' document requests, including Defendants' Supplemental Request for Production of Documents.

5. Plaintiff asserted that Defendants' document production is deficient and indicated that he would elaborate at a later date.

6. Defendants indicated that they would be seeking modification of the subpoenas served on Raffa and David Barmak. Plaintiff indicated that he would consider limiting the scope of the requests.

Finally, it was agreed that the issues Defendants raised would be responded to by the Plaintiff by Tuesday, January 22, 2008.

We look for forward to your anticipated cooperation, and as always, the avoidance of any unnecessary motion practice.

                                          Sincerely,

                                          DRISCOLL & SELTZER, PLLC

By: _____
Juli Z. Haller Simonyi

Letter to Mr. Dugan and Mr. Schervone
January 18, 2008
Page 3

cc:     Paul Orfanedes, Esq.