IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>Defendants. | Civil Action No. 1:06-CV-00670<br>Magistrate Judge Kay |

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff and counsel, pro se, Larry Klayman, hereby files this Reply to Defendants' Response to Plaintiff's Motion for Extension of Time. Defendants' Opposition missates facts and represents a tactical attempt to take advantage of the recent death of Plaintiff's mother. Plaintiff would show as follows:

1. Over the last many weeks, Plaintiff, who is now the primary lead counsel in this case, has been involved in taking care of matters related to his mother's impending death. Counsel for Defendants were advised of this and indeed they agreed orally to extend the discovery deadline at least until March 15, 2008. Indeed, this extension of discovery was discussed with the Magistrate Judge at the last telephone conference. In this regard, Plaintiff sent to Defendants a schedule for the depositions he wanted to take and agreed, as an accommodation to Defendants, that he would be deposed first. Dates changed on both sides, but it is

    ironic that to date, despite repeated requests, Defendants have yet to provide their suggested dates for the depositions they want to take other than Plaintiff. To the contrary, they have just last Friday unilaterally set the date of a deposition of Diener consultants on January 31, 2008, during a period when they knew that Plaintiff was taken up with the death of his mother, which occurred around 3:30 pm just last Thursday. Nor have Defendants produced subpoenaed documents, sending a letter only today purporting to object to document requests which are clearly relevant and probative and for which no prior objections were lodged.

2. That discovery did not proceed for several months was not Plaintiff's doing. Defendants slowed discovery by seeking a protective order which would have even barred Plaintiff from reviewing discovery material, which this Court ultimately rejected.

3. When Plaintiff's mother died late last Thursday, in near total disrespect for Plaintiff and his family, Defendants counsel called the honorable Magistrate Judge and set up a conference call for 10:00 am the next Monday, without consulting with Plaintiff and without advising the court of the death of Plaintiff's mother. Thanks to the courtesy of this court, the date was reset to Wednesday, January 30, 2008. Plaintiff, despite being now preoccupied in the aftermath of his mother's death, did not seek more time beyond tomorrow for the conference, although he does need more time to deal with these personal issues and will need more time to serve responses to requests for admissions and other discovery deadlines. It is unfortunate that his mother died, but these things regrettably

happen and when they do the Code of Professional Responsibility requires lawyers to courteous to each other.

4. Ironically, Plaintiff never wanted to bring this litigation. For years, he tried to reach an accommodation with Defendants. But they continued to disparage him in the media and with supporters, breached the Severance Agreement to remove Plaintiff from a multimillion dollar lease, failed to pay for his childrens' and family's medical coverage, misused his name, damaged his reputation with Judicial Watch employees, deceived donors, published misleading income tax returns on the internet and took every conceivable action to harm Plaintiff and his family, including publishing false information about his divorce from his former wife in Legal Times. It is Defendants who have waged a vicious campaign to harm Plaintiff, not vice versa. The intent of Defendants was to maintain control of Judicial Watch, fearing the Plaintiff might someday compete with them or return. The Defendant, Fitton, current president of Judicial Watch, is not a lawyer and indeed, at the time Klayman stepped down, apparently not even a college graduate, although he had represented this when hired years earlier.

5. Indeed, Plaintiff has offered on a number of occasions to try to resolve matters, but his has fallen on deaf ears – even suggesting mediation before the court.

6. So it is not Plaintiff who is trying to delay and resolve matters, but Defendants, as they have vastly superior financial resources to Plaintiff (at the time that Plaintiff left Judicial Watch had about 17 million USD) and want to wage a scorched earth war of attrition, even to point of trying to set hearings unilaterally and force issues during a period of grief and distraction for Plaintiff due to his mother's death.

7. Plaintiff simply requested 20 additional days to respond to requests for admissions that were served on December 26, 2007, right in the middle of the holiday period when Defendants knew or had reason to know that Plaitiff, like all firms, would be short on personnel and other resources. Ironically, Defendants produced documents to Plaintiff just before Christmas, and did not even provide copies. Instead, Plaintiff had to make his own copies.

8. Defense counsel is adept at creating an incorrect and misleading impression that it has complied with discovery, but in fact it has not.

9. The overall discovery deadline in this case does not close until May 15, 2008.

10. There is thus no reason why depositions and other discovery deadlines cannot and should not be reset accordingly, to take into account one of the unfortunate aspects of life, death and illness in a family, particularly of one's mother.

WHEREFORE, Plaintiff, who is a lead counsel, not just a party, respectfully requests a modest 20 day extention to respond to the requests for admissions, numbering a huge 120 in size, which were otherwise tactically served during a holiday period. It is regrettable that Plaintiff has to take time away from dealing with the aftermath of his mother's death to have to file a motion for extension of time and particularly this reply.

Respectfully submitted,

s/Larry Klayman_____
Larry Klayman, Esq.
D.C. Bar No.: 334581
The Klayman Law Firm, P.A.
3415 SW 24th Street
Miami, FL 33145
Tel: 305.447.1091

                                    Fax: 305.447.1548

                                    Daniel J. Dugan, Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street 7th Floor
Philadelphia, PA 19103
Tel: 215.241.8872
Fax: 215.241.8844

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January 2008, a true copy of the foregoing Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Extension of Time was served via electronic means to:

        Richard W. Driscoll, Esquire
        Driscoll & Seltzer, PLLC
        600 Cameron Street
        Alexandria, VA 22314

                                    By: s/Larry Klayman
                                    Larry Klayman, Esq.
                                    D.C. Bar No.: 334581
                                    The Klayman Law Firm, P.A.
                                    3415 SW 24th Street
                                    Miami, FL 33145
                                    Tel: 305.447.1091
                                    Fax: 305.447.1548