IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>Defandants. | Civil Action No. 1:06-CV-00670<br>Magistrate Judge Kay<br>Judge Kolar - Kolelly |

## OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM ORDER OF JANUARY 16, 2008

Plaintiff, Larry Klayman, hereby objects to the above styled order of the Magistrate Judge on for the reasons set forth below, as the order in part errs as a matter of law and equity.

1. For judicial economy, Plaintiff incorporates by reference Docket Entry Nos. 92 and 93, Memoranda in Opposition to Motions to Compel Responses to Defendants' Request for Production of Documents and Answers to Interrogatories, respectively.

2. Plaintiff objects to the Order to the extent that it finds that Plaintiff has waived any objections based on claims of attorney client privilege and work product,

because he did not produce a privilege log at the time that the initial responses to Defendants documents requests were served. Indeed, Plaintiff will produce a privilege log, if applicable, at the time that it responds on or before February 20, 2008 with supplemental responses, as provided by the Order. Defendants themselves have just recently produced a privilege log, many months after they initially responded, without producing any documents, to Plaintiff's requests for production of documents. After the court ruled on Defendants' motion for a protective order, Defendants eventually produced some documents, however deficient, just before Christmas. Again, no privilege log was produced at that time. It was instead produced several weeks later, and only two days ago, on January 29, 2008. A discussion of the Magistrate Judge's reasoning can be found, for example, at page 19 of the Order, concerning Document Request No. 5. As a matter of law and equity, Plaintiff should not be held to a different standard than Defendants.

3. Plaintiff also objects to the Order's having overruled any relevancy objections, to the extent that it does so. The bases for Plaintiff's relevancy objections are found in the underlying pleadings by Plaintiff, set forth in paragraph one, above.

WHEREFORE, Plaintiff respectfully requests that the court sustain the above objections of Plaintiff.

Respectfully submitted,

s/Larry Klayman_____
Larry Klayman, Esq.
D.C. Bar No.: 334581
The Klayman Law Firm, P.A.

Case 1:06-cv-00670-CKK-AK    Document 103    Filed 01/31/2008    Page 3 of 3

3415 SW 24th Street  
Miami, FL 33145  
Tel: 305.447.1091  
Fax: 305.447.1548  

Daniel J. Dugan, Esquire  
Spector Gadon & Rosen, P.C.  
1635 Market Street 7th Floor  
Philadelphia, PA 19103  
Tel: 215.241.8872  
Fax: 215.241.8844  

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January 2008, a true copy of the foregoing Objection to the Magistrate Judges Memorandum Order of January 16, 2008 was served via electronic means to:

> Richard W. Driscoll, Esquire  
> Driscoll & Seltzer, PLLC  
> 600 Cameron Street  
> Alexandria, VA 22314

By: s/Larry Klayman  
Larry Klayman, Esq.  
D.C. Bar No.: 334581  
The Klayman Law Firm, P.A.  
3415 SW 24th Street  
Miami, FL 33145  
Tel: 305.447.1091  
Fax: 305.447.1548