IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
                                              |
LARRY KLAYMAN,                                |
                                              |
            Plaintiff,                        |
                                              |
v.                                            |          Civil Action No. 1:06-CV-00670
                                              |          Magistrate Judge Alan Kay
JUDICIAL WATCH, INC., *et al.*,               |
                                              |
            Defendants.                       |
                                              |
———————————————————

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, and Christopher J. Farrell, by counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, respectfully submit this memorandum of law in support of their Motion to Compel Plaintiff's ("Klayman's") Responses to Defendants' Supplemental Requests for Production of Documents:

1.      In this action, Klayman, the former Chairman and General Counsel of Defendant Judicial Watch, Inc., asserts claims against Defendant Judicial Watch, Inc. for purportedly breaching his September 19, 2003 severance agreement with the organization, as well as for rescission of the severance agreement. He also asserts claims against Defendant Judicial Watch, Inc. and the organization's corporate officers and directors for allegedly violating the Lanham Act, 5 U.S.C. § 1125(a), by misappropriating his name and likeness in conjunction with an October 2003 newsletter, and for defamation. Klayman seeks monetary damages in excess of $500,000 on his breach of

contract claim, $1,500,000 on his Lanham Act claim, and $1,500,000 on his defamation claims. *See* Plaintiff's Second Amended Complaint at Wherefore Clause, paras. C, D, E, and G. Plaintiff also seeks punitive damages, interest and attorney's fees. *Id.*

2.      Defendant Judicial Watch, Inc. has asserted counterclaims against Klayman for breach of the severance agreement, trademark infringement, unfair competition, and cybersquatting. Defendant Judicial Watch, Inc.'s claims arising under the severance agreement include claims for violating the agreement's confidentiality, non-competition, and non-disparagement clauses, as well as failing to repay various debts as required under the severance agreement. Defendant Thomas J. Fitton also has asserted a counterclaim against Klayman for breach of the severance agreement's non-disparagement clause.

3.      On November 2, 2007, Defendants served supplemental requests for the production of documents on Klayman via facsimile and first class mail. *See* Defs.' Supplemental Request for Produc. of Docs., attached as Ex. 1.

4.      Klayman's responses were due on or before December 3, 2007, thirty days from the date of service. *See* Fed. R. Civ. P. Rule 34. Even if Klayman were entitled to an additional three days for service by regular mail, pursuant to Fed. R. Civ. P. Rule 6(e), his responses were due on or before December 6, at the latest.

5.      However, Klayman neither served responses on or before that date nor obtained an extension of time to do so. Instead, on November 29, 2007, Klayman requested an extension of time to produce responsive documents on December 17, 2008. *See* Ex. 2, Copy of November 29, 2007 Email Correspondence attached hereto.

6.      On December 3, 2007, Defendants denied Klayman's request for an extension.  *See* Ex. 2, Copy of December 3, 3007 Email Correspondence attached hereto. Defendants' viewed Klayman's request as merely another delay tactic.   Klayman, thereafter, failed to follow up, filed no motion nor made any production.

7.      On December 17, 2008, (the date by which Klayman was to provide additional documents based on Klayman's November 29, 2007 request), Klayman failed to provide any follow up.  On December 17, 2007 Defendants wrote Klayman demanding production of responsive documents by Wednesday, December 19, 2007.  *See* Ex. 3, Copy of December 17, 2008 Correspondence attached hereto.

8.      In response to Defendants' correspondence of December 17, 2007, Klayman served Responses on December 18, 2007, at least twelve days after they were due.  *See* Ex. 4, Copy of Pl.'s Resp. to Defs.' Supplemental Req. for Produc. of Docs. Nevertheless Klayman failed to serve a single document with said Responses but instead set forth, in response to certain requests, that, "any such relevant documents will be produced at a mutually agreeable date, time and place ..." *See Id.* at Nos. 14, 24, 31, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53,  54, 57, attached as Ex. 2.

9.      In his responses, Klayman also made a great many vague, conclusory, and unsubstantiated objections and asserted a great many vague, conclusory, and unsubstantiated claims of privilege.  Klayman wrote that, "Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above." *See* Ex. 4, at Nos. 3, 4, 5, 6, 8, 9, 10, 13, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28,

29, 30, 33 and 36 (which also adds assertion of marital privilege).  The remaining requests are also objected to as either in the custody, possession and control of the defendants, (*see Id.* at Nos. 14, 16, 20, 60), or a variation on the above objection stating vagueness, over breath, irrelevancy, "overly broad as to time and scope," and adds a general assertion of privilege and/or work product.  *See Id.* at Nos. 1, 2, 7, 11, 12, 34, 35, 37, 38, 55 and 56.   No privilege log is referenced or attached.

10.    "It is axiomatic that the party objecting to a discovery request bears the burden of demonstrating that discovery should not be allowed."  *Edco Corp. v. Newark Insurance Co.*, 145 F.R.D. 18, 24 (D. Conn. 1992).  Where a party objects to a discovery request, the specifics of the objection, and how that objection relates to the documents or information being requested, must be stated clearly.  *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292- 297 (E.D. Pa. 1980).  In other words:

> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Cheesling v. Charter*, 162 F.R.D. 649, 650 (D. Kan. 1995).  The party resisting discovery must clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure. *Obiajulu*, 166 F.R.D. at 295; *Roesberg*, 85 F.R.D. at 296-297.  Generic, non-specific, boilerplate objections -- such as "vague", "ambiguous", "overly broad", "unduly burdensome", "harassing", and "irrelevant" --  are inconsistent with both the letter and spirit of the federal rules.  *Obiajulu*, 166 F.R.D. at 295; *Roesberg,* 85 F.R.D. at 296-297.

4

The boilerplate objections asserted by Plaintiff fail to satisfy this most basic requirement.

11.    Perhaps more importantly, Klayman failed to serve his responses in a timely manner.  Consequently, even Plaintiff's legally insufficient objections and claims of privilege have been waived.  *See Peskoff v. Faber*, 244 F.R.D. 54, 64 (D.D.C. 2007) (finding that failure to object to document production in a timely manner, like the failure to object to an interrogatory, constitutes an automatic waiver of any objections) (*citing Myrdal v. District of Columbia*, 2007 U.S. Dist. LEXIS 41220 *10-11, 2007 WL 1655875 (D.D.C. June 7, 2007); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (same).

The Court held in granting Defendants' Motion to Compel Answers to Interrogatories and Requests for Production the following regarding Klayman's lack of timely responses,

> In the present case, Klayman's counsel essentiality granted his own request for an extension after he was unable to confer with opposing counsel. Klayman never sought leave of court to file his interrogatory answers or to produce documents after the July 23 deadline.  Nonetheless, this Court finds that Klayman's violation of the discovery deadlines was deminimis and Defendants have failed to demonstrate that they were prejudiced by a one-week delay. Therefore the Court will not deem Klayman's objections waived. *However, Klayman and his counsel are put on notice that there is ample precedent for holding that their objections are waived, and this Court may choose to exercise its discretion in a different manner should it be faced with a similar situation in the future.*

*See* Court Mem. Op. of January 16, 2008 at p. 6 (emphasis added).

12.    Moreover, the Court, in granting Defendants' Motions to Compel Interrogatories and Production of Documents in the case bar, recently ruled that "such patently generic non-specific objections intoning the same boilerplate language are inconsistent with both the letter and spirit of the Federal Rules of Civil Procedure."  *See*

Ct.'s Mem. Order of Jan. 16, 2008 at p.19.  The Court also found that it is not for Klayman to unilaterally decide what is relevant.  *See Id.* at 18.

13.     We spoke with Mr. Jeffrey Schervone, counsel for Mr. Klayman in NJ, on January 8, 2008 at which time Defendants requested the documents in response to Defendants' Supplemental Requests for Production.  Mr. Schervone represented that he was compiling said documents and that he needed additional time to respond.

14.     On January 9, 2008 Defendants wrote Plaintiff to confirm said conversation providing Klayman until Monday January 14, 2008 to produce responsive documents to the Supplemental Requests.  *See* Defendants' Correspondence to Klayman, January 9, 2008, attached as Ex. 3.

15.     On January 11, 2008, instead of receiving responsive documents, Defendants received correspondence from Mr. Schervone setting forth that some of the documents produced to date respond to Supplemental Requests Nos. 13, 48, 56 and 57. He further alleges that Supplemental Request No. 32, 14 and 37 are duplicative to requests made in Defendants' First Request for Documents.  *See* Ex. 6, Copy of Pl.'s Correspondence of January 11, 2008.

16.     Defendants thoroughly reviewed the purported responses provided as referenced by Klayman on January 11, 2008 and found them to be completely unresponsive, as set forth below.  *See also*, Ex. 10 at p. 7-10.

17.     On January 17, 2008 the parties held another "meet and confer" telephone conference addressing many outstanding discovery issues.  Defendants confirmed the conversation, which included a tentative agreement from Klayman that they were to receive a further follow up response from Klayman by Tuesday, January 22, 2008 with

regard to the Supplemental Document Requests. *See* Ex. 7, copy of correspondence from Defendants of January 18, 2008.

18.     Defendants did not hear from Klayman on January 22, 2008 as agreed but only heard from Klayman on January 23, 2008 when he filed Objections to the Court's Order of Jan. 16, 2008 Order granting Defendants' prior Motion to Compel Production and Answer Interrogatories. *See* Pl.'s Court filing of January 23, 2008.

19.     On January 24, 2007, Klayman notified Defendants' that his Mother died. He further asked for a telephone conference to be held on Friday January 25, 2008 to address outstanding discovery issues. *See* Ex. 8 at p. 3, Pl.'s E-mail correspondence of January 24, 2008.  On January 24, 2008 Defendants agreed to a Friday, January 25, 2008 telephone conference pursuant to Klayman's Request. *See* Ex. 8, Email Correspondence from Defs. of Jan. 24, 2008. *See Id.*

20.     On January 25, 2008, Klayman sent Defendants an e-mail generally referencing the discovery issues and further, that he would now be unavailable on Friday, January 25, 2008 but instead, that he would be available on Monday January 28, 2008 at 11:00 a.m. *See* Ex. 9 at p.2, Email Correspondence from Pl. of Jan. 25, 2008.

21.     On January 25, 2008 Defendants instead requested that a Court Telephone Conference be held, pursuant to the Court's policies and procedures Order prior to filing a Motion to Compel, during Klayman's availability of Monday at 11:00 a.m. *See Id.* at p.1.

22.     On January 30, 2008 all parties appeared before the Court for a (second) Court Telephone Conference at which time, in response to Defendants' raising the deficiencies in Responses to Defendants' Supplemental Requests for Production,

Klayman requested additional time and an 'effort to confer' meeting on Friday, February 1, 2008. The Court granted the request for a meeting to be held for the parties and further issued an Order that Defendants were to file their anticipated Motion to Compel Responses to Supplemental Requests for Production by Wednesday February 6, 2008. *See* Court Minute Order of January 30, 2008.

23.    On February 1, 2008, in anticipation of the meet and confer meeting, Defendants sent Klayman a 25 page detailed letter setting forth each request, each response from Klayman, (including Mr. Schervone's January 11, 2008 responses, Ex. 6), and the specific deficiency at issue. Klayman confirmed receipt and the parties held a telephone conference at 3:00 p.m. that afternoon. *See* Ex. 10, Copy of February 1, 2008 correspondence from Defs.

24.    After the parties failed to agree on a manner in which to proceed with regard to the outstanding discovery issues, Klayman asked to respond in writing on Monday. On Monday said Defendants received said correspondence that set forth further general objections to Defendants' Supplemental Requests. *See* Ex. 13, Pl.'s Correspondence of February 4, 2008.

25.    Defendants responded and stated that the general objections left Defendants no choice but the need to file said Motion to Compel as Klayman had not produced any documents responsive to any of Defendants' supplemental document requests to date.

26.    For the reasons set forth below, Klayman must be compelled to produce all responsive documents without further delay. Each request, along with Klayman's

response and Defendants' arguments with respect to each response, is set forth in sequence:

REQUEST NO. 1:  For the period of May 1, 2003 to the present, any and all contracts and/or agreements and/or purchase orders entered into, by and between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 1:  Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**INSUFFICIENT:**  Defendants' request is not ambiguous or overly broad.  Nor does it seek information or documents that are irrelevant, burdensome, or harassing.  Moreover, the Court, in granting Defendants' Motions to Compel Interrogatories and Production of Documents, recently ruled that "such patently generic non-specific objections intoning the same boilerplate language are inconsistent with both the letter and spirit of the Federal Rules of Civil Procedure."  *See* Ct.'s Mem. Order 01/16/08 at p.19.  The Court also found that it is not for Klayman to unilaterally decide what is relevant.  *See Id.* at 18.

It should also be noted that Plaintiff waived any objection or claim of privilege by failing to respond to Defendants' requests in a timely manner.  *See Peskoff*, 244 F.R.D. at 64; *Myrdal*, 2007 U.S. Dist. LEXIS 41220 at 10-11; *Fonville*, 230 F.R.D. at 42.  Even if Plaintiff had served timely responses, his boilerplate objections and assertions of privilege are legally insufficient.  *Obiajulu*, 166 F.R.D. at 295; *Cheesling*, 162 F.R.D. at 650; *Roesberg,* 85 F.R.D. at 296-297.  Indeed, Plaintiff fails to specify what privilege or privileges he is attempting to invoke and fails to produce a privilege log of withheld,

responsive documents or otherwise comply with his obligations under Fed. R. Civ. P 26(b)(5)(A).

The time frame of the request is clearly stated and, with the exception of the term "Direct Mailers," which Defendants specifically defined (see Ex. 1 at Definitions, para. 13), uses commonly understood words and phrases. Nonetheless, a party "is not only entitled to discovery of admissible evidence, but also to discovery of information "reasonably calculated to lead to the discovery of admissible evidence." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).

Moreover, the request seeks information and documents directly relevant to both Plaintiff's claims against Defendants and Defendants' counterclaims against Plaintiff, as the Court already found when it denied Plaintiff's motion to quash Defendants' document and deposition subpoenas to third parties seeking substantially similar evidence. See generally Mem. Op. dated January 8, 2008.

Ironically, Plaintiff argued his Motion to Quash Defendants' Subpoenas, that this Request and Requests 2-10, are the same as the Requests sent to vendors, ATA/ CMLC, Diener Consultants and Response Unlimited, which are currently pending on Plaintiff's Objections filed with U.S. District Court Judge Colleen Kollar Kotelly. *See* Pl.'s Reply Memorandum to Pl.'s Motion to Quash, p. 7.

In fact while Plaintiff refuses to produce these documents in response to this Request (and Requests 2-10), Plaintiff argued in his Motion to Quash that Defendants cannot demonstrate "substantial need [to obtain the documents from the vendors]…since Defendants recently served an additional sixty (60) document requests to Klayman, and incorporated, in part, all of the document requests." *See Id.* In fact Plaintiff relies so

heavily on this argument that he attaches the Requests as Ex. B. to his Reply.  *See Id.*

Klayman argues that "[t]o the extent documents are relevant and not otherwise

objectionable to the claims of violations of the Severance Agreement, including

confidentiality and non-competition, such documents are available from Klayman." *See*

*Id.*  Therefore, Klayman asserts that Defendants failed to show substantial need "since the

information sought in the Subpoenas are otherwise available from another source,

Klayman." *See Id.*  Nevertheless Plaintiff does not make available these documents

directly either.

The Court denied Plaintiff's Motion to Quash and already found that these

Defendants may obtain discovery in response to these Requests.  The Court stated that,

"Klayman has failed to establish good cause for the issuance of a protective order on the

basis of undue burden. While he makes general statements about the Subpoenas' over

breadth and the irrelevance of the information Judicial Watch seeks (*Id. citing* Pl.'s Mem.

at 8-9), Klayman has not shown any "clearly defined and serious injury" that would result

from production.  *See* Court Mem. Op. of January 8, 2008 at p. 7-8 *(citing* Univ. of

Mass., 437 F. Supp.2d at 60).

At a minimum, the request seeks information and documents reasonably

calculated to lead to the discovery of admissible evidence.  *Id.*

REQUEST NO. 2:  For the period of May 1, 2003 to the present, any and all
communications between the Direct Mailers and you, or any entity in which you are/were
a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a
"Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4)
any other entity or organization associated or affiliated with you concerning or relating to
any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 2:  Plaintiff objects to this request because it is
ambiguous and overly broad as to time and scope, and seeks irrelevant information the

production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 3:  For the period of May 1, 2003 to the present, any and all internal communications concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 3:  Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 4:  For the period of May 1, 2003 to the present, any and all communications with third parties concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 4:  Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 5:  For the period of May 1, 2003 to the present, any and all documents concerning, relating to, or reflecting "list selects," "special selects," or criteria for selecting individuals or lists of individuals to whom direct mail solicitations were sent on your behalf or on behalf of any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 5:  Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the

production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 6:  For the period of May 1, 2003 to the present, any and all documents concerning or relating to any list orders, including but not limited to internal or in-house lists orders or orders for the "Viguerie Master File," "Viguerie Combined Master File," or similar, in-house master list, for any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 6:  Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 7:  For the period of May 1, 2003 to the present, any and all bills and/or invoices for services performed by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 7:  Plaintiff objects to this request on the grounds that it is overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 8:  For the period of May 1, 2003 to the present, any and all documents, records, or other data concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.  Documents include, but are not limited to, mail code data identifying the list from which respondents' names were generated.

RESPONSE TO REQUEST NO. 8:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.  Subject to and without waving said objections, to the extent documents exist relating to aggregate information as to Plaintiff's marketing efforts are relevant, such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.  Unlike with respect to Request Nos. 1-8, however, Plaintiff agreed to produce "relevant" documents "at a mutually agreeable time, date and place."  Not only has Plaintiff failed to do so, but Plaintiff cannot reserve for himself the power to make unilateral determinations as to what is "relevant."  He must produce all documents that are "responsive" to a request so long as the request is reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).

In *Alexander v. F.B.I.*, 186 F.R.D. 54, 59 (D.D.C. 1998), a case in which Plaintiff served as counsel, the Court rejected a substantially similar discovery response by Plaintiff.  There, as here, Plaintiff agreed to produce "any relevant documents" in response to a discovery requests.  *Id.*  In compelling Plaintiff's clients to produce "all responsive documents," as opposed to "any relevant documents," the Court held, "Plaintiffs may not arrogate to themselves the power to determine what constitutes a relevant document and no proper objections were served by plaintiffs addressing the requests at issue."  *Id.*  The same is true here.  All "responsive" documents, not just all "relevant" documents, must be produced.  *Id.*

REQUEST NO. 9:  For the period of May 1, 2003 to the present, any and all reports, analyses or accountings of the results of any direct mail campaign or other fundraising campaigns provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to

any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 9:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.  (sic) and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 10:  For the period of May 1, 2003 to the present, any and all other documents concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 10:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing.  (sic) and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 11:  Any and all documents relating to Denise Underberg Golden, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

RESPONSE TO REQUEST NO. 11:  Plaintiff objects to this request because it is overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.

Additionally the request is directly relevant to Defendant Judicial Watch, Inc.'s claims that Plaintiff violated the Lanham Act by making false and misleading statements in advertisements and direct mail solicitations about the circumstances under which Plaintiff's employment with Defendant Judicial Watch, Inc. terminated on September 19, 2003.  *See* Amended Counterclaims of Judicial Watch, Inc. and Thomas J. Fitton at paras. 10-20, 91-105.  As set forth in Defendants' amended counterclaims, Plaintiff elected to

enter into severance negotiations with Defendant Judicial Watch, Inc. after he acknowledged to Defendants allegations that his wife made about Mrs. Golden. *Id.* at para. 10-15. Defendants' request for photographs is particularly relevant to this set of claims, because upon information and belief, Plaintiff kept photographs of Mrs. Golden. Importantly, it was Plaintiff, not Defendants, who chose to make an issue of the reasons for his departure from Defendant Judicial Watch, Inc. *See* Amended Counterclaims of Judicial Watch, Inc. and Thomas J. Fitton at para. 34. All responsive documents must be produced.

REQUEST NO. 12: Any and all documents relating to Rebecca L. Eddy, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

RESPONSE TO REQUEST NO. 12: Plaintiff objects to this request because it is overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing, as enumerated above.

INSUFFICIENT: Again, *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.

Like Request No. 11, this request is directly relevant to Defendant Judicial Watch, Inc.'s claims that Plaintiff violated the Lanham Act by making false and misleading statements in advertisements and direct mail solicitations about the circumstances under which his employment with Defendant Judicial Watch, Inc. terminated on September 19, 2003. Ms. Eddy is the former employee referenced in Defendants' amended counterclaims. *See* Am. Countercl. at par. 16. For the same reasons Plaintiff should be compelled to produce documents responsive to Request No. 11, he should be compelled to produce documents responsive to Request No. 12 as well.

REQUEST NO. 13: For the period 2001 to the present, any and all documents relating to all debts, current and/or delinquent alleged to be owed by you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch;

(4) Klayman & Associates, P.C.; or (5) The Klayman Law Firm. Documents include, but are not limited to, correspondence, emails, invoices, bills, statements, pleadings, liens, payments, etc.

RESPONSE TO REQUEST NO. 13: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Plaintiff further objects on the grounds of attorney client and work product privilege.

INSUFFICIENT:

*See* Ex. 6, Plaintiff's January 11, 2008 Response:

Plaintiff claims that No. 13 was responded to and references Plaintiff's Document Production Nos. 8-105, 116-118, 140-392, and much of 554-985. Defendants, however, reviewed each document produced to the prior Request for Production that Plaintiff cited to, and found them unresponsive. *See* Ex. 10 at p. 7-10.

These Documents fail to show debts the Klayman, Friends of Larry Klayman, Freedom Watch or Saving Judicial Watch. These documents strictly deal with communications with Judicial Watch. These documents again fail to respond to the Request.

Again, *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.

There is nothing vague, ambiguous, or overly broad about the request. Moreover, the request clearly seeks information and documents that are directly relevant to this lawsuit. Plaintiff has sued Defendants for defamation alleging that Defendants published various false statements to the media and others representing that Plaintiff owed Defendant Judicial Watch, Inc. "certain monies," a "significant sum of money," and/or "more than a quarter of a million dollars." *See* Second Amended Complaint at paras.

150, 154, and 57.   Plaintiff alleges that these statements harmed Plaintiff's business reputation and Plaintiff's reputation in his trade and profession.  *Id.* at paras. 52 and 161. Plaintiff also claims that these alleged statements have "had the effect of lowering him in the estimation of the community."  *Id.* at para. 161.  In making these allegations, Plaintiff has put his debts, creditworthiness, and reputation for paying his bills directly at issue. Upon information and belief, Plaintiff appears to have been sued on multiple occasions for unpaid debts.1   Defendants are entitled to discovery to defend on the claims of his allegedly defamed reputation.

Further, Plaintiff claims in his Amended Complaint that Defendant Judicial Watch, Inc. breached the Severance Agreement by failing to remove him as a personal guarantor of the organization's credit card.  *See* Pl. Second Am. Compl. at para. 144; *see also* par. F, pp. 18, Plaintiff claims that Defendants failed to remove Plaintiff as a personal guarantor.  Klayman put his credit at issue central to his Complaint.  Defendants are entitled to discovery not only to defend on the defamation claim but also to see what if any damages he has purportedly incurred as a result of Defendants' alleged actions. Defendants' should have an opportunity to also determine whether he appeared as a guarantor for Judicial Watch after leaving Judicial Watch as he alleges.

The request thus is clearly relevant to Plaintiff's defamation claim.   At a minimum, the request is reasonably calculated to lead to the discovery of admissible evidence.

---

1 *See Brickell Key Master Assn. Inc. v. Larry Klayman*, 2006-25310-CC-23 (Miami-Dade Co., Fla. Cir. Ct.); *Capital One Bank v. Larry Klayman*, 2007-30023-SP-23 (Miami-Dade Co., Fla. Cir. Ct.); *Brickell Key II Condo. Assn. Inc. v. Larry Klayman*, 2007-37933-AC-01 (Miami-Dade Co., Fla. Cir. Ct.); *Brickell Key Center, LP v. The Klayman Law Firm, P.A.*, 2007-39442-CA-01 (Miami-Dade Co., Fla. Cir. Ct.); *Capital One Bank v. Larry Klayman*, 2007-24249-SP-25 (Miami-Dade Co., Fla. Cir. Ct.).

REQUEST NO. 14:  Any and all documents that support your assertion that you do not owe any debt to Judicial Watch.

RESPONSE TO REQUEST NO. 14:   Any such documents will be produced at a mutually agreeable time, date and place.  Such documents are in the custody, possession and control of the defendants.

INSUFFICIENT:  Plaintiff has failed to produce any responsive documents.  Moreover, it is insufficient for Plaintiff to baldly assert that responsive documents are in Defendants' custody, possession, and control.  The request requires Plaintiff to produce responsive documents in *his* possession, custody, or control.  Such objections are insufficient to resist a discovery request.  *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.").

REQUEST NO. 15:  Any and all of your credit reports for the period September 20, 2003 to the present.

RESPONSE TO REQUEST NO. 15:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 13.

REQUEST NO. 16:  Each of the pleadings you allege to be "false and frivolous" in paragraph 66(G) of the Second Amended Complaint.

RESPONSE TO REQUEST NO. 16:  The documents will be produced at a mutually agreeable time, date and place.  Such documents are in the custody, possession and control of the defendants.

INSUFFICIENT:  Plaintiff has failed to produce any responsive documents.  *See also,* Insufficiency Argument to No. 14.

REQUEST NO. 17:  Any and all documents filed in your divorce proceedings with Stephanie Luck Klayman, regardless of the jurisdiction.

RESPONSE TO REQUEST NO. 17:  Plaintiff objects to this request on the grounds that it seeks the disclosure of documents that are under seal, are irrelevant to the subject

matter of this litigation, the irrelevant production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**INSUFFICIENT:**   Again, *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.

Plaintiff's "objection" that the documents at issue are under seal is not a valid objection.  The documents are under seal because Plaintiff requested they be placed under seal.  *See* Agreed Order in *Klayman v. Klayman*, Chancery No. 184596 (Fairfax Co., Va. Cir. Ct. June 19, 2003), attached as Ex. 1 to Pl.'s Reply Mem. in Supp. of Cross Mot. for Sanctions.  Having requested that these documents be sealed, Plaintiff should not be heard to complain that he cannot produce them because they are sealed.  Plaintiff must have the seal lifted.  The protective order entered by this Court on December 3, 2007 is more than sufficient to prevent any inappropriate use of the documents at issue after they have been produced.

Nor is this request irrelevant in the least.  It was Plaintiff's acknowledgment of the allegations raised by his former wife' in their divorce proceedings that led directly to the Severance Agreement at issue herein.  Plaintiff even showed Defendants Fitton and Orfanedes a copy of the pleading filed by his wife setting forth these allegations prior to the divorce proceedings being sealed.  *See* Defs. Am. Countercl.  Plaintiff cannot now claim that such documents are irrelevant.  For the same reason Plaintiff must be compelled to produce documents responsive to Request Nos. 11 and 12, he should be compelled to produce documents responsive to Request No. 17 as well.

REQUEST NO. 18:  All corporate formation documents for Klayman & Associates, P.C., including, but not limited to, articles of incorporation, minutes of special and annual meetings, bylaws, rules, etc.

RESPONSE TO REQUEST NO. 18:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents

that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Subject to and without waiving said objections, any such relevant documents will be produced at a mutually agreeable time, date and place.

<u>INSUFFICIENT</u>:  Again, *See* Insufficiency of Response to Request No. 1 specifically

regarding Defendants' legal argument.

Defendants' request is not vague or ambiguous, overly broad or irrelevant, burdensome, or harassing.  The request seeks ordinary corporate records of Plaintiff's private law firm, Klayman & Associates, P.C. ("K&A").  Under the terms of the September 19, 2003 severance agreement, K&A agreed to repay certain debts it owed to Defendant Judicial Watch, Inc., and Plaintiff agreed to indemnify Defendant Judicial Watch, Inc. from any and all losses, including attorney's fees and costs, if K&A defaulted on its debt obligation.  *See* Amended Counterclaims at paras. 74-83 and Ex. 1. Defendants are entitled to basic corporate records regarding K&A.

Moreover, Plaintiff has failed to produce any "responsive" documents, much less any "relevant" documents.  All "responsive" documents, not just all "relevant" documents, must be produced.  *Id.*

<u>REQUEST NO. 19</u>:  Any and all documents relating to direct mailing and/or solicitation for donations to your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman".

<u>RESPONSE TO REQUEST NO. 19</u>:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

<u>INSUFFICIENT</u>:  *See* Insufficiency of Response to Request No. 1.

<u>REQUEST NO. 20</u>:  Any and all documents relating to confusion on the part of donors/supporters of your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman" who are alleged to have donated to Judicial Watch instead of your campaign as a result of the October 2003 newsletter referred to in your Second Amended Complaint.

21

<u>RESPONSE TO REQUEST NO. 20</u>:  Any such relevant, non-privileged, documents will be produced at a mutually agreeable time, date and place.  Such documents are in the custody, possession and control of the defendants.

<u>INSUFFICIENT</u>:   Again, *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.

Indeed, Plaintiff fails to specify what privilege or privileges he is attempting to invoke and fails to produce a privilege log of withheld, responsive documents or otherwise comply with his obligations under Fed. R. Civ. P. 26(b)(5)(A).

Moreover, Plaintiff has failed to produce any "responsive" documents, much less any "relevant" documents.   All "responsive" documents, not just all "relevant" documents, must be produced.  *Id.*

<u>REQUEST NO. 21</u>:  Any and all endorsement contracts and/or documents relating to payments to you for use of your name and/or likeness.

<u>RESPONSE TO REQUEST NO. 21</u>:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**<u>INSUFFICIENT:</u>**   Again, *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.

Indeed, Plaintiff fails to produce a privilege log of withheld, responsive documents or otherwise comply with his obligations under Fed. R. Civ. P 26(b)(5)(A).

Plaintiff, who left Defendant Judicial Watch, Inc.'s employment on September 19, 2003, claims that Defendants violated the Lanham Act, 15 U.S.C. § 1125(a), by misusing his name and likeness in the October 2003 edition of Defendant Judicial Watch, Inc.'s newsletter.  *See* Second Amended Complaint at paras. 97-106.  In support of this claim, Plaintiff alleges that "Klayman is a celebrity within the non-profit legal/political community.  Klayman is widely recognized, both nationally and internationally, as the

22

leading figure in the world of government and judicial oversight and public "watchdog" groups."  *Id.* at para. 101.

In its January 17, 2007 Memorandum Opinion, the Court noted:

> Celebrities have standing to sue under § 43(a) because they possess an economic interest in their identities akin to that of a traditional trademark holder.  A celebrity has a . . . commercial investment in the "drawing power" of his or her name and face in endorsing products and in marketing a career," which has been compared to the "property interest" of a trademark holder.

*Klayman v. Judicial Watch, Inc.*, 2007 U.S. Dist. LEXIS 3197 *35 (D.D.C. January 17, 2007) (internal citations and quotations omitted); *see also Kournikova v. General Media Communications, Inc.*, 278 F Supp.2d 1111, 1119-1120 (C.D. Calif. 2003).  While the Court declined to dismiss Plaintiff's Lanham Act claim at that time, it noted further that "what Klayman must prove in order to succeed on a claim for false endorsement is far removed from what he must allege in order to survive a motion to dismiss."  *Id.* at **37-38.

Plaintiff must be compelled to produce any responsive documents, or, if he has none, he must be compelled to so state.

REQUEST NO. 22:  Any and all endorsement contracts and/or documents relating to payments to you for personal appearances for the period September 20, 2003 through December 31, 2003.

RESPONSE TO REQUEST NO. 22:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 21, above.

REQUEST NO. 23:  Any and all documents relating to results for each direct mail and/or advertising campaign by "Saving Judicial Watch," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

RESPONSE TO REQUEST NO. 23:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 24:  The general ledger or check ledger for "Saving Judicial Watch."

RESPONSE TO REQUEST NO. 24:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.  Subject to and without waiving said objections, to the extent documents exist relating to aggregate information as to Plaintiff's marketing efforts are relevant, such documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:   Again, *See* Insufficiency of Response to Request No. 1 specifically regarding Defendants' legal argument.   Plaintiff fails to specify what privilege or privileges he is attempting to invoke and fails to produce a privilege log of withheld, responsive documents or otherwise comply with his obligations under Fed. R. Civ. P. 26(b)(5)(A).

Defendants' request is not vague or ambiguous, overly broad, irrelevant, burdensome, or harassing.  The request seeks the general ledger or check ledger -- both of which are commonly understood terms -- for "Saving Judicial Watch," the entity through which Plaintiff has carried out a fundraising campaign purportedly to raise funds to finance this litigation, to restore himself to his former position with the organization, and to "save" Defendant Judicial Watch, Inc.  Defendant Judicial Watch, Inc. has asserted counterclaims against Plaintiff for trademark infringement, unfair competition, cybersquatting, and breach of the September 19, 2003 severance agreement's non-disparagement clause arising from this fundraising campaign.  Not only did Plaintiff infringe Defendant Judicial Watch, Inc.'s federally registered trademarks, but he also

made false and disparaging statements in advertisements and in numerous direct mail fundraisings solicitations, as well as on his "saving judicial watch" website. *See* Am. Countercl. at paras. 36-67, 84-105, 117-120. Defendant Thomas J. Fitton has asserted a counterclaim against Plaintiff for breach of the severance agreement's non-disparagement clause arising from this fundraising campaign as well. *Id*. at paras. 121-124. The general ledger or check ledger for "Saving Judicial Watch" will likely show expenditures made by Plaintiff in carrying out this fundraising campaign, as well as earnings received as a result of the campaign. Such documents will likely reveal the scope and extent of Plaintiff's smear campaign as well as the income Plaintiff generated from the campaign, which Defendant Judicial Watch, Inc. may recover if is prevails on its Lanham Act claim. *See* 15 U.S.C. § 1117(a). Therefore, the request is directly relevant to Defendants' counterclaims.

All "responsive" documents, not just all "relevant" documents, must be produced.

*Id.*

REQUEST NO. 25:  Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Saving Judicial Watch."

RESPONSE TO REQUEST NO. 25:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 24. There is nothing at all vague or ambiguous about a request for bank statements.

REQUEST NO. 26:  All tax returns, financial statements, and other financial records regarding "Saving Judicial Watch."

RESPONSE TO REQUEST NO. 26:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

<u>INSUFFICIENT</u>:  *See* Insufficiency of Response to Request No. 24.  There is nothing at all vague or ambiguous about a request for tax returns or financial statements.

<u>REQUEST NO. 27</u>:  Any and all documents relating to results for each direct mail and/or advertising campaign by "Freedom Watch, Inc.," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

<u>RESPONSE TO REQUEST NO. 27</u>:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

<u>INSUFFICIENT</u>:  *See* Insufficiency of Response to Request No. 1.

<u>REQUEST NO. 28</u>:  The general ledger or check ledger for "Freedom Watch, Inc."

<u>RESPONSE TO REQUEST NO. 28</u>:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

<u>INSUFFICIENT</u>:  Again, see Insufficiency of Response to Request No. 1.

Defendants' request is not vague, ambiguous, overly broad, irrelevant, burdensome, or harassing.  The request seeks the general ledger or check ledger -- both of which are commonly understood terms -- for "Freedom Watch," an entity through which Plaintiff competed with Defendant Judicial Watch, Inc. in violation of the non-competition clause in the September 19, 2003 severance agreement.  *See* Am. Countercl. at paras. 18, 132-38.  The general ledger or check ledger for "Freedom Watch" will show expenditures made by Plaintiff in carrying out this fundraising campaign, as well as income received as a result of the campaign.  Therefore, the request is directly relevant to Defendant Judicial Watch, Inc.'s counterclaim for breach of the non-competition clause.

<u>REQUEST NO. 29</u>:  Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Freedom Watch, Inc."

RESPONSE TO REQUEST NO. 29: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 28. There is nothing at all vague or ambiguous about a request for bank statements.

REQUEST NO. 30: All tax returns, financial statements, and other financial records regarding "Freedom Watch, Inc."

RESPONSE TO REQUEST NO. 30: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 28. There is nothing at all vague or ambiguous about a request for tax returns or financial statements.

REQUEST NO. 31: Any and all documents relating to the calculation of your damages.

RESPONSE TO REQUEST NO. 31: Any such documents will be produced at a mutually agreeable date, time and place as discovery continues.

INSUFFICIENT: Plaintiff has failed to produce any responsive documents.

REQUEST NO. 32: Any and all documents that demonstrate you have been harmed as a result of the remaining allegations in your Second Amended Complaint.

RESPONSE TO REQUEST NO. 32: Plaintiff objects to this request because it is duplicative of request number three in Defendants' First Request for Production of Documents, and on the grounds stated therein.

INSUFFICIENT: Again, *See* Insufficiency of Response to Request No. 1. Moreover, the request is not duplicative of Request Number 3 in Defendants' First Request for Production of Documents, which requested the following records: "All documents relating to the calculation of your claim of damages." *See* Defs.' Request for Produc. of Docs., attached as Ex. to Defs.' Motion to Compel Pl.'s Responses to Production of Documents.

Obviously, there is a substantial difference between how a party claims to have been harmed, which may include a variety of both tangible and intangible factors such as emotional distress, lost business opportunities, loss of reputation, or pain and suffering, and how a party has calculated damages, which involves a monetary calculation. Moreover, Plaintiff cannot be heard to complain that he responded to this request previously because he has yet to produce documents responsive to Defendants' First Request for Production of Documents.   In fact, the Court's prior Order granting Defendants' motion to compel Plaintiff to respond to Defendants' First Request for Production of Documents is pending on appeal.

REQUEST NO. 33:  An executed original of the attached release authorization for your consumer credit history.  (*See* attached authorization).

RESPONSE TO REQUEST NO. 33:  Plaintiff objects to this request on the grounds that it seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.  No such authorization was attached to this Request.

*See* also Ex. 6, January 11, 2008 Correspondence from Pl.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 13.  Moreover a form Authorization was sent to Plaintiff in response to this objection on January 16, 2008.  See Ex. 11, copy of email correspondence providing said document.

REQUEST NO. 34:  Any and all documents between you and Sandra Cobas that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 34:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrines, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence.

<u>INSUFFICIENT</u>:  Again, *See* Insufficiency of Response to Request No. 1. and Plaintiff fails to produce a privilege log of withheld, responsive documents or otherwise comply with his obligations under Fed. R. Civ. P 26(b) (5) (A).

There is nothing vague, ambiguous, or overly broad about requesting documents between Plaintiff and Ms. Cobas, especially where Defendants expressly identified such documents to include correspondence, email, pleadings, notes, and memoranda. Nor is there anything irrelevant about Defendants' request.  Not only did Plaintiff reference Ms. Cobas in his pleadings (*see* Second Amended Complaint at para. 66(G)), but Plaintiff identified Ms. Cobas in his initial disclosures as being an individual likely to have discoverable information Plaintiff may use to support his claims.  *See* Pl.'s Initial Disclosures.

<u>REQUEST NO. 35</u>:  Any and all documents between you and Gennifer Flowers that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

<u>RESPONSE TO REQUEST NO. 35</u>:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks irrelevant information, the production of which is not calculated to lead to the discovery of admissible evidence.

**<u>INSUFFICIENT:</u>**  Again, see Insufficiency of Response to Request No. 1 nor has plaintiff provided any privilege log or even suggested one would be coming.

There is nothing vague, ambiguous, or overly broad about requesting documents between Plaintiff and Ms. Flowers, especially where Defendants expressly identified such documents to include correspondence, email, pleadings, notes, and memoranda. Nor is there anything irrelevant about Defendants' request.  Plaintiff expressly identified Ms. Flowers in his initial disclosures as being an individual likely to have discoverable information Plaintiff may use to support his claims.  *See* Pl.'s Initial Disclosures at para.

3.

REQUEST NO. 36:  Any and all documents between you and Stephanie Luck Klayman that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 36:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to marital and other privileges.

INSUFFICIENT:  Again, *See* Insufficiency of Response to Request No. 1. and again

Plaintiff fails to produce a privilege log.  In addition, just as shown in Requests No. 33,

and No. 34, Plaintiff expressly identified his former wife in his initial disclosures as being

an individual likely to have discoverable information Plaintiff may use to support his

claims.  *See* Pl.s' Initial Disclosures at para. 4.  The request is obviously relevant to this

lawsuit by reason of Plaintiff's own identification of his former wife in his initial

disclosures.

REQUEST NO. 37:  Any and all documents between you and Peter Paul that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 37:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to privilege, as enumerated above.

INSUFFICIENT:  Again, see Insufficiency of Response to Request No. 1. and Plaintiff

again fails to produce a privilege log.

There is nothing vague, ambiguous, or overly broad about requesting documents

between Plaintiff and Mr. Paul, especially where Defendants expressly identified such

documents to include correspondence, email, pleadings, notes, and memoranda. Nor is

there anything irrelevant about Defendants' request.  In fact, Plaintiff expressly identified

Mr. Paul in his Second Amended Complaint, alleging that Mr. Paul had used certain, allegedly defamatory statements made by Defendants to "attack" him.  *See* Second Am. Compl. at para. 151.  Plaintiff recently asserted that he now "represents" Mr. Paul, although Plaintiff fails to identity the capacity in which he does so.  *See* Pl.'s Mem. of Points and Authorities in Opp'n to Defs.' Mot. to Compel Responses to Defs.' Request for Production of Documents, filed December 24, 2007, at p. 11.  At a minimum, the documents Defendants seek regarding Mr. Paul are relevant to Defendants claims for breach of the severance agreement's non-disparagement clause given the role Plaintiff has attributed to Mr. Paul in helping him "save" Defendant Judicial Watch, Inc.  *See* Am. Countercl. at paras. 50 and 117-124.  In light of Plaintiff's ever shifting characterization of his relationship with Mr. Paul -- which has ranged from Mr. Paul "attacking" him to Plaintiff not "representing" Mr. Paul -- any claims of attorney client privilege, to the extent those claims have not been waived, must be given very careful scrutiny.

REQUEST NO. 38:  Any and all documents between you and Louise Benson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 38:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks certain irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to other privileges enumerated above.

INSUFFICIENT:  Again, See Insufficiency Argument at Request No. 1.  Plaintiff further fails to produce a privilege log.

There is nothing vague, ambiguous, or overly broad about requesting documents between Plaintiff and Ms. Benson, especially where Defendants expressly identified such documents to include correspondence, email, pleadings, notes, and memoranda. Plaintiff expressly identified Ms. Benson in his initial disclosures as being an individual likely to

have discoverable information Plaintiff may use to support his claims.  *See* Pl.'s Initial

Disclosures at para. 5.  The request is obviously relevant to this lawsuit by reason of

Plaintiff's own identification of Ms. Benson in his initial disclosures.

REQUEST NO. 39:  Any and all documents between you and Russ Verney that relate to
Judicial Watch or any of the other defendants in this Litigation, including, but not limited
to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 39:  Any such relevant documents will be produced at a
mutually agreeable time, date and place.

INSUFFICIENT:  Plaintiff has failed to produce any "responsive" documents, much less

any "relevant" documents, and it is improper for Plaintiff to unilaterally arrogate to

himself the power to determine what is "relevant" as opposed to what is "responsive" to

the request.  *Alexander*, 186 F.R.D. at 59.  All "responsive" documents, not just all

"relevant" documents, must be produced.  *Id.*

REQUEST NO. 40:  Any and all documents between you and Mike Pendleton that relate
to Judicial Watch or any of the other defendants in this Litigation, including, but not
limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 40:  Any such relevant documents will be produced at a
mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 41:  Any and all documents between you and Jane Chastain that relate to
Judicial Watch or any of the other defendants in this Litigation, including, but not limited
to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 42:  Any such relevant documents will be produced at a
mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 42:  Any and all documents between you and John Vincent that relate to
Judicial Watch or any of the other defendants in this Litigation, including, but not limited
to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 42:  Any such relevant documents will be produced at a
mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 43:  Any and all documents between you and Connie Ruffley that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 43:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 44:  Any and all documents between you and Robert Wolpe that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 44:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 45:  Any and all documents between you and Janice Rorup that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 45:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 46:  Any and all documents between you and Anonymous (referenced in your Initial Disclosures under No. 13) that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 46:  Any such relevant documents will be produced at a mutually agreeable time, date and place. *See* also Ex. 6, Correspondence of January 11, 2008 from Pl.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 13 and No. 39.

REQUEST NO. 47:  Any and all documents between you and Stuart Pechner that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 47:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 48:  Any and all documents between you and Robert Stuber that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 48:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

*See* also Ex. 6, Correspondence of January 11, 2008 from Pl.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 13 and No. 39.

REQUEST NO. 49:  Any and all documents between you and Steve Wilson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 49:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 50:  Any and all documents between you and Geoff Lyons that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 50:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 51:  Any and all documents between you and Irene Garcia that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 51:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 52:  Any and all documents between you and Robert G. Mills a/k/a Greg Mills that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 52:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 53:  Any and all documents between you and Genevieve Wood that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 53:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 54:  Any and all documents between you and Sterling Norris that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 54:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 55:  Any and all documents between you and Raymond A. Reiser, Esquire of the Florida Bar that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 55:  Plaintiff is unfamiliar with this entity and such (sic) cannot respond to this Request.

INSUFFICIENT:   Mr. Reiser is the attorney Plaintiff arranged to represent Ms. Cobas in her lawsuit against Defendants and Irene Garcia, an employee of Defendant Judicial Watch, Inc.  *See* July 26, 2006 Letter from Raymond A. Reiser to Sandy Cobas and Larry Klayman, attached as Ex. 12 (noting the trial judge's characterization of the lawsuit as "silly and vindictive").  Plaintiff then represented Ms. Cobas in a subsequent appeal.  The trial court's dismissal of the lawsuit was affirmed on May 2, 2007.

REQUEST NO. 56:  Any and all documents between you and David Barmak, Esquire that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 56:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks certain irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to other privileges enumerated above.

INSUFFICIENT:  Again, see Insufficiency argument to Request No. 1.  Plaintiff fails to produce a privilege log nor are documents responsive to this request the least bit irrelevant.  Mr. Barmak represented Defendant Judicial Watch, Inc. in the negotiations that resulted in the September 19, 2003 Severance Agreement and in Defendant Judicial Watch, Inc.'s subsequent efforts to collect debts owed to it by Plaintiff under that agreement.  Indeed the majority of the documents actually produced by Plaintiff, see Ex. 10 at p. 7-10, was correspondence from Klayman to Judicial Watch's counsel David Barmak.  Plaintiff had significant, direct communication with Mr. Barmak regarding these efforts and other issues between September 2003 and the filing of Plaintiff's lawsuit in April 2006.

While Plaintiff fails to set forth a basis for an attorney client privilege objection, we can only assume he is again claiming that Mr. Barmak represented him.  This Court in denying a sanctions motion held that Plaintiff failed to prove his attorney-client relationship with Mr. Barmak.  *See Klayman v. Judicial Watch, Inc.*, 2007 U.S. Dist. LEXIS 88043, **21-29 (D.D.C., J. Kollar Kotelly, December 3, 2007).[2]

REQUEST NO. 57:  Any and all documents between you and/or any of your representatives and Defendants and/or any of their representatives that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 57:  Any such relevant documents will be produced at a mutually agreeable time, date and place.

---

[2] Plaintiff recently sued Mr. Barmak and his firm, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., for alleged breach of client confidences (see Klayman v. Barmak, et al., Case No. 07-23135-Civ-Cooke/Brown (S.D. Fla.)

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 39.

REQUEST NO. 60:  Any and all documents relating to allegedly false statements made to Judicial Watch employees as set forth in paragraph 154 of your Second Amended Complaint.

RESPONSE TO REQUEST NO. 60:  Any such documents will be produced at a mutually agreeable time, date and place.  Such documents are in the custody, possession and control of the defendants.

INSUFFICIENT:  Plaintiff has failed to produce any responsive documents.  Moreover, it is insufficient for Plaintiff to baldly assert that such documents are in Defendants' custody, possession, and control.  The request requires Plaintiff to produce responsive documents in *his* possession, custody, or control.  Such objections are insufficient to resist a discovery request.  *St. Paul Reinsurance Co.*, 198 F.R.D. at 513 ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.").

27.    Rule 37 of the Federal Rules of Civil Procedure authorizes a party to file a motion to compel upon certification that the moving party conferred or attempted to confer in good faith with the non-moving party.  *See* Fed. R. Civ. P. 37(a)(2)(B). Defendants' certification accompanies this motion.

28.    Rule 37 also authorizes the Court, upon the granting of a motion to compel, or if disclosure is provided after the motion is filed, to award reasonably attorney's fees and costs incurred in making the motion, unless it finds the opposing party's nondisclosure, response or objection was substantially justified.  *See* Fed. R. Civ. P. 37(a)(4); *see also Rude v. Dancing Crab at Wash. Harbour, LP*,  245 F.R.D. 18, 21 (D.D.C. 2007).  There is no justification, substantial or otherwise, for Plaintiff's failure to respond to Defendants' requests in a timely fashion.  Nor is there any justification,

substantial or otherwise, for Plaintiff's failure to produce requested documents long after Defendants requested they be produced.  In the unlikely event that the Court were to consider Plaintiff's untimely objections, none of those objections were substantially justified in any event.

29.    Defendants are entitled to a full production of all documents responsive to their June 2007 requests, without regard to any of Plaintiff's untimely objections. Defendants also are entitled to an award of attorney's fees and costs reasonably incurred in preparing this motion.

WHEREFORE, Defendants respectfully requests that the Court order Plaintiff to produce all documents responsive to Defendants' Supplemental Request for Production of Documents without further delay and award Defendants reasonable attorney's fees and costs incurred in preparing this motion.

Dated: February 6, 2007

Respectfully submitted,

_____//s//_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, and Christopher J. Farrell*