# SPECTOR GADON & ROSEN, P.C.

ATTORNEYS AT LAW

| PENNSYLVANIA OFFICE: | 1000 LENOLA ROAD | FLORIDA OFFICE: |
| --- | --- | --- |
| 1635 MARKET STREET | P.O. BOX 1001 | 360 CENTRAL AVENUE |
| 7TH FLOOR | MOORESTOWN, NEW JERSEY 08057 | SUITE 1550 |
| PHILADELPHIA, PA 19103 | [856] 778-8100 | ST. PETERSBURG, FL 33701 |
| [215] 241-8888 | FAX [856] 722-5344 | [727] 896-4600 |
| FAX: [215] 241-8844 | WWW.LAWSGR.COM | FAX: [727] 896-4604 |

*JEFFREY H. SCHERVONE*
jschervone@lawsgr.com

January 11, 2008

**VIA EMAIL AND U.S. MAIL**
Juli Simonyi, Esquire
Richard Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314

   *Re: Klayman v. Judicial Watch, Inc. et als.*

Dear Ms. Simonyi, Mr. Driscoll:

  We are in receipt of your letter dated January 9, 2008 in connection with the above-captioned matter. As you know, on November 27, 2007, the parties conferred and filed a Consent Motion requesting that fact discovery be extended until January 31, 2008. At that time, we suggested, but Defendants declined to consent to, a later fact discovery deadline. On November 29, 2007, we requested an extension of time to respond to Defendants' sixty (60) Supplemental Requests for Production of Documents. On December 3, 2007, we were advised that the deadline would not be extended and to "please respond to the requests as soon as possible." Responses were provided on December 18, 2007. Under these circumstances, Plaintiff takes exception to the suggestion that objections were waived.

  Regarding the first ten objections of Plaintiff's Responses, Plaintiff notes that objections to the Requests were not before the Court. Since the Court's Memorandum Opinion denying Plaintiff's Motion to Quash or Alternatively for Protective Order was in connection with the Subpoenas, Plaintiff's disagrees that the objections to the first ten requests are effectively, or otherwise, overruled.

  In addition, it is Plaintiff's position that some of the documents produced do in fact overlap as to Defendants' Requests and Supplemental Requests. *See e.g.* KLAYMAN 8-105, 116-118, 140-392 and much of 554-985 in connection with Request Nos. 2,4,7-9, 13-15 and Supplemental Request Nos. 13, 48, 56 and 57. Indeed, some requests themselves seem to overlap and/or are duplicative. *See e.g.* Request No. 2 and Supplemental Request No. 32; Request No. 7 and Supplemental Request No.14; Request No. 12 and Supplemental Request No. 37.

418780-2

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

January 11, 2008
Page -2-

    The overall discovery deadline in this case is May 15, 2008. As discussed during the telephone conference before Judge Kay and our telephone conference, the parties effectively agreed to extend fact discovery to accommodate scheduling of the twenty-one depositions identified thus far. Further, Mr. Klayman agreed to your request to be deposed first in exchange for flexibility regarding scheduling. Mr. Klayman is not available until after January 31, 2008 and has a trial presently scheduled for February 19, 2008 in the Southern District of Florida. A proposed schedule will be forwarded for comment shortly under separate cover.

    Subject to the stated objections and responses, Plaintiff is compiling documents and will make available documents that exist within his possession, custody and control in response to the Requests and Supplemental Requests as soon as practicable and prior to Mr. Klayman's deposition.

    We look forward to your anticipated cooperation in connection with this matter.

Very truly yours,

JEFFREY H. SCHERVONE

JHS/mt

418780-2