Larry Klayman, Attorney at Law
**THE KLAYMAN LAW FIRM, P.A.**
3415 SW 24th Street, Miami, FL 33145
Telephone: (305) 447-1091 – Facsimile: (305) 447-1548
leklayman@bellsouth.net

# Fax Cover Sheet

FROM:    LARRY KLAYMAN, ESQ.
         The Klayman Law Firm, P.A.

TO:      Richard Driscoll, Esq.

FAX:     703.997.4892

DATE:    February 4, 2008

PAGES:   3

RE:      Klayman v. Judicial Watch (D.D.C.)

MESSAGE:

Larry Klayman, Attorney at Law
**The Klayman Law Firm, P.A.**
3415 SW 24th Street, Miami, FL 33145
Telephone: 305-447-1091 – Facsimile: 305-447-1548
leklayman@bellsouth.net

February 4, 2008

Via Facimile, Email and Mail

Richard Driscoll, Esq.
Driscoll & Seltzer
600 Cameron Street
Alexandria, Virginia 22314

Re: Klayman v. Judicial Watch (D.D.C.)

Dear Mr. Driscoll:

Last Friday, at around 3 pm, I had a conference call with you, Ms. Simonyi and Paul Orfanedes of Judicial Watch. During the call we discussed the scope vast breath of your supplemental discovery requests. I explained in this regard that these requests were in large part overly broad and not relevant to information which you seek pursuant to defendant's counterclaims.

In this regard, what is relevant is information which bears on what statements were published by the Plaintiff in the public domain, and the gross amount of this advertising in order to calculate potential damages in the unlikely even your clients prove successful with their claims. What is not called for or relevant is to clean out the files of each of the entities listed in your clients' document requests, as this is not only overly broad but overly burdensome. To do so would constitute harassment. This is why we suggested in prior pleadings that gross figures, which could be verified through various means, would be the prudent approach. Indeed, the documents which your clients produced to Plaintiff going to similar issues are very limited and do not comprise all of the paper related to Defendants' fundraising, related activities, and advertisement in the custody, possession or control of your clients. Nor have your clients turned over all of their check books, banking records, and other accounting documents, much more personal income tax

Richard Driscoll, Esq.
February 4, 2008
Page 2

returns and the like, despite arguably falling within the scope of our requests when read as broadly as you propose with Plaintiff. As you know, your clients have been sued in their individual capacities as well as on behalf of Judicial Watch and therefore all of their personal financial information is therefore germane under your approach. If this is the route you intend to proceed with and will not narrow your client requests, then a precedent will be set to have your clients produce similar information and documentation.

I therefore asked you to explain what it is that your clients are seeking. Unfortunately, you refused. If we can reach a conceptual understanding of what you want, and if it is relevant and reasonable, then we can eliminate the need for a motion to compel. Instead of doing this, however, your associate simply recounted her mantra that she thought her document requests were proper, without any discussion of the underlying discovery objective or relevancy.

Please provide this by noon tomorrow and we can try to reach an accommodation. Since you have until close of business Wednesday to file any motion, this approach could help eliminate unnecessary motions practice. In this regard, please also be prepared to discuss the deficiencies in Judicial Watch's production. I will forward a letter with these deficiencies later today.

Sincerely,

The Klayman Law Firm, P.A.

Larry Klayman

cc: Dan Dugan, Esq.
    Jeff Schervone, Esq.