# SPECTOR GADON & ROSEN, P.C.
ATTORNEYS AT LAW
SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
FAX: [215] 241-8844
WWW.LAWSGR.COM

NEW JERSEY OFFICE:
1000 LENOLA ROAD
P.O. BOX 1001
MOORESTOWN, NJ 08057
[856] 778-8100
FAX: [856] 722-5344

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
FAX: [727] 896-4604

E-MAIL
ddugan@lawsgr.com

*Daniel J. Dugan*

DIRECT DIAL NUMBER
215.241.8872
DIRECT FAX NUMBER
215.531.9120

December 18, 2007

**VIA ELECTRONIC MAIL
AND FEDERAL EXPRESS**
Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314

Re: Klayman v. Judicial Watch, Inc. et al.

Dear Mr. Driscoll:

Enclosed please find Plaintiff's Responses to Defendants' Supplemental Request for Production of Documents in connection with the above matter.

Please contact me with any questions or concerns you may have.

Sincerely,

Daniel J. Dugan

DJD/vg
Enclosure
cc: Larry Klayman (w/enclosures via email)
    Jeffrey H. Schervone, Esq. (w/enclosures via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larry Klayman,<br>    *Plaintiff,*<br><br>v.<br><br>Judicial Watch, Inc., *et al.*<br>    *Defendants.* | Civil Action No. 1:06-CV-00670<br><br>Honorable Colleen Kollar-Kotelly<br><br><br>**Jury Trial Demanded.** |

### PLAINTIFF'S RESPONSES TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R Civ.P. 34, Plaintiff, Larry Klayman responds to Defendants' Supplemental Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Plaintiffs object to each request to the extent that the Definitions and Instructions in the Request exceed the bounds of discovery provided by the Federal Rules of Civil Procedure.

2. Plaintiffs also object to each request to the extent that it seeks to elicit any information that is protected by the attorney-client privilege, the work product doctrine or any other applicable claim of privilege, confidential business information, or other legal right. To the extent that Plaintiffs respond to any request, each such response is subject to each of these General Objections as well as the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal right and each such response is without waiver of Plaintiffs' right to contest such request at a later date.

3. Each of Plaintiffs' General Objections is applicable to and hereby incorporated into each and every response to each request. Any response by Plaintiffs to any request is made

408897-4

without waiver of, and is limited by, the General Objections made herein. Plaintiff reserves his right to supplement these responses.

Subject to their general objections above, Plaintiffs respond to the specific requests as follows:

**REQUEST NO. 1:** For the period of May 1, 2003 to the present, any and all contracts and/or agreements and/or purchase orders entered into, by and between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 2:** For the period of May 1, 2003 to the present, any and all communications between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 3:** For the period of May 1, 2003 to the present, any and all internal communications concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

2

408897-4

**Response:** Plaintiff objects to this request because it is vague and ambiguous, and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 4: For the period of May 1, 2003 to the present, any and all communications with third parties concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request because it is vague and ambiguous, and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 5: For the period of May 1, 2003 to the present, any and all documents concerning, relating to, or reflecting "list selects," "special selects," or criteria for selecting individuals or lists of individuals to whom direct mail solicitations were sent on your behalf or on behalf of any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request because it is vague and ambiguous, and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 6: For the period of May 1, 2003 to the present, any and all documents concerning ore relating to any list orders, including but not limited to internal or in-house lists orders or orders for the "Viguerie Master File," "Viguerie Combined Master File," or similar, in-house master list, for any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

408897-4

**Response:** Plaintiff objects to this request because it is vague and ambiguous, and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 7: For the period of May 1, 2003 to the present, any and all bills and/or invoices for services performed by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request on the grounds that it is overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 8: For the period of May 1, 2003 to the present, any and all documents, records, or other data concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns. Documents include, but are not limited to, mail code data identifying the list from which respondents' names were generated.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing. Subject to and without waiving said objections, to the extent documents exist relating to aggregate information as to Plaintiff's marketing efforts are relevant, such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 9: For the period of May 1, 2003 to the present, any and all reports, analysis or accountings of the results of any direct mail campaign or other fundraising campaigns provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2)

4

Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing. and subject to privilege, as enumerated above.

REQUEST NO. 10:   For the period of May 1, 2003 to the present, any and all other documents concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman; (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing. and subject to privilege, as enumerated above.

REQUEST NO. 11:   Any and all documents relating to Denise Underberg Golden, including but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

**Response:** Plaintiff objects to this request because it is overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 12:   Any and all documents relating to Rebecca L. Eddy, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

**Response:** Plaintiff objects to this request because it is overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

5

408897-4

REQUEST NO. 13: For the period 2001 to the present, any and all documents relating to all debts, current and/or delinquent alleged to be owed by you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; (4) Klayman & Associates, P.C.; or (5) The Klayman Law Firm. Documents include, but are not limited to, correspondence, emails, invoices, bills, statements, pleadings, liens, payments, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Plaintiff further objects on the grounds of attorney client and work product privilege.

REQUEST NO. 14: Any and all documents that support your assertion that you do not owe any debt to Judicial Watch.

**Response:** Any such documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

REQUEST NO. 15: Any and all your credit reports for the period September 20, 2003 to the present.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 16: Each of the pleadings you allege to be "false and frivolous" in paragraph 66(G) of the Second Amended Complaint.

**Response:** The documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

REQUEST NO. 17: Any and all documents filed in your divorce proceeding with Stephanie Luck Klayman, regardless of the jurisdiction.

**Response:** Plaintiff objects to this request on the grounds that it seeks the disclosure of documents that under seal, are irrelevant to the subject matter of this litigation, the irrelevant production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 18:** All corporate formation documents for Klayman & Associates, P.C., including, but not limited to, articles or incorporation, minutes of special and annual meetings, bylaws, rules, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Subject to and without waiving said objections, any such relevant documents will be produced at a mutually agreeable time, date and place.

**REQUEST NO. 19:** Any and all documents relating to direct mailing and/or solicitation for donations to your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman".

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 20:** Any and all documents relating to confusion on the part of donors/supporters of your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman" who are alleged to have donated to Judicial Watch instead of your campaign as a result of the October 2003 newsletter referred to in your Second Amended Complaint.

**Response:** Any such relevant, non-privileged, documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

**REQUEST NO. 21:** Any and all endorsement contracts and/or documents relating to payments to you for use of your name and/or likeness.

7

408897-4