**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 22:** Any and all endorsement contracts and/or documents relating to payments to you for personal appearances for the period September 20, 2003 through December 31, 2003.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 23:** Any and all documents relating to results for each direct mail and/or advertising campaign by "Saving Judicial Watch," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, responses rates, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 24:** The general ledger or check ledger for "Saving Judicial Watch."

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Subject to and without waiving said objections, to the extent documents exist relating to aggregate information as to Plaintiff's marketing efforts are relevant, such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 25: Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Saving Judicial Watch."

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 26: All tax returns, financial statements, and other financial records regarding "Saving Judicial Watch."

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 27: Any and all documents relating to results for each direct mail and/or advertising campaign by "Freedom Watch, Inc.," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 28: The general ledger or check ledger for "Freedom Watch, Inc."

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

REQUEST NO. 29: Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Freedom Watch, Inc."

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

408897-4

**REQUEST NO. 30:**   All tax returns, financial statements, and other financial records regarding "Freedom Watch, Inc."

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

**REQUEST NO. 31:**   Any and all documents relating to the calculation of your damages.

**Response:** Any such relevant documents will be produced at a mutually agreeable date, time and place as discovery continues.

**REQUEST NO. 32:**   Any and all documents that demonstrate you have been harmed as a result of the remaining allegations in your Second Amended Complaint.

**Response:** Plaintiff objects to this request because it is duplicative of request number three in Defendants' First Request for Production of Documents, and on the grounds stated therein.

**REQUEST NO. 33:**   An executed original of the attached release authorization for your consumer credit history. (See attached authorization)

**Response:** Plaintiff objects to this request on the grounds it seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. No such authorization was attached to this Request.

**REQUEST NO. 34:**   Any and all documents between you and Sandra Cobas that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client

10

408897-4

privilege and work-product doctrine, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 35:** Any and all documents between you and Genifer Flowers that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 36:** Any and all documents between you and Stephanie Luck Klayman that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to marital and other privileges.

**REQUEST NO. 37:** Any and all documents between you and Peter Paul that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to privilege, as enumerated above.

**REQUEST NO. 38:** Any and all documents between you and Louise Benson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

11

408897-4

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks certain irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to other privileges enumerated above.

**REQUEST NO. 39:** Any and all documents between you and Russ Verney that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

**REQUEST NO. 40:** Any and all documents between you and Mike Pendleton that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

**REQUEST NO. 41:** Any and all documents between you and Jane Chastain that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

**REQUEST NO. 42:** Any and all documents between you and John Vincent that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

**REQUEST NO. 43:** Any and all documents between you and Connie Ruffley that relate to Judicial Watch or any of the other defendants in this Litigation, including but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

408897-4

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 44: Any and all documents between you and Robert Wolpe that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 45: Any and all documents between you and Janice Rorup that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 46: Any and all documents between you and Anonymous (referenced in your Initial Disclosures under No. 13) that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, leadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 47: Any and all documents between you and Stuart Pechner that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 48: Any and all documents between you and Robert Stuber that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant, non-privileged documents will be produced at a mutually agreeable time, date and place.

408897-4

REQUEST NO. 49: Any and all documents between you and Steve Wilson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Response: Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 50: Any and all documents between you and Geoff Lyons that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Response: Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 51: Any and all documents between you and Irene Garcia that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Response: Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 52: Any and all documents between you and Robert G. Mills a/k/a Greg Mills that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Response: Any such relevant, non-privileged documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 53: Any and all documents between you and Genevieve Wood that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Response: Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 54: Any and all documents between you and Sterling Norris that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

408897-4

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 55: Any and all documents between you and Raymond A. Reiser, Esquire of the Florida Bar that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff is unfamiliar with this entity and such cannot respond to this Request.

REQUEST NO. 56: Any and all documents between you and David Barmak, Esquire that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks certain irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to other privileges enumerated above.

REQUEST NO. 57: Any and all documents between you and/or any of your representatives and Defendants and/or any of their representatives that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Any such relevant documents will be produced at a mutually agreeable time, date and place.

REQUEST NO. 58: Any and all documents between you and any representative of CCA of Boston, Massachusetts that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

**Response:** Plaintiff is unfamiliar with this entity and such cannot respond to this Request.

15

408897-4

REQUEST NO. 59: Any and all documents between you and Strategic One that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Response: Plaintiff is unfamiliar with this entity and such cannot respond to this Request.

REQUEST NO. 60: Any and all documents relating to allegedly false statements made to Judicial Watch employees as set forth in paragraph 154 of your Second Amended Complaint.

Response: Any such documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

SPECTOR GADON & ROSEN, P.C.

By: __/s/___Daniel J. Dugan_____
Daniel J. Dugan, Esquire
1635 Market Street, 7th floor
Philadelphia, PA  19103
215.241.8872 --215.241.8844 fax
ddugan@lawsgr.com
Attorneys for Plaintiff

December 18, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2007, a true and correct copy of Plaintiff's Responses to Defendants' Supplemental Requests for Production of Documents was served via electronic and regular mail on the following:

> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> *Counsel for Defendants*

By: __/s/__ *Daniel J. Dugan*
       Daniel J. Dugan