# driscoll & seltzer

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Juli Z. Haller Simonyi*
Writers email: jhaller@driscollseltzer.com
*Admitted in DC, NY and NJ
Not Admitted IN VA

February 1, 2008

VIA EMAIL, FACSIMILE AND REGULAR MAIL

Daniel Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8844

Jeffrey Schervone, Esquire
1000 Lenola Road
Spector, Gadon & Rosen, P.C.
Moorestown, NJ 08057
(856) 722-5344

Larry Klayman, Esquire
The Klayman Law Firm
Courvoiser Centre
6701 Brickell Key Drive, Suite 404
Miami, Florida 33131
Via email only leklayman@bellsouth.net

Re: *KLAYMAN V. JUDICIAL WATCH, ET AL.*
*06-cv-670*

Dear Counsel:

In preparation of our meet and confer pursuant to the Court Teleconference on January 30, 2008, the following is a short synopsis regarding Defendants' supplemental document requests. As you know, we served via facsimile and first class mail (i) Defendants' Supplemental Requests for Production of Documents on **November 2, 2007**. As you also know, Plaintiff's Responses were due on December 3, 2007.

As you also know, Plaintiff requested an Extension on November 29, 2007 in order to produce documents by Monday December 17, 2008. Defendants denied said request on December 3,

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 2

2007 due to the impending discovery close date and your client's failure to respond to our repeated requests for a deposition date.

We, however, received no follow up on December 17, 2007 and certainly no documents. We wrote you on said date in an effort to confer and again requested said documents. The following day, on December 18, 2007, you sent us Plaintiff's written Responses, which constituted objections to Defendants' Supplemental Requests for Production of Documents, but again made no documents available. We reiterate our assertion that untimely objections are deemed waived.[1]

We spoke with Mr. Schervone on January 8, 2008 who represented that he was attempting to compile Responsive Documents to our Supplemental Requests. He further confirmed that the documents produced to date were responsive to the first set of Defendants' Document Requests and not to Defendants' Supplemental Requests for Production of Documents.

We again wrote to Plaintiff on January 9, 2008 confirming the above conversation and reiterating our request for responsive documents.

On January 11, 2008 we received correspondence from Mr. Schervone setting forth that some of the documents produced to date respond to Supplemental Requests Nos. 13, 48, 56 and 57. He further alleges that Supplemental Request No. 32, 14 and 37 are duplicative to requests made in Defendants' First Request for Documents.

**We further set forth the following deficiencies to date:**

REQUEST NO. 1:    For the period of May 1, 2003 to the present, any and all contracts and/or agreements and/or purchase orders entered into, by and between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 1: Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:

Defendants' request is not ambiguous or overly broad. Nor does it seek information or documents that are irrelevant, burdensome, or harassing. Moreover, the Court, in granting

---

[1] See Peskoff v. Faber, 244 F.R.D. 54, 64 (D.D.C. 2007) (finding that failure to object to document production in a timely manner, like the failure to object to an interrogatory, constitutes an automatic waiver of any objections) (citing Myrdal v. District of Columbia, 2007 U.S. Dist. LEXIS 41220, 2007 WL 1655875 (D.D.C. June 7, 2007); Fonville v. District of Columbia, 230 F.R.D. 38, 42 (D.D.C. 2005).

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 3

Defendants' Motions to Compel Interrogatories and Production of Documents, recently ruled that "such patently generic non-specific objections intoning the same boilerplate language are inconsistent with both the letter and spirit of the Federal Rules of Civil Procedure." *See* Ct.'s Mem. Order 01/16/08 at p.19. The Court also found that it is not for Klayman to unilaterally decide what is relevant. *See Id.* at 18.

Moreover, the time frame of the request is clearly stated and, with the exception of the term "Direct Mailers," which Defendants specifically defined (*see* Exhibit 1 at Definitions and Instructions para. 13), uses commonly understood words and phrases. Moreover, the request seeks information and documents directly relevant to both Plaintiff's claims against Defendants and Defendants' counterclaims against Plaintiff. *See also* Court Mem. Order denying Pl.'s Mot. to Quash Subpoenas. At a minimum, the request seeks information and documents reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 2: For the period of May 1, 2003 to the present, any and all communications between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 2: Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 3: For the period of May 1, 2003 to the present, any and all internal communications concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 4

RESPONSE TO REQUEST NO. 3: Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 4:   For the period of May 1, 2003 to the present, any and all communications with third parties concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 4: Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 5:   For the period of May 1, 2003 to the present, any and all documents concerning, relating to, or reflecting "list selects," "special selects," or criteria for selecting individuals or lists of individuals to whom direct mail solicitations were sent on your behalf or on behalf of any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 5: Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 6:   For the period of May 1, 2003 to the present, any and all documents concerning or relating to any list orders, including but not limited to internal or in-house lists orders or orders for the "Viguerie Master File," "Viguerie Combined Master File," or similar, in-house master list, for any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 5

RESPONSE TO REQUEST NO. 6: Plaintiff objects to this request because it is ambiguous and overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 7: For the period of May 1, 2003 to the present, any and all bills and/or invoices for services performed by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 7: Plaintiff objects to this request on the grounds that it is overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 8: For the period of May 1, 2003 to the present, any and all documents, records, or other data concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns. Documents include, but are not limited to, mail code data identifying the list from which respondents' names were generated.

RESPONSE TO REQUEST NO. 8: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing. Subject to and without waving said objections, to the extent documents exist relating to aggregate information as to Plaintiff's marketing efforts are relevant, such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See also* Insufficiency of Response to Request No. 1.

REQUEST NO. 9: For the period of May 1, 2003 to the present, any and all reports, analyses or accountings of the results of any direct mail campaign or other fundraising campaigns provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization

associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 9: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing. (sic) and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 10: For the period of May 1, 2003 to the present, any and all other documents concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

RESPONSE TO REQUEST NO. 10: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing. (sic) and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 11: Any and all documents relating to Denise Underberg Golden, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

RESPONSE TO REQUEST NO. 11: Plaintiff objects to this request because it is overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 12: Any and all documents relating to Rebecca L. Eddy, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

RESPONSE TO REQUEST NO. 12: Plaintiff objects to this request because it is overly broad as to time and scope, and seeks irrelevant information the production of which would be burdensome and harassing, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 13: For the period 2001 to the present, any and all documents relating to all debts, current and/or delinquent alleged to be owed by you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; (4) Klayman & Associates, P.C.; or (5) The Klayman Law Firm. Documents include, but are not limited to, correspondence, emails, invoices, bills, statements, pleadings, liens, payments, etc.

RESPONSE TO REQUEST NO. 13: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Plaintiff further objects on the grounds of attorney client and work product privilege.

JANUARY 11, 2008 RESPONSE: Plaintiff claims that No. 13 was responded to and references Plaintiff's Document Production Nos. 8-105, 116-118, 140-392, and much of 554-985.
**ACTUAL RESPONSE:**

- Pg. 8: Pl. Correspondence to Judicial Watch's Counsel dated May 08, 2003;
- Pg. 9: Pl. Correspondence to Judicial Watch's Counsel dated September 25, 2003;
- Pg. 10: *DUPLICATE* copy of Page 9;
- Pgs. 11-24: A copy of the Severance Agreement between the Parties;
- Pgs. 25: Pl. Correspondence to Judicial Watch's Counsel dated September 25, 2003;
- Pgs. 26-39: *DUPLICATE* copy of the Severance Agreement between the Parties;
- Pgs. 40-105: Correspondence to Pl. dated December 1, 2003 enclosing Notices for Withdrawal for Klayman's signature;

These Documents do not show debts of the Friends of Larry Klayman, Freedom Watch or Saving Judicial Watch or Klayman Law Firm. These documents strictly deal with communications with Judicial Watch. These two documents again fail to respond to the Request.

- Pg. 116: Fax cover sheet to Pl.'s Counsel from Klayman dated November 6, 2003;
- Pgs. 117-118: Klayman correspondence to Judicial Watch's Counsel dated November 6, 2003;

*See* above. These two documents again fail to respond to the Request.

- Pgs. 140-144: Klayman correspondence to Judicial Watch's Counsel dated December 12, 2004, marked 2003, and fax cover sheet dated December 17, 2003;

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 8

- Pgs. 145-149: *DUPLICATE* correspondence to Judicial Watch's Counsel dated December 12, 2004, marked 2003, with a fax cover sheet dated December 17, 2003;
- Pgs. 150-155: *DUPLICATE* correspondence to Judicial Watch's Counsel dated December 12, 2004, with a fax cover sheet dated December 12, 2003;
- Pgs. 156-160: *DUPLICATE* correspondence to Judicial Watch's Counsel dated December 12, 2004, with a fax cover sheet dated December 17, 2003;
- Pgs. 161-168: Klayman correspondence to Judicial Watch's Counsel dated January 8, 2004;
- Pgs. 169-175: Klayman correspondence to Judicial Watch's Counsel dated February 5, 2004;
- Pgs. 176-185: Klayman correspondence to Judicial Watch's Counsel dated February 5, 2004; *DUPLICATE*.
- Pgs. 186-188: Klayman correspondence to Judicial Watch's Counsel dated February 5, 2004; *DUPLICATE*.
- Pgs. 189-190: Judicial Watch's Counsel's correspondence to Klayman dated April 14, 2004;
- Pgs. 191-193: Klayman correspondence to Defendant Fitton/ Fitton response dated April 26, 2003;
- Pgs. 194-207: Klayman correspondence to Judicial Watch's Counsel dated April 26, 2003;
- Pgs. 208-217: Judicial Watch's Counsel's correspondence to Klayman dated March 19, 2004;
- Pgs. 218-225: Judicial Watch's Counsel's correspondence to Klayman dated March 19, 2004, *DUPLICATE*;
- Pgs. 226-234: Judicial Watch's Counsel's correspondence to Klayman dated March 19, 2004, *DUPLICATE*;
- Pgs. 235-237: Klayman correspondence to Judicial Watch's Counsel dated April 9, 2004;
- Pgs. 238-239: Judicial Watch's Counsel's correspondence to Klayman dated April 14, 2004;
- Pg. 240: Judicial Watch's Counsel's correspondence to Klayman dated May 4, 2004;
- Pgs. 241-242: Judicial Watch's Counsel's correspondence to Klayman dated April 14, 2004, *DUPLICATE*;
- Pgs. 243-245: Judicial Watch's Counsel's correspondence to Klayman dated May 10, 2004;
- Pgs. 246-248: Judicial Watch's Counsel's correspondence to Klayman dated May 10, 2004; *DUPLICATE*;
- Pg. 249: Judicial Watch's Counsel's correspondence to Klayman dated March 30, 2005;
- Pg. 250: Judicial Watch's Counsel's correspondence to Klayman dated May 3, 2005;
- Pgs. 251-253: Klayman correspondence to Judicial Watch's Counsel dated May 14, 2004;
- Pgs. 254-264: Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004;