Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 9

- Pgs. 265-275: Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 265-276: Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 276-286: Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 287-297: Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004, with additional markings;
- Pgs. 298-308: Klayman correspondence Continued to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pgs. 309-310: Klayman correspondence to Judicial Watch's Counsel dated May 15, 2004;
- Pgs. 311-312: Klayman correspondence to Judicial Watch's Counsel dated May 15, 2004, *DUPLICATE*;
- Pg. 313: Klayman fax to Judicial Watch's Counsel dated May 17, 2004;
- Pgs. 314-315: Klayman correspondence to Judicial Watch's Counsel dated May 14, 2004; *DUPLICATE*;
- Pg. 316: Klayman fax to Judicial Watch's Counsel dated May 17, 2004; *DUPLICATE*.
- Pgs. 317-318: Judicial Watch's Counsel's correspondence to Klayman dated October 6, 2004;
- Pgs. 319-320: Judicial Watch's Counsel's correspondence to Klayman dated October 7, 2004;
- Pgs. 321-322: Klayman correspondence to Judicial Watch's Counsel dated October 13, 2004;
- Pgs. 323-324: Klayman correspondence to Judicial Watch's Counsel dated October 13, 2004; *DUPLICATE*;
- Pgs. 325-329: Judicial Watch's Counsel's correspondence to Klayman dated December 1, 2004 with enclosures;
- Pg. 330: Judicial Watch's Counsel's correspondence to Klayman dated May 30, 2005; *DUPLICATE* (with Pg. 250);
- Pgs. 331-334: Klayman correspondence to Judicial Watch's Counsel dated December 30, 2005, with enclosure;
- Pg. 335: Defendant Orfanedes' correspondence to Klayman dated May 05, 2004;
- Pg. 336: Klayman correspondence to Defendant Orfanedes dated February 05, 2004;
- Pg. 337: Defendant Orfanedes's correspondence to Klayman dated January 31, 2004;
- Pgs. 338-348: Klayman correspondence to Defendant Orfanedes dated April 09, 2004, with enclosure;
- Pgs. 349-350: Klayman's Counsel Kalunas correspondence to Judicial Watch's Counsel dated April 04, 2004;
- Pgs. 351-352: Judicial Watch's Counsel's correspondence to Klayman dated May 13, 2005;

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 10

- Pgs. 353-354: Klayman's Counsel Kalunas correspondence to Judicial Watch's Counsel dated April 04, 2004; *DUPLICATE*;
- Pgs. 355-356: Judicial Watch's Counsel's correspondence to Klayman dated June 28, 2006 with enclosure of Klayman EMAIL to Judicial Watch's Counsel dated June 22, 2006;
- Pg. 357: Judicial Watch's Counsel's Fax Cover correspondence to Klayman dated June 28, 2006 referencing four (4) pages but not including any attachments;
- Pgs. 358-371: Klayman correspondence to Judicial Watch's Counsel dated April 26, 2004;
- Pg. 372: Klayman correspondence to Defendant Fitton dated April 26, 2004;
- Pgs. 373-386: Klayman correspondence to Judicial Watch's Counsel dated April 26, 2004; *DUPLICATE*;
- Pg. 387: Klayman correspondence to Defendant Fitton dated April 26, 2004; *DUPLICATE*;
- Pgs. 388-390: Klayman correspondence to Judicial Watch's Counsel dated April 29, 2004;
- Pg. 391: C-SPAN Email dated April 27, 2004;
- Pg. 392: CNN Note;

These Documents do not show debts of the Friends of Larry Klayman, Freedom Watch or Saving Judicial Watch or Klayman Law Firm. These documents strictly deal with communications with Judicial Watch. These two documents again fail to respond to the Request.

**INSUFFICIENT:**    *See also*, Insufficiency Response to Request No. 1.

REQUEST NO. 14:  Any and all documents that support your assertion that you do not owe any debt to Judicial Watch.

RESPONSE TO REQUEST NO. 14:  Any such documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

January 11, 2008 Correspondence:  Plaintiff claims this to be a duplicative Request with request no. 7 in Defendants' First Document Request.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 11

INSUFFICIENT:    Nonetheless, Plaintiff has failed to produce *any* responsive documents. Moreover, it is insufficient for Plaintiff to baldly assert that responsive documents are in Defendants' custody, possession, and control.    The request requires Plaintiff to produce responsive documents in *his* possession, custody, or control.

REQUEST NO. 15:    Any and all of your credit reports for the period September 20, 2003 to the present.

RESPONSE TO REQUEST NO. 15:    Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 16:    Each of the pleadings you allege to be "false and frivolous" in paragraph 66(G) of the Second Amended Complaint.

RESPONSE TO REQUEST NO. 16:    The documents will be produced at a mutually agreeable time, date and place.    Such documents are in the custody, possession and control of the defendants.

INSUFFICIENT:    Plaintiff has failed to produce any responsive documents.    *See* Insufficiency of Response to Request No. 1 and 14.

REQUEST NO. 17:    Any and all documents filed in your divorce proceedings with Stephanie Luck Klayman, regardless of the jurisdiction.

RESPONSE TO REQUEST NO. 17:    Plaintiff objects to this request on the grounds that it seeks the disclosure of documents that are under seal, are irrelevant to the subject matter of this litigation, the irrelevant production of which would be burdensome and harassing and subject to privilege, as enumerated above.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 12

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 18:    All corporate formation documents for Klayman & Associates, P.C.,
including, but not limited to, articles of incorporation, minutes of special and annual meetings,
bylaws, rules, etc.

RESPONSE TO REQUEST NO. 18:   Plaintiff objects to this request on the grounds that it is
vague and ambiguous and overly broad as to time and scope and seeks documents that are
irrelevant to the subject matter of this litigation, the production of which would be burdensome
and harassing and subject to privilege, as enumerated above.   Subject to and without waiving
said objections, any such relevant documents will be produced at a mutually agreeable time, date
and place.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 19:   Any and all documents relating to direct mailing and/or solicitation for
donations to your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman".

RESPONSE TO REQUEST NO. 19:   Plaintiff objects to this request on the grounds that it is

vague and ambiguous and overly broad as to time and scope and seeks documents that are

irrelevant to the subject matter of this litigation, the production of which would be burdensome

and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 20:   Any and all documents relating to confusion on the part of
donors/supporters of your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman" who
are alleged to have donated to Judicial Watch instead of your campaign as a result of the October
2003 newsletter referred to in your Second Amended Complaint.

RESPONSE TO REQUEST NO. 20:   Any such relevant, non-privileged, documents will be

produced at a mutually agreeable time, date and place.   Such documents are in the custody,

possession and control of the defendants.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 1.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 13

REQUEST NO. 21:   Any and all endorsement contracts and/or documents relating to payments to you for use of your name and/or likeness.

RESPONSE TO REQUEST NO. 21:   Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:   *See* Insufficiency of Response to Request No. 1.


REQUEST NO. 22:   Any and all endorsement contracts and/or documents relating to payments to you for personal appearances for the period September 20, 2003 through December 31, 2003.

RESPONSE TO REQUEST NO. 13:   Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:   *See* Insufficiency of Response to Request No. 1.


REQUEST NO. 23:   Any and all documents relating to results for each direct mail and/or advertising campaign by "Saving Judicial Watch," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

RESPONSE TO REQUEST NO. 23:   Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:   *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 24:   The general ledger or check ledger for "Saving Judicial Watch."

RESPONSE TO REQUEST NO. 24:   Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 14

irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above. Subject to and without waiving said objections, to the extent documents exist relating to aggregate information as to Plaintiff's marketing efforts are relevant, such documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

Defendants' request is not vague or ambiguous or overly broad. Nor does it seek information or documents that are irrelevant, burdensome, or harassing. The request seeks the general ledger or check ledger -- both of which are commonly understood terms -- for "Saving Judicial Watch," the entity through which Plaintiff has carried out and continues to carry out a fundraising campaign purportedly to raise money to finance this lawsuit and to restore himself to Defendant Judicial Watch, Inc.'s leadership. Defendant Judicial Watch, Inc. has asserted counterclaims against Plaintiff for trademark infringement, unfair competition, cybersquatting, and breach of the September 19, 2003 severance agreement's non-disparagement clause arising from this fundraising campaign. Not only did Plaintiff infringe Defendant Judicial Watch, Inc.'s federally registered trademarks, but he also made false and disparaging statements in advertisements and in numerous direct mail fundraisings solicitations, as well as on his "saving judicial watch" website. *See* Amended Counterclaims at paras. 36-67, 84-105, 117-120. Defendant Thomas J. Fitton has asserted a counterclaim against Plaintiff for breach of the severance agreement's non-disparagement clause arising from this fundraising campaign as well. *Id.* at paras. 121-124. The general ledger or check ledger for "Saving Judicial Watch" will show expenditures made by Plaintiff in carrying out this fundraising campaign as well as income received as a result of the campaign. Therefore, the request is directly relevant to Defendants' counterclaims.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 15

Moreover, Plaintiff has failed to produce any "responsive" documents, much less any "relevant" documents, and it is improper for Plaintiff to unilaterally arrogate to himself the power to determine what is "relevant" as opposed to what is "responsive" to the request. *Alexander*, 186 F.R.D. at 59 All "responsive" documents, not just all "relevant" documents, must be produced. *Id.*

REQUEST NO. 25: Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Saving Judicial Watch."

RESPONSE TO REQUEST NO. 25: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 24. There is nothing at all vague or ambiguous about a request for bank statements.

REQUEST NO. 26: All tax returns, financial statements, and other financial records regarding "Saving Judicial Watch."

RESPONSE TO REQUEST NO. 26: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 24. There is nothing at all vague or ambiguous about a request for tax returns or financial statements.

REQUEST NO. 27: Any and all documents relating to results for each direct mail and/or advertising campaign by "Freedom Watch, Inc.," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

RESPONSE TO REQUEST NO. 27: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 16

REQUEST NO. 28:    The general ledger or check ledger for "Freedom Watch, Inc."

RESPONSE TO REQUEST NO. 28:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:    *See* Insufficiency of Response to Request No. 1.  The request seeks the

general ledger or check ledger -- both of which are commonly understood terms -- for "Freedom

Watch," an entity through which Plaintiff competed with Defendant Judicial Watch, Inc. in

violation of the non-competition clause in the September 19, 2003 severance agreement.  *See*

Amended Counterclaims at paras. 18, 132-38.  The general ledger or check ledger for "Freedom

Watch" will show expenditures made by Plaintiff in carrying out this fundraising campaign as

well as income received as a result of the campaign.  Therefore, the request is directly relevant to

Defendant Judicial Watch, Inc.'s counterclaim for breach of the non-competition clause.

REQUEST NO. 29:  Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Freedom Watch, Inc."

RESPONSE TO REQUEST NO. 29:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.

INSUFFICIENT:  *See* Insufficiency of Response to Request No. 28.  There is nothing at all

vague or ambiguous about a request for bank statements.

REQUEST NO. 30:   All tax returns, financial statements, and other financial records regarding "Freedom Watch, Inc."

RESPONSE TO REQUEST NO. 30:  Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope and seeks documents that are irrelevant to the subject matter of this litigation, the production of which would be burdensome and harassing and subject to privilege, as enumerated above.