INSUFFICIENT: *See* Insufficiency of Response to Request No. 28. There is nothing at all vague or ambiguous about a request for tax returns or financial statements.

REQUEST NO. 31: Any and all documents relating to the calculation of your damages.

RESPONSE TO REQUEST NO. 31: Any such documents will be produced at a mutually agreeable date, time and place as discovery continues.

INSUFFICIENT: Plaintiff has failed to produce any responsive documents.

REQUEST NO. 32: Any and all documents that demonstrate you have been harmed as a result of the remaining allegations in your Second Amended Complaint.

RESPONSE TO REQUEST NO. 32: Plaintiff objects to this request because it is duplicative of request number three in Defendants' First Request for Production of Documents, and on the grounds stated therein.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1. There is a substantial difference between how a plaintiff claims to have been harmed, which may include a variety of both tangible and intangible factors such as emotional distress, lost business opportunities, loss of reputation, or pain and suffering, and how a plaintiff has calculated damages, which involves a monetary calculation. Moreover, Plaintiff cannot be heard to complain that he responded to this request previously because he has yet to produce documents responsive to Defendants' First Request for Production of Documents. In fact, a motion to compel Plaintiff to respond to Defendants' First Request for Production of Documents is pending. *See* Court Mem. Order of January 16, 2008.

REQUEST NO. 33: An executed original of the attached release authorization for your consumer credit history. (*See* attached authorization).

RESPONSE TO REQUEST NO. 33: Plaintiff objects to this request on the grounds that it seeks documents that are irrelevant to the subject matter of this litigation, the production of which

would be burdensome and harassing and subject to privilege, as enumerated above. No such authorization was attached to this Request.

INSUFFICIENT: See Insufficiency of Response to Request No. 13. Further Defendants' provided a form for such an authorization, which

REQUEST NO. 34: Any and all documents between you and Sandra Cobas that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 34: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrines, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence.

INSUFFICIENT: Again, See Insufficiency of Response to Request No. 1.

> There is nothing vague, ambiguous, or overly broad about requesting documents between Plaintiff and Ms. Cobas, especially where Defendants expressly identified such documents to include correspondence, email, pleadings, notes, and memoranda. Nor is there anything irrelevant about Defendants' request. Not only did Plaintiff reference Ms. Cobas in his pleadings (see Second Amended Complaint at para. 66(G)), but Plaintiff identified Ms. Cobas in his initial disclosures as being an individual likely to have discoverable information Plaintiff may use to support his claims.

See Plaintiff's Initial Disclosures.

REQUEST NO. 35: Any and all documents between you and Genifer Flowers that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 35: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks irrelevant information, the production of which is not calculated to lead to the discovery of admissible evidence.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 36: Any and all documents between you and Stephanie Luck Klayman that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 36: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to scope and seeks irrelevant information the production of which would be burdensome and harassing and subject to marital and other privileges.

INSUFFICIENT: See Insufficiency of Response to Request No. 1 and No. 34. Plaintiff identified Ms. Klayman in his Initial Disclosures.

REQUEST NO. 37: Any and all documents between you and Peter Paul that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 37: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to privilege, as enumerated above.

PLAINTIFF JANUARY 11, 2008 RESPONSE:

Duplicative with Request No. 12.

INSUFFICIENT: See insufficiency of Response to Request No. 1. Please further note no responsive documents have been produced to No. 12 either.

REQUEST NO. 38: Any and all documents between you and Louise Benson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 20

RESPONSE TO REQUEST NO. 38: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks certain irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to other privileges enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1 and No. 34. Plaintiff identified Ms. Benson in his Initial Disclosures.

REQUEST NO. 39: Any and all documents between you and Russ Verney that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 39: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 40: Any and all documents between you and Mike Pendleton that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 40: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 41: Any and all documents between you and Jane Chastain that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 42: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 21

REQUEST NO. 42: Any and all documents between you and John Vincent that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 42: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 43: Any and all documents between you and Connie Ruffley that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 43: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 44: Any and all documents between you and Robert Wolpe that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 44: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 45: Any and all documents between you and Janice Rorup that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 45: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 46: Any and all documents between you and Anonymous (referenced in your Initial Disclosures under No. 13) that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 22

RESPONSE TO REQUEST NO. 46: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 47: Any and all documents between you and Stuart Pechner that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 47: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: Plaintiff has failed to produce any "responsive" documents, much less any "relevant" documents, and it is improper for Plaintiff to unilaterally arrogate to himself the power to determine what is "relevant" as opposed to what is "responsive" to the request. *Alexander*, 186 F.R.D. at 59. All "responsive" documents, not just all "relevant" documents, must be produced. *Id.*

REQUEST NO. 48: Any and all documents between you and Robert Stuber that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 48: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1 and to No. 13. Documents cited are not responsive to this Request. There are no documents between Klayman and Robert Stuber that have been produced.

REQUEST NO. 49: Any and all documents between you and Steve Wilson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 23

RESPONSE TO REQUEST NO. 49: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 50: Any and all documents between you and Geoff Lyons that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 50: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 51: Any and all documents between you and Irene Garcia that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 51: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 52: Any and all documents between you and Robert G. Mills a/k/a Greg Mills that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 52: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: See Insufficiency of Response to Request No. 1.

REQUEST NO. 53: Any and all documents between you and Genevieve Wood that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 53: Any such relevant documents will be produced at a mutually agreeable time, date and place.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 24

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 54: Any and all documents between you and Sterling Norris that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 54: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1.

REQUEST NO. 56: Any and all documents between you and David Barmak, Esquire that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 56: Plaintiff objects to this request on the grounds that it is vague and ambiguous and overly broad as to time and scope, seeks information protected by the attorney-client privilege and work-product doctrine, and seeks certain irrelevant information the production of which is not calculated to lead to the discovery of admissible evidence, and subject to other privileges enumerated above.

INSUFFICIENT: *See* Insufficiency of Response to Request No. 1. Defendants recognize that some of the documents produced, as referenced in the January 11, 2008 correspondence, reflect a portion of the communications Plaintiff had with Mr. Barmak.

REQUEST NO. 57: Any and all documents between you and/or any of your representatives and Defendants and/or any of their representatives that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

RESPONSE TO REQUEST NO. 57: Any such relevant documents will be produced at a mutually agreeable time, date and place.

INSUFFICIENT: *See* Response to No. 57.

REQUEST NO. 60: Any and all documents relating to allegedly false statements made to Judicial Watch employees as set forth in paragraph 154 of your Second Amended Complaint.

Letter to Plaintiff's Counsel, SRPD
February 1, 2008
Page 25

RESPONSE TO REQUEST NO. 60: Any such documents will be produced at a mutually agreeable time, date and place. Such documents are in the custody, possession and control of the defendants.

INSUFFICIENT: Plaintiff has failed to designate if any of the documents produced to date address this Request.

We look for forward to your production of documents in response to our Supplemental Requests by Monday February 4, 2008 and your anticipated cooperation, and as always, the avoidance of any unnecessary motion practice.

                Sincerely,

                DRISCOLL & SELTZER, PLLC

                By: _____
                    Juli Z. Haller Simonyi

cc:    Paul Orfanedes, Esq.