IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LARRY KLAYMAN, et al.,**

   Plaintiffs,

   v.

**JUDICIAL WATCH, INC., et al.,**

   Defendants.

Civil Action No. 1:06-CV-00670
Judge Kolar - Kolelly
Magistrate Judge Kay

**PLAINTIFF, LARRY KLAYMAN'S, REPLY TO THE DEFENDANTS' RESPONSE TO MAGISTRATE JUDGE'S MEMORANDUM ORDER OF JANUARY 8, 2008 CONCERNING THIRD PARTY SUBPOENAS**

1. Defendants try to create the incorrect impression that it is Plaintiff who has tried to slow discovery, when in fact the contrary is true. Indeed, it was Defendants motion for a protective order, which even attempted to deny Plaintiff the due process right to review discovery material, which slowed the discovery process for many months. Importantly, while this motion was pending Defendants did not even move to stay discovery, thus violating the time provisions of the Federal Rules of Civil Procedure. And, when the Court ruled on Defendants motion, again they did not produce all responsive documents, most of which remain outstanding even at this late date – necessitating an upcoming motion to compel and for sanctions. To add insult to injury, despite Plaintiff having proposed a deposition schedule, Defendants have failed to do so thus far. In any event, this is not the issue before this court.

2. What is at issue is that, however well intentioned, and Plaintiff has a great deal of respect for the Magistrate Judge, his Order errs in that it does not address the specific arguments raised in the briefs filed by Plaintiff, but appears to simply order, in an omnibus fashion, the production of all requested documents, no matter how irrelevant or overly broad. In doing so, he appears to rely on the protective order, taking the apparent position that because a protective order is in place no harm can come from in effect disgorging all of the third party deponents files, whatever the time, expense or lack of legal necessity. Moreover, the Magistrate Judge's Order utterly fails to address the objections of one of the deponents; at least, American Target Advertising and its now defunct sister company Chester List Consultants.

3. This "short cut" in ordering document production is error and Plaintiff simply asked this court to review the detailed and specific arguments raised in his initial briefs before ordering such vast, unnecessary and burdensome document production for which Plaintiff and the deponents will have to spend considerable time sorting out privileges, given Plaintiff's proprietary rights over many of the documents.

4. In sum, Plaintiff does not desire to slow discovery; to the contrary it is Plaintiff who seeks timely redress given the harm and damage which Defendants, much more affluent persons and entities, have inflicted upon not only him, but also Judicial Watch donors and supporters.

WHEREFORE, Plaintiff respectfully requests that the Magistrate Judge's Order be reviewed and his objections sustained in pertinent part, as set forth in specificity in the underlying briefs, which Plaintiff's objections incorporate by reference.

    Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

Daniel J. Dugan, Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street 7th Floor
Philadelphia, PA 19103
Tel: 215-241-8872
Fax: 215.241.8844

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February 2008, a true copy of the foregoing Reply to Defendants' Response was served via electronic means to:

    Richard W. Driscoll, Esquire
    Driscoll & Seltzer, PLLC
    600 Cameron Street
    Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548