IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 (CCK) |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S MEMORANDUM ORDER OF JANUARY 16, 2008
COMEPELLING ANSWERS TO INTERROGATORIES
AND PRODUCTION OF DOCUMENTS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, and Christopher J. Farrell (collectively "Judicial Watch"), by counsel and pursuant to Rule 72 of the Federal Rules of Civil Procedure and LCvR 72.2, respectfully submit this Opposition to Plaintiff's Objections to Magistrate Judge's Memorandum Order of January 16, 2008 ("Order") compelling Plaintiff to answer Interrogatories and produce documents. As grounds, Defendants state as follows:

**MEMORANDUM OF LAW**

**I.   Introduction**

On January 16, 2008, Magistrate Judge Alan Kay issued a comprehensive and detailed twenty-four page Order compelling Plaintiff Larry Klayman ("Klayman") to answer fourteen (14) Interrogatories and produce documents responsive to twenty-one (21) Requests for Production of Documents. The Order outlines a specific factual and legal basis for granting the Motions to Compel as to each of the Interrogatories and Requests. *See* Order at 7 – 22. In particular, Magistrate Kay commented on Klayman's obstructive discovery tactics as follows:

> After reviewing Defendants' interrogatories and document requests and Klayman's responses thereto, it is clear to the Court that Klayman is attempting to stonewall Defendants and otherwise subvert the purposes of discovery by providing patently evasive answers, asserting boilerplate objections, and unilaterally making determinations of relevance. This behavior is without question unacceptable, but the Court is willing to provide Klayman and his counsel with one more opportunity to conduct discovery in a professional and efficient manner.

*See* Order at 23.

Notwithstanding the admonishing words in the Magistrate's Order, Klayman continues his obstreperous tactics by filing objections that do not even address the applicable legal standards. This Court should overrule the Objections and award sanctions to the Defendants.

## II.   Factual Background

On June 13, 2007, Defendant Judicial Watch served its first set of Interrogatories and all Defendants served Requests for Production of Documents on Plaintiff Klayman. Klayman provided untimely discovery responses on July 23, 2007.[1] Following receipt of Klayman's discovery responses, Defendants forwarded a letter, dated October 30, 2007, outlining the deficiencies. Supplemental Answers to Interrogatories were provided on November 9, 2007, which still did not provide adequate responses. Again, on November 13, 2007, Defendants provided an additional letter to Plaintiff in an effort to confer regarding the deficiencies and complete lack of production. Further efforts on the part of the Plaintiff did not materialize and Defendants were forced to compel responses.

---

[1]  Plaintiff's Opposition to the Motion to Compel Interrogatories represents that Plaintiff's counsel informally requested an extension by telephone on or about July 13, 2007, and that this telephone call was not returned. This statement is false. What actually occurred is that Klayman's counsel sent an email on July 18, 2007 indicating that they had intended to request an extension previously, but due to vacation schedules no one had done so. Defendant's counsel then requested a three week extension to respond. On July 19, 2007, Defendants' counsel informed Mr. Dugan that the Defendants declined to grant an extension and requested that the discovery responses be served immediately. *See* Exhibit 1.

Magistrate Kay issued his twenty-four page Memorandum Order on January 16, 2008, granting Defendants' Motions to Compel in whole. Plaintiff now appeals to reargue his positions without providing any additional facts or law.

### III. Argument

#### A. Legal Standard Governing Objections to Magistrate Orders

In the context of filing "objections" to a Magistrate's order, LCvR 72.2(c) permits the Court to modify or set aside any portion of the order "found to be clearly erroneous or contrary to law". This Court set forth the standard governing such motions in *Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp.2d 1 (D.D.C. 2006), in which it denied a motion for reconsideration[2] of a discovery ruling made by Magistrate Kay:

> Local Civil Rule 72.2(b) states that "[a]ny party may request the judge to reconsider a magistrate judge's ruling under paragraph (a) by filing a motion to reconsider within 10 days[.]" Local Civil Rule 72.2(c) sets forth the basis for reconsideration, stating that "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") (emphasis original). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001).
>
> Furthermore, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *United States v. Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Nor is it "a vehicle for

---

2   Prior to the amendment of LCvR 72.2, objection to a magistrate's rulings was pursued through a motion to reconsider. The process is now requires the aggrieved party to file objections. However, the legal standard is unchanged.

> presenting theories or arguments that could have been presented earlier," *id*. at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Prot. Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989). Indeed, "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

*Globalaw Ltd.*, 452 F. Supp.2d at 59-60.

Local Rule 72.2 also requires that a movant "shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." LCvR 72.2(b). Plaintiff's objections, which consist of three short paragraphs, are void of any substantive basis to reverse Magistrate Kay's January 16, 2008, Order. Plaintiff largely incorporates his earlier, unsuccessful opposition, without specifying any basis for error. Accordingly, Plaintiffs Objections fail to advance any grounds to overrule the Order and must be rejected. Indeed, they are nothing more that another effort by the Plaintiff to delay this litigation.

### B. Plaintiff's "Objections" are Meritless

Ignoring the standard for filing objectives, Klayman first adopts each of the arguments advanced in his Memorandum in Opposition to Motions to Compel. Objections at ¶ 1. These arguments are advanced without any further comment on the Magistrate's Order. This Court has firmly instructed that the filing of objections is not just another opportunity to reargue. *Globalaw Ltd.*, 452 F. Supp.2d at 59-60. The party filing objections must demonstrate that clear error was made. *Id*. Klayman's incorporation of prior arguments fails entirely to meet this standard and must be rejected.

Klayman also raises two substantive objections. First, Klayman contends that the Order is in error to the extent that it holds Plaintiff waived privilege objections by failing to produce a privilege log. Plaintiff's Objections, ¶ 2. Second, Plaintiff objects to the Order to the extent that

4

his relevancy objections were overruled. Each of these objections lack merit because they do not give rise to a "definite and firm conviction that a mistake has been committed." *Globalaw Ltd.*, 452 F. Supp.2d at 59.

### 1. Klayman failed to demonstrate that he was entitled to interpose a privilege objection

The obligation to produce a privilege log is imposed by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. Once provided, a privilege log enables the opposing party, and if necessary, the Court, to evaluate the invocation of privilege. This purpose was explained by the U.S. District Court for the District of Connecticut as follows:

> The purpose of preparing the privilege log is to assist the court and the parties in performing the careful analysis that a privilege or immunities evaluation demands. An invocation of a claim of privilege without producing an accompanying privilege log can be an unfair discovery tactic that increases delay in the resolution of lawsuits, fosters excessive motion practice, increases the costs of litigation, and greatly increases the work of the court.

*Horace Mann Ins. Co. v. Nationwide Mutual Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007).

Simply stated, Klayman has never presented any evidence to the Court to justify his claims of privilege, much less any evidence establishing that any privileges apply. Plaintiff first invoked privilege in his untimely Answers to Interrogatories and Responses to Requests for Production of Documents on July 23, 2007. At that time, no privilege log was provided. Consistent with other dilatory discovery practices, Klayman has now delayed production of a privilege log for six months. When Klayman produced a portion of responsive documents in December 2007, no privilege log was provided. In response to at least two letters outlining deficiencies in Plaintiff's production, Klayman continued to delay production of a privilege log. Indeed, Klayman did not even provide a privilege log for Magistrate Kay to consider in response to Defendants' motions to compel.

When Magistrate Kay issued the January 16, 2008, Order, there was no information before the Court on which to base the existence of a privilege. Despite numerous opportunities to do so, Plaintiff utterly failed to meet his burden of proof. See Order at 20 (stating that "Klayman has not produced a privilege log or otherwise met his burden of establishing that these privileges apply"). Even now, Plaintiff continues to delay and states that he will not produce a privilege log until February 20, 2008. Not only did Plaintiff fail to take his "best shot," he failed to take any shot at all. As such, the Court rendered the only opinion that it could. Having no one to blame but himself, Klayman now objects to the ruling and seeks another opportunity to reargue his case. In essence, Klayman seeks a *de novo* opportunity. This approach is precisely what the Court instructed counsel not to do. *Globalaw Ltd.*, 452 F. Supp.2d at 59-60. Therefore, this Court has no alternative but to reject Klayman's unsupported claim.

    **2.    Klayman failed to demonstrate that he was entitled to interpose a relevance objection**

Under Rule 26(b)(1), a party may obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party". Further, discoverable information is not required to be admissible at trial. Rule 26(b)(1). If information appears relevant, "the party resisting disclosure bears the burden of 'demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Moore v. Chertoff*, Civil Action No. 00-953, 2006 U.S. Dist. LEXIS 31391, at *2 (D.D.C. May 22, 2006) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470-71 (N.D. Tex. 2005).

After perusal of Klayman's objection to the overruling of his relevance objections, it is patently clear that no effort was made to demonstrate that Defendants' discovery requests were

not relevant. On the contrary, Klayman once again ignores the cautionary instructions from this Court and merely reargues his earlier position by adopting the underlying filings. Accordingly, Klayman has not demonstrated any clear error on the part of Magistrate Kay and the Order should be affirmed.

## IV.   Conclusion and Request for Sanctions

Plaintiff Klayman's Objections lack any merit. Instead, Klayman merely attempts to reargue earlier objections without demonstrating any error of law by the Court. Defendants submit that this effort is merely one more attempt at gamesmanship by the Plaintiff as he delays Defendants' legitimate efforts to discover the basis of his litigation. In light of this conduct, Defendants request that the Court revisit the issue of sanctions and award Defendants their costs in responding to these baseless objections. Accordingly, Klayman's Objections should be rejected in whole and Defendants should be awarded their costs.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: February 11, 2008