**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
_____

| | | |
|---|---|---|
| Larry Klayman, *et al.* | : | |
| *Plaintiffs,* | : | |
| | : | Civil Action No. 1:06-CV-00670 |
| v. | : | Honorable Colleen Kollar-Kotelly |
| | : | |
| Judicial Watch, Inc., *et al.* | : | |
| *Defendants.* | : | |
| | : | **Jury Trial Demanded.** |

**PLAINTIFF'S RESPONSES TO DEFENDANTS'
REQUESTS FOR ADMISSION TO PLAINTIFF**

Pursuant to Fed.R Civ.P. 34, Plaintiff, Larry Klayman responds to Defendants' Request

for Admission as follows:

REQUEST NO. 1:    Admit that the document attached to the Amended Counterclaim as
Exhibit 1A D is a true and accurate copy of the Severance Agreement.

**Response:**

**Admitted.**

REQUEST NO. 2:    Admit that during negotiation of the Severance Agreement, you
were represented by counsel.

**Response:**

**Admitted.**

417983-1

REQUEST NO. 3:     Admit that during negotiation of the Severance Agreement, you were represented by the attorney David Durbin, Esquire.

**Response:**

Admitted.

REQUEST NO. 4:     Admit that during negotiation of the Severance Agreement, you were represented by the attorney Hebert Beller, Esquire.

**Response:**

**Admitted.**

REQUEST NO. 5:     Admit that on or before September 19, 2003, you signed the Severance Agreement with Judicial Watch.

**Response:**

**Denied. The Severance Agreement was signed and entered into on September 19, 2003.**

REQUEST NO. 6:     Admit that during 2002 and the majority of 2003, your wife was Stephanie Luck Klayman (hereafter referred to as "Mrs. Klayman").

**Response:**

**Objection on the basis of relevancy. Otherwise, denied. I was divorced on June 23 2003. I was married to Ms. Luck (Klayman) during 2002.**

2

REQUEST NO. 7:     Admit that Mrs. Klayman was not employed by Judicial Watch after September 2002 through September 19, 2003.

**Response:**

**Denied, as Plaintiff does not have access to the relevant employment records.**

REQUEST NO. 8:     Admit that Mrs. Klayman did not purchase health insurance coverage as an employee under Judicial Watch's health insurance policy after September 2002.

**Response: Denied, as Plaintiff does not have access to the relevant employment**

**records.**

REQUEST NO. 9:     Admit that after September 2002, your family was insured for health insurance coverage under the Judicial Watch health insurance policy.

**Response: Admitted. At all material times to the Amended Complaint, Plaintiff**

**carried family health insurance coverage.**

REQUEST NO. 10:     Admit that after September 2002, your family's health insurance for health insurance coverage under the Judicial Watch health insurance policy was provided with you as the named employee.

3

**Response:  Objection. Plaintiff does not have access to the relevant employment records. In any event, this request is irrelevant, as at all material times Plaintiff and his family, including his children, Isabelle and Lance Klayman, were to be insured by Judicial Watch.**

REQUEST NO. 11:    Admit that after September 2002, no premium was deducted from your payroll for the cost of providing health insurance for your family under the Judicial Watch health insurance policy.

**Response: Denied, since at all material times to the Amended Complaint premiums were deducted or to be deducted for family coverage for Plaintiff and his family.**

REQUEST NO. 12:    Admit that from at least September 2002 through September 19, 2003, you were the Treasurer for Judicial Watch.

**Response: Admitted that at all material times Plaintiff was the Chairman, Treasurer and General Counsel for Judicial Watch, but Plaintiff  does not at this time have access to records that would allow him to pinpoint the September 2002 date set forth above.**

REQUEST NO. 13:    Admit that from at least September 2002 through September 19, 2003, you were the General Counsel for Judicial Watch.

**Response: See response to Request 12.**

REQUEST NO. 14:    Admit that from at least September 2002 through September 19, 2003, you were a member of the Board of Directors for Judicial Watch.

**Response:  See response to Request 13. Otherwise admitted.**

REQUEST NO. 15:    Admit that at least September 2002 through September 19, 2003, the issue of payment for your family's health insurance coverage under the Judicial Watch health insurance policy was not discussed before the Board of Directors for Judicial Watch.

**Response: Denied.**

REQUEST NO. 16:    Admit that after November 20, 2003, you were sent at least 40 itemized invoices from Judicial Watch.

**Response:  Denied, as these were not invoices, but fraudulent documents manufactured after the fact.**

REQUEST NO. 17:    Admit that after November 20, 2003, you were sent at least 48 itemized invoices from Judicial Watch.

**Response: Denied,  as these were not invoices, but fraudulent documents manufactured after the fact.**

REQUEST NO. 18:    Admit that the itemized invoices, which were sent to you by Judicial Watch after November 20, 2003, identified personal costs and expenses.

**Response:  Denied. See responses to Requests 16 and 17.**

417983-1

REQUEST NO. 19:    Admit that Paragraph 10 of the Severance Agreement is a valid and enforceable provision.

**Response: Denied, since Defendants breached the Severance Agreement and as to them is not enforceable against Plaintiff.**

REQUEST NO. 20:    Admit that after September 19, 2003, K & A has only repaid Judicial Watch in the amount of $4,572.68.

**Response:  Denied.**

REQUEST NO. 21:    Admit that Paragraph 11(A) of the Severance Agreement is a valid and enforceable provision.

**Response:  Denied. See response to Request 19.**

REQUEST NO. 22:    Admit that pursuant to Paragraph 11(A) of the Severance Agreement, you agreed that as of December 31, 2002, K & A's debt to Judicial Watch was $78,810.

**Response:    Denied, as the Severance Agreement speaks for itself and monies , damages, and offsets remain due and owing by Judicial Watch and its current directors and officers to Plaintiff.**

REQUEST NO. 23:    Admit that pursuant to Paragraph 11(A) of the Severance Agreement, Judicial Watch was not indebted to K & A as of September 19, 2003.

**Response: Denied.**

REQUEST NO. 24:    Admit that on or about May 10, 2004, Judicial Watch notified you that the K & A debt was $134,119.

**Response: Denied, as the amount of the claimed debt is contrived, false  and fraudulent.**

REQUEST NO. 25:    Admit that pursuant to Paragraph 11(A) of the Severance Agreement, K & A agreed to repay its full outstanding balance to Judicial Watch without offset or deduction, together with accrued interest 8% per annum on or before May 15, 2004.

**Response: Denied, as the Severance Agreement speaks for itself and due to Defendants' breaches is unenforceable against Plaintiff in any event.**

REQUEST NO. 26:    Admit that pursuant to Paragraph 11(A) of the Severance Agreement, you agreed to repay K & A's full outstanding debt to Judicial Watch without offset or deduction, together with accrued interest 8% per annum on or before May 15, 2004.

**Response: Denied, as the Severance Agreement speaks for itself and due to Defendants' breaches is unenforceable against Plaintiff in any event.**

417983-1

REQUEST NO. 27:    Admit that pursuant to Paragraph 19(B) of the Severance Agreement, you agreed to indemnify Judicial Watch for K & A's breach of its obligations under the Severance Agreement.

**Response: Denied, as the Severance Agreement speaks for itself and due to**

**Defendants' breaches is unenforceable against Plaintiff in any event.**

REQUEST NO. 28:    Admit that pursuant to Paragraph 19(B) of the Severance Agreement, you agreed to indemnify Judicial Watch for any and all liabilities of any and every kind that arise from your breach of the Severance Agreement.

**Response:**  Denied, as the Severance Agreement speaks for itself and due to Defendants'

breaches is unenforceable against Plaintiff in any event.

REQUEST NO. 29:    Admit that Judicial Watch is the owner of the trademark "JUDICIAL WATCH".

**Response: Denied.**

REQUEST NO. 30:    Admit that Judicial Watch is the owner of the trademark "BECAUSE NO ONE IS ABOVE THE LAW".

**Response: Denied.**

REQUEST NO. 31:    Admit that Judicial Watch is the owner of Federal Registration No. 2896707 for the trademark "JUDICIAL WATCH WASHINGTON D.C."

**Response: Denied, as Plaintiff is without information  in this regard.**

REQUEST NO. 32:    Admit that Judicial Watch is the owner of Federal Registration No. 2892714 for the trademark "JUDICIAL WATCH WASHINGTON D.C."

**Response:  Denied, as Plaintiff is without information in this regard.**

REQUEST NO. 33:    Admit that Judicial Watch is the owner of Federal Registration No. 2819145 for the trademark "JUDICIAL WATCH".

**Response: Denied, as Plaintiff is without information in this regard.**

REQUEST NO. 34:    Admit that Judicial Watch is the owner of Federal Registration No. 2797234 for the trademark "BECAUSE NO ONE IS ABOVE THE LAW!"

**Response:**  Denied, as Plaintiff is without information in this regard and the claimed

trademark is invalid and unenforceable in any event.

REQUEST NO. 35:    Admit that Judicial Watch is the owner of Federal Registration No. 2857425 for the trademark "BECAUSE NO ONE IS ABOVE THE LAW!"

**Response: Denied, as Plaintiff is without information in this regard and the claimed**

**trademark is invalid and unenforceable in any event.**

REQUEST NO. 36:    Admit that applications for the trademarks identified in Request Nos. 31 through 33 were filed with the U.S. Patent and Trademark Office while you held the positions of Chairman and General Counsel for Judicial Watch.

**Response: Denied, as the applications speak for themselves.**

REQUEST NO. 37:    Admit that applications for the trademarks identified in Request Nos. 34 and 35 were filed with the U.S. Patent and Trademark Office while you held the positions of Chairman and General Counsel for Judicial Watch.

417983-1

**Response: Denied, as the applications speak for themselves.**

REQUEST NO. 38:    Admit that you authorized a copy of your signature to be placed on page 8 of Exhibit 1B to the Amended Counterclaim.

**Response: Denied.**

REQUEST NO. 39:    Admit that you assisted in drafting Exhibit 1B to the Amended Counterclaim.

**Response:  Admitted, except that I never authorized the use of the phrase "Because No  One Is Above the Law" in this or any other publication or direct mailing.**

REQUEST NO. 40:    Admit that you drafted Exhibit 1B to the Amended Counterclaim.

**Response:** Admitted in part and denied in part, as set forth above.

REQUEST NO. 41:    Admit that you caused copies of Exhibit 1B to the Amended Counterclaim to be placed in the U.S. Mail.

**Response:** Denied, insofar as the direct  mail piece varied from what I had authorized.

REQUEST NO. 42:    Admit that contributions in response to Exhibit 1B to the Amended Counterclaim were sent to "Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567".

10

**Response:** Admitted insofar as this was the return address.

REQUEST NO. 43:    Admit that Exhibit 1B to the Amended Counterclaim represents a true and accurate copy of a May 9, 2006 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response: Denied. The letter was sent to Larry Klayman dba Saving Judicial Watch and varied from what I had authorized, as stated above.**

REQUEST NO. 44:    Admit that you authorized a copy of your signature to be placed on page 2 of Exhibit 1C to the Amended Counterclaim

**Response:**  Admitted.

REQUEST NO. 45:    Admit that you authorized a copy of your signature to be placed on page 10 of Exhibit 1C to the Amended Counterclaim.

**Response:**  Denied as I did not authorize the content or mailing of  this letter insofar as it uses the terms "Because No One Is Above the Law".

REQUEST NO. 46:    Admit that you assisted in drafting Exhibit 1C to the Amended Counterclaim.

**Response:** Admitted in part, except as stated in response to Request 45.

REQUEST NO. 47:    Admit that you drafted Exhibit 1C to the Amended Counterclaim.

**Response:** Admitted, except as stated in response to Request 45.

11

REQUEST NO. 48:    Admit that you caused copies of Exhibit 1C to the Amended Counterclaim to be placed in the U.S. Mail.

**Response:** Denied, as I did not authorize the content of this letter, as stated above.

REQUEST NO. 49:    Admit that Exhibit 1C to the Amended Counterclaim represents a true and accurate copy of a June 16, 2006 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response:** Denied. The letter was sent as Larry Klayman dba Saving Judicial Watch. See also response to Request 45.

REQUEST NO. 50:    Admit that you authorized a copy of your signature to be placed on page 8 of Exhibit 1D to the Amended Counterclaim.

**Response:** Admitted.

REQUEST NO. 51:    Admit that you assisted in drafting Exhibit 1D to the Amended Counterclaim.

**Response:** Admitted.

REQUEST NO. 52:    Admit that you drafted Exhibit 1D to the Amended Counterclaim.

**Response:** Admitted in part.

417983-1

REQUEST NO. 53:    Admit that you caused copies of Exhibit 1D to the Amended Counterclaim represents to be placed in the U.S. Mail.

**Response:** Admitted.

REQUEST NO. 54:    Admit that Exhibit 1D to the Amended Counterclaim represents a true and accurate copy of a November 20, 2006 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response:** Denied, as the letter was sent as Larry Klayman dba Saving Judicial Watch.

REQUEST NO. 55:    Admit that contributions in response to Exhibit 1D to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567.

**Response: Admitted that the address is correct where gifts were to be sent.**

REQUEST NO. 56:    Admit that Exhibit 1E to the Amended Counterclaim represents a true and accurate copy of an advertisement you caused to be placed in the December 11, 2006 edition of the Washington Times National Weekly Edition.

**Response: Admitted.**

REQUEST NO. 57:    Admit that you authorized a copy of your signature to be placed on page 4 of Exhibit 1F to the Amended Counterclaim.

**Response:** Admitted.

REQUEST NO. 58:    Admit that you assisted in drafting Exhibit 1F to the Amended Counterclaim.

**Response: Admitted.**

REQUEST NO. 59:    Admit that you drafted Exhibit 1F to the Amended Counterclaim.

**Response:  Admitted in part.**

REQUEST NO. 60:    Admit that you caused copies of Exhibit 1F to the Amended Counterclaim to be placed in the U.S. Mail.

**Response:  Admitted.**

REQUEST NO. 61:    Admit that Exhibit 1F to the Amended Counterclaim represents a true and accurate copy of a January 2, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response: Denied. The letter was sent as Larry Klayman dba Saving Judicial Watch.**

REQUEST NO. 62:    Admit that contributions in response to Exhibit 1F to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131568, Houston, TX  77219-1567.

**Response: Admitted insofar as the address is correct where gifts were to be sent.**

REQUEST NO. 63:    Admit that contributions in response to Exhibit 1G to the Amended Counterclaim were sent to "Larry Klayman d/b/a Saving Judicial Watch, Dept. Code HE122, 1201 Pennsylvania Avenue, Suite 300, Washington, DC  20004".

14

**Response: Admitted insofar as this was the return address on the advertisement.**

REQUEST NO. 64:    Admit that you authorized a copy of your signature to be placed on page 8 of Exhibit 1H to the Amended Counterclaim.

**Response: Admitted.**

REQUEST NO. 65:    Admit that you assisted in drafting Exhibit 1H to the Amended Counterclaim.

**Response: Admitted.**

REQUEST NO. 66:    Admit that you drafted Exhibit 1H to the Amended Counterclaim.

**Response: Admitted in part.**

REQUEST NO. 67:    Admit that you caused copies of all or a portion of Exhibit 1H to the Amended Counterclaim to be placed in the U.S. Mail.

**Response: Admitted.**

REQUEST NO. 68:    Admit that you caused copies of all or a portion of Exhibit 1H to the Amended Counterclaim to be electronically transmitted over the internet from listupdate@ru-lists.com.

**Response: Denied.**

REQUEST NO. 69:    Admit that Exhibit 1H to the Amended Counterclaim represents a true and accurate copy of a January 2, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response: Denied, as the letter was sent as Larry Klayman dba Saving Judicial Watch.**

REQUEST NO. 70:    Admit that contributions in response to Exhibit 1H to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567.

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 71:    Admit that Exhibit 1I to the Amended Counterclaim represents a true and accurate copy of an advertisement you caused to be placed in the January 29, 2007 edition of Human Events.

**Response: Admitted.**

REQUEST NO. 72:    Admit that contributions in response to Exhibit 1G to the Amended Counterclaim were sent to "Larry Klayman d/b/a Saving Judicial Watch, Dept. Code HE129, 1201 Pennsylvania Avenue, Suite 300, Washington, DC  20004".

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 73:    Admit that you assisted in drafting Exhibit 1J to the Amended Counterclaim.

**Response: Admitted.**

REQUEST NO. 74:    Admit that you drafted Exhibit 1J to the Amended Counterclaim.

**Response: Admitted in part.**

16

REQUEST NO. 75:   Admit that you caused copies of Exhibit 1J to the Amended Counterclaim to be electronically transmitted over the internet from listupdate@ru-lists.com.

**Response: Denied.**

REQUEST NO. 76:   Admit that Exhibit 1J to the Amended Counterclaim represents a true and accurate copy of a January 30, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response: Denied. The letter was sent as Larry Klayman dba Saving Judicial Watch and contains writings not part of the communication.**

REQUEST NO. 77:   Admit that contributions in response to Exhibit 1J to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567.

**Response:** Admitted insofar as this was the return address.

REQUEST NO. 78:   Admit that you authorized a copy of your signature to be placed on page 4 of Exhibit 1K to the Amended Counterclaim.

**Response:      Admitted.**

REQUEST NO. 79:   Admit that you assisted in drafting Exhibit 1K to the Amended Counterclaim.

**Response:      Admitted.**

REQUEST NO. 80:   Admit that you drafted Exhibit 1K to the Amended Counterclaim.

**Response:      Admitted in part.**

17

REQUEST NO. 81:    Admit that you caused copies of all or a portion of Exhibit 1K to the Amended Counterclaim to be placed in the U.S. Mail.

**Response: Admitted.**

REQUEST NO. 82:    Admit that Exhibit 1K to the Amended Counterclaim represents a true and accurate copy of a February 7, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response: Denied. The letter was sent as Larry Klayman dba Saving Judicial Watch.**

REQUEST NO. 83:    Admit that contributions in response to Exhibit 1K to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567.

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 84:    Admit that you authorized a copy of your signature to be placed on page 4 of Exhibit 1L to the Amended Counterclaim.

**Response: Admitted.**

REQUEST NO. 85:    Admit that you assisted in drafting Exhibit 1L to the Amended Counterclaim.

**Response:     Admitted.**

REQUEST NO. 86:    Admit that you drafted Exhibit 1L to the Amended Counterclaim.

**Response: Admitted in part.**

REQUEST NO. 87:    Admit that you caused copies of all or a portion of Exhibit 1L to the Amended Counterclaim to be placed in the U.S. Mail.

**Response: Admitted.**

REQUEST NO. 88:    Admit that Exhibit 1L to the Amended Counterclaim represents a true and accurate copy of a February 9, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response:**    Denied. The letter was sent as Larry Klayman dba Saving Judicial Watch.

REQUEST NO. 89:    Admit that contributions in response to Exhibit 1L to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567.

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 90:    Admit that Exhibit 1M to the Amended Counterclaim represents a true and accurate copy of an advertisement you caused to be placed in the March 5, 2007 edition of the Washington Times National Weekly Edition.

**Response: Admitted.**

REQUEST NO. 91:    Admit that contributions in response to Exhibit 1M to the Amended Counterclaim were sent to "Larry Klayman d/b/a Saving Judicial Watch, Dept. Code WT301, 1201 Pennsylvania Avenue, Suite 300, Washington, DC  20004".

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 92:    Admit that Exhibit 1N to the Amended Counterclaim represents a true and accurate copy of an advertisement you caused to be placed in April 23, 2007 edition of The Washington Times National Weekly Edition.

**Response: Admitted.**


REQUEST NO. 93:    Admit that contributions in response to Exhibit 1N to the Amended Counterclaim were sent to "Larry Klayman d/b/a Saving Judicial Watch, Dept. Code WT423, 1201 Pennsylvania Avenue, Suite 300, Washington, DC  20004".

**Response: Admitted insofar as this was the return address.**


REQUEST NO. 94:    Admit that you authorized a copy of your signature to be placed on page 4 of Exhibit 1O to the Amended Counterclaim.

**Response: Admitted.**


REQUEST NO. 95:    Admit that you assisted in drafting Exhibit 1O to the Amended Counterclaim.

**Response: Admitted.**


REQUEST NO. 96:    Admit that you drafted Exhibit 1O to the Amended Counterclaim.

**Response: Admitted in part.**

REQUEST NO. 97:    Admit that you caused copies of all or a portion of Exhibit 1O to the Amended Counterclaim to be placed in the U.S. Mail.

**Response:     Admitted.**

REQUEST NO. 98:    Admit that Exhibit 1O to the Amended Counterclaim represents a true and accurate copy of any April 30, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response: Denied. The letter was sent as Larry Klayman dba Saving Judicial Watch.**

REQUEST NO. 99:    Admit that contributions in response to Exhibit 1O to the Amended Counterclaim were sent to Saving Judicial Watch, P.O. Box 131567, Houston, TX  77219-1567.

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 100:    Admit that you assisted in drafting the original message contained in Exhibit 1P to the Amended Counterclaim.

**Response: Admitted.**

REQUEST NO. 101:    Admit that you drafted the original message contained in Exhibit 1P to the Amended Counterclaim.

**Response: Admitted in part.**

REQUEST NO. 102:    Admit that you caused copies of the original message contained in Exhibit 1P to the Amended Counterclaim to be electronically transmitted over the internet from listupdate@ru-lists.com.

**Response:Denied.**

REQUEST NO. 103:    Admit that the original message contained in Exhibit 1P to the Amended Counterclaim represents a true and accurate copy of a May 7, 2007 solicitation sent by you on behalf of yourself and "Saving Judicial Watch".

**Response:  Denied.**

REQUEST NO. 104:    Admit that contributions in response to the original message contained in Exhibit 1P to the Amended Counterclaim were sent "Larry Klayman d/b/a Saving Judicial Watch, Dept. Code CNP, 1201 Pennsylvania Avenue, Suite 300, Washington, DC 20004".

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 105:    Admit that contributions in response to the original message contained in Exhibit 1P to the Amended Counterclaim were made over the internet at http//www.savingjudicialwatch.com.

**Response: Denied.**

REQUEST NO. 106:    Admit that Exhibit 1Q to the Amended Counterclaim represents a true and accurate copy of an advertisement you caused to be placed in the May 14, 2007 edition of The Washington Times National Weekly Edition.

**Response: Admitted.**

417983-1

REQUEST NO. 107:    Admit that contributions in response to Exhibit 1Q to the Amended Counterclaim were sent to "Larry Klayman d/b/a Saving Judicial Watch, Dept. Code WT514, 1201 Pennsylvania Avenue, Suite 300, Washington, DC  20004".

**Response: Admitted insofar as this was the return address.**

REQUEST NO. 108:    Admit that the scope of Paragraph 17 of the Severance Agreement includes Judicial Watch's present directors, officers and employees.

**Response: Denied, as the Severance Agreement speaks for itself.**

REQUEST NO. 109:    Admit that on or about April 13, 2006, you issued a press release, which published comments regarding Thomas J. Fitton and Judicial Watch.

**Response: Denied as Plaintiff does not have a copy of any alleged press release.**

REQUEST NO. 110:    Admit that on or about April 13, 2006, you issued a press release, which published comments regarding Thomas J. Fitton and Judicial Watch.

**Response: Denied as Plaintiff does not have a copy of any alleged press release.**

REQUEST NO. 111:    Admit that the website hosted on the World Wide Web at www.savingjudicialwatch.com is registered to Domains by Proxy, Inc.

**Response:      Admitted.**

417983-1

REQUEST NO. 112:    Admit that the website hosted on the World Wide Web at www.savingjudicialwatch.com is controlled by you through Domains by Proxy, Inc.

**Response: Admitted insofar as it is for the benefit of Larry Klayman dba Saving Judicial Watch.**

REQUEST NO. 113:    Admit that your use of Domains by Proxy, Inc. to control the website www.savingjudicialwatch.com is to shield your identity and contact information.

**Response: Denied.**

REQUEST NO. 114:    Admit that you control the content of the website www.savingjudicialwatch.com.

**Response: Admitted insofar as the website is for the benefit of Larry Klayman dba Saving Judicial Watch.**

REQUEST NO. 115:    Admit that following your Separation Date from Judicial Watch, you accessed Judicial Watch's donor lists for your "Friends of Larry Klayman" campaign.

**Response: Denied.**

REQUEST NO. 116:    Admit that on or about June 3, 2004, you issued a press release regarding the United Nation's "Oil for Food" program on "behalf of the American public".

**Response: Denied as Plaintiff is unable to confirm this at this time.**

REQUEST NO. 117:    Admit that you filed a lawsuit in the United States District Court for the Southern District of Florida concerning the United Nation's "Oil for Food" program.

**Response: Denied, as the lawsuit was a simple Freedom of Information Act case.**

REQUEST NO. 118:  Admit that the press release issued on or about June 3, 2004, was about the lawsuit in the United States District Court for the Southern District of Florida regarding the United Nation's "Oil for Food" program.

**Response: Denied as Plaintiff is unable to confirm this at this time.**

REQUEST NO. 119:    Admit that during 2004 you were retained by an organization named RightMarch.com.

**Response: Objection, as this is irrelevant to this case.**

REQUEST NO. 120:    Admit that you are a founder of an organization named "Freedom Watch."

**Response: Admitted.**

**SPECTOR GADON & ROSEN, P.C.**

By:    */s/ Daniel J. Dugan*
Daniel J. Dugan, Esquire
1635 Market Street, 7th floor

417983-1

Philadelphia, PA  19103
215.241.8872 --215.241.8844 *fax*
*ddugan@lawsgr.com*
*Attorneys for Plaintiff*

December 18, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this            14th day of February, 2008, a true and correct copy

of Plaintiff's Responses to Defendants' Requests for Admission was served via electronic and

regular mail on the following:

> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> *Counsel for Defendants*

By:     */s/ Daniel Dugan*
        Daniel J. Dugan

417983-1