IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>  Defendants. | Civil Action No.  1:06-CV-00670 (CCK) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM ORDER OF JANUARY 16, 2008 COMPELLING ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

In its Opposition to Plaintiff's Objections, Defendants imply that Plaintiff has somehow acted improperly simply because it objected to key rulings in of the Magistrate Judge's Order. Indeed, it is Defendants' abrasive and unfounded allegations that are improper. A review of the underlying pleadings in this matter will demonstrate that Defendants have not acted in good faith during discovery, delaying the process by filing an overreaching motion for protective order which even sought to deny Plaintiff his due process rights to review discovery materials – which motion delayed discovery from proceeding for many months –  and has failed thus far to even identify the dates when it wishes to take depositions of third party witnesses, despite numerous requests by Plaintiff and the Magistrate Judge. In addition, despite Defendants protestations, they did not prepare and deliver up a privilege log until many weeks after their initial document production, which

was woefully deficient (see attached email), and have not produced any documents from their corporate counsel, David Barmak, who participated in and furthered most of the offending misconduct and breaches of the Severance Agreement. To top it off, when Defendants did produce a scant number of documents given their fourteen year existence and Plaintiff's ten year tenure at Judicial Watch as founder and Chairman, they did so on Christmas eve, and then dictated to Plaintiff's co-counsel, who is located in Philadelphia as opposed to the D,C, area, that he make his own copies during the holiday period between Christmas and New Years. Plaintiff, on the other hand, produced copies of discovery documents without charge to Defendants. This is not to even mention Defendants and their counsel publishing false claims about Plaintiff's family in Legal Times. While all of this puts the Defendants' statements in a proper light, the relevant issue with regard to Plaintiff's objections is the Magistrate Judge's order itself.

As was true of his first order concerning third party discovery of the fundraisers for Plaintiff, the Magistrate Judge's order does not really address the relevancy objections of Plaintiff, nor the overbreath of the requests, which were briefed more than adequately in Plaintiff counsel's initial pleadings, and which are incorporated herein by reference for judicial economy to avoid having this court read two sets of pleadings. Plaintiff answered the interrogatories to the best of his ability at the time, given that discovery had not really gotten off the ground, that most of the relevant documents were in the custody, possession and control of Defendants, and had not yet even been produced, and given the hard fact that Plaintiff will soon be deposed, where he can give more expansive, narrative answers to relevant and non-privileged questions. And, the Magistrate Judge's order

concedes that answering interrogatories is acceptable by referencing documents (See Order at p. 3 citing Fed. R.Civ.P. 33(d)), already produced or available to litigants, that provide the responses. It is accepted and legitimate, for instance, to refer to pleadings that contain the answers. To show, for example, that Plaintiff is a public figure, a fact that is not disputed, one need only put his name into Google, turning up over 60,000 hits as well as references to his media appearances. See Order's analysis at Interrogatory 7. Should Plaintiff have to copy off and identify all of Google hits, as the Magistrate Judge's Order seemingly requires. This would be unreasonable and unduly burdensome and a waste of resources for all concerned. Indeed, Plaintiff is a sole practitioner with one assistant, has been preoccupied with the recent slow death of his mother and the resulting family issues, and is litigating this case without the millions of dollars in resources that Defendants' possess, as shown in their recent public tax returns, notwithstanding its insurance coverage. Importantly, while Plaintiff is being sued for acts which allegedly occurred at Judicial Watch while he was an officer and director, the carrier, Hartford, has provided coverage for Defendants – obviously to maintain its lucrative policy premiums – but denied coverage illegally for Plaintiff. (Plaintiff will be moving to join Hartford as a third party defendant in this lawsuit, based on indemnification and contribution theories of recovery). Thus, the Magistrate Judge's Order works a substantial hardship on Plaintiff is contrary to law and clearly erroneous, based on accepted litigation practice and the realities of this case. Another example of the over expansiveness of the Magistrate Judge's Order concerns document request No. 12, where Plaintiff is ordered to produce all documents concerning Peter F. Paul, without regard to relevancy. Mr. Paul is named in the Amended Complaint as being an example of how Defendants have

misrepresented to the public about their fundraising and this pattern of dishonest behavior clearly raises an evidentiary inference of similar conduct toward Plaintiff. But to order that all communications with Paul be produced, is clearly legal error.

For all of these reasons, Plaintiff respectfully requests that this court review the initial pleadings, which are incorporated herein by reference, as they do raise specific and sustainable objections to each request and interrogatory. The Magistrate Judge – who Plaintiff greatly respects and has worked with on a number of prior cases – seems, based on statements in prior orders, to be taking the position that because a protective order is now in place, Plaintiff can be compelled to empty its files without regard to relevancy or overbreadth and the undue burden this creates for a small litigant.

WHEREFORE, Plaintiff respectfully requests that his objections, made in good faith, be sustained.

                                                        Respectfully submitted,

                                                        s/Larry Klayman
                                                        Larry Klayman, Esq.
                                                        D.C. Bar No.: 334581
                                                        The Klayman Law Firm, P.A.
                                                        Tel: 305-447-1091
                                                        Fax: 305-447-1548

                                                        Daniel J. Dugan, Esquire
                                                        Spector Gadon & Rosen, P.C.
                                                        1635 Market Street 7th Floor
                                                        Philadelphia, PA 19103
                                                        Tel: 215-241-8872
                                                        Fax: 215.241.8844

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of February 2008, a true copy of the foregoing Reply Memorandum was served via electronic means to:

    Richard W. Driscoll, Esquire
    Driscoll & Seltzer, PLLC
    600 Cameron Street
    Alexandria, VA 22314

    By: s/Larry Klayman
    Larry Klayman, Esq.
    D.C. Bar No.: 334581
    The Klayman Law Firm, P.A.
    Tel: 305-447-1091
    Fax: 305-447-1548