IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-00670 (CCK) (AK) |
| JUDICIAL WATCH, INC., et al., | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS[1]**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel and pursuant to Rule 26, hereby reply to the Opposition filed by Plaintiff Larry Klayman ("Klayman").

INTRODUCTION AND SUMMARY OF DISPUTE

Distorting the parties' relationship through lies and fabrication, Klayman's Opposition consists primarily of a self-serving characterization of events for the purpose of portraying himself as a victim. In truth, Klayman is merely a victim of his own decisions and actions. There is no cause or support for any of the claims he describes. More importantly, Klayman's purported Opposition fails to provide any reason for denying Defendants' Motion to Compel and therefore, should be disregarded in total.

---

1  At times, the Supplemental Requests for Production of Documents are referred to as "SRPD".

As explained to the Court, on November 2, 2007, Defendants served Supplemental Requests for Production of Document on Plaintiff approximately four months ago. Ex. 1 to Defs. Mot. to Compel Responses to Supplemental Requests for Production ("Mot. to Compel"). At the direction of the Court, following a conference call among all parties, Defendants filed their Motion to Compel on February 6, 2008. *See* Mot. to Compel.

The filing of this Motion to Compel follows a generous extension of time to provide complete and adequate responses. From December 3, 2007, the date that Responses were initially due, until February 1, 2008, Defendants sent **four deficiency letters** to Klayman and his counsel. *See* Mot. to Compel at ¶¶ 7, 14, 17 and 23, which reference deficiency letters dated December 17, 2007, January 9, 2008, January 18, 2008 and February 1, 2008, respectively. In addition, Defendants conducted three telephone conferences with Plaintiff (and at times with the Court) in an effort to confer. *See* Mot. to Compel at ¶¶ 13, 17 and 23, which reference conversations on January 8, 2008, January 17, 2008 and February 1, 2008, respectively.

In the most specific deficiency letter, dated February 1, 2008, Defendants set forth each Request together with Plaintiff's response and then described the deficiencies. In a January 11, 2008, letter from Plaintiff's counsel, Plaintiff claimed that certain previously produced documents responded to **Four (4) of 60 Requests made** (specifically, SRPD Nos. 13, 48, 56 and 57). Klayman further asserted another **three of the 60 requests** (SPRD No. 32, 14 and 37) constituted duplicative requests to Defendants' First Request for Documents. *See* Ex. Nos. 6 and 10.

With the exception of documents Plaintiff claimed to be responsive to Request Nos. 13, 48, 56 and 57 (which Defendants dispute), Plaintiff has not produced any documents responsive to the 56 Requests. Moreover, in an untimely Response to the SRPD, which was served on

December 18, 2007, Plaintiff objected to the Requests but produced no documents despite representing that "any such relevant documents will be produced at a mutually agreeable date, time and place". *See* Ex. 4; *see also* Ex. 2 at Request Nos. 14, 24, 31, 39 – 54 and 57.  Plaintiff's Opposition echoes this representation stating that he "does not object to providing relevant documents that fall within the scope of this lawsuit". *See* Pls. Opp. at 8.  However, Klayman has failed to produce any documents in response to Request Nos. 14, 24, 31, 39 – 54 or 57, even though he concedes that responsive documents exist.  Of these Requests, only two falls within the four Requests that Plaintiff claims to have responded to in the January 11, 2008, correspondence.  Plaintiff's failure to produce all responsive documents (not just those the Plaintiff deems relevant) is nothing short of intentional delay for the purpose of frustrating discovery in this lawsuit.  **Moreover, Plaintiff has yet to produce any Privilege Log despite having asserted privilege in response to most of the Requests.**

On February 25, 2008, three days after the deadline to respond, Plaintiff filed an untimely Motion for Extension of time to oppose.  *See* Docket No. 112, Pl. Mot. for Extension.  Under both the Federal Rules of Civil Procedure and the Local Rules for this Court, Plaintiff was required to file a request for extension of time prior to the deadline.  And while Plaintiff could not find the time to file his Opposition to this Motion by February 22, 2008, he did find the time to file a Reply Memorandum regarding his appeal of this Court's January 16, 2008, Memorandum Order granting Defendants' Motion to Compel Interrogatories and Motion to Compel Documents.  *See* Docket No. 111.  On February 23, 2008, this Court granted the Motion for Extension even though Plaintiff is represented by a firm of over 65 attorneys.  Simply put, Plaintiff's failure to timely move for an extension represents yet another example of how Plaintiff continues to abuse this Court's Rules to delay and obfuscate the discovery process.

More than four months after serving the SRPD, Defendants are no closer to obtaining discovery relevant to this dispute. Without question, if the Court grants this Motion (and Defendants firmly believe that such a decision is justified), Klayman will continue to delay this process by appealing the Court's order.

## ARGUMENT

Klayman's entire argument is based on generalities without providing the Court with any support for his objections. Plaintiff has not shown why any objections should be sustained. Fact discovery is now scheduled to end on May 8, 2008. Defendants were entitled to receive the requested discovery in early December 2007. Klayman's flagrant abuse of the Rules is are not waived by the mere fact that there is still a short time remaining for discovery. Each of Defendants' requests is highly relevant to this litigation. *See Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).

Plaintiff's Opposition generally objects to Request Nos. 13, 15 and 23 – 30, apparently based on the assertion that his finances and/or credit reports are private. *See* Opp. at 9. This assertion is without merit as Plaintiff voluntarily placed his financial reputation directly at issue by bringing a claim for defamation. *See* Mot. to Compel at 17. Klayman already stated that he would produce documents in response to Request No. 24. *See* Ex. 4. Moreover, materials requested by Request Nos. 13, 15, 23 and 25 – 30 are well within the scope of relevant information arising from Plaintiff's claim for defamation. In essence, Klayman alleges that Defendants directly damaged his financial reputation when alleged statements were published regarding debts Klayman owes to Defendant Judicial Watch, Inc. *See* Mot. to Compel at 17 (which reference Pl.'s Second Am. Compl. at ¶¶ 52, 57, 150, 154 and 161.

Similarly, Klayman's credit is directly at issue due to his allegation that Defendant Judicial Watch breached the Severance Agreement by failing to remove Klayman as a personal guarantor of the organization's credit card. *See Id.* at ¶ 144; *see also* ¶ 66F. As a result of this allegation, Klayman contends that his credit has been harmed. If so, why can't the Defendants investigate?

Plaintiff generally objects to Request No. 17, which seeks documents relating to his divorce. *See* Pl. Opp. at 10. However, Klayman's Initial Disclosures expressly name Stephanie Luck Klayman as an individuals with discoverable information as follows:

> Ms. Klayman is familiar with the facts relating to the Klayman's family health insurance benefits, *and Mr. Klayman's separation from Judicial Watch.*"

Pl.'s Initial Disclosures, attached hereto as Ex. 1 (emphasis added); *see also,* Mot. to Compel at ¶ 36. Therefore, Klayman's objection is without any foundation. Moreover, Klayman is fully aware of the information in such documents and seems to be fighting production due to the content.

In Requests Nos. 11 and 12, Defendants seek documents in Klayman's possession regarding Denise Underberg Golden and Rebecca L. Eddy who are both former employees of Judicial Watch and reported directly to Klayman prior to his departure from Judicial Watch. While Klayman did not specifically name them, Defendants have reason to believe that both individuals possess information relating to the reasons for his separation. There information is directly relevant to Judicial Watch's Lanham Act claims. Defendants are entitled to any documents in Klayman's possession that relates to them. Klayman's assertion of irrelevancy simply fails to meet the burden to prove irrelevancy in discovery. *See Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).

By making vague and broad assertions, Klayman objects to Requests Nos.; 2, 3, 4, 7- 10, 13, 19 and 23 – 30.  See Opp. at 11.  Specifically, Klayman contends that these Requests are "clearly overly broad and not relevant or calculated to lead to relevant evidence, notwithstanding other legitimate issues and objections raised above." *See Id.*  Again, Klayman fails to recognize that his written Responses served on December 18, 2008 agree to produce documents in response to Request No. 24.  Further, Klayman's general and vague objection is insufficient to meet the standard for irrelevance under Fed. R. Civ. P. 34.  *See Alexander v. F.B.I.*, 186 F.R.D. 54, 59 (D.D.C. 1998) (holding that "Plaintiffs may not arrogate to themselves the power to determine what constitutes a relevant document and no proper objections were served by plaintiffs addressing the requests at issue").  This Court has frequently reminded litigants that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also United States ex rel. Fago v. M & T Mortgage Corp.*, 235 F.R.D. 11, 21 (D.D.C. 2006).

Request Nos. 2 – 10, 23 and 27 seek the same information that was requested by subpoenas served on third-party witnesses.  Klayman's objections were previously the subject of a Motion to Quash that was denied by this Court.  *See* Docket No. 97.  As recognized by the Court, this information is directly relevant to Defendants' breach of contract claims with respect to (i) confidential information and (ii) non-competition (Counterclaim, Counts VIII and IX, respectively).[2]  Discovery of Klayman's agreements, communications, and correspondence with

---

[2] The documents requested are also relevant to Defendants' claims for trademark infringement and non-disparagement (Counterclaim, Counts IV and V, and VI and VII, respectively) to which Klayman concedes the relevance of Request 5 in the subpoena to ATA: ("The only salient claims possibly implicated by the information in the Subpoenas are the claims of non-disparagement, infringement or non-competition. For these claims, Defendants need only the content of Klayman's mailings…," See Pl.'s Motion to Quash

his direct mailers, including ATA and an affiliated entity, Chester Mailing List Consultants, Inc. ("Chester"), as well as information about what "list select" were performed and what "list orders" were placed, directly relate to whether Klayman violated the confidentiality clause of the Severance Agreement with Judicial Watch by misusing, for his U.S. Senate campaign, confidential information that he obtained during his tenure at Judicial Watch. Defendants claim that he used information regarding Judicial Watch's fundraising operations, strategies, donors, and vendor relationships. *See* Defs' Answer and Countercl. at ¶¶ 66 – 69; *see also* Defs.' Am. Countercl. at ¶¶ 125-131.

Klayman is engaged in gamesmanship. At a minimum, the documents that Defendants seek through the SRPD are very likely to lead to the discovery of admissible evidence in support of these claims. Ironically, Klayman previously argued that the same documents sought from the subpoenaed third-party witnesses could be available though him. Docket No. 76. Klayman now attempts to foreclose Defendants from this avenue by completely changing his position and refusing to produce these documents based on relevance issues.

Request Nos. 25 – 30 relate to financial information for Freedom Watch and Saving Judicial Watch. Without question, Freedom Watch competes directly with Judicial Watch. Similarly, Saving Judicial Watch is also in direct competition with Judicial Watch. Information relating to these Requests is directly relevant to issues of liability, causation and damage for Defendants' Counterclaims. There is no legitimate objection to their production.

Despite relying on statements by witnesses and bantering their names about in correspondence, Klayman asserts that Defendants' effort to discovery information regarding

---

at p. 9; " While the content of Klayman's marketing efforts mailed to the public are arguably relevant to claims infringement, non-disparagement and non-competition…," Motion at 10-11).

these witnesses is irrelevant and unreasonable. *See* Pl. Opp. at 11 – 12. In particular, Klayman objects to providing any documents relating to "former employees Sandra Cobas, Russ Verney, Mike Pendleton, Jane Chastain, John Vincent, Connie Ruffley and Janice Rorup". *See* Request Nos. 34, 37 – 43 and 45. Klayman also objects to producing documents relating to Louise Benson and Peter Paul. *Id*. With the exception of Peter Paul, Klayman has identified each of these individuals as witnesses in this litigation. *See* Ex. 1. Peter Paul is prominently identified as joining with Klayman in his smear campaign. Accordingly, information regarding Mr. Paul is directly relevant to Judicial Watch's Counterclaims.

As a result of Klayman's conduct, Defendants are being prejudiced, and will be further prejudiced, unless Klayman is compelled to make a full and prompt production of all responsive documents. Rule 37 also authorizes this Court, upon the granting of a Motion to Compel, or if disclosure is provided after the motion is filed, to grant sanctions for reasonable expense incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(4); *see also Rude v. Dancing Crab at Wash. Harbour, LP*, 245 F.R.D. 18, 21 (D.D.C. 2007). In the Court's Memorandum Order granting Defendants' first Motion for Production, the Court wrote that in that in the event that another order to compel were issued against Klayman, Sanctions would issue. *See* Docket No. 98. Defendants submit that such time has come. Klayman must be ordered to compensate Defendants for his unjustified delays. In the alternative, Klayman should be barred from producing any materials in defense of Judicial Watch's Counterclaims and affirmative evidence to support his claims, unless he provides a full and fair production.

WHEREFORE, Defendants respectfully requests that the Court GRANT this Motion and compel Klayman to produce all documents responsive to Defendants' Supplemental Request for

Production of Documents. In addition, this Court should award Defendants reasonable attorney's fees and costs incurred in preparing this Motion.

                                              Respectfully submitted,

                                              /s/
                                              _____
                                              Richard W. Driscoll (436471)
                                              Juli Haller Simonyi (466921)
                                              DRISCOLL & SELTZER, PLLC
                                              600 Cameron Street
                                              Alexandria, Virginia 22314
                                              703.340.1625 Telephone
                                              703.997.4892 Facsimile
                                              rdriscoll@driscollseltzer.com
                                              jhaller@driscollseltzer.com

Dated: March 10, 2008

                                              Counsel for Defendants Judicial Watch, Inc.,
                                              Thomas J. Fitton, Paul J. Orfanedes, and
                                              Christopher J. Farrell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March 2008, a copy of the foregoing Reply was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

                                              /s/
                                              _____
                                              Richard W. Driscoll