UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, *et al.*,                    *
                                            *
                Plaintiffs,                 *
                                            *
                                            *     Case No.:     1:06-CV-00670
        v.                                  *                   (CKK and AK)
                                            *
JUDICIAL WATCH, INC., *et al.*,             *
                                            *
                Defendants.                 *

## OBJECTION TO SUBPOENA

Herbert Beller and Sutherland Asbill & Brennan LLP through Counsel, object to the

subpoena *duces tecum* served on Mr. Beller returnable on March 12, 2008.

Mr. Beller is a partner at Sutherland Asbill & Brennan. The plaintiff in this case, Larry

Klayman, is a former client of Mr. Beller's and his law firm. The documents called for by the

subpoena all arise out of that legal representation. On March 6, 2008, Counsel for Mr. Beller

and Sutherland for Asbill & Brennan wrote to counsel for the Defendants, who had served the

subpoena. Counsel informed her that since the lawyer-client privilege belonged to Mr. Klayman

in order not to waive any privilege, we would honor any instruction from Mr. Klayman's lawyer,

Daniel J. Dugan as to what documents to withhold as privileged – Attachment A. Mr. Dugan has

since informed us that we should deal directly with Mr. Klayman who is serving as *pro se* co-

counsel. Mr. Klayman has instructed us to object to all the documents sought by the subpoena

and has informed us that he intends to file a motion to quash. We are acting upon this

instruction. In so acting, we have made no independent judgment as to whether all the

documents in our possession are privileged. We are not totally familiar with the issues raised by

this litigation and therefore have no basis to judge any privilege or consider any objection in the

7847693.1

context of the issues raised.  We would be prepared to make the documents available promptly,
*i.e.*, within a week, if any objections are withdrawn or should the Court rule that materials are not
privileged.[1]

Respectfully submitted,

Hamilton P. Fox, III

---

[1]     Counsel for Mr. Beller, however will be outside the United States from March 29 – April 17.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing Objection To Subpoena was electronically served and mailed, first class and postage prepaid, this 11th day of March, 2008 to:

Juli Haller Simonyi, Esquire
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, VA 22314

Daniel J. Dugan, Esquire
SPECTOR, GADON & ROSEN, P.C.
Seven Penn Center – 7th Floor
1635 Market Street
Philadelphia, PA 19103

Larry Klayman, Esquire
THE KLAYMAN LAW FIRM, P.A.
3415 SW 24th Street
Miami, FL 33145

<u>/s/ Hamilton P. Fox, III</u>
Hamilton P. Fox, III

# ATTACHMENT A

# Sutherland
## Asbill &
## Brennan LLP

**ATTORNEYS AT LAW**

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

HAMILTON P. FOX, III
DIRECT LINE: 202.383.0666
Internet: pfox@sablaw.com

March 6, 2008

Juli Z. Haller Simonyi, Esquire
Driscoll Seltzer
600 Cameron Street
Alexandria, VA 22314

**By Fax (703/997-4892 and Regular Mail)**

Dear Ms. Simonyi:

I shall be representing Herb Beller and our law firm with respect to the subpoena <u>duces</u> <u>tecum</u> that you have served in connection with the <u>Klayman v. Judicial Watch</u> case. On March 5, 2008 we received an electronic mail message from Mr. Klayman indicating that the plaintiff intended to file a motion to quash the subpoena. As far as I know, no such motion has yet been filed. Should a motion be filed, we believe that we are required by our obligation to our former client to withhold production of the documents until the court has ruled. Any privilege that attaches to these documents belongs to the former client, not to us, and we do not believe it would be appropriate to moot the client's position by furnishing the documents until the court has ruled.

Should the court rule that documents should be produced (or should no motion to quash be filed), we intend to invite Mr. Klayman's lawyer to review the responsive documents prior to production. Since the privilege belongs to Mr. Klayman, we think it is appropriate for his current lawyers to determine which, if any, of the responsive documents are privileged, and to assert the privilege. Again, we shall honor our former client's instructions in this regard unless and until the court rules otherwise.

We have no desire to choose sides or to interfere in any way with discovery in this case or with your ability to obtain non-privileged information. We think that the Rules of Professional Responsibility, however, compel us to follow the course outlined above.

7844577.1

Juli Z. Haller Simonyi, Esquire
March 6, 2008
Page 2 of 2


Do not hesitate to contact me if you have any questions.


Very truly yours,

Hamilton P. Fox, III


cc: Herb Beller, Esq.
Daniel J. Dugan, Esq.


7844577.1

# Confirmation Report — Memory Send

Date & Time: Mar-06-2008  05:31pm
Tel line  : 202-637-3593
Machine ID : SAB

| | | |
|---|---|---|
| Job number | : | 360 |
| Date & Time | : | Mar-06 05:30pm |
| To | : | 97039974892 |
| Number of pages | : | 002 |
| Start time | : | Mar-06 05:30pm |
| End time | : | Mar-06 05:31pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 360          *** SEND SUCCESSFUL ***

## Sutherland Asbill & Brennan LLP
ATTORNEYS AT LAW

1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
202.383.0100
fax 202.637.3593
www.sablaw.com

HAMILTON P. FOX, III
DIRECT LINE: 202.383.0606
Internet: pfox@sablaw.com

March 6, 2008

Juli Z. Haller Simonyi, Esquire
Driscoll Seltzer
600 Cameron Street
Alexandria, VA 22314

**By Fax (703/997-4892 and Regular Mail)**

Dear Ms. Simonyi:

I shall be representing Herb Beller and our law firm with respect to the subpoena *duces tecum* that you have served in connection with the Klayman v. Judicial Watch case. On March 5, 2008 we received an electronic mail message from Mr. Klayman indicating that the plaintiff intended to file a motion to quash the subpoena. As far as I know, no such motion has yet been filed. Should a motion be filed, we believe that we are required by our obligation to our former client to withhold production of the documents until the court has ruled. Any privilege that attaches to these documents belongs to the former client, not to us, and we do not believe it would be appropriate to moot the client's position by furnishing the documents until the court has ruled.

Should the court rule that documents should be produced (or should no motion to quash be filed), we intend to invite Mr. Klayman's lawyer to review the responsive documents prior to production. Since the privilege belongs to Mr. Klayman, we think it is appropriate for his current lawyers to determine which, if any, of the responsive documents are privileged, and to assert the privilege. Again, we shall honor our former client's instructions in this regard unless and until the court rules otherwise.

We have no desire to choose sides or to interfere in any way with discovery in this case or with your ability to obtain non-privileged information. We think that the Rules of Professional Responsibility, however, compel us to follow the course outlined above.

7844577.1

Atlanta    ■    Austin    ■    Houston    ■    New York    ■    Tallahassee    ■    Washington, DC