IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>  Defandants. | Civil Action No.  06-670 (CKK)(AK) |

**MOTION TO QUASH SUBPOENAS DUCES TECUM
TO LAWYERS FOR LARRY KLAYMAN WHO ASSISTED IN NEGOTIATION
OF THE SEVERANCE AGREEMENT AND MOTION FOR
RECONSIDERATION**

Plaintiff, Larry Klayman, moves this honorable court for an order quashing the subpoenas issued and served on the lawyers, David Durbin of Jordan, Coyne and Savits and Herbert Beller, of Sutherland, Asbill and Brennan (Collectively "Counsel"), who assisted and counseled Plaintiff in the negotiation of the Severance Agreement which is the subject of this case and as grounds therefore would show:

1. The subpoenas at issue are attached as Exhibit 1.  Counsel has already filed objections to these subpoenas on grounds of attorney client privilege and work product.

2. The Severance Agreement provides, upon agreement of the parties, that Larry Klayman stepped down as Chairman, Treasurer and General Counsel to pursue other endeavors, such as running as a candidate for the U.S. Senate, and also

provides for the issuance of public statements praising Larry Klayman's founding and stewardship of Judicial Watch. E.g., see Paragraphs 1, 2 and 18 of Severance Agreement. The Judicial Watch released for example, sent out to the public after Mr. Klayman left, provides:

> Judicial Watch announced today Larry Klayman has stepped down as Chairman and General Counsel of Judicial Watch, **to pursue other endeavors.** Tom Fitton, who is President of Judicial Watch, said: "Larry conceived, founded and helped build Judicial Watch to the organization it is today, and we will miss his day to day involvement. Judicial Watch now has become the leading non-partisan, public interest watchdog seeking to promote well positioned to continue our important work." Id at Paragraph 18. (Emphasis added)

3. Defendants want to take discovery to purportedly confirm their after the fact, created version of the "real reasons" Plaintiff left Judicial Watch.

4. Not only is this contrary to the parole evidence rule, as the Severance Agreement governs the agreed reasons Plaintiff left Judicial Watch to run for the U.S. Senate, but discovery of Plaintiff's counsel would violate attorney client and work product privileges.

5. This Court previously ruled that the parole evidence rule would prohibit Plaintiff from alleging that he had an oral agreement with the current directors and officers of Judicial Watch to hire a distinguished Chairman and General Counsel after Plaintiff left Judicial Watch, as the current President, Tom Fitton, is neither a lawyer and was not a college graduate at the time. The gravamen of this ruling

was that the written Severance Agreement did not provide for and made no mention of this, and that Plaintiff's allegations could not go beyond the four corners and the Severance Agreement. The parole evidence rule provides: "The **parole evidence rule** enacts a principle of the common law of contracts that presumes that a written contract embodies the complete agreement between the parties involved; the document is the sole repository of the terms of the contract (*Jacobs v. Batavia & General Plantations Trust Ltd* [1924] 1 Ch 287). The rule therefore generally forbids the introduction of extrinsic evidence (i.e., evidence of communications between the parties which is not contained in the language of the contract itself) which would add or change terms of a later written contract." See www.thefreedictionary.com/parole+evidence+rule

6. The Court should reach a similar conclusion here for these reasons, and to protect the sacred attorney client privilege, and work product doctrine, quash the subject subpoenas, and reconsider and/or clarify any rulings which Defendants purport to rely on that would allegedly give them the right to depose and force production of documents from Plaintiff's counsel seeking to go behind the written terms of the Severance Agreement.

WHEREFORE, Plaintiff respectfully requests that his motion be granted.

Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street

>Miami, FL 33145
>Tel: 305-447-1091
>Fax: 305-447-1548
>
>Daniel J. Dugan, Esquire
>Spector Gadon & Rosen, P.C.
>1635 Market Street 7th Floor
>Philadelphia, PA 19103
>Tel: 215-241-8872
>Fax: 215.241.8844

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of March 2008, a true copy of the foregoing Reply to Defendants' Response was served via electronic means to:

>Richard W. Driscoll, Esquire
>Driscoll & Seltzer, PLLC
>600 Cameron Street
>Alexandria, VA 22314

>>By: s/Larry Klayman
>>Larry Klayman, Esq.
>>D.C. Bar No.: 334581
>>3415 SW 24th Street
>>Miami, FL 33145
>>Tel: 305-447-1091
>>Fax: 305-447-1548