# Exhibit 2

Larry Klayman, Attorney at Law
**The Klayman Law Firm, P.A.**
3415 SW 24th Street, Miami, FL 33145
Telephone: 305-447-1091 – Facsimile: 305-447-1548
leklayman@bellsouth.net

---

Via Email and Mail

March 13, 2008

Richard Driscoll, Esq.
Driscoll & Seltzer
600 Cameron Street
Alexandria, Virginia 22314

Re:     **Klayman v. Judicial Watch, Inc., Fitton, et al. (Civil Action No. 1:06-CV-00670 D.D.C.).**

Dear Mr. Driscoll:

I am writing to seek your consent to postpone my deposition and the deposition of Tom Fitton to the week of March 23, 2008, for the following reasons.

First, after the March 14 date was chosen, as you know the federal court here in Miami set a hearing on a case dispositive motion for tomorrow, March 14, 2008 and I had two other court hearings on March 12th and 13th in Florida. It would be counterproductive to have to attend this March 14th hearing and then fly up to Washington for an hour or so of deposition that day.

Second, I have not been able to procure counsel thus far to represent me at the deposition, as Mr. Dugan was unavailable. Further, because you and your clients provided false information to Mr. Dugan and me about the insurance coverage, delaying our claim to the correct company, AIG – not Hartford as you falsely put forth – our ability to arrange for coverage, which your clients admit exists in documents produced in discovery, has been significantly delayed. This has caused great prejudice

Mr. Driscoll
March 13, 2008
Page 2

to my obtaining the same or comparable level of financial support and legal representation as your clients. You and your clients were required to provide the correct information about insurance coverage and the carrier in the initial disclosure and then when we were forced to ask again for correct information under the terms of the subject Severance Agreement, after the Defendants counterclaim was orderd to go forward, you again provided false information. Based on this and your other conduct in this case, it is clear that false information was provided intentionally to harm my interests. Had the insurance coverage been in place by now, the carrier could have provided representation at my deposition. In addition, it would not be proper or prudent to proceed with my deposition while the correct carrier, AIG, is assessing my claims and then providing coverage. Once we uncovered this deception, we moved with haste to rectify the situation with AIG. However, we also understand and have learned that you and your clients have intervened with insurance carriers to try to dissuade them from providing coverage. This constitutes tortious interference with our contractural rights and other causes of action.

Third, contrary to your agreement, you have not agreed to produce Mr. Fitton for deposition immediately following my deposition and your latest deposition notice for my deposition was just sent yesterday, noting for the first time that you intended to video it.

I anticipate given our strong efforts to obtain confirmation of coverage that we will be able to proceed with my deposition and Mr. Fitton's during the week of March 23, 2008, in Washington, D.C. My coming to Washington at my expense is a further accommodation to you and your clients. I want to have counsel present on my behalf, understandably, at my deposition. I am not available next week, but even starting March 23, 2008, this will leave about eight weeks to complete fact discovery prior to the current deadline of May 15, 2008. Thus, no party will be prejudiced. And, we still, despite many requests, have not received proposed dates for the third party depositions you would like to take. Instead, you unilaterally noticed the depositions of my counsel, Herb Beller and David Durbin, who represented me in the Severance Agreement negotiations and then your collegue, Juli Simonyi, proceeded to browbeat Mr. Durbin, who is under emergency treatment for a malignant brain tumor at John Hopkins University, to adhere to your and your clients unilaterally set date. This is even worse

Mr. Driscoll
March 13, 2008
Page 3

than when you set a hearing with the Magistrate Judge just hours after my mother died on January 24, 2008.

I would like to put things on a proper and respectful footing and ask for your consent to move the deposition dates as suggested. I also ask and demand that you and your clients not interfere further with my efforts to obtain coverage and representation under the AIG and other applicable insurance policies.

If I do not get your consent, I will file a motion for brief continuance with the court later today, as I cannot be at the deposition tomorrow under these continuing circumstances, particularly give my hearing in federal court tomorrow in Miami, my lack of legal representation at my proposed deposition, and current lack of confirmation of my insurance coverage concerning defendants' counterclaims.

Thank you for your anticipated courtesy and cooperation.

Sincerely,

Larry Klayman

cc: Dan Dugan, Esq.