# EXHIBIT 6

MINTZ LEVIN
COHN FERRIS
GLOVSKY AND
POPEO PC

Boston
Washington
Reston
New York
New Haven
Los Angeles
London

12010 Sunset Hills Road
Suite 900
Reston, Virginia 20190-5839
703 464 4800
703 464 4895 fax
www.mintz.com

**David Barmak**

Direct dial 703-464-8109
dbarmak@mintz.com

December 2, 2003

**CONFIDENTIAL**

**VIA FEDERAL EXPRESS**

Lissette Tortora
Treasurer
Friends of Larry Klayman
7380 and Lake Road, Suite 500
Orlando, Florida 32819

Re:   **Unlawful Conduct By Friends of Larry Klayman**

Dear Ms. Tortora:

This firm represents Judicial Watch, Inc. I am writing to demand that Friends of Larry Klayman **immediately cease and desist** from any conduct that violates Judicial Watch's rights under federal trademark and copyright laws in order to avoid a lawsuit in which Judicial Watch will seek an injunction and substantial compensatory and other damages against Friends of Larry Klayman.

Judicial Watch is the owner of federal trademark registrations and/or pending federal trademark applications for the marks:

JUDICIAL WATCH
JUDICIAL WATCH WASHINGTON D.C.
BECAUSE NO ONE IS ABOVE THE LAW

These marks are used for a variety of services, all involving promoting public awareness of the need for integrity in government. These services have been provided by Judicial Watch for many years under these various marks, during which time the marks have become nationally known and associated exclusively with Judicial Watch. The organization also owns common law rights in a variety of other marks currently in use.

DEF 0000133
Protective Order

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Lissette Tortora
December 2, 2003
Page 2

     Judicial Watch also owns copyrights in virtually every tangible work of original authorship that has been created on its behalf. It has obtained US copyright registrations, as the author and owner, for a number of these works, including:

> "Judicial Watch Interim Report on Crimes and Other Offense Committed by President Bill Clinton Warranting His Impeachment and Removal from Elected Office," copyright 1998, Reg. No. TX-4-895-175

> "The Attacks of September 11 and the US Government Accountability," copyright 2002, Reg. No Txu-1-046-518

> "Fatal Neglect: The US Government's Continuing Failure to Protect American Citizens from Terrorists: A Special Report," copyright 2002, Reg. No. Txu-1-060-646

     It has come to our attention that Friends of Larry Klayman has engaged in and is continuing to engage in conduct that infringes upon Judicial Watch's intellectual property rights under applicable federal trademark and copyright law. Federal trademark law prohibits the use of a third party's trademarks in a manner which causes confusion as to the source or sponsorship of the goods or services provided under each party's marks, or any use of a trademark which suggests a false designation of origin or otherwise falsely suggests or implies that there is a relationship, association or affiliation between, or sponsorship or approval of a third party by a trademark owner. See 15 USC §1125(a). Friends of Larry Klayman's repeated references to Judicial Watch and various of its trademarks, cases, programs and accomplishments in campaign solicitations, mailings, press releases, statements, on its Klayman for Senate web site and otherwise clearly create the false and illegal impression that Mr. Klayman continues to be associated with Judicial Watch or that Judicial Watch sponsors or otherwise endorses him, his activities, and his candidacy. Such misuse of Judicial Watch's intellectual property by Friends of Larry Klayman is unlawful, places Judicial Watch's tax-exempt status in jeopardy, and must cease immediately.

     The campaign materials and information disseminated by Friends of Larry Klayman also falsely suggest that Mr. Klayman is the author of copyrighted material, including the "Fatal Neglect" report referenced above, for which Judicial Watch is the legal author and in which it owns the exclusive copyright. As the copyright owner, Judicial Watch has the exclusive right to reproduce its copyright material in whole or in part, and to create derivative works based upon those works. See 17 USC §106. The overall appearance of campaign solicitation materials of Friends of Larry Klayman, and other distributed publications, including the layout, design, tone, and appearance of these materials, is substantially similar to and an infringement of the copyright which Judicial Watch owns in its own solicitation materials, which it has distributed for many years. Moreover, these similarities are causing actual public confusion as to the source of Friends of Larry Klayman's mailings, solicitations, and distributions, and have resulted in

DEF 0000134
Protective Order

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Lissette Tortora
December 2, 2003
Page 3

misdirected mailings, contributions, and inquiries. The repeated explicit references to Judicial Watch and to its trademarks, programs, cases and accomplishments contained in these materials exacerbates the public confusion. This conduct, likewise, infringes upon Judicial Watch's federally protected property rights, and cannot continue.

Judicial Watch is entitled to and will seek all equitable and financial relief available to it under federal trademark and copyright law, including, but not limited to, preliminary and permanent injunctive relief against further infringing conduct, impoundment and destruction of all infringing materials and the means used to create them, its actual or, as appropriate, statutory damages caused by the infringement, which we will ask the court to treble due to the willful circumstances of this matter, all profits attributed to the use and distribution of the infringing materials, and all costs and attorneys' fees incurred by Judicial Watch in this matter. See 15 USC §1116-18 and 17 USC §502-05.

At this juncture, Judicial Watch expects that Friends of Larry Klayman will carefully assess and evaluate the consequences of its conduct in light of its legal obligations to Judicial Watch, and immediately cease and desist from further infringements of Judicial Watch's intellectual property rights under federal law. To avoid instituting a public lawsuit against Friends of Larry Klayman and its undertaking other measures aimed at preserving and protecting its good name, reputation, rights and interests, Judicial Watch hereby demands the following written assurances and actions from Friends of Larry Klayman:

1. That Friends of Larry Klayman will immediately cease all improper references to Judicial Watch, its cases, programs and accomplishments and all improper uses of its trademarks and copyrighted works, and will immediately cease all use and distribution of any tangible materials that infringe upon its various trademarks and copyrights.

2. That Friends of Larry Klayman will promptly take steps to "cure" any breaches of its obligations to Judicial Watch and that it will not engage in any conduct from this point forward that would constitute a further infringement or violation of Judicial Watch's legal rights.

If I do not receive from Friends of Larry Klayman the foregoing written assurances (and concomitant action) by close of business on December 17, 2003, my client will pursue vigorously all of its legal options, including an action for injunctive relief and damages, against Friends of Larry Klayman based upon its infringement of Judicial Watch's legal rights. We

DEF 0000135
Protective Order

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Lissette Tortora
December 2, 2003
Page 4

expect to hear from Friends of Larry Klayman or its representatives immediately. In the meantime, Judicial Watch reserves all rights against Friends of Larry Klayman and Mr. Klayman.

Sincerely yours,

David Barmak

DB:jbj

cc:   Thomas Fitton
      Paul Orfandes
      Susan Weller, Esquire

WDC 342022v1

DEF 0000136
Protective Order