IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL*.  Plaintiffs, v. JUDICIAL WATCH, INC., *ET AL*.  Defendants. | Civil Action No. 1:06-CV-00670  Honorable Magistrate Judge Alan Kay |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS OF PHILLIP SHELDON AND DIENER CONSULTANTS OR ALTERNATIVELY FOR PROTECTIVE ORDER

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Motion to Quash Subpoenas to Phillip Sheldon and Diener Consultants or, alternatively, for Protective Order:

#### STATEMENT OF RELEVANT FACTS

1. ***Plaintiff served*** the subject witness, Philip Sheldon and the Custodian of Diener Consultants, with deposition and documents Subpoenas, the Subject of Plaintiff's Motion to Quash. *See* Copy of Correspondence to and from Daniel Dugan, Esquire, dated January 30, 2008, attached as Ex. 1; see copy of Affidavit of Service of process from Dugan, Esq., attached as Ex. 2.

2. On January 31, 2008 the Court Ordered that Plaintiff serve Subpoenas issued by the Defendants set returnable for March 31, 2008 pursuant to this Court's Order of January 30, 2008. *See* Minute Order of January 30, 2008; *see also* Ex. 2.

3. Klayman now at the eleventh hour files an untimely *Motion to Quash said Subpoenas or in the alternative seeks a Protective Order* **one** business day before the set date for the Court Order Deposition of March 31, 2008.

4. Defendants submit Plaintiff has flagrantly violated the Court Rules. *See* Fed. R. Civ. P. 6, see also Fed. R. Civ. P. 45 Fed. R. Civ. P. 72, L. Cv. P. 7(m) and L. Cv. P. 72.2 or 72.3.

5. Defendants further submit that this Motion and other conduct with relation to the Motion constitutes a blatant violation of the Court's January 30, 2008 Order.

6. On January 30, 2008, the Court held a Telephonic Conference with all parties. *See* Court Minute Order of January 30, 2008. Defendants initiated said Conference due to Plaintiff's multiple failures to comply with various discovery requests, including his untimely objection to Philip Sheldon's scheduled deposition for January 31, 2008.

7. On January 30, 2008, the Court addressed the scheduled deposition and documents subpoenas which required that Mr. Sheldon to appear on January 31, 2008 at the Eden Suite Resorts in Lancaster, Pa. *See* Ex. 1, copies of Subpoenas to Mr. Sheldon and Diener Consultants. The Court granted Plaintiff's request for additional time but Ordered that Plaintiff *serve* the witness, Phillip Sheldon of Diener Consultants, at Plaintiff's expense, in Lancaster, Pennsylvania with Subpoenas prepared by the Defendants. Plaintiff did so. *See* Ex. 2. The Court further discussed that the date for the deposition to be scheduled with ample time for Plaintiff and further requested that it be notified whether Plaintiff successfully obtained service. *See* Court Minute Order of 01/30/08.

8. On January 30, 2008, in accordance with the Court's Order, Defendants sent new

subpoenas **setting the March 31, 2008** date to Plaintiff for Plaintiff to serve on the subject witness. *See* Ex.1. The Plaintiff Confirmed receipt and confirmed all arrangements for service of process having been made. *See Id.*

9. At approximately 10:45 a.m. Plaintiff contacted the Undersigned via telephone and confirmed that successful service of the Witness had been obtained. *See* Copy of Defendant's filed Preacipe, Document No. 104, at p. 2, par. 5. Plaintiff faxed a copy of the affidavit of service to Defendants. *See* Ex. 2.

10. Nevertheless Plaintiff, on the evening of March 27, 2007 and the morning of March 28, 2007, filed an *untimely* Motion to Quash Subpoenas or in the Alternative seeks a Protective Order regarding Subpoenas that he served on a witness in this case.

11. U.S. District Court Judge Kollar Kotelly entered a Protective Order as to all discovery in this case on December 3, 2007. See Copy of Court Order dated 12/03/07.

12. Plaintiff failed to event attempt to confer with Counsel before filing this Motion pursuant to Rule 7(m). See L. Civ. P. 7(m). The last communication with regard to Mr. Sheldon's deposition and/or Diener's between the parties occurred when Defendants sent the Deposition Notices to Plaintiff. The first notice Defendants received of Plaintiff's Motion was the actual motion received last night via U.S. District Court's electronic filing system.

13. The Defendants scheduled the location and the Court reporter months ago, and already began preparations for the witness deposition.

## ARGUMENT

### A. PLAINTIFF FAILED TO FILE A TIMELY MOTION AND THEREFORE, LACKS A LEGAL FOUNDATION TO SUPPORT THIS MOTION

"[Q]uashing a subpoena goes against courts' general preference for a broad scope of

3

discovery." *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005).  Plaintiff herein seeks to quash a Subpoena he served on an untimely motion.

Rule 45 (c) (3) (A) of the Federal Rules of Civil Procedure allows the Court to quash or modify a subpoena upon a showing of undue burden.  See R. 45 (c) (3) (B).

> On *timely* motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it,
> (i)      fails to allow reasonable time for compliance;
> (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
> (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies;
> (iv)    or subjects a person to undue burden.

*See* Fed. R. Civ. P. 45 (c) (3) (A) (emphasis added).

Rule 45 allows that, "Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises-or to producing electronically stored information in the form or forms requested." *See* Fed. R. Civ. P. 45(c) (2) (B).

Plaintiff failed to file an Objection to either the Court's January 30, 2008 ruling, which must be filed within ten days of the Court's Order.  *See* Fed. R. Civ. P. 72, see also L. Civ. P. 72.2 and 72.3.

Klayman, through his counsel, and at his own expense served the new subpoenas on the witness on January 31, 2008, thereby waiving all objections to it.  See Ex. 1.

Further Klayman filed his untimely Motion to Quash or in the Alternative for a Protective Order on the evening of March 27, 2008 and the morning of March 28, 2008, which is a Friday with regard to a deposition in Lancaster, Pennsylvania on Monday, March 31, 2008. (Upon information and belief, Plaintiff filed his Memorandum of law only this morning on March 28, 2008, not with the filing made on the evening of March 27, 2008). The Subpoenas were served by Plaintiff on January 31, 2008. *See* Ex. 1. The Notices sent on March 5, 2008 nevertheless Plaintiff waited until the evening of March 27, 2008 to file his Motion to Quash a deposition scheduled for Monday March 31, 2008.

    B.    <u>DEFENDANTS CAN SHOW SUBSTANTIAL NEED FOR THESE DOCUMENTS PRECLUDING A MOTION TO QUASH</u>

Firstly, Plaintiff lacks standing to make a motion to quash Subpoenas that he, a party in this action, served on a witness, a non-party. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) (<u>*citing United States v. Nachamie*</u>, 91 F. Supp. 2d 552, 559 (S.D.N.Y. 2000) (citations omitted); *Chiperas v. Rubin*, No. CIV. A. 96-130, 1998 WL 765126, at 2 (D.D.C. Nov. 3, 1998) (citations omitted.)  Plaintiff argues the purported confidentiality concerns of Diener Consultants and/or Phillip Sheldon, however, Diener or Sheldon have not filed objections to the subpoenas. *See* Pl. Mot. at 11. Plaintiff simply has no standing to assert their purported interests.

As for Plaintiff's purported interests in confidentiality, asserted in this untimely motion, Defendants can show substantial need for these documents precluding this untimely and legally improper motion.

    <u>1. A protective Order Exists already in this case as to all discovery</u>

Plaintiff moves pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 45 arguing that this discovery should be curtailed and seeking in the alternative a Protective Order. *See* Pl. Mot.

5

Most importantly, Plaintiff fails to mention to the Court that on December 3, 2007, this Court entered a Protective Order that applies to all parties and to all discovery any party obtains in this case. *See* Court Order of 12-03-07. Plaintiff's current Motion for a Protective Order is disingenuous.

### 2. The Discovery Sought is Relevant and not Unduly Burdensome

Klayman argues that the subpoenas are unduly burdensome, overbroad and irrelevant. *See* Pl.'s Mot. at 6, *see also* Pl.'s Mot. at 8-11. Indeed, "the party opposing discovery must make a specific showing, supported by declaration, as to why the production sought would be unreasonably burdensome." *Pleasants v Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002).

Klayman fails to submit, by affidavit or otherwise, that "voluminous" responsive documents subject to some unspecified claim of burdensome or over breath even exist, much less that reviewing these documents would place an undue burden on him. *See Natural Resources Defense Counsel v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999) ("The Federal Courts reject out of hand claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it.")).

The Supreme Court has also recognized that "orders forbidding any disclosure of trade secrets or confidential commercial information are rare." *Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 n. 24 (1979).

The discovery is highly relevant to the Defendants' defenses and to the Defendants' counterclaims. Production will reveal evidence and information regarding the results of Klayman's fundraising efforts, which is directly relevant to Defendants' claim for damages resulting from Klayman's trademark infringement, unfair competition and breach of the non-

disparagement clause.   Moreover, the witness has had business relations with Klayman. Klayman's Second Amended Complaint includes a defamation claim against Defendants and alleges damages to Klayman's business reputation in an amount in excess of $1,500,000.00. (*See* Second Amended Complaint at paras. 148-62 and wherefore clause at para. G.)  Defendants are entitled to discovery regarding Klayman's business reputation in order to counter his claim for $1,500,000.00 in damages.

As for Defendants' counterclaims, Paragraph 4 of the Severance Agreement executed, which Klayman executed and is at issue in this case, contains a Confidentiality Provision. *See* Defs.' Answer Countercl. Ex. 1. Defendants contend in Count VIII of their Counterclaims that Klayman violated the confidentiality provision of the Severance Agreement by approaching ATA, a direct mail marketing company that previously had managed Judicial Watch's direct mail fundraising campaigns, to obtain and use for his U.S. Senate campaign proprietary, Judicial Watch donor names, addresses, and other information.  Klayman's obligation not to compete with Judicial Watch ended on September 9, 2005, but Klayman's obligation to maintain confidentiality, for which Judicial Watch paid significant consideration, continues indefinitely. (*See* Defs' Am. Countercl. at Ex. 1A).

Specifically, based on his tenure at Judicial Watch, Klayman knew that he could access Judicial Watch donor names, addresses, giving history, and other information through ATA by contracting with the direct mail marketing company and having it apply certain "list selects" and/or selection criteria to its master list file, which also is known as the "Viguerie Master File" and/or the "Viguerie Combined Master File." Judicial Watch also asserts that, after losing the U.S. Senate primary, Klayman used this same information to compete with Judicial Watch as "Freedom Watch" and/or "Saving Judicial Watch."

Defendants focus their requests on information such as agreements between Klayman and the subpoenaed entities; communications between Klayman and the subpoenaed entities; and information as to the list selects/orders though which Klayman was able to obtain name, address and other proprietary information about JW donors. *See* Pl.'s Mot. Ex. 1 and 2. Defendants seek list selects/orders, which are merely instructions or directions applied to a master file database to cull out certain desired data -- the names, addresses, and other information about Judicial Watch donors. Klayman concedes, "The lists were rented by Klayman from Response Unlimited and ATA, and **tailored** pursuant to Klayman's direction." *See* Pl.'s First Mot. to Quash Subpoenas or in the Alternative Motion for Protective Order, Mem. at p. 12 (filing in or about November 2007)(emphasis added). Klayman's admission that he used these entities for his mailings certainly confirms Defendants' legal theory and highlights their need and right to obtain discovery from the subpoenaed entities.

Nevertheless, Klayman continues to seek to prevent Defendants' from obtaining this obviously important discovery, which includes: communications by and between Klayman and said entities and any third parties; agreements between Klayman and said entities; bills and invoices; list orders or "list selects"; and accountings of the results of any direct mail campaign. *See* Pl.'s Mot. Ex. 1 and 2. Due to their nature, the majority of these requests does not even fall within the definition of a "trade secrets" and cannot be the subject Klayman's Motion to Quash.

Nonetheless, the subpoenaed documents are central to the Defendants' claims (which Klayman partially concedes) and evidence Klayman's use of confidential and proprietary information in violation of his Severance Agreement. Certainly, Judicial Watch should have an opportunity to examine relevant information related to this claim.

## CONCLUSION

Klayman's effort is an outrageous attempt to block Defendants' legitimate right of discovery pursuant to a Court Order. At every opportunity, Klayman does all he can to increase the cost of this litigation -- without ever allowing the merits to be examined. Klayman once again only seeks to delay and waste judicial resources in addition to that of the Defendants.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Motion to Quash or in the Alternative for a Protective Order. In the Event the Court grants Plaintiff's Motion to Quash, or extends the time of the deposition of Monday, March 31, 2008, Defendants reserve their right to seek sanctions.

Respectfully submitted,

/s/
_____

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: March 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2008, a copy of the foregoing Objections was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/
_____
Juli Haller Simonyi

9