IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                           |   |                                           |
|-------------------------------------------|---|-------------------------------------------|
| LARRY KLAYMAN, *ET AL.*                   |   |                                           |
|                                           |   |                                           |
| Plaintiffs,                               |   |                                           |
|                                           |   |                                           |
| v.                                        |   | Civil Action No. 1:06-CV-00670            |
|                                           |   | Honorable Magistrate Judge Alan Kay       |
| JUDICIAL WATCH, INC., *ET AL.*            |   |                                           |
|                                           |   |                                           |
| Defendants.                               |   |                                           |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS OF PHILLIP SHELDON AND DIENER CONSULTANTS OR ALTERNATIVELY FOR PROTECTIVE ORDER**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Motion to Quash Subpoenas to Phillip Sheldon and Diener Consultants or, alternatively, for Protective Order:

STATEMENT OF RELEVANT FACTS

1. *Plaintiff served* the subject witness, Philip Sheldon and the Custodian of Diener Consultants, with deposition and documents Subpoenas, the Subject of Plaintiff's Motion to Quash. *See* Copy of Correspondence to and from Daniel Dugan, Esquire, dated January 30, 2008, attached as Ex. 1; see copy of Affidavit of Service of process from Dugan, Esq., attached as Ex. 2.

2. On January 31, 2008 the Court Ordered that Plaintiff serve Subpoenas issued by the Defendants set returnable for March 31, 2008 pursuant to this Court's Order of January 30, 2008. *See* Minute Order of January 30, 2008; *see also* Ex. 2.

3. Klayman now at the eleventh hour files an untimely *Motion to Quash said Subpoenas or in the alternative seeks a Protective Order* **one** business day before the set date for the Court Order Deposition of March 31, 2008.

4. Defendants submit Plaintiff has flagrantly violated the Court Rules. *See* Fed. R. Civ. P. 6, see also Fed. R. Civ. P. 45 Fed. R. Civ. P. 72, L. Cv. P. 7(m) and L. Cv. P. 72.2 or 72.3.

5. Defendants further submit that this Motion and other conduct with relation to the Motion constitutes a blatant violation of the Court's January 30, 2008 Order.

6. On January 30, 2008, the Court held a Telephonic Conference with all parties. *See* Court Minute Order of January 30, 2008. Defendants initiated said Conference due to Plaintiff's multiple failures to comply with various discovery requests, including his untimely objection to Philip Sheldon's scheduled deposition for January 31, 2008.

7. On January 30, 2008, the Court addressed the scheduled deposition and documents subpoenas which required that Mr. Sheldon to appear on January 31, 2008 at the Eden Suite Resorts in Lancaster, Pa. The Court granted Plaintiff's request for additional time but Ordered that Plaintiff *serve* the witness, Phillip Sheldon of Diener Consultants, at Plaintiff's expense, in Lancaster, Pennsylvania with Subpoenas prepared by the Defendants. Plaintiff did so. *See* Ex. 2. The Court further discussed that the date for the deposition to be scheduled with ample time for Plaintiff and further requested that it be notified whether Plaintiff successfully obtained service. *See* Court Minute Order of 01/30/08.

8. On January 30, 2008, in accordance with the Court's Order, Defendants sent new subpoenas **setting the March 31, 2008** date to Plaintiff for Plaintiff to serve on the

        subject witness. *See* Ex.1. The Plaintiff Confirmed receipt and confirmed all arrangements for service of process having been made. *See Id.*

9. At approximately 10:45 a.m. Plaintiff contacted the Undersigned via telephone and confirmed that successful service of the Witness had been obtained. *See* Copy of Defendant's filed Preacipe, Document No. 104, at p. 2, par. 5. Plaintiff faxed a copy of the affidavit of service to Defendants. *See* Ex. 2.

10. Nevertheless Plaintiff, on the evening of March 27, 2007 and the morning of March 28, 2007, filed an <u>*untimely*</u> Motion to Quash Subpoenas or in the Alternative seeks a Protective Order regarding Subpoenas that he served on a witness in this case.

11. U.S. District Court Judge Kollar Kotelly entered a Protective Order as to all discovery in this case on December 3, 2007. *See* Copy of Court Order dated 12/03/07.

12. Plaintiff failed to event attempt to confer with Counsel before filing this Motion pursuant to Rule 7(m). See L. Civ. P. 7(m). The last communication with regard to Mr. Sheldon's deposition and/or Diener's between the parties occurred when Defendants sent the Deposition Notices to Plaintiff. The first notice Defendants received of Plaintiff's Motion was the actual motion received last night via U.S. District Court's electronic filing system.

13. The Defendants scheduled the location and the Court reporter at least a month ago and already began preparations for the witness deposition.

ARGUMENT

A. <u>PLAINTIFF FAILED TO FILE A TIMELY MOTION AND THEREFORE, LACKS A LEGAL FOUNDATION TO SUPPORT THIS MOTION</u>

"[Q]uashing a subpoena goes against courts' general preference for a broad scope of discovery." *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). Plaintiff herein

3

seeks to quash a Subpoena he served on an untimely motion.

Rule 45 (c) (3) (A) of the Federal Rules of Civil Procedure allows the Court to quash or modify a subpoena upon a showing of undue burden on a timely motion.  See R. 45 (c) (3) (B).

> On *timely* motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it,
> (i)     fails to allow reasonable time for compliance;
> (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
> (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies;
> (iv)    or subjects a person to undue burden.

*See* Fed. R. Civ. P. 45 (c) (3) (A) (emphasis added).

Plaintiff failed to file such a timely motion therefore precluding a quashed or modified subpoena.  Rule 45 further allows that, "Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises-or to producing electronically stored information in the form or forms requested." *See* Fed. R. Civ. P. 45(c) (2) (B).

Klayman, through his counsel, and at his own expense served the new subpoenas on the witness on January 31, 2008, thereby waiving all objections to it.  See Ex. 1, Ex. 2.  Klayman only filed his Motion to Quash or in the Alternative for a Protective Order on the evening of March 27, 2008 and the morning of March 28, 2008, which is a Friday with regard to a deposition in Lancaster, Pennsylvania on Monday, March 31, 2008.  The Subpoenas were served

by Plaintiff on January 31, 2008. *See* Ex. 1. Nevertheless Plaintiff waited until the evening of March 27, 2008 to file his Motion to Quash a deposition scheduled for Monday March 31, 2008.

Moreover, if Plaintiff objected to the January 30, 2008 Order regarding Sheldon's deposition and Diener's documents subpoena, Plaintiff should have filed timely Objections. Plaintiff, however, failed to file an Objection to the Court's January 30, 2008 ruling, which must be filed within ten days of the Court's Order. *See* Fed. R. Civ. P. 72, see also L. Civ. P. 72.2 and 72.3.

B. **DEFENDANTS CAN SHOW SUBSTANTIAL NEED FOR THESE DOCUMENTS PRECLUDING A MOTION TO QUASH**

Firstly, Plaintiff lacks standing to make a motion to quash Subpoenas that he, a party in this action, served on a witness, a non-party. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) (*citing United States v. Nachamie*, 91 F. Supp. 2d 552, 559 (S.D.N.Y. 2000) (citations omitted); *Chiperas v. Rubin*, No. CIV. A. 96-130, 1998 WL 765126, at 2 (D.D.C. Nov. 3, 1998) (citations omitted.)  Plaintiff argues the purported confidentiality concerns of Diener Consultants and/or Phillip Sheldon, however, Diener or Sheldon have not filed objections to the subpoenas. *See* Pl. Mot. at 11. Plaintiff simply has no standing to assert their purported interests.

As for Plaintiff's purported interests in confidentiality, asserted in this untimely motion, Defendants can show substantial need for these documents precluding this untimely and legally improper motion.

### 1. A protective Order Exists already in this case as to all discovery

Plaintiff moves pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 45 arguing that this discovery should be curtailed and seeking in the alternative a Protective Order. *See* Pl. Mot. Most importantly, Plaintiff fails to mention to the Court that on December 3, 2007, this Court

5

entered a Protective Order that applies to all parties and to all discovery any party obtains in this case. *See* Court Order of 12-03-07. Plaintiff's current Motion for a Protective Order is disingenuous.

### 2. The Discovery Sought is Relevant and not Unduly Burdensome

Klayman argues that the subpoenas are unduly burdensome, overbroad and irrelevant. *See* Pl.'s Mot. at 6, *see also* Pl.'s Mot. at 8-11. Indeed, "the party opposing discovery must make a specific showing, supported by declaration, as to why the production sought would be unreasonably burdensome." *Pleasants v Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002).

Klayman fails to submit, by affidavit or otherwise, that "voluminous" responsive documents subject to some unspecified claim of burdensome or over breath even exist, much less that reviewing these documents would place an undue burden on him. *See Natural Resources Defense Counsel v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999) ("The Federal Courts reject out of hand claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it.")).

The Supreme Court has also recognized that "orders forbidding any disclosure of trade secrets or confidential commercial information are rare." *Fed. Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 n. 24 (1979).

The discovery is highly relevant to the Defendants' defenses and to the Defendants' counterclaims. Production will reveal evidence and information regarding the results of Klayman's fundraising efforts, which is directly relevant to Defendants' claim for damages resulting from Klayman's trademark infringement, unfair competition and breach of the non-disparagement clause. Moreover, the witness has had significant business relations with

Klayman and in relation to "Saving Judicial Watch."  Klayman's Second Amended Complaint includes a defamation claim against Defendants and alleges damages to Klayman's business reputation in an amount in excess of $1,500,000.00.  (*See* Second Amended Complaint at paras. 148-62 and wherefore clause at para. G.)  Defendants are entitled to discovery regarding Klayman's business reputation in order to counter his claim for $1,500,000.00 in damages.

   Defendants contend in Count VIII of their Counterclaims that Klayman violated the Lanham Act in his transactions with Phillip Sheldon and Diener Consultants, a company that managed "Saving Judicial Watch's" advertisements and direct mail fundraising campaigns, and other information.  *See* Ex. 3, Diener Consultants placement of advertisement for "Top Ten Reasons Fitton Should Resign;" *see* also, Ex. 4, copy of an advertisement from Washington Times National Weekly re: Top Ten Reasons Fitton Should Resign.

Defendants focus their requests on information such as agreements between Klayman and the Phillip Sheldon and/or Diener Consultants and their communications; and information as to the list selects/orders though which Klayman was able to obtain name, address and other proprietary information about JW donors.  *See* Pl.'s Mot. Ex. 1 and 2.  Phillip Sheldon and Diener placed advertisements regarding Tom Fitton and on behalf of "Saving Judicial Watch", an entity run by Klayman, advertisements that Defendants contend violate the Lanham Act in addition to evidencing other breaches by Plaintiff in the Counterclaims.  *See* Ex. 3.

Nevertheless, Klayman continues to seek to prevent Defendants' from obtaining this obviously important discovery, which includes: communications by and between Klayman and said witness and any third parties; agreements between Klayman and said witness; bills and invoices; and accountings of the results of any direct mail campaign.  *See* Pl.'s Mot. Ex. 1 and 2.  Due to their nature, these requests does not even fall within the definition of a "trade secrets" and

7

cannot be the subject Klayman's Motion to Quash.

Nonetheless, the subpoenaed documents are central to the Defendants' claims (which Klayman partially concedes) and evidence Klayman's breaches of the Severance Agreement. Certainly, Judicial Watch should have an opportunity to examine relevant information related to this claim.

## CONCLUSION

Klayman's effort is an outrageous attempt to block Defendants' legitimate right of discovery pursuant to a Court Order. At every opportunity, Klayman does all he can to increase the cost of this litigation -- without ever allowing the merits to be examined. Klayman once again only seeks to delay and waste judicial resources in addition to that of the Defendants.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Motion to Quash or in the Alternative for a Protective Order. In the Event the Court grants Plaintiff's Motion to Quash, or extends the time of the deposition of Monday, March 31, 2008, Defendants reserve their right to seek sanctions.

    Respectfully submitted,

    /s/
    _____
    Richard W. Driscoll (436471)
    Juli Haller Simonyi (466921)
    DRISCOLL & SELTZER, PLLC
    600 Cameron Street
    Alexandria, Virginia 22314
    703.340.1625 Telephone
    703.997.4892 Facsimile
    rdriscoll@driscollseltzer.com
    jhaller@driscollseltzer.com
    *Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: March 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2008, a copy of the foregoing Objections was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/
_____
Juli Haller Simonyi