IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Magistrate Judge Alan Kay |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS DUCES TECUM TO LAWYERS FOR LARRY KLAYMAN AND MOTION FOR RECONSIDERATION

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Motion to Quash *Subpoenas Duces Tecum* to Lawyers for Larry Klayman who assisted in Negotiation of the Severance Agreement and Motion for Reconsideration:

### INTRODUCTION

Klayman seeks to bar Defendants' fundamental right to obtain discovery by making nothing more than general assertions in support of a Motion to Quash. Klayman again ignores the Rules of Civil Procedure in failing to make any attempt to confer prior to filing this motion, which his own filing only confirms in its complete failure to even assert a failed attempt. *See* LCvR 7(m); *see also* Fed. R. Civ. P. 26(f).

Klayman, after ignoring the requirement to confer, makes only vague allegations of privilege and work product and only general assertions of irrelevance based on the parole evidence rule. Klayman *once again* fails to understand the right of discovery. At a minimum,

Defendants' discovery is reasonably calculated to lead to the discovery of admissible evidence. Moreover, even if a claim of privilege applied, then the claim requires a privilege log. *See* Fed.R.Civ.P 26(b)(5)(A).

Klayman's Motion further confuses his would-be "affirmative defenses" with the right of discovery. Defendants submit that the Motion is only another disingenuous maneuver by Klayman to once again further delay fact discovery. Not only should the motion be denied, but Defendants should be awarded attorney's fees and costs for Klayman's blatant violation of court rules and the Court's standing scheduling and procedures order, and for filing a discovery motion that was not substantially justified within the meaning of Rule 37(a)(5)(B).

## STATEMENT OF FACTS

Judge Kollar Kotelly set forth her Scheduling and Procedures Order,

> Counsel are referred to Local Rule LCvR 26.2 and expected to fully conform with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m), to confer in good faith ;n an effort to resolve any discovery dispute before bringing it to the court's attention. If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court. **Counsel shall not file a discovery motion without prior consultation with opposing counsel.** Counsel are advised that if the court is called upon to resolve such a motion, the losing attorney (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4).

*See* Scheduling and Procedures Order of April 25, 2007, Document 58, at p. 3, par. 4

Klayman made no attempt to confer with Counsel prior to filing this Motion. *See* Pl. Mot. Further, Klayman made no attempt to contact the Court prior to filing this Motion. Klayman failed to comply with Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m) and with this Court's Order of April 25, 2007. Klayman's unabashed violation of the Court Order and of the Rules must be sanctioned.

The Subject Subpoenas

Klayman puts at issue a Severance Agreement ("the Agreement") with Defendant Judicial Watch and asserts claims for breach of contract, defamation and unfair competition under the Lanham Act. *See* Pl.'s Am. Compl. Defendants not only deny Klayman's allegations but counterclaim against Klayman for breach of contract, trademark infringement, and unfair competition. *See* generally Defendants' Answer and Amended Counterclaims. Pursuant to these claims, Defendants' served subpoenas (collectively, "Subpoenas") on two of Klayman's former attorneys, Herbert Beller, Esquire and David Durbin, Esquire ("Plaintiff's former counsel"). *See,* copies of Subpoenas, attached as Ex. 1 to Pl.'s Mot. to Quash. Plaintiff's former counsel represented Klayman during both the negotiation and the execution of the Agreement and subsequent to the execution of the Agreement. Mr. Beller's and Mr. Durbin's names appear as witnesses on the Agreement. *See* Severance Agreement at p. 12 attached to Defs.' Answer, Countercl. Ex. 1.

Defendants clearly indicated on the face of the subpoenas and in each Request to Plaintiff's former counsel that Defendants seek only "*non-privileged*" documents. *See* Ex. 1 to Pl.'s Mot. to Quash at p. 4 of 15, pp. 6-7 of 15, Request Nos. 1 – 12; p. 11 of 15, pp. 13-14 of 15, Request Nos. 1-12.

ARGUMENT

A. PLAINTIFF FAILS TO SHOW A BASIS FOR A PRIVILEGE BASED OBJECTION TO SUPPORT PLAINTIFF'S MOTION TO QUASH

"[Q]uashing a subpoena goes against courts' general preference for a broad scope of discovery." *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). Rule 45 of the Federal Rules of Civil Procedure state that,

> on timely motion allows the Court to quash a subpoena if it
> (i)   fails to allow reasonable time for compliance;

3

>    (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
>    (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies;
>    (iv)    or subjects a person to undue burden.

*See* Fed. R. Civ. P. 45 (c)(3)(A).

Contrary to Klayman's allegations, Defendants made no requests for any privileged communications. *See* Pl.'s Mot. Mem. at pp. 1, 2, pars. 1 and 4; *see also* Pl.'s Mot. Ex. 1.

Instead, Defendants focus their requests on information that attorneys possess that involve communications and correspondence with third persons, including Defendants' counsel, David Barmak, in addition to billing records and other such *non- privileged* documents. *See* Ex. 1 of Pl.'s Mot. to Quash.

Klayman, however, generally argues, that "[n]ot only is this [Defendants' Requests] contrary to the parole evidence rule, as the Severance Agreement governs the agreed reasons Plaintiff left Judicial Watch to run for the U.S. Senate, but discovery of Plaintiff's counsel would violate attorney client and work product privileges." *See* Pl. Mot. at p. 2, par. 4. Klayman fails to specify the privileges allegedly at issue, provide a privilege log in support of any such privileges or even agree to produce those documents not subject to any claim of privileged. *See Id.*

As for a general response to Plaintiff's general objection on privilege, it should be noted that there is an important distinction in communications that contain attorney-client privileged communications and those that do not. The Court of Appeals for the District of Columbia Circuit has stated that, [t]he attorney-client privilege must protect "a client's disclosures to an

4

attorney," and "the federal courts extend the privilege also to an attorney's . . . communications to a client, to ensure against inadvertent disclosure, either directly or by implication, of information which the client has previously confided to the attorney's trust." *See Alexander v. F.B.I.*, 198 F.R.D. 306, 309-310 (D.D.C. 2000)(*citing, Coastal States Gas Corp. v. Department of* Energy, 199 U.S. App. D.C. 272, 617 F.2d 854, 862 (D.C. Cir. 1980)). The Court, however, when on to explain that, "[i]t is important to recognize that this rationale for the attorney-client privilege is inapplicable where an attorney is conveying to the client communications made to or by a third party. *See Id.* at 198 F.R.D. at 309-310, n.2. Plaintiff simply does not retain a blanket right of privilege for all communications and/or documents in his counsel's possession.

Moreover, Defendants have attempted to work with Plaintiff's former counsel and granted them significant additional time for preparation of the requested documents before serving the Subpoenas on February 26, 2008. The Undersigned contacted both Mr. Beller and Mr. Durbin, who agreed to accepted service of said Subpoenas back in November of 2007. *See* Copy of Correspondence to Mr. Durbin of February 26, 2006, attached as Ex. 1. At that time, both counsel requested that Defendants provide additional time for production and delay in serving said Subpoenas. Defendants agreed and delayed service. *See* Ex. 1.

The very fact that Mr. Beller and Mr. Durbin witnessed Klayman's acceptance and execution of the Agreement makes both witnesses to facts at issue in the case at bar. Defendants only asked for non-privileged documents, but, to the extent that Plaintiff makes some assertion of work product or some other claim of privilege, then the subpoenaed witness, upon producing non-privileged documents are required to produce a privilege log.

    B.    <u>PLAINTIFF FAILS TO SHOW UNDUE BURDEN OR IRRELEVANCE AND DEFENDANTS CAN SHOW SUBSTANTIAL NEED FOR THESE DOCUMENTS PRECLUDING A MOTION TO QUASH</u>

As a preliminary matter, since Defendants never even requested any privileged materials,

"undue burden" is the only arguable basis left upon which to quash said subpoenas. However, Plaintiff does not actually allege that production of the requested records would be unduly burdensome. Klayman altogether fails to cite to any specific basis to support this argument. *See* Pl.'s Mot. at p. 7. Nonetheless, Klayman cannot meet the heavy burden necessary to quash Defendants' subpoenas because the subpoenas seek evidence that is directly relevant to the issues in this lawsuit.

<u>The Parole Evidence Rule</u>

Plaintiff argues that the parole evidence rule bars the discovery Defendants seek because "Defendants want to take discovery to purportedly confirm their after the fact created version of the 'real reasons' Plaintiff left Judicial Watch." *See* Pl. Mot. at p.2, par. 3. Klayman's own argument acknowledges the relevance of Defendants' requests, but then seeks to block the most relevant documents from production.

If, Mr. Beller or Mr. Durbin possess non-privileged documents that shed light on the reasons for Klayman's departure from Judicial Watch, such documents obviously would constitute discoverable information. For example, communications between either Mr. Beller or Mr. Durbin and Judicial Watch's counsel, David Barmak, regarding the negotiation of the Severance Agreement or the reasons for Klayman's leaving Judicial Watch, consist of communications discoverable. Similarly, if Mr. Beller or Mr. Durbin communicated with the counsel of Plaintiff's former wife, Stephanie Luck Klayman, regarding the negotiation of the Severance Agreement or the reasons for Klayman's leaving the organization, such communications become discoverable as well. Klayman's blanket objection seeking to prevent Defendants from obtaining such obviously discoverable information fails to take into consideration Defendants' legitimate discovery rights.

Curiously, Klayman cites to *Jacobs v. Batavia & General Plantation Trust Ltd.*. [1924] which is a Chancery Court ruling out of the United Kingdom. The Court therein states, "[i]t is firmly established as a rule of law that parol evidence cannot be admitted to add to, vary or contradict a deed or other written instrument. Accordingly, it has been held that (except in cases of fraud or rectification and except, in certain circumstances, as a defense in actions for specific performance) parol evidence will not be admitted to prove that some particular term, which had been verbally agreed upon, had been omitted (by design or otherwise) from a written instrument constituting a valid and operative contract between the parties." *See Id.*, attached hereto as Ex. 2. Interestingly in this cite, it is recognized that one may go beyond the parole evidence rule in defense of an action seeking specific performance. *See Id.* Among his other claims, Klayman also seeks specific performance. *See* Pl. Am. Compl.

The citation to the Rule is also curious in that the Rule does not constitute a general bar to the right of discovery. Rather, it is a rule governing the proper construction of contracts in breach of contract actions. It has no bearing on Defendants' Lanham Act claim that Plaintiff competed unfairly with Judicial Watch by falsely representing the circumstances surrounding his departure from the organization. Nor does it have any bearing on Klayman's claim that Defendants disparaged him by allegedly creating false innuendo about the reasons for his leaving Judicial Watch.

<u>Other potentially highly relevant and discoverable information may be held by Plaintiff's Counsel</u>

Former counsel may possess, most evidently, communications with third parties related to the Agreement. This could include, among other matters, correspondence in relation to the monies owed by Klayman to Judicial Watch based upon the executed Agreement or upon expenses that were to be reimbursed to Judicial Watch, as well as in relation to Klayman's

7

alleged belongings he claims to have never obtained from Judicial Watch and even in relation to the health insurance he claims that Judicial Watch wrongly withheld from him. *See* Pl.'s Compl.

Klayman alleges that Judicial Watch breached the Severance Agreement by "fail[ing] to pay Klayman and his family for health care insurance." SAC at para. 66(C). For example, Klayman's former counsel may have non-privileged documentations relating to this claim.

Klayman alleges that Judicial Watch breached the Severance Agreement by converting and/or failing to return "Klayman's personal property and assets, as well as those of Klayman's law firm, Klayman & Associates." SAC at paras. 66(E), 126, 143. Other than a general reference to "artwork" in Judicial Watch's Miami, Florida office, Klayman fails to specify what "personal property and assets" Judicial Watch allegedly converted and/or failed to return. *Id*. at para. 143. Again, Klayman's former counsel may have non-privileged documentations relating to this claim.

Klayman alleges that Judicial Watch breached the Severance agreement "by failing to take affirmative steps to purchase" its Washington, D.C. headquarters and by failing to make a good faith effort to "remove Klayman as a personal guarantor of the lease" for its headquarters. SAC at paras. 66(F), 127, 145. Klayman's former counsel may have non-privileged information bearing on this claim.

Klayman alleges that Judicial Watch breached the Severance agreement by failing to "remove Klayman as guarantor for all credit card accounts as required by the Severance Agreement." SAC at para. 144. Klayman's former counsel may have non-privileged information bearing on this claim.

As Klayman's former counsel handled his representation throughout this period with relation to the subject Agreement and as evidenced in their witnessing of the Agreement,

8

Defendants are well within their rights to seek non-privileged materials from them. Plaintiff's motion lack any legal basis whatsoever and is not substantially justified within the meaning of Rule 37(a)(5)(B).

## CONCLUSION

Klayman's Motion is yet another transparent attempt to block Defendants' legitimate right of discovery. Klayman argues that such discovery is irrelevant and privileged while failing to supply any specific grounds to support such claims. Klayman's argument also is belied by the subpoenas themselves, which clearly request only *non-privileged* documents. Klayman's meritless claims waste the Court's resources and that of Defendants while prejudicing Defendants' fundamental right of discovery. Not only should the motion be denied, but Defendants should be awarded attorney's fees and costs for having to oppose Plaintiff's baseless motion.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Motion to Quash and Motion for Reconsideration and further Award Sanctions pursuant to Fed. R. Civ. P. 37(a)(4) as set forth in the Scheduling and Procedures Order of this Court for Plaintiff's failure to confer in violation of the Fed. R. Civ. P. 26 (f) and LCvR 7.1 (m) .

    Respectfully submitted,

    /s/
    _____
    Richard W. Driscoll (436471)
    Juli Haller Simonyi (466921)
    DRISCOLL & SELTZER, PLLC
    600 Cameron Street
    Alexandria, Virginia 22314
    703.340.1625 Telephone
    703.997.4892 Facsimile
    rdriscoll@driscollseltzer.com
    jhaller@driscollseltzer.com
    *Counsel for Defendants Judicial Watch, Inc.,*
    *Thomas J. Fitton, Paul J. Orfanedes and*
    *Christopher J. Farrell*

Dated: March 31, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March 2008, a copy of the foregoing was filed through the Court's Electronic Filing System.

    /s/
    _____
    Juli Z. Haller Simonyi