UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff,

  v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(April 2, 2008)

Currently pending before the Court are Plaintiff, Larry Klayman's [99] Objections to Magistrate Judge Alan Kay's [97] January 8, 2008 Memorandum Order concerning third party subpoenas, and Plaintiff's [103] Objections to Magistrate Judge Kay's [98] January 16, 2008 Memorandum Order regarding Defendants' motions to compel Plaintiff's answers to interrogatories and responses to requests for production of documents. The Court has throughly reviewed each of Magistrate Judge Kay's Memorandum Orders, the parties' briefing in connection with Plaintiff Klayman's Objections, and their briefing regarding the underlying motions upon which Magistrate Judge Kay ruled in his January 8 and 16, 2008 Memorandum Orders, and concludes that Plaintiff's Objections are unfounded and must be overruled. Accordingly, the Court shall affirm Magistrate Judge Kay's [97] January 8, 2008 and [98] January 16, 2008 Memorandum Orders in their entirety.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case, which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay.

*See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82]. Magistrate Judge Kay's January 8 and 16, 2008 Memorandum Orders relate to the discovery that is currently ongoing in this action.

On October 24, 2007, Defendants served subpoenas *duces tecum* on American Target Advertising, Inc. ("ATA"), Chester Mailing List Consultants, Inc. ("Chester"), and Response Unlimited ("Response"). *See* 1/8/08 Kay Order at 4. Defendants served a similar subpoena *duces tecum* on Diener Consultants, Inc. ("Diener") on October 29, 2007. *Id.* All four of these entities were "hired by Klayman to manage advertising and financial efforts related, in part, to funding for this litigation and other public interest matters on behalf of Klayman's clients. *Id.* Defendants' subpoenas seek, *inter alia*, production of "agreements between Klayman and the subpoenaed entities; communications between Klayman and the subpoenaed entities; and information as to the list selects/order through which Klayman was able to obtain name, address, and other proprietary information about [Judicial Watch] donors." *Id.* at 4-5. The time frame of the subpoenas' "request is from 2003 to the present." *Id.* at 5. On November 5, 2007, Klayman filed a Motion to Quash Subpoenas, or Alternatively for Protective Order. Defendants filed an Opposition to Plaintiff's Motion, Plaintiff filed a Reply Memorandum, and Defendants filed a Surreply, each of which Magistrate Judge Kay specifically mentioned in his January 8, 2008 Memorandum Order. *Id.* at 1. Plaintiff filed his Objections to that Memorandum Order on January 23, 2008, Defendants filed their Opposition to Klayman's Objections on February 4, 2008, and Plaintiff filed his Reply on February 12, 2008.

On June 13, 2007, Judicial Watch served its first set of interrogatories, and all Defendants

served their Request for Production of Documents, on Klayman. *See* 1/16/08 Kay Order at 4. Although Klayman's responses to both sets of discovery requests were due by July 16, 2007, Klayman did not respond until July 23, 2007. *Id.* at 5. On October 30, 2007, Defendants sent a letter to Klayman's counsel detailing what they perceived as the deficiencies in Klayman's responses. *Id.* Klayman served supplemental responses to Judicial Watch's interrogatories on November 9, 2007, and also indicated on that date that he "hope[d] to be in a position to produce responsive documents" the following week. *Id.* Judicial Watch also deemed Klayman's supplemental interrogatory answers non-responsive, and on December 12, 2007, filed separate Motions to Compel Plaintiff's Answers to Interrogatories [88] and to Compel Plaintiff's Responses to Defendants' Request for Production of Documents [89]. Plaintiff filed an Opposition to each Motion, and Defendants filed a Reply in support of each Motion, each of which Magistrate Judge Kay specifically referred to in his January 16, 2008 Memorandum Order. *Id.* at 1. Plaintiff filed his Objections to that Memorandum Order on January 31, 2008, Defendants filed their Opposition to Klayman's Objections on February 11, 2008, and Plaintiff filed his Reply on February 22, 2008.

### DISCUSSION

This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule

72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

The Court considers Magistrate Judge Kay's January 8, 2008 Memorandum Order before turning to his January 16, 2008 Memorandum Order.

  *A. Magistrate Judge Kay's January 8, 2008 Memorandum Order Shall Be Affirmed*

Magistrate Judge Kay's January 8, 2008 Memorandum Order denied Klayman's Motion to Quash the subpoenas issued to ATA, Chester, Response, and Diener. *See generally* 1/8/08 Kay Order. At the outset, the Court notes that Plaintiffs' Objections to that Order consist of six brief paragraphs that do not "specifically designate" the parts of Magistrate Judge Kay's Order to which Plaintiff objects or provide "the basis," i.e. any legal authority, for specific objections, as required by Local Civil Rule 72.2(b). Instead, Plaintiff purports to incorporate by reference his Memorandum in support of his Motion to Quash and his Reply in support of that Motion, "[f]or judicial efficiency." Pl.'s Objs. to 1/8/08 Kay Order ¶ 1. Plaintiff's avowed care for "judicial

efficiency," however, has precisely the opposite effect, as the Court is required to speculate as to which parts of his Memorandum and Reply Plaintiff believes demonstrate that Magistrate Judge Kay's January 8, 2008 Order is clearly erroneous or contrary to law.

Plaintiff raises three objections to Magistrate Judge Kay's January 8, 2008 Order, and the Court addresses each in turn. First, Plaintiff asserts that Magistrate Judge Kay erroneously relied upon the December 3, 2007 Protective Order entered by this Court in overruling Plaintiff's objections on the basis of overbreadth and relevancy, and failed to address each of those objections, along with Klayman's objection based on confidentiality "on the merits." Pl.'s Objs. to 1/8/08 Kay Order ¶ 3. To the contrary, Magistrate Judge Kay's detailed January 8, 2008 Memorandum Order specifically addressed Plaintiff's arguments that the subpoenas were overbroad and sought irrelevant information. *See* 1/8/08 Kay Order at 7. Magistrate Judge Kay's rejection of those arguments in no way relied upon the existence of the December 3, 2007 Protective Order. *Id.* Rather, Magistrate Judge Kay noted that the time frame of the subpoena requests (2003 to the present) corresponded with Klayman's obligations under the confidentiality provision of the Settlement Agreement at issue in Defendants' counterclaims, and therefore met the standard of relevance under Federal Rule of Civil Procedure 26 because they were at least "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Significantly, as Defendants explain in their Opposition to Plaintiff's Objections to Magistrate Judge Kay's January 8, 2008 Memorandum Order, their confidentiality claim primarily relates to Klayman's hiring of ATA in 2003-04, their claim that Plaintiff breached the non-competition clause of the Severance Agreement relates to Klayman's direct mail campaign under the name "Freedom Watch" in March-April 2005, and their non-disparagement and Lanham Act claims relate to

Plaintiff's "Saving Judicial Watch" and "Freedom Watch" mailings which began when this lawsuit was initiated in 2006 and continue through the present. *See* Defs' Opp'n re: 1/8/08 Kay Order at 3-7. As such, the time frame of Defendants' subpoenas is appropriately tailored to their counterclaims, and the Court has absolutely no basis for concluding that Magistrate Judge Kay's overruling of Plaintiff's objections based on overbreadth and relevance was clearly erroneous or contrary to law.

Magistrate Judge Kay did rely upon the Court's December 3, 2007 Protective Order in overruling Plaintiff's claim that the subpoenas sought trade secrets, proprietary or confidential information. *See* 1/8/08 Kay Order at 6-7. However, Magistrate Judge Kay's discussion of that claim shows the error of Plaintiff's assertion that Magistrate Judge Kay failed to consider Plaintiff's confidentiality objection on the merits. Rather, Magistrate Judge Kay reasonably concluded that any concerns regarding the confidentiality of information produced in response to Defendants' subpoenas would be adequately addressed by the Protective Order in place in this case. While Plaintiff may not agree with Magistrate Judge Kay's conclusion in that respect, he offers no grounds whatsoever for concluding that it was clearly erroneous or contrary to law.

Second, Plaintiff asserts that Magistrate Judge Kay erroneously relied upon the premise that the third parties to whom the subpoenas were issued did not file motions to quash the subpoenas, noting that ATA filed objections to the subpoena issued to it. Pl.'s Objs. to 1/8/08 Kay Order ¶ 4. However, as Defendants correctly note in their Opposition to Plaintiff's Objections to Magistrate Judge Kay's January 8, 2008 Order, ATA served *objections* to Defendants' subpoena, but did not move to quash the subpoena. *See* Defs' Opp'n re: 1/8/08 Kay Order at 10. Nor did Defendants move to compel ATA's responses, and as a result ATA's

objections were not properly before the Court.  Moreover, ATA's objections were based upon various claims of privilege and relevancy, but not upon an argument that the production of documents sought would be unduly burdensome.  *See* Pl.'s Reply in Support of Motion to Quash Subpoena, Exs. B and C, Docket Nos. [80-2] and [80-3].  As such, Magistrate Judge Kay's January 8, 2008 Order accurately noted that "none of the subpoenaed entities . . . have brought a motion to quash as they are entitled to do under Rule 45," and that "the subpoenaed parties have not objected to these requests on the ground that they impose an undue burden."  1/8/08 Kay Order at 7, 9.  Magistrate Judge Kay's January 8, 2008 Order was certainly not clearly erroneous or contrary to law for correctly observing that none of the subpoenaed parties had filed motions to quash.[1]

Third, Plaintiff asserts that Magistrate Judge Kay erred in failing to address the burdensomeness to Plaintiff or third parties of having to review documents responsive to Defendants' subpoenas before production to "assert privileges and other rights."  Pl.'s Objs. to 1/8/08 Kay Order ¶ 5.  To the contrary, Magistrate Judge Kay did consider the burden on Plaintiff that might result from the production of documents in response to Defendants' subpoenas, albeit in the context of considering Plaintiff's alternative motion for a protective order.  *See* 1/8/08 Kay Order at 9.  In that context, Magistrate Judge Kay noted that the subpoenaed parties themselves had not raised objections on the ground of undue burden, and concluded that Plaintiff had not shown a "clearly defined and serious injury" that would result to him from the production.  *Id.*

---

[1] As Defendants further note, ATA filed its objections to Defendants' subpoena before the Court entered its December 3, 2007 Protective Order, and noted in its objections that it was withholding documents until its objections "are resolved by good-faith resolution or court order."  Pl.'s Reply, Ex. B ¶ 7.  It is therefore entirely possible that the Court's December 3, 2007 Protective Order resolved ATA's objections.

7

(citing *Univ. of Mass. v. Roslin Inst.*, 437 F. Supp. 2d 57, 60 (D.D.C. 2006)). Similarly, Defendants are correct that "the federal courts reject out of hand claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it." *Nat'l Res. Def. Council v. Curtis*, 189 F.R.D. 4, 13 (1999) (citation omitted). As Plaintiff has failed to proffer such evidence, the Court cannot conclude that Magistrate Judge Kay's January 8, 2008 Order was clearly erroneous or contrary to law in concluding that Plaintiff's claims of burdensomeness to himself and third parties did not warrant quashing the subpoenas or issuing an additional protective order.

In sum, Plaintiff's Objections to Magistrate Judge Kay's January 8, 2008 Order are a far cry from leaving the Court with "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. Instead, the Court concludes that Magistrate Judge Kay's January 8, 2008 Order is well-reasoned, thorough, and supported by the record, and shall be affirmed as a result.

   B.  *Magistrate Judge Kay's January 16, 2008 Order Shall Be Affirmed*

Magistrate Judge Kay's January 16, 2008 Memorandum Order granted Defendants' Motions to Compel Plaintiff's Answers to Defendant's Interrogatories and to Compel Plaintiff's Responses to Defendants' Request for Production of Documents, specifically addressing each of the Interrogatories and Document Requests to which Defendants sought to compel responses. *See generally* 1/16/08 Kay Order. Again, Plaintiff's Objections to Magistrate Judge Kay's January 16, 2008 Order do not specify the parts of that Order to which Plaintiff objects or the precise legal grounds for his Objections, as required by Local Civil Rule 72.2(b). Rather,

Plaintiff again incorporates by reference his Oppositions to Defendants' Motions to Compel, without directing the Court to those portions that he believes establish that Magistrate Judge Kay's January 16, 2008 Order is clearly erroneous or contrary to law.

Klayman raises two objections to Magistrate Judge Kay's January 16, 2008. First, Klayman "objects to the Order to the extent that it finds that Plaintiff has waived any objections based on claims of attorney client privilege and work product, because he did not produce a privilege log at the time that the initial responses to Defendants [sic] documents [sic] requests were served," and offers to produce a privilege log along with the supplemental responses to Defendants' discovery requests required by Magistrate Judge Kay's January 16, 2008 Order, i.e., on or before February 20, 2008. Pl.'s Objs. to 1/16/08 Kay Order ¶ 2. Klayman's objection understates the reality in this case, which is that Klayman not only failed to produce a privilege log when he served his initial responses to Defendants' document requests in July 2007, but also did not produce a privilege log either when he produced some responsive documents in December 2007, or in response to Defendants' subsequent letters regarding the purported deficiencies in Plaintiff's responses. *See* Defs' Opp'n to Pl.'s Objs. to 1/16/08 Kay Order at 5. Most significantly, Klayman did not produce a privilege log or make a legal argument regarding the specific basis for any privilege asserted in his Oppositions to Defendants' Motions to Compel. *Id.*; *see also*, Pl.'s Opp'n to Def.'s Mot. to Compel Resps to Doc. Requests, Docket No. [92], Pl.'s Opp'n to Defs.' Mot. to Compel Ans. to Interrogs, Docket No. [93].

As Magistrate Judge Kay noted in his January 16, 2008 Order, "a general claim [of] privilege . . . is an inadequate response to a discovery request." 1/16/08 Kay Order at 19 (quoting *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y.1996)). Rather,

pursuant to Federal Rule of Civil Procedure 26(b)(5), a party that withholds otherwise discoverable information on the basis of a privilege must "(I) expressly make the claim [of privilege]; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Klayman not only failed to comply with Rule 26(b)(5) in response to Defendants' document requests, but also failed to do so when confronted with Defendants' Motions to Compel. As such, Magistrate Judge Kay was well within reason to conclude that Plaintiff had waived any claims of privilege, and in fact lacked any basis for concluding that Plaintiff's unsubstantiated and general claims of privilege were justified.

Plaintiff's belated offer to produce a privilege log does not demonstrate that Magistrate Judge Kay's January 16, 2008 Order was clearly erroneous or contrary to law, as it simply confirms that Plaintiff had not attempted to substantiate his claims of privilege before Magistrate Judge Kay ruled on Defendants' Motions to Compel. Nor does Plaintiff's belated offer resuscitate his waived claims of privilege. The proper time for Plaintiff to substantiate his claims of privilege was in connection with his initial responses to Defendants' discovery requests. Having failed to do so, Plaintiff certainly should have seized the opportunity in opposing Defendants' Motions to Compel. Plaintiff did not, and Magistrate Judge Kay therefore properly concluded that Plaintiff's various assertions of privilege did not warrant the withholding of documents responsive to Defendants' discovery requests.

Plaintiff's only other Objection to Magistrate Judge Kay's January 16, 2008 Order simply "objects to the Order's having overruled any relevancy objections, to the extent that it does so,"

stating that the "basis for Plaintiff's relevancy objections are found in the underlying pleadings by Plaintiff." Pl.'s Objs. to 1/16/08 Kay Order ¶ 3. Plaintiff fails to specify the "relevancy objections" that he believes Magistrate Judge Kay erroneously overruled; however, Magistrate Judge Kay's January 16, 2008 Order correctly noted that "it is not for Klayman to unilaterally decide which documents are relevant and should not be produced." 1/16/08 Kay Order at 18; *see also Alexander v. F.B.I.*, 186 F.R.D. 54, 59 (D.D.C. 1998) (noting that plaintiffs' statement that they would produce "all relevant information" did not constitute an objection based on relevancy, and stating that parties "may not arrogate to themselves the power to determine what constitutes a relevant document"). Plaintiff's responses to Defendants' discovery requests and his Oppositions to Defendants' Motions to Compel simply assert that Defendants seek irrelevant information, and thus fail to comply with Federal Rules of Civil Procedure 33 and 34, which respectively require that the grounds for objections to interrogatories "be stated with specificity," and that parties proffer "reasons" for specific objections to document requests. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B); *see also* Def.'s Mot. to Compel Ans. to Interrogs, Ex.2, Docket No. [88-5]; Defs' Mot. to Compel Resps. to Defs' Disc. Requests, Ex. 2, Docket No. [89-5]; Pl.'s Opp'n to Defs' Mot. to Compel Resps. to Doc. Requests, Docket No. [92]; Pl.'s Opp'n to Def.'s Mot. to Compel Ans. to Interrogs, Docket No. [93].

Furthermore, despite the paucity of Plaintiff's relevancy objections, Magistrate Judge Kay specifically considered each of the discovery requests to which Plaintiff raised a relevancy objection, and concluded that Defendants' requests did not seek irrelevant information. Again, Plaintiff's Objections certainly do not leave the Court with "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. Rather, the Court concludes that

11

Magistrate Judge Kay's January 16, 2008 thoroughly and thoughtfully considered each discovery request as to which Defendants moved to compel a response. The Court shall therefore affirm that Order in its entirety.

Accordingly, it is this 2nd day of April, 2008, hereby

**ORDERED** that Plaintiff's [99] Objections to Magistrate Judge Alan Kay's January 8, 2008 Memorandum Order concerning third party subpoenas, and Plaintiff's [103] Objections to Magistrate Judge Kay's January 16, 2008 Memorandum Order regarding Defendants' motions to compel Plaintiff's answers to interrogatories and responses to requests for production of documents are OVERRULED; it is further

**ORDERED** that Magistrate Judge Kay's [97] January 8, 2008 and [98] January 16, 2008 Memorandum Orders are AFFIRMED in their entirety.

**SO ORDERED.**

Date:   April 2, 2008

                                         /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge