IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
|
LARRY KLAYMAN,                          |
                                        |
            Plaintiffs,                 |
                                        |
v.                                      |          Civil Action No. 1:06-CV-00670
                                        |          (CCK)
JUDICIAL WATCH, INC., *et al.*,         |
                                        |
            Defendants.                 |
_____|

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S MEMORANDUM ORDER OF MARCH 12, 2008
CONCERNING SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, and Christopher J. Farrell, by counsel and pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Civil Rule 72.2, respectfully submit this Opposition to Plaintiff's Objections to Magistrate Judge's Memorandum Order of March 12, 2008 concerning Defendants' Supplemental Requests for Production to Plaintiff. As grounds, Defendants state as follows:

**MEMORANDUM OF LAW**

I.     **Introduction**

On March 12, 2008, Magistrate Judge Alan Kay issued a carefully-crafted and cogent ruling granting, in large part, Defendants' motion to Compel Plaintiff's Response to Defendants' Supplemental Requests for Production of Documents. (*See* Court Mem. Order of March 12, 2008 [117]). In so ruling, the Court specifically addressed each document request, summarized in six categories, after reviewing Plaintiff's objections and Defendants' specific arguments. (*See Id.*) Upon completion of this thorough review, the Court wrote that,

In addressing Defendants' request for sanctions in connection with their Motion to Compel Plaintiff's Answers to Defendants' Interrogatories [88], this Court [internal citation omitted] wrote: "After reviewing Defendants' interrogatories and document requests and Klayman's responses thereto, it is clear to the Court that Klayman is attempting to stonewall Defendants and otherwise subvert the purposes of discovery by providing patently evasive answers, asserting boilerplate objections, and unilaterally making determinations of relevance. This behavior is without question unacceptable, but the Court is willing to provide Klayman and his counsel with one more opportunity to conduct discovery in a professional and efficient manner." Despite this warning, Plaintiff failed to produce documents in response to the bulk of Defendants' Supplemental Requests. Plaintiff had ample opportunity to comply with the rules of discovery; having failed to do so, the Court finds that sanctions are warranted. Accordingly, the Court will order Plaintiff to compensate Defendants for the expenses, including attorneys' fees, that they incurred in bringing the instant Motion to Compel.

*See* Court Mem. Order, dated March 12, 2008, at p. 11 (*citing,* Mem. Order [88] dated 1/16/08 at 23.).

Undaunted by the Court's prior January 16, 2008 decision or the Court's March 12, 2008 decision, Klayman once again delays Defendants' right of discovery by filing baseless objections to the Court's March 12, 2008 ruling. Klayman's objections fail to meet the exacting standards governing challenges to the Magistrate Judge's ruling. Defendants, therefore, request that the Court overrule Klayman's Objections in their entirety.

## II.    <u>Procedural Background</u>

On November 2, 2007, Defendants served on Plaintiff their Supplemental Requests for Production of Documents, which became due on December 6, 2007. (*See* Defs.' Mem. Supp. Mot. [106-2] at 2; *see also,* Court March 12, 2008 Mem. Order [117] at p. 4). On December 17, 2007, Defendants sent their first letter requesting responsive documents to avoid a motion to compel, in an effort to confer and in an attempt to avoid unnecessary motion practice. (*See Id.*) On December 18, 2008 Plaintiff served written responses, which constituted Plaintiff's

Objections but failed to incorporate any documents. (*See Id.*) On January 9, 2008, Defendants yet again wrote Plaintiff and requested responsive documents to avoid a motion to compel. (*See Id.*)

On January 11, 2008, however, instead of receiving *any* responsive documents, Defendants received correspondence from Plaintiff claiming that documents produced to date responded to four of the Supplemental Requests (Nos. 13, 48, 56 and 57) and that another three of the Supplemental Requests (No. 32, 14 and 37) were duplicative. (*See* Def. Mot. at p. 6). Defendants followed up with a teleconference in another attempt to confer on January 17, 2008. (*See Id.*). After further delay by Plaintiff, Defendants requested a Court Telephone Conference, which the Court held on January 30, 2008. (*See* Court Minute Order of January 30, 2008.) At said Conference, the Court granted Plaintiff another opportunity to comply with the outstanding demands but also set forth that Defendants were to file their Motion to Compel by February 6, 2008, if still necessary. (*See Id.)* On February 1, 2008, Defendants sent Plaintiff another written letter specifically detailing each request, each objection, and the deficiency at issue and the parties held another telephone conference. (*See* Defs.' Mot. at p. 8). Defendants filed their Motion to Compel on February 6, 2006. (*See Id.* generally)

## II.     Factual Background

As this Court knows, in this action, Plaintiff, Larry Klayman ("Klayman"), filed claims against Defendants for purportedly breaching a September 19, 2003 severance agreement, and seeks damages, which includes a claim of rescission. (*See* Second Am. Compl.) Plaintiff, who left Defendant Judicial Watch, Inc. on September 19, 2003, claims that Defendants violated the Lanham Act, 15 U.S.C. § 1125(a), by misusing his name and likeness in the October 2003 edition of Defendant Judicial Watch, Inc.'s newsletter. (*See* Def. Mot. at p. 22). Plaintiff sued

Defendants for defamation alleging that Defendants published various false statements to the media and others representing that Plaintiff owed Defendant Judicial Watch, Inc. "certain monies," a "significant sum of money," and/or "more than a quarter of a million dollars." (*See Id.* at 17-18). Plaintiff alleges that these statements harmed Plaintiff's business reputation and Plaintiff's reputation in his trade and profession. *See Id.* Klayman seeks monetary damages in excess of $500,000.00 on his breach of contract claim, $1,500,000.00 on his Lanham Act claim, and $1,500,000.00 on his defamation claims. (*See* Am. Compl. at [w] herefore Clause, paras. C, D, E, and G.)

Judicial Watch and Thomas J. Fitton ("Fitton") asserted counterclaims against Klayman. (*See* Am. Countercl.), including for breach of the severance agreement, trademark infringement, unfair competition, and cybersquatting. (*See* Def. Reply Mem. at p.16, *see also,* p. 16, f.n. 1) Judicial Watch's claims arising under the severance agreement include claims for violating the agreement's confidentiality, non-competition, and non-disparagement clauses, as well as for failing to repay various debts, as required under the severance agreement. (*See Id.*) Fitton has also asserted a counterclaim against Klayman for breach of the agreement's non-disparagement clause. (*See* Def. Mot. at p. 25)

## III. Argument

### A. Legal Standard Governing Objections to Magistrate Orders

In the context of filing "objections" to a Magistrate's order, LCvR 72.2(c) permits the Court to modify or set aside any portion of the order "found to be clearly erroneous or contrary to law". This Court set forth the standard governing such motions in *Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp.2d 1 (D.D.C. 2006), in which it denied a motion for reconsideration of a discovery ruling made by Magistrate Kay:

Local Civil Rule 72.2(b) states that "[a]ny party may request the

judge to reconsider a magistrate judge's ruling under paragraph (a) by filing a motion to reconsider within 10 days[.]"  Local Civil Rule 72.2(c) sets forth the basis for reconsideration, stating that "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  *See also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") (emphasis original).  A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'"  *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001).

Furthermore, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled."  *United States v. Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)).  Nor is it "a vehicle for presenting theories or arguments that could have been presented earlier," *Id.* at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Prot. Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989).  Indeed, "[p]arties must take before the magistrate, not only their best shot, but all of their shots."  *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

*Globalaw Ltd.*, 452 F. Supp.2d at 59-60.

Local Rule 72.2 also requires that a movant "shall specifically designate the order or part thereof to which objection is made, and the basis for the objection."  LCvR 72.2(b).  Klayman previously filed such an Objection with regard to the Magistrate's Ruling of January 8, 2008, and at a minimum, became aware of the Rule when Defendants cited it, however, Klayman again fails to specify specific portions of Magistrate Kay's March 12, 2008 Order that are alleged to be erroneous.  He further fails to cite any support for establishing that the Court clearly erred as a matter of fact or law.  On clear notice of the Rule's requirements, Plaintiff's Objections again fail

to meet the standard.

**B.    Plaintiff's "Objections" are Meritless**

Plaintiff raises arguments that lack specificity and merit.  None of which meet the standard and show that a "definite and firm conviction that a mistake has been committed." *Globalaw Ltd.*, 452 F. Supp.2d at 59 (internal citations and quotations omitted).

Klayman first raises a "catch all" argument that,

> Magistrate Judge, however well intentioned, does not analyze in his order the irrelevant and grossly overly broad scope of the supplemental document requests, and avoids as well discussing an alternative method for all parties to obtain the financial compilations they may need should liability be proved.  The Magistrate Judge apparently believes that with a protective order there is no need for this analysis based on relevancy, over breath, privilege and other legitimate objections.

(*See* Pl.'s Objections [123] at p. 3).

In the underlying proceedings, Klayman essentially objected to Defendants' Supplemental Requests as: (1) overly broad; (2) unduly burdensome; (3) irrelevant; and (4) seeking documents "calculated only conduct a fishing investigation of his personal life and finances."  (*See Id.)*  The court rejected each of Plaintiff's "catch all" objections on the merits and specifically with regard to each of the Supplemental Requests.  (*See* Court's Mem. Order [117].)

In his current Objection, Plaintiff again generally objects to the relevancy and burdensome nature of requests for financial information, without specifying to which requests he specifically objects.  (*See* Pl. Objection at p. 3).  He raises an argument, seemingly for the first time, that he would produce his financial information to an "independent CPA" who could then determine which documents "might be relevant to alleged trademark infringement or defamation damage claims."  (*See Id.)*  Evidently his untimely suggestion lacks merit as he again misunderstands the spirit of discovery.  A party 'is not only entitled to discovery of admissible

6

evidence, but also to discovery of information "reasonably calculated to lead to the discovery of admissible evidence." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985)(further citations omitted).

The court first addressed Document Requests 1-7, 9-13, 15, 17[i], 19, 21-23, 25-30, 33-38 and 56. The Court reiterated the standard that boiler plate and non-specific objections are inconsistent with the Federal Rules of Civil Procedure. (*See* Mem. Order at p. 7.) The Court further found "that these document requests seek relevant information and that Plaintiff has not adequately demonstrated that the requests are vague, ambiguous, overly broad, burdensome or harassing." (*See Id.)*

The Court gave Plaintiff the opportunity to move with regard to specific documents on the grounds of privilege (Nos. 13[ii], 34[iii], 35[iv] or 56[v]). (*See Id.*). Nevertheless Plaintiff has failed to produce any non-privileged or responsive documents to these Requests much less any form of a privilege log – to date.

With regard to Request No. 13, Defendants are entitled to discovery to defend on the claims of his allegedly defamed reputation. (*See* Def. Mot. at pp.17-18). As stated, Plaintiff sued

---

i The Court also separately addressed Request No. 17. (*See* Court Mem. Order at p. 9).

ii Request No. 13 seeks, "For the period 2001 to the present, any and all documents relating to all debts, current and/or delinquent alleged to be owed by you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; (4) Klayman & Associates, P.C.; or (5) The Klayman Law Firm. Documents include, but are not limited to, correspondence, emails, invoices, bills, statements, pleadings, liens, payments, etc.

iii Request No. 34 seeks, "Any and all documents between you and Sandra Cobas that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc."

iv Request No. 35 seeks, "Any and all documents between you and Gennifer Flowers that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

v Any and all documents between you and David Barmak, Esquire that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc

Defendants for defamation alleging that Defendants published various false statements to the media and others representing that Plaintiff owed Defendant Judicial Watch, Inc. "certain monies," a "significant sum of money," and/or "more than a quarter of a million dollars." Plaintiff makes broad claims of his defamed reputation and damaged credit based on further alleged misconduct by Defendants, yet has not produced responsive documents to this request. (*See Id.*) In responding to Requests Nos. 34 and 35, Plaintiff failed to produce any discovery with regard to Ms. Klayman or Ms. Cobas, yet Plaintiff referenced Ms. Cobas in his pleadings (*see Def. Mot.* at p. 29), and expressly identified his former wife and Ms. Cobas in his Initial Disclosures as individuals likely to have discoverable information. (*See Id.* at pp. 29-30). Similarly in Request No. 56, Plaintiff raises an objection of privilege, albeit Mr. Barmak represented Judicial Watch, Inc. in the negotiations that resulted in the Severance Agreement with Plaintiff wherein David Durbin, Esquire and Herbert Beller, Esquire represented Plaintiff. (*See Id.* at pp. 35-36).

The Court recognized the relevancy of these Requests and did not, as Plaintiff would argue, commit an error of law or fail to analyze Klayman's relevancy or burdensome objections. (*See* Court Mem. Order at p. 7).  The court gave Plaintiff additional latitude, even after finding that Klayman repeatedly failed to comply with discovery requests, failed to submit valid and specific objections and failed to provide a privilege log.  (*See Id.* (Court allowed Plaintiff to file a motion based on privilege regarding each specific document on certain Requests)).

Plaintiff further argues that the court further continually cited the Protective Order already issued in this case as a basis to avoid an analysis on the "irrelevant and grossly over broad scope of the supplemental requests."  (*See* Pl. Objection at p. 3).  The Court did not, as Klayman asserts, rely on the existence of the Protective Order in rejecting Klayman's arguments

about over breadth and relevance.  (*See* Court Mem. Order).  Magistrate Kay treated each of these issues separately and distinctly.

With regard to Requests 2-10, the Court should recognize that the Requests are nearly identical to the Requests made via Document Subpoenas to third party vendors (ATA, Chester Consulting, Diener and Response Unlimited) that were the subject of Plaintiff's Motion to Quash that was recently ruled on by this Court.  (*See* Court Order of April 2, 2008 [134] affirming Judge Kay's Order Denying Plaintiff's Mot. to Quash [97]; *see also,* Def. Mot. at 10-11). Plaintiff had argued in support of his Motion to Quash that the documents at issue in the motion to quash could be obtained directly from him yet he has not produced any such documents.  (*See* Def. Mot. at p. 10).

Moreover, Klayman seems to object to the Court's ruling regarding Requests Nos. 11[vi] and 12[vii], although, failing to specify said specific objections.   (*See* Pl. Objection at p. 5, par. 4.) While Klayman attempts to set forth a passionate discourse on the harmful intent he attributes to Defendants with regard to discovery as to Ms. Underberg Golden and Ms. Eddy, he again fails to recognize the spirit of discovery.   Significantly, Defendants seek documents in Klayman's possession in relation to two former employees of the Defendants who are relevant to the Defendants' Counterclaims.  (*See* Def. Mot. at pp. 15-16)  The argument by Klayman lacks any legal basis with which to prevent the Defendants from reviewing such documents in discovery.

---

[vi] Any and all documents relating to Denise Underberg Golden, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.
[vii] Any and all documents relating to Rebecca L. Eddy, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

The Court further found remaining requests in this first category, Nos. 15[viii] 19[ix], 21[x] -[xi]23[xii], 25-30[xiii], 33[xiv], 36[xv], 37[xvi] and 38[xvii] also relevant, lacking specific and valid objections and lacking any privilege log.  (*See* Court Mem. at 6-7).   Request No. 15 and No. 33 relate to Plaintiff's claims of defamation, wherein Plaintiff put his debts, creditworthiness, and reputation for paying his bills directly at issue in his Amended Complaint when he claimed that Defendants damaged him by failing to take him off as a guarantor in various transactions.  (*See* Defs.' Mot. at p. 18 and at p. 28).   Request Nos. 19, 23 and 27 again address the same subject matter that Requests Nos. 2-10 address, which the Court recently ruled on in overruling Plaintiff's Objection to the Court's Denial of Plaintiff's Motion to Quash Subpoenas to third party vendors.  (*See* Court Order of April 2, 2008 [134]).   Request Nos. 21 and 22 make discovery requests with

---

viii Any and all of your credit reports for the period September 20, 2003 to the present.

ix Any and all documents relating to direct mailing and/or solicitation for donations to your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman."

x Any and all endorsement contracts and/or documents relating to payments to you for use of your name and/or likeness.

xi Any and all endorsement contracts and/or documents relating to payments to you for personal appearances for the period September 20, 2003 through December 31, 2003.

xii Any and all documents relating to results for each direct mail and/or advertising campaign by "Saving Judicial Watch," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

xiii 25 Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Saving Judicial Watch." 26. All tax returns, financial statements, and other financial records regarding "Saving Judicial Watch." 27. Any and all documents relating to results for each direct mail and/or advertising campaign by "Freedom Watch, Inc.," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc. 28. The general ledger or check ledger for "Freedom Watch, Inc." 29: Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Freedom Watch, Inc." 30: All tax returns, financial statements, and other financial records regarding "Freedom Watch, Inc."

xiv An executed original of the attached release authorization for your consumer credit history.

xv Any and all documents between you and Stephanie Luck Klayman that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

xvi Any and all documents between you and Peter Paul that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

xvii Any and all documents between you and Louise Benson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

regard to Klayman's "celebrity status" that he put in issue with his Lanham Act claim.  (*See* Defs.' Mot. at 22-23).

Request Nos. 25, 26, 28, 29 and 30 relate to the Defendants' Counterclaims of trademark infringement, unfair competition, cybersquatting, and breach of the September 19, 2003 severance agreement's non-disparagement clause and noncompetition clause arising from this fundraising campaign.  (*See* Defs.' Mot. at pp. 25-27).  These requests further seek information bearing on Defendants' claim that Plaintiff infringed on Defendant Judicial Watch, Inc.'s federally registered trademarks and made false and disparaging statements in advertisements and in numerous direct mail fundraising solicitations, as well as on his "saving judicial watch" website.  (*See Id.*)  Request Nos. 36-38 request documents related to witnesses identified by Plaintiff in his initial disclosures as persons with relevant information in this case.  (*See Id.* at pp. 30- 32*)*

Document Request Nos. 14,16, 20, 31, 39-54, 57 and 60 and Nos. 8, 18 and 24

The Court next addressed Defendants Requests, Numbers 14,16, 20, 31, 39-54, 57 and 60 wherein the Court recognized that Plaintiff responded in his written Responses (Objections) that he would produce "relevant and non-privileged" documents in response to these Requests but never actually made such documents available to Defendants.  (*See* Court Mem. Order at 8).  The Court further reiterated to Plaintiff that it is the Court who determines relevancy of documents and not Plaintiff.  (*See Id.*)  Again, it is Klayman, not Magistrate Kay, who is clearly erroneous. The Court for the same reasons also ordered that Klayman produce responses to Document Requests Nos. 8, 18 and 24.  (*See Id.*)

The Court denied Defendants' Motion as to Request No. 17, which we assume the Plaintiff does not object to.  (*See* Court Mem. Order at 9).

As to Request No. 32, the Court found Klayman's objection lacking merit, on the grounds that the Request was duplicative, and, therefore, ordered Klayman's response. (*See Id*). The Court further reviewed Klayman's assertions with regard to Request No. 55, Defendants' submissions and Klayman's failure to further support his assertions, and therefore, ordered that Klayman comply with said Request. (*See Id.* at p. 10).

Klayman's final argument appears to fail to relate to this Court's Memorandum Order of March 12, 2008. (*See* Pl.'s Objection at p. 6). Klayman argues that the Court wrongly punishes Klayman for his counsel's reliance on professional courtesy in obtaining an informal extension of time, and, that Defendant's counsel "sandbagged" Plaintiff. (*See Id.*) Klayman's argument is confusing because the Court specifically ruled that "the Court will not find that Plaintiff's objections and claims of privileged were waived on account of his untimely responses to Defendants' document requests." (*See* Court Mem. Order at p. 5, f.n. 5).[xviii] The conduct to which Klayman refers, that Plaintiff, through counsel, acted on what Plaintiff believed constituted an extension of time, altogether fails to relate to the conduct for which the Court granted sanctions. The Court granted Defendants' sanctions for attorneys' fees and expenses that Defendants incurred in bringing the Motion to Compel based on Plaintiff's failure to comply with the rules of discovery and produce requested documents -- despite ample opportunity and a prior warning with regard to the standards of discovery. (*See* Court Mem. at p. 11).

Plaintiff's reference to Defendants "sand bagging" Plaintiff, includes four letters written in an attempt to confer, which began on December 17, 2007 through February 1, 2008, telephone calls with Plaintiff's Counsel and Plaintiff pro se and a Court Teleconference, held on January 30, 2008, prior to the filing of Defendants' Motion to Compel on February 6, 2008 for responses

---

xviii Defendants argued in their Motion to Compel that Plaintiff waived his objections as they were untimely. (*See* Defs' Mot. at pp. 3-5). The Court specifically ruled that Plaintiff had not waived his Objections when he served his untimely responses. (*See* Court Mem. Order at p. 5, f.n. 5).

that should have been due on December 3, 2007.  (*See* Defs.' Mot. to Compel at pars. 7, 14, 17,

23, referencing deficiency letters dated December 17, 2007, January 9, 2008, January 18, 2008

and February 1, 2008, respectively; *see also*, pars. 13, 17, 23 referencing telephone conversation

held on January 8, 2008, January 17, 2008 and February 1, 2008, respectively).

### IV.  Conclusion

Klayman's Objections lack merit and fail to satisfy the burden to overrule the Court's

Order that is required.  Klayman, even after the Court issued Sanctions against him for his

practice of stone walling discovery, continues to stonewall and delay Defendants' legitimate

discovery requests.  The Court's extension of discovery to May 15, 2008 fast approaches and the

repeated discovery delays continue to prejudice these Defendants while wasting judicial

resources.  Accordingly, Klayman's Objections should be rejected in their entirety.


Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: April 10, 2008

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this <u>10th</u> day of <u>April</u>, 2008, a true copy of the foregoing

Opposition was filed with the Court's Electronic Filing System, which serves all Counsel of

Record.

_____//s//_____
Juli Z. Haller Simonyi