IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                              |   |                                               |
|----------------------------------------------|---|-----------------------------------------------|
| LARRY KLAYMAN, *ET AL.*                      |   |                                               |
| Plaintiffs,                                  |   |                                               |
| v.                                           |   | Civil Action No. 1:06-CV-00670                |
|                                              |   | Honorable Magistrate Judge Alan Kay           |
| JUDICIAL WATCH, INC., *ET AL.*               |   |                                               |
| Defendants.                                  |   |                                               |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH [DOCUMENT 142]

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell"), by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's Motion to Quash subpoenas issued to Maureen E. Otis and American Caging, Inc.:

### INTRODUCTION

Klayman once again seeks to bar Defendants' fundamental right to obtain discovery by making only most bear-bones, generalized, and unsubstantiated assertions in support of his most recent Motion to Quash. Klayman also once again ignores the Federal Rules of Civil Procedure, this Court's Local Rules, and Judge Kollar-Kotelly's standing order, by failing to make any attempt to confer prior to filing his motion. *See* Fed.R.Civ.P. 26(f); LCvR 7(m); Scheduling and Procedures Order of April 25, 2007.

While Klayman appears to possibly suggest that the Objection he filed with the Court, inappropriately, on or about April 25, 2008, constitutes an effort to confer, Defendants wrote Klayman in response to said Objection and demonstrated that it was insufficient on its face. Instead of attempting to contact Defendants in response to their letter, or to contact the Court

jointly, as is required by the Court's Scheduling and Procedures Order, Klayman filed the instant Motion to Quash, wherein he again makes only vaguest assertions of privilege based on an alleged attorney client relationship with Ms. Otis, with whom he also maintained a business relationship. If a claim of privilege applies to a question Defendants may ask of Ms. Otis at her deposition, Mr. Klayman obviously may object at that time. To seek to prevent an entire deposition from going forward, however, simply is not proper. Regarding the subpoenas *duces tecum*, any claim of privilege obviously requires the production of a privilege log. *See* Fed. R. Civ. P 26(b)(5)(A). Klayman's Motion to Quash again also confuses his would-be "affirmative defenses" with Defendants' right to obtain discovery. Defendants submit that Klayman's motion is yet another maneuver by Klayman to once again further delay fact discovery.

## STATEMENT OF FACTS

On April 22, 2008, Defendants sent Klayman a Notice of Deposition and a copy of Defendants' deposition and document subpoenas to Maureen Otis and American Caging, Inc. (*See* Ex. 1, attached copy of deposition notice, Ex. 2 and Ex. 3, subpoenas to Otis and to American Caging). Klayman made no attempt to confer with Defendants prior to filing his Motion to Quash. *See* Pl. Mot. Klayman instead filed with the Court a general and vague objection on Friday, April 25, 2008, which, as a party rather than a person or entity subject to a subpoena, he lacked standing to do. (*See* Pl.'s Objection, [Document 139], Ex. 2; *see also,* Fed. R. Civ. P. 45(c)(2)(B)). Defendants notified Klayman on Monday, April 28, 2008 that his Objection lacked merit and that they intended to proceed with the discovery sought from Ms. Otis and American Caging, Inc. (*See* copy of April 28, 2008 correspondence, attached as Ex. 4.) Defendants also reminded Klayman of Judge Kollar Kotelly's Scheduling and Procedures Order of April 25, 2007 and specifically pointed out that the Court requires the parties to contact

2

Chambers before filing a discovery motion. (*See Id.*) Nonetheless, Klayman made no attempt to confer with Defendants prior to filing his Motion. Klayman, apparently following his own rules of civil procedure, once again failed to comply with Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m) and this Court's Order of April 25, 2007.

### The Subject Subpoenas

Briefly, at issue in this litigation are Klayman's claims for breach of the parties' September 19, 2003 Severance Agreement ("Severance Agreement") as well as claims for defamation and unfair competition under the Lanham Act. (*See* Pl.'s Sec. Am. Compl.) Defendants not only deny Klayman's allegations, but have asserted counterclaims against Klayman for breach of contract, trademark infringement, cybersquatting, and unfair competition under the Lanham Act. *See* generally Defendants' Answer and Amended Counterclaims.

Klayman moves to quash Defendants' deposition and document subpoenas to Maureen Otis, Esquire and American Caging, Inc.'s Custodian of Records. (*See* Pl. Mot.) It is undisputed, however, that Klayman retained American Caging, Inc. to perform "caging" services for his various direct mail fundraising endeavors.[1] (*See* Ex. 4, copy of Klayman's deposition Tr. at 248 L.9 – L.15; *see also*, Ex. 5, a draft caging agreement between Klayman and American Caging, Inc.). The draft caging agreement contains a signature line for the witness, Otis as President of American Caging, Inc. and not as counsel to Klayman. (*See* Ex. 5 at p. 6). Klayman's fundraising efforts, which were facilitated through the services of American Caging, Inc., directly relate to Defendants' counterclaims against Klayman, including their counterclaims for breach of the non-disparagement provisions of the Severance Agreement, trademark infringement, and unfair competition in violation of the Lanham Act. (*See* Defs.' Countercl.

---

[1] "Caging" refers generally to the opening, processing, and accounting of contributions a charitable or non-profit organization receives by mail from its supporters.

3

generally; *see also,* Ex. 7, copy of "Freedom Watch" mailing sent on or about October 24, 2007).

## ARGUMENT

A    PLAINTIFF FAILS TO SHOW A BASIS FOR A PRIVILEGE BASED OBJECTION TO SUPPORT PLAINTIFF'S MOTION TO QUASH

"[Q]uashing a subpoena goes against courts' general preference for a broad scope of discovery." *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). Rule 45 of the Federal Rules of Civil Procedure state that,

> on timely motion allows the Court to quash a subpoena if it
> (i)    fails to allow reasonable time for compliance;
> (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
> (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies;
> (iv)    or subjects a person to undue burden.

*See* Fed. R. Civ. P. 45 (c)(3)(A).

Klayman asserts in a broad and conclusory fashion that discovery from Ms. Otis, the President of American Caging, Inc., would violate the attorney client privilege. *See* Pl. Mot. at p. 2, par. 4. Klayman fails to provide any specificity about how the discovery Defendants seek from a vendor that provides caging services for his fundraising operation implicate the attorney-client privilege. Nor does he provide a privilege log or even agree to produce those requested documents that are not subject to a claim of privilege. *See Id.*

This Court has recognized that, "the burden is on the party claiming the privilege to show that the consultation was professional and confidential. The privilege for communications of a client with his lawyer hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice. …. The burden of proof

4

… rests on the person asserting the privilege to show that the consultation was a professional one." *SEC v. Gulf & Western Industries, Inc.*, 518 F. Supp. 675, 682 (D.D.C. 1981)(citing McCormick on Evidence, § 88 at 179 (2d Ed. 1972); (further citations omitted). In *SEC v. Gulf & Western Industries, Inc.*, this Court found that the party claiming privilege failed to show that the advice was provided in a professional legal relationship due to the multiple business roles held by counsel. *See Id.* at 684.

As for a general response to Plaintiff's general objection on privilege, it should be noted that there is an important distinction in communications that contain attorney-client privileged communications and those that do not. "Only communications that seek 'legal advice' from a professional legal advisor in his capacity as such' are protected." *Minebea Co. v. Papst*, 228 F.R.D. 13, 21 (D.D.C. 2005) (*citing In re Lindsey*, 158 F.3d at 1270 (*citing* 8 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2292 at 554 (McNaughton rev. 1961); *see also Lugosch v. Congel*, 219 F.R.D. at 235 (An attorney-client privilege "attaches to only those communications (1) where legal advice of any kind is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communication relates to that purpose, (4) made in confidence, (5) by the client, and (6) are at his or her insistence permanently protected, (7) from disclosure by the client or the legal advisor, (8) except if the protection is waived.").

This Court addressed whether a party attorney's deposition could be taken where that attorney had also acted in a business capacity. *See Evans v. Atwood*, 1999 U.S. Dist. LEXIS 17545 (D.D.C. Sept. 29, 1999). The Court differentiated the case from other such cases on the grounds that the communications sought related to the attorney's business role and not to the attorney's role as counsel. *See Id.* The Court found that, "[c]ommunications made by and to [an] in-house lawyer with respect to business matters, management decisions or business advice

are not protected by the privilege." (*citing Boca Investerings Partnership v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)(rev'd on o' grounds). "Because an in-house lawyer often has other functions in addition to providing legal advice, the lawyer's role on a particular occasion will not be self-evident as it usually is in the case of outside counsel."[2] *See Id.* at 12.

Ms. Maureen Otis does not represent Plaintiff in the case at bar and further, Klayman worked with her in a business role, where she, pursuant to his own testimony, performed his caging operations. Plaintiff simply does not retain a blanket right of privilege for the communications and/or documents sought.

The fact that Ms. Otis may have also provided legal services to Klayman -- if, in fact, Klayman can demonstrate that this was the case -- does not negate the fact that Mr. Klayman also used American Caging, Inc. to provide caging services for his fundraising efforts. Because Ms. Otis is the President of American Caging, Inc. she is an important fact witness who possesses material, discoverable information about regarding the caging services her company provided to Klayman. In addition, documents in the possession, custody, and control of American Caging, Inc. regarding Klayman's fundraising efforts are relevant and material to this lawsuit, and, therefore, are discoverable. To the extent that Plaintiff might seek to assert the attorney-client privilege with respect to any legal services Ms. Otis may have provided to him, if in fact any such services were provided, then the proper way to proceed would be for Klayman to assert an

---

[2] The possession of a law degree and admission to the bar is not enough to establish a person as an attorney for purposes of determining whether the attorney-client privilege applies. the lawyer must not only be functioning as an advisor, but the advice given must be predominately legal, as opposed to business, in nature." *Boca Investerings Pshp. v. United States*, 31 F. Supp. 2d 9, 11-12 (D.D.C. 1998)((*citing, North Am. Mortgage Investors v. First Wisconsin Nat'l Bank*, 69 F.R.D. 9, 11 (E.D. Wis. 1975); *see United States v. International Business Machines Corp.*, 66 F.R.D. 206, 212-13 (S.D.N.Y. 1974) (lawyer must give predominately legal advice, "not solely, or even largely, business advice")). When a lawyer acts merely to implement a business transaction or provides accounting services, the lawyer is like any other agent of the corporation whose communications are not privileged. *See Id.* (further citations omitted)

appropriate objection in response to a specific question at deposition or with regard to a particular document. Klayman provides no basis to prevent the discovery at issue from going forward.

Moreover, Ms. Otis and American Caging, Inc. may have information as to Klayman's business reputation. American Caging, Inc. obviously has had a significant business relationship with Klayman and Klayman's various fundraising endeaavors. Klayman's Second Amended Complaint includes a defamation claim against Defendants and alleges damages to Klayman's business reputation in an amount in excess of $1,500,000.00. (*See* Second Amended Complaint at paras. 148-62 and wherefore clause at para. G.) Defendants are entitled to discovery regarding Klayman's business reputation in order to counter his claim for $1,500,000.00 in damages. Ms. Otis and American Caging, Inc. may very well possess discoverable information bearing on these claims.

In sum, Defendants are well within their rights to seek discovery from Ms. Otis and American Caging, Inc., and Plaintiff's Motion to Quash lacks any legal basis whatsoever for preventing Defendants' discovery from going forward.

## **CONCLUSION**

Klayman's most recent Motion to Quash, like all of his prior, failed motions, is yet another transparent attempt to block Defendants' legitimate efforts to obtain discovery relevant to this lawsuit. Klayman's Motion to Quash fails to supply any specific grounds why discovery of Ms. Otis and American Caging, Inc. should not go forward. Klayman's meritless motion yet again waste the Court's limited resources and those of Defendants, while prejudicing Defendants' fundamental right of discovery.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that

Plaintiff's Motion to Quash be denied.

                                                              Respectfully submitted,

                                                              /s/
                                                              _____
                                                              Richard W. Driscoll (436471)
                                                              Juli Haller Simonyi (466921)
                                                              DRISCOLL & SELTZER, PLLC
                                                              600 Cameron Street
                                                              Alexandria, Virginia 22314
                                                              703.340.1625 Telephone
                                                              703.997.4892 Facsimile
                                                              rdriscoll@driscollseltzer.com
                                                              jhaller@driscollseltzer.com
                                                              *Counsel for Defendants Judicial Watch, Inc.,*
                                                              *Thomas J. Fitton, Paul J. Orfanedes and*
                                                              *Christopher J. Farrell*

Dated:  April 29, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of April 2008, a copy of the foregoing was served by EMAIL upon Plaintiff *Pro Se* and Plaintiff's counsel listed on the Notice of Electronic Filing in addition to Electronic Filing,

>Daniel J. Dugan, Esquire
>Spector, Gadon & Rosen, P.C.
>Seven Penn Center
>1635 Market Street, 7th Floor
>Philadelphia, PA 19103

/s/
_____
Juli Z. Haller Simonyi