IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LARRY KLAYMAN,**

    Plaintiff,

    v.

**JUDICIAL WATCH, INC., et al.,**

    Defendants.

Civil Action No. 06-670 (CKK)(AK)

### Plaintiff's Reply Memorandum to Defendants' Opposition to Plaintiff's Motion to Quash (Document 142)

Plaintiff has moved to quash the deposition subpoena duces tecum of Maureen Otis, Esq. (owner of the Law Offices of Maureen Otis and American Caging Inc.) As an officer of the court, Mr. Klayman has represented that Ms. Otis represented him and his groups in various legal matters over the last several years that are the subject of Defendants' subpoena.

With regard to previous document requests by Defendants, they have obtained documents from persons and entities they have subpoenaed even before objections and motions to quash were decided. This occurred recently with Response Unlimited and Philip Zodiates. Somehow, they coerced these entities to disgorge proprietary information prematurely, and then disingenuously wrote a letter to Plaintiff claiming that they had not reviewed the documents. This "Alice in Wonderland" tale is simply not believable, given the prior conduct of Defendants and their counsel in this case – wherein they even

1

browbeat Plaintiff's previous counsel in the underlying severance negotiations to disgorge documents prematurely while virtually laying on his death bed. The counsel, a fine person and stellar member of the bar, David Durbin, sadly has a malignant brain tumor and is undergoing emergency medical treatment for this likely fatal illness. The coercion was made by Ms.Simonyi of Defendants' law firm.

As a result, and pursuant to the advise of the Magistrate Judge, Plaintiff has filed a motion to review any documents in advance of production by third parties when proprietary or attorney client or other privileged information is implicated. With Ms. Otis, who did serve as legal counsel, third party clients' information is even implicated – so were Mr. Driscoll and Ms. Simonyi to use her usual technique of trying to get documents prematurely, persons and entities not even involved in this case would have their attorney client privilege violated.

So to prevent this from happening again, Plaintiff filed their objections and a motion to quash the deposition of Maureen Otis, who is former counsel.

Moreover, this Court, like federal courts in other jurisdictions, goes by the standard that "good cause" presumptively exists to enter a protective order or to quash when a party seeks to preclude its own attorney's deposition testimony. West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fl. 1990); accord Dunkin' Donuts, Inc.v. Mandoricao, Inc., 181 F.R.D. 208, 210 (D. Puerto Rico 1998); Niagara Mohawk Power Corp. v. Stone and Webster Engineering Corp., 125 F.R.D. 578, 594 (N.D.N.Y. 1989);

N.F.A. Corp.v.. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83,85 (M.D.N.C. 1987); In re Arthur Treacher's Franchises Litigation, 92 F.R.D. 429, 437-39 (E.D. Pa. 1981).

In West Peninsular, the Court held:

> Federal courts …have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case. Moreover, costs are added to the litigation, burdens are placed upon attorneys, and the attorney client relationship is threatened. These presumptions may constitute good cause for obtaining a protective order under Rule 26(a) (sic). 132 F.R.D. at 302 (internal citations omitted).

That presumption can be overcome only if "the party seeking the deposition can show both the propriety and need for the deposition." West Peninsular, 132 F.R.D. at 302. In evaluating the sufficiency of an attempt to show propriety and need, this Court has adopted the stringent test first articulated in Shelton v. American Motors Corp., 805 F.2d 1323. 1327 (8th Cir. 1986), and has cautioned that "Courts should exercise great care before permitting the deposition of an attorney." Id. (quoting N.F.A. Corp., 117 F.R.D. at 85); see also Breckenridge Pharmaceuticals, Inc. v. Metabolite Laboratories, Inc., No. 04-80090-CIV-COHN, 2007 U.S. Dist. LEXIS 7775, *11 (S.S. Fl. Feb. 2, 2007).

Under the Shelton test, as adopted by this Court, deposition of an opposing party's counsel "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose … counsel;(2) the

3

information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. Breckenridge Pharmaceutical, 2007 U.S. Dist. LEXIS 7775 at *11 (quoting Shelton, 805 F.2d at 1327).

Here, Defendants have noticed plenty of other entities, such as ATA, Response Unlimited and Diener Consultants (the latter two of which work in tandem with Ms. Otis) to obtain the requested documents and information, short of invading Ms. Otis' attorney client relationship with Plaintiff. Thus, Defendants have not met that high threshold legal standard to justify the deposition of Ms. Otis and their subpoena duces tecum should respectfully be quashed.

For all of these reasons, Plaintiffs' Objections and Motion to Quash should respectfully be granted. (The above legal cases also apply to Defendants' pending attempts to depose Plaintiffs' other legal counsel, Herbert Beller and David Durbin.)

Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

**CERTIFICATE OF SERVICE**

4

I HEREBY CERTIFY that on this 2nd day of MAY 2008, a true copy of the foregoing copy of Plaintiff's Reply Memorandum in Defendants' Opposition to Plaintiff's Motion to Quash was served via electronic means to:

>Richard W. Driscoll, Esquire
>Driscoll & Seltzer, PLLC
>600 Cameron Street
>Alexandria, VA 22314

>By: s/Larry Klayman
>Larry Klayman, Esq.
>D.C. Bar No.: 334581
>3415 SW 24th Street
>Miami, FL 33145
>Tel: 305-447-1091
>Fax: 305-447-1548

5