IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>　　Defandants. | Civil Action No. 06-670 (CKK)(AK) |

## OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM ORDER OF APRIL 21, 2008

Plaintiff, Larry Klayman, hereby objects to the Magistrate Judge's Order of April 21, 2008, as it respectfully contains errors of law:

1. The Order of April 21, 2008, denies Plaintiff's motion to quash the depositions of Plaintiff's attorneys Herbert Beller and David Durbin, without any discussion of the facts or law that were plead by Plaintiff in this motion, and a similar motion, just denied today, concerning a subpoena duces tecum served on Maureen Otis, also an attorney of Plaintiff. (See Docket Entries **120** and **142**).

2. Plaintiff is also objecting to the denial of his motion to quash the deposition duces tecum served on Mr. Phillip Sheldon of Diener Consultants. The Order of April 21, 2008, is also lacking any discussion of fact or law upon which the decision is based.

3. With regard to the depositions of Messrs. Beller and Durbin, the following law applies:

> Moreover, this Court, like federal courts in other jurisdictions, goes by the standard that "good cause" presumptively exists to enter a protective order or to quash when a party seeks to preclude its own attorney's deposition testimony. West Peninsular Title Co. v.Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fl. 1990); accord Dunkin' Donuts, Inc.v.Mandoricao, Inc., 181 F.R.D. 208, 210 (D. Puerto Rico 1998); Niagara Mohawk PowerCorp. v. Stone and Webster Engineering Corp., 125 F.R.D. 578, 594 (N.D.N.Y. 1989); N.F.A. Corp.v.. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83,85 (M.D.N.C. 1987); In re Arthur Treacher's Franchises Litigation, 92 F.R.D. 429, 437-39 (E.D. Pa. 1981).

In West Peninsular, the Court held:

> Federal courts …have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case. Moreover, costs are added to the litigation, burdens are placed upon attorneys, and the attorney client relationship is threatened. These presumptions may constitute good cause for obtaining a protective order under Rule 26(a) (sic). 132 F.R.D. at 302 (internal citations omitted).

4. With regard to the subpoena duces tecum served on Phillip Sheldon of Diener Constultants, Defendants' counsel admits that its earlier subpoena duces tecum was defective and thus needed to be reserved. In fact, with full reservation of all rights, Plaintiff cooperated with the Defendants and the Magistrate Judge's

suggestion for Plaintiff's process server to reserve the subpoena. Thereafter, Plaintiff moved to quash the subpoena duces tecum as set forth in Docket Entries **126** and **126-2** Thereafter an hour and one half hearing was held by the Magistrate Judge, during which time Plaintiff provided detailed argument, particularly on the issues of releasing donor names in contravention of constitutional rights of freedom of association and speech, and provided several alternatives as to how this could be done should the court deem the information relevant (a copy of the hearing transcript is being ordered and will be supplemented to this objection), the Magistrate Judge issued his order of April 21, 2008, making no mention of any of the factual and legal argument at the hearing.

WHEREFORE, as the Magistrate Judge's Order of April 21, 2008, is lacking of any factual or legal discussion, Plaintiff respectfully objects and asks that the issues herein be remanded to the Magistrate Judge for an Order that explains his reasoning, factually and legally, as otherwise the Order constitutes error without a factual or legal basis. Any prior ruling as concerns Phillip Sheldon and Diener was of no force an effect, as Defendants had to reserve him due to admitted improper service of process.

    Respectfully submitted,

    s/Larry Klayman_____
    Larry Klayman, Esq.
    D.C. Bar No.: 334581
    3415 SW 24th Street
    Miami, FL 33145
    Tel: 305-447-1091
    Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of MAY 2008, a true copy of the foregoing Objection to Magistrate Judge's Memorandum Oder Of April 21, 2008 was served via electronic means to:

>Richard W. Driscoll, Esquire
>Driscoll & Seltzer, PLLC
>600 Cameron Street
>Alexandria, VA 22314

>By: s/Larry Klayman
>Larry Klayman, Esq.
>D.C. Bar No.: 334581
>3415 SW 24th Street
>Miami, FL 33145
>Tel: 305-447-1091
>Fax: 305-447-1548