# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>Defandants. | Civil Action No.  06-670 (CKK)(AK) |

**MOTION TO QUASH SUBPOENAS DUCES TECUM
TO LAWYERS FOR LARRY KLAYMAN WHO ASSISTED IN NEGOTIATION
OF THE SEVERANCE AGREEMENT AND MOTION FOR
RECONSIDERATION**

Plaintiff, Larry Klayman, moves this honorable court for an order quashing the subpoenas issued and served on the lawyers, David Durbin of Jordan, Coyne and Savits and Herbert Beller, of Sutherland, Asbill and Brennan (Collectively "Counsel"), who assisted and counseled Plaintiff in the negotiation of the Severance Agreement which is the subject of this case and as grounds therefore would show:

1. The subpoenas at issue are attached as Exhibit 1.  Counsel has already filed objections to these subpoenas on grounds of attorney client privilege and work product.

2. The Severance Agreement provides, upon agreement of the parties, that Larry Klayman stepped down as Chairman, Treasurer and General Counsel to pursue other endeavors, such as running as a candidate for the U.S. Senate, and also

provides for the issuance of public statements praising Larry Klayman's founding and stewardship of Judicial Watch. E.g., see Paragraphs 1, 2 and 18 of Severance Agreement. The Judicial Watch released for example, sent out to the public after Mr. Klayman left, provides:

> Judicial Watch announced today Larry Klayman has stepped down as Chairman and General Counsel of Judicial Watch, **to pursue other endeavors.** Tom Fitton, who is President of Judicial Watch, said: "Larry conceived, founded and helped build Judicial Watch to the organization it is today, and we will miss his day to day involvement. Judicial Watch now has become the leading non-partisan, public interest watchdog seeking to promote well positioned to continue our important work." Id at Paragraph 18. (Emphasis added)

3. Defendants want to take discovery to purportedly confirm their after the fact, created version of the "real reasons" Plaintiff left Judicial Watch.

4. Not only is this contrary to the parole evidence rule, as the Severance Agreement governs the agreed reasons Plaintiff left Judicial Watch to run for the U.S. Senate, but discovery of Plaintiff's counsel would violate attorney client and work product privileges.

5. This Court previously ruled that the parole evidence rule would prohibit Plaintiff from alleging that he had an oral agreement with the current directors and officers of Judicial Watch to hire a distinguished Chairman and General Counsel after Plaintiff left Judicial Watch, as the current President, Tom Fitton, is neither a lawyer and was not a college graduate at the time. The gravamen of this ruling

was that the written Severance Agreement did not provide for and made no mention of this, and that Plaintiff's allegations could not go beyond the four corners and the Severance Agreement.  The parole evidence rule provides:  "The **parole evidence rule** enacts a principle of the common law of contracts that presumes that a written contract embodies the complete agreement between the parties involved; the document is the sole repository of the terms of the contract (*Jacobs v. Batavia & General Plantations Trust Ltd* [1924] 1 Ch 287). The rule therefore generally forbids the introduction of extrinsic evidence (i.e., evidence of communications between the parties which is not contained in the language of the contract itself) which would add or change terms of a later written contract."  See www.thefreedictionary.com/parole+evidence+rule

6. The Court should reach a similar conclusion here for these reasons, and to protect the sacred attorney client privilege, and work product doctrine, quash the subject subpoenas, and reconsider and/or clarify any rulings which Defendants purport to rely on that would allegedly give them the right to depose and force production of documents from Plaintiff's counsel seeking to go behind the written terms of the Severance Agreement.

WHEREFORE, Plaintiff respectfully requests that his motion be granted.

> Respectfully submitted,
>
> s/Larry Klayman
> Larry Klayman, Esq.
> D.C. Bar No.:  334581
> 3415 SW 24th Street

Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

Daniel J. Dugan, Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street 7th Floor
Philadelphia, PA 19103
Tel: 215-241-8872
Fax: 215.241.8844

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March 2008, a true copy of the foregoing Reply to Defendants' Response was served via electronic means to:

> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE UNITED STATES    DISTRICT OF    FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN

V.

JUDICIAL WATCH, INC., ET AL.

SUBPOENA IN A CIVIL CASE

Case Number:[1] CA 1:06-CV-00670

TO: HERBERT BELLER, ESQ.
Sutherland Asbill & Brennan
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached document request, Appendix A to this Subpoena.

| PLACE   Driscoll & Seltzer, PLLC 600 Cameron St., Alexandria, VA 22314 | DATE AND TIME   3/12/2008 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE
_[signature]_  attorneys for Defendants   02-26-08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Juli Z. Haller Simonyi, Driscoll & Seltzer, PLLC, 600 Cameron St., Alexandria, VA 22314, 703.340.1628,
Attorneys for Defendants

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE UNITED STATES     DISTRICT OF     FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN

V.

JUDICIAL WATCH, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CA 1:06-CV-00670

TO: David Durbin, Esq.,
Jordan Coyne & Savits, L.L.P., Suite 600
1100 Connecticut Avenue, N.W.
Washington, DC 20036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached document request, Appendix A to this Subpoena.

| PLACE | DATE AND TIME |
| --- | --- |
| Driscoll & Seltzer, PLLC 600 Cameron St., Alexandria, VA 22314 | 3/26/2008 4:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Haller  attorney for Defendants | 2-25-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Juli Z. Haller Simonyi, Driscoll & Seltzer, PLLC, 600 Cameron St., Alexandria, VA 22314, 703.340.1628, Attorneys for Defendants

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mnmdemanding party to contest the claim.