IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-00670 (CCK) (AK) |
| JUDICIAL WATCH, INC., et al., | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO EXPEDITED MOTION
FOR SHORT STAY OF PROCEEDINGS OR, IN THE ALTERNATIVE,
MOTION FOR SHORT EXTENSION OF DISCOVERY DEADLINE**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell")[1] by undersigned counsel and pursuant to LCvR 7, hereby oppose the Expedited Motion for Short Stay of Proceedings or, in the alternative Motion for Short Extension of Discovery Deadline filed by Plaintiff Larry E. Klayman ("Klayman").

INTRODUCTION

The background of this case is by now well-known to the Court. Although Klayman filed this case more than two (2) years ago, he has yet to take one deposition and has devoted the totality of his efforts to obstructing Defendants' attempts to conduct normal discovery.[2] This Court need only review the Docket, which contains 154 entries as of today, to discern that efforts

---

[1] At times, Judicial Watch, Fitton, Orfanedes and Farrell are jointly referred to as "Defendants".

[2] In the Memorandum Order [Docket # 98], dated January 16, 2008, Magistrate Kay found "it is clear to the Court that Klayman is attempting to stonewall the Defendants and otherwise subvert the purposes of discovery".

to date consist primarily of the Defendants attempting to pursue discovery and Klayman invoking every procedural tactic possible to stonewall. A short, non-inclusive list of Klayman's tactics includes the following:

- Refusal to answer Interrogatories thereby necessitating a Motion to Compel [Docket # 98], then the opposition of Objections to the Magistrate's Order [Docket # 134];

- Refusal to produce documents responsive to Requests for Production of Documents thereby necessitating a Motion to Compel [Docket # 98], then the opposition of Objections to the Magistrate's Order [Docket # 134];

- Refusal to produce documents responsive to Supplemental Requests for Production of Documents thereby necessitating a Motion to Compel [Docket # 117], then the opposition of Objections to the Magistrate's Memorandum Order [Docket #s 124 and 125];

- Motion to quash subpoena to third-party witnesses American Target Advertising, Inc., Chester Mailing Lists, Deiner Consultants and Response Unlimited [Docket # 97], then the unsuccessful filing of Objections to the Magistrate's Order [Docket # 134];

- Motion to quash subpoenas to third-party witnesses Philip Sheldon and Deiner Consultants [Docket # 137], then the unsuccessful filing of Objections to the Magistrate's Order [Docket # 154];

- Motion to quash subpoenas *duces tecum* for non-privileged documents served on attorneys who represented Klayman during Severance

>Agreement negotiations [Docket # 137], then the unsuccessful filing of Objections to the Magistrate's Order [Docket # 154];

- Motion to quash subpoenas to third-party witnesses Maureen Otis and American Caging, Inc. [Docket # 153]; and

- Despite the denial of two motions to quash by this Court [Docket #s 134 and 154], the filing of a Motion to Permit Inspection of Records before Production [Docket # 146] in an effort to obstruct the depositions of Response Unlimited and American Target Advertising.

Having wasted the resources of this Court and the Defendants, prolonged this litigation by forcing two prior extensions of discovery and refused to move through discovery efficiently by following the Court's thoughtful decisions, Klayman once again asks this Court to delay discovery and force the parties to mediate. Frankly, the Defendants have too little information to productively participate in any settlement discussions. Instead of granting Klayman's request, this Court should force discovery to conclusion and adjudicate this matter on the merits.

## ARGUMENT

Relying solely on generalities and unsupported representations, Klayman requests a third extension of discovery, but fails to demonstrate good faith effort to conclude discovery. As outlined above, Klayman cannot make such a showing because his entire effort in this case consists of gamesmanship, stonewalling and delay. In essence, Klayman's Motion distills to a request for a Court-sanctioned delay of this case to serve his own purposes. Defendants oppose this request because the litigation has been stalled in the discovery stage for too long. In fact, this litigation has been used by Klayman to produce significant cash flow through his anti-Judicial Watch marketing campaign, all to the harm of Judicial Watch. The foregoing history

proves one thing, that Klayman has no intention of concluding this case at any time in the near future.

     **A.    KLAYMAN'S REQUEST TO STAY THIS LITIGATION IS FOR THE PURPOSE OF DELAY AND FUNDRAISING**

This Court should not permit Klayman to stall the progress of discovery any longer, especially when Klayman has squandered the last two years without pursuing discovery in a diligent manner. Klayman filed this litigation in this Court on April 12, 2006. After filing this case, Klayman also instigated litigation against Judicial Watch by Louise Benson in the Superior Court for the District of Columbia. In addition, Klayman filed litigation against Judicial Watch and Thomas J. Fitton in Florida State court to pursue the statutory claim that was dismissed by this Court. The burden of discovery that Klayman faces was brought about by his own actions.

Recently, Klayman telegraphed his strategy to use the hoped-for extension to take discovery on subjects that have no relationship to the issues of this litigation, but are based solely on untruthful allegations aimed at harming the Defendants. Klayman articulated the intended scope of future discovery in his Second Supplemental Response to Interrogatory No. 5. [*See* Pl's Second Supp. Answers to Defs' Interrogatories, attached hereto at Exhibit 1.] These unrelated topics are further evident in Klayman's Second Requests for Production of Documents and Things, which seek documents on a wide range of topics from the Defendants' personal finances to their personal relationships. Klayman's broad and untimely requests for irrelevant information demonstrate his intent to use the requested stay and extension to perpetuate unfounded insinuations. Indeed, Klayman emphasized that the scope of future discovery would be expanded to inflict "downside" impact on the Defendants. In light of Klayman's abusive

discovery tactics to date, the Court should deny Klayman the opportunity to perpetuate more of the same.

Klayman also has a financial interest in delaying this litigation as long as possible to continue his anti-Judicial Watch fundraising efforts. Review of records produced by Response Unlimited[3] disclose that Klayman's "Saving Judicial Watch" advertising campaign grossed $783,384 from June of 2006 through October of 2007. After deducting expenses, Klayman d/b/a Saving Judicial Watch collected the net amount of $455,129. This enormous war chest dwarfs the total amount spent on this case by all four of the Defendants combined. Clearly, Klayman's alleged lacks of funds for this case is not due to any lack of financial resources, but is more closely tied to his desire to use this case as a catalyst for future fundraising.

Further evidence of Klayman's goal was disclosed earlier today when he declined to set any deposition dates pending the outcome of this Motion. In essence, Klayman granted himself a *de facto* stay of discovery until the Court adjudicates this Motion.

### B. KLAYMAN'S UNSUPPORTED CLAIM FOR INSURANCE COVERAGE IS UNRELATED TO THIS LITIGATTION AND DOES NOT JUSTIFY ANY FURTHER DELAY

Klayman's assertion of entitlement to coverage under Judicial Watch's director/officer liability policy is completely unsupported. No effort is made to articulate the coverage provision that conveys a duty to defend. Klayman does not point to any claim in the Amended Counter-Claim that would trigger coverage under the Policy. Despite Klayman's assertions, the Court

---

[3] Klayman asserts that Defendants wrongfully reviewed records produced by Response Unlimited and American Target Advertising, Inc. However, pursuant to this Court's April 2, 2008, Order, Defendants reviewed documents produced by the third-party witnesses while no other relevant motion was pending. [*See* Docket # 134] Klayman's motion seeking a prior review of the documents was not filed until May 1, 2008, long after the documents were already reviewed. [*See* Docket # 146]

can easily review the Amended Counter-Claim to ascertain that it seeks recovery based on Klayman's actions following the execution of the Severance Agreement. More importantly, Klayman concedes that he already made a claim for coverage and was denied. [*See* Motion at pp. 3-4] Why did Klayman omit the declination letter from the insurance company? Nearly two months ago, Klayman raised this same issue as a basis for delaying his deposition. [*See* Docket # 21] At that time, he expressed a need to pursue the insurance issue to secure counsel. Despite this expressed intent, Klayman makes no showing of further effort to secure a "defense counsel". And while Klayman contends that Defendants and undersigned counsel have "tortiously interfered" with his insurance rights, no showing is made to identify the rights interfered with or the actions by defendants that form the basis for these allegations.

Klayman also asserts, without any support, that Defendants' conduct is a breach of the Severance Agreement. Again, the specific provision of the Agreement is not identified, nor is there is explanation regarding how the provision is supposedly breached. Instead, a bald assertion is made without any backup.

In January of 2008, Klayman increased his role in this litigation and has continually described himself as "lead counsel". Since then, Klayman has characterized Daniel Dugan as merely "co-counsel". Except when seeking an extension or postponement, Klayman does not appear to be hampered by his position as a "solo practitioner". For example, since noting his Appearance and asserting himself in the role of lead counsel, Klayman has filed no less than thirteen (13) motions to block or delay discovery and four (4) appeals of Magistrate Kay's Orders regarding such motions. Even today, during a conversation, Klayman unequivocally stated that it is "beneficial" for Judicial Watch to know that Klayman is "in charge" of this litigation.

### C.   THE PENDING MEDIATION IS NO REASON TO DELAY DISCOVERY, BUT STANDS AS A REASON TO COMPLETE DISCOVERY

Asking the Court to overlook his stonewalling, Klayman attempts to cast himself as the reasonable party seeking time to mediate the dispute without wasting further resources. Considering Klayman's efforts to hide the facts at all costs, this characterization appears empty.

Without discovery regarding the allegations in Klayman's Second Amended Complaint, the effort to mediate these disputes will be a waste of time for the Court and parties alike. By now, it should be apparent to the Court that the opposing parties are not likely to settle. If mediation is to have any chance of success, Defendants maintain that potential will only present if discovery is completed. So far, the frustrating journey to complete discovery has clarified one fact – that Klayman will not permit productive discovery absent a Court order compelling him to do so. Even the simplest of efforts are subject to being blocked. For example, in his Initial Disclosures, Klayman identified his former spouse, Stephanie DeLucca, as a fact witness regarding the circumstances of his separation and his claim for reimbursement for health insurance. In addition, during his deposition, Klayman further identified his former spouse as having knowledge regarding the issue of expense reimbursement. Incredibly, after Defendants noticed her deposition, Klayman manufactured an allegation of "tortious interference" with his family relationship (if such a concept even exists) and alleged a fantastical conspiracy, based on absolutely no evidence, among the Defendants, AIG (which is not paying for the defense) and his former spouse. [Motion at p. 5] In addition, Klayman again raised his contention that Defendants leaked information regarding pleadings under seal, even though this Court previously

determined that such allegations were unfounded because the Amended Counter-Claim is based, in part, on a conversation among Klayman, Fitton and Orfanedes.[4]  [*See* Docket # 82]

Frankly, Defendants will not be forced into mediation by Klayman's tactics of delay or threats of irrelevant discovery.

### D. KLAYMAN'S LITTANY OF COMPLAINTS AGAINST DEFENDANTS ARE NOT RELEVANT TO, AND DO NOT SUPPORT, HIS REQUEST FOR A STAY OR EXTENSION OF DISCOVERY

The remainder of Klayman's Motion consists of issues that he views as relevant to this case. Defendants dispute the truthfulness of these allegations, as well as their relevance to this Motion. Defendants will not waste the Court's time to demonstrate the falsity of Klayman's irrelevant allegations. Such matters are better left for the pre-trial motion stage.

WHEREFORE, Defendants respectfully requests that the Court DENY Klayman's Motion and compel the parties to complete discovery without delay.

---

[4]  Klayman's tactics also include the filing of a Bar Complaint with the Virginia Bar against the undersigned counsel on this subject matter. The Bar dismissed Klayman's Complaint without investigation. Counsel now understands that this is a tactic that Klayman has used before in an effort to intimidate opposing counsel.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, and Christopher J. Farrell*

Dated: May 5, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May 2008, a copy of the foregoing Opposition and proposed Order were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/
_____
Richard W. Driscoll