# EXHIBIT 1

12. Describe in detail any evidence you have supporting the assertion that Defendants failed to take affirmative steps to remove you as guarantor for the Judicial Watch building lease and identify all individuals with knowledge relating to this issue.

**Response:** This information is contained in Plaintiff's Statement of Material Facts Genuinely in Dispute Submitted in Opposition to Defendants' Motion for Partial Summary Judgment on Counts VI, VII and VIII of the Complaint (the "Statement") at ¶¶ 12, 14, 16.

Second Supplemental Response: Defendants have knowledge of the issue, including Bob Wolpe the landlord, Wachovia Bank, David Barmak, real estate agents, and others.

**Supplemental Response:** The Landlord personally told Klayman that no one from Judicial Watch contacted him to remove Klayman as the guarantor of Judicial Watch's lease. To date, Klayman is still guarantor of Judicial Watch's lease for its Washington, D.C. headquarters. Paragraph 9A of the Severance Agreement requires Defendants to "continue to act in good faith to remove Klayman as the guarantor of the lease for the headquarters' building." Defendants admit that they have made no effort whatsoever to have Klayman removed as guarantor of the lease for the headquarters' building since October, 2003, and they further admit that they could have, but chose not to remove Klayman as guarantor. In addition, Defendants' failure to cause Judicial Watch to purchase the building, as they represented to Klayman and thousands of donors that they would, evidence their lack of good faith, fair dealing, and fraudulent conduct that has kept Klayman, unnecessarily, in the status of guarantor, among other matters.

13. Describe in detail your damages in connection to remaining as guarantor of the Judicial Watch building lease and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

10

401536-2

**Response:** All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

**Supplemental Response:** Plaintiff has great liability on the lease.

Second Supplemental Response: The damages are not only tangible but intangible; as remaining on the lease causes great emotional distress, particularly given the poor way that Judicial Watch is currently being run and the liability it has incurred to donors, supporters and clients. In any event, Plaintiff has also plead for specific performance removing him from the lease.

14. If you contend that Defendants are holding or failed to return any of your property, identify each item of property, its estimated value, the method used to estimate its value, all of your efforts to reclaim the property and all individuals with knowledge relating to this contention.

**Response:** Discovery from the defendants will provide the information to respond fully to this interrogatory. Such information currently known is contained in the Statement at ¶¶ 18-31

Second Supplemental Response: However meager Defendants document production, they produced records relating back to Law Office of Larry E.Klayman, his first wife, Cesira D'Aniello Klayman, and other materials that were never returned relating to his work before founding Judicial Watch. Defendants, and particularly Defendant Orfanedes, has lied about the return of documents in correspondence which he sent to Plaintiff.

11

401536-2

Plaintiff has steadfastly attempted to have the property and records returned, but Defendants continue to maintain unlawful access and control to them.

**Supplemental Response:** Following his separation, Klayman repeatedly demanded access to Judicial Watch offices and return of his property. Defendants provided only perfunctory access and failed to permit Klayman to properly inventory the items he owned. Such property includes corporate books for corporations Klayman owns or owned, client files, other personal documents, and also including artwork. Included, is Artwork from the Kennedy Gallery in Miami Beach, Florida, and elsewhere in Miami. Also, Klayman is the owner of at least four significant pieces of artwork that Klayman repeatedly demanded that Judicial Watch return, or allow him access to remove the artwork from Judicial Watch's offices. The "value" of corporate books, client files, other personal and business documentation belonging to Klayman cannot be determined, but is highly valuable to Klayman. The artwork is valued in excess of $4,000.00.

15. Describe in detail any evidence you have supporting the assertion that you remain the guarantor for any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue.

**Response:** Such information currently known is contained in the Statement at ¶¶ 55-58.

Second Supplemental Response: Documents produced by Judicial Watch are unclear as to whether he was removed as the guarantor on credit cards. Given the Defendants previous refusal to guarantee the lease, which Klayman did while Chairman, and their failure to remove him from the lease as guarantor, this raises a strong evidentiary inference that he has not been removed as guarantor on the credit cards as well. Defendants dishonest practices and false and misleading representations that he was not Chairman but simply an employee, made publicly and

12

401536-2

to this court, raises another strong inference, among their other patterns of dishonest and unethical behavior, that they have not done what they now claim.

**Supplemental Response:** In addition to an American Express account, Klayman was guarantor of several other Judicial Watch credit card accounts, including Visa and MasterCard credit card accounts. Any such evidence is in the possession custody and control of Defendants. To this day, Defendants failed to provide sufficient evidence to Klayman that he was removed as guarantor of these credit card accounts.

16. Describe in detail your damages in connection to being listed as guarantor of any Judicial Watch credit cards and identify all individuals with knowledge relating to this issue. If any portion of your damages requires any calculation, explain in detail how the calculations were performed.

**Response:** All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery is just beginning and once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

**Second Supplemental Response: As Defendants have not produced the requested information, and Plaintiff does not now know the full extent of usage of the credit cards during the period he was guarantor, a full response must await the depositions of Defendants and a response to the motion to compel which will soon be filed.**

**Supplemental Response:** All the facts necessary to respond to this interrogatory are not in plaintiff's possession and control, because many of them are held by the defendants and have not been provided to plaintiff. Indeed, discovery has been stonewalled by Defendants, and

13

401536-2

once the necessary documents and information is revealed, plaintiff will provide his full response to this interrogatory.

17. List every television and newspaper interview you have participated in since your departure from Judicial Watch.

**Response:** Plaintiff objects to this interrogatory because it is overbroad, vague and ambiguous. In addition, the defendants can obtain information responsive to this request by conducting an internet search and otherwise.

Second Supplemental Response: Two appearances on Crier Live on Court TV about judges, and brief appearances on local Miami TV and the Tyra Banks Show concerning a lawsuit about a ballerina who was allegedly wronged by the Broadway Show Movin Out, and press stories on AP about the Duke Lacrosse scandal, appearances on CNN concerning Terri Schiavo and local Miami TV about a mosque that has ties to terrorism which I sued on behalf of a client. As Plaintiff remembers more this response will be supplemented.

**Supplemental Response:** See the Google search, which provides links to television and newspaper interviews of Klayman.

18. Describe in detail the Artwork at issue in this case.

**Response:** This information is contained in the Statement at ¶¶ 55-58.

Second Supplemental Response: The artwork consists of at least three large acrylic pictures of Dick Tracey avant guard artwork and one smaller abstract piece that was hung in the lobby of the Miami office, that was purchased by Klayman at Art Deco Weekend on Miami Beach.

14

401536-2

**Supplemental Response:**   Included, is Artwork from the Kennedy Gallery in Miami Beach, Florida. Also, Klayman is the owner of at least four significant pieces of artwork that show various scenes and designs.

19.  Identify all counsel who assisted you during the negotiation of the Severance Agreement.

**Response:**   Counsel's name is on the Severance Agreement and otherwise known to defendants.

Supplemental Response: Dave Durbin, Esq. and Herbert Beller, Esq.

**Supplemental Response:**   Counsel's name is on the Severance Agreement and otherwise known to defendants.

20.  Identify each and every person from whom Judicial Watch employees concealed your location.

**Response:**   Judicial Watch and its employees concealed my [sic] location from every person who called into Judicial Watch and told callers that the location, as well as my [sic] reason for leaving Judicial Watch, was confidential. I [sic] was also disparaged and defamed during these calls. Discovery will reveal the identities of such persons.

Second Supplemental Response: All Judicial Watch clients, former employees and donors. Mr. Raymond Subin, Linda Wiegand and others who Plaintiff does not presently remember. This information is within the possession, custody and control of Defendants and has not been produced, particularly since names have been redacted from documents. A soon to be filed motion to compel will address this.

15

401536-2

**Supplemental Response:** Thomas J. Fitton, Paul J. Orfanedes, Christopher J. Farrell, Jeffrey Lyons, and various Judicial Watch receptionists and other employees. Discovery is ongoing. Plaintiff reserves the right to further supplement this response up to and including at trial.

21. Identify each and every member of the media that Defendants threatened with legal action if they referred to you as founder and/or former chairman of Judicial Watch.

**Response:** On information and belief, every major TV and radio network.

Second Supplemental Response: At a minimum, CNN and C-Span. Plaintiff is investigating this issue and will supplement this response further.

**Supplemental Response:** On information and belief, every major TV and radio network.

22. Identify the source(s) of the "Saving Judicial Watch" donor list.

**Response:** Plaintiff objects to this interrogatory because it seeks confidential, propriety and irrelevant information. Without waiving that objection, Judicial Watch is not the source of the donor list; to the contrary, defendants have not provided plaintiff with any access to Judicial Watch's donor list.

Second Supplemental Response: The Saving Judicial Watch donor list was compiled by prospecting through know conservative donor lists not owned by Judicial Watch.

**Supplemental Response:** Judicial Watch is not the source of the referenced "donor list' and therefore the Interrogatory seeks irrelevant information.

23. If you denied any of the Requests for Admission, explain in detail the reason(s) for each and every denial.

16

401536-2

**Response:** Not applicable, **as Plaintiff responded to the Requests for Admissions appropriately.**

**Second Supplemental Request: Not applicable. See 22, above.**

**Supplemental Response:** To the best of Plaintiff's knowledge, no Requests for Admissions were served in this case.

By: *[signature]*
Larry Klayman
3415 S.W. 24th Street
Miami, Florida 33145
305-447-1091

//s// *Daniel J. Dugan*
Daniel J. Dugan, Esquire
1635 Market Street, 7th floor
Philadelphia, PA 19103
215.241.8872 --215.241.8844 *fax*
*Attorneys for Plaintiff*

April 23, 2008

17

401536-2

## VERIFICATION

I, Larry Klayman, hereby verify that the statements set forth in the foregoing responses to interrogatories are true and correct to the best of my knowledge, information and belief.

Signed this 23 day of April, 2007.

_____
LARRY KLAYMAN

Sworn to and subscribed before me this 23 day of April, 2008.

_____
Notary Public
My Commission Expires:

**Roger L. Kleinman, Attorney**
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

18

401536-2

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of April, 2008, I served a true and correct copy of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories on the following by email and by regular U.S. mail, postage prepaid and Federal Express:

> Richard W. Driscoll, Esquire
> Juli Haller Simonyi, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> *Counsel for Defendants*

/s/ Larry Klayman

19

401536-2