IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,** | |
| Plaintiff, | |
| v. | Civil Action No. 06-670 (CKK)(AK) |
| **JUDICIAL WATCH, INC., et al.,** | |
| Defendants. | |

### OBJECTIONS AND MOTION TO QUASH DEPOSITION OF STEPHANIE DELUCA (FORMERLY KLAYMAN)

Plaintiff, Larry Klayman, moves this honorable court for an order quashing the deposition of Stephanie Ann DeLuca (formerly Klayman) (exhibit 1) and as grounds therefore would show:

1. Mrs. DeLuca is the former wife of Plaintiff, Larry Klayman, and she is currently engaged in a custody case which Mr. Klayman was compelled to initiate when his young son, Lance, seven years old, was nearly fatally injured when he was left at a public pool without adult supervision and fell eight feet off of a high diving board and Mr. Klayman could not get information about his medical condition and the physicians who were treating him. Around the same time, Mr. Klayman was remarried and had a wedding in Miami and small church service with his children in Ohio. Thereafter, when Mr. Klayman filed for custody, he was cut off from nearly all contact with his children, despite a court order to the contrary.

1

2. Accordingly, and sadly, Mr. Klayman and Mrs. DeLuca are currently engaged in custody proceedings which are heading toward trial.

3. As set forth in previous pleadings, Defendants, and in particular Tom Fitton, have used the marriage difficulties of Mr. Klayman as a way to try to harm him. They even had published in Legal Times an article about Mr. Klayman's divorce, releasing information from sealed pleadings from the Virginia divorce court, which have no relevance to this suit, but only to harm him and his family. Defendants would like to do so again in this case and as a result have subpoenaed Mrs. DeLuca for deposition on May 12, 2008, Mr. Klayman's anniversary of marriage to his wife Diana. This is no coincidence. Importantly, Mrs. DeLuca, while listed on the initial disclosures as a possible witness to the considerable reimbursable expenses which Defendants owe Mr. Klayman, is no longer a witness which Plaintiff intends to call for this purpose. Discovery has and will alleviate this potential witness.

4. Previously, Defendants sought every document in Plaintiff's original divorce and custody proceedings and Magistrate Judge Kaye agreed with Mr. Klayman's objection, and quashed the document request, finding that this bore no relevance to the case.

5. The subpoena to Mrs. DeLuca is intended to harass Mr. Klayman at a time that he is regrettably fighting for his children and Defendants, their counsel, and Mrs. DeLuca's counsel are collaborating with each other, for strategic purposes.

6. The severance agreement that is the subject of this case provides, because it is the truth -- and Defendants agreed to this -- that Mr. Klayman left Judicial Watch not

because of marital problems but to pursue other endeavors, such as running for the U.S. Senate. The severance agreement praises Mr. Klayman and provided for the issuance of a press release praising him. Mr. Klayman was paid $600,000 in severance, an amount that would and should not have been paid if he had been found to have done something wrong. That Mr. Klayman's wife, in a fault divorce state made certain allegations about fidelity that were untrue, and which were withdrawn, should not be the subject of this case, as it debases this process and turns it into a bad version of the television show "Divorce Court." Having raised so called "family values issues," Defendants open a Pandora's box into their own conduct and what those "standards" are at Judicial Watch. This is unnecessary and counterproductive to the resolution and decorum of this case.

7. In previous pleadings, Plaintiff has set forth how Defendant Fitton in particular has harmed Mr. Klayman and his family to try to prevent his return to Judicial Watch, or competing with it in any other way. This is part of that continuing effort.

WHEREFORE, Plaintiff respectfully requests that the subpoena purportedly served on Mrs. DeLuca be quashed.

    Respectfully submitted,
    s/Larry Klayman_____
    Larry Klayman, Esq.
    D.C. Bar No.: 334581
    3415 SW 24th Street
    Miami, FL 33145
    Tel: 305-447-1091

Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2008, a true copy of the foregoing copy of the foregoing Objection and Motion to Quash was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

4