IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,** | |
| Plaintiff, | |
| v. | Civil Action No. 06-670 (CKK)(AK) |
| **JUDICIAL WATCH, INC., et al.,** | |
| Defendants. | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO EXPEDITED MOTION FOR SHORT STAY OF PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION FOR SHORT EXTENSION OF DISCOVERY DEADLINE**

Plaintiff, Larry Klayman, hereby files his Reply to the above styled motion, as grounds therefore would show further:

1. Defendants' Opposition is filled with hyperbole and invective which translates from Defendant Fitton. Defendants accuse Plaintiff of virtually everything under the sun, when the truth is he is fully committed to completing discovery and going to trial should this prove necessary. Throughout the course of this case, Defendants have sought to literally request or subpoena every piece of paper and otherwise from Plaintiff – including personal check books and the like -- while producing very little themselves – an inconceivable result given the size of Judicial Watch, which at the time Mr. Klayman left was bigger in revenues than even the Heritage Foundation, had about 50 employees, a legal, fundraising,

        accounting, investigative and press department, and six field offices. That Plaintiff filed motions to protect his proprietary interests on his personal records and fundraising documents is not an offense; and while Plaintiff respectfully disagreed with the Magistrate Judge's rulings – which were largely based on the view that since a protective order was in effect that no harm would result from producing virtually everything requested -- and felt compelled to take appeals – is not a sin. (Indeed, financial information now appears in the public pleading Defendants just filed, thereby violating the protective order. This will be addressed in the appropriate way, but not in this Reply).

2.     During the last few months, Plaintiff's mother also died, after a long and painful convalescence. This, and the need to take care of post death issues, necessitated some time. And as the attached pleading filed today demonstrates, Plaintiff has been dealing with issues involving his two minor children, Isabelle and Lance Klayman. This pleading helps explain why Plaintiff has had to file motions, because much of Defendants' discovery has been intended to harass Mr. Klayman. That Mr. Klayman was forced to request the same types of financial records Defendants asked for from him – which Plaintiff pointed out in pleadings was not necessary to calculate damages – and now cry about Plaintiff's reciprocal requests, underscores why this litigation has gone off in directions which this Court could not have anticipated. For instance, Defendants' have taken one of this Court's prior rulings concerning the reasons Mr. Klayman left Judicial Watch to try to pry into virtually every detail about Plaintiff's personal family life, claiming falsely that Mr. Klayman was involuntarily terminated from Judicial Watch, when

     the severance agreement which Defendants entered into and signed shows otherwise, because he breached the family values policies of the organization. This is indeed contained in Defendants' counterclaims. So when Plaintiff asks for information and documents about the so called family values of Messrs. Fitton and Orfanedes and production of the policies of Judicial Watch on family values, Defendants scream foul. What's good for the goose, so to speak, is apparently not good for the gander. If Mr. Klayman is to be judged based on Judicial Watch's "family values," then it must be determined what these family values are, particularly concerning two directors who have more than a close and unconventional relationship between themselves. (Klayman, who is for the most part "libertarian," never sought this information in discovery until Defendants opened this Pandora's Box).

3.     All of this points out why mediation and possible settlement is in everyones' best interests; not just the parties – but also the Court. Plaintiff has steadfastly tried to settle matters; he did not want to harm the baby he had conceived of, birthed and built into a major organization in just ten years at the helm. But Fitton and the other defendants do not want to settle, they claim. They would rather try to keep Plaintiff tied down, and their in excess of $10,000,000 in the bank attests that they can continue to litigate at their hearts content. Mr. Klayman only filed this and related litigation because Defendants would not leave him and his family alone. During a conversation yesterday, counsel for Defendants made a settlement proposal, which would form the basis for further discussions. However, it is Defendants themselves who apparently want to grind the axe given their huge size

and superior resources. And, as for sanctimonious claims that only Plaintiff filed a bar complaint (when information from sealed divorce pleadings was given to Legal Times), Mr. Fitton himself just filed one against Mr. Klayman with the District of Columbia Bar in a transparent attempt to try to remove Mr. Klayman as counsel on behalf of one of the clients Mr. Fitton has harmed during his tenure; Mr. Peter Paul, whose case is pending before the Honorable Royce C. Lamberth. Most telling is that the bar complaint is virtually identical to a motion for disqualification now pending before Judge Lamberth, so the "need" and motive to file it was purely vindictive.

4. For all of these reasons, Plaintiff respectfully believes that mediation through Magistrate Judge Facciola could potentially accomplish much, as someone needs to sit the parties down and get them all to grow up. This is not an efficient use of judicial resources, and it is not good for Judicial Watch itself, who Plaintiff built up into a major organization and wants it to continue to prosper, but in an ethical and proper way.

5. Mediation has been set for May 21, 2008, and Mr. Klayman is committed to being there in person to give it a chance of success. Plaintiff trusts that Defense counsel can get Mr. Fitton and his other clients to do the same.

6. A one month brief extension or stay on discovery will not prejudice anyone, and under the circumstances, could do a lot of good to resolving this case. Plaintiff is a sole practitioner and was heartened when the Court asked Judge Facciola to conduct this effort.

WHEREFORE, Plaintiff respectfully requests that his motion be granted and that this case proceed to mediation on May 21, in a short two weeks. If it does not succeed, discovery can resume for a short one month thereafter, or whatever relief this Court deems just and proper.    No prejudice will result to any party by the extension.

                Respectfully submitted,

                s/Larry Klayman
                Larry Klayman, Esq.
                D.C. Bar No.: 334581
                3415 SW 24th Street
                Miami, FL 33145
                Tel: 305-447-1091
                Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of MAY 2008, a true copy of the foregoing Plaintiff's Reply to Defendants' Opposition to Expedited Motion for Short Stay of Proceedings or, in the Alternative, Motion for Short Extension of Discovery Deadline was served via electronic means to:

        Richard W. Driscoll, Esquire
        Driscoll & Seltzer, PLLC
        600 Cameron Street
        Alexandria, VA 22314

                By: s/Larry Klayman
                Larry Klayman, Esq.
                D.C. Bar No.: 334581
                3415 SW 24th Street
                Miami, FL 33145
                Tel: 305-447-1091
                Fax: 305-447-1548