IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
| --- |
| LARRY KLAYMAN, *ET AL.* |
| Plaintiffs, |
| v. |
| JUDICIAL WATCH, INC., *ET AL.* |
| Defendants. |

Civil Action No. 1:06-CV-00670
Honorable Alan Kay

**DEFENDANTS' MEMORANDUM IN OPPSITION TO PLAINTIFF'S MOTION TO PERMIT INSPECTION OF RECORDS BEFORE PRODUCTION**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Motion to Permit Inspection of Records Before Production, and state as follows:

**INTRODUCTION**

The background of this case is well known to the Court. This action stems from Klayman's attempt to return to his former leadership role at Judicial Watch through the court system. In furtherance of this effort, Klayman has brought a myriad of breach of contract claims against Defendants arising from the September 19, 2003 Severance Agreement between himself and his former organization.

Defendants have counterclaimed, citing Klayman's own, numerous breaches of the Severance Agreement. At issue here are Defendants' breach of contract claims with respect to (i) confidential information and (ii) non-competition (Counterclaim, Counts VIII and IX, respectively) and non-disparagement clauses in addition to Defendants' Lanham Act claims.

(*See* Amended Countercl. [Doc. 86] at pars. 84-116, pars. 117 – 124 and pars. 125-186)

Pursuant to these claims, Defendants' served four subpoenas *duces tecum* (collectively, "Subpoenas") to American Target Advertising, Inc. ("ATA"), Chester Mailing List Consultants, Inc. ("Chester"), Response Unlimited ("Response") and Diener Consultants, Inc. ("Diener"), entities hired by Klayman to further his various fundraising efforts, which Klayman moved to quash, which the Court Denied. (*See* Pl. Mot. to Quash [Doc. 76-2] dated November 5, 2007; *see also*, Court Mem. of January 8, 2008 [doc. 97]). The Plaintiff objected to the Court's denial of his Motion to Quash but the objections were overruled and the January 8, 2008 decision was affirmed. (*See* Court Mem. of April 2, 2008 [134]).

Plaintiff now again reasserts the same objections, this time even more generally, that constituted his argument in his Motion to Quash Subpoenas to ATA, Chester, Response and Diener. (*See* Pl. Motion to Quash, [Doc. 76-2]). Defendants' submit the Court already denied the relief requested by Plaintiff albeit his motion is styled differently. *See Id.* Furthermore, the Motion lacks merit and became moot when documents were produced pursuant to Defendants' valid subpoenas *duces tecum*.

Furthermore, Defendants, on notice to Plaintiff, subpoenaed the deposition of a fact witness, Mark Fitzgibbons, Esquire, ATA's representative, for May 8, 2008 in Manassas Virginia. (*See* Ex. 1, copy of Fitzibbons subpoena and notice of deposition). Plaintiff, however, claims that his Motion to Permit Plaintiff's Inspection Before Production somehow bars Defendants' right to proceed with the scheduled deposition on May 8, 2008. (*See* Ex. 2, Defendants' correspondence to Pl. of May 6, 2008; *see also*, Ex. 3 and Ex. 4, copies of Pl.'s Correspondence to Defs. of May 6, 2008.)

## **ARGUMENT**

Klayman asserts "privilege" based on the "proprietary" nature of these documents. (*See* Pl.'s Mot. to Permit Inspection of Records at p. 1 [Doc. 146]).  Plaintiff previously argued with regard to the same subpoenas *duces tecum* to the same entities that several of the requests related to Klayman's trade secrets and should be denied or subject to a protective order. (*See* Pl. Mot. to Quash, [Doc. 76-2], pp. 1-3).  However, as before, other than conclusory statements, Klayman provides no support for any of these assertions. [*See* Pl.'s Mot. to Permit Inspection of Records, Doc. 146].  Further, the matter became moot when the subpoenaed entities produced documents in response to the valid outstanding subpoenas, which were held as valid by this Court on January 8, 2008 and affirmed on April 2, 2008.  *See Id.*

I.  THE COURT RULED ON AND DENIED PLAINTIFF REQUESTED RELIEF

Plaintiff now moves the Court for an Order that:

> Plaintiff can review any documents ultimately produced by American Target Advertising, Chester List Consultants, Response Unlimited, or Diener Consultants for claim of privilege before they are turned over to Defendants counsel.  This is based on the the arguments made in prior pleadings and in hearings concerning the properitary nature of these documents.

Plaintiff previously moved to quash the Subpoenas *Duces Tecum* to these four entities and wrote:

> Further, disclosure of such communications in the context of Klayman's marketing efforts for this and other litigations implicate privacy rights and is arguably protected under the work product doctrine, as information prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3); *see also Willingham v. Ashcroft*, 223 F.R.D. 1, 4 (D.D.C. 2005). To the extent any such information is deemed subject to disclosure, at a minimum, Klayman must be permitted the opportunity to review the documents of the subpoenaed entities prior to disclosure for appropriate privileges.

(*See* Pl. Mot. to Quash, Doc. [76-2] at p. 10).

The Court, however, denied Klayman's motion to quash on January 8, 2008, which was subsequently affirmed by Judge Kollar Kotelly, after Klayman filed Objections, on April 2, 2008.  (*See* Court Mem. Op. of January 8, 2008 [Doc. 97]; *see also*, Court's Mem. Op. of April 2, 2008 [Doc. 134]).  The Court specifically found that, "[e]ven if the Subpoenas seek proprietary, trade secret, or confidential information, however, this Court need not grant the Motion to Quash because a mechanism already exists in this case for protecting sensitive material."  (*See Id.* at p. 6 (citing to Protective Order issued by Court on December 3, 2007)).  In fact, Plaintiff himself in his Motion to Quash had moved to quash or in the alternative for a *protective order*.  (*See* Pl. Mot. Caption at p. 1, [Doc. 76-2]).  The Court further found the requested discovery relevant and found that Plaintiff failed to prove that the requests were unduly burdensome.  (*See* Doc. 97 at p.7).

Plaintiff now appears to be re-arguing the same motion on the same grounds to merely delay Defendants' opportunity to obtain relevant discovery.

II.   PLAINTIFF FAILS TO FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE IN FILING THIS MOTION

The Federal Rules of Civil Procedure do not allow for this Motion.  Plaintiff may seek a protective order pursuant to Fed. R. Civ. P. 30(b), or move to quash, with regard to the subpoena, as he already did pursuant to Fed. R. Civ. P. 45(b).  *See Id.*

While the following case is not applicable to the issue at hand, it is enlightening as to the Court's philosophy that, "One to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must <u>either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey</u>." *New York Times Co. v. Jascalevich*, 439 U.S. 1304, 1305 (1978).  While this rule is based

on a federal rule not applicable to the present circumstances, the policies underlying it are clearly relevant. The Court's supports a policy that avoids obstructing or impeding an ongoing judicial proceeding and a corresponding interest in hastening the ultimate termination of litigation. (*See Id.*)

As this Court already determined, the documents requested in the Subpoenas are relevant to the claim that Klayman violated the non-compete provision of the Severance Agreement. These documents will illustrate when and to what degree Klayman began competing against Judicial Watch in violation of Paragraph 5. In addition, the discovery is relevant to examination of whether Klayman used confidential Judicial Watch information in mailings, which would violate the Severance Agreement's confidentiality clause.

III.  TO THE EXTENT THAT THE SUBPOENAS SEEK DOCUMENTS CONSTITUTING TRADE SECRETS, DEFENDANTS' NEED FOR THE DOCUMENTS FAR OUTWEIGHS KLAYMAN'S UNSUBSTANTIATED OBJECTIONS

This Motion appears to be a second attempt to quash the Subpoenas or, alternatively, have a protective order issued based on the allegation that the information being sought constitutes trade secrets. However, as this Court previously held, Defendants have established the requisite "substantial need" to prevent the Subpoenas from being quashed. (*See* January 8, 2008 Court Mem. [doc 97], *see also*, Defs' Opp'n, Document 78]). Moreover, a protective order is not necessary because one already exists. (*See* Dec. 3, 2007 Court Order).

Klayman lacks any legal support for a proposition that he is to review the production prior to Defendants. (*See* Fed. R. Civ. P. *generally*). Firstly, this Court already denied Plaintiff's claim that his purported trade secrets outweigh Defendants' right of discovery. (*See Id.*, Doc. No. 97]). Further, Defendants submit that these documents are simply a reflection of Klayman's fundraising efforts.

5

Defendants' obtained discovery from these entities already, based on the Court's Denial of the Plaintiff's Motion to Quash the Subject Subpoenas, affirmed by the Court on April 2, 2008. Defendants further made the documents available to Plaintiff. (*See* Ex. 2, *see also*, Ex. 5, attached copy of April 30, 2008 correspondence).

Plaintiff now appears to be threatening Defendants for obtaining discovery from ATA, pursuant to valid subpoenas, with "unethical" conduct in an attempt to delay the deposition. (*See* attached correspondence, attached hereto as Ex. 3 and Ex. 4.)

IV.   THE WORK PRODUCT DOCTINE IS INAPPLICABLE

Throughout Plaintiff's Motion to Quash [doc. 76-2], Klayman argued that he should be permitted the opportunity to review the documents ultimately produced pursuant to the Subpoenas in order to claim privileges. (*See Id.* at 1 fn.1, 5, 10, 12). Indeed, providing Klayman this opportunity would allow him to circumvent any order issued by this Court by simply asserting that the document to be produced is subject to a claim of privilege. The only legal argument set forth by Klayman to support his proposition in his prior Motion, [doc 76-2], was with respect to a theory of work product. *See Id.* Klayman mistakenly asserted that his communications with the subpoenaed fundraising entities are somehow protected by the work product doctrine. (*See* Id. at 10.) The Court already denied these claims. (*See* Court Mem., [Doc. 97]).

In this case, Klayman cannot reasonably argue that his communications with the subpoenaed entities were prepared to advance the successful resolution of this or any other litigation. Rather, these communications with these entities were solely for fundraising purposes. Therefore the work product privilege is inapplicable.

As previously discussed, the documents sought in the Subpoenas are critical to Defendants' breach of contract claims as to confidentiality and non-competition. Therefore, the requested documents should be produced without providing a Klayman the opportunity to interfere with any ruling of this Court.

## CONCLUSION

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Motion to Quash and that the Court issue an Order that the Defendants may proceed with tomorrow's deposition.

                              Respectfully submitted,

                              /s/
                              _____
                              Richard W. Driscoll (436471)
                              Juli Haller Simonyi (466921)
                              DRISCOLL & SELTZER, PLLC
                              600 Cameron Street
                              Alexandria, Virginia 22314
                              703.340.1625 Telephone
                              703.997.4892 Facsimile
                              rdriscoll@driscollseltzer.com
                              jhaller@driscollseltzer.com
                              *Counsel for Defendants Judicial Watch, Inc.,*
                              *Thomas J. Fitton, Paul J. Orfanedes and*
                              *Christopher J. Farrell*

Dated: May 7, 2008

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 7th day of May 2008, a copy of the foregoing Opposition to Plaintiff's Motion to Permit Inspection before Production were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

                                                 //s//

                                          Juli Haller Simonyi