IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LARRY KLAYMAN,**

   Plaintiff,

   v.

**JUDICIAL WATCH, INC., et al.,**

   Defendants.

Civil Action No. 06-670 (CKK)(AK)

**MOTION TO RESET DEPOSITIONS OF ATA AND MARK FITZGIBBONS AND FOR SANCTIONS FOR PREMATURE OBTAINING OF FINANCIAL INFORMATION AND RELEASE INTO PUBLIC RECORD DESPITE PROTECTIVE ORDER**

Plaintiff, Larry Klayman, moves this honorable court for an order resetting the deposition of ATA and Mark Fitzgibbons and as grounds therefore would show:

1. Defendants unilaterally set the date of May 8, 2008, for the deposition of ATA and its President Mark Fitzgibbons and now refuse to reschedule it despite Plaintiff's unavailability on that day. There is also pending a motion to stay discovery and/or extend discovery for one month pending mediation, which could settle this case without the need to expend more of the court's resources and the parties resources, and will also allow time for Plaintiff, if necessary, to obtain insurance counsel. Mediation before the honorable John Facciola has been set for May 21 and Plaintiff will attend in person.

1

2. If this motion is not granted or the discovery period not enlarged one month, the deposition could be reset to May 9 in the afternoon, to allow time for Plaintiff to get to D.C. and review the documents prior to deposition. There is a motion pending for prior review, which has yet to be decided – to allow for possible claims of privilege prior to the depositions of fundraising persons and entities, as donor names and other proprietary information is implicated. This motion was filed at the suggestion of the Magistrate Judge when Plaintiff raised the issue of his not being accorded an opportunity to make privilege claims.

3. In a pleading yesterday, in response to Plaintiff's motion for stay, information in what supposedly was submitted under protective order (Plaintiff does not know what documents of Response Unlimited Defendants have obtained, because the provider, Response Unlimited, improperly was induced to release the documents to Defense counsel before Plaintiff's motion to quash was even decided and copies were not provided to Plaintiff), was placed on the public record, violating the protective order. Plaintiff moves for sanctions in this regard and respectfully requests that this aspect of this motion, the sanctions request, be consolidated into the upcoming sanctions hearing, which Plaintiff requests to be an evidentiary hearing on this issue.

4. Defendants do not consent to this motion, as the attached email exchange demonstrates. Plaintiff's efforts at a more cooperative approach by all parties has been met with a lack of professional reciprocity by the Defendants themselves.

WHEREFORE, Plaintiff respectfully requests the relief requested above, or such other relief as this court deems just and proper.

Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of MAY 2008, a true copy of the foregoing Motion to Reset Deposition of ATA and Mark Fitzgibbons and for Sanctions for Premature Obtaining of Financial Information and Release into Public Record Despite Protective Order was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548