IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                       |   |                                       |
|---------------------------------------|---|---------------------------------------|
| LARRY KLAYMAN, *ET AL.*               |   |                                       |
|                                       |   |                                       |
| Plaintiffs,                           |   |                                       |
|                                       |   |                                       |
| v.                                    |   | Civil Action No. 1:06-CV-00670        |
|                                       |   | Honorable Alan Kay                    |
| JUDICIAL WATCH, INC., *ET AL.*        |   |                                       |
|                                       |   |                                       |
| Defendants.                           |   |                                       |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO RESET DEPOSITIONS OF ATA AND AMRK FITZGIBBONS AND FOR SANCTIONS**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Motion to Reset Depositions of ATA and Mark Fitzgibbons and for Sanctions for Premature Obtaining of Financial Information and Release into Public Record Despite Protective Order, and state as follows:

**INTRODUCTION**

The background of this case is well known to the Court. This action stems from Klayman's attempt to return to his former leadership role at Judicial Watch through the court system. In furtherance of this effort, Klayman has brought a myriad of breach of contract claims against Defendants arising from the September 19, 2003 Severance Agreement between himself and his former organization.

Defendants have counterclaimed, citing Klayman's own, numerous breaches of the Severance Agreement. At issue here are Defendants' breach of contract claims with respect to

(i) confidential information and (ii) non-competition (Counterclaim, Counts VIII and IX, respectively) and non-disparagement clauses in addition to Defendants' Lanham Act claims. (*See* Amended Countercl. [Doc. 86] at pars. 84-116, pars. 117 – 124 and pars. 125-186)

Pursuant to these claims, Defendants noticed the deposition of Mark Fitzgibbons, President of American Target Advertising, Inc. ("ATA"), on May 1, 2008 ("Deposition"). Now, at the eleventh hour, Klayman seeks to reset the date of the Deposition, despite having previously provided the date as an available option.

## **ARGUMENT**

I.  **PLAINTIFF HAS BEEN AWARE OF THE MAY 8, 2008 DEPOSITION AND PROVIDES NO LEGAL BASIS FOR ITS DELAY**

Klayman incorrectly avers that Defendants "unilaterally set the date of May 8, 2008, for the deposition of ATA and its President Mark Fitzgibbons." On the contrary, during an April 30, 2008 telephone conference, Klayman asserted that he would tentatively be available in Washington, D.C. on the 6th, 7th, and 8th of May. Pursuant to Klayman's representation, Defendants provided Klayman with notice of the Deposition on May 1, 2008. (*See* Ex. 1, copy of Fitzgibbons subpoena and notice of deposition). Klayman can not now argue that Defendants acted unilaterally when it was he who provided the date in question. Moreover, Klayman has been aware of this deposition for almost a week and has failed to make any objection to it until the last possible moment. Finally, Plaintiff is well aware that Defendants oppose Plaintiff's Motion for an Extension and Stay of Discovery. As this Court knows, the current discovery deadline is May 15, 2008, which was previously extended pursuant to Klayman's request during the January 30, 2008 Court Teleconference.

Klayman further argues that two outstanding motions require that the Deposition be reset. Plaintiff provides no legal support for the postponement of a deposition because of outstanding motions. Indeed, such an absurdity could draw-out discovery indefinitely. Seemingly aware of this weakness, Klayman offers the afternoon of May 9, 2008, as an alternative date for the Deposition. However, the witness, Mr. Fitzgibbons informed our office that he is unavailable on this date. Moreover, Defendants intend to take the deposition of Maureen Otis in Texas on Monday, May 12, 2008, in this matter, as previously discussed with Klayman, and will require Friday for preparation. (*See* Ex. 2, copy of Defs.' May 6, 2008 correspondence). Defendants are, however, willing to move the deposition to 12:00 p.m. from 10 a.m. on May 8, 2008, in order to provide Klayman with more time.

In any event, if, despite his prior representation that he would be available on the 8th, if Klayman cannot appear in person, Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure allow him to appear via telephone.

Plaintiff's claim that his pending Motion to Permit Inspection Before Production fails to state any legal basis for any delay of the deposition of Mark Fitzgibbons, Esquire of ATA. (*See* Defs.' Opp'n to Pl.'s Mot. [Doc. 158]; *see also,* Pl.'s Mot. [Doc. 146]).

II.   PLAINTIFF PROVIDES NO BASIS FOR SANCTIONS

Plaintiff baldly asserts that Defendants violated the protective order by placing on the public record documents protected under said order. However, Klayman provides no facts to support this baseless allegation. The Court Order granting a Protective Order in this Case sets forth in large part, as follows:

> **[It is] ORDERED** that the use of any information obtained during discovery in this matter is limited to the strict context of this litigation. This Order shall continue in effect through the duration of this litigation; it is further

> **ORDERED** that any party seeking to use information obtained during discovery in this matter for purposes other than the instant litigation must apply for and obtain permission from the Court *before doing so.*

(*See* Court Order of December 3, 2007 [Doc. 83])

While Plaintiff fails to specifically assert what disclosure Defendants allegedly made, upon information and belief, Defendants believe that Plaintiff is referencing the attachment documents as Exhibits to Defendants' Opposition Memorandum with regard to Plaintiff's Motion to Quash Maureen Otis' Deposition, wherein Defendants' attached a draft copy of a caging agreement between Ms. Otis and Klayman. Defendants submit that Plaintiff's allegation is baseless as the use of exhibits in Motions and Oppositions is a part of the litigation herein initiated by Plaintiff and hardly in violation of the Court's Protective Order but rather is in compliance with it.

As Plaintiff fails to cite Fed. R. Civ. P. 37 or any of its supporting subset rules for a basis for Sanctions, the Defendants respectfully request that the Court Deny Plaintiff's outlandish, vague and unsubstantiated allegations.

## **CONCLUSION**

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Motion to Reset Depositions of ATA and Mark Fitzgibbons and for Sanctions for Premature Obtaining of Financial Information and Release into Public Record Despite Protective Order and that the Court issue an Order that the Defendants may proceed with tomorrow's deposition.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: May 7, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May 2008, a copy of the foregoing Opposition to Plaintiff's Motion to Reset Depositions of ATA and Mark Fitzgibbons and for Sanctions for Premature Obtaining of Financial Information and Release into Public Record Despite Protective Order were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

//s//
_____
Juli Haller Simonyi