IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
|
LARRY KLAYMAN,                           |
                                         |
            Plaintiff,                    |
                                         |
v.                                       |        Civil Action No. 1:06-CV-00670
                                         |        (CCK) (AK)
JUDICIAL WATCH, INC., et al.,            |
                                         |
            Defendants.                   |
———————————————————————|

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
THE OBJECTIONS AND MOTION TO QUASH
DEPOSITION OF STEPHANIE DELUCA (FORMERLY KLAYMAN)
AND REQUEST FOR COURT ASSISTANCE IN SETTING A DATE CERTAIN**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell")[1] by undersigned counsel and pursuant to LCvR 7, hereby oppose the Objections and Motion to Quash Deposition of Stephanie Deluca filed by Plaintiff Larry E. Klayman ("Klayman"). In addition, due to Klayman's lack of cooperation, Defendants request that the Court assist in setting the deposition for a date certain.

INTRODUCTION

The dispute between these parties is well-documented in prior filings and will not be repeated herein. Defendants merely remind the Court that among the claims at issue are Klayman's breach of contract allegations relating to health insurance, expense reimbursement and Defendants' counterclaims under the Lanham Act regarding Klayman's misrepresentation of

---

[1] At times, Judicial Watch, Fitton, Orfanedes and Farrell are jointly referred to as "Defendants".

facts regarding what motivated his reason to leave Judicial Watch and the conditions for his leaving.

As with every deposition that the Defendants have attempted to conduct, Klayman now seeks to quash the deposition of his former spouse, Stephanie Deluca.

ARGUMENT

Defendants are entitled to depose Ms. Deluca because her testimony is relevant to claims and defenses at issue in this litigation. While Klayman advances several arguments for preventing Defendants from deposing Ms. Deluca, none are persuasive. In summary, Plaintiff relies on the following: (1) Klayman and Ms. Deluca are involved in an ongoing custody dispute; (2) Klayman no longer intends to call Ms. Deluca as a witness; (3) Defendants intent is to harass Klayman; and (4) Defendants may not challenge statements in the Severance Agreement. Not one of these reasons is supported by any citation to authority.

**I.    THE TESTIMONY OF STEPHANIE DELUCA IS RELEVANT TO CLAIMS AND DEFENSES AT ISSUE IN THIS LITIGATION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense". Ms. Deluca's testimony is relevant to both Plaintiff's breach of contract claims and to Defendants' unfair competition claims under the Lanham Act. At no point in the Plaintiff's Motion is there one citation to an authority supporting his effort to quash this deposition.

Having identified Ms. Deluca as an individual likely to have discoverable information, Klayman cannot prevent Defendants from conducting discovery of her knowledge merely because he no longer intends to rely on her testimony. Indeed, Klayman's Initial Disclosures

2

identify Ms. Deluca (previously known as Stephanie Luck Klayman) as "familiar with the facts relating to Klayman's family health insurance benefits, and Mr. Klayman's separation from Judicial Watch".[2]  *See* Pl.'s Initial Disclosures at ¶ A(4), attached hereto as Ex. 1.  In addition, during his deposition, Klayman further identified his former spouse as knowledgeable on the subject of personal expenses:

> Q:    Okay.  Let's talk about your personal expenses.  You earlier testified that Judicial Watch had at least five folders of your personal expenses.  When did you provide those five folders to Judicial Watch?
>
> A:    After this, can we take a break so I can go to the bathroom?
>
> Q:    Sure.
>
> A:    Answer your line of questioning.   These were personal -- I take money out of my pocket, you know, for things.  And if I would take Tom and Paul to lunch, sometimes I wouldn't have the Judicial Watch credit card, I'd have my credit card, or, you know, I would go buy something, you know, for the organization.  So I would give those expenses, you know, to the accounting department, and they were put into five folders.  And I wasn't, you know, destitute at the time.  And they were put in the folders and ultimately I wanted to be reimbursed.
>
> Q:    And when did you provide those to Judicial Watch?
>
> A:    Ongoing basis.
>
> Q:    On an ongoing basis.
>
> A:    Yes.
>
> Q:    Okay.  And who did you provide those to?
>
> A:    People in and around the accounting department.  I forget some of their names.  There was a Tim, I think.  **Stephanie, my former wife, you know, was involved in that.**

---

[2]    Klayman refers to Magistrate Kay's Memorandum Opinion denying an order to compel production of pleadings from Klayman's divorce proceedings.  Motion at p. 2.  However, Plaintiff fails to acknowledge that this isolated issue is the subject of Defendant's Objections to the Memorandum Order.  [Docket # 124].  Moreover, the decision has no relevance to Defendants' right to depose a witness with relevant knowledge.

04/08/08 Deposition of L. Klayman at p. 74, line 14 – p. 75, line 20 (emphasis added), attached hereto as Ex. 2.

Like Klayman, Defendants also identified Ms. Deluca as a witness with discoverable information relevant to this case. In particular, her testimony is probative of Judicial Watch's unfair competition claims, which are based on Klayman's misrepresentations regarding his reasons for deciding to pursue other interests and communications with Officers of Judicial Watch. Accordingly, Ms. Deluca's testimony is relevant to this litigation.

## II.    DUE TO THE SCHEDULING CONFLICTS OF THE DEPONENT'S COUNSEL, THE DEPOSITION DATE WILL NEED TO BE RESCHEDULED

Defendants have been informed that due to the contentious nature of the custody dispute, and the existence of new litigation filed by Klayman against his former spouse, in Florida State court, the deponent insists on having counsel present at the deposition. After discussions with Ms. Deluca's counsel, Defendants understand that the next available date for Ms. Deluca's deposition is not until May 19 or 20, 2008, which is at least four days after the close of discovery. Defendants note that scheduling this deposition is complicated due to the limited number of available days between now and the close of discovery. In addition, Defendants would have scheduled this deposition earlier, except that Klayman declined to provide Defendants with a schedule of his available days. Eventually, Defendants arbitrarily selected a date, hoping that it would encourage Klayman to cooperate in scheduling. Instead, Klayman followed his prior practice of moving to quash every deposition scheduled by the Defendants.

Among the objections that Klayman lodges against the deposition is a conflict with his wedding anniversary. While Klayman contends that this conflict was intentionally created by undersigned counsel, the accusation is false and Klayman cannot demonstrate otherwise.

4

Moreover, during a conference call with Klayman on April 30, 2008, he expressed his intent to file a Motion to Quash and expectation that the Deluca deposition would not go forward. Therefore, Klayman agreed to schedule the Maureen Otis deposition in Texas for May 12, 2008. At no time, did Klayman ever state that May 12 was his wedding anniversary or object to the scheduling of a deposition on that date.

In light of the scheduling difficulties presented by counsel for Ms. Deluca, Defendants request that the Court intervene and set this deposition for a date certain, together with an order permitting the deposition to proceed after the close of discovery.

### III.    THE REMAINING ISSUES RAISED BY KLAYMAN ARE MERELY AN ATTEMPT TO DIVERT THE COURT AWAY FROM THE RELEVANCE OF THE STEPHANIE DELUCA DEPOSITION

Klayman raises several other issues that provide no support for his request that the Court quash the deposition of Ms. Deluca.  It is not necessary to address each of these issues. However, Defendants note that the custody dispute among Klayman and his former wife was initiated by Klayman.  Likewise, this litigation was initiated by Klayman.  If there is conflict or overlap in the two, such circumstances are not the result of actions by the Defendants.

While Klayman incorrectly asserts that counsel for Ms. Deluca and counsel for the Defendants are "collaborating," if these parties did engage in such an effort, there is nothing wrong or untoward.  Indeed, parties often cooperate in litigation against a common opponent.

Referring to ambiguous language contained in the Severance Agreement, Klayman suggests that Defendants may not investigate the motivation for his decision to leave Judicial Watch and pursue other interests.  This suggestion is without foundation in fact or law.  First, the Severance Agreement does not state what Klayman asserts.  It merely states that Klayman is leaving Judicial Watch to pursue other interest.  The decision to leave was voluntary.  However,

the Severance Agreement makes no comment on the reasons for making this decision.  Second, there is no case law or rule of evidence that supports Klayman's suggestion.

Finally, Klayman once again raises the inaccurate assertion that Defendants disclosed information obtained from documents under seal to the Legal Times.  This issue was finally determined by Judge Kollar Kotelly in denying Klayman's motion for sanctions, wherein she found these allegations to be unfounded.  [Docket # 84]

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that the Court DENY Klayman's Motion to Quash and set this deposition for either May 19 or 20, 2008.

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes, and*
*Christopher J. Farrell*

Dated: May 7, 2008

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of May 2008, a copy of the foregoing Opposition and proposed Order were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/

_____

Richard W. Driscoll