IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Larry Klayman, *Plaintiff,* | : : : | Civil Action No. 1:06-CV-00670 |
| v. | : : | Honorable Colleen Kollar-Kotelly |
| Judicial Watch, Inc., *et al.* *Defendants.* | : : : | **Jury Trial Demanded.** |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Larry Klayman, by undersigned counsel, and pursuant to Fed. R. Civ. R.
26(a)(1), hereby makes the following initial disclosures:

A.      The following individuals are likely to have discoverable information that the
Plaintiff may use to support his claims or defenses:

1.      Larry Klayman, Plaintiff, 540 Brickell Key Drive, Miami, FL, 33131.  Mr.
Klayman is generally familiar with the facts relating to each of his claims against the Defendants,
and in particular, with respect to his employment as head of Judicial Watch, the Severance
Agreement, as well as the conduct and activities of Judicial Watch of Fitton, Orfanedes and
Farrell both before and after the separation in September 2003 and of what he is owed under the
Severance Agreement.  In addition, Mr. Klayman is generally familiar with the Defendants'
failure to remove him as guarantor of the Judicial Watch building lease and credit card accounts.
Mr. Klayman is also familiar with items of personal property and that of Klayman & Associates
which the Defendants converted and failed to provide access as well as the Defendants' attempts
to limit his ability to represent clients and to defame and disparage him.

2.      Sandra Cobas, Miami, FL.  Ms. Cobas is generally familiar with the facts
relating to the removal of Plaintiff's personal property and property of Klayman & Associates.

347344-2

Ms. Cobas also is generally familiar with Mr. Klayman's representation of her in the matter captioned *Dalrymple, et al v. United States*, Case No. 1:03cv20588 (S.D. Fla. 2003) and the Defendants interference in the representation.

      3.     Genifer Flowers, current address unknown. Ms. Flowers is familiar to facts relating to the Defendants' interference with her choice of Klayman as counsel.

      4.     Stephanie Luck Klayman, 540 Brickell Key Drive, Miami, FL, 33131. Mrs. Klayman is familiar with the facts relating to the Klayman's family health insurance benefits, and Mr. Klayman's separation from Judicial Watch.

      5.     Louise Benson, 5779 Rolling Road, Woodland Hills, CA, 91367. Ms. Benson is familiar with the Defendants' defamatory and false statements to her and other donors regarding Mr. Klayman.

      6.     Russ Verney, Dallas, Texas. Mr. Verney was formerly director of Judicial Watch's southwest regional offices and is generally familiar with facts relating to defendants' practices and conduct following Klayman's separation.

      7.     Mike Pendleton, Los Angeles, California. Mr. Pendleton was formerly director of Judicial Watch's Los Angeles offices and is generally familiar with facts relating to defendants' practices and conduct following Klayman's separation.

      8.     Jane Chastain, Temucla, California. Ms. Chastain worked as a talk show host for Judicial Watch and is generally familiar with facts relating to defendants' practices and conduct following Klayman's separation.

      9.     John Vincent, Chicago, Illinois. Mr. Vincent was formerly director of Judicial Watch's Midwest regional offices and is generally familiar with facts relating to defendants' practices and conduct following Klayman's separation.

347344-2

10.    Connie Ruffley, Chicago, Illinois. Ms. Ruffley is generally familiar with facts relating to Klayman's tenure at Judicial Watch, as well as to defendants' conduct following Klayman's separation.

11.    Robert Wolpe, address unknown. As landlord to Judicial Watch, Mr. Wolpe is familiar with facts relating defendants' obligations in connection with defendants' office space.

12.    Janice Rorup, address unknown. Ms. Rorup is generally familiar with defendants' conduct following Klayman's separation.

13.    Anonymous. Individual familiar with Fitton's interests in properties located in Belize.

14.    Registrar, George Washington University, Rice Hall, Suite 101, 2121 I Street, NW, Washington, DC, 20052. Custodian of records containing facts relating to Fitton's background.

15.    Stuart Pechner, Vanguard Realty Group. Mr. Pechner is familiar with facts relating to the Defendants' failure to remove Mr. Klayman as guarantor of the Judicial Watch building lease and the Defendants' lack of efforts to purchase the building.

16.    Robert Stuber, Virginia. Mr. Stuber is generally familiar with facts relating to Judicial Watch's practices and fundraising activities as well as to Fitton's background.

17.    Steve Wilson, 501 School Street, S.W., Suite 500, Washington, D.C. 20024. Mr. Wilson is familiar with facts relating to Judicial Watch's accounting practices and as to Klayman's separation.

3

18.    Geoff Lyons, 501 School Street, S.W., Suite 500, Washington, D.C. 20024. Mr. Lyons is familiar with facts relating to defendants' conduct following Klayman's separation.

19.    Irene Garcia, Miami, Florida. Ms. Garcia is generally familiar with facts relating to Klayman's separation and defendants' possession of and failure to permit access to Klayman's property.

20.    Robert G. Mills a/k/a Greg Mills, address unknown. Mr. Mills is generally familiar with Judicial Watch's practices and fundraising activities.

21.    Genevieve Wood, address unknown. Ms. Wood is generally familiar with facts relating to Fitton's conduct in connection with Klayman;s separation.

22.    Sterling E. Norris, 2540 Huntington Drive, Suite 201, San Marino, California, 91180. Mr. Norris is generally familiar with defendants' conduct following Klayman's separation.

23.    Thomas J. Fitton, Defendant, 501 School Street, S.W., Suite 500, Washington, D.C. 20024.

24.    Paul J. Orfanedes, Defendant, 501 School Street, S.W., Suite 500, Washington, D.C. 20024.

25.    Christopher Farrell, Defendant, 501 School Street, S.W., Suite 500, Washington, D.C. 20024.

B.    The following is a description of documents, data, compilations and tangible things in Plaintiff's possession, custody or control that he may use to support his claims or defenses:

1.    The September 19, 2003 Severance Agreement;

4

347344-2

2.    Communications, including electronic documents and email files between Plaintiff and/or any his representatives and Defendants and/or any of their representatives;

3.    Documents related to Plaintiff employment with Judicial Watch, including compensation;

4.    Documents, including articles, mailings and other publicly available information by Judicial Watch following Plaintiff's separation from Judicial Watch in September 2003;

5.    Documents related to Plaintiff's personal property acquired prior to the separation but retained by Defendants thereafter.

C.    Damages Calculation: Plaintiff seeks the following damages for the claims available under the remaining claims in the Second Amended Complaint:  Count Four – Lanham Act, an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a), and trebled pursuant to 15 U.S.C. § 1117(a) and (b) plus a reasonable royalty; Count Seven – Breach of Contract, an amount in excess of $500,000.00, plus lawful interest, to determined at trial and pursuant to the Severance Agreement; Count Nine - Defamation, an amount in excess of $1,500,000.00 plus lawful interest, a reasonable royalty, and an amount in punitive damages to be determined at trial.

347344-2

D.    Insurance Agreements: Not applicable.

Plaintiff reserves the right to supplement these disclosures pursuant to the Rules and as

discovery progresses.

**SPECTOR GADON & ROSEN, P.C.**

By: _____
    Daniel J. Dugan, Esquire
    1635 Market Street, 7th floor
    Philadelphia, PA  19103
    215.241.8872 --215.241.8844 *fax*
    *ddugan@lawsgr.com*
    *Attorneys for Plaintiff*

May 3, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2007, a true and correct copy of Plaintiff's

Initial Disclosures Opposition to Defendants' Motion For Partial Summary Judgment was served

via overnight deliver on the following:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
*Counsel for Defendants*

By: _____
    Daniel J. Dugan, Esquire

6

347344-2