# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,** | |
| Plaintiff, | |
| v. | Civil Action No. 06-670 (CKK)(AK) |
| **JUDICIAL WATCH, INC., et al.,** | |
| Defendants. | |

### OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF MAY 5, 2008 DENYING MOTION TO QUASH DEPOSITION OF MAUREEN OTIS ET. AL AND RELATED ISSUES

Plainitff, Larry Klayman, hereby files objections to the above styled Order on the following grounds:

1.  Maureen Otis, Esq. is an attorney licensed to practice law in the state of Texas and she had been serving as Plaintiff's counsel in various matters related to and set forth in the subpoena duces tecum served on her. In this regard, she has billed for these services, which include services provided by American Caging (Exhibit 1 – Subpoena Duces Tecum) (Memo confirming legal relationship).

2.  Plaintiff moved to quash based on the law, which sets a very high standard for a party's attorney to be deposed. The law is as follows:

    > Moreover, this Court, like federal courts in other jurisdictions, goes by the

       standard that "good cause" presumptively exists to enter a protective order or to quash when a party seeks to preclude its own attorney's deposition testimony. West Peninsular Title Co. v.Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fl.1990); accord Dunkin' Donuts, Inc.v.Mandoricao, Inc., 181 F.R.D. 208, 210 (D. Puerto Rico 1998); Niagara Mohawk PowerCorp. v. Stone and Webster Engineering Corp., 125 F.R.D. 578, 594 (N.D.N.Y. 1989); N.F.A. Corp.v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83,85 (M.D.N.C. 1987); In re Arthur Treacher's Franchises Litigation, 92 F.R.D. 429, 437-39 (E.D. Pa. 1981).

In West Peninsular, the Court held:

> Federal courts …have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case. Moreover, costs are added to the litigation, burdens are placed upon attorneys, and the attorney client relationship is threatened. These presumptions may constitute good cause for obtaining a protective order under Rule 26(a) (sic). 132 F.R.D. at 302 (internal citations omitted).

3. It would be virtually impossible to parse testimony that does not relate to the attorney client and work product privileges in this case.

4. The information which Defendants seek, however, overbroad and irrelevant, can be obtained from other sources, such as Response Unlimited, where this court has already ruled that discovery may proceed in an appropriate fashion.

5. The rationale of the Magistrate Judge, which has been to liberally require the production of documents and testimony, because a protective order is in place to protect the information, such as donor names, etc., from becoming public, has been violated not by the Magistrate Judge, but by Defendants. Defendants have confirmed in writing that the protective order in place protects the use of information and documents in pubic pleadings. For example, in Defendants' Memorandum in Opposition to Plaintiff's Motion to Permit Inspection of Records Before Production, filed just yesterday **(Docket No. 158),** Defendants candidly admit at Page 4 that "The Court specifically found that, 'even if the Subpoenas seek proprietary, trade secret, or confidential information, however, this Court need not grant the Motion to Quash because a mechanism already exists in this case for protecting sensitive information.' (See Id. at p. 6 (citing to Protective Order issued by Court on December 3, 2007))".

6. However, despite this uncontroverted admission by Defendants that the protective order protects information from being filed and made public on the internet in public pleadings, in recent pleadings, not filed under seal as is required, they have used confidential financial information and documents and appended them to public pleadings which are then available to anyone. See **(Docket number 155)** Memorandum in Opposition to re 152 MOTION for Extension of Time to Complete Discovery, 148 MOTION to Stay *(EXPEDITED) of Proceedings Pending Expedited Mediation or in the Alternative Motion for Short Extension of Discovery Deadline to Allow Mediation to Proceed and for Plaintiff to Obtain Insurance Defense Counsel* MOTION to Stay *(EXPEDITED) of Proceedings*

3

*Pending Expedited Mediation or in the Alternative Motion for Short Extension of Discovery Deadline to Allow Mediation to Proceed and for Plaintiff to Obtain Insurance Defense Counsel* filed by CHRISTOPHER FARRELL, PAUL ORFANEDES, JUDICIAL WATCH, INC., THOMAS J. FITTON. (Attachments: # 1 Exhibit 1a, # 2 Exhibit 1b, # 3 Exhibit 2, # 4 Text of Proposed Order)(Driscoll, Richard) (Entered: 05/05/2008) and **Docket number 144** Memorandum in Opposition to re 142 MOTION to Quash filed by JUDICIAL WATCH, INC., THOMAS J. FITTON, CHRISTOPHER FARRELL, PAUL ORFANEDES. (Attachments: # 1 Exhibit One, # 2 Exhibit Two, # 3 Exhibit Three, # 4 Exhibit Four, # 5 Exhibit Five, # 6 Exhibit Six, # 7 Exhibit Seven)(Haller Simonyi, Juli) (Entered: 04/29/2008)).

7. Plaintiff has pending a motion to review documents before production, as the privileges are his and his clients' -- not Ms. Otis' who was the attorney. Thus, in the event that these objections are not granted, sufficient time needs to be set aside for this review of the documents prior to production to protect the attorney client, work product and other privileges. Thus, there will respectfully be a need to reset the deposition of Ms. Otis to allow time for this review by Plaintiff. Even the existence of a protective order, and even if Defendants had adhered to it by filing confidential documents under seal, would not protect the unauthorized disclosure of attorney client and work product information and documentation. In the past, Defendants counsel has surreptitiously induced subpoenaed parties to produce documents even while motions to quash were still pending. In Defendants possession are attorney client and work product materials that they

have already reviewed and these privileges and doctrines are being violated. There is a motion for sanctions pending on this that will be taken up by the Magistrate Judge at a hearing on May 13, 2008. (Docket number 159 ( MOTION for Sanctions and *to Reset Deposition of ATA and Mark Fitzgibbons and For Sanctions for Premature Obtaining of Financial Information and Release into Public Record Despite Protective Order* by LARRY KLAYMAN (Attachments: # 1 Exhibit Exhibit 1 correspondence)(Klayman, Larry) (Entered: 05/07/2008.)

8. Plaintiff has moved for a brief one month stay to see if the parties can finally settle this matter at the mediation conference set before Magistrate Judge John Facciola on May 21, 2008. Plaintiff will attend in person. If successful, this will save judicial and the parties resources. In the alternative, Plaintiff has moved for an enlargement of the discovery period of one month, in large part to allow time to sort these issues out. As Plaintiff has been deposed, but as yet no Defendant has been deposed, no prejudice will result to Defendants by this short stay or extension of discovery. In addition, as set forth in the motion to stay, Plaintiff was on several occasions, including the disclosure statement and recently in email and letter communications, given incorrect information by Defendants concerning Judicial Watch's Directors and Officers insurance policy, which admittedly covers Plaintiff – Defendants having alleged misconduct by Plaintiff in their counterclaims when Plaintiff was a director and officer of Judicial Watch – and Defendants have tortiously interfered with the carrier to allow Plaintiff to obtain this coverage. Recently, Plaintiff's co-counsel, Daniel Dugan of the Specter firm, withdrew, through no fault of Plaintiff. As Plaintiff is a sole practitioner, he is

5

seeking insurance co-counsel to defend the counterclaims. A short stay and/or extension of the discovery period for one month will allow him to pursue this with the carrier to obtain an insurance defense, and also allow time to try to settle this case at mediation before Magistrate Judge Facciola on May 21, 2008.

WHEREFORE, Plaintiff respectfully requests that the above relief be granted and its objections sustained.

Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May 2008, a true copy of the foregoing copy of the Objections to Magistrate Judges Order of May 5, 2008 Denying Motion to Quash Deposition of Maureen Otis, ET, AL was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145

Tel: 305-447-1091
Fax: 305-447-1548