# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel, and pursuant to Rule 26, *et seq.*, of the Federal Rules of Civil Procedure, will take the deposition upon oral examination and by videotape for the purpose of discovery and/or evidence of the following named party at the time and place indicated below, to be continued from time to time until completed:

**NAME:** Maureen E. Otis, Esq.

**DATE AND TIME:** May 5, 2008 at 11:00 a.m.

**PLACE:** Homewood Suites by Hilton
4520 Techniplex Drive
Stafford, TX 77477

Respectfully submitted,

*[signature]*

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
Email: jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: April 22, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April 2008, a copy of the foregoing Notice of Deposition was sent via e-mail, facsimile and first class mail, postage prepaid, to:

> Larry E. Klayman, Esq.
> The Klayman Law Firm
> 3415 SW 24th Street
> Miami, FL 33145

And by regular mail to

> Daniel J. Dugan, Esq.
> SPECTOR GADON & ROSEN, P.C.
> 1635 Market Street, Seventh Floor
> Philadelphia, PA 19103

*[signature]*

Juli Haller Simonyi

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIV.

LARRY KLAYMAN

V.

JUDICIAL WATCH, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] U.S.D.C., CA 1:06-CV-00670

TO: MAUREEN E. OTIS, Esq.
AMERICAN CAGING, INC.,
4850 Wright Road, Suite 168
Stafford, TX 77477

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Homewood Suites by Hilton, 4520 Techniplex Drive, Stafford Texas 77477 | 5/5/2008 11:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached document request, Appendix A to this Subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Homewood Suites by Hilton, 4520 Techniplex Drive, Stafford Texas 77477 | 5/5/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE 4-16-08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Juli Z. Haller Simonyi, Driscoll & Seltzer, PLLC, 600 Cameron St., Alexandria, VA 22314, 703.340.1628, Attorneys for Defendants

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                              SIGNATURE OF SERVER

                                                                _____
                                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, ET AL.

    Plaintiffs,

v.                                       Civil Action No. 1:06-CV-00670 (AK)

JUDICIAL WATCH, INC., ET AL.

    Defendants.

## APPENDIX A. DOCUMENTS REQUESTED

To:    American Caging, Inc.,
       Ms. Maureen E. Otis
       4850 Wright Road
       Suite 168
       Stafford, TX 77477

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel and pursuant to Fed. Rule of Civ. Pro. 45 and the attached Subpoena, hereby request the following Documents to be produced as stated, in accordance with the following Definitions and Instructions.

## APPENDIX A.

### DEFINITIONS AND INSTRUCTIONS

1. If you claim any privilege, immunity or qualified immunity with respect to any response, the following is requested for such information: (a) identify the privilege, immunity or qualified immunity and state the basis on which it is claimed; (b) identify each document for which you claim any privilege, immunity or qualified immunity, including, the author(s), addressee(s), recipient(s), carbon and/or blind copy recipient(s), document date and subject matter thereof; and (c) identify each attachment to each document.

2. If the original of any document has been destroyed or lost, or is no longer in your possession, set forth the contents of the document, the location of any copies of the document, the date the document was destroyed, lost or surrendered, and, if destroyed, the identity of the

person authorizing the destruction, and the identity of the last known custodian of the document prior to its destruction.

3. The term "Documents" shall be used in the broadest sense and shall include, without limitation, any of the following items in your actual or constructive possession, custody or control, whether such items are typed, printed, recorded, stored in a computer, reproduced by any mechanical process, or copied or written by hand: contracts, communications, correspondence, telegrams, memoranda, statements, records, reports, books, summaries and/or recordings of telephone conversations, summaries and/or recordings of personal conversations, lists, manuals, databases, quotes, bids, rating methodologies, diaries, forecasts, orders, bills, invoices, checks, studies, graphs, charts, accounts, work papers, indexes, data sheets, data processing cards, analytical records, minutes and/or records of meetings and conferences, reports and/or summaries of interviews, reports and/or opinions of consultants, attorneys, accountants and/or financial advisors, records, reports and/or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, projections, drafts, working papers, copies, marginal notations, photographs, drawings, tape recordings, financial statements, summaries, reports, records and the like, and all other written, printed, recorded or graphic matter, photographic matter, or sound production, however produced or reproduced. The term "Documents" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

4. The term "Communications" shall refer to any transmission of any sort whatsoever, by one or more persons, to one or more persons, by any means whatsoever, including, but not limited to, telephone conversations, letters, electronic mail, telegrams, teletypes, telecopies, telexes, written memoranda, radio, cable, television, and face-to-face conversations or meetings.

5. Any reference to an individual shall mean that individual, in his personal and professional capacity, and all agents or representatives of that individual, as well as all persons and entities acting or purporting to act on that individual's behalf.

6. Any reference to an entity shall mean that entity, all agents or representatives of that entity, and all persons or entities acting or purporting to act on that entity's behalf.

7. As may be necessary to bring within the scope of any interrogatory or request any response that might otherwise be construed to be outside its scope, the following shall apply: all uses of the conjunctive "and" herein include the disjunctive "or" and vice versa; all words in the singular include the plural and vice versa; all uses of the masculine gender include the feminine gender and vice versa; and all verb tenses shall include the past, present, and future tenses.

8. The time frame of this request is from 2003 to the present.

9. "You" or "your" shall be defined as AMERICAN CAGING, INC. and any officer, director, principal, representative, employee or agent of AMERICAN CAGING, INC.

## DOCUMENT REQUESTS

1.   Any and all contracts and/or agreements by and between American Caging, Inc. and (1) Larry Klayman; (2) Larry Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

2.   Any and all communications with (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman, including with or through any representatives of Larry Klayman.

3.   Any and all internal communications concerning or relating to (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

4.   Any and all communications with third parties, including but not limited to Philip Sheldon of Diener Consultants and/or Philip Zodhiates of Response Unlimited, concerning or relating to (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

5.   Any and all records concerning or relating to charitable solicitation registration services that you provided to (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

6.   Any and all records concerning or relating to data analysis or reporting services that you provided to (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

7.   Any and all records concerning or relating to profit statements and/or loss statements and reports you provided to (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

8.   Any and all reports, analyses, or accountings (electronic or hard copy) of the results of any direct mail campaign or other fundraising campaigns conducted by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

9.   Any and all statements concerning or relating to caging and/or other processing services provided to (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a

3

Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

10. Any and all records of deposits or other banking records concerning or relating to any direct mail campaign or other fundraising campaigns conducted by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

11. Any and all records of QuickBooks accounts including check register by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

12. Your Accounts Payable binder with copies of checks, invoices and disbursement authorization by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.;

13. Your bank statement binder with copies of bank statements by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

14. American Caging's Daily Cage reports or any and all documents summarizing daily deposits into the bank account by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

15. Any and all unpaid invoices by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

16. Any and all original source documents by or for (1) Larry Klayman; (2) Klayman's 2004 U.S. Senate campaign, a/k/a Friends of Larry Klayman; (3) Freedom Watch, Inc.; (4) Saving Judicial Watch; or (5) any other entity or organization associated or affiliated with Larry Klayman.

17. Any and all bills and/or invoices, including statements of payments received or outstanding for services that you performed or that you generated for or on behalf of (1) Larry Klayman and/or Larry Klayman's 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with Larry Klayman concerning or relating to any direct mail campaign or other fundraising campaigns.

Respectfully submitted,

/s/

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
Email: jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: April 10, 2008

| | |
|---|---|
| From: | Maureen Otis [Maureen@motislaw.com] |
| Sent: | Monday, August 06, 2007 2:05 PM |
| To: | leklayman@bellsouth.net; . - .. |
| Subject: | . . |
| Attachments: | Memo to Larry |

In the meantime, here is Statement summarizing the invoices and the August invoice for legal expenses.

Let me know if there are any questions.

*Redacted*

Maureen

1