IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LARRY KLAYMAN,**

   Plaintiff,

   v.

**JUDICIAL WATCH, INC., et al.,**

   Defendants.

Civil Action No.  06-670 (CKK)(AK)

**PLAINTIFF'A CONSOLIDATED REPLIES TO DEFENDANTS' OPPOSITIONS CONCERNING PLAINTIFF'S MOTION TO PERMIT INSPECTION OF RECORDS PRIOR TO PRODUCTION, DEPOSITIONS OF STEPHANIE DELUCA AND MARK FITZGIBBONS OF ATA**

Plaintiff, Larry Klayman, hereby files his replies to the above styled matter and motions.

I.   Motion to Permit Inspection of Records and Violation of Protective Order by Defendants.

In their Opposition to Plaintiff's motion to permit inspection of records, Defendants argue that no harm can come to Plaintiff – as they have throughout this case – by him producing privileged and other confidential business and personal information, without even the chance to claim privileges, etc., prior to third party production, because there is a protective order in place. They represent at page 4 of their opposition that, **"The Court, however, denied Klayman's motion to quash on January 8, 2008, which was subsequently affirmed by Judge Kotelly, after Klayman filed Objections on April 2, 2008. (See Court**

1

> **Mem. Op. of January 8, 2008 (Doc. 97); see also, Court's Mem. Op. of April 2, 2008 (Doc. 134). The Court specifically found that, "even if the Subpoenas seek proprietary, trade secret or confidential information, however, this Court need not grant the Motion to Quash because a mechanism already exists in this case for protecting sensitive material." (See Id. at p. 6 (citing Protective Order issued by Court on December 3, 2007)). In fact, Plaintiff himself in his Motion to Quash has moved to quash or in the alternative for a protective order. (See Pl. Motion Caption at p. 1 (Doc. 76-2)…"**

In conversations between counsel, shortly after the protective order was issued, counsel confirmed that the filing of any documents marked with a confidential stamp as under the protective order would be filed under seal. This is consistent with the admissions, above, of the Defendants that the protective order was meant to protect the public disclosure on Pacer, court files, the internet or otherwise of confidential and privileged information. Indeed, this has been the rationale used by the Court to permit "liberal" discovery of this information, of which Plaintiff, knowing the Defendants all too well, from past experience, felt constrained to object. In this regard, even donor information, which is covered by constitutional privileges of freedom of association and free speech could be published for access by the public.

Defendants have already, in two of their latest pleadings, published confidential information marked as subject to protective order in public pleadings accessible to the public. Before doing so, they did not even bother to file the documents or

information under seal, or even contact Plaintiff and/or the Court in advance of doing so. See **(Docket number 155)** Memorandum in Opposition to re 152 MOTION for Extension of Time to Complete Discovery, 148 MOTION to Stay (EXPEDITED) of Proceedings Pending Expedited Mediation or in the Alternative Motion for Short Extension of Discovery Deadline to Allow Mediation to Proceed and for Plaintiff to Obtain Insurance Defense Counsel MOTION to Stay (EXPEDITED) of Proceedings 4 Pending Expedited Mediation or in the Alternative Motion for Short Extension of Discovery Deadline to Allow Mediation to Proceed and for Plaintiff to Obtain Insurance Defense Counsel filed by CHRISTOPHER FARRELL, PAUL ORFANEDES, JUDICIAL WATCH, INC., THOMAS J. FITTON. (Attachments: # 1 Exhibit 1a, # 2 Exhibit 1b, # 3 Exhibit 2, # 4 Text of Proposed Order) (Driscoll, Richard) (Entered: 05/05/2008) and **Docket number 144** Memorandum in Opposition to re 142 MOTION to Quash filed by JUDICIAL WATCH, INC., THOMAS J. FITTON, CHRISTOPHER FARRELL, PAUL ORFANEDES. (Attachments: # 1 Exhibit One, # 2 Exhibit Two, # 3 Exhibit Three, # 4 Exhibit Four, # 5 Exhibit Five, # 6 Exhibit Six, # 7 Exhibit Seven)(Haller Simonyi, Juli) (Entered: 04/29/2008)).

While Plaintiff has a motion for sanctions pending concerning this brazen flouting of the protective order, upon which Defendants have steadfastly told this Court would protect privileged and confidential information, these incidents point out and underscore the need for Plaintiff to be accorded an opportunity to review third party production before it is produced to claim privilege and other legitimate

rights. (Already, as pointed out in previous pleadings, such as Plaintiff's Motion for Sanctions, Defendants' counsel obtained documents surreptitiously from third party deponents, such as Response Unlimited, even while motions to quash were pending.) That was and remains the basis for Plaintiff's motion to permit inspection and shows why it should respectfully be granted. Plaintiff also has a right to claim his privileges and other legitmate doctrines, such as the work product doctrine, where applicable.

A one month expansion of the discovery period or stay, which Plaintiff has requested from the Court, will allow for this review, and also perhaps, thanks to this case being set for mediation on May 21, 2008, which Plaintiff will attend in person, allow for a prior review and hopefully even result in settlement.

Plaintiff has gone through a difficult period; his mother died a slow death, his wife's grandmother fell ill, and he has been fighting for his children in a custody case in the Midwest and has been out of the office largely for a month. Indeed, Defendants concede that they are "cooperating" with Plaintiff's former wife, obviously in a strategic attempt to put more pressure on him. It was his former's wife's false allegations which Mr. Fitton and the other Defendants have tried to use against Mr. Klayman in this case, even having published a story in <u>Legal Times</u> about this, despite information having been placed under seal by the Fairfax family court. Mr. Klayman has not tried to delay this case, just tend to and protect his and his family's rights (he has two young children age 8 and 10) during this difficult period.

II. <u>Deposition Of Stephanie DeLuca.</u>

Obviously seeing an "opportunity," Defendants want to depose Mr. Klayman's former wife, despite the fact that she is not relevant or necessary as a witness in this case. Issues involving Mr. Klayman's children and his family are not relevant, other than to try to harass the Klayman family. And, as for the reasons Mr. Klayman left Judicial Watch, that is clear from the severance agreement itself. Bringing Mrs. DeLuca into this regrettable fight is only for tactical gain, not because it is necessary for Defendants' case.

The sad fact is that Mr. Fitton and his co-defendants have tried to exploit Plaintiff's unfortunate divorce and family issues from the get go, and this is just a continuation of this tactical effort.

III. <u>Deposition of ATA and Mark Fitzgibbons.</u>

As discussed, this deposition should respectfully be set a mutually convenient date and occur after Plaintiff has a chance to review the documents at issue, particularly in light of the precipitous violation of the protective order.

IV. <u>Conclusion.</u>

Plaintiff will discuss all of these issues at the conference this afternoon, but just wanted to file these replies to speed the conference along so that the Magistrate Judge would understand where Plaintiff is "coming from" with his concerns.

Respectfully submitted,

s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May 2008, a true copy of the foregoing copy of the Plaintiff's Consolidated Replies to Defendants' Oppositions Concerning Plaintiff's Motion to Permit Inspection of Records Prior to Production, Depositions of Mark Fitzgibbons and Stephanie DeLuca was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548