UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>  Plaintiff,<br><br>  v.<br><br>**JUDICIAL WATCH, INC.,** *et al.*,<br><br>  Defendants. | Civil Action No. 06-670 (CKK)(AK) |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion to Permit Inspection of Records Before Production [146], Defendants' Opposition [158] and Plaintiff's Reply [164]. Plaintiff asks this Court to allow him to "review any documents ultimately produced by American Target Advertising, Chester List Consultants, Response Unlimited, or Diener Consultants for claim of privilege before they are turned over to Defendants counsel." (Pl.'s Mot. at 1.)

Defendants previously served subpoenas *duces tecum* on these entities seeking documents to support Defendants' contract and Lanham Act claims. (Def.'s Opp'n at 1-2.) Plaintiff moved to quash these subpoenas on the grounds that they sought proprietary, trade secret or confidential information, but this Court denied his motion. (*See* Mem. Order of 1/8/08 [97].) Plaintiff appealed this denial to the trial court, and his objections were overruled by Judge Kollar-Kotelly. (*See* Order of 4/2/08 [134].)

Plaintiff has failed to assert, and the Court cannot locate, any precedent that supports his contention that he should be allowed to review documents before they are produced to

1

Defendants.  Moreover, it appears that Plaintiff is attempting to re-litigate issues that have already been resolved by this Court and Judge Kollar-Kotelly.  Finally, the Court notes that the abovementioned entities are required to produce documents to Defendants in accordance with the subpoenas, and if they fail to comply they are subjecting themselves to an order to show cause why they should not be held in contempt.

Accordingly, it is this 9th  day of May, 2008, hereby:

**ORDERED** that Plaintiff's Motion to Permit Inspection of Records Before Production [146] is **denied**.[1]

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Memorandum Order should be construed as barring Plaintiff from reviewing documents in the possession of the subpoenaed entities should the subpoenaed entities consent to such a review.  This Court merely holds that review of the documents shall not be a precondition to their to Defendants.