UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff,

    v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(May 12, 2008)

Currently pending before the Court is Plaintiff Larry Klayman's [148/152] Motion for Short Stay of Proceedings or, in the Alternative, Motion for Short Extension of Discovery Deadline, which Defendants oppose. On April 21, 2008, the Court entered a Minute Order terminating the referral of this case to Magistrate Judge Alan Kay for mediation, while clarifying that Magistrate Judge Kay would continue to handle all discovery matters in this case. By separate Minute Order on the same date, the Court referred this case to Magistrate Judge John M. Facciola for mediation. Following those orders, on May 2, 2008, Plaintiff Klayman moved to stay the proceedings in this case "for a short duration to allow mediation to proceed and perhaps to resolve the issues before the court, or in the alternative for a brief one month extension of the discovery deadline, currently sent for May 15, 2008, also to allow mediation to proceed . . . ." *See* Pl.'s Mot. to Stay at 1, Docket No. [148]. Plaintiff Klayman–who is an attorney and has been representing himself as lead counsel in this matter since December 31, 2007–also argues that the stay or extension he seeks will allow him time to replace his co-counsel, who recently withdrew from representation, and to seek insurance coverage for his defense of Defendants'

counterclaims. *Id.* The Court has throughly considered Plaintiff's Motion, Defendants' Opposition, and Plaintiff's Reply, as well as the entire history of this litigation. Based upon the foregoing, the Court shall DENY Plaintiff Klayman's [148/152] Motion. Plaintiff Klayman's arguments fail to establish that either a stay of this case or an extension of the discovery period is appropriate. To the contrary, more than two years have passed since Plaintiff Klayman initiated this litigation, and the time has come to bring discovery to a close so that this case may proceed towards resolution.

## DISCUSSION

The Court will not repeat herein the factual background and allegations of this case, which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82]. Rather, the Court expressly adopts and incorporates by reference all of its previous opinions in this case, which serve to document its tortured history.

Plaintiff filed his initial Complaint in this action on April 12, 2006. More than a year later, and following rounds of briefing on Defendants' Motion to Dismiss and Defendants' Motion for Partial Summary Judgment that significantly narrowed the claims in this case, the Court held an initial scheduling conference on April 25, 2007. At that conference, the Court set a generous outside deadline for discovery in this matter of May 15, 2008. Following that conference, the parties set their own interim discovery deadlines in their May 8, 2007 Status Report as to Discovery Plan. Since then, however, Plaintiff has requested, and been granted by Magistrate Judge Kay, various extensions of those interim discovery deadlines. *See, e.g.*, Minute

Order, (D.D.C. Jan. 30, 2008) (granting Klayman's motion for extension of time to file responses to Defendants' requests for admissions). In addition, Plaintiff has engaged in a series of tactics that Magistrate Judge Kay has concluded demonstrate that he "is attempting to stonewall Defendants and otherwise subvert the purposes of discovery." *See* 1/16/08 Kay Order, Docket No. [98] at 23. In particular, Plaintiff has refused to answer Interrogatories and produce documents responsive to Defendants' Requests for Production of Documents (leading Defendants to move to compel Plaintiff's responses), and has moved to quash various subpoenas to third-party witnesses and *duces tecum* for documents. *See* 1/8/08 Kay Order, Docket No. [97], 1/16/08 Kay Order, Docket No. [98], 3/12/08 Kay Order, Docket No. [117], 4/21/08 Kay Order, Docket No. [137], 5/5/08 Kay Order, Docket No. [153]; 5/9/08 Kay Order, Docket No. [165]. Magistrate Judge Kay has, almost uniformly, granted Defendants' motions to compel and denied Plaintiff's motions to quash. *See id.* Plaintiff Klayman has appealed all but the most recent of Magistrate Judge Kay's orders. This Court has already affirmed two of those orders; Plaintiff Klayman's other appeals are not yet ripe. *See* 4/2/08 Order, Docket No. [134] (affirming 1/8/08 and 1/16/08 Kay Orders).

Notwithstanding the foregoing, on May 2, 2008, Plaintiff moved to stay the proceedings in this action or to extend the impending May 15, 2008 discovery deadline in this action. Plaintiff's primary argument is that a stay or extension will allow the parties to engage in mediation before Magistrate Judge Facciola, to whom this case has recently been referred for mediation. Plaintiff's argument in this respect is entirely unavailing, however, because there is no reason to believe mediation would be at all fruitful at this juncture. To the contrary, in opposing Plaintiff's motion, Defendants flatly assert that–due to Plaintiff's tactics in delaying

discovery–they "have too little information to productively participate in any settlement discussion," and that "[i]f mediation is to have any chance of success, Defendants maintain that potential will only present if discovery is completed." *See* Def.'s Opp'n at 3, 7. In the absence of agreement by the parties that mediation might succeed before the close of discovery, the Court sees no reason to stay this case or extend the discovery period on that basis.[1]

The remainder of Plaintiff Klayman's arguments similarly fail to demonstrate that a stay or an extension is appropriate. First, Klayman asserts that he is entitled to coverage under Defendant Judicial Watch's director/officer liability insurance, that Judicial Watch's insurance carrier has wrongfully denied coverage, and that a stay or extension would allow Plaintiff time to obtain insurance coverage from Judicial Watch's carrier. Pl.'s Mot. to Stay at 3-4. The issue of insurance coverage is entirely collateral to the case at bar, however, and as a result, Plaintiff's efforts to obtain coverage do not constitute a reason to stay this case. Moreover, it does not appear that Plaintiff's efforts in that respect will be resolved promptly; indeed, Plaintiff first raised this issue in requesting a delay of his deposition almost two months ago, *see* Docket No. [121], and there is no indication that progress has been made since then. The Court therefore refuses to stay this case indefinitely in order to allow Klayman to pursue an entirely collateral matter.

Next, Klayman argues that a stay or an extension would allow him time to replace his co-counsel in this matter, who has recently withdrawn from representation. *Id.* at 6-7. Again, however, Plaintiff makes no showing of any actual efforts on his part to obtain new counsel. Nor

---

[1] The Court notes that Magistrate Judge Facciola has scheduled a settlement conference in this case for May 21, 2008. In the event that that session proves promising, the parties may jointly apply to the Court for a stay of the proceedings in this action.

does Klayman demonstrate a need for co-counsel; Plaintiff Klayman is an attorney and has been representing himself as lead counsel in this matter since December 31, 2007. During that time, Plaintiff has filed at least thirteen motions to prevent or delay discovery and four appeals of Magistrate Judge Kay's orders regarding those motions. As such, the Court concludes that Plaintiff Klayman is entirely capable of representing himself in this matter, such that a stay is not warranted in order to allow Klayman to replace his co-counsel.

In short, more than two years have passed since Plaintiff Klayman initiated this litigation, and more than one year has passed since discovery began in this action. During that time, Plaintiff has engaged in a series of tactics that Magistrate Judge Kay has concluded constitute stonewalling of the discovery process. The Court will not condone such obstructionist tactics by further delaying the close of discovery in this matter. Significantly, Plaintiff's delay tactics have resulted in harm to Defendants, who have been unable to obtain the discovery they have sought and thus to move this case closer to a resolution. More than two years after Plaintiff commenced this case, and more than one year after discovery began, the time has come to bring discovery to a close so that this litigation may be resolved. The Court refuses to sanction any further efforts towards delaying that resolution.

Accordingly, it is this 12th day of May, 2008, hereby

**ORDERED** that Plaintiff's [148/152] Motion for Short Stay of Proceedings or, in the Alternative, Motion for Short Extension of Discovery Deadline is DENIED.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge