UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC., *et al.*,<br><br>Defendants. | Civil Action No. 06-670 (CKK) |

**ORDER**
(May 12, 2008)

Currently pending before the Court are the parties' Objections to Magistrate Judge Alan Kay's [117] March 12, 2008 Memorandum Order regarding Defendants' Motion to Compel Plaintiff's Responses to Defendants' Supplemental Requests for Production. In that Memorandum Order, Magistrate Judge Kay granted Defendants' Motion to Compel with respect to all but Request No. 17 of their Supplemental Request. *See* Docket No. [117]. Plaintiff Klayman objects to Magistrate Judge Kay's Memorandum Order insofar as it grants the majority of Defendants' Motion to Compel, while Defendants object to Magistrate Judge Kay's denial of their Motion to Compel with respect to Request No. 17. The Court has throughly reviewed Magistrate Judge Kay's March 12, 2008 Memorandum Order, the parties' respective Objections, Defendants' Response to Plaintiff Klayman's Objections, and the parties' briefs regarding the underlying motion upon which Magistrate Judge Kay ruled in his March 12, 2008 Memorandum Order. The Court concludes that both Plaintiff's Objections [125] and Defendants' Objections [124] to Magistrate Judge Kay's March 12, 2008 Memorandum Opinion must be overruled, and shall accordingly affirm that Memorandum Opinion [117] in its entirety.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case, which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82]. Magistrate Judge Kay's March 12, 2008 Memorandum Order relates to the discovery that is currently ongoing in this action.

On November 2, 2007, Defendants served Plaintiff with Supplemental Requests for Production of Documents. *See* 3/12/08 Kay Order at 4. Plaintiff's responses to those Supplemental Requests were due on December 6, 2007. *Id.* Having received no response from Plaintiff, on December 17, 2007, Defendants' counsel sent a letter to Plaintiff's counsel indicating that Defendants would file a motion to compel if they did not receive documents by December 19, 2007. *Id.* On December 18, 2007, Plaintiff served Responses on Defendants, in which he asserted various objections and claims of privilege, but did not provide any documents responsive to Defendants' Supplemental Requests or provide a privilege log substantiating his claims of privilege. *Id.* at 4-5. On January 9, 2008, Defendants again warned Plaintiff that they would file a motion to compel if they did not receive responsive documents. *Id.* at 5. Defendants did so on February 6, 2008. *Id.*; Defs' Suppl. Requests Mot. to Compel, Docket No. [106-2]. In addition to requesting that the Court order Plaintiff to produce responsive materials, Defendants' Motion to Compel requested that the Court order Plaintiff to pay the fees and costs that Defendants incurred in filing their motion to compel. *Id.* Plaintiff filed his Opposition to Defendants' Motion to Compel on March 3, 2008, and Defendants filed their Reply on March 10,

2008.

On March 12, 2008, Magistrate Judge Kay issued a Memorandum Order granting-in-part Defendants' Motion to Compel, with the exception of their Request No. 17. *See* 3/12/08 Kay Order, Docket No. [117]. As to that Request, Magistrate Judge Kay denied-in-part their Motion to Compel. *Id.* Magistrate Judge Kay also granted Defendants' request for fees and costs.

**DISCUSSION**

This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human*

*Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

The Court considers Plaintiff's Objections to Magistrate Judge Kay's March 12, 2008 Memorandum Order before turning to Defendants' Objections.

*A. Plaintiff's Objections Shall Be Overruled*

At the outset, the Court notes that Plaintiffs' Objections to Magistrate Judge Kay's Memorandum Order fail to "specifically designate" the parts of Magistrate Judge Kay's Memorandum Order to which Plaintiff objects or provide "the basis," i.e. any legal authority, for specific objections, as required by Local Civil Rule 72.2(b). Plaintiff's Objections contain an extensive review of his version of the history of this case, but do not actually mention any specific rulings or Supplemental Requests as to which he believes Magistrate Judge Kay erred. As the Court explained in overruling Plaintiff's previous Objections to Memorandum Orders issued by Magistrate Judge Kay, *see* 4/2/08 Order, Docket No. [134] at 4-5, Plaintiff's Objections do not meet the standard set forth in Local Civil Rule 72.2(b), and improperly require the Court to speculate as to which parts of Magistrate Judge Kay's March 12, 2008 Memorandum Order Plaintiff believes to be clearly erroneous or contrary to law.

To the extent that Plaintiff's Objections contain any specific arguments regarding Magistrate Judge Kay's March 12, 2008 Memorandum Order, those arguments lack merit. First, Plaintiff again raises a suggestion that he made in his Opposition to Defendants' Motion to Compel, namely that rather than produce the financial information Defendants request in their Supplemental Requests directly to Defendants, Plaintiff "submit [] them to an independent CPA accounting firm who could prepare a certified report setting forth any commercial activity that might be relevant to alleged trademark infringement or defamation damage claims." *See* Pl.'s

Objs. at 4. Plaintiff's novel proposal, however, is contrary to the Federal Rules of Civil Procedure, which allow a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and clarify that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff proffers no reason why he should be given an exemption from the ordinary procedures for discovery under the Federal Rules. Furthermore, Magistrate Judge Kay's March 12, 2008 Memorandum Order specifically considered each of Defendants' Supplemental Requests regarding Plaintiff's financial information, as well as Plaintiff's responses to those Requests, and concluded that Plaintiff offered only "boilerplate objections, such as vagueness, burden, relevance and privilege," without "explain[ing] how the wording of the requests was vague or ambiguous, how he would be burdened by producing responsive documents, or how the requests sought irrelevant material." 3/12/08 Kay Order at 6. The Court agrees with Magistrate Judge Kay that "pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *Id.* at 6-7 (quoting *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)).

Plaintiff next asserts that Magistrate Judge Kay "does not analyze in his order the irrelevant and grossly overly broad scope of the supplemental document requests . . . Magistrate Judge [Kay] apparently believes that with a protective order there is no need for this analysis based on relevancy, overbreadth, privilege and other legitimate objections." Pl.'s Objs. at 4. Magistrate Judge Kay did not, however, rely on the existence of the Protective Order in rejecting Plaintiff Klayman's arguments regarding overbreadth, relevance, and privilege. Indeed,

Magistrate Judge Kay's March 12, 2008 Memorandum Order does not even mention the Protective Order in place in this case. *See generally* 3/12/08 Kay Order, Docket No. [117]. Instead, Magistrate Judge Kay specifically considered Plaintiff's claims regarding overbreadth, relevance, and privilege, and rejected them because, as discussed above, they constituted only boilerplate assertions and because Plaintiff did not substantiate his claims of privilege as required by Rule 26(b). *See id.* at 6-7.

Finally, Plaintiff appears to object to Magistrate Judge Kay granting Defendants' Motion to Compel with respect to their Requests Nos. 11 and 12, which seek documents relating to two former employees of the Defendants. *See* Pls' Objs. at 6-7. While Plaintiff rails against Defendants' attempt to discover such documents, he does not offer any legal argument demonstrating that Magistrate Judge Kay's March 12, 2008 Memorandum Order is clearly erroneous or contrary to law. Moreover, the Court notes that Plaintiff originally offered only his boilerplate objections of vagueness, burden, and relevance in response to Defendant's Supplemental Requests Nos. 11 and 12, and failed to specify those objections in his Opposition to Defendants' Motion to Compel. *See* Defs' Mot. to Compel at 15-16; Pl.'s Opp'n at 10-11. Magistrate Judge Kay thus properly ordered Plaintiff to produce documents responsive to Defendants' Requests Nos. 11 and 12, and Plaintiff Klayman's Objections offer no reason to revisit that order.

In sum, Plaintiff's Objections to Magistrate Judge Kay's March 12, 2008 Memorandum Order are a far cry from leaving the Court with "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. Instead, the Court concludes that, insofar as it grants-in-part Defendants' Motion to Compel, Magistrate Judge Kay's March 12, 2008

Memorandum Order is well-reasoned, thorough, and supported by the record, and shall be affirmed as a result.

*B. Defendants' Objections Shall Be Overruled on This Record*

For their part, Defendants object to Magistrate Judge Kay's March 12, 2008 Memorandum Order to the extent that it denies their Motion to Compel with respect to their Request No. 17, which seeks "[a]ny and all documents filed in [Klayman's] divorce proceedings with Stephanie Luck Klayman, regardless of the jurisdiction." *See generally* Defs' Objs.[1] In addition to advancing his standard boilerplate objections, Klayman objected to Defendants' Request No. 17 on the grounds that it "seeks the disclosure of documents that are under seal." *See* 3/12/08 Kay Order at 9. In his March 12, 2008 Memorandum Order, Magistrate Judge Kay noted Defendants' argument that the material requested in Request No. 17 is relevant because Plaintiff stated in his Initial Disclosures that his ex-wife has information relevant to his breach of contract claim and the circumstances of his separation from Judicial Watch. *Id.* Magistrate Judge Kay concluded that, "[e]ven assuming that Mrs. Klayman possesses information that bears on the merits of this case, the Court finds that Defendants have not made a sufficient showing

[1] Defendants also argue that Plaintiff waived his objections to their Supplemental Requests by failing to file timely objections or to seek a timely extension, and that Magistrate Judge Kay therefore erred in recognizing Plaintiff's objections. *See* Defs' Objs. at 10-11. Magistrate Judge Kay's March 12, 2008 Memorandum Order, however, specifically addressed Defendants' waiver argument. *See* 3/12/08 Kay Order at 5 n.5. Magistrate Judge Kay noted that, while his January 16, 2008 Memorandum Order explicitly warned Plaintiff that his objections might be deemed waived in the future if he failed to comply with discovery deadlines, that warning was issued after Plaintiff had already violated the discovery deadlines with respect to Defendants' Supplemental Requests. *Id.* The Court cannot conclude that Magistrate Judge Kay erred in recognizing this fact and declining to find that Plaintiff waived his objections. Nevertheless, the Court reiterates Magistrate Judge Kay's warnings to Plaintiff that failures to comply with discovery deadlines may result in the automatic waiver of objections in the future.

that the sealed proceedings of Klayman's divorce contain documents that are reasonably calculated to lead to the discovery of admissible evidence." *Id.* Magistrate Judge Kay accordingly denied Defendants' Motion to Compel with respect to their Request No. 17. *Id.*

In their Objections, Defendants argue that the divorce documents they seek in Request No. 17 are "directly relevant to both Klayman's claims against Defendants and Defendants Counterclaims." Defs' Objs. at 7. Specifically, Defendants assert that Request No. 17 seeks information relevant to their Lanham Act counterclaim, as well as to their defense of Plaintiff's breach of contract claim, because the "divorce pleading constitutes the very reason for Klayman's departure and for the existence of the Severance Agreement." *Id.* Defendants maintain that Magistrate Judge Kay erred in failing to acknowledge these arguments. *Id.* While not devoting significant attention to Defendants' argument in this respect, Magistrate Judge Kay did note Defendants' claim that Request No. 17 seeks material relevant to Klayman's separation from Judicial Watch. *See* 3/12/08 Kay Order at 9. The Court therefore does not find Magistrate Judge Kay's Memorandum Order to be clearly erroneous or contrary to law.

Moreover, the Court agrees with Magistrate Judge Kay that, even if the documents Defendants seek in Request No. 17 may contain information arguably relevant to the instant litigation, that Request requires special consideration because it seeks to reveal documents placed under seal by another court in connection with Plaintiff Klayman's divorce proceedings.[2] Based on the record before the Court at this time, it does not appear that Defendants have pursued other

---

[2] Defendants suggest that Magistrate Judge Kay's ruling with respect to Request No. 17 is inconsistent with his ruling on Requests Nos. 11 and 12, which also seek information arguably relevant to Defendants' Lanham Act counterclaim and defense of Plaintiff's breach of contract claim. *See* Defs' Objs. at 7-8. Requests Nos. 11 and 12 are distinguishable, however, because they do not seek documents that have been placed under seal by another court.

avenues that may be open to them for obtaining the information they claim is contained in Plaintiff Klayman's sealed divorce documents. Specifically, Defendants do not appear to have moved to have specific records unsealed by the court that sealed them in connection with Plaintiff's divorce before moving this Court to compel the production of those documents (and thus essentially requesting that this Court unseal documents placed under seal by another court). Furthermore, the Court notes that the deposition of Plaintiff's ex-wife is currently scheduled for May 19, 2008. While Magistrate Judge Kay has properly ruled that Defendants may not inquire about the sealed divorce documents that are the subject of his March 12, 2008 Memorandum Order, *see* Minute Order, May 9, 2008 (denying Plaintiff's Motion to Quash his ex-wife's deposition), Plaintiff's ex-wife may well be able to provide Defendants with the information they seek without resort to the sealed divorce documents. The Court therefore concludes that, on the record before it, Defendants' Objections to Magistrate Judge Kay's Memorandum Order with respect to Request No. 17 do not leave the Court with "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. The Court shall therefore overrule Defendants' [124] Objections to Magistrate Judge Kay's March 12, 2008 Memorandum Order.

Accordingly, it is this 12th day of May, 2008, hereby

**ORDERED** that Plaintiff's [125] Objections to Magistrate Judge Alan Kay's March 12, 2008 Memorandum Order and Defendants' [124] Objections to that same Memorandum Order are OVERRULED; it is further

**ORDERED** that Magistrate Judge Kay's [117] March 12, 2008 Memorandum Order is AFFIRMED in its entirety.

**SO ORDERED.**

*/s/*
COLLEEN KOLLAR-KOTELLY
United States District Judge