# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>Defendants. | Civil Action No.  06-670 (CKK)(AK) |

## OBJECTIONS AND MOTION TO QUASH DEPOSITION OF STEPHANIE DELUCA (FORMERLY KLAYMAN)

Plaintiff, Larry Klayman, moves this honorable court for an order quashing the deposition of Stephanie Ann DeLuca (formerly Klayman) (exhibit 1) and as grounds therefore would show:

1.  Mrs. DeLuca is the former wife of Plaintiff, Larry Klayman, and she is currently engaged in a custody case which Mr. Klayman was compelled to initiate when his young son, Lance, seven years old, was nearly fatally injured when he was left at a public pool without adult supervision and fell eight feet off of a high diving board and Mr. Klayman could not get information about his medical condition and the physicians who were treating him. Around the same time, Mr. Klayman was remarried and had a wedding in Miami and small church service with his children in Ohio. Thereafter, when Mr. Klayman filed for custody, he was cut off from nearly all contact with his children, despite a court order to the contrary.

1

2. Accordingly, and sadly, Mr. Klayman and Mrs. DeLuca are currently engaged in custody proceedings which are heading toward trial.

3. As set forth in previous pleadings, Defendants, and in particular Tom Fitton, have used the marriage difficulties of Mr. Klayman as a way to try to harm him. They even had published in Legal Times an article about Mr. Klayman's divorce, releasing information from sealed pleadings from the Virginia divorce court, which have no relevance to this suit, but only to harm him and his family. Defendants would like to do so again in this case and as a result have subpoenaed Mrs. DeLuca for deposition on May 12, 2008, Mr. Klayman's anniversary of marriage to his wife Diana. This is no coincidence. Importantly, Mrs. DeLuca, while listed on the initial disclosures as a possible witness to the considerable reimbursable expenses which Defendants owe Mr. Klayman, is no longer a witness which Plaintiff intends to call for this purpose. Discovery has and will alleviate this potential witness.

4. Previously, Defendants sought every document in Plaintiff's original divorce and custody proceedings and Magistrate Judge Kaye agreed with Mr. Klayman's objection, and quashed the document request, finding that this bore no relevance to the case.

5. The subpoena to Mrs. DeLuca is intended to harass Mr. Klayman at a time that he is regrettably fighting for his children and Defendants, their counsel, and Mrs. DeLuca's counsel are collaborating with each other, for strategic purposes.

6. The severance agreement that is the subject of this case provides, because it is the truth -- and Defendants agreed to this -- that Mr. Klayman left Judicial Watch not

because of marital problems but to pursue other endeavors, such as running for the U.S. Senate. The severance agreement praises Mr. Klayman and provided for the issuance of a press release praising him. Mr. Klayman was paid $600,000 in severance, an amount that would and should not have been paid if he had been found to have done something wrong. That Mr. Klayman's wife, in a fault divorce state made certain allegations about fidelity that were untrue, and which were withdrawn, should not be the subject of this case, as it debases this process and turns it into a bad version of the television show "Divorce Court." Having raised so called "family values issues," Defendants open a Pandora's box into their own conduct and what those "standards" are at Judicial Watch. This is unnecessary and counterproductive to the resolution and decorum of this case.

7. In previous pleadings, Plaintiff has set forth how Defendant Fitton in particular has harmed Mr. Klayman and his family to try to prevent his return to Judicial Watch, or competing with it in any other way. This is part of that continuing effort.

WHEREFORE, Plaintiff respectfully requests that the subpoena purportedly served on Mrs. DeLuca be quashed.

                                                    Respectfully submitted,
                                                    s/Larry Klayman_____
                                                    Larry Klayman, Esq.
                                                    D.C. Bar No.: 334581
                                                    3415 SW 24th Street
                                                    Miami, FL 33145
                                                    Tel: 305-447-1091

Fax: 305-447-1548

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May 2008, a true copy of the foregoing copy of the foregoing Objection and Motion to Quash was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.*<br><br>Plaintiffs,<br><br>v.<br><br>JUDICIAL WATCH, INC., *ET AL.*<br><br>Defendants. | Civil Action No. 1:06-CV-00670<br>(CKK/AK) |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel, and pursuant to Rule 26, *et seq.*, of the Federal Rules of Civil Procedure, will take the deposition upon oral examination for the purpose of discovery and/or evidence of the following named party at the time and place indicated below, to be continued from time to time until completed:

**NAME:** Stephanie Ann DeLucca
A/K/A Stephanie Ann Luck
2598 Kerwick Road
University Heights, OH 44118

**DATE AND TIME:** May 12, 2008 at 10:00 a.m.

**PLACE:** To occur at a mutually convenient location

Respectfully submitted,

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
Email: jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: April 29, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April 2008, a copy of the foregoing Notice of Deposition was sent via email, facsimile and first class mail, postage prepaid, to:

Daniel J. Dugan, Esq.
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA 19103

Larry E. Klayman, Esq.
The Klayman Law Firm
3415 SW 24th Street
Miami, FL 33145

Richard W. Driscoll

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE NORTHERN   DISTRICT OF   OHIO, EASTERN DIVISION

LARRY KLAYMAN

V.

JUDICIAL WATCH, INC., ET AL.

SUBPOENA IN A CIVIL CASE

Case Number:[1] U.S.D.C., CA 1:06-CV-00670

TO: STEPHANIE ANN DELUCCA
A/K/A STEPHANIE ANN LUCK
2598 KERWICK ROAD
UNIVERSITY HEIGHTS, OH 44118

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| See attached Notice of Deposition | 5/12/2008 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* | 4/29/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Attorneys for the Defendants: Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC, 600 Cameron St., Alexandria, VA 22314  Ph: 703.340.1625

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.