IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>    Defendants. | Civil Action No.  06-670 (CKK)(AK) |

### SUPPLEMENT TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MINUTE ORDER OF MAY 9, 2008

Plaintiff, Larry Klayman, hereby supplements his objections and as grounds therefore would show:

1.  In reviewing the Court Memorandum Opinion of December 3, 2007, Plaintiff recently was reminded of the premise upon which this Court initially permitted discovery into what Defendants' claim were the reasons Plaintiff left Judicial Watch – despite an explicit agreed upon statement in the Severance Agreement that it was to pursue other endeavors, such as running for the U.S. Senate, and praising Mr. Klayman's founding and service to Judicial Watch over ten years. The Court specifically and effectively limited discovery on this issue and held at page 14 of its Memorandum Opinion,

    > "… Judicial Watch explicitly asserts that the 'basis for the Amended Counterclaim is not the court file for Klayman's divorce." JW Sur-

1

>Reply at 3. Rather, Judicial Watch maintains that its proposed Amended Counterclaim is based on a conversation during which Klayman informed Fitton and Orfanedes about his wife's allegations, "acknowledged to Fitton and Orfanedes that he had been in love with the employee,' had purchased gifts for the employee and had kissed her,' and also 'acknowledged an incident with his wife that clearly provided the basis for his wife's allegations of physical assault."

2. Holding Defendants to their own words and basis for this allegation, it is clear that the deposition of Mrs. DeLuca (formerly Klayman) is not necessary; nor was it contemplated other than as an ex post facto means to harass and harm Mr. Klayman and his children.

3. Further, this Court has previously dismissed allegations by Plaintiff, Mr. Klayman, that Mr. Fitton and the other defendants fraudulently induced him to leave based on the false statement that a Chairman would be hired to replace Mr. Klayman, reasoning that a basis for this allegation cannot be found in the Severance Agreement. Based on this reasoning by the Court, and out of fairness and consistency, the allegation that there were other reasons other than those agreed to and stated for Mr. Klayman's departure, as set forth in the Severance Agreement, must also be taken into account in not allowing discovery beyond the "conversation" at issue, of which Mrs. DeLuca was not a part. Indeed, Mr. Klayman, who has been deposed, has already testified on this issue.

WHEREFORE, Plaintiff supplements his prior objections and respectfully requests that they be sustained.

Respectfully submitted,

s/Larry Klayman_____
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2008, a true copy of the foregoing

SUPPLEMENT TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S

MINUTE ORDER OF MAY 9, 2008 Richard W. Driscoll, Esquire

Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548