IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>  Plaintiff,<br><br>  v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>  Defendants. | Civil Action No.  06-670 (CKK)(AK) |

**EMERGENCY MOTION FOR CLARIFICATION OF PROTECTIVE ORDER, OBJECTIONS TO MAGISTRATE'S ORDER DENYING RIGHT TO REVIEW THIRD PARTY PRODUCTION, AND MOTION FOR RECONSIDERATION OF ORDER DENYING STAY OF PROCEEDINGS**

Plaintiff, Larry Klayman, filed the above styled motion and as grounds therefore would show:

1.  This court has consistently upheld the Magistrate Judge's orders requiring the production of virtually all documents and things requested in discovery (only one objection has been sustained concerning the production of documents from Plaintiff's divorce, and this is currently under reconsideration in effect), including but not limited to donor names and highly personal financial information going beyond that which is necessary to calculate any damages in the unlikely event defendants are successful on their counterclaims, on the premise that a protective order is in place protecting sensitive attorney client, work product, trade secrets and other "sensitive" information. This rationale is stated in a number of recent

     court orders and indeed Defendants have relied on this premise in pushing for full production of everything in Plaintiff's files.

2. Despite this, Defendants have made reference to and attached copies of highly sensitive business and financial information to public pleadings, which are available to the public on Pacer and the internet.

3. Previously, Defendants attempted to harm Plaintiff's by having published information about his prior divorce and family, which included two young children, Isabelle and Lance, ages 10 and 8, in Legal Times, despite this information being under court seal in Virginia.

4. At a recent court hearing before the Magistrate Judge, the parties argued their views on the scope of the protective order and after the hearing Defendants' counsel, Richard Driscoll, appeared to acknowledge the need to affirm or move to modify it to require that documents and information deemed confidential by the parties be filed under seal to protect all interests.

5. In the last several months, Plaintiff and his family have suffered a series of hardships. First, Plaintiff's mother, after a slow and painful convalescence from Alzheimer, died, with not only the emotional trauma involved but family responsibilities to deal with thereafter. Second, Plaintiff's time became even more scarce due to a custody proceeding that was headed toward trial involving his two young children, who he has been cut off for seeing for now a year. This occurred after Plaintiff remarried and had issues with his former wife concerning the near fatal accident of his young son Lance, who was left unattended with adult supervision at a public pool and feel 8 feet off of a high diving board. Thereafter,

      Plaintiff was unable to get meaningful medical information about his son's medical condition and he was left no choice but to file for custody. Plaintiff's wife then made false countercharges, which have since been dismissed, but which caused severe trauma and emotional distress to Plaintiff's new wife and himself. This matter is ongoing and Defendants have sought to take advantage of it, as witnessed by the attempted deposition of Mr. Klayman's former wife, which is being litigated at this time in this court.

6. Recently, Plaintiff's new wife has had a severe medical issues over the ongoing custody issue, which heightened only last week. Medical confirmation of this emotional state can be provided to the court in camera under seal. Plaintiff himself is not in good condition.

7. For almost five years, Plaintiff has tried to settle this matter to move on with his life and that of his family, but Defendants, particularly Mr.Fitton, are fearful that Plaintiff will someday compete with them significantly and/or return to Judicial Watch. This left Plaintiff no choice but to pursue legal claims. Plaintiff is nearly 57 years old, wants to move on with his new wife and family, and frankly does not desire continued litigation. Recently, he has formed another public interest group, Freedom Watch, which "West Wing" first named after a semi-fictitious character named Harry Klaypool.

8. Plaintiff feels and has been wronged by Defendants. They have disparaged him with supporters, interfered in the media, refused to take him off a multimillion dollar lease, denied his children medical coverage, refused to tell people who call in to Judicial Watch where he is and insinuate he left for some improper purpose,

despite agreed statements to the contrary in the Severance Agreement, written him out of the history of Judicial Watch – despite Plaintiff's having founded the organization and successful run it for ten years -- harmed his relations with former clients and harmed the clients' themselves by abandoning some of them, such as Peter Paul, and misrepresenting to donors about the purchase of a building and other matters, such as raising money using Plaintiff's signature on letters after he was gone for over one month, and submitted false expense claims while refusing to reimburse Plaintiff for his expenses and returning all of his property These false expense claims were published this on the internet to harm his reputation. And, in newsletters, Defendants have told supporters that Mr. Klayman's claims are no big deal, since he as just an "employee." Plaintiff, as the founder of Judicial Watch, also felt a responsibility to right these wrongs.

9. Recently, Defendants, to further their litigation strategy, have engaged in a pattern and practice of inducing third parties to disgorge documents and offer testimony ex parte, without supplying copies of the documents to Plaintiff. A deposition was even recently held ex parte, without proper notice to Plaintiff, or as a result of miscommunication. Many of the documents procured improperly by Defendants occurred, as was true with Response Unlimited, while motions to quash were pending and/or where rights had not been fully exhausted on Plaintiff's motion for prior review of the documents, to assert privilege, proprietary rights, etc, and to prepare a privilege log if necessary. (This motion was recently denied in a minute order by the Magistrate Judge, but Plaintiff had yet to exercise his right to file

4

     objections before still more documents were produced without prior review and an ex parte deposition was held of Response Unlimited last Thursday).

10. Plaintiff respectfully requests a short stay to provide time to sort through these issues and to try to settle this case, which is not good for anyone. For purposes of settlement, Plaintiff simply wants to get off the lease, be adequately compensated for monies which are due and owing and the harm caused over the years, and be left alone to carry on his public interest activities on behalf of his supporters without interference. Despite having been smeared in Legal Times, had his family relationships used and abused by Defendants for strategic gain, and even been threatened that he could not refer to himself as the founder of Judicial Watch for fear of being sued for trademark infringement (the letter from Defendants' counsel to this effect has previously been provided to the Court), he wants to get on with his life and have Plaintiff and Defendants live in peace – with the rights of donors and supporters and clients respected as well, in order to "Save Judicial Watch." The emotional state of his family and the stress all has caused is paramount to him and others that he loves. Plaintiff hopes that Defendants too would like to move on, as the current situation if destructive to all, including the supporters of Plaintiff and Defendants. Plaintiff makes this statement in good faith and without malice or intent to harm anyone.

11. For these reasons, Plaintiff respectfully requests a short stay to see if this matter can be settled to the satisfaction of all, and to allow time to sort through the protective order and prior review of documents issue, which this pleading raises as objections, and to move in the best interests of all parties, including the Court.

12.   Plaintiff is available this Wednesday, May 21, 2008, to personally address the court on these issues, as he will be in town for the settlement conference before Magistrate Judge Facciola.

WHEREFORE, Plaintiff respectfully requests that its motion be granted and its objections to prior review of third party documents sustained.

    Respectfully submitted,

s/Larry Klayman_____
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May 2008, a true copy of the foregoing Emergency Motion for Clarification of Protective Order, Objections to Magistrate's Order Denying Right to Review Third Party Production, And Motion for Reconsideration of Order Denying Stay of Proceedings was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By:  s/Larry Klayman
Larry Klayman, Esq.

6

D.C. Bar No.: 334581  
3415 SW 24th Street  
Miami, FL 33145  
Tel: 305-447-1091  
Fax: 305-447-1548

Case 1:06-cv-00670-CKK-AK    Document 174    Filed 05/19/2008    Page 7 of 7