**From:** Kristen (k106374@earthlink.net)
**To:** work
**Date:** Monday, May 19, 2008 9:36:25 AM
**Subject:** FW: JW ats Klayman: Deposition of S. Deluca

**From:** Larry Klayman [mailto:leklayman@bellsouth.net]
**Sent:** Saturday, May 17, 2008 11:26 AM
**To:** 'Juli Haller Simonyi'
**Cc:** 'Richard Driscoll'
**Subject:** RE: JW ats Klayman: Deposition of S. Deluca

Ms. Simonyi:

Your email is false in a number of respects.

First, during our telephone conference with Magistrate Judge Kay I made it clear that I was willing to agree to put off some depositions such as Ru because of unavailability this week. My wife has been ill and she needed to return to Miami. The custody case with Stephanie DeLuca has put a lot of time constraints and pressure on us and my wife has medical problems. I realize that this of little concern to you and your clients, based on how you treated David Durbin in the past and how you scheduled a telephone conference with Magistrate Judge Kay just a day after my mother recently passed away.

This is not the first time that you have not been honest. You tried to induce Phillip Sheldon of Diener Consultants to provide documents before the return date of the latest subpoena, you induced Response Unlimited to produce documents while my motion to quash was pending, you failed to provide timely quotes on copying costs after our hearing last Tuesday and then scheduled the RU deposition without proper notice (our office has no notice to this effect), and you have refused to give me copies of the ATA documents, which you also induced them to produce prematurely as my motion for prior review was still pending (and I still have a right to appeal to the judge), and a number of other slick and unethical practices, which does not comport with the high standards of the D.C. Bar and other bars for courtesy among counsel. You also recently lied in a pleading about when I had provided notice of unavailability. I did not raise this since the Magistrate Judge postponed the deposition in any event before I had a chance to correct the record. I suspect that you have had similar problems with other counsel in the past.

Your having "produced" documents to Dan Dugan, my prior co-counsel, the day before Christmas vacation by telling him he could call a copy service, which cost us a lot of money, was a "cute" strategy, but again it does not comport with the ethical standards of professional courtesy of the D.C. Bar and other bar associations. Your participation in smearing my family's

name in Legal Times and on the internet also speaks for itself.

Your charging me 16 cents per page, when I have provided all documents to you free of charge speaks volumes as well.

I will not enumerate more in this email, but save it for my motion for sanctions for your pattern of repeated misconduct and discourtesy.

Finally, I did not get your 12th hour telephone message left on my voicemail, as I was with my wife and did not have my cell phone. Even were you legitimately trying to let me know of the RU deposition – after the fact – you could have called my office, which you did not. My assistant Kristen is a witness. She could have located me if you had called my office.

I also have not been advised of Mr. Fitzgibbon's availability on May 20, but I understand from your email that you consider discovery now closed in any event. I do want the responses to my supplemental document production, which were due within this May 15 discovery deadline. Please email them today and please fedex the documents to my office in Miami.

Please govern yourself accordingly.

Larry Klayman

---

**From:** Juli Haller Simonyi [mailto:jhaller@DriscollSeltzer.com]
**Sent:** Friday, May 16, 2008 1:34 PM
**To:** leklayman@bellsouth.net; Richard Driscoll
**Cc:** porfanedes@judicialwatch.org
**Subject:** RE: JW ats Klayman: Deposition of S. Deluca

Larry,

As you know, the Court denied Plaintiff's Motion to Permit Inspection of Records before Production and previously the Court Denied Plaintiff's Motion to quash the Subpoena to Response Unlimited. You received copies of our deposition notice and subpoenas to Philip Zodhiates of Response Unlimited. You

even inquired of Rich Driscoll if we successfully obtained service of Mr. Zodhiates. We further discussed this scheduled deposition in the presence of the Court during our Court teleconference on May 9, 2008. The witness, the court reporter and counsel for Defendants all timely appeared and waited approximately 40 minutes for your appearance in person or via telephone. We called you twice and had a speaker phone in the room in the event you chose to appear via telephone only. You never returned our call or otherwise responded.

As for the production, we advised you on March 12, 2008 and again on April 30, 2008 that we had these records available for your review. You recently asked Rich Driscoll for a cost estimate for copies. Our copy service CRG, Counsel Resource Group, 202.682.1100, charges 16 cents per page and we have a full redweld, a CD and a full banker's box in documents from Response Unlimited and ATA. We also have copies of newspapers and a full letter envelope of documents from the Washington Times, which we also made available for you on March 12, 2008. You can also call your copy service, who you insisted calling on December 21, 2007 to pick up Defendants' Production of Documents on the Eve of the Christmas holiday, to pick up these documents.

Your understanding that depositions would be put off is unsupported by the Record or any verifiable form of communication. Moreover, we specifically disputed your self imposed stay of discovery before the Court on May 9, 2008 and the Court also denied your motion to extend/ stay discovery, therefore, discovery closed yesterday May 15, 2008.

Furthermore, your understanding of the Protective Order not only fails to comport with the language in the Court Order of December 3, 2007, but also contradicts the Opposition that you filed to our Motion seeking a Protective Order.

Regards,

Juli Haller Simonyi

---

**From:** leklayman@bellsouth.net [mailto:leklayman@bellsouth.net]
**Sent:** Friday, May 16, 2008 8:22 AM
**To:** Richard Driscoll
**Cc:** Juli Haller Simonyi
**Subject:** Re: JW ats Klayman: Deposition of S. Deluca

Mr. Driscoll:

Late last night, I learned that you took the depositon of RU yesterday. It was my understanding, based on telephone conferences, that any depositions would be put off by agreement as I was not available this week and until after I received the documents.

I will be moving to suppress use of this deposition and for sanctions.

Also, as you know, it is my contention that the protective order protects the public release, which woould include public court filings, of information designated confidential in this case. We can either work out suitable "clarifying" language, or I can move the court for appropriate relief and redress.

Larry Klayman

-------------- Original message from "Richard Driscoll" <rdriscoll@DriscollSeltzer.com>: --------------

Mr. Klayman:

It was my understanding that you would be filing Rule 72.2 objections to the Magistrate's denial of the motion to quash Ms. Deluca's deposition. However, since the objections are not filed at this point, I will need to proceed with the deposition of Ms. Deluca on Monday. Tomorrow, my assistant will make reservations for a meeting room at an airport hotel. I intend to commence the deposition at approximately 10:00 a.m. Once the location is confirmed tomorrow, we will provide you with an amended notice of deposition. I received a voice mail from Ms. Deluca's attorney today indicating that the witness will appear on Monday.

Best regards,

Rich

Richard W. Driscoll, Esquire

Driscoll & Seltzer, PLLC

600 Cameron Street

Alexandria, Virginia 22314

703.340.1625 Office

703.997.4892 Facsimile

rdriscoll@driscollseltzer.com

www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.