UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

    v.                                                                    Civil Action No. 06-670 (CKK)

JUDICIAL WATCH, INC., *et al.*,

    Defendants.

**ORDER**
(May 19, 2008)

On May 12, 2008, this Court entered an Order denying Plaintiff Klayman's Motion for

Short Stay of Proceedings or, in the Alternative, Motion for Short Extension of Discovery

Deadline. *See* Docket No. [166]. On May 19, 2008, Plaintiff filed an [174] Emergency Motion

for Clarification of Protective Order, Objections to Magistrate [Judge]'s Order Denying Right to

Review Third Party Production, and Motion for Reconsideration of Order Denying Stay of

Proceedings. At the outset, the Court notes that in the future, Plaintiff Klayman should not

combine unrelated motions (especially motions in different states of ripeness) in a single

document.

Insofar as Plaintiff Klayman seeks reconsideration of this Court's May 12, 2008 Order

denying his motion to stay the proceedings in this case, he offers no legal support for his request

and provides no relevant additional facts.[1] Plaintiff Klayman asserts that he "requests a short

stay to see if this matter can be settled to the satisfaction of all, and to allow time to sort through

---

[1] In particular, Plaintiff asserts that his wife is ill, and provides a doctor's letter in support
of this claim. *See* Pl.'s Mot. at 3 ¶ 6; Pl.'s Suppl. to Mot. to Stay. Plaintiff does not, however,
explain why his wife's illness precludes the completion of discovery in this case.

the protective order and prior review of documents issues." Pl.'s Mot. at 5-6, ¶ 11. This Court's

May 12, 2008 Order denying Plaintiff Klayman's request to stay this case extensively discusses

his argument that a stay is merited in order to allow the parties to participate in mediation, and

the Court therefore does not repeat that discussion, but rather expressly incorporates and adopts it

herein. *See* Order, May 12, 2008, Docket No. [166]. The Court's May 12, 2008 Order [166] also

extensively discusses the tortured history of Plaintiff's discovery tactics in this case, which

Magistrate Judge Kay has concluded constitute stonewalling of the discovery process. *Id.* at 5.

The Court refuses to sanction Plaintiff's delay tactics by staying this case to allow him to clean

up the discovery problems he is primarily responsible for creating. The Court shall therefore

DENY Plaintiff Klayman's Motion for Reconsideration.

Next, to the extent that Plaintiff's Emergency Motion purports to contain Objections to

Magistrate Judge Alan Kay's [165] May 9, 2008 Order Denying Plaintiff's Motion to Permit

Inspection of Records Before Production, the Court notes that Plaintiff's Objections (like all of

his previous objections to Magistrate Judge Kay's Orders in this case) fail to comply with Local

Civil Rule 72.2(b)'s requirement that "objections shall specifically designate the order or part

thereof to which objection is made, and the basis for the objection." LCvR 72.2(b). Indeed, this

Court is hard-pressed to understand the basis for Plaintiff Klayman's Objections.[2] In any event,

_____

[2] Plaintiff Klayman either misrepresents or misunderstands the situation when he asserts
that "[t]his Court has consistently upheld the Magistrate Judge's orders requiring the production
of virtually all documents and things in discovery . . . on the premise that a protective order is in
place." Pl.'s Mot. at 1-2 ¶ 1. Although Plaintiff claims that "[t]his rationale is stated in a
number of recent court orders," *id.* at 2 ¶ 1, he does not provide citations to these orders. In
contrast, the Court's May 12, 2008 [167] Order overruling Plaintiff's Objections to Magistrate
Judge Kay's March 12, 2008 Order specifically noted Plaintiff's argument that Magistrate Judge
Kay had inappropriately relied upon the Protective Order in place in this case. *See* Order, May
12, 2008, Docket No. [167]. The Court found that, in fact, "Magistrate Judge Kay did not. . .rely

the Court shall hold Plaintiff Klayman's Objections in abeyance in order to allow Defendants the opportunity to respond before the Court considers them.

Finally, Plaintiff's Emergency Motion appears to obliquely seek clarification and/or modification of the December 3, 2007 Protective Order entered by this Court, without specifically identifying the basis for that request. To the best of the Court's ability to understand Plaintiff Klayman's Emergency Motion, it appears to question whether the Protective Order requires that documents deemed confidential by the parties be filed under seal. Pl.'s Mot. at 2 ¶ 4. The Protective Order does not include such a requirement on its face, and the parties have not briefed this issue. Thus, to the extent that Plaintiff Klayman believes a modification of the Protective Order is appropriate, he should file a motion requesting such relief, along with legal authority supporting his request. The Court notes that the standard for sealing documents in this Circuit is quite rigorous, and that the relevant factors are specified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).

Accordingly, it is this 19th day of May, 2008, hereby

**ORDERED** that Plaintiff's [174] Emergency Motion for Clarification of Protective Order, Objections to Magistrate [Judge]'s Order Denying Right to Review Third Party Production, and Motion for Reconsideration of Order Denying Stay of Proceedings is DENIED

---

on the existence of the Protective Order in rejecting Plaintiff Klayman's arguments regarding overbreadth, relevance, and privilege. Indeed, Magistrate Judge Kay's March 12, 2008 Memorandum Order does not even mention the Protective Order in place in this case." *Id.* at 5-6 (citing 3/12/08 Kay Order, Docket No. [117]).

As another (less significant) matter, Plaintiff Klayman is also incorrect in asserting that Magistrate Judge Kay denied his Motion to Permit Inspection of Records Before Production by minute order. *See* Pl.'s Mot. at 4-5 ¶ 9. Rather, Magistrate Judge Kay issued a [165] written Memorandum Order on May 9, 2008 denying Plaintiff's Motion to Permit Inspection.

IN PART.  Specifically, the Court denies Plaintiff's Emergency Motion insofar as it seeks

reconsideration of this Court's May 12, 2008 Order denying Plaintiff Klayman's Motion for

Short Stay of Proceedings or, in the Alternative, Motion for Short Extension of Discovery

Deadline; it is further

      **ORDERED** that, to the extent that Plaintiff Klayman's Emergency Motion seeks

clarification or modification of the December 3, 2007 Protective Order in this case, that request

is DENIED.  If Plaintiff Klayman believes a modification of the Protective Order is appropriate,

he should file a motion requesting such relief, along with legal authority supporting his request; it

is further

      **ORDERED** that Plaintiff Klayman's Emergency Motion is HELD IN ABEYANCE

insofar as it purports to contain Objections to Magistrate Judge Alan Kay's [165] May 9, 2008

Order Denying Plaintiff's Motion to Permit Inspection of Records Before Production, in order to

allow Defendants the opportunity to respond to Plaintiff's Objections; it is further

      **ORDERED** that Plaintiff Klayman's [177] Supplement to Motion to Stay is DENIED.

      **SO ORDERED.**

Date:  May 19, 2008

                        */s/*
                      COLLEEN KOLLAR-KOTELLY
                      United States District Judge