IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 (CKK) (AK) |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS OF MAGISTRATE JUDGE'S MEMORANDUM ORDER OF APRIL 21, 2008**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Objections to Magistrate Judge's Memorandum Order of April 21, 2008 and state as follows:

**INTRODUCTION**

The background of this case is well known to the Court. This action stems from Klayman's attempt to return to his former leadership role at Judicial Watch through the court system. In furtherance of this effort, Klayman has brought a myriad of claims against Defendants arising from the September 19, 2003 Severance Agreement between himself and his former organization including defamation, violations of the Lanham Act, breach of contract and seeking rescission of contract. Defendants counterclaimed, citing Klayman's own, numerous breaches of the Severance Agreement and violations of the Lanham Act.

Plaintiff, who left Defendant Judicial Watch, Inc. on September 19, 2003, claims that Defendants violated the Lanham Act, 15 U.S.C. § 1125(a), by misusing his name and likeness in

the October 2003 edition of Defendant Judicial Watch, Inc.'s newsletter. Plaintiff sued Defendants for defamation alleging that Defendants published various false statements to the media and others representing that Plaintiff owed Defendant Judicial Watch, Inc. "certain monies," a "significant sum of money," and/or "more than a quarter of a million dollars." Plaintiff alleges that these statements harmed Plaintiff's business reputation and Plaintiff's reputation in his trade and profession. *See Id.* Klayman seeks monetary damages in excess of $500,000.00 on his breach of contract claim, $1,500,000.00 on his Lanham Act claim, and $1,500,000.00 on his defamation claims. (*See* Am. Compl. at [w]herefore Clause, paras. C, D, E, and G.)

Judicial Watch and Thomas J. Fitton ("Fitton") asserted counterclaims against Klayman. (*See* Am. Countercl.), including for breach of the severance agreement, trademark infringement, unfair competition, and cybersquatting. Judicial Watch's claims arising under the severance agreement include claims for violating the agreement's confidentiality, non-competition, and non-disparagement clauses, as well as for failing to repay various debts, as required under the severance agreement. Fitton has also asserted a counterclaim against Klayman for breach of the agreement's non-disparagement clause.

On April 21, 2008 Magistrate Judge Kay issued a well reasoned Memorandum Order, in which the Court denied Plaintiff's Motion to Quash Subpoenas *Duces Tecum* to Lawyers for Larry Klayman Who Assisted in Negotiation of the Severance Agreement and Motion for Reconsideration. (*See* Court Order of April 21, 2008 [Document 137]). In this Memorandum Order the Court also denied Plaintiff's Motion to Quash Subpoenas to Phillip Sheldon and Diener Consultants, or Alternatively for a Protective Order. *See Id.* On May 5, 2008, Plaintiff filed general and vague Objections to the Magistrate Judge's rulings. (*See* Defs.' Opp. at p. 2

(*citing* Pl.'s Mot., [Doc. 120]))

## STATEMENT OF FACTS

*A. Plaintiff's Motion to Quash the Subpoenas Duces Tecum to Lawyers for Larry Klayman Who Assisted in Negotiation of the Severance Agreement and Motion for Reconsideration.*

Defendants' served subpoenas *duces tecum* (collectively, "Subpoenas") to Klayman's two attorneys, Herbert Beller, Esquire and David Durbin, Esquire ("Plaintiff's former counsel"). (*See* Subpoenas attached as Ex. 1 to Pl.'s Mot. to Quash [Doc. 120]; *see also,* Defs.' Opp. to Mot. at p. 3 [Doc. 132])). Plaintiff's former counsel represented Klayman during the formation and after the execution of the Severance Agreement at issue in this case. (*See* Defs.' Opp. to Mot. at p. 3 [Doc. 132]). Furthermore, his former counsel, Herbert Beller, Esquire and David Durbin, Esquire executed the subject Agreement as witnesses. (*See Id.*, (*citing* Severance Agreement at p. 12 attached to Defs.' Answer, Countercl. Ex. 1).

Plaintiff, moved to quash the Subpoenas *Duces Tecum* arguing work product and attorney-client privileges in support of his Motion to Quash. (*See* Pl.'s Mot. at par. 4, [Doc. 120]). Defendants, however, made no request for privileged documents and clearly indicated on the face of the Subpoenas *duces tecum*, and in each specific request to Plaintiff's former counsel, that Defendants seek only "*non-privileged*" documents. (*See Id. citing* Ex. 1 to Pl.'s Mot. to Quash at p. 4 of 15,  pp. 6-7 of 15, Request Nos. 1 – 12; p. 11 of 15, pp. 13-14 of  15, Request Nos. 1-12; *see also,* Court's Mem. Order at p. 5). The Court, after articulating its reasons and addressing each of Plaintiff's arguments, issued an Order denying Plaintiff's Motion to Quash. Plaintiff nevertheless continues his dilatory tactics and files this baseless appeal to further delay discovery.

Klayman made no attempt to confer with Counsel prior to filing the Motion to Quash.

([*See* Pl. Mot. Doc. 120]).

  B. *Plaintiff Larry Klayman's ("Klayman") Motion to Quash Subpoenas to Phillip Sheldon and Diener Consultants or, alternatively, for Protective Order*

  Pursuant to the Court's Order of January 30, 2008, Subpoenas for deposition and documents returnable for March 31, 2008 were served on Phillip Sheldon and Diener Consultants, Inc. ("Diener") on January 31, 2008 ("the Diener Subpoenas"). (*See* Court Mem. Order at p. 6 [Doc. 137]).  Plaintiff, pursuant to the Court's Order, participated in the arrangements of the scheduled deposition to occur in Lancaster, PA, nevertheless, Plaintiff waited nearly two months, until Thursday evening, March 27, 2008 and Friday March 28, 2008, to file a Motion to Quash the Diener Subpoenas. (*See* Defs.' Opp. to Mot. to Quash, at p.1-3 [Doc. 130]; *see also,* Court Mem. at p. 6; *see also* Pl.'s Motion to Quash, [Doc 126-2] and Pl.'s Mot. to Quash in the Eastern District of Pennsylvania (Philadelphia), 2008-mc-00064-HB, filed 03/28/08.)  Plaintiff again failed to make any effort to confer with Defendants prior to filing either 11th hour Motion to Quash. (*See* Defs.' Opp. to Mot. to Quash, at p. 3, par. 12 [Doc. 130]).

  The discovery sought in the Diener Subpoenas is highly relevant to the Defendants' defenses and counterclaims. *See Id.* at p. 6-7.  Production will reveal evidence and information regarding the results of Klayman's fundraising efforts, which is directly relevant to Defendants' claim for damages resulting from Klayman's trademark infringement, unfair competition and breach of the confidentiality and non-disparagement provisions. *See Id.*  The witness had significant business relations with Klayman and in relation to "Saving Judicial Watch." *See Id.* Klayman's Second Amended Complaint includes a defamation claim against Defendants and alleges damages to Klayman's business reputation in an amount in excess of $1,500,000.00. (*See*

*Id.* (citing Second Amended Complaint at paras. 148-62 and wherefore clause at para. G.)).

## **ARGUMENT**

I. PLAINTIFF FAILS TO MEET THE STANDARDS SET FORTH IN THE FEDERAL RULES OF CIVIL PROCEDURE OF OBJECTNG TO THE COURT'S RULING

In the context of filing "objections" to a Magistrate's order, LCvR 72.2(c) permits the Court to modify or set aside any portion of the order "found to be clearly erroneous or contrary to law". This Court set forth the standard governing such motions in *Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp.2d 1 (D.D.C. 2006), in which it denied a motion for reconsideration of a discovery ruling made by Magistrate Kay:

> Local Civil Rule 72.2(b) states that "[a]ny party may request the judge to reconsider a magistrate judge's ruling under paragraph (a) by filing a motion to reconsider within 10 days[.]" Local Civil Rule 72.2(c) sets forth the basis for reconsideration, stating that "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") (emphasis original). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001).
>
> Furthermore, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *United States v. Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Nor is it "a vehicle for presenting theories or arguments that could have been presented earlier," *Id.* at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Prot. Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F.

> Supp. 3 (D.D.C. 1989). Indeed, "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

*Globalaw Ltd.*, 452 F. Supp.2d at 59-60.

Local Rule 72.2 also requires that a movant "shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." LCvR 72.2(b). Klayman has now filed a number of Objections to the Magistrate Judge's Rulings, and at a minimum, became aware of the Rule when Defendants cited it, nevertheless Klayman again fails to specify specific portions of Magistrate Kay's March 12, 2008 Order that are alleged to be erroneous. He further again fails to cite any support for establishing that the Court clearly erred as a matter of fact or law.

### A. PLAINTIFF FAILS TO SPECIFY A LEGAL BASIS TO SUPPORT HIS OBJECTION IN SUPPORT OF HIS MOTION TO QUASH SUBPOENAS TO LAWYERS

The Court first reviewed Plaintiff's arguments and summarized them as follows, "[o]n March 12, 2008, Klayman moved to quash, arguing that the documents Defendants sought were protected by attorney-client and work product privileges. (*See* Court Mem. at p. 5 [Doc. 137] *citing* Pl.'s Mot. at par. 4, [Doc. 120]). The Court then addressed the argument Klayman made that Defendants' requests were "contrary to the parol evidence rule." *See Id.* The Court concluded, "the Court need not quash or modify the subpoenas in this case, however, because they do not seek privileged materials." *See Id.* "Therefore the attorney client and work product privileges do not provide a basis for quashing these subpoenas." (*See* Court Mem. at p. 5-6 [Doc. 137]). The Court further explained that the "parol evidence" rule does not bar discovery where the subpoenas are reasonably calculated to lead to the discovery of admissible evidence. (*See Id.* at 6.)

Plaintiff, however, argues that, "the Order of April 21, 2008, denies Plaintiff's Motion to Quash the depositions of Plaintiff's attorneys Herbert Beller and David Durbin, without any discussion of the facts or law that were plead by Plaintiff in this motion…" Klayman then cites a case, *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fl. 1990), and the cases it cites, to support the proposition 'that "good cause" presumptively exists to enter a protective order or to quash when a party seeks to preclude its own attorneys' deposition testimony.' (*See* Pl.'s Objection at p. 2, *citing Id.*] The Court, therein, however, sets forth a standard that the Court applies when a party seek the deposition of a party's counsel, an attorney representing a party in the litigation before the Court. *See Id.* The Court therein raised concerns that during such a deposition of party counsel, counsel could inadvertently discuss matters that otherwise constitute work product or are privileged. *See Id.* at 303. That standard is completely inapplicable to the issues before this Court on the Subpoenas *Duces Tecum* seeking "non privileged documents" to his former counsel, who do not represent him nor have they represented him in this litigation.

Plaintiff simply does not retain a blanket right of privilege for all communications and/or documents in his counsel's possession. *See Alexander v. F.B.I.*, 198 F.R.D. 306, 309-310, f.n. 2 (D.D.C. 2000)(*citing, Coastal States Gas Corp. v. Department of Energy, 199 U.S. App. D.C. 272, 617 F.2d 854, 862 (D.C. Cir. 1980).* "Only communications that seek 'legal advice' from a professional legal advisor in his capacity as such' are protected." *Minebea Co. v. Papst*, 228 F.R.D. 13, 21 (D.D.C. 2005) (*citing In re Lindsey*, 158 F.3d at 1270 (*citing* 8 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2292 at 554 (McNaughton rev. 1961); *see also Lugosch v. Congel*, 219 F.R.D. at 235 (An attorney-client privilege "attaches to only those communications (1) where legal advice of any kind is sought, (2) from a professional

legal advisor in his or her capacity as such, (3) the communication relates to that purpose, (4) made in confidence, (5) by the client, and (6) are at his or her insistence permanently protected, (7) from disclosure by the client or the legal advisor, (8) except if the protection is waived."). The Communications sought in Defendants' Subpoenas *Duces Tecum* specified only "non-privileged" communications. On their very face, these subpoenas cannot violate Plaintiff's claims of work product and/or attorney client privilege.

Klayman has failed to set forth, with any support, a legal basis to overturn the Magistrate Judge's Ruling Denying his Motion to Quash.

### *A. PLAINTIFF FAILS TO SPECIFY A LEGAL BASIS TO SUPPORT HIS OBJECTION IN SUPPORT OF HIS MOTION TO QUASH THE DEINER SUBPOENAS*

Plaintiff filed an eleventh hour motion to quash a deposition scheduled to go forward in Lancaster PA that had been schedule for nearly two months. By Plaintiff's own admission, Plaintiff cooperated with the Defendants and the Magistrate Judge's suggestion for Plaintiff's process server to reserve the Subpoena in question. (*See* Pl.'s Objection at p. 6 [Doc. 137]), The earlier Subpoenas were returnable on January 31, 2008 and Plaintiff had sought to delay the January 31, 2008 deposition. (*See* Defs.' Opp. at p. 2, par. 5.) The Court granted an Extension but Ordering that Plaintiff participate in the service of process on the witness and further that the new date give Plaintiff ample time. *See Id. (citing* Court Minute Order of January 30, 2008). The new subpoenas, served by Plaintiff, set the new date for March 31, 2008. Plaintiff, nevertheless, without even an effort to confer, filed a last minute Motion to Quash on the evening of March 27, 2008 and one in Pennsylvania on March 28, 2008. (*See* Pl.'s Mot. to Quash, [Doc. 126-2]; *see also,* Court Mem. at p. 6; *see also* Pl.'s Motion to Quash in the Eastern District of Pennsylvania (Philadelphia), 2008-mc-00064-HB, filed 03/28/08.)

The Court set forth in her Scheduling and Procedures Order,

> Counsel are referred to Local Rule LCvR 26.2 and expected to fully conform with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the court's attention. If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court. **Counsel shall not file a discovery motion without prior consultation with opposing counsel.** Counsel are advised that if the court is called upon to resolve such a motion, the losing attorney (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37(a) (4).

(*See* Scheduling and Procedures Order of April 25, 2007, [Doc. 58], at p. 3, par. 4)

Klayman made no attempt to confer with Counsel prior to filing this Motion. (*See* Pl's Mot., Doc. 126-2]

The Magistrate Judge found that Klayman concedes that the Diener subpoenas "are virtually identical" to the Subpoenas that Defendants served on four entities in October of 2007, which include Diener Consultants, Inc., which were the subject of the Magistrate Judge's Court Order of January 8, 2008. (*See* Court Mem. Order at p. 7 [Doc. 97], subsequently affirmed by this Court on April 2, 2008 Order [Doc. 134]). The Court heard argument and cited the history of the case to find that it need not re-visit whether the Diener Subpoenas are overbroad or seek proprietary information or trample on the rights of third parties. (*See Id.*)

Plaintiff, admits, that he was well aware of the subject subpoenas based on his own participation but claims he participated, "with a full reservation of all rights, Plaintiff cooperated with the Court's suggestion to reserve the subject subpoenas." (*See* Pl. Objection at p. 2-3 [Doc. 154]). Plaintiff then generally references his "detailed argument" on the issues of releasing donor names in contravention of constitutional rights of freedom of association and speech, and provided several alternatives as to how this could be done should the court deem the information

relevant. (*See Id.* at 3). Defendants reiterated that they had not requested "donor names," as previously submitted, (*see* Defs.' Opp. [Doc. 78]), and that Klayman already made this argument before this Court on the same basis, which was denied on January 8, 2008 [Doc. 97], and affirmed on April 2, 2008 [Doc. 134]). Defendants' subpoenas to Diener Consultants differed from the earlier subpoena that Plaintiff moved to Quash, in that said Subpoenas also sought deposition testimony and needed to be re-served as prior attempts at serving Diener's registered agent were unsuccessful.

Plaintiff merely seeks to further delay discovery by re-arguing the same arguments he made on November 5, 2007. (*See* Pl.'s Mot. Mem. to Quash, [Doc. 76-2]). Plaintiff submitted in that filing of November 5, 2007, in the introduction,

> Plaintiff, Larry Klayman ("Klayman"), by undersigned counsel hereby submits this memorandum of points and authorities in support of the motion to quash the subpoenas *duces tecum* issued by Defendants on October 24, 2007 to American Target Advertising, Inc., Chester Mailing List Consultants, Inc, and Response Unlimited, and on October 29, 2007 to Diener Consultants, Inc. (the "Motion"). **The Subpoenas must be quashed, or alternatively, in the unlikely event that they are not quashed, protected under a protective order prohibiting disclosure, because the Subpoenas are overbroad on their face, seek information not relevant to this litigation, and impermissibly seek proprietary, confidential commercial and financial information of Klayman and non-party vendors, and invade the rights of privacy and freedom of association of donors.**[1]

*(See Id.* at p. 1 (emphasis added.))

He wrote the following introduction in his Motion to Quash the Diener Subpoenas issued on January 31, 2008, returnable on March 31, 2008,

> **The Subpoenas must be quashed, or alternatively, in the unlikely event that they are not quashed, protected under a protective order prohibiting disclosure, because the Subpoenas are overbroad on their face, seek information not relevant to this litigation, and impermissibly seek proprietary, confidential commercial and financial information of Klayman**

    **and non-party vendors, and invade the rights of privacy and freedom of association of donors.**
(*See* Pl.'s Mot. to Quash, Doc. 126-2 at p. 1.)

  The Court recognized the Plaintiff's conduct in attempting to stonewall the discovery, including Klayman's failure to confer, Klayman's eleventh hour untimely filing and Klayman's re-assertion of his "virtually identical" prior arguments.

  Magistrate Kay's purported failure to explain his reasoning factually and legally was no error at all, much less a "clear error" warranting reconsideration.

## **CONCLUSION**

  Klayman's Objections are void of merit and do not come even close to satisfying the heavy burden required. They are nothing more than yet another transparent attempt by Klayman to stonewall and delay Defendants' legitimate discovery requests so that he can continue this vendetta of a lawsuit against his former colleagues. Accordingly, Klayman's Objections should be rejected in their entirety.

  WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court Affirm Magistrate Judge Kay's April 21, 2008 Memorandum Order and further Over-rule Plaintiff's Objections to Magistrate Judge's Memorandum Order of April 21, 2008.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: May 19, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May 2008, a copy of the foregoing Opposition to Plaintiff's Objection to Magistrate Judge's Memorandum Order of April 21, 2008 were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

//s//
_____
Juli Haller Simonyi