IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL*. | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 (CKK) (AK) |
| JUDICIAL WATCH, INC., *ET AL*. | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER OF MAY 5, 2008 DENYING MOTION TO QUASH DEPOSITION OF MAUREEN OTIS ET AL AND RELEATED ISSUES [DOCUMENT [162]**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell"), by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's Objections to the Court's Order of May 5, 2008 Denying Motion to Quash Deposition of Maureen E. Otis and American Caging, Inc., [Doc. 162] and state as follows:

**INTRODUCTION**

Defendants submit that Plaintiff filed this Motion and these Objections to again merely delay the return of Defendants' discovery subpoenas. The subject subpoenas in this Appeal were returnable for Monday, May 12, 2008 in Texas (*See* Def. Opp. Exs. 1-3, Doc. 144 2 - 4) but were delayed when Plaintiff filed a Motion to Quash on May 5, 2008, which the Court subsequently denied on May 5, 2008; however, Plaintiff appealed the Court's ruling on May 8, 2008 along with filing several other companion motions. (*See* Pl.'s Mot. to Quash, Doc. 142, Court Mem. Order. [Doc. 153] and Plaintiff's Objections [Doc. 162]; *see also,* Pl.'s Mot, [Doc. 146]).

Plaintiff filed another appeal of the Magistrate Judge's ruling in effect to prevent the scheduled deposition to take place on Monday, May 12, 2008.

The background of this case is well known to the Court and shall not be repeated here. (*See* Court Memorandum Order at p. 1, [Doc. 153] (*citing* Mem. Order dated April 21, 2008 [Doc. 137])). On May 5, 2008, upon consideration of Plaintiff's Motion to Quash, Defendants' Opposition and Plaintiff's Reply, Magistrate Judge Alan Kay issued a well reasoned Memorandum Order, in which the Court denied Plaintiff's Motion to Quash the Deposition of Maureen E. Otis and American Caging, Inc. (*See* Pl.'s Mot., [Doc. 142]; Defs. Opp. [Doc. 144]; Pl.'s Reply [Doc. 150] and Court Mem. Order [Doc. 153]).

## STATEMENT OF FACTS

On April 22, 2008, Defendants sent Klayman a Notice of Deposition and a copy of Defendants' subpoenas to Maureen Otis and American Caging, Inc. (*See* Ex. 1-3 to Defs. Opp, [Doc. 144] Notice and Subpoenas to Otis and to American Caging). Plaintiff waited until May 5, 2008 to file his Motion to Quash, only after Defendants' notified him again in writing of their intention to proceed with the scheduled deposition.[1]

Plaintiff makes a general claim that Ms. Otis of American Caging, Inc. was his attorney. (*See* Pl. Mot. at 1). Plaintiff, Larry Klayman, however, testified unequivocally that Maureen Otis was the Caging agent for "Saving Judicial Watch."[2] (*See* Ex. 4 to Def. Opp. to Pl.'s Mot. to Quash [Doc. 144-6], copy of Klayman's deposition Tr. at 248 L. 9 – L. 15). Klayman testified,

Q: "Who is the Caging Agent for Saving Judicial Watch?"

---

[1] Klayman filed with the Court a general and vague objection on Friday, April 25, 2008, which, as a party rather than a person or entity subject to a subpoena, he lacked standing to do. (*See* Pl.'s Objection, [Document 139], Ex. 2; *see also,* Fed. R. Civ. P. 45(c)(2)(B)). Defendants notified Klayman on Monday, April 28, 2008 that they intended to proceed with the discovery over his objection. (*See* Ex. 4 to Defs. Opp. to Pl.'s Mot., [Doc. 144 – 5]).

[2] "Caging" refers generally to the opening, processing, and accounting of contributions a charitable or non-profit organization receives by mail from its supporters.

2

>   A:   "There were two, one was Maureen Otis."

*See Id.* Defendants also received in discovery a draft caging agreement between Klayman and American Caging, Inc. (S*ee* Ex. 5 to Def. Opp. to Pl.'s Mot. to Quash [Doc. 144-7]), draft caging agreement). The draft caging agreement contains a signature line for the witness, Otis as President of American Caging, Inc., and not as counsel to Klayman. (*See Id.* at p. 6).

Plaintiff failed to attach any exhibits in support of his Motion to Quash or in support of his Reply Memorandum to evidence his allegation that Ms. Otis was his attorney. (*See* Pl.'s Mot. [Doc. 142] and Pl.'s Reply [Doc. 150]). Klayman, however, now, on appeal for the first time, attaches an exhibit, which is Ex. 1 to his Objections, which he now claims is a "Memo confirming legal relationship." (*See* Pl.'s Objections at p. 1, *citing* Ex. 1, [Doc 162, 162-2]). Klayman's newly submitted exhibit, however, consists of more than one separate document, which first includes a copy of only one of the Defendants' Subpoenas to Ms. Otis of American Caging, Inc. *See Id.* Following said subpoena is a redacted email from Ms. Otis referencing "legal expenses," which Klayman appears to be submitting as evidence that she was his legal counsel. *See Id.* The email, however, contains no representation that the "legal expenses" were legal expenses incurred either by Ms. Otis or by Ms. Otis as legal counsel. *See Id.* Furthermore, even if such a relationship existed, it does not contradict his testimony that she also worked with him through "Saving Judicial Watch" as his caging agent or that she was President of American Caging, Inc., a caging company used by Larry Klayman's organizations.

Moreover, Ms. Otis is the Registered Agent for American Caging, Inc., a Texas Corporation, and therefore, Defendants served her with a second Subpoena *Duces Tecum* addressed to the "Custodian of Records", which Klayman also moved to Quash -- without any specific grounds. (*See* Pl.'s Mot. at p. 1, Doc. [142]).

Klayman's fundraising efforts, which were facilitated through the services of American Caging, Inc., directly relate to Defendants' counterclaims against Klayman, including their counterclaims for breach of the non-disparagement and confidentiality provisions of the Severance Agreement, trademark infringement, and unfair competition in violation of the Lanham Act. (*See* Defs.' Countercl. generally; *see also,* Ex. 7 to Defs.' Mot., copy of "Freedom Watch" mailing [Doc. 144-8]).

It should be noted that Klayman made no attempt to confer with Defendants prior to filing his Motion and failed to comply with Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m) and this Court's Order of April 25, 2007.

## ARGUMENT

I.  THE COURT RULED ON AND DENIED PLAINTIFF REQUESTED RELIEF

The Magistrate Court addressed Plaintiff's objections to the Subpoenas, both subpoenas, including the attorney-client privilege, the work product privilege, overbreadth, relevance, trade secrets and privacy. (*See* Court Mem. Order at p. 2 [153](*citing* Pl.'s Objections [139]). The Court after considering the law of this jurisdiction and the Federal Rules of Civil Procedure and the parties submissions denied Klayman's motion to quash on May 5, 2008, and specifically found that Plaintiff only made a bare and unsupported assertion that Ms. Otis was legal counsel to Klayman and thus failed to meet his burden. (*See Id.* at p. 3). The Court also found that,

> …Plaintiff failed to establish that Ms. Otis was functioning as his legal adviser, the Court does not have a basis for quashing the subpoenas. However, as Defendants correctly point out, Plaintiff may object during the deposition with regard to specific documents or questions that implicate any legal relationship that may have existed between Plaintiff and Ms. Otis. Should Plaintiff raise such an objection during the deposition, the parties shall jointly contact Chambers for a ruling so that the deposition may proceed.

(*See* Court Mem. Order at p. 4 [Doc. 153]).

4

Plaintiff fails to set forth any legal basis to support how the Court's ruling is in any manner in error or prejudicial to him. (*See* Pl.'s Objections generally).

II.     LEGAL STANDARD GOVERNING OBJECTIONS TO MAGISTRATE ORDERS

Local Rule 72.2 also requires that a movant "shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." LCvR 72.2(b). Plaintiff's objections, which consist of a few sparse paragraphs, conspicuously lack any reference to specific portions of Magistrate Kay's May 5, 2008, Order that are alleged to be erroneous, much less any legal authority establishing that the Magistrate clearly erred as a matter of fact or law. Once again Plaintiff's Objections fail to meet this standard.

This Court recently set forth, in the context of Plaintiff's Objections to Magistrate Judge Alan Kay's [165] May 9, 2008 Order, "…the Court notes that Plaintiff's Objections (like all of his previous objections to Magistrate Judge Kay's Orders in this case) fail to comply with Local Civil Rule 72.2(b)'s requirement that "objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." (*See* 05/19/08 Court Mem. at p. 2 [Doc. 178]). Again, Plaintiff similarly fails to designate the record accordingly.

Instead, Plaintiff recites in an almost identical submission to this Court, the legal citations he filed in his Reply Memorandum in further support of his Motion to Quash. (*See* Pl.'s Objections at par. 2 [Doc. 162]; *see also* Pl.'s Reply at p.2-3, [Doc. 150])[3]. Klayman again cites to *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fl. 1990), to support the proposition 'that "good cause" presumptively exists to enter a protective order or to quash when a party seeks to preclude its own attorneys' deposition testimony.' (*See* Pl.'s Reply at p. 2, *citing Id. [Doc. 150]*; see also Pl.'s Objections at par. 2, p. 1-2 [Doc. 162]). The Court, therein,

---

[3] Klayman also made the same legal argument with the same citations in his Objections to the Judge's April 21, 2008 Order filed on May 5, 2008. (*See* Doc. 154 at par. 3, p. 2)

5

however, sets forth a standard that the Court specifically applied to the deposition of a party's counsel, an attorney representing the party in the litigation before the Court. *See Id.* That standard is completely inapplicable to the issues before this Court on the Subpoenas *Duces Tecum* to Ms. Otis who Klayman testified was the "caging agent" for Saving Judicial Watch and one to American Caging, Inc., Custodian of Records, for documents. Furthermore, the documents requested clearly pertain to the business of caging and to Klayman's organizations, including Saving Judicial Watch. (*See* Ex. 1-3 to Defs.' Opp. to Pl.'s Mot. [Doc. 144-2-4]).

This Court addressed an issue, such as the one addressed in *West Peninsular Title Co. v. Palm Beach County*, supra, when this Court addressed whether a party attorney's deposition could be taken where that attorney had also acted in a business capacity. *See Evans v. Atwood*, 1999 U.S. Dist. LEXIS 17545 (D.D.C. Sept. 29, 1999). The Court differentiated the case from other such cases on the grounds that the communications sought related to the attorney's business role and not to the attorney's role as counsel. *See Id.* The Court found that, "[c]ommunications made by and to [an] in-house lawyer with respect to business matters, management decisions or business advice are not protected by the privilege." *Id.* (*citing Boca Investerings Partnership v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)(rev'd on o' grounds).

Plaintiff fails to show where Magistrate Kay erred and instead reargues his prior legal argument.

III. <u>PLAINTIFF FAILS TO FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE IN FILING THIS MOTION</u>

The Federal Rules of Civil Procedure do not support this Motion. As Magistrate Judge Kay found, Federal Rule of Civil Procedure 26 provides that "[w]hen a party withholds

information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(*See* Court Mem. at p. 3 (citing Fed. R. Civ. P. 26(b)(5)(A)).

Klayman, however, again ignores Defendants' right of discovery and instead asserts that the Magistrate erred in a non-specific manner, in denying his Motion to Quash Defendants subpoenas. (*See* Pl. Mot. at p. 2, par. 4). Klayman further fails to provide any specificity about how the Subpoena to the Custodian of Records for American Caging, a vendor that provides caging services for is fundraising operation, implicates the attorney-client privilege. (*See* Pl. Mot [Doc. 142]; see also Pl.'s Reply [Doc. 150]). Klayman further fails to even agree to American Caging producing documents that are not subject to a claim of attorney - client privilege – reflecting the broad scope of his objections just to prevent any production to Defendants. *See Id.*

Magistrate Judge Kay acted consistently with prior holdings of this Court when the Court found that Plaintiff failed to set forth any proofs of legal representation by Ms. Otis. (*See* Court Mem at p. 3 *citing SEC v. Gulf & Western Industries, Inc.*, 518 F. Supp. 675, 682 (D.D.C. 1981) [Doc. 153]).

> [T]he burden is on the party claiming the privilege to show that the consultation was professional and confidential. The privilege for communications of a client with his lawyer hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice. …. The burden of proof … rests on the person asserting the privilege to show that the consultation was a professional one."

*SEC v. Gulf & Western Industries, Inc.*, 518 F. Supp. 675, 682 (D.D.C. 1981)(*citing* McCormick on Evidence, § 88 at 179 (2d Ed. 1972); (further citations omitted).

7

In *SEC v. Gulf & Western Industries, Inc.*, this Court found that the party claiming privilege failed to show that the advice was provided in a professional legal relationship due to the multiple business roles held by counsel. (*See Id.* at 684.)

"Only communications that seek 'legal advice' from a professional legal advisor in his capacity as such' are protected." *Minebea Co. v. Papst*, 228 F.R.D. 13, 21 (D.D.C. 2005) (*citing In re Lindsey*, 158 F.3d at 1270 (*citing* 8 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2292 at 554 (McNaughton rev. 1961); *see also Lugosch v. Congel*, 219 F.R.D. at 235 (An attorney-client privilege "attaches to only those communications (1) where legal advice of any kind is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communication relates to that purpose, (4) made in confidence, (5) by the client, and (6) are at his or her insistence permanently protected, (7) from disclosure by the client or the legal advisor, (8) except if the protection is waived.").

Plaintiff instead argues, without any supporting evidence, that "it would be virtually impossible to parse testimony that does not relate to the attorney client and work product privileges in this case." (*See* Pl.'s Objections at par. 3, p. 2)

Ms. Maureen Otis does not represent Plaintiff in the case before the Court and further, Klayman worked with her in a business role, where she, pursuant to his own testimony, performed his caging operations for "saving judicial watch." Plaintiff's newly submitted exhibit referencing "legal expenses" completely fails to meet the necessary burden.

It is undisputed that Mr. Klayman used American Caging, Inc. to provide caging services for his fundraising efforts. Because Ms. Otis is the President of American Caging, Inc. she is an important fact witness who possesses material, discoverable information about regarding the caging services her company provided to Klayman. In addition, documents in the

possession, custody, and control of the Custodian of Records for American Caging, Inc. regarding Klayman's fundraising efforts are relevant and material to this lawsuit, and, therefore, are discoverable.

### IV. PLAINTIFF'S OTHER ALLEGATIONS FILED WITH THESE OBJECTIONS

Plaintiff next raises arguments that fail to relate to his Motion to Quash with respect to these Subpoenas but Defendants address each as follows.

Paragraph 5 of Plaintiff's Objections

Plaintiff once again refers to his Motion to Permit Inspection of Records Before Production [Doc. 158], which was denied and is currently on appeal, and again, without real explanation, refers the Court to the Magistrate Kay's prior citation to the Protective Order in the case in an Order already affirmed on appeal. (*See* Pl. Objection at p.3 [Doc. 162]; *see* Court Mem. Order 134 affirming Court Mem. Order 97). The purpose of his citation is unclear, however, his statement that, "the rationale of the Magistrate Judge, which has been to liberally require the production of documents and testimony, because a protective order is in place…" shows Plaintiff's complete disregard for the Federal Rules of Civil Procedure and the normal goals of discovery.

"[Q]uashing a subpoena goes against courts' general preference for a broad scope of discovery." *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). "If plaintiff believes that she can simply put off until tomorrow what the rules of civil procedure (and this court) require her to do today, the court will take this opportunity to relieve her of this misunderstanding. Again, the court should not have to tell plaintiff that she cannot simply choose to produce information when she feels like it." *See Lohrenz v. Donnelly*, 187 F.R.D. 1, 7-8 (D.D.C. 1999). By calling the Judge's rulings as liberal in requiring production, Plaintiff's

argument altogether fails to recognize the spirit of discovery that exists in the Federal Rules of Civil Procedure.

### Paragraph 6 of Plaintiff's Objections

Plaintiff then alleges that Defendants attached exhibits to filings with the Court again to assert that Defendants "in recent pleadings, not filed under seal as is required, they have used confidential financial information and documents and appended them to public pleadings which are then available to anyone." (*See* Pl. Objections at par. 6, p.3-4). Plaintiff's meritless assertion fails to appear to relate to the subject at hand, the Motion to Quash the Subpoenas to American Caging Inc.'s Custodian of Records and to Ms. Maureen Otis of American Caging Inc.

Klayman, however, nevertheless alleges that a Seal exists and that Defendants have violated it by attaching exhibits to filings in this litigation. *See Id*. The Court, however, ruled that no Seal presently exists in this case,

> To the best of the Court's ability to understand Plaintiff Klayman's Emergency Motion, it appears to question whether the Protective Order requires the documents deemed confidential by the parties be filed under seal. (citation omitted). The Protective Order does not include such a requirement on its face and the parties have not briefed this issue."

(*See* Court Mem. of 05/19/08 [Doc. 178]). Clearly, Plaintiff's allegation fails to relate to the issue at hand and further the Court already found that a Seal does not exist making the allegation unfounded.

### Paragraph 7 of Plaintiff's Objections

Plaintiff again refers to his pending Motion to review documents before production. Judge Magistrate Kay found this Motion to lack merit and denied it. (*See* Court Mem. Order Doc. 165]) Plaintiff, however again argues that this pending motion essentially stays discovery. (*See* Pl. Objection at par. 7, p. 4). The Court found that, "Plaintiff has failed to assert, and the

Court cannot locate, any precedent that supports his contention that he should be allowed to review documents before they are produced to Defendants.  Moreover, it appears that Plaintiff is attempting to re-litigate issues that have already been resolved by this Court and Judge Kollar-Kotelly." (*See* Court Mem. Order Doc. 165]).  In this paragraph, again Plaintiff makes meritless allegations against Counsel but fails to again raise any new issues, show error on the part of the Magistrate or otherwise set forth a legal basis for this Court sustain Plaintiff's Objections and allow the Subpoenas to Ms. Otis and to American Caging to be quashed.

He repeatedly asserts a violation by Defendants of a non-existent "Seal" and further alleges that Defendants wrongfully obtained production of documents from subpoenaed entities -- where Motions to Quash were denied and those denials were affirmed.  (*See* Pl.'s Objection at par. pp 4-5; *see also* Court Mem. Orders 97 and 134).

As a procedural matter, Plaintiff filed the Motion to Permit Inspection Before Production on Thursday, May 1, 2008 to prevent the subpoenaed deposition of Mark Fitzgibbons, Esquire of American Target Advertising, Inc. (*See* Defs.' Opp. at p. 2 [Doc. 158] to Pl.'s Mot. to Permit Inspection [Doc. 146]).  The ATA deposition, similar to the deposition of Ms. Otis of American Caging, was stayed pending these Motions and has not been completed.

Plaintiff's baseless allegations of impropriety by Defendants for attempting to obtain discovery constitutes Plaintiff's strategy in pursuing delay in this matter.

<u>Paragraph 8 of Plaintiff's Objections</u>

Plaintiff raises his Motion for a Stay and even appears to reargue the request for a Stay and an extension of discovery in this paragraph.  This Court denied Plaintiff's Motion for a Stay and Extension for Discovery on May 12, 2008 and further denied Reconsideration of that Order. (*See* Court Mem. Order, [Doc. 166]; see also Court Mem. Order [Doc. 178].

Ironically, Plaintiff argued herein that he sought the stay for the purpose of attending Mediation. Mediation was in fact scheduled for May 21, 2008 before Magistrate Judge Facciola when Defendants appeared only to learn that Plaintiff would not to attend due to his wife's health issues and that it was postponed with no new suggested dates.

In sum, Defendants are well within their rights to seek discovery from Ms. Otis and American Caging, Inc., and Plaintiff's Motion to Quash lacks any legal basis whatsoever for preventing Defendants' discovery from going forward.

## **CONCLUSION**

Klayman's most recent Motion to Quash, consistent with his pattern of delay, is yet another transparent attempt to block Defendants' legitimate efforts to obtain discovery relevant to this lawsuit. Klayman's Motion to Quash fails to supply any specific grounds why discovery of Ms. Otis and American Caging, Inc. should not go forward. Defendants, therefore, respectfully request that the Court overrule Plaintiff's Objection and affirm Judge Magistrate Kay's Opinion. Defendants further respectfully request that the outstanding Subpoenas be set for a return date outside the close of discovery, which closed on May 15, 2008. Klayman's meritless motion yet again waste the Court's limited resources and those of Defendants, while prejudicing Defendants' fundamental right of discovery.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that Plaintiff's Objections to the Court's Memorandum Order of May 5, 2008 regarding the Motion to Quash Maureen Otis and American Caging Subpoenas be denied.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: May 22, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May 2008 a copy of the foregoing was filed with the Court's Electronic Filing System, which notifies all counsel of record.

/s/
_____
Juli Z. Haller Simonyi

13