UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff,

    v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(May 28, 2008)

Currently pending before the Court are Plaintiff Larry Klayman's Objections to Magistrate Judge Alan Kay's [137] April 21, 2008 Memorandum Order, which denied Plaintiff's [120] Motion to Quash Subpoenas Duces Tecum to Lawyers for Larry Klayman Who Assisted in Negotiation of the Severance Agreement and Motion for Reconsideration, and also denied Plaintiff's [126] Motion to Quash Subpoenas of Phillip Sheldon and Diener Consultants, or Alternatively for Protective Order. *See* 4/21/08 Kay Order, Docket No. [137]. The Court has throughly reviewed Magistrate Judge Kay's April 21, 2008 Memorandum Order, Plaintiff's Objections, Defendants' Opposition to Plaintiff Klayman's Objections, and the parties' briefs regarding the underlying motions upon which Magistrate Judge Kay ruled in his April 21, 2008 Memorandum Order. The Court concludes that Plaintiff's Objections [154] to Magistrate Judge Kay's April 21, 2008 Memorandum Opinion must be overruled, and shall accordingly affirm that Memorandum Opinion [137] in its entirety.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case,

which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82]. Magistrate Judge Kay's April 21, 2008 Memorandum Order relates to the discovery that is currently ongoing in this action, and the Court addresses only those facts relevant to the two discovery issues addressed in that Memorandum Order.

On January 31, 2008, Defendants served subpoenas upon Phillip Sheldon and Diener Consultants, Inc. ("Diener") seeking Mr. Sheldon's deposition and various documents from Diener, an entity hired by Klayman to manage advertising and financial efforts. 4/21/08 Kay Order at 6. Mr. Sheldon's deposition was set for Monday, March 31, 2008; however on Thursday, March 27, Plaintiff Klayman moved to quash the subpoenas, asserting that they "are overbroad on their face, seek information not relevant to this litigation, and impermissibly seek proprietary, confidential commercial and financial information of Klayman and non-party vendors, and invade the rights of privacy and freedom of association of donors." *Id.* (quoting Pl.'s Mem. Supp. Mot. II, Docket No. [126] at 1). Defendants were forced to cancel Mr. Sheldon's deposition when Magistrate Judge Kay was unable to rule on Plaintiff's Motion to Quash before Monday morning. *Id.*

On February 26, 2008, Defendants served subpoenas *duces tecum* on Herbert Beller and David Durbin, two of Plaintiff Klayman's former attorneys who represented him in connection with the formation and execution of the Severance Agreement at issue in this case. *See id.* at 5 (citing Subpoenas to Beller and Durbin, Docket No. [120-2]). Both Mr. Beller and Mr. Durbin filed objections to these subpoenas. *Id.* (citing Objections of Durbin and Beller, Docket Nos.

[115] and [119]). On March 12, 2008, Plaintiff Klayman moved to quash the subpoenas, arguing that the documents Defendants sought were protected by the attorney-client and work product privileges, and that Defendants' requests were "contrary to the parole evidence rule." *Id.* (quoting Pl.'s Mot. to Quash, Docket No. [120] ¶ 4).

## DISCUSSION

This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Consistent with the order in which Magistrate Judge Kay's April 21, 2008 Memorandum Order addresses the issues, the Court considers that Order's treatment of Plaintiff's motion to quash the subpoenas issued to his lawyers, before considering Magistrate Judge Kay's treatment of Plaintiff's motion to quash the subpoenas to Mr. Sheldon and Diener.

Before turning to those specific motions to quash, however, the Court notes at the outset–as it has with respect to each of Plaintiff's previous Objections to Magistrate Judge Kay's rulings in this case–that Plaintiffs' Objections to Magistrate Judge Kay's Memorandum Order fail to "specifically designate" the parts of Magistrate Judge Kay's Memorandum Order to which Plaintiff objects or provide "the basis," i.e. any legal authority, for specific objections, as required by Local Civil Rule 72.2(b).  Plaintiff's Objections simply assert that Magistrate Judge Kay's April 21, 2008 Memorandum Order lacks a sufficient discussion of the facts and law underlying that Order.  See Pl.'s Objs., Docket No. [154].  Plaintiff does not, however, proffer any case law requiring that a Magistrate Judge set forth a particular quantum of law or facts in resolving a party's motion to quash, and the Court is not aware of any such requirement.  Moreover, the Court has reviewed Magistrate Judge Kay's April 21, 2008 Memorandum Order, and finds that it sufficiently sets forth the law and facts underlying his conclusions.  Significantly, Magistrate Judge Kay's April 21, 2008 Memorandum Order does not exist in a vacuum; rather, it is one in a string of discovery-related rulings that Magistrate Judge Kay has issued in this case, some of which are specifically mentioned in Magistrate Judge Kay's April 21, 2008 Memorandum Order. See 4/21/08 Kay Order at 7.  When viewed in combination, Magistrate Judge Kay's various Orders more than adequately set forth the tortured history of discovery in this case and the legal standards relevant to Plaintiff's motions to quash.

      A.      *Plaintiff's Objections Regarding His Motion to Quash the Supboenas to His Former Attorneys Shall Be Overruled*

Turning now to Magistrate Judge Kay's denial of Plaintiff's motion to quash the subpoenas issued to his former attorneys, the Court concludes that Plaintiff's Objections certainly do not give "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. Plaintiff does not appear to challenge Magistrate Judge Kay's ruling that the subpoenas at issue do not need to be modified because they do not, on their faces, seek the production of privileged documents. *See* Pl.'s Objs. at 2. Nevertheless, the Court notes that it agrees with Magistrate Judge Kay's conclusion that Plaintiff cannot assert that the documents sought by the subpoenas are subject to the attorney-client or work product privileges because the subpoenas specifically request only "non-privileged documents." *See* 4/21/08 Kay Order at 5-6; Subpoenas to Durbin and Beller, Docket No. [120-2]. The Court also agrees with Magistrate Judge Kay's conclusion that the "parole evidence rule does not provide a basis for quashing [the] subpoenas," in part because the parole evidence rule has no bearing upon the non-contract claims in this case. 4/21/08 Kay Order at 6.[1]

---

[1] While Plaintiff correctly noted in his motion to quash that this Court previously found that the parole evidence rule barred Plaintiff's attempt to assert a fraudulent inducement claim, *see* Pl.'s Mot. at 2-3, that application of the parole evidence rule is easily distinguished from Plaintiff's invocation of the parole evidence rule. Specifically, in its April 3, 2007 Memorandum Opinion, the Court found that Plaintiff's fraudulent inducement claim was barred because the parole evidence rule precluded Plaintiff from supplementing the Severance Agreement–a fully integrated contract–with prior alleged representations not ultimately included therein. *See* Mem. Op., *Klayman v. Judicial Watch*, Civ. A. No. 06-670, Docket No. [52] at 14-19 (D.D.C. Apr. 3, 2007) (quoting *Hercules & Co. v. Shama Rest. Corp.*, 613 A.2d 916, 928 (D.C. 1992)). Here, in contrast, the evidence that Defendants seek through the subpoenas to Plaintiff's former attorneys goes not to the nature of the obligations encompassed in the Severance Agreement, but rather to the actual circumstances in which the Severance Agreement was negotiated, which have become relevant as a result of Defendants' counterclaims.

In his Objections, Plaintiff quotes from *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fla. 1990) and asserts that "'good cause' presumptively exists to enter a protective order to quash when a party seeks to preclude its own attorney's deposition testimony." Pl.'s Objs. at 2. That case is inapposite, however, because the subpoenas at issue do not seek the depositions of Plaintiff's current attorneys, but rather seek the production of non-privileged documents by Plaintiff's former attorneys. Moreover, as Defendants correctly note in their Opposition, "Plaintiff simply does not retain a blanket right of privilege for all communications and/or documents in his counsel's possession," Defs' Opp'n at 7, particularly where the subpoenas seek only *non-privileged* documents.

In sum, Plaintiff's Objections offer the Court no reason to find that Magistrate Judge Kay's April 21, 2008 Memorandum Order is clearly erroneous or contrary to law. Instead, the Court concludes that, insofar as it denies Plaintiff's motion to quash the subpoenas issued to his former attorneys, Magistrate Judge Kay's April 21, 2008 Memorandum Order is well-reasoned, thorough, and supported by the record, and shall be affirmed as a result.

    B.    *Plaintiff's Objections Regarding the Subpoenas to Mr. Sheldon and Diener Shall Be Overruled*

The Court similarly finds no suggestion of error in Magistrate Judge Kay's denial of Plaintiff's motion to quash the subpoenas to Mr. Sheldon and Diener. Plaintiff's sole argument regarding this ruling is that Magistrate Judge Kay did not sufficiently explain the factual and legal basis for the denial, particularly because he did not specifically address Plaintiff's argument at a hearing held before Magistrate Judge Kay. *See* Pl.'s Objs. at 2-3. Again, however, Plaintiff does not offer any case law requiring a specific level of detail from a Magistrate Judge ruling on

6

a motion to quash, and this Court is unaware of any. Here, Magistrate Judge Kay's April 21, 2008 Memorandum Order correctly noted that the subpoenas issued to Mr. Sheldon and Diener are "virtually identical" to subpoenas that Defendants served on American Target Advertising, Inc., Chester Mailing List Consultants, Inc., Response Unlimited, and Diener in October 2007. 4/21/08 Kay Order at 6-7. As Magistrate Judge Kay further noted, by Memorandum Order dated January 8, 2008, he denied Plaintiff's motion to quash those subpoenas, rejecting the exact same arguments Plaintiff asserts in his motion to quash the subpoenas to Mr. Sheldon and Diener. *Id.* at 7. On April 2, 2008, this Court issued an Order overruling Plaintiff's Objections to Magistrate Judge Kay's January 8, 2008 Memorandum Order and affirming that Memorandum Order. *See* Docket No. [134]. As Plaintiff's motion to quash the subpoenas to Mr. Sheldon and Diener raised no arguments beyond those addressed in Magistrate Judge Kay's January 8, 2008 Memorandum Order and this Court's April 2, 2008 Order, Magistrate Judge Kay was entirely correct in concluding that there was no reason to revisit his previous conclusions. Similarly, this Court sees no need to revisit its prior conclusions, and Plaintiff's Objections certainly offer no reason to do so.

Plaintiff's Objections do not demonstrate that Magistrate Judge Kay's April 21, 2008 Memorandum Order is clearly erroneous or contrary to law, and certainly do not leave the Court with "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. The Court shall therefore overrule Plaintiff's [154] Objections to Magistrate Judge Kay's April 21, 2008 Memorandum Order and affirm that Memorandum Order in its entirety.

Accordingly, it is this 28h day of May, 2008, hereby

**ORDERED** that Plaintiff's [154] Objections to Magistrate Judge Alan Kay's April 21,

2008 Memorandum Order are OVERRULED; it is further

**ORDERED** that Magistrate Judge Kay's [137] April 21, 2008 Memorandum Order is AFFIRMED in its entirety.

**SO ORDERED.**

                                               /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge