UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JUDICIAL WATCH, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 06-670 (CKK) |

**ORDER**
(May 28, 2008)

Currently pending before the Court are Plaintiff Larry Klayman's [162] Objections to Magistrate Judge Alan Kay's [153] May 5, 2008 Memorandum Order (hereinafter "Plaintiff's Objections"), which denied Plaintiff's [142] Motion to Quash subpoenas duces tecum issued by Defendants to American Caging, Inc. and its President, Maureen Otis. *See* 5/5/08 Kay Order, Docket No. [153]. The Court has throughly reviewed Magistrate Judge Kay's May 5, 2008 Memorandum Order, Plaintiff's Objections, Defendants' Opposition to Plaintiff Klayman's Objections, and the parties' briefs regarding the underlying motion upon which Magistrate Judge Kay ruled in his May 5, 2008 Memorandum Order. The Court concludes that Plaintiff's Objections [162] to Magistrate Judge Kay's May 5, 2008 Memorandum Order must be overruled, and shall accordingly affirm that Memorandum Order [153] in its entirety.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case, which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17,

2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82].  Magistrate Judge Kay's May 5, 2008 Memorandum Order relates to the discovery that is currently ongoing in this action, and the Court addresses only those facts relevant to the discovery issue addressed in that Memorandum Order.

On April 22, 2008, Defendants sent Klayman a Notice of Deposition and a copy of Defendants' deposition and document subpoenas to Maureen Otis and American Caging, Inc. *See* Defs' Opp'n to Pl's Mot. to Quash, Docket No. [144] at 2 (citing Defs' Opp'n Exs. 1-3). Plaintiff Klayman had retained American Caging to perform "caging" services for his direct mail fundraising efforts.  5/5/08 Kay Order at 1.  Caging services include "the opening, processing, and accounting of contributions a charitable or non-profit organization receives by mail from its supporters." *Id.* at 1-2 (quoting Defs' Opp'n at 3 n.1).  After filing cursory Objections to the subpoenas on April 25, 2008, Plaintiff filed a Motion to Quash on April 28, 2008.  *See* Pl.'s Mot. to Quash, Docket No. [142].  That Motion to Quash asserts that it is based "on the grounds set forth in his previously filed objections," *id.* at 1, which in turn state only that Plaintiff objects to the subpoenas based on "attorney client privilege, work product, overbreadth as the information and documents called for are irrelevant, trade secrets, privacy and other grounds," Pl.'s Obj. to Subpoenas at 1.  In addition, Plaintiff's one-paragraph Motion to Quash states that "Ms. Otis was legal counsel to Mr. Klayman and his clients and other subject persons and entities and thus the production of records and oral testimony would violate the attorney client privilege." Pl.'s Mot. to Quash at 1.  Defendants filed an Opposition to Plaintiff's Motion to Quash, and Plaintiff filed a Reply.  5/5/08 Kay Order at 1.


## DISCUSSION

This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Plaintiff's Motion to Quash and Objections to Magistrate Judge Kay's May 5, 2008 Memorandum Order focus on Plaintiff's claim that the production of records and oral testimony

sought by the subpoenas would violate the attorney-client privilege.[1] Defendants opposed that claim in their Opposition to Plaintiff's Motion to Quash, asserting that although Ms. Otis is an attorney, her relationship with Plaintiff Klayman was not one of attorney and client. 5/5/08 Kay Order at 2 (citing Defs' Opp'n at 3, 6). Instead, Defendants asserted that Ms. Otis was acting as President of American Caging in her dealings with Plaintiff. *Id.* (citing Defs' Opp'n at 3). Magistrate Judge Kay's May 5, 2008 Memorandum Order accepted Defendants' arguments, finding that Plaintiff had failed to substantiate his claim that Ms. Otis acted as legal counsel to him in connection with the caging services American Caging provided. *See generally id.*

Plaintiff's Objections offer no reason to conclude that Magistrate Judge Kay's May 5, 2008 Memorandum Order is clearly erroneous or contrary to law. In those Objections, Plaintiff quotes from *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fla. 1990) and asserts that "'good cause' presumptively exists to enter a protective order to quash when a party seeks to preclude its own attorney's deposition testimony." Pl.'s Objs. at 2. As Defendants correctly note, however, that case and the more general proposition it supports are only apposite if Ms. Otis was, in fact, acting as Plaintiff's counsel. Plaintiff has failed to establish as much.

As Magistrate Judge Kay's May 5, 2008 Memorandum Order explains, the attorney-client privilege shields from disclosure "confidential communications made between clients and their

---

[1] As noted above, Plaintiff's Motion to Quash also references his Objections to the subpoenas, which contain boilerplate assertions based on "attorney client privilege, work product, overbreadth as the information and documents called for are irrelevant, trade secrets, privacy and other grounds." Pl.'s Obj. to Subpoenas at 1. However, as Magistrate Judge Kay and this Court have repeatedly stressed in addressing discovery issues in this case, "pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." 3/12/08 Kay Order at 6-7 (quoting *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)).

attorneys when the communications are for the purpose of securing legal advice or services," and only protects "communications that seek 'legal advice' from a 'professional legal adviser in his capacity as such.'" 5/5/08 Kay Order at 2 (quoting *In re Lindsay*, 158 F.3d 1263, 1268, 1270 (D.C. Cir. 1998)). Indeed,

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort, and (4) the privilege has been (a) claimed and (b) not waived by the client.

*SEC v. Gulf & Western Indus., Inc.*, 518 F. Supp. 675, 681 (D.D.C. 1981). As such, "[b]usiness and personal advice are not covered by the privilege." *Id.* (citation omitted). Moreover, the burden is upon the party asserting the privilege to demonstrate "that the consultation was professional and confidential," and a "blanket assertion of privilege is unacceptable," rather the "proponent must conclusively prove each element of the privilege." *Id.*

Magistrate Judge Kay's May 5, 2008 Memorandum Order correctly found that Plaintiff failed to establish the application of the attorney-client privilege because he made only the bare assertion that Ms. Otis served as legal counsel to Plaintiff and his clients, without providing a "retainer agreement or other evidence of an attorney-client relationship" or "any evidence that Ms. Otis holds herself out as a practicing attorney." 5/5/08 Kay Order at 3. In connection with his Objections to that Memorandum Order, Plaintiff now proffers, for the first time, what he describes as a "Memo confirming legal relationship." *See* Pl.'s Objs. ¶ 1; Ex. 1 at 11 (8/6/07 e-mail from M. Otis to L. Klayman). As an initial matter, it is patently improper for Plaintiff to

5

proffer evidence on appeal that he failed to produce in support of his Motion to Quash before Magistrate Judge Kay. As noted above, "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden*, 836 F.2d at 6. Plaintiff's belated production of purported evidence of a legal relationship between himself and Ms. Otis might, on first glance, merit a remand of his Motion to Quash in order to allow Magistrate Judge Kay to consider the evidence in the first instance. Such a step is unnecessary, however, because the Court's review of the e-mail Plaintiff proffers demonstrates that it is entirely insufficient to establish an attorney-client relationship between Plaintiff and Ms. Otis in connection with the caging services performed by American Caging. The e-mail states only that Ms. Otis is providing Plaintiff with "the August invoice for legal expenses." Pl.'s Objs., Ex. 1 at 11. This cursory reference to "legal services" certainly fails to demonstrate the myriad elements of the attorney-client privilege described above.

Significantly, as Defendants note in their Opposition to Plaintiff's Objections, Plaintiff testified during his deposition in this matter that Ms. Otis served as the caging agent for his organization, "Saving Judicial Watch." *See* Defs' Opp'n to Pl.'s Objs. at 2-3 (quoting Ex. 4 to Defs' Opp'n to Pl.'s Mot. to Quash (Klayman Dep. Tr.) at 248:9-15). Thus, even if Ms. Otis did serve as Plaintiff's attorney at some point in time–a fact that Plaintiff has certainly not established[2]–it appears that she also had a business relationship with Plaintiff. That relationship

---

[2] Despite Plaintiff's failure to establish the existence of a legal relationship between himself and Ms. Otis, Magistrate Judge Kay's May 5, 2008 Memorandum Order appropriately noted that "Plaintiff may object during the deposition with regard to specific documents or questions that implicate any legal relationship that may have existed between Plaintiff and Ms. Otis," and advised the parties that they should jointly contact Magistrate Judge Kay's Chambers for a ruling in the event that any such objection arose during Ms. Otis' deposition. 5/5/08 Kay Order at 4.

is confirmed, as Magistrate Judge Kay noted in his May 5, 2008 Memorandum Order, by a draft caging agreement between Klayman and American Caging (which Defendants received in discovery and produced), which is signed by Ms. Otis in her capacity as President for American Caging, rather than any legal capacity. *See* 5/5/08 Kay Order at 3-4 (citing Docket No. [144-7]). Plaintiff Klayman offers no argument whatsoever to explain why the documents sought by Defendants' subpoenas to Ms. Otis and American Caging would be covered by the attorney-client privilege insofar as they relate to the business relationship between Plaintiff's company, Freedom Watch, and American Caging. Moreover, it appears that Defendants served Ms. Otis with a second Subpoena *Duces Tecum* in her role as Registered Agent for American Caging–addressed to the "Custodian of Records" for the company–and Plaintiff Klayman offers no reason why the documents sought by that subpoena would be covered by the attorney-client privilege. *See* Defs' Opp'n to Pl.'s Objs. at 3.

      Based on the foregoing, it appears that Magistrate Judge Kay's May 5, 2008 Memorandum Order correctly rejected Plaintiff's attempt to quash the subpoenas issued to Ms. Otis and American Caging based on a bare assertion of attorney-client privilege. In addition to addressing that holding, Plaintiff's Objections to Magistrate Judge Kay's May 5, 2008 Memorandum Order raise a number of arguments that are unrelated to his Motion to Quash. The Court does not address those arguments in detail, given their irrelevance to Magistrate Judge Kay's May 5, 2008 Memorandum Order. The Court simply notes that, insofar as Plaintiff raises arguments regarding his [146] Motion to Permit Inspection of Records Before Production, Magistrate Judge Kay denied that Motion by Memorandum Order dated May 9, 2008. *See* Docket No. [165]. Plaintiff has filed [175] Objections to Magistrate Judge Kay's May 9, 2008

Memorandum Order, which are not yet ripe, and it is therefore premature for the Court to address Plaintiff's Motion to Permit Inspection. Further, to the extent that Plaintiff continues to question whether the Protective Order in place in this case requires that documents deemed confidential by the parties be filed under seal, this Court's May 19, 2008 Order already noted that the "Protective Order does not include such a requirement on its face, and the parties have not briefed this issue." *See* Docket No. [178] at 3. That Order specifically instructed Plaintiff Klayman that "to the extent that [he] believes a modification of the Protective Order is appropriate, he should file a motion requesting such relief, along with legal authority supporting his request," and noted "that the standard for sealing documents in this Circuit is quite rigorous, and that the relevant factors are specified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)." *Id.* Plaintiff Klayman has yet to file such a motion, and the Court therefore will not address this issue.

In sum, Plaintiff's Objections offer the Court no reason to find that Magistrate Judge Kay's May 5, 2008 Memorandum Order is clearly erroneous or contrary to law, and certainly does not leave the Court with "the definite and firm conviction that a mistake has been committed.'" *Neuder*, 194 F.R.D. at 292. Instead, the Court concludes that Magistrate Judge Kay's May 5, 2008 Memorandum Order is well-reasoned, thorough, and supported by the record, and shall be affirmed as a result.

Accordingly, it is this 28h day of May, 2008, hereby

**ORDERED** that Plaintiff's [162] Objections to Magistrate Judge Alan Kay's May 5, 2008 Memorandum Order are OVERRULED; it is further

**ORDERED** that Magistrate Judge Kay's [153] May 5, 2008, 2008 Memorandum Order is AFIRMED in its entirety.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge