UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff,

  v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(May 28, 2008)

Currently pending before the Court are Plaintiff Larry Klayman's [172] Objections to Magistrate Judge Alan Kay's May 9, 2008 Minute Order (hereinafter "Plaintiff's Objections"), which denied Plaintiff's [156] Motion to Quash the deposition of Plaintiff Klayman's former wife, Stephanie DeLuca. *See* 5/9/08 Kay Minute Order. The Court has throughly reviewed Plaintiff's Objections, Defendants' Opposition to Plaintiff Klayman's Objections, and the parties' briefs regarding the underlying motion upon which Magistrate Judge Kay ruled in his May 9, 2008 Minute Order. The Court concludes that Plaintiff's Objections [172] to Magistrate Judge Kay's May 9, 2008 Minute Order must be overruled, and shall accordingly affirm that Minute Order in its entirety.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case, which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem.

Op. (D.D.C. Dec. 3, 2007) [82]. Magistrate Judge Kay's May 5, 2008 Memorandum Order relates to the discovery that is currently ongoing in this action, and the Court addresses only those facts relevant to the discovery issue addressed in that Memorandum Order.

On April 29, 2008, Defendants noticed the deposition of Stephanie DeLuca, Plaintiff's former wife. *See* Defs' Opp'n to Pl.'s Objs. at 3. On May 6, 2008, Plaintiff filed his Objections and Motion to Quash Deposition of Stephanie DeLuca (Formerly Klayman). *Id.* (citing Pl.'s Mot. to Quash, Docket No. [156]). Defendants filed their Opposition on May 7, 2008, and on May 9, 2008, Magistrate Judge Kay issued a Minute Order denying Plaintiff Klayman's Objections and Motion to Quash. *See* Minute Order, May 9, 2008.

## DISCUSSION

This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac.*

*Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Plaintiff's May 16, 2008 Objections to Magistrate Judge Kay's May 9, 2008 Minute Order argue only that the "order contains no factual or legal reasoning and is thus in error." Pl.'s Objs. at 1. As this Court's previous Order of May 28, 2008 noted, however, Plaintiff does not "proffer any case law requiring that a Magistrate Judge set forth a particular quantum of law or facts in resolving a party's motion to quash, and the Court is not aware of any such requirement." *See* Docket No. [183] at 4. Plaintiff's primary objection to Magistrate Judge Kay's May 9, 2008 Minute Order thus fails to establish that the Minute Order is clearly erroneous or contrary to law. Further, in light of the tortured history of discovery in this case and the numerous and voluminous Memorandum Orders that Magistrate Judge Kay has issued regarding discovery, his resolution of Plaintiff's Motion to Quash his ex-wife's deposition by Minute Order appears entirely appropriate. Significantly, "[o]n review by this Court, a United States Magistrate Judge's decisions are entitled to great deference, particularly on discovery issues . . . [and particularly] where, as here, the magistrate judge has managed the discovery component of the case from the outset and has developed a thorough knowledge of the facts, law and procedural history of the case." *Evans v. Atwood*, No. Civ. A. 96-2746 (RMU), 1999 WL 1032811, at *1 (D.D.C. Sept. 29, 1999) (citing *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)).

Plaintiff's initial Objections also assert that "there is a dispute among the parties as to whether the protective order [in place in this case] requires that confidential information be sealed if used in public pleadings and the parties have stated their intention to try to resolve this." Pl.'s Objs. at 1.  This Court is unaware of any resolution of this issue, but concludes that it poses no impediment to Ms. DeLuca's deposition.  Specifically, this Court's May 19, 2008 Order already noted that the "Protective Order does not include such a requirement on its face, and the parties have not briefed this issue."  *See* Docket No. [178] at 3.  That Order specifically instructed Plaintiff Klayman that "to the extent that [he] believes a modification of the Protective Order is appropriate, he should file a motion requesting such relief, along with legal authority supporting his request," and noted "that the standard for sealing documents in this Circuit is quite rigorous, and that the relevant factors are specified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)."  *Id.*  Plaintiff Klayman has yet to file such a motion, and the Court therefore will not address this issue, nor will the Court condone further delay of discovery in this case based on Plaintiff's unbriefed assertion that a dispute exists.

On May 19, 2008, Plaintiff filed a Supplement to his May 16, 2008 Objections to Magistrate Judge Kay's May 9, 2008 Minute Order, in which he appears to assert that his ex-wife's deposition would not lead to the discovery of evidence relevant to Defendants' counterclaim because that counterclaim is based on a conversation between Plaintiff and Defendants Fitton and Orfanedes.  *See* Pl.'s Suppl. to Objs. at 1-2.  Defendants contest this assertion, arguing that Ms. DeLuca's testimony is "relevant to defend against Klayman's breach

of contract claim and to support the Defendants' Lanham Act counterclaims." Defs' Opp'n at 7.[1]

Significantly, Defendants note that Plaintiff himself identified Ms. DeLuca as "familiar with the facts relating to Klayman's family health insurance benefits, and Mr. Klayman's separation from Judicial Watch" in his Initial Disclosures. *Id.* at 2 (citing Ex.1 (Pl.'s Initial Disclosures) at ¶ A(4)). Similarly, during his deposition in this matter, Mr. Klayman testified that he provided documentation regarding his personal expenses to his ex-wife in her former role as a Judicial Watch employee. *See id.* at 2 (citing Ex. 2 (Klayman Dep. Tr.) at 74:14-75:20). In his Motion to Quash Ms. DeLuca's deposition, Plaintiff states that "while listed on the initial disclosures as a possible witness to the considerable reimbursable expenses which Defendants owe Mr. Klayman, [Ms. DeLuca] is no longer a witness which Plaintiff intends to call for this purpose. Discovery has and will alleviate this potential witness." Pl.'s Mot. to Quash at ¶ 3. Plaintiff's decision not to use Ms. DeLuca as a witness, however, does not mean that she does not possess relevant, discoverable information regarding Klayman's separation from Judicial Watch. Instead, Defendants plausibly argue that Ms. DeLuca's deposition testimony may be relevant to the

---

[1] Plaintiff also appears to suggest that Ms. DeLuca's deposition is inappropriate insofar as it seeks information regarding the circumstances of Plaintiff's separation from Judicial Watch because this Court's April 3, 2007 Memorandum Opinion found that Plaintiff's fraudulent inducement claim was barred by the parole evidence rule. *See* Pl.'s Suppl. to Objs. ¶ 3; Mem. Op., *Klayman v. Judicial Watch*, Civ. A. No. 06-670, Docket No. [52] at 14-19 (D.D.C. Apr. 3, 2007). The Court's previous application of the parole evidence rule, however, related to Plaintiff's allegation of additional obligations on the part of Judicial Watch negotiated in connection with his separation from Judicial Watch, but not included in the final, integrated Severance Agreement. Here, in contrast, Defendants argue that Ms. DeLuca's testimony is probative of Judicial Watch's unfair competition claims under the Lanham Act. *See* Defs' Opp'n at 3. As Magistrate Judge Kay correctly noted in his April 21, 2008 Memorandum Order (affirmed by this Court's previous Order of May 28, 2008), "the parole evidence rule relates to the construction of contracts in breach of contract actions, and therefore has no bearing on [Defendants'] claims under the Lanham Act." 4/21/08 Kay Order at 6.

claims and defenses in this action, and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's attempt to preclude his ex-wife's deposition altogether, notwithstanding these clearly relevant areas of inquiry, is thus misplaced and unsupported by legal authority.

Finally, Plaintiff's Motion to Quash and Objections are rife with speculation that Defendants seek to depose his ex-wife solely in order to harass him and harm Plaintiff and his children. That speculation is significantly undermined, however, by the legitimate, relevant areas of inquiry that Defendants have identified in their Oppositions, discussed above. Moreover, the Court notes that Plaintiff's speculative concern is alleviated in large part by the fact that Magistrate Judge Kay's May 9, 2008 Minute Order specifically precludes Defendants from inquiring about sealed documents from Plaintiff's divorce, which were a subject of Magistrate Judge Kay's March 12, 2008 Memorandum Order denying Defendants' motion to compel production of those documents. *See* 5/9/08 Minute Order. While Magistrate Judge Kay's May 9, 2008 Minute Order left open the possibility that Defendants might move to re-open Ms. DeLuca's deposition in the event that this Court reversed Magistrate Judge Kay's ruling on the divorce documents, this Court has since affirmed Magistrate Judge Kay's March 12, 2008 Memorandum Order, *see* Order, May 12, 2008, Docket No. [167], and it appears that Ms. DeLuca's deposition has not yet occurred. As such, the matter is definitively resolved: Defendants may depose Ms. DeLuca but, in so doing, may not inquire into the sealed documents from Plaintiff's divorce.

In sum, Plaintiff's Objections offer the Court no reason to find that Magistrate Judge Kay's May 9, 2008 Minute Order is clearly erroneous or contrary to law, and certainly does not

leave the Court with "the definite and firm conviction that a mistake has been committed.'"
*Neuder*, 194 F.R.D. at 292.  The Court shall therefore affirm Magistrate Judge Kay's May 9, 2008 Minute Order.

Accordingly, it is this 28h day of May, 2008, hereby

**ORDERED** that Plaintiff's [182] Objections to Magistrate Judge Alan Kay's May 9, 2008 Minute Order are OVERRULED; it is further

**ORDERED** that Magistrate Judge Kay's May 9, 2008, 2008 Minute Order is AFFIRMED in its entirety.

**SO ORDERED.**

                                        _____/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge