IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
|
LARRY KLAYMAN, *ET AL.*                                |
|
Plaintiffs,                          |
|
v.                                                                |       Civil Action No. 1:06-CV-00670
|       (CKK/AK)
JUDICIAL WATCH, INC., *ET AL.*                  |
|
Defendants.                        |
_____|

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS IN DOCKET 174, 175 and 176 RELATING TO MAGISTRATE'S JUDGE'S ORDER DENYING MOTION TO PERMIT INSPECTION OF RECORDS [DOCKET 165]

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Objections in Document 174, Document 175 and Document 176, which either constitute or relate to pending Objections to Magistrate Judge's Memorandum Order of May 9, 2008 Denying Plaintiff's Motion to Permit Inspection of Records Before Production and state as follows:

## INTRODUCTION

The background of this case is well known to the Court and will not be reiterated here.[1]

On May 9, 2008 Magistrate Judge Kay issued a well reasoned Memorandum Order, in which the Court denied Plaintiff's Motion to Permit Inspection of Records Before Production. (*See* Court Order of May 9, 2008 [Document 165]).

_____
[1] Defendants respectfully refer the Court to the Background set forth by the Court in its Memorandum Order Dated April 21, 2008, [Doc. 137]).

## STATEMENT OF FACTS

A.    Plaintiff's Filings 174, 175 and 176

On May 19, 2008, this Court issued a Memorandum Order [Document 178] that in large part ruled on Plaintiff's Emergency Motion for Clarification of Protective Order, Objections to Magistrate's Order Denying Right to Review Third Party Production and Motion for Reconsideration of Order Denying Stay of Proceedings [Document 174].    Therefore, Defendants will not address the issues in that Motion upon which this Court has ruled.   The Court, however, left open the issue of Plaintiff's purported Objections to Magistrate Judge Alan Kay's [165] May 9, 2008 Order Denying Plaintiff's Motion to Permit Inspection of Records Before Production. (*See* Court Mem. Order [Doc. 178]).   The Court wrote that, "[i]n any event, the Court shall hold Plaintiff Klayman's Objections in abeyance in order to allow Defendants the opportunity to respond before the Court considers them."   (*See Id. at* p. 2-3.)

In  Document  175,  Plaintiff  again,  appeals  Magistrate  Judge  Kay  May  9,  2008 Memorandum Order, in which the Court denied Plaintiff's Motion to Permit Inspection of Records Before Production. (*See* Court Order of May 9, 2008 [Document 165]).   Plaintiff further captions the filing "and Motion to Suppress Deposition of Response Unlimited and Seal" but then sets forth that "Plaintiff is moving to suppress the deposition of RU (Response Unlimited) in a separate pleading, and include it under seal provisions of the protective order…." (*See* Pl.'s Objection, [Document 175] p.2, par. 6).   Plaintiff, therefore, does not appear to move for this relief and further fails to set forth any supporting legal basis -- albeit saying otherwise in the caption of the filing.   *See Id.*   Defendants oppose said requested relief to the extent it seeks such relief.

Document 176 constitutes Plaintiff's Objections to the Judge's Minute Order of May 9,

2008 concerning the ATA deposition.  (*See* Pl.'s Objection, Document 176).  The subject Minute

Order to which Plaintiff objects ruled in Plaintiff's favor in resetting the ATA deposition date.

(*See* Pl.'s Mot. to Reset filed on May 7, 2008 [Doc. 159]; *see also*, two Minute Orders on May 9,

2008 granted the resetting of the date and set the new date, May 20, 2008).    Objection 176

however, relies on Plaintiff's other pending objections, "concerning prior review of prematurely

produced documents," and therefore, Defendants incorporate their Opposition to this Objection

herein.  (*See* Document 176).

      B.    <u>Procedural History Relevant to this filing and/or objection</u>

      The procedural events relating to the Motion to Permit Inspection began when

Defendants, on notice to Plaintiff, subpoenaed the deposition of a fact witness, Mark

Fitzgibbons, Esquire, ATA's representative, for May 8, 2008 in Manassas, Virginia.  (*See* Defs.'

Opp'n Ex. 1, copy of Fitzgibbons subpoena and notice of deposition [Doc. 158-2]).  On the same

day, May 1, 2008, Plaintiff filed a one paragraph motion to permit inspection [by Plaintiff]

before production [to Defendants]. (*See* Pl.'s Mot., [Doc. 146]).    Plaintiff represented to

Defendants that this Motion prevented Defendants' right to proceed with the scheduled

deposition on May 8, 2008.  (*See* Ex. 2-4 to Defs.' Opp'n to Pl.'s Mot. [Doc. 158-3- 158-5].)

      Defendants notified Plaintiff of their intention to proceed with the ATA Deposition over

the Motion to Permit Inspection Before Production, the deposition of Mark Fitzgibbons, by letter

dated May 6, 2008.  (*See* Doc. 158-3 – 158-5.)   Therefore, on May 7, 2008, Plaintiff also filed a

Motion to Reset Depositions of ATA and Mark Fitzgibbons and for Sanctions for Premature

Obtaining of Financial Information and Release into the Public Record Despite Protective Order.

(*See* Pl.'s Mot. to Reset filed on May 7, 2008 [Doc. 159]).  The Motion was filed one day before

the Deposition date of May 8, 2008 on May 7, 2008.  (*See Id.*).

The Court granted Plaintiff's Motion to Reset the Depositions and issued a Minute Order on May 9, 2008 but further Ordered that the deposition go forward instead on May 20, 2008 during a telephonic conference with the parties, which was confirmed by the Court's Minute Orders of May 9, 2008.  (*See* Court Minute Order of May 9, 2008 (2 minute orders)).

On May 19, 2008, one day before the Court-Ordered date for the deposition of Mark Fitzgibbons of ATA, Plaintiff once again filed an appeal of the Magistrate Judge's Order of May 9, 2008.  Curiously, Plaintiff appeals the portion of the Order that granted the relief he sought. (*See* Pl.'s filed Objection [Document 176]).

On May 2, 2008 Defendants served a Deposition Subpoena on Philip Zodhaites of Response Unlimited, which Defendants sent by facsimile, mail and e-mail to Plaintiff.  (*See* attached Notice of Deposition certificate of service and attached Subpoena.)[2]  Defendants previously served a Subpoena *Duces Tecum* on Response Unlimited on October 29, 2007. Plaintiff moved to quash said Subpoena *Duces Tecum*, which was denied on January 8, 2008 and this Court Affirmed the denial on April 2, 2008.  [See Doc. 97, see also Doc. 134]).  Plaintiff at no time moved to quash the witness deposition subpoena of May 2, 2008.  *See* generally Court docket.

The witness deposition, pursuant to Notice and Subpoena, of Philip Zodhaites took place on May 15, 2008.  (*See Id.*).  Plaintiff filed these Objections [Doc. 174, 175 and 176] on May 19, 2008, which was after the Response Unlimited deposition.   May 15, 2008 was in fact the close of discovery.

---

[2] Plaintiff did not file objections to the Deposition Subpoena to Philip Zodhaites, therefore, this Subpoena and Notice of Deposition have not previously been attached in the proceedings before the Magistrate Judge Kay.

## *LEGAL ARGUMENT*

**A.     Legal Standard Governing Objections to Magistrate Orders**

In the context of filing "objections" to a Magistrate's order, LCvR 72.2(c) permits the Court to modify or set aside any portion of the order "found to be clearly erroneous or contrary to law".  This Court set forth the standard governing such motions in *Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp.2d 1 (D.D.C. 2006), in which it denied a motion for reconsideration of a discovery ruling made by Magistrate Kay:

> Local Civil Rule 72.2(b) states that "[a]ny party may request the judge to reconsider a magistrate judge's ruling under paragraph (a) by filing a motion to reconsider within 10 days[.]"  Local Civil Rule 72.2(c) sets forth the basis for reconsideration, stating that "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  *See also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") (emphasis original).  A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'"  *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001).
>
> Furthermore, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled."  *United States v. Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)).  Nor is it "a vehicle for presenting theories or arguments that could have been presented earlier," *Id.* at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Prot. Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989).  Indeed, "[p]arties must take before the

magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

*Globalaw Ltd.*, 452 F. Supp.2d at 59-60. Klayman's Objections completely fail to meet this well-defined standard.

This Court recently set forth, in the context of Plaintiff's Objections to Magistrate Judge Alan Kay's [165] May 9, 2008 Order, "...the Court notes that Plaintiff's Objections (like all of his previous objections to Magistrate Judge Kay's Orders in this case) fail to comply with Local Civil Rule 72.2(b)'s requirement that "objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." (*See* 05/19/08 Court Mem. at p. 2 [Doc. 178]). Again, Plaintiff similarly fails to designate the record accordingly.

### B.    Plaintiff's Primary Objection is Unsupported by Law or Fact

Klayman's primary objection to the Memorandum Order of May 9, 2008, appears to consist of a ruling against Plaintiff. (*See* Pl. Objections [Document 174 and 175]). These objections fail to argue that the Memorandum Order of May 9, 2008, or that the Minute Orders of May 9, 2008 relating to the ATA depositions, are "clearly erroneous or contrary to law" as required under LCvR 72.2(c), but merely fail to satisfy Klayman. Accordingly, Klayman's primary objections to the Memorandum Order of May 9, 2008, and the Minute Orders of May 9, 2008 relating to the ATA depositions, fail to demonstrate that the Order constitutes an erroneous ruling or contradicts the law in any way.

### C.    Plaintiff May Not Reargue the Same Facts and Theories

Klayman asserts his prior arguments by referencing them in general terms in all three Objections. As this Court has repeatedly emphasized, the filing of objections is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *Funds from*

6

*Prudential Sec.*, 245 F. Supp. 2d at 44 (D.D.C. 2003).   Rather, Klayman must show that the ruling was clearly erroneous or contrary to law.   Klayman again merely pursues a re-argument of prior positions, which is insufficient under both Fed. R. Civ. P. 72(a) and Local Civil Rule 72.2(c).

In Plaintiff's Motion to Permit Inspection Before Production, Plaintiff only generally asserts "privilege" based on the "proprietary" nature of these documents.   (*See* Pl.'s Mot. to Permit Inspection of Records at p. 1 [Doc. 146]).   Plaintiff previously argued with regard to the same subpoenas *duces tecum* to the same entities that several of the requests related to Klayman's trade secrets and should be denied or subject to his prior review.   (*See* Pl. Mot. to Quash, [Doc. 76-2], pp. 10).   However, as before, other than conclusory statements, Klayman provides no support for any of these assertions.   [*See* Pl.'s Mot. to Permit Inspection of Records, Doc. 146].

### D.        The Motion to Permit Inspection Before Production [146]

Plaintiff reasserted the same objections in the Motion to Permit Inspection, this time even more generally, that constituted his argument in his Motion to Quash Subpoenas to ATA, Chester, Response and Diener.   (*See* Pl. Motion to Quash, [Doc. 76-2]).

*See Id.* Plaintiff seeks in this Motion,

> …that Plaintiff can review any documents ultimately produced by American Target Advertising, Chester List Consultants, Response Unlimited, or Diener Consultants for claim of privilege before they are turned over to Defendants counsel.  This is based on the arguments made in prior pleadings and in hearings concerning the proprietary nature of these documents.

[*See* Pl.'s Mot. to Permit Inspection Before Production, [Doc. 146]).

Plaintiff previously moved to quash the Subpoenas *Duces Tecum* to these four entities and wrote

in his Motion filed November 5, 2007:

Further, disclosure of such communications in the context of Klayman's marketing efforts for this and other litigations implicate privacy rights and is arguably protected under the work product doctrine, as information prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3); *see also Willingham v. Ashcroft*, 223 F.R.D. 1, 4 (D.D.C. 2005). **To the extent any such information is deemed subject to disclosure, at a minimum, Klayman must be permitted the opportunity to review the documents of the subpoenaed entities prior to disclosure for appropriate privileges.**

(*See* Pl. Mot. to Quash, Doc. [76-2] at p. 10).

Magistrate Judge Kay issued a well reasoned opinion denying Plaintiff's Motion and wrote in the Court's May 9, 2008 Memorandum Order that,

Plaintiff has failed to assert, and the Court cannot locate, any precedent that supports his contention that he should be allowed to review documents before they are produced to Defendants. Moreover, it appears that Plaintiff is attempting to re-litigate issues that have already been resolved by this Court and by Judge Kollar-Kotelly.

(*See* Court Order 05 09 08 [Doc. 165]). Plaintiff now attempts to, once again, in three separate filings, without any citations to the law, reassert the same arguments upon which this Court has already ruled and even alleges that Defendants committed improper acts by seeking discovery pursuant to these Subpoenas held valid on January 8, 2008 subsequently affirmed on April 2, 2008. *See Id.* Nevertheless, Plaintiff continues to make allegations that the Defendants impermissibly obtained documents.

The Motion to Permit Inspection Before Production constitutes Plaintiff's third Motion, and subsequent appeal, seeking the same relief – "To the extent any such information is deemed subject to disclosure, at a minimum, Klayman must be permitted the opportunity to review the documents of the subpoenaed entities prior to disclosure for appropriate privileges." (*See* Pl.'s Mot. to Quash at p. 10, [Doc. 76-2]; *see also,* Pl.'s Mot. to Quash Diener Subpoenas at p. 10, [Doc. 126-2]).

8

This Court wrote when addressing the Sheldon/ Diener Appeal wrote,

> As Magistrate Judge Kay further noted, by Memorandum Order dated January 8, 2008, he denied Plaintiff's motion to quash those subpoenas, rejecting the exact same arguments Plaintiff asserts in his motion to quash the subpoenas to Mr. Sheldon and Diener. *Id.* at 7. On April 2, 2008, this Court issued an Order overruling Plaintiff's Objections to Magistrate Judge Kay's January 8, 2008 Memorandum Order and affirming that Memorandum Order. *See* Docket No. [134]. As Plaintiff's motion to quash the subpoenas to Mr. Sheldon and Diener raised no arguments beyond those addressed in Magistrate Judge Kay's January 8, 2008 Memorandum Order and this Court's April 2, 2008 Order, Magistrate Judge Kay was entirely correct in concluding that there was no reason to revisit his previous conclusions.

(*See* Court Mem. Order of 05 28 08 [Doc. 183]) at p. 7.)

Nevertheless Plaintiff proceeds undaunted and files yet another Motion seeking the same relief.  Plaintiff again requests that he review documents from the four subpoenaed entities before documents are produced to Defendants.  (*See* Doc. 76-2; *see also,* Doc. 146).

Klayman lacks any legal support for a proposition that he is to review the production prior to Defendants.  (*See* Fed. R. Civ. P. *generally*).  These documents are simply a reflection of Klayman's fundraising efforts.

Plaintiff again appears to threaten Defendants for obtaining discovery, pursuant to valid subpoenas, with "unethical" conduct in an attempt to delay the deposition while Plaintiff is free to obtain the records directly from the sources themselves or even obtain copies from Defendants.

<u>Plaintiff's claim of privilege is inapplicable.</u>

Throughout Plaintiff's Motion to Quash [doc. 76-2], Klayman argued that he should be permitted the opportunity to review the documents ultimately produced pursuant to the Subpoenas in order to claim privileges.  (*See Id.* at 1 fn.1, 5, 10, 12).  The only legal argument set forth by Klayman to support his proposition in his prior Motion, [doc 76-2], was with respect

to a theory of work product. *See Id.* Klayman mistakenly asserted that his communications with the subpoenaed fundraising entities are somehow protected by the work product doctrine. (*See Id.* at 10.) The Court already denied these claims. (*See* Court Mem., [Doc. 97]).

### E.    Plaintiff's Claims in Document 174

In his emergency motion [Doc. 174], Plaintiff asserts that discovery obtained by Defendants, after addressing countless number of frivolous motions, now constitutes a "pattern and practice of inducing third parties to disgorge documents and to offer testimony *ex parte*, without supplying copies of the documents to Plaintiff." (*See* Pl. Mot. 174 at p. 4). Plaintiff further asserts that Defendants held an *ex parte* deposition without proper notice to Plaintiff and that Defendants procured documents improperly where Plaintiff's rights had not been fully exhausted on Plaintiff's motion for prior review of the documents. *See Id.*

Defendants categorically deny Plaintiff's allegations, which are manufactured out of whole cloth. Klayman's assertion does not identify a singe case or Rule to support his claims or to provide a legal basis for such allegations. Instead, Plaintiff relies on an email that he wrote in which he alleges impropriety by Defendants' Counsel in response to a Defendants' email addressing discovery issues. (*See* Ex. to Pl.'s Objection, Doc. 174-2]).

Plaintiff's allegations of impropriety largely rest on a claim that Defendants obtained discovery while his Motion for prior review of the document was pending. (*See* Pl.'s Objection 174 at p. 4, par. 9). First of all, the Motion to Permit Inspection is not founded on any Rule or precedent. (*See* Court Order 05 09 08 [Doc. 165]). The Court specifically wrote:

> Plaintiff has failed to assert, and the Court cannot locate, any precedent that supports his contention that he should be allowed to review documents before they are produced to Defendants.

*See Id.*

Plaintiff's filed Motion to Permit Plaintiff's Inspection Before Production that consisted of one paragraph requesting that, "Plaintiff can review any documents untimely produced by American Target Advertising, Chester List Consultants, response Unlimited or Diener Consultants for claim of privilege before they are turned over to Defendants counsel." (*See* Doc. 146). The Federal Rules of Civil Procedure do not even appear to allow for this Motion. With regard to a subpoena, the Rules allow a motion for a protective order pursuant to Fed. R. Civ. P. 30(b), or a motion to quash, as he already did pursuant to Fed. R. Civ. P. 45(b). *See Id.*

Plaintiff's filing of this meritless motion failed to grant Plaintiff a stay of all pending discovery as Plaintiff would suggest. Plaintiff seems to allege that the deposition of Philip Zodhaites of Response Unlimited failed to take into account his pending Motion for "prior review of documents to assert privilege, proprietary rights, etc." As a secondary matter, in that the Motion itself fails to constitute a Stay, the Court denied this Motion to Permit Inspection Before Production on May 9, 2008. (*See* Doc. 165). The Deposition, pursuant to Notice and Subpoena, of Philip Zodhaites took place on May 15, 2008. (*See* Ex. 1 attached hereto, a copy of the Subpoena and Notice)[3] Plaintiff, however, only filed these Objections [Doc. 174 and 175] on May 19, 2008. (*See* Pl.'s Objection., Doc. 175). May 15, 2008 was in fact the close of discovery.

Plaintiff further appears to claim that, Defendants' obtained documents "while motions to quash were pending and/or where rights had not been fully exhausted on Plaintiff's motion for prior review of the documents…" Plaintiff, however, fails to cite to any legal support for this proposition that Defendants were not entitled to obtain discovery from subpoenaed entities in

---

[3] Since Plaintiff failed to raise this argument regarding the Philip Zodhaites Deposition before Magistrate Judge Kay in any of his Motions, we did not attach a copy of the Deposition Subpoena and Notice as an exhibit to any pleadings in the lower Court.

litigation or that Defendants are to hold in abeyance receipt of any discovery from subpoenaed entities until all rights of appeal are exhausted by plaintiff.

The subpoenaed entities produced documents in response to the valid outstanding subpoenas, which were held as valid by this Court on January 8, 2008 and affirmed on April 2, 2008.  (*See* Court Mem. Op. of January 8, 2008 [Doc. 97]; *see also*, Court's Mem. Op. of April 2, 2008 [Doc. 134]).   On March 12, 2008 Defendants notified Plaintiff in writing that they received documents, (received only after the Court denied the Motion to Quash on January 8, 2008 Order), denying the Motions to Quash but that, in an abundance of caution, would not review them while the appeal was pending although made them available to Plaintiff if requested.  (*See* Ex. to Defs' Opp'n to Pl.'s Mot. to Permit, 158-5; *see also,* Pl.'s Ex. 175-2 (not attached as an Exhibit below citing the Undersigned's email of 5-16-08.)

Further, on May 9, 2008 when the Court denied Plaintiff's Motion to Permit Inspection before Production, Magistrate Judge Kay specifically noted that,

> [f]inally the Court notes that the above mentioned entities are required to produce documents to Defendants in accordance with the subpoenas, and if they fail to comply they are subjecting themselves to an order to show cause why they should not be held in contempt."

(*See* Court Order [Doc. 165] p. 2)

In Plaintiff's Motion to Permit Inspection Before Production, Plaintiff further failed to set forth any evidence that Plaintiff was prejudiced in any manner by Defendants' obtaining said discovery.  At no time was Plaintiff barred from seeking the documents from the document sources and/or the subpoenaed entities directly.  Instead, Klayman simply seeks to prevent Defendants' from obtaining any documents or discovery.  As the Court has previously found, Klayman seeks to stonewall Defendants' right of discovery.

12

F.    <u>**Document 176.**</u>

To the extent that Plaintiff claims "that he was never notified" of Mr. Fitzgibbons' availability for deposition, the Court's Order resetting the deposition date of Mark Fitzgibbons from May 8, 2008 to May 20, 2008, pursuant to Plaintiff's request in his motion [Doc. 159], was not qualified with the witness' availability; but instead was Court Ordered for May 20, 2008. Due to Plaintiff's eleventh hour meritless Objection filed on May 19, 2008, it did not proceed. Defendants would respectfully request that the matter be remanded to the Court for a new Court Ordered date.

<u>**CONCLUSION**</u>

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Objection, the remaining issue in Document 174, Document 175 and 176, all of which constitute or refer to Objections to the Court's May 9, 2008 Memorandum Order and that this Court Affirm the Court's Memorandum Order of May 9, 2008 Denying Plaintiff's Motion to Permit Inspection Before Production and further Remand for a Court Ordered Deposition of Mark Fitzgibbons of ATA to proceed and Deny Plaintiff's Objections to Magistrate Judge's Minute order of May 9, 2008 concerning ATA.

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: June 2, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June 2008, a copy of the foregoing Opposition to Plaintiff's Objection, 174, of Plaintiff's Motion to Permit Inspection before Production were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

//s//

_____
Juli Haller Simonyi

14