UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff,

  v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(June 10, 2008)

Currently pending before the Court are Plaintiff Larry Klayman's [174/175] Objections to Magistrate Judge Alan Kay's [165] May 9, 2008 Memorandum Order denying Plaintiff's [146] Motion to Permit Inspection of Records Before Production, *see* 5/9/08 Kay Order, Docket No. [165], as well as Plaintiff's [176] Objections to Magistrate Judge Kay's May 9, 2008 Minute Order concerning the deposition of Mark Fitzgibbons of American Target Advertising ("ATA"), *see* Minute Order, May 9, 2008. The Court has throughly reviewed Magistrate Judge Kay's May 9, 2008 Memorandum Order and Minute Order, Plaintiff's various Objections, Defendants' combined Opposition to Plaintiff Klayman's Objections, and the parties' briefs regarding the underlying motions upon which Magistrate Judge Kay ruled in his May 9, 2008 Memorandum Order and Minute Order. The Court concludes that Plaintiff's [174/175/176] Objections to Magistrate Judge Kay's May 9, 2008 Memorandum Order and Minute Order must be overruled, and shall accordingly affirm that Memorandum Order [165] and Minute Order in their entireties.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case,

which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82]. Magistrate Judge Kay's May 9, 2008 Memorandum Order and Minute Order relate to the discovery that is still ongoing in this action, and the Court addresses only those facts relevant to the discovery issues addressed in those Orders.

In October 2007, Defendants served subpoenas *duces tecum* on ATA, Chester Mailing List Consultants ("Chester"), Response Unlimited ("Response"), and Diener Consultants, Inc. ("Diener"). *See* Order, Apr. 2, 2008, Docket No. [134] at 2. In January 2008, Defendants served an additional subpoena upon Diener. *See* Order, May 28, 2008, Docket No. [183] at 2. Plaintiff moved to quash all of those subpoenas on various grounds, including that they sought proprietary, trade secret, or confidential information, but Magistrate Judge Kay denied Plaintiff's motions in Memorandum Orders dated January 8 and April 21, 2008. *See* 1/8/08 and 4/21/08 Kay Orders, Docket Nos. [97] and [137]. Plaintiff appealed each of Magistrate Judge Kay's rulings to this Court, and in Orders dated April 2 and May 28, 2008, this Court overruled Plaintiff's objections to Magistrate Judge Kay's January 8 and April 21, 2008 Memorandum Orders, and affirmed those Memorandum Orders in their entireties. *See* Order, Apr. 2, 2008, Docket No. [134]; Order, May 28, 2008, Docket No. [183]. On May 1, 2008, Plaintiff filed a Motion to Permit Inspection of Records Before Production. Plaintiff's [146] Motion asks the Court to allow him to "review any documents ultimately produced by [ATA, Chester, Response, or Diener] for claim [sic] of privilege before they are turned over to Defendants [sic] counsel." Plaintiff's one-paragraph Motion asserts only that it is "based on the arguments made in prior

pleadings and in hearings concerning the proprietary nature of these documents." *See* Pl.'s Mot. to Permit Inspect., Docket No. [146].

On May 9, 2008, Magistrate Judge Kay issued a Memorandum Order [165] denying Plaintiff Klayman's Motion to Permit Inspection. Plaintiff subsequently filed Objections to that Memorandum Order in two separate documents filed on May 19, 2008. *See* Pl.'s Emergency Motion, Docket No. [174]; Pl.'s Objs., Docket No. [175]. Also on May 9, 2008, Magistrate Judge Kay issued two Minute Orders granting Plaintiff's [163] Motion to Continue the deposition of Mark Fitzgibbons of ATA and resetting the date of that deposition. *See* Minute Orders, May 9, 2008. Notwithstanding the fact that Magistrate Judge Kay's May 9, 2008 Minute Orders appear to rule in Plaintiff's favor, on May 19, 2008, Plaintiff filed [176] Objections to Magistrate Judge Kay's Minute Order resetting the deposition date "on the grounds that Plaintiff has pending objections and motions concerning prior review of prematurely produced documents, the failure to provide copies in advance, and a clarification of a protective order and motion for stay. . . ." *See* Pl.'s Objs., Docket No. [176]. Thus, the bulk of Plaintiff's pending Objections appear to relate to his claim that he should be allowed to review documents produced by ATA, Chester, Response, and Diener in response to Defendants' subpoenas before those documents are turned over to defense counsel.

## DISCUSSION

This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule

72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Like many of Plaintiff's previous Objections, the pending Objections are obtuse and do not specifically designate the parts of Magistrate Judge Kay's Orders to which Plaintiff objects. In addition, Plaintiff generally regurgitates or omits explanations as to the specific basis for his Objections to each of Magistrate Judge Kay's Orders.

Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

As noted above, the majority of Plaintiff's pending Objections focus on his claim that he should be allowed to "review any documents ultimately produced by [ATA, Chester, Response, or Diener] for claim [sic] of privilege before they are turned over to Defendants [sic] counsel." *See* Pl.'s Mot. to Permit Inspect., Docket No. [146]. However, there are a number of problems with Plaintiff's request. First, Plaintiff appears to have filed his Motion to Permit Inspection

4

*after* Defendants advised him (on March 12 and April 30, 2008) that they had begun receiving documents in response to their third party subpoenas.  *See* Ex. to Def.'s Opp'n to Pl.'s Mot. to Permit Inspect., Docket No. [158-6].  Magistrate Judge Kay denied Plaintiff's motion to quash Defendants' third party subpoenas on January 8, 2008, thus obligating the third parties to produce documents in response to those subpoenas.  Plaintiff's appeal of Magistrate Judge Kay's January 8, 2008 Order, which this Court subsequently rejected on April 2, 2008, did not in and of itself stay the third parties' obligations pursuant to the subpoenas and, as discussed below, Plaintiff did not move to stay discovery pending resolution of his appeal.  As the third parties had thus validly begun producing documents to Defendants when Plaintiff filed his Motion to Permit Inspection, it appears he filed that Motion after the cat was already out of the bag, so to speak.

More substantially, Plaintiff appears to claim an automatic right to review third party documents before they are produced to Defendants, but has never substantiated his claim to such a right.  Plaintiff's [174/175] Objections to Magistrate Judge Kay's May 9, 2008 Memorandum Order state that "[d]ocuments produced by third parties . . . are frequently covered by attorney client, work product and other privileges and there are proprietary and trade rights. . . The privileges belong to Plaintiff."  *See* Docket No. [175] at 1-2.  To the extent Plaintiff simply wants to preserve his objections which have already been ruled on, they are duly noted.  If, however, Plaintiff believes that his general references to privilege and proprietary interests establish their existence with no specificity, he is mistaken.  Nor does Plaintiff demonstrate either privilege or a proprietary interest in his Motion to Permit Inspection, which merely asserts that Plaintiff's request "is based on the arguments made in prior pleadings and in hearings concerning the proprietary nature of these documents."  Pl.'s Mot. to Permit Inspect., Docket No. [146].

Significantly, Plaintiff does not specify *where* in his prior pleadings he demonstrated the proprietary nature of the third party documents, and thus improperly asks the Court to search his voluminous prior pleadings to find any such arguments.

The Court has, nevertheless, reviewed Plaintiff's motions to quash the third party subpoenas, which reveal only one argument regarding privilege and one regarding proprietary interest. As to the latter, Plaintiff's motion to quash asserted that the documents Defendants sought in the subpoenas were proprietary to Plaintiff Klayman and included trade secrets as well as confidential information. *See* Pl.'s Mot. to Quash, Docket No. [76] at 11-13. In his January 8, 2008 Memorandum Order denying Plaintiff's motion to quash, Magistrate Judge Kay correctly noted that "the decision to quash a subpoena because it seeks trade secrets or other confidential information is left to the discretion of the court resolving the discovery dispute," and concluded that the Protective Order in place in this case was sufficient to address Plaintiff's concerns regarding trade secrets and confidentiality. *See* 1/8/08 Kay Order, Docket No. [97] at 6 (citing Fed. R. Civ. P. 45(c)(3)(B)). This Court subsequently affirmed that conclusion in its April 2, 2008 Order, *see* Docket No. [134] at 6, and Plaintiff offers no reason for the Court to revisit its holding or that of Magistrate Judge Kay as to Plaintiff's alleged proprietary interest in the documents.

As to claims of privilege, the Court has only been able to identify Plaintiff's erroneous argument in his Motion to Quash that third party documents relating to his marketing efforts are "arguably protected under the work product doctrine, as information prepared in anticipation of litigation." *See* Pl.'s Mot. to Quash, Docket No. [76] at 10. However, Plaintiff himself admits that the subpoenaed third parties were "hired by Klayman to manage advertising and financial

efforts related, in part, to funding for this litigation and other public interest matters on behalf of Klayman's clients." *Id.* at 2. By Plaintiff's own admission, then, the documents at issue relate to fundraising efforts. While those fundraising efforts may have ultimately been directed towards Plaintiff's ongoing litigation, the documents cannot be said to have been prepared "in anticipation of litigation," and are therefore not covered by the attorney work-product privilege. As the Supreme Court case establishing that privilege explained, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless influence." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). The marketing-related documents sought by Defendants' third-party subpoenas simply do not involve the types of concerns for protecting an attorney's mental processes and the adversary system that animate the work product privilege, *see In re Sealed Case*, 146 F.3d 881, 882-83 (D.C. Cir. 1998). The Court therefore concludes that the work product privilege does not apply to the marketing-related documents sought by Defendants' third-party subpoenas.

      Plaintiff's Motion to Quash thus fails to establish the existence of any proprietary interest or privilege sufficient to warrant his request for inspection, and his subsequent Motion to Permit Inspection and Objections to Magistrate Judge Kay's May 9, 2008 Memorandum Order are altogether too general to substantiate such a claim. Had Plaintiff established either a sufficient proprietary interest or a claim of privilege, the situation might be different, but Plaintiff simply has not done so. Magistrate Judge Kay thus aptly noted in his May 9, 2008 Memorandum Order that "Plaintiff has failed to assert, and the Court cannot locate, any precedent that supports his

contention that he should be allowed to review documents before they are produced to Defendants" in the absence of an established proprietary interest or privilege. 5/9/08 Kay Order, Docket No. [165] at 1-2. Plaintiff does not proffer any such authority in his Objections to Magistrate Judge Kay's May 9, 2008 Memorandum Order and, as a result, fails to demonstrate that that Memorandum Order is either clearly erroneous or contrary to law. Moreover, as Magistrate Judge Kay also observed–and as Defendants stress in their Opposition to Plaintiff's Objections, *see generally* Docket No. [188]–"it appears that Plaintiff is attempting to re-litigate issues that have already been resolved by this Court and [Magistrate Judge Kay]." 5/9/08 Kay Order, Docket No. [165] at 2. Plaintiff does not, however, offer any reason for the Court to revisit its prior holdings or those of Magistrate Judge Kay. In short, Plaintiff's Objections do not leave the Court "with the definite and firm conviction that a mistake has been committed." *Neuder*, 194 F.R.D. at 292. The Court shall therefore affirm Magistrate Judge Kay's [165] May 9, 2008 Memorandum Order in its entirety.

In addition to pursuing his Motion to Permit Inspection, Plaintiff's various Objections appear to argue that Defendant improperly induced the third parties to whom its subpoenas *duces tecum* were issued to produce documents to Defendants while Plaintiff's Motion to Permit Inspection was pending. Plaintiff appears to believe that the filing of his Motion to Permit Inspection somehow foreclosed Defendants from receiving documents to which they were–as discussed above–entitled after Plaintiff's motions to quash were denied, and from proceeding with third party depositions in this matter. As discussed above, Plaintiff similarly appeared to believe that his appeal of Magistrate Judge Kay's January 8, 2008 Memorandum Order denying Plaintiff's motion to quash the third party subpoenas would stay any production pursuant to those

8

subpoenas. Plaintiff, however, offers no legal support for these beliefs, and the Court is not aware of any such authority in the Federal Rules of Civil Procedure or relevant case law. Most significantly, Plaintiff did not move to stay discovery–either before this Court or before Magistrate Judge Kay–in order to allow the Court to resolve his claim that he was entitled to review the third party documents before they were produced to Plaintiffs. Rather, Plaintiff appears to have operated under the mistaken impression that his very filing of an appeal of the Magistrate Judge's order and his Motion to Permit Inspection would serve as a stay. As that impression was unfounded–and no Court-ordered stay of discovery was in effect–the Court cannot conclude that Defendants acted improperly in receiving documents pursuant to the third party subpoenas and noticing the depositions of third party representatives.

Insofar as Plaintiff argues that Defendants failed to make relevant documents available to him prior to third party depositions, that assertion also appears unfounded in light of the evidence that defense counsel advised Plaintiff on March 12 and April 30, 2008 that such documents were available for his review. *See* Ex. Def.'s Opp'n to Pl.'s Mot. to Permit Inspect., Docket No. [158-6].[1] Finally, as to Plaintiff's Objections to Magistrate Judge Kay's May 9, 2008 Minute Order resetting the date for Mr. Fitzgibbons' deposition, Defendants correctly note that Magistrate Judge Kay's Order was premised upon Plaintiff's request to postpone that deposition. *See* Defs'

---

[1] Plaintiff also appears to take issue with defense counsel's apparent failure to provide Plaintiff with free copies of the documents Defendants received from third parties. *See* Pl.'s Objs at 1 and Ex., Docket Nos. [175] and [175-2]. Plaintiff does not, however, provide any authority indicating that defense counsel is required to provide him with free copies, as opposed to simply making the documents available for Plaintiff's review, and the Court is not aware of any such requirement. Further, as Defendants correctly point out, "[a]t no time was Plaintiff barred from seeking the documents from the document sources and/or the subpoenaed entities directly." Defs' Opp'n to Pl.'s Objs. at 12.

Opp'n to Pl.'s Objs., Docket No. [188] at 4.  To the extent Plaintiff reiterates his argument that Mr. Fitzgibbons' deposition should not have been scheduled while his Motion to Permit Inspection was on appeal before this Court, that argument is rejected because, as discussed above, Plaintiff's Motion and appeal did not stay discovery in this case.[2]  In sum, Plaintiff offers the Court no basis on which to conclude that Magistrate Judge Kay's May 9, 2008 Minute Order was clearly erroneous or contrary to law.  As such, that Minute Order shall be affirmed in its entirety.

Accordingly, it is this 10th day of June, 2008, hereby

**ORDERED** that Plaintiff's [174] and [175] Objections to Magistrate Judge Alan Kay's May 9, 2008 Memorandum Order are OVERRULED; it is further

**ORDERED** that Plaintiff's [176] Objections to Magistrate Judge Kay's May 9, 2008 Minute Order regarding the deposition of Mark Fitzgibbons are OVERRULED; it is further

---

[2] Plaintiff has also suggested that Defendants held a deposition *ex parte* "without notice to Plaintiff, or as a result of miscommuniction." *See* Pl.'s Emergency Mot., Docket No. [174] at 4.  It appears that Plaintiff refers to the May 15, 2008 deposition of Phillip Zodhaites of Response Unlimited, for which Defendants have attached a May 2, 2008 Notice of Deposition and accompanying Subpoena to their Opposition to Plaintiff's pending objections.  *See* Defs.' Opp'n to Pl.'s Objs., Docket No. [188] at 4, Ex., Docket No. [188-2].  As such, it appears that if this deposition was held *ex parte*, it was the result of a miscommunication rather than a lack of notice.  Moreover, while Plaintiff's May 19, 2008 [175] Objections to Magistrate Judge Kay's May 9, 2008 Memorandum Order states that Plaintiff "is moving to suppress [and seal] the deposition of [Response] in a separate pleading," no such separate pleading appears to have been filed and it therefore Plaintiff has never requested such relief.

**ORDERED** that Magistrate Judge Kay's [165] May 9, 2008 Memorandum Order and Minute Order of the same date are AFFIRMED in their entireties.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge