IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|
LARRY KLAYMAN,                                    |
                                                  |
         Plaintiff,                               |
                                                  |
v.                                                |          Civil Action No. 1:06-CV-00670
                                                  |          (CKK)
JUDICIAL WATCH, INC., *et al.*,                   |
                                                  |
         Defendants.                              |

---

## DEFENDANTS STATUS REPORT

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell"), by undersigned counsel, hereby submit the following Status Report pursuant to the Court's June 11, 2008, Order. The Defendants are unable to work with Plaintiff *pro se*, Larry Klayman ("Klayman"), to coordinate outstanding discovery issues despite the Court's recent rulings and therefore, submit their own Status report.

1.      From early October of 2007 until the present, Defendants have diligently attempted to complete discovery but have been delayed and obstructed by the Plaintiff and his former counsel. In light of Plaintiff's obstructive tactics, Defendants request that the Court permit the following discovery to be completed:

        (a)      Responses to Defendants Supplemental Requests for Production of Documents and production of responsive documents;[1]

        (b)      Production of documents responsive to the Subpoena *Duces Tecum* served on Herbert Beller, Esquire (Plaintiff's former counsel);

---

[1]      Defendants are considering a motion for sanctions seeking as a remedy the evidentiary sanction of precluding Klayman from submitting any evidence within the scope of the Requests.

(c)     Production of documents responsive to the Subpoena *Duces Tecum* served on David Durbin, Esquire (Plaintiff's former counsel);

(d)     Deposition of Philip Sheldon of Diener Consultants;

(e)     Production of documents responsive to the Subpoena *Duces Tecum* served on Philip Sheldon;

(f)     Production of documents responsive to the Subpoena *Duces Tecum* served on Custodian of Records for Diener Consultants;

(g)     Deposition of Maureen Otis of American Caging;

(h)     Production of documents responsive to the Subpoena *Duces Tecum* served on Maureen Otis;

(i)     Production of documents responsive to the Subpoena *Duces Tecum* served on Custodian of Records for American Caging;

(j)     Deposition of Mark Fitzgibbons, Esquire of American Target Advertising on June 26, July 2 or July 3;

(k)     Deposition of Stephanie Deluca;

(l)     Deposition of Louise Benson;[2] and

(m)     Conclusion of the deposition of Larry Klayman.[3]

2.     On February 6, 2008, pursuant to the Court's January 31, 2008, Order, Defendants filed a Motion to Compel Supplemental Requests for Production of Documents [106], which the Court granted in part and denied in part on March 12, 2008 and awarded Sanctions against Mr. Klayman. *See* Court Order of March 12, 2008 [117]. On March 27, 2008,

---

[2]     Defendants are considering a motion for sanctions seeking as a remedy the evidentiary sanction of precluding Ms. Benson from testifying in this case.
[3]     Defendants are considering a motion for sanctions seeking as a remedy the evidentiary sanction of precluding Klayman from testifying in this case.

prior to any production, Plaintiff appealed [125] the Court's Order, which this Court overruled on May 12, 2008 [167].  Plaintiff's Supplemental Responses were due 10 days later (on May 27, 2008).  *See* Order 117.  To date, Plaintiff has failed to produce a single document in response to the Defendants' Supplemental Requests for Production.

3.      Between June 4, 2008 and June 12, 2008, Defendants wrote Klayman four separate times requesting his availability for the depositions of Mr. Philip Sheldon of Diener Consultants (letter of 6-4-08), Stephanie Duluca (letter of 6-4-08), Ms. Otis of American Caging (6-12-08) and Mark Fitzgibbons, Esquire of American Target Advertising (letter of 6-11-08). (See Ex. 1, four letters to Klayman).  To date Mr. Klayman has not provided one available date for any of the above depositions.

4.      On or about February 26, 2008, Defendants issued Subpoenas *Duces Tecum,* seeking non-privileged documents from Mr. Klayman's former counsel, Herbert Beller, Esquire and David Durbin, Esquire, the first of which became returnable on March 12, 2008 at 4:00 p.m. The attorneys filed timely Objections and Plaintiff filed a last minute Motion to Quash [120] on March 12, 2008.  The Court denied Plaintiff's Motion to Quash on April 21, 2008 [137], which Plaintiff appealed.  This Court affirmed Magistrate Judge Kay's denial on May 28, 2008 [183].

5.      Defendants immediately notified Counsel of the Court's Order of May 28, 2008 and have since repeatedly attempted to confer in the hope of obviating further unnecessary motions practice.  Defendants corresponded and requested responsive documents from Counsel for Mr. Beller and Mr. Durbin respectively.  Relying on Rule 1.6 of the Rules of Professional Conduct, both Mr. Beller and Mr. Durbin, through their counsel, have set forth their understanding, orally and in writing, that Klayman, as their former client, must first determine whether a document is privileged "as the privilege belongs to the client".  (*See* Ex. 2 and Ex. 3,

copies of correspondence from the witness' counsel). Rule 1.6 does not contain any requirement that a client review attorney files to determine whether a document is privileged. Whether a document is responsive to Defendants' Subpoenas, which seek only non-privileged documents may at best create a legal question, which both Mr. May and Mr. Fox are more than capable of addressing without Klayman's assistance. Defendants note that counsel for both witnesses has had more than ample time, from approximately February 26, 2008, to review their files and/or provide them to Mr. Klayman for his review. Nevertheless, Defendants continue to wait for production. Most recently, on Friday, June 13, 2008, John May, Esquire, counsel for Mr. Durbin, notified Defendants that he anticipates Mr. Klayman will give him permission to produce certain documents by Monday, June 16, 2008. Mr. May is unable to say whether there are documents to be withheld from production on Mr. Klayman's direction. He intends to appear on Wednesday at the Court's Status Conference. Mr. Fox has been more forthcoming and expressly stated that that Mr. Klayman directed him not to produce certain documents. (*See* Ex. 4, copy of 6-12-08 email). We anticipate production by Mr. Beller's counsel on Tuesday, June 17, 2008.

6.     Maureen Otis of American Caging, Inc. is represented by Mr. Daniel Gray, who has represented to the undersigned that all responsive documents will be made available and that Ms. Otis will appear for her deposition. Defendants are waiting to receive the anticipated production, as well as Ms. Otis' availability for her deposition.

7.     Philip Sheldon provided his availability to be deposed and his deposition is currently scheduled for June 25, 2008. After the month of June, Mr. Sheldon will have limited availability due to his travel schedule. Although Defendants requested Klayman's availability

for Mr. Sheldon's deposition in writing on June 4, 2008, Klayman's only response has been litigious posturing without addressing his availability.  (*See* Ex. 4.)

8.     Defendants have repeatedly requested that Mr. Sheldon produce documents responsive to the Subpoena *Duces Tecum*, which was served on January 31, 2008.  In addition, Defendants' counsel provided Mr. Sheldon with copies of the Court's Orders relating to him and Diener Consultants.  However, even after receiving the Court's June 9, 2008, Order and Magistrate Judge Kay's May 9, 2008, Order, Mr. Sheldon notified Defendant's counsel that he must have Klayman's approval prior to making documents available to Defendants.  Mr. Sheldon stated that Klayman has indicated certain documents may be privileged and therefore, his understanding is that Klayman must make those determinations.  Klayman confirms that he retains such a "right" to the documents.  (*See* Ex. 4.)  While Defendants have repeatedly attempted to confer and avoid the additional costs of filing an Order to Show Cause, Mr. Sheldon has failed to produce responsive documents.  Instead, Mr. Sheldon also raises allegations while not making any documents available to Defendants.  (See Ex. 5, copy of Mr. Sheldon's 6-13-08 email.)

9.     Mark Fitzgibbons, Esquire of American Target Advertising provided his availability on June 26, July 2 or July 3, 2008 for deposition to be taken in Manassas, Virginia.  Although requested, to date Klayman's has failed to provide his availability for Mr. Fitzgibbons' deposition.

10.     On April 29, 2008, Defendants served a Subpoena and Notice of Deposition on Stephanie Deluca, Plaintiff's former spouse, for a deposition to be taken on May 12, 2008.  Plaintiff moved to quash the subpoena on May 6, 2008 [156].  On May 9, 2008, Magistrate Kay issued a Minute Order denying the Motion.  On May 16, 2008, Plaintiff appealed the denial of

his Motion to Quash and this Court overruled the objections on May 28, 2008 [185]. Defendants are currently working with Ms. Deluca's Cleveland, Ohio counsel to schedule a deposition. Again, Plaintiff will not advance any convenient dates.

11.    Defendants moved to lift the Seal in Klayman's Virginia divorce proceeding, styled as *Klayman v. Klayman*, to obtain relevant pleadings. The matter was set for hearing on Friday, June 6, 2008. However, one day before the hearing, Mr. Klayman filed an emergency application seeking to delay the hearing. Defendants voluntarily agreed to reschedule the hearing for June 20, 2008 at 11:30 a.m.

12.    Since early 2008, Defendants have been attempting to depose Louise Benson, who is designated as a fact witness by Klayman. Pursuant to a Minute Order entered on January 30, 2008, Ms. Benson's deposition "must be conducted by 4/11/08". Because Klayman refused to provide full contact information for Ms. Benson, and because Klayman asserted that he was her attorney, the Court required Klayman to produce her for deposition. (*See* Court's Minute Order of 1-30-08). On April 25, 2008, Klayman provided Defendants with the date of May 14, 2008 in Los Angeles, California. Defendants made all arrangements for the deposition, including the purchase of airline ticket and rental of a conference room within 1.5 miles of Ms. Benson's home. On May 12, 2008, Klayman canceled the deposition, which resulted in the Defendants incurring the cost of conference room rental ($454.65) and airline cancelation fee ($150.00). To date, Klayman has never provided another date for the deposition of Ms. Benson.

13.    In light of Klayman's tactics of delay, Defendants respectfully request that the Court issue an Order setting forth specific dates for each deposition to occur. Otherwise, Defendants anticipate further delay.

14.    The Defendants propose that summary judgment motions be filed on or before Tuesday, August 12, 2008 and that a Pre-Trial Conference be held sixty (60) days after the deadline for briefing is completed on the summary judgment motions.  The Defendants propose that a firm trial date be set during the Pre-Trial Conference.

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: June 16, 2008