## Juli Haller Simonyi

**From:** Phil Sheldon [phil@dienerconsultants.com]

**Sent:** Friday, June 13, 2008 3:54 PM

**To:** Juli Haller Simonyi

**Subject:** Follow-up on conversations.

Juli,

I have discussed with you the process of complying with your subpoena. At this point, we have not been able to come to a mutually acceptable system for me to look for the evidence. I have spoken with counsel who confirms that I may be culpable if I provide you with items that might constitute work product related to a client of the Klayman law firm or would otherwise be privileged information without first giving Mr. Klayman the opportunity to review the materials for a determination of whether it is confidential information subject to claim of privilege. Given the various relationships that existed between me, Larry Klayman, The Klayman Law firm and his clients including himself there were times where I was doing things that may involve privilege according to the attorney. Therefore, it would seem that until he does review items I am at risk. Clearly, that issue will not be resolved today.

Additionally I have been working on getting the emails together doing that has confirmed my concerns that I need some reasonable accommodations and limitations on your extremely broad discovery request. To be completely sure I am in full compliance with your discovery request, I would need to personally read over 50,000 and perhaps as many as 100,000 emails. Unfortunately, since you are unwilling to agree to any reduction in the scope of your discovery request I will be forced to review all of the emails I have over the past 4 years. I have tried to discuss this with you and you told me that I should spend money on an attorney who would tell me I must obey you. I have done that and he says you should work with me to avoid this problem. He said otherwise I would need to go to the expense of filing a protective order.

You further advised me that if I did not comply with your complete demands that you would "throw my butt in jail" As I have told you, a review of my email and other files going back 4 years would constitute an unreasonably burdensome task. As the owner of a small business, I can not afford to take the time off from my business affairs to conduct this review without compensation for my time and my related staff and other out of pocket expenses. Compliance with your demands would effectively shut my business down for long enough to potentially bankrupt us.

Given that you have admitted that you lied to me to get me to come to the event you fabricated to force me to take service and the contrary advice I have received from counsel it is obvious that I need to move forward with great care. I clearly will not be able to provide you with requested documents today. I stand ready to send you anything I can send you without putting myself and my company at risk. It is in my estimate as I have previously stated to you most likely that things would be reviewed and released gradually. You have rejected that in the past which has caused me not to press Mr Klayman on pieces but rather the whole. I would hope you would reconsider your position in this regard.

Collecting the necessary information and writing you these five paragraphs has taken me much of two hours. Time I needed to spend on my business.

Phil Sheldon