IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL*. | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 (CKK/AK) |
| JUDICIAL WATCH, INC., *ET AL*. | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PRAECIPE ON
COMMUNICATIONS WITH COUNSEL OVER DEPOSITION AND RELATED DATES**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, Esq. and Christopher J. Farrell (collectively "Judicial Watch"), by undersigned counsel, hereby submit the following Response to Plaintiff Larry Klayman's ("Klayman") Praecipe on Communications with Counsel over Deposition and Related Dates. For the reasons stated below, Klayman is not entitled to take any further discovery in this case.

**INTRODUCTION**

Ignoring this Court's June 19, 2008, Minute Order, Klayman failed to timely demonstrate a diligent effort to complete discovery before the deadline. Instead, without moving for an extension and disregarding the limited time in which Defendants were permitted an opportunity to respond, Klayman violated the Court's Order and filed an untimely Praecipe on June 24, 2008 at 4:15 p.m. Klayman's *de facto* extension of time is characteristic of his dilatory approach to discovery throughout this litigation. At all times, Klayman has focused his effort toward obstructing the Defendants and not in furtherance of the nine depositions he now seeks to conduct.

By failing to timely submit any evidence of good faith effort to conduct the subject

depositions, Klayman waived his right to conduct any additional discovery. Further, Klayman's untimely submission of evidence is woefully inadequate to demonstrate any sustained effort to prepare his case for trial or to secure the right to take the subject depositions. Accordingly, Klayman should not be entitled to pursue any further discovery.

## ARGUMENT

A.   **STANDARD OF REVIEW**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a discovery schedule "may be modified only for good cause and with the judge's consent". Determining whether the requesting party has demonstrated good cause to extend discovery is an issue committed to the broad discretion of this Court, which will not be disturbed on appeal absent an abuse of discretion. *Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006). A district court's exercise of this discretion was addressed by the Ninth Circuit Court of Appeals as follows:

> We review a district court's order denying a motion to reopen discovery for abuse of discretion. *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002); *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). In this context, "[a] district court abuses its discretion only if 'the movant diligently pursued previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment.'" *Panatronic*, 287 F.3d at 846 (quoting *Chance*, 242 F.3d at 1161 n.6); *Qualls ex rel. Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). We have previously held that a movant did not diligently pursue discovery where he failed to depose a witness during the twenty-seven months between the start of litigation and the discovery cutoff, *Hauser v. Farrell*, 14 F.3d 1338, 1340-1341 (9th Cir. 1994), overruled on other grounds by *Cent. Bank v. First Interstate Bank*, 511 U.S. 164, 173, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994), where he failed to conduct discovery despite a one month continuance, *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989), and where he "had ample opportunity to conduct discovery," but failed to do so. *Panatronic*, 287 F.3d at 846.

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006); *see also Thomas v. Paulson*, 507 F. Supp. 2d 59, 80 (D.D.C. 2007) (citing *Cornwell* as authority for denial of discovery where the requesting party's attempt to secure discovery after a discovery cutoff date "does not cure a party's failure to conduct diligent discovery beforehand"). Therefore, the Court is under no obligation to reopen discovery because Klayman was dilatory in conducting discovery before the May 15, 2008 deadline.

### B.  KLAYMAN'S PRAECIPE IS UNTIMELY

On June 19, 2008, this Court held a Status Conference to determine what discovery remains to be conducted in this case. Prior to the Conference, Klayman asserted a need to conduct nine depositions. Judicial Watch strongly opposed this request as Klayman took no steps to pursue the discovery over the past five months, but focused all his energy on obstructing the Defendants' discovery efforts.[1] In response to Defendants' objections, the Court entered its June 19, 2008, Minute Order, which ordered that "on or before June 23, 2008, Plaintiff shall submit any materials regarding his claim that he noticed and pursued scheduling of depositions he sought to take". In the same Order, Defendants were permitted to "file any response to

---

[1]  In the January 16, 2008, Order, Magistrate Kay commented on Klayman's obstructive discovery tactics as follows:

> After reviewing Defendants' interrogatories and document requests and Klayman's responses thereto, it is clear to the Court that Klayman is attempting to stonewall Defendants and otherwise subvert the purposes of discovery by providing patently evasive answers, asserting boilerplate objections, and unilaterally making determinations of relevance. This behavior is without question unacceptable, but the Court is willing to provide Klayman and his counsel with one more opportunity to conduct discovery in a professional and efficient manner.

*See* Order [Docket 98] at 23.

Plaintiff's submission on or before June 25, 2008".

Klayman's Praecipe is untimely because it was not filed on or before the June 24, 2008 deadline. This Court should not reward Plaintiff's outright disregard for the discovery process and the clear Order of this Court by granting additional time to take discovery when Klayman even ignores the deadline to demonstrate good cause. Indeed, Klayman was already granted three extensions of the fact discovery period. Entitlement to a fourth extension should not follow disregard for the Court's authority.

### C. THE PRAECIPE DOES NOT DEMONSTRATE THAT KLAYMAN PURSUED THE SCHEDULING OF THE DEPOSITIONS HE NOW SEEKS TO CONDUCT

Contrary to supporting good faith efforts to schedule discovery, exhibits to the Praecipe demonstrate that Plaintiff made no effort during the past six months to schedule the depositions he now seeks. Instead, Klayman was fully engaged in a coordinated effort to block the Defendants' discovery.

The evidence submitted by Plaintiff can be divided into two categories, correspondence and Notices of Deposition. There is no dispute that Klayman's prior counsel did issue the Notices in December of 2007. In fact, Plaintiff's Notices were issued after Defendants noticed the deposition of Klayman for January 10, 2008. Because Klayman's Notices were sent out without any consultation with Defendants' counsel regarding witness or counsel availability, a dispute arose regarding the timing of depositions that was initially addressed by Magistrate Kay on January 3, 2008. Following the Court's indication that the party who first issues a notice of deposition (in this case, the Defendants) is generally the party entitled to take the deposition of the opposing party first, Klayman agreed to appear first. On January 15, 2008, Plaintiff's counsel proposed a deposition schedule starting with Plaintiff on February 8, 2008 followed by

Defendant Fitton on February 11, 2008. Defendants generally agreed with the schedule, however, Klayman's appearance for deposition was never confirmed. A short time later, scheduling the deposition was delayed due to Plaintiff's family issues. (*See* January 30, 2008, Minute Order requiring Klayman's deposition to occur by March 14, 2008.)

In support of the assertion that "he was attempting to schedule depositions with opposing counsel," Klayman submits the other category of documents consisting of correspondence, which includes the following:

- A series of emails between Klayman's counsel and Defendants' counsel regarding a proposed schedule of depositions, which were exchanged prior to January 15, 2008;

- A January 25, 2008, email from Defendants' declining to postpone responses to Requests for Admission again despite the death of Klayman's mother because his counsel, part of a sixty attorney firm, were capable of providing the responses. The email further notes that Defendants were not able to propose a deposition schedule because Klayman initiated an obstruction to every third-party witness that Defendants proposed to depose;

- Various emails exchanged on or about January 16, 2008 regarding scheduling of a conference call with Magistrate Kay; and

- An April 1, 2008, email transmitting an amended Notice of Deposition for Defendant Fitton, which deposition never occurred because Klayman canceled it on April 8, 2008 during his partial deposition that was

5

conducted in Court pursuant to this Court's March 19, 2008, Minute Entry.

The foregoing unequivocally demonstrates that no effort was made to schedule or pursue depositions of either the Defendants or fact witnesses within the organization. There is a clear lack of effort.

Despite Klayman's absence of effort, Defendants made multiple overtures to Klayman and his counsel to establish a comprehensive discovery schedule as late as May of 2008. *See* Compendium of Correspondence between the parties, attached hereto as Exhibit 1.[2] Plaintiff never sincerely attempted to cooperate with Defendants to complete discovery. Defendants' efforts to schedule depositions include the following:

- December 26, 2007, email proposing dates for depositions of the Defendants and other fact witnesses;

- January 2, 2008, email proposing dates for the parties to conduct depositions;

- January 15, 2008, email from Klayman's counsel proposing a deposition schedule to commence with Plaintiff on February 8, 2008;

- January 16, 2008, letter to Plaintiff's counsel confirming postponement of the deposition of David Barmak;

- January 28, 2008, letter to Klayman's counsel requesting confirmation that Plaintiff will appear for deposition on February 8, 2008;

---

[2] Defendants apologize for not individually attaching each correspondence, but certain shortcuts were made necessary by truncated time in which to respond due to Klayman's untimely filing.

- A February 28, 2008 email to Klayman and his counsel essentially asking for open dates and committing to make them work so that discovery could be completed by the deadline (neither Klayman nor his counsel responded);

- March 7, 2008, letter to Klayman and his counsel requesting designation of open dates to take depositions and noting the absence of any cooperation;

- March 10, 2008, email to Klayman and his counsel essentially stating "[p]ropose dates and we will set depositions within those times if possible";

- March 11, 2008, email to Klayman and his counsel stating that Defendant Fitton would appear for deposition on March 18, 2008 if Plaintiff appears on March 14, 2008 (as Ordered by the Court);

- March 13, 2008, letter from Klayman requesting postponement of his deposition scheduled on March 14, 2008;

- March 13, 2008, letter to Klayman and his counsel declining to postpone the Plaintiff's deposition;

- March 14, 2008, email to Klayman and his counsel requesting confirmation that Klayman will appear at the deposition;

- April 1, 2008, email to Klayman requesting date for deposition of Stephanie Deluca, as well as other available dates for fact witness depositions;

- April 23, 2008, letter to Klayman seeking a date for the completion of Klayman's deposition;

- April 28, 2008, email to Klayman stating "I would very much like to set a schedule for completion of discovery. Please contact me at your earliest convenience to do so." (Klayman never responded to this email.);

- April 29, 2008, letter to Klayman suggesting that the parties "attempt to piece together a schedule for depositions"; and

- May 2, 2008, email to Klayman requesting convenient date for conclusion of Klayman's deposition and delineation of who Klayman seeks to depose following his deposition. (Klayman never responded to this email.)

As indicated by Exhibit 1, Klayman was presented with opportunity after opportunity to cooperate with Defendants and complete discovery. As recent as thirteen days before the close of discovery, Defendants sought to establish a deposition schedule with Klayman. However, Plaintiff did not respond to the requests to complete discovery or propose any alternatives to accomplish the discovery.

During the entire time that Defendants were attempting to create a discovery schedule to timely complete depositions, Klayman exerted Herculean efforts to obstruct the collection of documents and deposition of witnesses. Following the January 30, 2008, Minute Order, Klayman embarked on an extensive effort to obstruct Defendants' ability to pursue discovery. This effort included: nine motions to either extend or postpone discovery; five unsuccessful motions to quash the depositions of seven fact witnesses and the production of documents from five witnesses by subpoena *duces tecum*; three unsuccessful motions for protective orders; and

ten unsuccessful appeals of Court Orders issued by Magistrate Kay. In all, from January 1, 2008 through June 15, 2008, Klayman made at least forty-one (41) filings with this Court in aide of his campaign to prevent discovery. The Court need only review the Docket to confirm this summary.

At no time after January 2008 did Plaintiff ever attempt to cooperate or compromise to complete discovery. On the contrary, Klayman's goal was just the opposite – to thwart discovery. Granting Plaintiff the right to take depositions at this stage of the discovery process is tantamount to a reward for obstreperous conduct. Why should a party seek to cooperate with an opposing party if the Court's Scheduling Order is reduced to a mere aspiration? More importantly, what message is sent to those parties, like Judicial Watch, that endeavor to complete discovery within the time allotted by the Court's Scheduling Order? Essentially, Klayman now asks this Court to penalize Judicial Watch for abiding by the Rules of Civil Procedure.

## **CONCLUSION**

Klayman's conduct during the extended discovery phase of this litigation exhibits not only a lack of diligence, but a complete lack of respect for the Court's Orders and a lack of concern for the prejudice that is imposed by his improper tactics. Therefore, Klayman's Praecipe fails to demonstrate good cause. Instead, Klayman's conduct evidences a waiver of the right to conduct any further discovery.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court find that Klayman's submission fails to demonstrate a right to conduct further discovery and that Klayman has waived this right to any further discovery.

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: June 25, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June 2008, a copy of the foregoing Response was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/

_____
Richard W. Driscoll