# EXHIBIT 1

**Richard Driscoll**
**From:**     Richard Driscoll
**Sent:**     Wednesday, December 26, 2007 4:35 PM
**To:**       'Daniel Dugan'
**Subject:**  Judicial Watch ats Klayman

Dan:

Today I received you letter dated December 19, 2007, which indicates that it was also sent by email. Because I had not seen your letter previously, I checked my inbox and determined that it was not received. Perhaps your assistant failed to transmit the email by mistake.

As to the substance of your letter, it is my belief that you have now received our document production, which was provided immediately after receiving your email request last Friday. While I understand that you have already taken the position in opposition memoranda that it is not complete (even though you have not reviewed the documents), I will wait for a more specific objection before responding.

Together with your letter were several Notices of Deposition. However, the dates are not convenient for me as I have a full deposition schedule through January 16, 2008. I am able to provide the following dates for your requested depositions:

Mr. Fitton: Any date after 01/17 other than 1/22, or 1/29;
Mr. Orfanedes: Any date after 01/17;
Mr. Farrell: Available on 01/18 and 01/22-25; and
Ms. Prytherch: Any date after 01/17.

I will need to speak with Ms. Raffa and get back to you on her available dates. Kindly let me know when you would like to schedule the dates and we will make certain that they are reserved.

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**Richard Driscoll**

| | |
|---|---|
| **From:** | Richard Driscoll |
| **Sent:** | Wednesday, January 02, 2008 11:37 AM |
| **To:** | 'Daniel Dugan' |
| **Cc:** | Juli Haller Simonyi |
| **Subject:** | Conference Call with Magistrate Kay |

Dan:

Following our conversation, we contacted Magistrate Kay to schedule a conference call to discuss outstanding discovery disputes. The Call is scheduled for Thursday, January 3, 2008 at 1:30 p.m. Based on your representation that you were not available until the afternoon, we set it for after lunch.

Based on your letter last week and our conversation today, you are not available on January 10, 2008 because you will be on vacation. At this time, you are not able to provide an alternate date for Mr. Klayman's deposition as he believes that Defendants should be deposed before he is to be deposed. It is my understanding that this is the reason why a date for his deposition has never been proffered. As to documents, it is your understanding that Mr. Klayman will produce additional documents at some time in the future, but you have not seen such documents and cannot comment on them.

Pursuant to our discussion, Plaintiff intends to depose the following individuals:

Judicial Watch corporate designee;
Thomas Fitton;
Paul Orfanedes;
Christopher Farrell;
Susan Prytherch;
Janice Rorup;
David Barmack;
Kathy Raffa; and
Geoff Lyons.

Defendants intend to depose:

Larry Klayman;
Stephanie Luck Klayman;
Ms. Klayman's mother;
Paul Jensen;
CMLC;
Response Unlimited;
Deiner Consultants;
ATA;
David Durbin; and
Herbert Beller.

I failed to mention that we need to depose Louise Benson and that we may need to depose Rightmarch.com.

To accomplish these depositions, the parties will set aside the following dates for depositions:

January 17, 21, 22, 25, 29, 30
February 12-14, 19-21 and 26
March 4, 5, 7 and 10 – 14

Please respond immediately if this does not accurately reflect our conversation.

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

`

**Richard Driscoll**

| | |
|---|---|
| **From:** | Jeffrey Schervone [jschervone@lawsgr.com] |
| **Sent:** | Tuesday, January 15, 2008 5:22 PM |
| **To:** | Richard Driscoll |
| **Cc:** | Juli Haller Simonyi; Larry Klayman; Daniel Dugan |
| **Subject:** | Klayman v. JW - Proposed Deposition Schedule |

Dear Mr. Driscoll:
Plaintiff proposes the following deposition schedule:
2/8 - Larry Klayman
2/11 - Thomas Fitton
2/12 - Paul Orfanedes
2/13 - Chrisopher Farrell
2/14 - Judicial Watch 30(b)(6)
2/14 - Susan Pyretheric
3/4 - date reserved by the parties
3/5 - date reserved by the parties
3/7 - Robert Stuber
3/10 - Janice Rorup
3/10 - Geoff Lyons
3/11 - date reserved by the parties
3/12 - date reserved by the parties
3/13 - date reserved by the parties
3/14 - date reserved by the parties
3/14 - date reserved by the parties

Later dates in March and April will likely be needed to accommodate the depositions of David Barmak and Raffa & Associates, as well as the other depositions Defendants seek.

Thank you,

Jeffrey H. Schervone
**Spector Gadon & Rosen, P.C.**
1000 Lenola Road
Moorestown, NJ 08057
(856) 778-8100 Main
(856) 722-5344 Fax
jschervone@lawsgr.com
www.lawsgr.com

The information contained in this email message is attorney privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.

# MINTZ LEVIN

One Financial Center
Boston, MA  02111
617-542-6000
617-542-2241 fax
www.mintz.com

Sarah B. Herlihy | 617 348 1888 | sbherlihy@mintz.com

January 16, 2008

**VIA EMAIL**

Jeffrey H. Schervone, Esq.
Spector Gadon & Rosen, P.C.
100 Lenola Road
P.O. Box 1001
Morrestown, NJ  08057

Re:    *Klayman v. Judicial Watch*

Dear Jeff:

This will confirm our conversation of today regarding the subpoena served on David Barmak in the above-referenced matter on January 2, 2008 and your letter of January 9, 2008 adjourning the deposition noticed in that subpoena.

I understand that the parties have stayed certain discovery in the above-referenced matter, including the subpoena served on Mr. Barmak, while they agree upon a discovery schedule.  In the interim, you agreed that Mr. Barmak does not need to respond to the subpoena at this time and that all of Mr. Barmak's rights to object to the subpoena, including but not limited to asserting an objection to the subpoena insofar as Mr. Klayman seeks to depose Mr. Barmak multiple times in actions that share a common set of facts, are expressly reserved.

Sincerely,

Sarah B. Herlihy

cc:    David Barmak, Esq.
       Richard W. Driscoll, Esq.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON



# driscoll 🌀 seltzer

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Richard W. Driscoll*
Writers email: rdriscoll@driscollseltzer.com
*Admitted in VA, DC and MD

January 28, 2008

**BY EMAIL AND FIRST CLASS MAIL**

Daniel J. Dugan, Esquire
Jeffrey H. Schervone, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Larry E. Klayman, Esquire
The Klayman Law Firm, P.A.
3415 S.W. 24th Street
Miami, Florida 33145

Re:  *Klayman, et al. v. Judicial Watch, Inc., et al.*, Civil No. 1:06-CV-00670 (D.D.C.)

Dear Gentlemen:

In order to facilitate an orderly and efficient appearance before Magistrate Kay on Wednesday, January 30, 2008, the following will provide you with a list of outstanding discovery issues:

<u>Deposition of Philip Sheldon</u>:  As you know, fact discovery is scheduled to conclude on Thursday, January 31, 2008, of this week.  In light of this approaching deadline, and pursuant to the Local Rules, we request your consent to proceed with the deposition of Philip Sheldon of Diener Consultants, Inc. on January 31, 2008.  As you know, we have faced significant difficulties in serving Mr. Sheldon.  The first attempt was made on 10/31/07.  We then unsuccessfully attempted to have him served again pursuant to a subpoena dated 12/18/07.  During a December 4, 2007, conversation with Mr. Sheldon, he advised not only that he would not accept service but that he would be unavailable for physical service due to his travel schedule.  He was finally served on January 22, 2008.  We note that the original subpoena *duces tecum* to Diener Consultants is currently being delayed by Plaintiff's objections to the denial of his Motion to Quash.  Because there has been no cooperation in obtaining discovery from Philip Sheldon or Diener Consultants, we request Plaintiff's consent to

*a professional limited liability company*

Letter to Messrs. Dugan, Schervone and Klayman
January 28, 2008
Page 2

Defendants' application to have the deposition of Mr. Sheldon proceed on January 31, 2008. Mr. Sheldon has made it clear that he will not be available for a deposition in the near future.

Supplemental Requests for Production of Documents: On January 17, 2008, Defendants requested that Plaintiff withdraw his objections to the Supplemental Requests and produce responsive documents. This was reiterated in writing on January 18, 2008. To date, Plaintiff has not indicated that responsive documents will be produced.

Deposition of Louise Benson: As discussed on several occasions, Defendants have not been able to serve Ms. Benson at the address provided. Mr. Klayman stated that he was in contact with Ms. Benson, but would not provide us with her phone number. This is in direct violation of Rule 26(a)(2), which requires disclosure of telephone numbers if known. Most recently, Mr. Klayman stated that "she is prepared to discuss your deposition date, while reserving all of her rights". This assertion indicates that Plaintiff is in contact with the witness and capable of providing further contact information. Accordingly, please provide this information without delay.

Subpoena to David Barmak, Esquire: Plaintiff served a subpoena *duces tecum* on David Barmak, who is the outside general counsel for Defendant Judicial Watch. The Notice of Deposition includes thirty-seven extremely broad requests for production of documents. Defendants object to the scope of these Requests and intend to seek a protective order unless a workable agreement can be made.

In general, Defendants request that Plaintiff not seek production of any documents containing information protected by the attorney-client privilege, unless the document is related to Plaintiff's individual attorney-client relationship with the deponent. In addition, Defendants request that Plaintiff agree not to seek any information that constitutes the work product of any attorney, material prepared in anticipation of litigation, and/or that would disclose the mental impressions, conclusions, opinions or legal theories of counsel. These limitations would affect the scope of Request Nos. 1-19 and 20-37. In essence, no privileged documents should be produced.

As drafted, many requests seek "any and all communications" or "any and all documents" without limitation. The Request is then followed by a statement of subject that should be included in the Request. This appears in Request Nos. 1, 3, 4, 6, 10-13 and 23. We assume this is a drafting error and that the Request seeks documents relating to the identified subject matter. To the extent that

Letter to Messrs. Dugan, Schervone and Klayman
January 28, 2008
Page 3

Plaintiff does not agree with this interpretation, Defendants will seek a protective order.

Certain requests seek information that is not related to any claim or defense at issue in this litigation. They include the following Requests: 2 and 3 (overly-broad Requests for anything containing Plaintiff's name); 6 (an overly-broad Request for communications relating to an issued that was dismissed by Judge Kotelly); 7 (an overly-broad Request for documents relating to an issue that was dismissed by Judge Kotelly); 10 (an overly-broad Request for any documents containing Plaintiff's name); 14 (an overly-broad Request relating to the closure of regional offices, which does not relate to any claim or defense); 15 (an overly-broad Request relating to termination of Judicial Watch staff, which does not relate to any claim or defense); 16 (an overly-broad Request relating to the closure of Judicial Watch radio, which does not relate to any claim or defense); 18 (an overly-broad Request relating to any real property owned or leased by Judicial Watch); 23 (an overly-broad Request for any documents relating to inventories of personal property owned or leased by Judicial Watch); 30 (an overly-broad Request for documents relating to solicitation of funds for Peter Paul, which does not relate to a claim or defense, but appears to be for the purpose of Plaintiff's advertising campaign); 31 (an overly-broad Request relating to termination of Judicial Watch staff, which does not relate to any claim or defense); and 37 (an overly-broad Request seeking the billing records of Judicial Watch's general counsel following Plaintiff's separation from Judicial Watch, which does not relate to any claim or defense, but is confidential information under Rule 1.6).

Assuming that Plaintiff will agree to limit the requests to Mr. Barmak, the subpoena can be satisfied without further litigation. Otherwise, Defendants will need to file a motion to modify the subpoena. Because discovery closes on January 31, 2008, we request that you notify us of your position prior to the hearing before Magistrate Kay on Wednesday.

<u>Subpoena to Raffa & Associates, Inc.</u>: Plaintiff served a subpoena *duces tecum* on Raffa & Associates, Inc., which was the accounting firm for Defendant Judicial Watch. The Notice of Deposition includes nineteen Requests of which many require some limitation. Plaintiff should understand that due to his litigious nature, Judicial Watch was required to indemnify Raffa & Associates in the event that they were drawn into any litigation involving Mr. Klayman. Therefore, Raffa's efforts to comply will be billed to Judicial Watch, which is a cost that Judicial Watch will seek to impose on the Plaintiff. Therefore, it is in the parties' best

Letter to Messrs. Dugan, Schervone and Klayman
January 28, 2008
Page 4

interests to find common ground regarding these Requests and avoid a dispute regarding requests and the cost.

Request No. 1 seeks any documents relating to Mr. Klayman without any limitation as to in time or subject. This Request is overly-broad and not reasonably tailored to discovery information related to a claim or defense.

Request No. 2 seeks the financial statements of Judicial Watch since 2002, which are not related to any claim or defense in this litigation. Indeed, this information appears to be related more to the Plaintiff's advertising campaign against the Defendants.

Request Nos. 3 and 4 seek any communication with Judicial Watch and/or a third-party that relates to Plaintiff. These Requests are without any limitation as to time or subject matter. As such, they are overly-broad and not reasonably tailored to discover information related to a claim or defense. We suggest limiting the time to a relevant period and identifying subjects related to a claim or defense.

Request No. 5 seeks any communication with Plaintiff without any limitation as to time or subject matter. This Request is overly-broad and not reasonably tailored to discover information related to a claim or defense. For example, the breach of contract count only refers to a guarantee of the headquarters building. There is no basis to expand Plaintiff's requests beyond that subject matter.

Request Nos. 6 and 14 seek documents regarding any real property owned or leased by Judicial Watch for the period or 2000 to the present. This Request is overly-broad in time and subject matter. Therefore they are not reasonably tailored to discover information related to a claim or defense. Indeed, Paragraph 9(B) of the Severance Agreement relates only to the headquarters building. Any other property is beyond the scope of this litigation.

Unlike Request Nos. 6 and 14, Request No. 7 seeks documents regarding any real property owned or leased by Judicial Watch without any limitation as to time or subject matter. Therefore, the Request is not reasonably tailored to discover information related to a claim or defense. As stated above, Paragraph 9(B) of the Severance Agreement relates only to the headquarters building. Any other property is beyond the scope of this litigation.

Request No. 11 is overly-broad in its scope and subject matter. While certain of this information may be relevant, we will need to work with Plaintiff to define a reasonable scope of the information.

Letter to Messrs. Dugan, Schervone and Klayman
January 28, 2008
Page 5

Request Nos. 16, 18 and 19 relate to subjects that are not at issue in this litigation. Therefore the Requests do not seek information related to a claim or defense. Indeed, Mr. Klayman recently admitted that he has no documentary or testimonial evidence to support any allegations regarding property in Belize.

Assuming that we are able to work out a reasonable approach to this discovery and allocation of costs, Defendants will not be required to file a motion to modify the subpoena.

<u>Deposition of Plaintiff Klayman</u>: Finally, Defendants request that Plaintiff affirm his intention of appearing for deposition on February 8, 2008.

To the extent that these issues can be worked out before the hearing on Wednesday, the parties will not need to raise them with the Court.

Sincerely,

DRISCOLL & SELTZER, PLLC

By: _Richard Driscoll_____

Richard W. Driscoll

cc:    Mr. Thomas J. Fitton
       Paul J. Orfanedes, Esq.

## Juli Haller Simonyi

**From:**     Richard Driscoll
**Sent:**     Thursday, February 28, 2008 2:48 PM
**To:**       leklayman@bellsouth.net; Daniel Dugan; 'Jeffrey Schervone'
**Cc:**       Juli Haller Simonyi

PLEASE DISREGARD THE EARLIER UNFINISHED EMAIL.  CORRECT EMAIL READS AS FOLLOWS:

Mr. Klayman:

On January 30, 2008, Magistrate Kay entered a Minute Order that reads, in relevant part: "Plaintiff's deposition must be conducted by 3/14/08 and the deposition of Louise Benson must be conducted by 4/11/08. . . . Finally, the parties shall notify Chambers of the dates on which Plaintiff's and Ms. Benson's depositions will be taken."  We have raised this issue with you at least twice, only to be told that you are not yet in a position to provide dates.  Further, a written request was sent to you on February 25, 2008, once again seeking available dates for your deposition.  At 5:09 p.m. on February 25, 3008, you stated that you would "provide dates in the next 48 hrs".  Without being too technical, we are now well beyond 48 hours and still do not have any proposed dates from you.  The deadline for your deposition is 14 days from tomorrow. We need to have proposed dates by tomorrow morning or will proceed to schedule another conference call with Magistrate Kay.

We note that your filings continually state the Defendants have not provided you with a proposed schedule of depositions. Considering your fleeting availability, kindly indicate what dates are not available for fact witness depositions between now and the close of discovery.  Absent an unreasonable response, we will endeavor to work within your schedule. Kindly indicate whether Spector, Gadon and Rosen attorneys will be attending any depositions so that their availability can be factored into the schedule.

Best regards,

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

*No response*

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

# driscoll ⬤ seltzer

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Richard W. Driscoll*
Writers email: rdriscoll@driscollseltzer.com
*Admitted in VA, DC and MD

March 7, 2008

**BY EMAIL AND FIRST CLASS MAIL**

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Larry Klayman, Esquire
The Klayman Law Firm, P.A.
3415 S.W. 24th Street
Miami, FL 33145

Re:  *Klayman, et al. v. Judicial Watch, Inc., et al.*, Civil No. 1:06-CV-00670 (D.D.C.)

Dear Gentlemen:

This letter is a follow up to our February 25, 2008, request for dates for necessary fact depositions. As a courtesy to Plaintiff, with the goal of scheduling depositions on mutually convenient dates, Defendants asked Plaintiff for convenient dates on which to take fact depositions. To date, Plaintiff has ignored this request for cooperation and has not provided any proposed dates for fact depositions. Frankly, this conduct is surprising as it directly conflicts with Mr. Klayman's repeated representations that he would cooperate and did not intend to delay any discovery.

Please take notice that his letter constitutes Defendants' last effort to obtain scheduling cooperation from the Plaintiff. Unless Plaintiff provides proposed dates by Monday at 10:30 a.m., Defendants commence scheduling depositions based solely on their availability. Further, if in the future, Plaintiff attempts to object to such deposition dates, Defendants will decline to reschedule unless ordered to do so by the Court.

Letter to Mr. Dugan and Mr. Klayman
March 7, 2008
Page 2

It is truly unfortunate that Plaintiff is conducting the litigation in this way. After the several conference calls with Magistrate Kay, we anticipated that there would be at least a modicum of cooperation.

Sincerely,

DRISCOLL & SELTZER, PLLC

By:

Richard W. Driscoll

cc:    Mr. Thomas J. Fitton
       Paul J. Orfanedes, Esq.

## Richard Driscoll

**From:**    Richard Driscoll
**Sent:**    Monday, March 10, 2008 11:47 AM
**To:**      'Larry Klayman'; 'Daniel Dugan'; 'Jeffrey Schervone'
**Subject:** RE: JW ats Klayman

Mr. Klayman:

You are fabricating the facts.  Dave Durbin is a colleague and friend of mine.  We spoke before he had surgery and agreed to provide the subpoena at a time he selected following the period of recovery.  The date for his production (the subpoena is not for a deposition) is flexible, which he knows.

There is no need for a conference call.  Propose dates and we will set depositions within those times if possible.  We will not tolerate any further delays.

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Larry Klayman [mailto:leklayman@bellsouth.net]
**Sent:** Monday, March 10, 2008 11:29 AM
**To:** Richard Driscoll; 'Daniel Dugan'; 'Jeffrey Schervone'
**Cc:** 'Larry Klayman'
**Subject:** RE: JW ats Klayman

Mr. Driscoll:

We disagree with the characterizations in your attached letter. It is we who had provided dates; you had not. However, I learned from Mr. David Durbin of Jordan Coyne, my counsel, that your colleague called him and forcefully and disrespectfully pressured him, despite urgent medical treatment for a malignant brain tumor, to produce documents on the date you unilaterally set even before you sent the attached letter. This is inappropriate to say the least.

Mr. Dugan is out of the office today and I will contact him to set up a conf call when we all can discuss dates.

Larry Klayman

**From:** Richard Driscoll [mailto:rdriscoll@DriscollSeltzer.com]
**Sent:** Friday, March 07, 2008 10:53 AM
**To:** Daniel Dugan; Jeffrey Schervone; Larry Klayman

**Subject:** JW ats Klayman

Please see attached.

Richard W. Driscoll, Esquire

Driscoll & Seltzer, PLLC

600 Cameron Street

Alexandria, Virginia 22314

703.340.1625 Office

703.997.4892 Facsimile

rdriscoll@driscollseltzer.com

www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

<<OC 03 07 08.pdf>>

**Richard Driscoll**

**From:**      Richard Driscoll
**Sent:**      Tuesday, March 11, 2008 4:18 PM
**To:**         'Larry Klayman'; 'Daniel Dugan'; 'Jeffrey Schervone'
**Subject:**   JW ats Klayman

Mr. Klayman:

Provided that your deposition goes forward on March 14, 2008, Mr. Fitton will appear for his deposition on Tuesday, March 18, 2008.  Please let me know if this date is convenient for you.

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

Larry Klayman, Attorney at Law
**THE KLAYMAN LAW FIRM, P.A.**
3415 SW 24th Street, Miami, FL 33145
Telephone: (305) 447-1091 – Facsimile: (305) 447-1548
leklayman@bellsouth.net

# Fax Cover Sheet

FROM:    LARRY KLAYMAN, ESQ.
         The Klayman Law Firm, P.A.

TO:      Richard Driscoll, Esq.

FAX:     703-997-4892

DATE:    March 13, 2008

PAGES:   4

RE:      Klayman v. Judicial Watch, Inc., Fitton, et al. (Civil Action No.
         1:06-CV-00670 D.D.C.)

Larry Klayman, Attorney at Law
**The Klayman Law Firm, P.A.**
3415 SW 24th Street, Miami, FL 33145
Telephone: 305-447-1091 – Facsimile: 305-447-1548
leklayman@bellsouth.net

Via Email and Mail

March 13, 2008

Richard Driscoll, Esq.
Driscoll & Seltzer
600 Cameron Street
Alexandria, Virginia 22314

Re:  **Klayman v. Judicial Watch, Inc., Fitton, et al. (Civil Action No. 1:06-CV-00670
D.D.C.).**

Dear Mr. Driscoll:

I am writing to seek your consent to postpone my deposition and the deposition of Tom
Fitton to the week of March 23, 2008, for the following reasons.

First, after the March 14 date was chosen, as you know the federal court here in Miami
set a hearing on a case dispositive motion for tomorrow, March 14, 2008 and I had two
other court hearings on March 12th and 13th in Florida. It would be counterproductive to
have to attend this March 14th hearing and then fly up to Washington for an hour or so
of deposition that day.

Second, I have not been able to procure counsel thus far to represent me at the
deposition, as Mr. Dugan was unavailable. Further, because you and your clients
provided false information to Mr. Dugan and me about the insurance coverage,
delaying our claim to the correct company, AIG – not Hartford as you falsely put forth –
our ability to arrange for coverage, which your clients admit exists in documents
produced in discovery, has been significantly delayed. This has caused great prejudice

Mr. Driscoll
March 13, 2008
Page 2

to my obtaining the same or comparable level of financial support and legal
representation as your clients. You and your clients were required to provide the correct
information about insurance coverage and the carrier in the initial disclosure and then
when we were forced to ask again for correct information under the terms of the
subject Severance Agreement, after the Defendants counterclaim was orderd to go
forward, you again provided false information. Based on this and your other conduct in
this case, it is clear that false information was provided intentionally to harm my
interests. Had the insurance coverage been in place by now, the carrier could have
provided representation at my deposition. In addition, it would not be proper or
prudent to proceed with my deposition while the correct carrier, AIG, is assessing my
claims and then providing coverage. Once we uncovered this deception, we moved
with haste to rectify the situation with AIG. However, we also understand and have
learned that you and your clients have intervened with insurance carriers to try to
dissuade them from providing coverage. This constitutes tortious interference with our
contractual rights and other causes of action.

Third, contrary to your agreement, you have not agreed to produce Mr. Fitton for
deposition immediately following my deposition and your latest deposition notice for
my deposition was just sent yesterday, noting for the first time that you intended to
video it.

I anticipate given our strong efforts to obtain confirmation of coverage that we will be
able to proceed with my deposition and Mr. Fitton's during the week of March 23, 2008,
in Washington, D.C. My coming to Washington at my expense is a further
accommodation to you and your clients. I want to have counsel present on my behalf,
understandably, at my deposition. I am not available next week, but even starting
March 23, 2008, this will leave about eight weeks to complete fact discovery prior to the
current deadline of May 15, 2008. Thus, no party will be prejudiced. And, we still, despite
many requests, have not received proposed dates for the third party depositions you
would like to take. Instead, you unilaterally noticed the depositions of my counsel, Herb
Beller and David Durbin, who represented me in the Severance Agreement
negotiations and then your collegue, Juli Simonyi, proceeded to browbeat Mr. Durbin,
who is under emergency treatment for a malignant brain tumor at John Hopkins
University, to adhere to your and your clients unilaterally set date. This is even worse

Mr. Driscoll
March 13, 2008
Page 3


than when you set a hearing with the Magistrate Judge just hours after my mother died on January 24, 2008.


I would like to put things on a proper and respectful footing and ask for your consent to move the deposition dates as suggested. I also ask and demand that you and your clients not interfere further with my efforts to obtain coverage and representation under the AIG and other applicable insurance policies.


If I do not get your consent, I will file a motion for brief continuance with the court later today, as I cannot be at the deposition tomorrow under these continuing circumstances, particularly give my hearing in federal court tomorrow in Miami, my lack of legal representation at my proposed deposition, and current lack of confirmation of my insurance coverage concerning defendants' counterclaims.


Thank you for your anticipated courtesy and cooperation.


Sincerely,

Larry Klayman


cc: Dan Dugan, Esq.



600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Richard W. Driscoll*
Writers email: rdriscoll@driscollseltzer.com
*Admitted in VA, DC and MD

March 13, 2008

**BY FACSIMILE AND FIRST CLASS MAIL**

Daniel J. Dugan, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Larry Klayman, Esquire
The Klayman Law Firm, P.A.
3415 S.W. 24th Street
Miami, FL 33145

Re:    *Klayman, et al. v. Judicial Watch, Inc., et al.*, Civil No. 1:06-CV-00670 (D.D.C.)

Dear Gentlemen:

At 2:31 p.m. today, we received a written request from Mr. Klayman to consent to postpone his deposition until the week of March 23, 2008.  Defendants do not consent to postpone Mr. Klayman's deposition.  Further, we note that the Court's January 30, 2008 Minute Order expressly states that "Plaintiff's deposition must be conducted by 3/14/08".  If Plaintiff fails to appear without the Court's permission, Defendants will move for contempt and seek to prohibit any testimony from Mr. Klayman.

Finally, Mr. Klayman's letter contains a number of factually incorrect assertions that Defendants will not address in this letter, but reserve the right to dispute at a later time.

Sincerely,

DRISCOLL & SELTZER, PLLC

By: _____
Richard W. Driscoll

cc:    Mr. Thomas J. Fitton (w/o encl.)
       Paul J. Orfanedes, Esq. (w/o encl.)

*a professional limited liability company*

**Richard Driscoll**

**From:**      Richard Driscoll
**Sent:**      Thursday, March 13, 2008 5:15 PM
**To:**        'Daniel Dugan'
**Subject:**   JW ats Klayman

Dan:

Can you confirm whether Mr. Klayman will appear tomorrow?  I need to confirm the court reporter.

Thanks,

Rich

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

*No response*

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

## Richard Driscoll

**From:** Richard Driscoll
**Sent:** Tuesday, April 01, 2008 5:48 PM
**To:** leklayman@bellsouth.net
**Cc:** Juli Haller Simonyi
**Subject:** RE: Klayman v. JW (DDC).

Mr. Klayman:

You are not correct. Mr. Fitton WILL NOT appear on April 9, 2008. Defendants agreed to April 10, 2008 and not April 9, 2008. This matter was discussed during a conference call with Magistrate Kay, when I was asked to take leave of the call and reach Mr. Fitton. Following the scheduling of your deposition, we agreed to produce Mr. Fitton on April 10 to allow us sufficient time to prepare. I emphasized that in light of the absence of discovery we would need the additional day for preparation.

Kindly amend your notice for April 10, 2008.

As an additional matter, we still need a date for Louise Benson's deposition, which pursuant to Court Order will need to be complete by April 11, 2008. Kindly provide a date for her deposition, as well as dates you are available for fact witness depositions.

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** leklayman@bellsouth.net [mailto:leklayman@bellsouth.net]
**Sent:** Tuesday, April 01, 2008 5:35 PM
**To:** Richard Driscoll
**Subject:** RE: Klayman v. JW (DDC).

I meant April 9. I will change it. Larry Klayman

> ------------- Original message from "Richard Driscoll" <rdriscoll@DriscollSeltzer.com>: -------------
>
>
> I just noticed that your deposition is dated for April 8, 2008, which is the date for your deposition. I am assuming that you mean April 10.
>
> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street

Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is
addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and
destroy all copies of the original message. If you are the intended recipient but do not wish to receive
communications through this medium, please so advise the sender immediately.

**From:** leklayman@bellsouth.net [mailto:leklayman@bellsouth.net]
**Sent:** Tuesday, April 01, 2008 5:26 PM
**To:** Richard Driscoll
**Cc:** tfitton@judicialwatch.org; Daniel Dugan; Jeffrey Schervone; Juli Haller Simonyi
**Subject:** RE: Klayman v. JW (DDC).

I thought that this would be convenient for y'all. Its also historic; the place where all the Clinton people were
deposed. It would have also been like homecoming.

I'll renotice for the courthouse, where I am being deposed.

Larry Klayman

------------- Original message from "Richard Driscoll" <rdriscoll@DriscollSeltzer.com>: -------------

Please take notice that Judicial Watch will not be permitting depositions to be taken in its office for this
case.  Kindly make other arrangements for the deposition location.

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is
addressed and may contain confidential and/or privileged material. Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by
reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not
wish to receive communications through this medium, please so advise the sender immediately.

**From:** Larry Klayman [mailto:leklayman@bellsouth.net]
**Sent:** Tuesday, April 01, 2008 5:17 PM
**To:** Richard Driscoll
**Cc:** tfitton@judicialwatch.org; 'Daniel Dugan'; 'Jeffrey Schervone'
**Subject:** Klayman v. JW (DDC).

Fitton deposition notice



# driscoll ☯ seltzer

600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Richard W. Driscoll*
Writers email: rdriscoll@driscollseltzer.com
*Admitted in VA, DC and MD

April 23, 2008

**BY EMAIL AND FIRST CLASS MAIL**

Larry Klayman, Esquire
The Klayman Law Firm, P.A.
3415 S.W. 24th Street
Miami, FL 33145

Re:    *Klayman, et al. v. Judicial Watch, Inc., et al.*, Civil No. 1:06-CV-00670 (D.D.C.)

Dear Mr. Klayman:

As the deadline to complete discovery approaches, there are several outstanding issues that need to be addressed. These issues include the deposition of Louise Benson. During our hearing before Magistrate Kay on April 17, 2008, you stated that a date for Ms. Benson's deposition would be provided to Defendants by the next day. It is now six days later and we still have no date for her deposition. Unless you propose a date for her deposition by tomorrow, April 24, 2008, Defendants will have no choice but to move for contempt of the Court's January 30, 2008, Order. In particular, Defendants will seek the sanction of excluding Ms. Benson's testimony from trial.

During last week's hearing, you also stated that completion of your deposition and the deposition of Thomas Fitton would occur this week. Despite efforts to schedule these depositions, we have not heard from you since the hearing. Currently, there is no schedule in place to complete these depositions.

In light of the Court's denial of your Motions to Quash the depositions of Philip Sheldon and Diener Consultants, we intend to move forward with these depositions. In addition, we intend to depose your former wife, Stephanie Luck Klayman.

*a professional limited liability company*

Letter to Mr. Klayman
April 23, 2008
Page 2

Finally, today is the deadline for you to provide Supplemental Responses to Defendants' Interrogatories and Requests for Production. We anticipate that that you will finally produce all responsive documents. Please let us know when the documents are ready so that we can arrange for a copy service to pick them up.

Upon review of this letter, kindly contact us to provide your available dates between now and the end of discovery so that the foregoing depositions may be set.

Sincerely,

DRISCOLL & SELTZER, PLLC

By:_____
Richard W. Driscoll

cc:    Mr. Thomas J. Fitton
       Paul J. Orfanedes, Esq.
       Mr. Christopher J. Farrell
       Daniel J. Dugan, Esq.

**Richard Driscoll**

**From:**     Richard Driscoll
**Sent:**     Monday, April 28, 2008 4:53 PM
**To:**        'leklayman@bellsouth.net'
**Subject:** RE: Klayman v, JW

Mr. Klayman:

I would very much like to set a schedule for completion of discovery.  Please contact me at your earliest convenience to do so.

Best regards,

Rich

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com


CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.


**From:** leklayman@bellsouth.net [mailto:leklayman@bellsouth.net]
**Sent:** Friday, April 25, 2008 10:49 AM
**To:** Richard Driscoll
**Subject:** Klayman v, JW

Mrs. Benson is available May 14 in LA

I will call later to discuss other scheduling.

Larry Klayman



600 CAMERON STREET
ALEXANDRIA, VIRGINIA 22314
phone 703.340.1625
fax 703.997.4892
www.driscollseltzer.com

Richard W. Driscoll*
Writer's email: rdriscoll@driscollseltzer.com
*Admitted in VA, DC and MD

April 29, 2008

**BY EMAIL, FACSIMILE
AND FIRST CLASS MAIL**

Larry Klayman, Esquire
The Klayman Law Firm, P.A.
3415 S.W. 24th Street
Miami, FL 33145

Re:  *Klayman, et al. v. Judicial Watch, Inc., et al.*, Civil No. 1:06-CV-00670 (D.D.C.)

Dear Mr. Klayman:

As you know, there are several issues to address with Magistrate Kay.  These issues include scheduling a date for the hearing regarding sanctions as required by the Court's recent Orders.  Accordingly, we have scheduled a conference call for 5:00 p.m. today.  Please provide a telephone number where you can be reached at that time so that the parties can jointly contact Chambers.

At the same time, I suggest that the parties attempt to piece together a schedule for depositions.  At the outset, we request that you provide available dates for the continuation of your deposition and to complete the outstanding depositions that Defendants have been battling to take (ATA; Phil Sheldon; Maureen Otis; Stephanie DeLucca).  Efforts to schedule these depositions have been delayed by your failure to provide available dates, despite our repeated requests for such information.  Indeed, this process for completing discovery was discussed on the day of your deposition.  Once these depositions are scheduled, we will work with you to produce the witnesses you seek.

Finally, in a detailed letter dated January 28, 2008, we requested that you limit the scope of your document requests to Raffa & Associates and to David Barmak.  On February 5, 2008, we notified you of our intent to file a motion to quash.  Following this, you postponed the deposition of these third-parties and any discussion regarding the scope of your requests.  (In fact, Mr. Schervone

Letter to Mr. Klayman
April 29, 2008
Page 2

agreed to extend the time for third-parties to file their objections until they were given notice at a later date.)   In light of your request to schedule these depositions, we assume that you will now discuss with us reasonable limitations on the scope of the requests.  We expect that this will occur today.  Otherwise, we will file a motion to quash based on the reasons outlined in my January 28, 2008, letter (copy attached), as well as any other applicable reasons.

Sincerely,

DRISCOLL & SELTZER, PLLC

By: _____
Richard W. Driscoll

cc:    Mr. Thomas J. Fitton (*by email only*)
       Paul J. Orfanedes, Esq. (*by email only*)
       Daniel Dugan, Esq. (*by email only*)

**Richard Driscoll**

| | |
|---|---|
| **From:** | Richard Driscoll |
| **Sent:** | Friday, May 02, 2008 5:45 PM |
| **To:** | 'leklayman@bellsouth.net' |
| **Cc:** | Juli Haller Simonyi |
| **Subject:** | JW ats Klayman |

Mr. Klayman:

There are a few outstanding discovery issues to address.

Please confirm whether May 6, 2008 is convenient for the conclusion of your deposition.  In addition, we would appreciate direction from you regarding who you would like to depose following your deposition: Thomas Fitton or Janice Rorup.  Also, Please let me know who you would like to depose thereafter.  By way of information, Paul Orfanedes and Susan Prytherch are not available for the period May 6-8, 2008.

Based on our earlier conversation, it is my understanding that you intend to move to quash Stephanie DeLucca's deposition.  Because it is scheduled to occur on May 12, 2008, I request that you file the motion as soon as possible because I cannot postpone the deposition date until the motion is filed.

If possible, kindly respond this weekend so that we may make appropriate arrangements, etc.

Regards,

Rich

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Office
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
www.driscollseltzer.com

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.