UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JUDICIAL WATCH, INC.,** *et al.***,**<br><br>    Defendants. | Civil Action No. 06-670 (CKK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are requests for sanctions from both parties. After reviewing the submissions of the parties and the argument presented at the hearing on May 13, 2008, the Court issues the following Memorandum Order

**I.   DEFENDANTS' REQUESTS FOR SANCTIONS**

   A.   Sanctions for Postponement of Plaintiff's March 14, 2008 Deposition

On March 13, 2008, Plaintiff moved to continue his deposition, which was scheduled for the following day.[2] (*See* Pl.'s Mot. for Brief Continuance [121].) As grounds for this request, Plaintiff represented that "a court in Miami scheduled a case dispositive motion in federal court concerning a large trademark and unfair practice case for the same day." (*Id*. ¶ 2.) Plaintiff

---

[1] United States District Judge Colleen Kollar-Kotelly referred this case to the undersigned Magistrate Judge for disposition all discovery-related motions pursuant to Local Civil Rule 72.2(a). (*See* Order [85] dated 12/3/07.)

[2] This Court had previously set March 14 as the date by which Plaintiff's deposition had to be taken. (Minute Order dated 1/30/08.)

1

further stated that his attorney, Dan Dugan, would not be available to defend Plaintiff at the deposition on March 14.[3] (*Id*. ¶ 3.) Finally, Plaintiff stated that his inability to obtain insurance coverage contributed to his need for a continuance. (*Id*. ¶ 3-4.)

Over Defendants' objection, the Court granted Plaintiff's motion and set March 24, 2008 as the deadline for Plaintiff to be deposed. (Minute Order dated 3/13/08.) In granting Plaintiff's request, the Court also ordered him to furnish the Court with the following information within five days: "(1) the name of the case in Miami that conflicted with the deposition date of March 14, (2) the name of the judge assigned to that case, and (3) the date on which the judge in Miami scheduled the motions hearing for March 14." (*Id*.)

Defendants moved for reconsideration of the Court's March 13 Minute Order. (*See* Def.'s Mot. for Recons. [122].) Defendants proffered that Plaintiff received notice of the Miami hearing on March 5, 2008, more than a week before he moved to continue his deposition based on this scheduling conflict. (*Id*. ¶ 5.) Defendants further stated that on March 12, 2008, Mr. Dugan represented to defense counsel "that Klayman wished to defend himself during the deposition and, therefore, he would not be attending." (*Id*. ¶ 6.) Additionally, Defendants proffered that "[a]t no time during [the March 12] conversation did Mr. Dugan state or imply that he was not available to attend the deposition, that the deposition was inconvenient, or that it should be postponed due to his unavailability." (*Id*.) Defendants argue that, "[i]n light of this conversation, Klayman's assertion that Mr. Dugan is not available on March 14, 2008 raises a host of questions as whether Klayman is being truthful to the Court." (*Id*. n. 1.) As a sanction

---

[3] Mr. Dugan no longer represents Plaintiff, who is now proceeding in this litigation *pro se*. (*See* Praecipe to Withdraw Appearance [143].)

for moving to continue his deposition, Defendants argued that his testimony should be barred from this litigation. (*Id.* ¶ 13.) Defendants also submitted a Summary of Expenses that details the fees and costs that were associated with the postponement of Plaintiff's deposition. (*See* Def.'s Summ. of Expenses [168] ("Summ. I").)

During a telephone conference on March 19, Plaintiff represented that he would file an opposition to Defendants' request for sanctions within the time allotted by the Local Rules. Plaintiff never filed any such opposition, even after the Court gave him an additional opportunity to do so within twenty-four hours of the May 13 Sanctions Hearing. Moreover, Plaintiff violated this Court's March 13 Minute Order when he failed to furnish the requested information.[4] The Court finds that sanctions are appropriate based on Plaintiff's failure to timely raise the issue of the March 14 scheduling conflict and Plaintiff's misrepresentations about Mr. Dugan's role in the deposition.

As to the measure of sanctions, Defendants seek $3,422.50[5] for 18.7 hours of work that they expended in connection with the rescheduling of Plaintiff's deposition. (Summ. I at 2.) First, Defendants seek $1,350.50 for 7.3 hours they expended prior to March 8, 2008 to prepare for Plaintiff's deposition. (*Id.* at 1-2.) The Court will not include this in the sanctions award because it is not directly related to the rescheduling of Plaintiff's deposition. Second, Defendants seek $2,072 for 11.4 hours they expended in connection with Plaintiff's request to reschedule his

---

[4] During the May 13 Sanctions Hearing, the Court raised the issue of Plaintiff's noncompliance with the Court's request for information. Plaintiff did not attempt to explain his noncompliance or even offer one of the multitude of excuses that he is so prone to using when faced with an obligation in this case. Finally, following the hearing, Plaintiff filed a praecipe in which he provided the information sought.

[5] Defendants assert that they incurred $3,459.50, yet the costs listed in their Summary of Expenses only totals $3,422.50.

3

deposition and Defendants' Motion for Reconsideration. (*Id*. at 1-2.) While this time is compensable, the Court will reduce the figure by one half and order Plaintiff to pay Defendants $1,036 as a sanction for postponing his deposition.

> B. Sanctions for Plaintiff's Motion to Quash Subpoenas *Duces Tecum* to Phillip Sheldon and Diener Consultants

On Thursday, March 27, 2008, Plaintiff moved to quash subpoenas *duces tecum* that Defendants had served on Phillip Sheldon and Diener Consultants. (Pl.'s Mot. Quash [126].) Mr. Sheldon's deposition was set for the following Monday, March 31, in Lancaster, Pennsylvania. (Def.'s Opp'n [130] ¶ 3.) Because the Court was unable to rule on the Motion before the weekend, Defendants cancelled the Monday morning deposition. The Court later denied Plaintiff's Motion to Quash. (*See* Mem. Order [137].)

Defendants now seek $3,676 for 22.4 hours that they expended in connection with Plaintiff's motions to quash these subpoenas in both the Eastern District of Pennsylvania and in this Court. (Def.'s Summ. of Expenses [170] ("Summ. II") at 2.) First, Defendants seek $1,419 for time they expended preparing their Opposition to Plaintiff's Motion to Quash. (*Id*. at 1.) Second, they seek $1,551 for time they expended opposing a similar Motion to Quash that Plaintiff filed in the Eastern District of Pennsylvania. (*Id*. at 2.) Finally, Defendants seek $706 for telephone conferences regarding these motions that took place on April 1, 2008. (*Id*.) The Court finds that all of these time entries are compensable, but will reduce the $3,676 figure by one half and order Plaintiff to pay Defendants $1,838 as a sanction for his efforts to quash this subpoena.

C.  Sanctions for Defendants' Motion to Compel Supplemental Request for Production of Documents

On March 12, 2008, the Court granted-in-part Defendants' Motion to Compel Plaintiff's Responses to Defendants' Supplemental Requests for Production and granted Defendants' request for the fees and costs they incurred in bringing the motion. (Mem. Order [117] at 11-12.) Plaintiff appealed, and Judge Kollar-Kotelly affirmed this Court's March 12 Memorandum Order. (Order [167] at 1.) Defendants now request $9,862.50 in expenses associated with their Motion and Plaintiff's subsequent appeal of this Court's order.

Defendants' fee request is divided into seven categories. First, Defendants seek $518 for 2.8 hours that they expended participating in a January 3, 2008 telephone conference with the Court. (Def.'s Summ. Expenses [131] ("Summ. III") at 1.) The Court finds that Defendants should not be compensated for this time because the January 3 teleconference did not address Defendant's Motion to Compel Plaintiff's Responses to Defendants' Supplemental Requests for Production.[6] Second, Defendants seek $92.50 for time spent drafting a meet and confer letter to Plaintiff on January 9, 2008. (*Id*. at 2.) The Court finds that Defendants should not be compensated for this time because it is not clear whether the meet and confer letter related to the supplemental requests for production. Third, Defendants seek $610.50 for a telephone conference with the Court of January 17, 2008. (*Id*.) The Court has no record of a telephone conference on this date and, even if one did occur, there is no evidence that it related to Defendants' supplemental requests for production. Therefore the Court finds that this time is not

---

[6] The January 3 teleconference addressed two other motions to compel that Defendants had filed, Defendants' Motion to Compel Plaintiff's Answers to Defendants' Interrogatories [88] and Defendants' Motion to Compel Plaintiff's Responses to Defendants' Request for Production of Documents [89].

compensable.

Fourth, Defendants seek $573.50 for time spent drafting a deficiency letter to Plaintiff regarding the supplemental requests for production. (*Id*.) The Court finds that Defendants are entitled to be compensated for this expenditure because the deficiencies in Plaintiff's supplemental responses to Defendants' discovery requests led to the Motion to Compel. Fifth, Defendants seek $869.50 for a February 1, 2008 meet and confer telephone conference with Plaintiff. Because Defendants seek compensation for the work of two attorneys on this conference without justifying why two attorneys were needed, the Court will reduce this number by half and find that Defendants are entitled to $434.75 for time spent on this teleconference. Sixth, Defendants seek $5,402 for time spent researching, drafting, and revising the Motion to Compel and Defendants' Reply to Plaintiff's Opposition. (*Id*.) The Court finds that this time is compensable but will reduce the figure by one half and find that Defendants are entitled to $2,701. Finally, Defendants seek $1,815 for eleven hours spent responding to Plaintiff's appeal of this Court' Memorandum Order. (*Id*.) Because this Court ordered sanctions before Plaintiff filed his appeal, the Court will not include these expenses in the sanctions award.

## II.     PLAINTIFF'S REQUEST FOR SANCTIONS

Plaintiff moves for sanctions, alleging that Defendants violated Judge Kollar-Kotelly's December 3, 2007 Protective Order by placing a confidential document on the public record rather than filing it under seal.[7] (Pl.'s Mot. [159] ¶ 3.) This Protective Order provides, in

---

[7] The document to which Plaintiff refers is a "Caging & Escrow Agreement" between Freedom Watch, American Caging, Inc., and Response Unlimited, which Defendants attached to their Opposition to Plaintiff's Motion to Quash the subpoenas issued to Maureen Otis and American Caging, Inc. (*See* [144-7].) Plaintiff

6

relevant part, "that the use of any information obtained during discovery in this matter is limited to the strict context of this litigation" and "that any party seeking to use information obtained during discovery in this matter for purposes other than the instant litigation must apply for and obtain permission from the Court *before doing so*." (Order [83] at 1 (emphasis in original).) The Protective Order does not, on its face, require that documents be filed under seal.[8] However, Plaintiff argues that such a requirement is implicit in the concept of a protective order.

This Court refuses to find hidden meaning in an order entered by the trial court, and accordingly finds that Defendants did not violate the Protective Order by placing allegedly confidential documents on the public record. The Court further notes that Plaintiff had ample opportunity since the beginning of discovery in this litigation to move for a more restrictive Protective Order.[9]

---

maintains that this document is protected attorney-client material, but has failed to provide the Court with evidence that an attorney-client relationship existed between Ms. Otis and Plaintiff or that Ms. Otis was acting as Plaintiff's counsel at the time the Agreement was executed.

[8] Defendants originally moved for a protective order in October 2007 because they were concerned that Plaintiff would use information obtained in the litigation in his "smear campaign" against Judicial Watch. (Def.'s Mot. Protective Order [73] at 1.) Defendants' proposed protective order required that confidential information filed with the Court be placed under seal. (Def.'s Proposed Order [73-21] at 4.) Plaintiff opposed the entry of any such order, noting that the sealed filing requirement would shroud this litigation in "a veil of secrecy." (Pl.'s Opp'n [74] at 10.) In the end, Judge Kollar-Kotelly sought to find middle ground between the parties and entered a Protective Order that limited the manner in which parties could use information obtained in discovery but did not provide for the filing of confidential documents under seal.

[9] On May 19, 2008, Plaintiff moved Judge Kollar-Kotelly for clarification of the Protective Order. (*See* Emergency Mot. [174].) Judge Kollar-Kotelly denied Plaintiff's request, and, on the issue of whether it required documents to be filed under seal, noted: "The Protective Order does not include such a requirement on its face, and the parties have not briefed the issue. Thus, to the extent that Plaintiff Klayman believes a modification of the Protective Order is appropriate, he should file a motion requesting such relief, along with legal authority supporting his request." (Order [178] at 3.)

### III.    CONCLUSION

For the foregoing reasons, it is this 1st day of July, 2008, hereby

**ORDERED** that Defendants' request for sanctions for the postponement of Plaintiff's March 14, 2008 Deposition is **granted**.  Plaintiff is ordered to pay Defendants $1,036 for expenses they incurred in responding to Plaintiff's motion to continue his deposition; and it is further

**ORDERED** that Defendants' request for sanctions for Plaintiff's Motion to Quash Subpoena *Duces Tecum* to Phillip Sheldon and Diener Consultants is **granted**.  Plaintiff is ordered to pay Defendants $1,838 for expenses they incurred in rescheduling this deposition; and it is further

**ORDERED** that Plaintiff pay Defendants $3709.25 in connection with Defendants' Motion to Compel Supplemental Request for Production of Documents; and it is further

**ORDERED** that Plaintiff's request for sanctions is **denied**.

                                          /s/
                                    ALAN KAY
                                    UNITED STATES MAGISTRATE JUDGE