UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JUDICIAL WATCH, INC.,** *et al.*,<br><br>    Defendants. | Civil Action No. 06-670 (CKK)(AK) |

## ORDER

On July 7, 2008, the Court held a status conference with the parties to set a schedule for the remainder of discovery and to address other outstanding discovery issues. To memorialize the schedule set during the conference and to address matters that the Court held in abeyance, the Court issues the following Order.

I.   Plaintiff's Depositions

Over Defendants' objection, Plaintiff shall be permitted to depose the following witnesses on the following dates:

| | |
|---|---|
| Thomas Fitton | August 18, 2008 |
| 30(b)(6) of Judicial Watch | T.B.D. |
| Paul Orfanedes | August 19, 2008 |
| Christopher Farrell | August 20, 2008 |
| Susan Prytherch | August 14, 2008 |
| Jeffrey Lyons | August 25, 2008 |
| Kathy Raffa | August 14, 2008 |
| Janice Rorup | August 20, 2008 |

The depositions of Thomas Fitton, Paul Orfanedes, and Christopher Farrell, and the 30(b)(6)

deposition of Judicial Watch, shall occur at the courthouse in a room to be determined later. All dates are conditioned on the availability of the witnesses. If a deposition needs to be rescheduled because a witness is unavailable, and the parties cannot agree on a new date, the parties shall jointly contact the Court via telephone to resolve the dispute.

Plaintiff is not permitted to depose either Robert Wolpe or Jill Farrell because Plaintiff did not identify these individuals as potential witnesses at an earlier point in discovery. Plaintiff may depose David Barmak on a date that is mutually convenient to the parties and the witness.

II.   Plaintiff's Responses to Defendants' Supplemental Requests for Production of Documents

This Court granted-in-part and denied-in-part Defendants' Motion to Compel Supplemental Requests for Production of Documents on March 12, 2008. Judge Kollar-Kotelly overruled Plaintiff's objections on May 12, 2008. Plaintiff's supplemental responses were due ten days later, on May 27, 2008, but they were never filed.

Plaintiff represented that he will be able to provide these documents to Defendants by July 25, 2008. The Court cautions Plaintiff to be mindful of this deadline, as further noncompliance with his discovery obligations will expose him to the risk of sanctions.

III.  Defendants' Depositions

Defendants shall take their remaining depositions on the following dates:

| Witness | Date |
|---|---|
| Maureen Otis | July 21 or July 22, 2008 |
| Stephanie Deluca | July 23, 2008 |
| Louise Benson | July 14, 15, 16, or 17, 2008 |
| Larry Klayman (continuation) | August 15, 2008 |

The deposition of Larry Klayman shall occur at the courthouse in a room to be determined later. As with Plaintiff's depositions, all dates set forth herein are conditioned on the availability of the witnesses. If a deposition needs to be rescheduled because a witness is unavailable, and the parties cannot agree on a new date, the parties shall jointly contact the Court via telephone to resolve the dispute.

Regarding the deposition of Stephanie Deluca, the Court previously denied Defendants' motion to compel documents relating to sealed divorce proceedings in Fairfax County and ruled that Defendants could not inquire about the divorce documents during Ms. Deluca's deposition. In overruling Defendants' objections in connection with the Motion to Compel, Judge Kollar-Kotelly noted that Defendants had not moved the court in Fairfax to unseal the divorce documents. Yesterday, Defendants represented that the court in Fairfax County had unsealed the divorce documents to allow Defendants to use them in this litigation. Because the parties have conflicting views about the scope of that order, however, the Court will require Defendants to make a written, as opposed to oral, motion for modification of this Court's earlier order before the Court will allow Defendants to make inquiries about the divorce documents during Ms. Deluca's deposition.

During the hearing, the parties also discussed whether Defendants were required to provide Plaintiff with deposition exhibits for depositions that he was to attend by telephone. The parties also discussed whether Defendants were required to provide Plaintiff with those exhibits in advance of the deposition and which party was to bear the cost of any fax transmission of exhibits that occurred during the deposition. The Court finds that Plaintiff is not entitled to identification of the specific the exhibits in advance of the deposition, but will require

Defendants' counsel to transmit these exhibits via fax to Plaintiff when they are presented to the witness during the deposition. The Court further finds that Defendants shall bear the costs of any such transmission.

IV.   Subpoena *Duces Tecum* to David Durbin

David Durbin, former counsel to Plaintiff, has produced some documents that are responsive to Defendants' subpoena *duces tecum* while withholding other documents pursuant to the attorney-client privilege and the work product doctrine.[1] Defendants question Mr. Durbin's determination of which documents to withhold and object to his failure to provide a privilege log.

To address these concerns, the Court orders that the following occur: (1) By July 11, 2008, John May, counsel for Mr. Durbin, shall ship copies of the withheld documents to Plaintiff for review; (2) By July 25, 2008, Plaintiff shall prepare a privilege log that sets forth all documents that he believes are protected by the attorney-client privilege or work product doctrine and transmit the privilege log to Mr. May via e-mail or fax. The privilege log shall identify the documents by Bates number and shall set forth a description of the document and a brief statement about why it is protected; (3) By July 29, 2008, Mr. May shall produce to Defendants all previously-withheld documents that Plaintiff asserts are not protected along with the privilege log that Plaintiff prepares. Also by July 29, 2008, Mr. May shall provide the Court with the privilege log and copies of all documents that Plaintiff claims are protected. The Court will then review the documents *in camera* and determine whether any additional documents shall be

---

[1] Defendants also served a subpoena *duces tecum* on Herbert Beller, another of Plaintiff's former attorneys. Mr. Beller produced some documents as well as a privilege log detailing the documents he withheld. Defendants plan to move to compel additional documents that it believes were improperly withheld.

produced to Defendants.

V.      <u>Filing of Confidential Information Under Seal</u>

Throughout the proceedings before this Court, Plaintiff has raised his concern that the Protective Order entered by Judge Kollar-Kotelly does not preclude the parties from attaching confidential documents to public pleadings. However, Plaintiff has had countless opportunities to move the Court to amend the Protective Order to include a provision about filing confidential materials under seal but has not done so.

At yesterday's hearing, Plaintiff asked this Court to order that any documents from his divorce proceeding that are used in this case be filed under seal and that any portions of deposition transcripts that address these documents be sealed as well. The Court declined to rule on this oral motion, but invited Plaintiff to move in writing to obtain this relief.

Date: July 9, 2008                                          /s/
                                                    ALAN KAY
                                                    UNITED STATES MAGISTRATE JUDGE