IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
|
LARRY KLAYMAN,                             |
|
        Plaintiffs,                  |
|
v.                                        |      Civil Action No. 1:06-CV-00670
|      (CCK/AK)
JUDICIAL WATCH, INC., *et al.*,            |
|
        Defendants.                  |
|
———————————————————————|

**DEFENDANTS' MOTION TO REMOVE LIMITATIONS IMPOSED BY THE
MAY 9, 2008, MINUTE ORDER ON THE DEPOSITION OF STEPHANIE DELUCA**

      Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, Esq. and Christopher J. Farrell (collectively "Judicial Watch"), by undersigned counsel and pursuant to the July 7, 2008, Order (DE 200),[1] hereby move to eliminate restrictions concerning topics to be addressed during the deposition of Stephanie Deluca, which limitations were imposed by this Court's May 9, 2008, Minute Order.

**<u>BACKGROUND</u>**

      For the most part, this Court is well acquainted with the background of this case. However, a short review of the procedural background is relevant to this Motion, which seeks to lift the restrictions placed on the deposition of Stephanie Deluca, Plaintiff's former spouse, who is identified as a fact witness by all parties in their Initial Disclosures. Defendants have been attempting to take the deposition of Ms. Deluca for some time, but have been delayed by Plaintiff Larry Klayman's ("Klayman") efforts to quash (DE 156) all, or part, of the deposition.

---

[1]     Defendants requested the relief that is the subject of this Motion during the July 7, 2008, Status Conference. The parties' opposing views demonstrate the futility of a meet and confer effort.

It is significant that limitations on the deposition of Ms. Deluca grew out of this Court's denial of Defendants' Motion to Compel production of copies of all pleadings from Klayman's divorce proceedings. In denying the Motion to Compel, Magistrate Kay recognized that the proposed topics are relevant, but that there was an insufficient demonstration of grounds to warrant the Court to lift the seal on a matter that was put in place by another Court in a different jurisdiction. (DE 117 at 9.) Defendants timely objected to this portion of the Memorandum Order. (DE 124.)

Before Judge Kollar-Kotelly could rule on Defendants' objection, Klayman moved to quash the deposition of Stephanie Deluca shortly before it was to occur. In ruling on Klayman's Motion to Quash, this Court issued a May 9, 2008, Minute Order that reads, in relevant part, as follows:

> Defendants may not inquire about documents that are the subject of this Court's March 12 order denying-in-part Defendants' Motion to Compel, which is currently on appeal before Judge Kollar-Kotelly. Should Judge Kollar-Kotelly reverse this Court's ruling on this matter, Defendants may move to re-open Ms. DeLuca's deposition to inquire about the divorce documents.

This limitation was expressly based on the Court's denial of Defendant's Motion to Compel production of filings in Klayman's divorce proceedings. Klayman then filed objections to this Minute Order, contending that the deposition should be quashed in whole.

While Klayman's objections to this Court's May 9, 2008, Minute Order were subject to briefing, Judge Kollar-Kotelly issued an order overruling Defendants' objection to the denial of the Motion to Compel (DE 117). In relevant part, the Order reads as follows:

> Moreover, the Court agrees with Magistrate Judge Kay that, even if the documents Defendants seek in Request No. 17 may contain information arguably relevant to the instant litigation, that Request requires special consideration because it seeks to reveal documents placed under seal by another court in connection with Plaintiff Klayman's divorce proceedings. *Based on the record before the*

> *Court at this time, it does not appear that Defendants have pursued other avenues that may be open to them for obtaining the information they claim is contained in Plaintiff Klayman's sealed divorce documents. Specifically, Defendants do not appear to have moved to have specific records unsealed by the court that sealed them in connection with Plaintiff's divorce before moving this Court to compel the production of those documents (and thus essentially requesting that this Court unseal documents placed under seal by another court).*

(DE 167 at 8-9 (emphasis added).)   This Order demonstrates that limits on the scope of Stephanie Deluca's deposition are based on the Order of Seal that was issued by the Circuit Court of Fairfax County, Virginia.  Further, this Order expressly recognizes that Defendants may remove the restrictions by seeking the Circuit Court to lift the seal.

On May 28, 2008, shortly after overruling Defendants' objection to the March 12, 2008, Memorandum Order (DE 117), Judge Kollar-Kotelly issued an Order overruling Klayman's objections regarding the denial of his Motion to Quash the deposition of Stephanie Deluca.  In that Order, Judge Kollar-Kotelly addressed Klayman's concerns regarding inquiry into areas subject to an order of seal as follows:

> While Magistrate Judge Kay's May 9, 2008 Minute Order left open the possibility that Defendants might move to re-open Ms. DeLuca's deposition in the event that this Court reversed Magistrate Judge Kay's ruling on the divorce documents, this Court has since affirmed Magistrate Judge Kay's March 12, 2008 Memorandum Order, *see* Order, May 12, 2008, Docket No. [167], and it appears that Ms. DeLuca's deposition has not yet occurred. As such, the matter is definitively resolved: Defendants may depose Ms. DeLuca but, in so doing, may not inquire into the sealed documents from Plaintiff's divorce.

(DE 185 at 6.)  Based on this language, Klayman asserts that Defendants may no longer seek to depose Ms. Deluca regarding the complaint for divorce that initiated the circumstances leading to Klayman's departure from Judicial Watch.  Defendants completely disagree.

Notwithstanding Klayman's argument, on June 27, 2008, Judge Charles J. Maxfield, Circuit Court for Fairfax County, Virginia, issued tandem Orders lifting the seal on Klayman's divorce proceedings and permitting Defendants to copy and use all documents relevant to the action pending in this Court. Copies of the Orders are attached hereto as Exhibit 1. Therefore, the basis for the Court's restrictions has now been eliminated and Defendants are entitled to depose Ms. Deluca on all relevant issues.

## ARGUMENT

Under Rule 26(c), this Court is authorized to issue a variety of protective orders, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters". Presumably acting under this authority, this Court limited the scope of Ms. Deluca's deposition due to the restrictions imposed by the Order of Seal issued in Klayman's divorce matters. (*See* DE 117, 167, 185 and the May 9, 2008, Minute Order.) It is clear from the text of related Orders that the Court's primary concern was the existence of an Order of Seal issued by a different court. (*See e.g.*, DE 167 at 9 (stating "Specifically, Defendants do not appear to have moved to have specific records unsealed by the court that sealed them in connection with Plaintiff's divorce before moving this Court to compel the production of those documents (and thus essentially requesting that this Court unseal documents placed under seal by another court).")

As this Court has concluded on several occasions, the circumstances of Klayman's separation from Judicial Watch are relevant to this case. Specifically, in May 2003, before the record in this matter was sealed, Klayman disclosed to Defendants Fitton and Orfanedes the petition for divorce that was filed by his then-wife, Stephanie Deluca, and discussed the allegations therein. The petition for divorce contains allegations involving inappropriate conduct

that Klayman admitted during the conversation, which and ultimately lead to his separation pursuant to the September 19, 2003, Severance Agreement.

The facts surrounding Klayman's divorce petition are directly relevant to the Defendants' defense of Klayman's breach of contract claim, and to the proof of Judicial Watch's counterclaim for violations of the Lanham Act. While such information was previously subject to an Order of Seal limiting Ms. Deluca's right to testify, this limitation no longer exists. In light of the Orders issued by the Circuit Court of Fairfax County, Virginia, no reason exists to continue limiting the scope of Ms. Deluca's deposition. (Ex. 1.) On the contrary, declining to lift the limitations imposed by the May 9, 2008, Minute Order will severely prejudice Defendants' ability to defend themselves and to prove up the counterclaims. Moreover, the express language of this Court's several orders acknowledge that the basis for limiting the deposition is the Order of Seal.

Finally, no prejudice will befall Klayman as there is already in place a Protective Order limiting the use of any discovery information to the strict purposes of this litigation. (DE 83, 84.) Should Klayman deem it necessary to seek further protective measures, this Court has reminded him on several occasions that he must file a motion demonstrating entitlement to such measures. Having failed to do so, Klayman tacitly concedes that the existing Protective Order is sufficient.

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that the Court GRANT this Motion and remove all limitations imposed on the deposition of Stephanie Deluca.

Respectfully submitted,

/s/

_____

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Viginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: July 10, 2008

## REQUEST FOR SHORTENED BRIEFING SCHEDULE

Pursuant to this Court's July 7, 2008, Order, the deposition of Stephanie Deluca is scheduled to occur on July 23, 2008. Ms. Deluca has confirmed her availability for a deposition on that date. Moreover, in light of Plaintiff's vacation schedule and the other depositions scheduled in this case, a delay in ruling on this Motion will work a hardship on the Defendants and, most likely, postpone the deposition beyond the discovery period.

Therefore, Defendants request that the Court impose a shortened briefing schedule for this Motion to facilitate timely adjudication.

/s/

_____

Richard W. Driscoll

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July 2008, a copy of the foregoing Motion was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/

_____

Richard W. Driscoll