IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN, et al.,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>  Defendants. | Civil Action No. 06-0670 (CKK)(AK) |

## PLAINTIFF'S OPPOSITION TO MEMORANDUM ORDER OF JULY 1 OF MAGISTRATE JUDGE

Plaintiff, Larry Klayman, hereby objects to the Magistrate-Judge's Order of July 1, 2008, as it contains errors of fact and law and is arbitrary and capricious. As grounds therefore, Plaintiff would show:

1. The record is clear that Plaintiff has been truthful to the court. He did desire legal representation at his deposition and Defendants obstructed his obtaining knowledge about the true insurance carrier in question which would be able to provide this counsel and then interfered in the insurance company's decision to grant him coverage. In addition, Plaintiff had expected co-counsel to defend him at the time, but co-counsel proved unavailable.

2. Plaintiff should thus not be sanctioned for asking that the deposition be postponed, and it obviously did not cost Defendants – and there are no underlying evidence suggesting that this occurred other than a conclusory affidavit - $1,036.00 in any event. This figure, even if the result of the Magistrate-Judge's arbitrary reduction, is grossly inflated based on common sense and reasonable legal practice.

3. Any sanctions levied against Plaintiff for the deposition of Philip Sheldon and Diener Consultants are unwarranted, as Plaintiff moved to quash when it appeared Judge Kotelly had not yet had the chance to rule on his objections to this deposition. As pointed out at the hearing on this matter, Plaintiff's motions in this court and the Eastern District of Pennsylvania were reasonable and called for. Thus, no sanctions should flow from this. Once Judge Kotelly ruled, Sheldon was ultimately deposed. And it belies logic that Defendants expended what they speciously claimed to have expended to simply postpone a deposition and unbook the room at the hotel, three days in advance of the then scheduled deposition. No proof that Defendants could not cancel the room this far in advance, or proof of actual payment was ever presented – again for obvious reasons. Defendants cancelled the deposition on their own; Plaintiff never interfered in the deposition despite the motions which he filed.

4. The sanctions imposed for Plaintiff's objecting to the overly broad and largely irrelevant discovery concerning the Defendants' supplemental document requests

2

is not worthy of sanctions. Plaintiff was merely asserting his rights. Indeed, Defendants have failed to produce similar documents to Plaintiff, without bothering to explain why what is good for the goose is not good for the gander, and thus seeking a protective order.

5. Finally, Plaintiff, in his pleadings leading up to the entry of the protective order which he contends requires filing confidentially designated documents under seal – so as not to defeat the purpose of the protective order -- did advocate for sealing financial and donor information. The Magistrate-Judge's findings in this regard are incorrect as a matter of fact and law.

For all of these reasons, these objections should respectfully be sustained and in the event any award of monetary sanctions is considered, there should be an evidentiary hearing, as what is claimed is simply not believable or reasonably appropriate and there is not sufficient backup documentation to justify the claimed charges, which common sense and professional practice would strongly suggest are specious if not manufactured.

Respectfully submitted,

s/Larry Klayman_____
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091

3

                                            Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July 2008, a true copy of the foregoing Plaintiff's Opposition to Memorandum Order of July 1, 2008 of Magistrate Judge was served via electronic means to:

        Richard W. Driscoll, Esquire
        Driscoll & Seltzer, PLLC
        600 Cameron Street
        Alexandria, VA 22314

                                  By: s/Larry Klayman
                                  Larry Klayman, Esq.
                                  D.C. Bar No.: 334581
                                  3415 SW 24th Street
                                  Miami, FL 33145
                                  Tel: 305-447-1091
                                  Fax: 305-447-1548