IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-00670 (CKK/AK) |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMOVE
LIMITATIONS IMPOSED BY THE MAY 9, 2008, MINUTE ORDER**

  Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, ("Movants"), by undersigned counsel, hereby submit this Reply in Support of their Motion to remove limitations imposed on the deposition of Stephanie Deluca by this Court's May 9, 2008, Minute Order, and respectfully state as follows:

**ARGUMENT**

  Klayman opposes this Motion on two grounds: (1) that Defendants seek to depose Ms. Deluca for the tactical reason of invading his privacy and embarrassing him; and (2) that the Orders lifting the seal on his divorce file are "based on misrepresented facts". Neither contention is supported by any facts and amounts to mere conjecture by Klayman.

  The relevance of information that may be discovered from Ms. Deluca is fully described in this Motion, as well as others. The relevance of the discovery was also previously recognized by both Judge Kollar-Kotelly and by Magistrate Judge Kay. Klayman's concern that certain information may be embarrassing to him is no reason to block the discovery. Defendants have a legitimate need for the information and are

entitled to inquire of Ms. Deluca regarding relevant topics.  Klayman has had ample opportunity to seek additional protection, but has failed to do so.  In light of the Orders lifting the seal previously placed on the divorce file, there is no reason to restrict Defendants from inquiring about the divorce pleadings and other related topics.

Limiting his argument to unsupported accusations of a general nature, Klayman contends that the Orders lifting seal could only be procured by misrepresentation of facts.  However, Klayman fails to identify or explain a single fact that, in his view, was misrepresented.  Moreover, Klayman provides no evidence of any alleged misrepresentation.  Defendants promptly provided copies of all motion papers filed in the Fairfax County Circuit Court by mail, fax and email.  Yet, Klayman does not submit any portion of these papers as evidence of the alleged misrepresentation.  Furthermore, although Klayman did not attend the hearing on the Motion to Lift Seal,[1] he is somehow able to divine that "Judge Maxwell thus apparently unsealed the record in a vacuum, based on misrepresented facts." (Pl's Opp. at 2.)  Such unsupported assertions are mere argument without evidence and more appropriately characterized as a guess.  Significantly, the relevant Orders are all available to the Court.  This Court may independently review the language of the Orders and draw its own conclusions regarding the restrictions.  Having already acknowledged that the information sought is relevant; Rule 26 permits Defendants to conduct the discovery now that the Order of Seal no longer applies.

---

[1] At Klayman's request, Defendants voluntarily postponed the hearing twice.  The second postponement was based on an agreement between the parties that required Klayman to appear on June 27, 2008.  Notwithstanding this agreement, Klayman failed to appear as reflected by Judge Maxwell's notation above Klayman's signature line.

Klayman's Opposition is also styled as a cross-motion for sanctions. This request for sanctions is ambiguous, but may be based on his arguments in opposition to the Motion. Defendants find it difficult to respond to Klayman's Motion, but point out that an extremely cautious approach was taken to lift the seal and seek this Court's removal of the deposition restrictions. It is not as if Defendants devised a scheme to grant themselves the relief requested herein, something Klayman has done over and over. However, should the Court deem Klayman's request as having merit, Defendants request an opportunity to fully brief the matter.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, and for those set forth in the Motion, Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher Farrell respectfully request that this Court GRANT this Motion and remove the restrictions placed on the deposition of Stephanie Deluca in the May 9, 2008 Minute Order. Further, Defendants request that this Court DENY Klayman's unspecified request for sanctions.

    Respectfully submitted,

    //s//

    Richard W. Driscoll (436471)
    Juli Haller Simonyi (466921)
    DRISCOLL & SELTZER, PLLC
    600 Cameron Street
    Alexandria, Virginia 22314
    703.340.1625 Telephone
    703.997.4892 Facsimile
    rdriscoll@driscollseltzer.com
    jhaller@driscollseltzer.com
    *Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: July 18, 2008

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July 2008, a copy of the foregoing Reply Memorandum was served on all parties through the Court's ECF filing system.

//s//
_____
Juli Haller Simonyi