UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**JUDICIAL WATCH, INC.,** *et al.*,<br><br>　　Defendants. | Civil Action No. 06-670 (CKK)(AK) |

## MEMORANDUM ORDER

Pending before the Court are Defendants' Motion to Remove Limitations Imposed by the May 9, 2008 Minute Order on the Deposition of Stephanie Deluca [201], Plaintiff's Opposition[1] [204], and Defendants' Reply [205]. Defendants' Motion concerns the scope of their deposition of Stephanie Deluca, Mr. Klayman's ex-wife, which is set to take place on July 23, 2008.

On November 2, 2007, Defendants served Mr. Klayman with their Supplemental Request for Production of Documents. Document Request No. 17 directed Mr. Klayman to produce "[a]ny and all documents filed in [his] divorce proceedings with Stephanie Luck Klayman, regardless of the jurisdiction." (Def.'s Mem. in Supp. Mot. to Compel [106-2], at 19.) Mr. Klayman "object[ed] to this request on the ground that it seeks the disclosure of documents that are under seal, are irrelevant to the subject matter of this litigation, the irrelevant production of which would be burdensome and harassing and subject to privilege." (*Id*. 19-20.) Defendants

---

[1] Plaintiff's Opposition also purports to be a cross-motion for sanctions. (Pl.'s Opp'n 1.) The Court agrees with Defendants that "[t]his request for sanctions is ambiguous" (Def.'s Reply 3) because it fails to specify the basis for sanctions. If Plaintiff believes that Defendants have engaged in sanctionable conduct, he must file a separate motion for sanctions.

then moved to compel him to produce responsive documents.

On March 12, 2008, this Court denied Defendants' Motion to Compel with respect to Document Request No. 17. (Mem. Order [117], at 9.) Specifically, this Court stated: "Even assuming that Ms. Klayman possesses information that bears on the merits of this case, the Court finds that Defendants have not made a sufficient showing that the sealed proceedings of Klayman's divorce contain documents that are reasonably calculated to lead to the discovery of admissible evidence . . . ." (*Id*.) Defendants filed an objection to this Court's decision. (Def.'s Objections [124], at 1.) While this objection was pending, Mr. Klayman moved to quash the deposition subpoena that Defendants served on Ms. Deluca. (Mot. to Quash [156].) This Court denied the motion and ordered that the deposition proceed, but issued the following Minute Order regarding the scope of her deposition:

> Defendants may not inquire about documents that are the subject of this Court's March 12 order denying-in-part Defendants' Motion to Compel, which is currently on appeal before Judge Kollar-Kotelly. Should Judge Kollar-Kotelly reverse this Court's ruling on this matter, Defendants may move to re-open Ms. DeLuca's deposition to inquire about the divorce documents.

(Minute Order dated 5/9/08.) Mr. Klayman objected to this Court's denial of his Motion to Quash. (Pl.'s Objections [172].)

On May 12, 2008, Judge Kollar-Kotelly overruled Defendants' objection to this Court's ruling with respect to Document Request No. 17. (Order [167], at 9.) In so doing, Judge Kollar-Kotelly noted:

> Based on the record before the Court at this time, it does not appear that Defendants have pursued other avenues that may be open to them for obtaining the information they claim is contained in Plaintiff Klayman's sealed divorce documents. Specifically, Defendants do not appear to have moved to have specific records unsealed by the court that sealed them in connection with

> Plaintiff's divorce before moving this Court to compel the production of those documents (and thus essentially requesting that this Court unseal documents placed under seal by another court).

(*Id*. 8-9.) On May 28, 2008, Judge Kollar-Kotelly also overruled Mr. Klayman's objection to this Court's ruling with respect to his Motion to Quash. (Order [185].) However, Judge Kollar-Kotelly noted that in light of this Court's May 9 Minute Order, Defendants were precluded from inquiring into sealed divorce documents during Ms. Deluca's deposition. (*Id*. 6.)

Defendants ultimately sought to have Mr. Klayman's divorce documents unsealed.[2] On June 27, 2008, Judge Charles J. Maxfield of the Circuit Court for Fairfax County, Virigina issued Orders lifting the seal in two cases involving Mr. Klayman and Ms. Deluca. (Ex. 1 to Def.'s Mot [201-2].) Judge Maxfield ordered that Defendants and their attorneys would be permitted to review and make copies of the files in those cases for use in the instant litigation. (*Id*.) In light of these Orders, Defendants now ask this Court to revisit the limitations that it imposed on the scope of Ms. Deluca's deposition.

This Court's earlier rulings regarding the Document Request No. 17 and the scope of Ms. Deluca's deposition were grounded in a concern for Ms. Deluca's privacy and a respect for the seal imposed by the court in Fairfax County. The seal having been lifted by Judge Maxwell, the Court sees no reason why relevant documents in the divorce files cannot be the subject of questions posed to Ms. Deluca at her deposition. Therefore it is the it is this  18th  day of July, 2008, hereby

---

[2] Mr. Klayman argues that Defendants made misrepresentations to the court in Fairfax County regarding this Court's orders in an attempt to unseal the divorce records. (Pl.'s Oppn 2.) He accuses Judge Maxwell of potentially ignoring one of Mr. Klayman's pleadings and asserts that Judge Maxwell "unsealed the record in a vacuum, based on misrepresented facts." (*Id*.) However, Mr. Klayman provides no support for these serious allegations that he has levied against members of the Bar and a state court judge. Moreover, these claims have no bearing on the question currently before the Court.

**ORDERED** that Defendants' Motion to Remove Limitations Imposed by the May 9, 2008 Minute Order on the Deposition of Stephanie Deluca [201] is **granted**. Defendants may ask questions at Ms. Deluca's deposition regarding documents that were unsealed by the Circuit Court for Fairfax County.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE