IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDICIAL WATCH, INC., et al.,**<br><br>Defendants. | Civil Action No.  06-670 (CKK)(AK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO REMOVE LIMITATIONS IMPOSED BY THE MAY 9, 2008, MINUTE  ORDER ON THE DEPOSITION OF STEPHANIE DELUCA AND CROSS MOTION FOR SANCTIONS**

Plaintiff's response to the above styled motion can be brief and succinct. After hearing argument from Defendants that all they sought with regard to the deposition of Mrs. Stephanie DeLuca, Plaintiff's former wife, was to inquire about events which were allegedly discussed during a conversation in the Spring of 2003, before Larry Klayman signed a severance agreement and left Judicial Watch to run for the U.S. Senate in Florida, the Court ruled that this was the allowed area of inquiry.   This rationale for the deposition of Ms.  DeLuca, which was accepted by the court, arose because Plaintiff moved to quash the deposition on the grounds that it invaded the privacy of the Klayman family and was being pursued for tactical purposes.  As a result, Judge Kotelly unequivocally ordered that the divorce documents were off limits and irrelevant in any event, as the only relevant issue was what was revealed by Mr. Klayman during the

alleged conversation. It was clear in this order (Memorandum Order 117) that Judge Kotelly was not opening the door for Defendants to attempt to unseal the divorce proceedings. She ruled "Defendants may depose Mrs. DeLuca but, in so doing, may not inquire into the sealed documents from Plaintiff's divorce."

Not to be deterred by a clear court order, Defendants, for tactical value and to try to invade the privacy and harm Plaintiff and his family, moved the Fairfax court anyway to unseal the record. In so doing, they misrepresented this court's orders, prompting Plaintiff to file the attached pleading.

Plaintiff could not attend the hearing that day due to his wife's illness, and relied on his pleading which Judge Maxwell may have never read. Mrs. DeLuca's attorney, who was bound by the agreement to seal contained in the marital agreement, happily rolled over and said nothing since Mrs. DeLuca is now in contentious custody litigation over Mr. Klayman's young children, Isabelle and Lance Klayman. Judge Maxwell thus apparently unsealed the record in a vacuum, based on misrepresented facts. Plaintiff is appealing this ruling, which in contrary to the divorce decree and incorporated marital agreement.

That Defendants would use the orders of this court – however misleadingly and uncandidly – to unseal the file in Fairfax County, in the face of Judge Kotelly's clear ruling is an affront to her and her authority. Its merits sanctions. In any event, Defendants, as Judge Kotelly ruled, Defendants should not be permitted to inquire into the divorce documents and this is particularly so until all appeals are exhausted.

2

            Respectfully submitted,

            s/Larry Klayman
            Larry Klayman, Esq.
            D.C. Bar No.: 334581
            3415 SW 24th Street
            Miami, FL 33145
            Tel: 305-447-1091
            Fax: 305-447-1548

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July 2008, a true copy of the foregoing copy of the Plaintiff's Opposition to Defendants' Motion to Remove Limitations Imposed by the May 9, 2008, Minute Order on the Deposition of Stephanie DeLuca and Cross Motion for Sanctions was served via electronic means to:

      Richard W. Driscoll, Esquire
      Driscoll & Seltzer, PLLC
      600 Cameron Street
      Alexandria, VA 22314

            By: s/Larry Klayman
            Larry Klayman, Esq.
            D.C. Bar No.: 334581
            3415 SW 24th Street
            Miami, FL 33145
            Tel: 305-447-1091
            Fax: 305-447-1548