IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 (CCK) |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM ORDER OF JULY 1, 2008 CONCERNING IMPOSITION OF MONETARY SANCTIONS AGAINST LARRY E. KLAYMAN**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, and Christopher J. Farrell, by counsel and pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Civil Rule 72.2, respectfully submit this opposition to Plaintiff's Opposition [sic] to Memorandum Order of July 1 of Magistrate Judge. As grounds, Defendants state as follows:

**MEMORANDUM OF LAW**

**I.     Introduction**

Counsel for the Defendants is confident that the Court does not require a recitation of the facts in connection with this filing, as they are well chronicled in the more than 200 docket entries. Briefly, on July 1, 2008, Magistrate Judge Alan Kay issued a well-reasoned and cogent ruling imposing monetary sanctions on Plaintiff Larry Klayman ("Klayman") for various discovery abuses. [D 199.] Among the sanctions awarded were the following amounts: $1,036 for 11.4 hours of compensable time related to Klayman's arbitrary cancelation of his March 14, 2008, deposition; $1,838 for 22.4 hours of compensable time related to Klayman's *de facto*

cancelation of the deposition *duces tecum* to Phillip Sheldon and Diener Consultants; and $2,704 for more than 30 hours related to Defendants' Motion to Compel Klayman to produce documents in response to the Supplemental Request for Production of Documents.

As with virtually every other discovery related ruling against him, Klayman now appeals Magistrate Judge Kay's July 1, 2008, Order imposing sanctions. However, Klayman's appeal refers this Court to no evidence or proof that supports his general assertions of error. Indeed, as with all other objections filed to delay this case, Klayman's current objections are woefully inadequate to satisfy the clearly defined standards governing a challenge of a magistrate judges' ruling. As such, the Court must overrule them in their entirety.

## II.      Argument

### A.      Legal Standard Governing Objections to Magistrate Orders

In the context of filing "objections" to a Magistrate's order, LCvR 72.2(c) permits the Court to modify or set aside any portion of the order "found to be clearly erroneous or contrary to law". This Court set forth the standard governing such motions in *Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp.2d 1 (D.D.C. 2006), in which it denied a motion for reconsideration of a discovery ruling made by Magistrate Kay:

> Local Civil Rule 72.2(b) states that "[a]ny party may request the judge to reconsider a magistrate judge's ruling under paragraph (a) by filing a motion to reconsider within 10 days[.]" Local Civil Rule 72.2(c) sets forth the basis for reconsideration, stating that "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") (emphasis original). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365, 68 S. Ct. 525, 92 L.

2

> Ed. 746 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001).
>
> Furthermore, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *United States v. Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Nor is it "a vehicle for presenting theories or arguments that could have been presented earlier," *id.* at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Prot. Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989). Indeed, "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

*Globalaw Ltd.*, 452 F. Supp.2d at 59-60.

Local Rule 72.2 also requires that a movant "shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." LCvR 72.2(b). Plaintiff's objections, which consist of five paragraphs containing generalizations and conclusory allegations, conspicuously lack any reference to authority demonstrating that Magistrate Kay's July 1, 2008, Order was erroneous in any respect. Plaintiff's unsupported opinions do not constitute legal authority establishing that the Magistrate clearly erred as a matter of fact or law.

### B.    Plaintiff's "Objections" are Meritless

Perusal of Klayman's objections in the context of the foregoing standard demonstrates that the objections lack merit and are merely interposed as a delay tactic. Not a single reference to contrary factual evidence or legal authority is set forth. In essence, Klayman asserts that the imposition of sanctions is wrong because he deems it to be so. Such an argument does not support sustaining his objections.

Contrary to Plaintiff's assertion, the record contains no evidence to show that Klayman was truthful regarding the cancelation of his March 14, 2008, deposition. Plaintiff was

3

generously provided with two opportunities to file an opposition to the Defendants' Motion for Sanctions. [D 199 at 3.] Klayman did not avail himself of either opportunity, essentially conceding the evidence set out in Defendants' Motion. Having failed to oppose the Motion before Magistrate Kay, Klayman waived his right to oppose sanctions. As to the general objection to the amount of sanctions, an expression of appreciation to the Court would be more appropriate considering that the total value of compensable time was already reduced by 50%. During the proceeding below, Klayman never objected to the amount that Defendants were seeking, only to the questions of whether sanctions were warranted. No legal authority exists to support Klayman's position, and none was cited below or in the current objections.

Klayman had ample opportunity to move to quash the March 31, 2008, deposition of Phillip Sheldon/Diener Consultants but chose to wait until one business day before the deposition to file companion motions in the Eastern District of Pennsylvania and the District of Columbia. Timing of the Motions was such that Defendants were not able to proceed with the deposition on the scheduled date. Essentially, Klayman timed the Motions to grant *de facto* relief. However, when the Motions to Quash were adjudicated on the merits, they were denied as having no basis. [D 137.] The Court's finding that the Motions to Quash were without merit is the law of the case. Once again, Klayman cites to no fact or legal authority to support his objections. Therefore, they must be overruled.

Finally, Klayman contends that he may not be sanctioned for refusing to produce[1] documents responsive to the Supplemental Request for Production of Documents because he was "merely asserting his rights". Plaintiff fails to recall that his obstreperous tactics forced

---

[1] Defendants note that while this Court's recent Order required Klayman to produce responsive documents on or before August 25, 2008, the date passed without a single document being produced. For the second time, Klayman has deliberately disobeyed this Court's clear Order.

4

Defendants to prepare multiple deficiency letters and file a lengthy motion to compel. Klayman also forgets the Scheduling and Procedures Order issued by the Court, which clearly states that where a discovery disputes results in a motion, the losing attorney "will be sanctioned." [D 38 at 3.] Plaintiff's position is not supported by any fact or law. As such, the objections should be immediately overruled.

### C. Plaintiff's Request for Sanctions is Meritless

Failing to cite to the record, or to any language in the Protective Order, Klayman appears to object to the Magistrate Judge's denial of his request for sanctions. At no point did Klayman ever direct the Court to language in the Protective Order that was not followed by the Defendants. *See* 12/03/07 Protective Order [D 83; D 85]. Without any legal support, Klayman appears to contend that because he argued for the protection of a seal at some point, such an obligation existed. This assertion requires no response.

### III. Conclusion

Klayman's Objections are completely without merit. The represent another circumstance of the Plaintiff abusing the Rules of this Court. Not one objection results in a "definite and firm conviction that a mistake has been committed." *Globalaw, Ltd.*, 452 F. Supp.2d at 59. Klayman's objections must be overruled.

5

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,
Thomas J. Fitton, Paul J. Orfanedes and
Christopher J. Farrell*

Dated: July 30, 2008