IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | (CCK) (AK) |
| JUDICIAL WATCH, INC., et al., | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY CERTAIN DISCOVERY PENDING FINAL ADJUDICATION OF PETITION FOR WRIT OF MANDAMUS

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel and pursuant to LCvR 7, hereby oppose the Motion to Stay Certain Discovery pending Final Adjudication of Petition for Writ of Mandamus filed by Plaintiff Larry E. Klayman ("Klayman").

INTRODUCTION

The background of this case is by now well-known to the Court. Although Klayman filed this case well over two (2) years ago, and although discovery closed on May 15, 2008, he still has yet to take one deposition and has devoted the totality of his efforts to obstructing Defendants' attempts to conduct normal discovery.[1] This Court need only review the Docket, which contains now over 200 entries, to understand Klayman's goal. Defendants attempt to

---

[1] On June 10, 2008, after the close of discovery, the Court Ordered the parties to submit a joint status report setting forth discovery remaining and a proposed discovery schedule for the completion of discovery. The parties submitted their own status reports and subsequently, Klayman requested a minimum of 8 depositions he sought to take outside of discovery.

pursue discovery and Klayman invokes every procedural tactic he can imagine to delay, regardless of whether the Rules actually allow for his filings.

Klayman filed a Writ of Mandamus, which is only available for extraordinary relief that the United States Court of Appeals for the D.C. Circuit promptly denied on or about July 25, 2008. There is no pending appeal to serve as a basis for a Stay of Discovery. *See* Fed. R. Civ. P. 62. Klayman, nevertheless, continues to claim some potential right of further appeal as a basis to stay the completion of discovery – the majority of discovery consists of discovery sought by Klayman that he requested permission to complete beyond the close of discovery. (*See* Court Order of 07 09 08, Document 200)

On July 9, 2008, after a Status Conference that all parties attended before the Court on June 19, 2008, the Court issued a Discovery Order addressing outstanding discovery issues and scheduling dates for discovery that remained after the close of discovery. (*See* Court Order of 07 09 08, Document 200). In said Order the Court set forth discovery that Klayman owed Defendants and the Court set dates for discovery Klayman sought to take. *See Id.*

Since the Court issued this Discovery Order, Defendants completed two depositions timely, the Otis Deposition and the DeLuca Depositions as Ordered. On July 9, 2008, the Court Ordered that Klayman produce said Documents, *pursuant to Klayman's Request for additional time*, **by July 25, 2008**, which actually means that Klayman could have produced responses earlier. (*See* Order of 03 12 08, Doc. 117; *see also* Court Orders, Doc. 167 and 200). To date, Klayman has failed to produce any documents in response to this portion of the Order.

The majority of the Discovery remaining is to be taken by Klayman or requires Klayman's affirmative action:

- Plaintiff deposes Thomas Fitton on August 18, 2008;

- Plaintiff deposes 30(b)(6) of Judicial Watch T.B.D.;
- Plaintiff deposes Paul Orfanedes August 19, 2008;
- Plaintiff deposes Christopher Farrell August 20, 2008;
- Plaintiff deposes Susan Prytherch August 14, 2008;
- Plaintiff deposes Jeffrey Lyons August 25, 2008;
- Plaintiff deposes Kathy Raffa August 14, 2008;
- Plaintiff deposes Janice Rorup August 20, 2008.
- Plaintiff represented that he will be able to provide Supplemental Responses to Defendants Requests for Production by July 25, 2008, which he has not done.

Defendants' Discovery
- Defendants deposed Maureen Otis July 22, 2008.
- Defendants deposed Stephanie Deluca July 23, 2008.
- Defendants [are to] depose Louise Benson July 14, 15, 16, or 17, 2008. Plaintiff to date has not made Ms. Benson's availability known to Defendants. Plaintiff notified Defendants that the dates set forth in the Order are not available.
- Defendants depose Larry Klayman (continuation) August 15, 2008;
- *By July 11, 2008*, John May, counsel for Mr. Durbin, shall ship copies of the withheld documents to Plaintiff for review;
- *By July 25, 2008*, Plaintiff shall prepare a privilege log that sets forth all documents that he believes are protected by the attorney-client privilege or work product doctrine and transmit the privilege log to Mr. May;
- *By July 29, 2008*, Mr. May shall produce to Defendants all previously-withheld documents that Plaintiff asserts are not protected along with the privilege log that Plaintiff prepares. Also by July 29, 2008, Mr. May shall provide the Court with the privilege log and copies of all documents that Plaintiff claims are protected.

*(See* Court Order 07 09 08, Document 200)

Having wasted the resources of this Court and that of the Defendants, prolonged this litigation by forcing three prior extensions of discovery and a *de facto* fourth extension for additional discovery through August 15, 2008; Klayman once again asks this Court to delay discovery. Instead of granting Klayman's unfounded request, this Court should force discovery to conclusion to prevent further prejudicing of Defendants' right to have a final determination on the merits.

Finally Klayman renewed motion to amend the Protective Order also flies in the face of this Court's prior Order, that set forth the burden required for Klayman to obtain a Seal, but

which certainly does not suffice as a basis for a Motion to Stay. (*See* Court Order of 05 19 08,

Document 178).

ARGUMENT

**A.    KLAYMAN'S REQUEST TO STAY THIS LITIGATION IS FOR THE PURPOSE OF DELAY AND FUNDRAISING WITH SIGNIFICANT PREJUDICE TO DEFENDANTS**

Relying solely on generalities and unsupported representations, Klayman after having

requested what constitutes a *de facto* fourth extension, nevertheless requests another Stay to

prevent the conclusion of discovery.  Klayman makes the outlandish statement that the granting

of a Stay of litigation brought by Klayman shall not prejudice any party.  Defendants oppose this

request due to the significant prejudice to Defendants from further delay.  In fact, to date, and at

the present, and throughout this litigation, Klayman continues to use this litigation to promote his

organizations against Judicial Watch, to "retake" Judicial Watch and to fund raise all to the harm

of Judicial Watch.  *See* savingjudicialwatch.org; *see also,* freedomwatchusa.org.  Discovery has

shown how much money Klayman has raised on behalf of Saving Judicial Watch once he filed

suit.[2]  The foregoing history proves one thing, that Klayman has no intention of concluding this

case at any time in the near future.  Additionally, individuals have been named by Klayman as

defendants who continue to be prejudiced by this pending litigation and who seek finality.

Klayman has delayed discovery now for over two years and has yet to take a deposition.

Klayman filed this litigation in this Court on April 12, 2006.  (*See* Pl.'s Compl.)  After filing this

case, Klayman also instigated litigation against Judicial Watch by Louise Benson in the Superior

Court for the District of Columbia.  In addition, Klayman filed litigation against Judicial Watch

---

2  In Defs.' Opp'n to Pl.'s 3rd Extension request, Defendants set forth a summary of monies earned by Saving Judicial Watch and the resulting prejudice to the Defendants from further delay of a completion of this action.  See Doc. 155, p. 5 filed 05/05/08.

and Thomas J. Fitton in Florida State court to pursue the statutory claim that was dismissed by this Court. Klayman next appeared as Counsel in *Peter Paul v. Judicial Watch, Orfanedes*. The U.S. District Court recently disqualified Klayman as Counsel for Peter Paul and now both, Peter Paul and Klayman, appealed to the Court of Appeals for the D.C. Circuit, further litigating against these individuals and creating new delays. (*See* 07-cv-279, United States District Court for the District of Columbia (RCL)). The burden of discovery that Klayman faces was simply brought about by his own actions.

**B. THE PENDING POSSIBLE APPEAL OF A WRIT OF MANDAMUS, WHICH WAS DENIED, IS NO REASON TO DELAY DISCOVERY, BUT STANDS AS A REASON TO COMPLETE DISCOVERY**

Even if the Court overlooks Klayman's dilatory tactics as a basis to deny the motion for a Stay, Klayman completely fails to meet the standard necessary to obtain a Stay. First and foremost, there is no pending Appeal as the Writ of Mandamus was denied. Plaintiff fails in his Motion to meet the legal standard to obtain a Stay. This Court has held that,

> In deciding whether to grant a stay pending appeal the Court must consider four factors:(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Ctr. for Int'l Envtl. Law v. Office of the United States Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (*citing Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (*citing Washington Metropolitan Area Transit Comm'n v. Holiday Tours*, Inc., 182 U.S. App. D.C. 220, 559 F.2d 841, 844 (D.C. Cir. 1977) ("Holiday Tours") (further citations omitted). On a motion for a stay, "it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Id.* (*citing Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d at 978; *see also Summers v. Howard Univ.*, 2002 U.S. App. LEXIS 21252, No. 02-7069, 2002 WL 31269623 (D.C. Cir. Oct. 10, 2002) (moving party must satisfy "stringent standards required for a stay pending appeal.")). The movant is not always required, however, to demonstrate a high probability of success on the merits. Instead, "probability of success is inversely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or vice versa."

*Id.* (*citing Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d at 974).

It is Klayman's "obligation to justify the court's exercise of such an extraordinary

remedy." *See Id.* Klayman fails to set forth any argument to show "a substantial case on

the merits." The Court denied Klayman's Writ of Mandamus, making any basis for a

Stay doubtful. (*See* Court Order in Case no. 08-5218 dated July 25, 2008 before Circuit

Judge Henderson, Circuit Judge Randolph and Circuit Judge Brown.) Further, since this

case is still ongoing, Klayman is procedurally limited with regard to a meritorious appeal

at this stage of litigation. *See* Fed. R. Civ. P. generally; *see also,* Circuit Rules, F.R.A.P.

generally. Klayman, however, makes no attempt to set forth why he has a legal basis for

a successful *en banc* review.

Even if Klayman files for *en banc* review while this Motion is pending, it does not

change the fact that he failed to meet the legal burden showing a likelihood of success.

The Court denied his Writ of Mandamus finding that, "[t]he extraordinary writ of

mandamus is not appropriate where, as here, Petitioner has adequate alternative remedies

still available in district court." *See* Court Order in Case no. 08-5218 dated July 25, 2008

(*citing Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

The Supreme Court explained in *Allied Chemical Corp.* that the policy behind the

rare exception to allowing a writ of mandamus or 'piecemeal appellate litigation,' as the

Court called it, is based on the authority issued by Congress. *See Id.* "It has been

Congress' determination since the Judiciary Act of 1789 that as a general rule appellate

review should be postponed until after final judgment has been rendered by the trial

court." *Id.* (*citing Id.* at 403). The fact is that Klayman's Appeal is not ripe for review

and Klayman has completely failed to make set forth why he would in fact be successful. His appeal contains a procedural defect upon which he will not likely succeed.

Further, Klayman simply has not met the burden to show any likelihood of irreparable harm. Klayman generally asserts a broad list of objections, without any specificity, as a basis for a Stay. This general assertion of various categories of objections fails to constitute a showing of an irreparable harm to justify this extraordinary relief. Defendants have substantially completed their discovery, with exceptions, and obtained records that Klayman has filed a myriad of motions to prevent. The Court has repeatedly denied Klayman's attempts to prevent Defendants from getting this discovery.

Moreover, the Protective Order in this case specifically limits Defendants' potential use of any discovery to the litigation herein – the very purpose for which Defendants seek discovery. Therefore, Klayman's Motion for a Stay fails to explain why, in the face of this Order, is "irreparable harm imminent." Plaintiff has simply failed to meet his legal burden for this relief that the Court has called extraordinary relief.

Further Klayman's assertion that he renewed his motion to amend the protective order fails to express how that motion supports his argument herein for a Stay of all discovery pending a possible *en banc* appeal.

A "Stay" effectively stops Klayman from deposing Defendants' witnesses, which Klayman requested permission to take beyond the close of discovery.

WHEREFORE, Defendants respectfully requests that the Court DENY Klayman's Motion and compel the parties to complete discovery without delay.

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes, and*
*Christopher J. Farrell*

Dated: July 30, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July 2008, a copy of the foregoing Opposition and proposed Order were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/

_____
Juli Haller Simonyi