IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 (CCK/AK) |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [D 208]**

  Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes, and Christopher J. Farrell (collectively "Judicial Watch"), by counsel, hereby oppose Plaintiff's Motion for Sanctions. As grounds, Defendants state as follows:

**I.** **Introduction**

  Plaintiff Larry Klayman ("Klayman") filed a motion for sanctions against Defendants for misleading the Fairfax County Circuit Court regarding the Orders of this Court. Klayman's Motion further muses that Fairfax County Circuit Judge Maxwell "may have never read" the opposition he filed with that court. Despite the serious nature of these allegations, not a scintilla of evidence is submitted by Klayman to support the Motion. Judicial Watch and their counsel find it difficult to rebut these generalized and unsupported allegations, but point out that Klayman has failed to meet any standard for sanctions. Accordingly, the Court must deny Klayman's Motion.

**II.** **Argument**

  **A.** **Legal Standard**

  This Court's authority to impose sanctions for pleadings that are not filed in good faith is

normally found in Rule 11 of the Federal Rules of Civil Procedure. However, Klayman did not invoke Rule 11 and appears to be moving for sanctions pursuant to the Court's inherent authority. Regarding the inherent power to impose sanctions, this Court previously stated:

> When the Federal Rules of Civil Procedure do not provide courts with sufficient authority to protect the integrity of the judicial system and prevent abuses of the judicial process, courts have the inherent power to impose sanctions for abusive litigation practices undertaken in bad faith. *See Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d at 1472; *Young v. Office of the U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 65 (D.D.C. 2003). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386 (1962)). However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44, 111 S.Ct. 2123 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455 (1980)).
>
> "The inherent power encompasses the power to sanction attorney or party misconduct, and includes the power to enter a default judgment." *Shepherd*, 62 F.3d at 1475 (citations omitted). Pursuant to the Court's inherent power, the Court may also enter a variety of sanctions, including fines, awards of attorneys' fees and expenses, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence. *Id*. (citing Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 28(A) (2d ed. 1994)).

*Atkins v. Fischer*, 232 F.R.D. 116, 127-128 (D.D.C. 2005). Klayman's bald assertions do not provide the basis for this Court to exercise its inherent power.

   B.   <u>**Sanctions are not Warranted**</u>

Simply stated, Klayman makes no factual or legal showing that warrants an award of sanctions. No effort was made to identify an alleged misrepresentation to the Fairfax County Circuit Court, nor was there any effort to explain how Klayman came to understand that Judge Maxwell did not consider his arguments. The explanation for these deficiencies is that there are

2

no facts on which an award of sanctions could be made because Defendants have conducted themselves appropriately throughout the effort to obtain discovery. In addition, Klayman does not explain why, or under what authority, he is entitled to move for sanctions in this Court regarding alleged conduct in another court.

**III.    Conclusion**

Klayman's Motion for Sanctions is completely void of any basis and must be DENIED. The Motion can only be interpreted as an effort to delay this litigation, harass the Defendants and needlessly increase the cost of litigation.

Respectfully submitted,

/s/

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: July 31, 2008