**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LARRY KLAYMAN,** | |
| Plaintiff, | |
| v. | Civil Action No.  06-670 (CKK) (JF) |
| **JUDICIAL WATCH, INC.** | |
| Defendants. | |

**MOTION TO REASSIGN CASE TO MAGISTRATE JUDGE FACCIOLA ON
DISCOVERY AND RELATED ISSUES.**

Plaintiff, Larry Klayman, moves this honorable court for an order by the court

reassigning this case for discovery and other appropriate pretrial issues to Magistrate

Judge John Facciola, without making any aspersions concerning Magistrate Judge Kay,

who Plaintiff holds in high regard and respect. As grounds therefore Plaintiff would

show:

1. The record in this case, developed in motion practice and otherwise, regrettably

   shows that Magistrate Judge Alan Kay has taken sides in favor of Defendants and

   not meted out decisions on a reasonable basis equally to each side. Plaintiff has

   lost confidence in his rulings.

2.  For example, Plaintiff has suffered a number of tragedies in the last months,

including the slow death of his mother and the serious illness of his wife; yet

Magistrate Judge Kay has expressed skepticism and stated or implied that Larry

Klayman has not been straightforward with the court. While Defendants have

obtained documents surreptitiously from third parties, while motions to quash

were pending, not provided  timely discovery documents from  third parties to

Plaintiffs, harassed witnesses like terminally ill David Durbin, Plaintiff's counsel,

made misrepresentations on the record, not provided insurance information timely

so Plaintiff could obtain a defense concerning the counterclaims lodged by

Defendants, sought to protect his family from invasion of privacy when

Defendants sought to use divorce records the court has already ruled were off

limits, and then denied a "modification of the protective order (Plaintiff's position

was that the modification was unnecessary and that filing under seal was implicit

in the prior order given the confidentiality provisions and the uncontroverted fact

that Defendants themselves had moved and proposed a sealing provision) that

would at least allow for the documents to be filed under seal (the Magistrate

Judge's rulings professed sympathy with privacy considerations of Plaintiff's

former wife, but not him or his children), attacked Plaintiff for harmlessly opining

that perhaps the divorce court judge who unsealed he record had not read the

record and seen that the parties agreed to seal when Plaintiff could not attend the

hearing because of the illness of his wife,  made rulings which failed to take  into

account the overly broad document requests of Defendants and ordered

unnecessary and overly burdensome production, and recently ruled that Plaintiff's

privilege log was insufficient, when in fact it was and more detailed than the one

submitted by Defendants, the Magistrate Judge has failed to hold Defendants "feet

to the fire."

3. Plaintiff has been sanctioned in this case but Defendants misconduct has gotten

off scot free.

4. Plaintiff is a strong advocate, but lacks the resources of Defendants, having left

then with about $20 million dollars in liquid and semi-liquid assets. He also lacks

the insurance defense that is defending Defendants and paying for their fees and

costs. This helps explain why settlement discussions have not proved successful,

as Defendants have no incentive to consider a reasonable accommodation

beneficial for all parties. Defense counsel has told Plaintiff that "this case has

been very good for his firm."

5. Plaintiff appreciates the work and ethical standards of Magistrate Judge Kay; he

just believes that he has lost objectivity in this case, believing incorrectly that

Plaintiff has been attempting to delay. The opposite is true. Plaintiff is doing the

best he can in the wake of a series of tragedies and personal challenges and the

death of his mother from Alzheimer's, with far fewer resources and at a distance

from the District of Columbia. Following the death of his mother, Plaintiff's wife

was hospitalized and is now convalescing, requiring much attention.

6.  Plaintiff is filing a petition for rehearing en banc of his mandamus petition before

the D.C. Circuit. In the interim, Plaintiff respectfully requests that this matter be

reassigned to Magistrate Judge Facciola, who already has involvement in this case

concerning the prior settlement discussions, which Defendants rejected  --

Plaintiff believes because it wants to wage a "war of attrition" with far greater

resources.

Respectfully submitted,

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.:  334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August 2008, a true copy of the foregoing

copy of the Motion to Reassign Case to Magistrate Judge Facciola on Discovery and

Related Issues was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC

4

600 Cameron Street
Alexandria, VA 22314

By:  s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.:  334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548