IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *ET AL.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:06-CV-00670 |
| | Honorable Colleen Kollar-Kotelly |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**DEFENDANTS' SUPPLEMENTAL
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, by undersigned counsel and pursuant to Fed. Rule of Civ. Pro. 34, hereby serve the following Supplemental Request for Production of Documents on Plaintiff Larry Klayman and request that the Plaintiff produce the following described documents and/or things within thirty (30) days after service of this Request.

This Request is continuing in nature pursuant to Fed. Rule of Civ. Pro. 26(e) (2) so as to require you to file amended and/or supplemental answers if you learn that any prior answer is in some material respect incomplete or incorrect.

**DEFINITIONS AND INSTRUCTIONS**

1.      If you claim any privilege, immunity or qualified immunity with respect to any response, the following is requested for such information: (a) identify the privilege, immunity or qualified immunity and state the basis on which it is claimed; (b) identify each document for which you claim any privilege, immunity or qualified immunity, including, the author(s), addressee(s), recipient(s), carbon and/or blind copy recipient(s), document date and subject matter thereof; and (c) identify each attachment to each

document.

2.  If the original of any document has been destroyed or lost, or is no longer in your possession, set forth the contents of the document, the location of any copies of the document, the date the document was destroyed, lost or surrendered, and, if destroyed, the identity of the person authorizing the destruction, and the identity of the last known custodian of the document prior to its destruction.

3.  "Plaintiff," "you," and "your" shall mean Plaintiff Larry Klayman.

4.  "Person" means any individual or natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, or local government agency, office, bureau, department, or entity.

5.  "Litigation" shall refer to the time, place and circumstances mentioned or complained of in this action.

6.  "Document" means every form in which information is kept in your possession, custody or control, whether prepared by you or by any other person. "Document" includes all writings (whether handwritten, typed, printed, copy, draft, stenographic, or other form), drawings, microfilm, microfiche, graphs, charts, photographs, recordings, films, videotapes, audiotapes, electronically stored data, electronic mail messages, or other data compilations.

7.  "Identify," when used in reference to an individual, means to state the full name, present or last known business address and telephone numbers (or, if a business address or telephone number are unknown, the person's home address and telephone number), and present or last known occupation, employer, job title and description.

8.  "Identify," when used in reference to a document, means to state the type

of document, its date, the identity of its author(s) and recipient(s), and any title and reference or bates number appearing on the document, the identity of its present custodian, its present location, and a brief description of its subject matter. If such a document was, but no longer is, in your possession, custody or control, please state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred to others, or (4) has been otherwise disposed of.

9. "Judicial Watch" shall mean Defendant Judicial Watch, Inc.

10. "Building" shall mean the building at 501 School Street, S.W., Washington, D.C.

11. "Severance Agreement" shall mean the September 19, 2003 Confidential Severance Agreement.

12. "Severance Date" shall mean September 19, 2003.

13. "Direct Mailers" shall include Diener Consultants, Inc., Response Unlimited, CMLC, Inc., American Target Advertising, Inc., American Mailing Lists and any other entity providing direct mail services to you and/or any entity in which you are a principal.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   For the period of May 1, 2003 to the present, any and all contracts and/or agreements and/or purchase orders entered into, by and between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 2:   For the period of May 1, 2003 to the present, any and all communications between the Direct Mailers and you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to

any direct mail campaign or other fundraising campaigns.

REQUEST NO. 3:   For the period of May 1, 2003 to the present, any and all internal communications concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 4:   For the period of May 1, 2003 to the present, any and all communications with third parties concerning or relating to services provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 5:   For the period of May 1, 2003 to the present, any and all documents concerning, relating to, or reflecting "list selects," "special selects," or criteria for selecting individuals or lists of individuals to whom direct mail solicitations were sent on your behalf or on behalf of any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 6:   For the period of May 1, 2003 to the present, any and all documents concerning or relating to any list orders, including but not limited to internal or in-house lists orders or orders for the "Viguerie Master File," "Viguerie Combined Master File," or similar, in-house master list, for any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 7:   For the period of May 1, 2003 to the present, any and all bills and/or invoices for services performed by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 8:   For the period of May 1, 2003 to the present, any and all documents, records, or other data concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a

principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns. Documents include, but are not limited to, mail code data identifying the list from which respondents' names were generated.

REQUEST NO. 9: For the period of May 1, 2003 to the present, any and all reports, analyses or accountings of the results of any direct mail campaign or other fundraising campaigns provided by the Direct Mailers for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 10: For the period of May 1, 2003 to the present, any and all other documents concerning or relating to any direct mail campaign or other fundraising campaigns conducted for you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; or (4) any other entity or organization associated or affiliated with you concerning or relating to any direct mail campaign or other fundraising campaigns.

REQUEST NO. 11: Any and all documents relating to Denise Underberg Golden, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

REQUEST NO. 12: Any and all documents relating to Rebecca L. Eddy, including, but not limited to photographs, emails, letters, notes, memoranda, pleadings, etc.

REQUEST NO. 13: For the period 2001 to the present, any and all documents relating to all debts, current and/or delinquent alleged to be owed by you, or any entity in which you are/were a principal, including but not limited to, (1) your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman;" (2) Freedom Watch, Inc.; (3) Saving Judicial Watch; (4) Klayman & Associates, P.C.; or (5) The Klayman Law Firm. Documents include, but are not limited to, correspondence, emails, invoices, bills, statements, pleadings, liens, payments, etc.

REQUEST NO. 14: Any and all documents that support your assertion that you do not owe any debt to Judicial Watch.

REQUEST NO. 15: Any and all of your credit reports for the period September 20, 2003 to the present.

REQUEST NO. 16: Each of the pleadings you allege to be "false and frivolous" in paragraph 66(G) of the Second Amended Complaint.

5

REQUEST NO. 17: Any and all documents filed in your divorce proceedings with Stephanie Luck Klayman, regardless of the jurisdiction.

REQUEST NO. 18: All corporate formation documents for Klayman & Associates, P.C., including, but not limited to, articles of incorporation, minutes of special and annual meetings, bylaws, rules, etc.

REQUEST NO. 19: Any and all documents relating to direct mailing and/or solicitation for donations to your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman".

REQUEST NO. 20: Any and all documents relating to confusion on the part of donors/supporters of your 2004 U.S. Senate campaign, a/k/a "Friends of Larry Klayman" who are alleged to have donated to Judicial Watch instead of your campaign as a result of the October 2003 newsletter referred to in your Second Amended Complaint.

REQUEST NO. 21: Any and all endorsement contracts and/or documents relating to payments to you for use of your name and/or likeness.

REQUEST NO. 22: Any and all endorsement contracts and/or documents relating to payments to you for personal appearances for the period September 20, 2003 through December 31, 2003.

REQUEST NO. 23: Any and all documents relating to results for each direct mail and/or advertising campaign by "Saving Judicial Watch," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

REQUEST NO. 24: The general ledger or check ledger for "Saving Judicial Watch."

REQUEST NO. 25: Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Saving Judicial Watch."

REQUEST NO. 26: All tax returns, financial statements, and other financial records regarding "Saving Judicial Watch."

REQUEST NO. 27: Any and all documents relating to results for each direct mail and/or advertising campaign by "Freedom Watch, Inc.," including, but not limited to, gross and net income, and with respect to direct mail, the number of pieces mailed, response rates, etc.

REQUEST NO. 28: The general ledger or check ledger for "Freedom Watch, Inc."

REQUEST NO. 29: Any and all documents relating to the bank and deposit/withdraw statements for all accounts used by "Freedom Watch, Inc."

REQUEST NO. 30:  All tax returns, financial statements, and other financial records regarding "Freedom Watch, Inc."

REQUEST NO. 31:  Any and all documents relating to the calculation of your damages.

REQUEST NO. 32:  Any and all documents that demonstrate you have been harmed as a result of the remaining allegations in your Second Amended Complaint.

REQUEST NO. 33:  An executed original of the attached release authorization for your consumer credit history.  (*See* attached authorization).

REQUEST NO. 34:  Any and all documents between you and Sandra Cobas that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 35:  Any and all documents between you and Genifer Flowers that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 36:  Any and all documents between you and Stephanie Luck Klayman that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 37:  Any and all documents between you and Peter Paul that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 38:  Any and all documents between you and Louise Benson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 39:  Any and all documents between you and Russ Verney that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 40:  Any and all documents between you and Mike Pendleton that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 41:  Any and all documents between you and Jane Chastain that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 42:   Any and all documents between you and John Vincent that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 43:   Any and all documents between you and Connie Ruffley that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 44:   Any and all documents between you and Robert Wolpe that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 45:   Any and all documents between you and Janice Rorup that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 46:   Any and all documents between you and Anonymous (referenced in your Initial Disclosures under No. 13) that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 47:   Any and all documents between you and Stuart Pechner that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 48:   Any and all documents between you and Robert Stuber that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 49:   Any and all documents between you and Steve Wilson that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 50:   Any and all documents between you and Geoff Lyons that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 51:   Any and all documents between you and Irene Garcia that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 52:   Any and all documents between you and Robert G. Mills a/k/a Greg Mills that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 53: Any and all documents between you and Genevieve Wood that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 54: Any and all documents between you and Sterling Norris that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 55: Any and all documents between you and Raymond A. Reiser, Esquire of the Florida Bar that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 56: Any and all documents between you and David Barmak, Esquire that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 57: Any and all documents between you and/or any of your representatives and Defendants and/or any of their representatives that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 58: Any and all documents between you and any representative of CCA of Boston, Massachusetts that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 59: Any and all documents between you and Strategic One that relate to Judicial Watch or any of the other defendants in this Litigation, including, but not limited to, correspondence, email communications, pleadings, notes, memoranda, etc.

REQUEST NO. 60: Any and all documents relating to allegedly false statements made to Judicial Watch employees as set forth in paragraph 154 of your Second Amended Complaint.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
Email: jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch,
Inc., Thomas J. Fitton, Paul J. Orfanedes
and Christopher J. Farrell*

Dated: November 2, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November 2007, a true copy of the foregoing Supplemental Request for Production of Documents was sent via facsimile and first class mail, postage prepaid, to:

>Daniel J. Dugan, Esquire
>Spector, Gadon & Rosen, P.C.
>Seven Penn Center
>1635 Market Street, 7th Floor
>Philadelphia, PA 19103

/s/
_____
Richard W. Driscoll