IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                         |   |                                              |
|-----------------------------------------|---|----------------------------------------------|
| LARRY KLAYMAN, *ET AL*.                 |   |                                              |
|                                         |   |                                              |
| Plaintiffs,                             |   |                                              |
|                                         |   |                                              |
| v.                                      |   | Civil Action No. 1:06-CV-00670               |
|                                         |   | Honorable Magistrate Judge Alan Kay          |
| JUDICIAL WATCH, INC., *ET AL*.          |   |                                              |
|                                         |   |                                              |
| Defendants.                             |   |                                              |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO RESET DEPOSITIONS OF
LARRY KLAYMAN, SUSAN PRYTHERCH AND KATHY RAFFA**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell"), by undersigned counsel, hereby oppose Plaintiff Larry Klayman's ("Klayman") Motion to reset depositions currently scheduled to proceed on August 14 and 15, 2008.[1]

**INTRODUCTION**

On July 7, 2008, this Court held a Status Conference on the record. During the Conference, Klayman pleaded with the Court to permit the taking of 8-9 depositions. Over Defendants' vigorous objection, the Court granted this fourth discovery extension but conditioned Klayman's right to take such discovery on compliance with a strict schedule that was worked out and agreed to by all parties during the conference. On July 9, 2008, Magistrate Kay issued an Order to memorialize the schedule of depositions that was expressly agreed upon in Court on July 7, 2008. [Docket 200] The Order required the depositions of Susan Prytherch

---

[1] A copy of Klayman's Motion is attached hereto as <u>Exhibit 1</u>. Although his Motion to transfer the handling of discovery matters has not been ruled on (nor has the time for an Opposition passed), Klayman arbitrarily assigned his Motion to Magistrate Facciola for consideration.

and Kathy Raffa to be conducted on August 14, 2008 and the continuation of Klayman on August 15, 2008.

The scheduling of Klayman's deposition was delayed to accommodate his professed intention to take his ailing spouse on a vacation from July 26, 2008 through August 10, 2008. However, while on his vacation, Klayman did find sufficient time to complete the following legal work:

- File a 30 page Complaint against President Bush and at least fourteen other defendants in this Court On July 31, 2008. *See Paul, et al. v. Bush, et al.*, Case No. 1:08-cv-01317-ESH, attached hereto as Exhibit 2.

- Appear at the National Press Club in Washington, DC on July 31, 2008, to promote the *Paul v. Bush* lawsuit at a press conference. *See* Press Conference Announcement attached hereto as Exhibit 3. A Judicial Watch employee confirmed Klayman's presence at the NPC by visual observation on July 31, 2008.

- File a Motion for Extension of Time in this Court for the matter styled as *Klayman v. Barmak, et al.*, Case No. 1:08-cv-01005-JDB on July 31, 2008.

- File Objections in this case to Magistrate Kay's July 30, 2008, Minute Order on August 6, 2008 [Docket 215].

- File an Errata containing Plaintiff's Privilege Log on August 7, 2008 [Docket 216].

- File a Motion to Extend Discovery [Docket 33] on August 1, 2008, in the matter styled as *Klayman v. Judicial Watch, Inc. et al.*, Case No. 1:07-cv-22413-AJ, which is venued in the U.S. District Court for the Southern District of Florida.

- File a Motion for Extension of Time to File a Response as to Defendants's Motion for Summary Judgment [Docket 37] on August 7, 2008 in the matter styled as *Klayman v. Judicial Watch, Inc. et al.*, Case No. 1:07-cv-22413-AJ, which is currently pending in the U.S. District Court for the Southern District of Florida.

- File a Reply in Opposition to a Motion for Extension of Time on July 28, 2008 in the matter styled as *Klayman v. Luck*, Case No. CA-08-091670 (Court of Common Pleas, Cuyahoga County, OH).

- File an Emergency Petition for Writ of Mandamus on August 6, 2008, in the matter styled as *Klayman v. Luck*, Case No. CA-08-091897 (Court of Common Pleas, Cuyahoga County, OH).

- File a Motion to Extend Time to File Assignments of Error and Brief on August 8, 2008, in the matter styled as *Klayman v. Luck*, Case No. CA-08-091835 (Court of Common Pleas, Cuyahoga County, OH).

Defendants note that the foregoing is a list of only those matters that are of public record. It is likely that Klayman was engaged in far more work that is represented by these activities.

During this same time period, Klayman allowed the July 25, 2008, deadline to respond to Defendants' Supplemental Request for Production of Documents and deadline to produce responsive documents to pass without compliance, even though he stood before this Court and stated on the record that he would produce documents by the deadline. In addition, Klayman ignored this Court's Order to file an amended Privilege Log by August 11, 2008. Also, Klayman has not yet provided a firm date for the deposition of Louise Benson.

Klayman now asks this Court to postpone the schedule and force the parties to once again piece together a workable schedule for depositions. In essence, Klayman effectively seeks an

extension of the discovery period as all other depositions must be postponed until he appears for his deposition.

## **ARGUMENT**

Pursuant to Rule 16(b)(4), a Scheduling Order "may be modified only for good cause and with the judge's consent". Klayman has not demonstrated good cause to disrupt the Scheduling Order. If anything is demonstrated by Klayman, it is a consistent disregard for this Court's authority and the Defendants' rights.

As grounds for his request, Klayman asserts that he was required to leave the country for India "unexpectedly" and was delayed in returning "due to pressing legal matters in India". No effort is made to explain the identity of his client, the legal responsibilities that required the travel, what caused the urgency or why Klayman was required to address the issue in person. At this point in the litigation, the mere assertion of a need to reschedule is not sufficient to justify relief. Indeed, a host of questions are left unanswered by Klayman's assertions:

- When was Klayman retained to handle the "pressing legal matters"?
- When did he leave the country?
- What proof can he provide to demonstrate that he truly went to India? For example, can Klayman produce an original passport containing date-stamps for the travel?
- Are Klayman's responsibilities elective or mandated by a specific case that is currently pending in this Court or another jurisdiction?
- Could Klayman have declined to take the work in favor of completing his existing obligations in this case?
- Could another individual have handled the responsibility?

4

Based on Klayman's representations, the only conclusion that Defendants are able to make is that the legal responsibilities, if they exist at all, are elective. Klayman has elevated the importance of such matter over the completion of discovery in this matter. Simply stated, this case is not important to Klayman. He does not care to follow the Orders of this Court. Klayman does not experience a second thought concerning the continuing prejudice that his actions impose on the Defendants. To Klayman, the schedules of this Court and the Defendants must bend to accommodate Plaintiff's scheduling whims.

Klayman reminds the Court that discovery will not close until August 29, 2008, implying that sufficient time remains to complete ten depositions. However, Klayman has made no effort to ascertain the availability of witnesses during that time. Several witnesses, and defense counsel, have scheduled vacations during the month of August. Moreover, this is not the only case that counsel for the Defendants, or the Defendants, are handling at this time. Discovery can be completed by August 29, 2008, unless the current schedule is followed.

Defendants will be prejudiced if the Court permits Klayman to modify the current Scheduling Order. Klayman's request will impose additional costs and inconvenience on the Defendants. In addition, Klayman continues to advertise against Judicial Watch and collect donations for a case in which no counsel is hired to represent him. Klayman's advertising campaign against Judicial Watch, which is primarily based on this litigation, has already produced nearly $800,000 for Klayman, all at the expense of Judicial Watch. Klayman has no incentive to complete discovery and seeks to prolong it. Moreover, in light of the witnesses' schedules, granting relief to Klayman will in effect extend the discovery deadline once more. This Court should finally put its foot down. Plaintiff initiated this litigation in this Court. He elected to sue four defendants in a jurisdiction that was not convenient to his residence. This

Court should not accord any deference to Klayman for the circumstances he creates. Nor should the Defendants be compelled to shoulder the expense of Klayman's collateral activities. He has been granted FOUR extensions of discovery. Certainly by now, he is aware that discovery must be complete by August 29, 2008.

The intent to file a motion at some point in the future does not afford Klayman any relief. He is not entitled to any relief until a Court grants it. Therefore, no delay should be granted in anticipation of Klayman's effort to seek *en banc* review of a *Per Curium* Order refusing to hear an appeal due to lack of jurisdiction. Moreover, a motion to modify the Protective Order does not grant relief until after it is fully briefed and granted. Until that time, discovery should proceed as scheduled. If the timing of Klayman's effort fails to affect ongoing discovery, Klayman, and only Klayman, should bear the impact of that outcome.

Should the Court determine to grant Klayman's request, Klayman must bear the impact of the rescheduling. To the extent that any witness can not appear before the existing deadline, Klayman may not take their depositions. There should be no reward for ignoring the Orders and Rules of this Court. Moreover, what reliance can be placed on Klayman's representation that discovery will be completed. This representation has been made repeatedly by Klayman only to be recanted or modified.

## CONCLUSION

Discovery must end in this case. Perpetual extensions only feed Klayman's habit of ignoring deadlines and requesting additional time.[2] To the extent that Klayman needs to reschedule, he must forfeit the opportunity to take discovery from witnesses he cancels.

---

[2] Amusingly, Klayman appears to seek some type of reward for not asking for an extension since July 11, 2008. Contrary to Klayman's view, extensions should be the exception and not a practice.

6

Moreover, no depositions should proceed until Klayman appears for his continuation. Defendants are prepared to conclude the discovery phase and move on to adjudication.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that Plaintiff's Motion be denied.

Respectfully submitted,

/s/

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

Dated: August 12, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August 2008, a copy of the foregoing was served on all counsel listed on the Notice of Electronic Filing.

/s/

Richard W. Driscoll