# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LARRY KLAYMAN,**

    *Plaintiff,*

    v.

**JUDICIAL WATCH, INC., et al.,**

    Defendants.

Civil Action No.  06-670 (CKK) (JF)

## MOTION FOR RECONSIDERATION TO STAY DISCOVERY PENDING EXHAUSTION OF APPEALS CONCERNING PETITION FOR WRIT OF MANDAMUS BEFORE U.S. COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRUIT AND SUPREME COURT IF NECESSARY

Plaintiff, Larry Klayman, moves this court as set forth in the caption above, and as grounds therefore would show:

1.  Plaintiff  previously filed a petition for writ of mandamus setting forth the unequal treatment of the Magistrate Judge in this case, wherein he has ordered (as affirmed by the court) Plaintiff and his sub-contractors to disclosure of confidential  donor  information, discovery into highly personal family issues that are barred by the parole evidence rule but concern Plaintiff's private family matters involving his former wife and children, refused to confirm that the preexisting protective order requires the filing of confidential documents under seal to prevent public disclosure, entered at the request of the Defendants (who advocated filing confidentially marked documents under seal and who have

unilaterally dedacted donor names from their document production, without court permission to do so), and also ordered the wholesale and irrelevant production of all, repeat all, of Plaintiff's financial, banking and credit records not only with regard to Plaintiff, but all of his organizations.

2. This petition, which was well documented with many hundreds of pages of supporting court orders and other documents, was denied in less than a day, perhaps the appellate court thinking that it was only a routine discovery dispute, and did not involve constitutional issues of privacy, freedom of speech and association, and other rights created by the Founding Fathers, with great resulting precedent for the non-profit sector.

3. Plaintiff has filed for rehearing en banc and this has yet to be decided by the D.C. Circuit (see attachment). If this motion is not successful, Plaintiff will seek to exercise his rights before the Supreme Court.

4. Last week, Plaintiff deposed the current directors and officers of Judicial Watch, Messr. Fitton, Orfanedes and Farrell. During the depositions, to defend Defendants' counterclaims, Plaintiff, Larry Klayman, who is representing himself pro se for financial and other reasons, asked questions about the finances of Judicial Watch and in particular the salaries being paid to certain employees, such as the wife of Mr. Farrell, Jill Farrell, who on information and belief was hired due to nepotism, not because she had prior experience running a press department, which is her current job. The issue involved Judicial Watch's squandering of

assets, which Plaintiff has cited publicly as a reason he is seeking to regain control of Judicial Watch through this lawsuit, and for which Defendant Judicial Watch has claimed disparagement and large damages under the severance agreement in its counterclaims. The question was highly relevant, but more importantly calculated to lead to relevant evidence, as is allowed under the rules of discovery. Furthermore, at the outset of the depositions, Plaintiff offered to put the testimony under seal, but Defendants refused.

5.  Incredibly, in sustaining Defendants' objections on the grounds that this and other information was confidential business propriety and personnel information, the Magistrate Judge ordered that Plaintiff could not elicit this testimony. This is in stark contrast to his ordering Plaintiff to dump out all of his donor, financial, credit records onto the public record which, under any reading of the law in this Circuit or elsewhere, is also ripe for sealing, even assuming their relevant? Importantly, in ruling in favor of Defendants at the deposition last week the Magistrate Judge did not require them to cite to any legal authority whatsoever.

6.  The transcripts of the Magistrate Judge's rulings will be submitted when received in the next week, but for now this incontrovertible evidence of a dual standard for discovery for Plaintiff as opposed to Defendants, as well as the confidential nature of the information itself, supports allowing Plaintiff to have his petition for writ of mandamus exhausted by the appellate process. Only four depositions total on both sides remain and this short delay will not work prejudice to any party.  Also,

Plaintiff has requested the assignment of Magistrate Judge Facciola, who already was involved in this case for mediation, to discovery issues, as the partiality of the current Magistrate Judge, for whatever reason, is at issue. Plaintiff casts no aspersions on him, but he has proven incapable of equitably administering to this case evenly between the parties. During the depositions last week he made several statements on the record that he could not remember what the counterclaims were about, when Plaintiff sought relevant questioning. Plaintiff then gave him a copy of the counterclaims, but he denied Plaintiff's questioning in any event. The transcripts when provided will specify the areas of contention.

WHEREFORE, Plaintiff respectfully requests that his motion be granted to allow reasonable time for his Petition for Writ of Mandamus to run its course through the appellate process.

Respectfully submitted,

By: s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August 2008, a true copy of the foregoing copy of the Motion to Stay Discovery Pending Exhaustion of Appeals Concerning

4

Petition for Writ if Mandamus before U.S. Court of Appeals for the District of Columbia

and Supreme Court if Necessary was served via electronic means to:

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
600 Cameron Street
Alexandria, VA 22314

By:  s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.:  334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548