UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

    v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(August 25, 2008)

Currently pending before the Court is Plaintiff Larry Klayman's [217] Motion to

Reassign Case to Magistrate Judge [John M.] Facciola on Discovery and Related Issues. For the

reasons set forth below, Plaintiff's Motion is DENIED.

**BACKGROUND**

The Court will not repeat herein the factual background and allegations of this case,

which are extensively discussed in numerous opinions by this Court and Magistrate Judge Alan

Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C.

Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52];

Mem. Op. (D.D.C. Dec. 3, 2007) [82]. The Court referred the instant case to Magistrate Judge

Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil

Rule 72.2(a) on December 3, 2007. Since then, Magistrate Judge Kay has been called upon to

handle a bevy of discovery disputes, and has done so ably and promptly. In almost every

instance, Plaintiff has filed objections to Magistrate Judge Kay's rulings. *See* Docket Nos. [99],

[103], [123], [125], [154], [162], [172], [173], [175], [176], [203], [215]. This Court has

carefully considered each of Plaintiff's objections, and has overruled all of them, finding neither legal nor factual error on Magistrate Judge Kay's part. *See* Docket Nos. [134], [167], [183], [184], [185], [189], 8/7/08 Minute Order. Furthermore, in light of the contentious nature of the discovery disputes in this matter and Magistrate Judge Kay's involvement with those issues, on April 21, 2008, the Court terminated the referral of this case to Magistrate Judge Kay for purposes of mediation and settlement. The Court referred the case to Magistrate Judge John M. Facciola for mediation and settlement purposes, leaving the referral of discovery disputes with Magistrate Judge Kay. *See* 4/21/08 Minute Orders.

On August 11, 2008, Plaintiff filed a [217] Motion to Reassign Case to Magistrate Judge Facciola on Discovery and Related Issues.

## DISCUSSION

Plaintiff's Motion alleges that "Magistrate Judge Alan Kay has taken sides in favor of Defendants and not meted out decisions on a reasonable basis equally to each side," such that "Plaintiff has lost confidence in his rulings." *See* Pl.'s Mot. at 1. The Court finds this allegation entirely devoid of merit. Most significantly, as explained above, this Court has carefully reviewed many of Magistrate Judge Kay's discovery-related Orders and Opinions and has affirmed each of them in all respects, finding them well-reasoned and well-supported by the record. The Court has specifically considered and rejected each of Plaintiff's Objections to Magistrate Judge Kay's rulings, and has found neither factual nor legal error on Magistrate Judge Kay's part. Plaintiff's inability to identify any factual or legal errors made by the Magistrate Judge directly undermines Plaintiff's suggestion Magistrate Judge Kay is biased against him.

Second, the Court notes that Magistrate Judge Kay ruled in favor of Plaintiff with respect

2

to at least one discovery dispute (and that this Court affirmed his ruling in that respect over Defendants' objections), and further notes that Magistrate Judge Kay has granted Plaintiff a number of extensions and continuances over Defendants objections. *See* Docket No. [167] (overruling Defendants' Objections to Magistrate Judge Kay's March 12, 2008 Memorandum Opinion), *see, e.g.*, 3/13/08 Minute Order; 8/13/08 Minute Order. Although a judge's ruling for or against one party is insufficient to show bias, *see Pharaon v. Bd. of Governors of the Federal Reserve Sys.*, 135 F.3d 148, 155 (D.C. Cir. 1998) (holding that rulings in favor of a party "fall far short of demonstrating" bias), Magistrate Judge Kay's various rulings in favor of *both* parties in this case undermines Plaintiff's claims of bias even further. Plaintiff's apparent dissatisfaction with Magistrate Judge Kay's rulings against him simply do not establish bias on the part of Magistrate Judge Kay, particularly where this Court has upheld without exception Magistrate Judge Kay's rulings when required to review them.

Plaintiff's somewhat convoluted Motion may also take issue with the tone or words used by Magistrate Judge Kay in certain instances. *See* Pl.'s Mot. at 2 (stating that someone, although it is not clear if Plaintiff refers to Magistrate Judge Kay, "attacked Plaintiff for harmlessly opining . . . ."). The Court cannot determine whether Plaintiff in fact complains in this respect, but notes that such a complaint would not demonstrate bias. As the D.C. Circuit has explained, "[s]harp words spoken by a trial court to counsel do not by themselves establish impermissible bias. There is a modicum of quick temper that must be allowed even judges." *United States v. Lawson*, 494 F.3d 1046, 1055 (D.C. Cir. 2007) (quoting *United States v. Donato*, 99 F.3d 426, 434 (D.C. Cir. 1996)).

Finally, the Court notes that its decision to refer mediation and settlement to Magistrate

Judge Facciola while maintaining the referral of discovery disputes to Magistrate Judge Kay reflected a conscious determination on the Court's part.  In light of the contentious nature of the discovery disputes in this case, the Court concluded that mediation and settlement would have a better chance of success if they were conducted by someone other than the Magistrate Judge enmeshed in the resolution of discovery disputes.  Granting Plaintiff the relief he seeks would serve only to enmesh Magistrate Judge Facciola in those disputes, and thus abolish the benefit the Court sought to maintain by separating the issues referred to the two Magistrate Judges.

For all of the foregoing reasons, it is this 25th day of August, 2008, hereby

**ORDERED** that [217] Motion to Reassign Case to Magistrate Judge Facciola on Discovery and Related Issues is DENIED.

**SO ORDERED.**

_/s/_
COLLEEN KOLLAR-KOTELLY
United States District Judge

4