IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | \| |
| Plaintiff, | \| |
| v. | \| Civil Action No. 1:06-CV-00670 |
| | \| (CKK/AK) |
| JUDICIAL WATCH, INC., *et al.*, | \| |
| Defendants. | \| |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE
MOTION TO RULE TERMINATED DEPOSITION OF LARRY KLAYMAN**

Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, ("Movants"), by undersigned counsel, hereby oppose Plaintiff Larry E. Klayman's ("Klayman") Motion to Rule Terminated Deposition of Larry Klayman [Docket 226].

**ARGUMENT**

Under the Scheduling and Procedures Order for this case, depositions are not to exceed 7 hours without Court approval or the parties' stipulation. To date, Klayman has appeared for a total of five hours and three minutes of deposition testimony, including objections and other discussions.[1] Therefore, Defendants are entitled to an additional hour and fifty-seven minutes of deposition, provided that Klayman cooperates during this period and does not engage in obstreperous conduct.

---

[1] Klayman asserts that Defendants "refused" to provide proof of his deposition times. This is not correct. Essentially, Klayman sought a free copy of his deposition transcript. Recognizing that this is prohibited by court reporters, Defendants provided Klayman with the contact information for the court reporter. Klayman voluntarily chose to not purchase a copy of the transcript.

In an effort to maintain the deposition schedule established by the Court, Defendants suggested that Klayman appear for the remainder of his deposition on Monday, August 18, 2008 and then proceed with the deposition of Defendant Fitton. However, Klayman refused stating that he required time to prepare and would appear on Wednesday, August 27, 2008. When pressed by the Court, Klayman emphatically stated he would appear. If any inconvenience results from this schedule, it is due to Klayman's voluntary decision to travel to India and postpone the remainder of his deposition until this week.

Having manipulated the timing to avoid concluding his deposition before taking the Defendants' depositions, Klayman now asks the Court to terminate the remainder of his deposition by making outright misrepresentations to the Court. Klayman asserts that his deposition exceeded seven hours. However, the transcript clearly shows that based on start times and break times during Klayman's deposition, his representation is false and the deposition only lasted five hours and three minutes. Attached hereto as Exhibit A are copies of pages from Klayman's transcript that prove the length of time it was taken.

Klayman is also not truthful regarding the facts of Mr. Fitton's deposition. The deposition of Defendant Fitton commenced at 10:00 a.m. on Monday, August 18, 2008 and continued until 6:30 p.m. Klayman was notified that Defendant Fitton needed to leave by 6:00 p.m. Klayman ignored this deadline. Out of courtesy, Defendant Fitton stayed until 6:30 p.m., at which point Klayman demanded that he appear on the following day for additional testimony of an unlimited length.[2] Because Defendant Fitton had

---

[2] Indeed, Klayman inquired of his court reporter as to how long the deposition had lasted at that point. The court reporter represented that Defendant Fitton had been testifying for eight hours when the deposition was concluded.

already appeared for more than seven hours of primarily irrelevant questioning by Klayman, Defendants' counsel declined to produce Mr. Fitton for additional testimony unless ordered to do so by the Court. Ignoring these facts, Klayman asserts that Mr. Fitton walked out of the deposition. Contrary to this misrepresentation, Mr. Fitton demonstrated significant patience and decorum in the face of Klayman's rude and insulting questioning.

The Court should view Klayman's Motion as yet another transparent attempt to prevent Defendants from taking discovery. Although Klayman advocates for transparency, he has devoted his entire efforts in this case to preventing discovery and hiding the facts. Had Klayman merely engaged in the discovery process as contemplated by the Federal Rules, this case would be concluded by now. What is particularly offensive about this latest blocking move is that it completely contradicts Klayman's representations to the Court regarding his appearance on this Wednesday.

The Court should not permit Klayman to commit to obligations only to recant such representations. Klayman should be compelled to complete the discovery in this case, or forego his right to pursue claims against these Defendants. Moreover, as clearly instructed by Judge Kollar-Kotelly, Klayman is not entitled to any stay of discovery pending the outcome of this Motion. He must attend or violate the Court's Minute Order setting his deposition.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher Farrell respectfully request that the

Court DENY Klayman's Motion and Order the continuation of Klayman's deposition to proceed as scheduled.

                                        Respectfully submitted,

                                        /s/

                                        Richard W. Driscoll (436471)
                                        Juli Haller Simonyi (466921)
                                        DRISCOLL & SELTZER, PLLC
                                        600 Cameron Street
                                        Alexandria, Virginia 22314
                                        703.340.1625 Telephone
                                        703.997.4892 Facsimile
                                        rdriscoll@driscollseltzer.com
                                        jhaller@driscollseltzer.com
                                        *Counsel for Defendants Judicial Watch,*
                                        *Inc., Thomas J. Fitton, Paul J. Orfanedes*
                                        *and Christopher J. Farrell*

Dated: August 26, 2008