IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
|
LARRY KLAYMAN,                          |
                                        |
            Plaintiff,                  |
                                        |
v.                                      |          Civil Action No. 1:06-CV-00670
                                        |          (CKK/AK)
JUDICIAL WATCH, INC., *et al.*,         |
                                        |
            Defendants.                 |
———————————————————|

### DEFENDANTS' SURREPLY IN OPPOSITION TO THE
### MOTION TO RULE TERMINATED DEPOSITION OF LARRY KLAYMAN

Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell, ("Movants"), by undersigned counsel, hereby file this short Surreply in response to new issues raised in the Reply Memorandum [Docket 229] of Plaintiff Larry E. Klayman ("Klayman") in support Motion to Rule Terminated Deposition of Larry Klayman [Docket 226]. Normally, a Surreply is not appropriate. However, Klayman has made several requests in his Reply that were not part of his original Motion.

### ARGUMENT

As with Klayman's entire case, the allegations regarding Defendant Fitton are wholly without support or evidence and should be disregarded. Moreover, Klayman's appearance at his deposition should be evaluated on its own merits. As demonstrated in the Opposition Memorandum, Defendants are entitled to depose Klayman for at least an additional one hour and fifty-seven minutes.

Klayman's deposition is scheduled to be completed by video tape and must be concluded in the Courthouse. Over the past two weeks, Klayman has become increasingly belligerent and insulting, which necessitates the availability of the Court to

mediate such conduct. Defendants' are entitled to complete the videotape deposition of Klayman and oppose any option for a telephone deposition. Further, any difficulty facing Klayman regarding appearance in Washington, DC results from his own conduct and delay. Moreover, telephone depositions have imposed enormous cost on the Defendants with one telephone conference costing $927.00. The Defendants have an absolute right to depose Klayman in person in Washington, DC.

Defendants' counsel has relied on the Court's insistence that discovery close by August 29, 2008. Counsel has set other commitments for next week regarding other cases that have been delayed while attempting to finish the obligations of this case. Klayman never sought agreement from Defendants or inquired of the scheduling convenience. In addition, Defendants made arrangements for flight and conference room to take the deposition of Ms. Benson on Friday, August 29, 2008, as committed to by Klayman and scheduled before this Court. *See* Minute Order dated August 18, 2008. Once again the cost of airline travel and a conference room have been incurred with penalties for cancelation. Defendants should not be forced to endure the cost of such cancelations for a second time. In light of Klayman's promise that ***all discovery would be complete by August 29, 2008***, no delay should be granted as it will work a hardship and prejudice on the Defendants.

Any failure on the part of Klayman to complete his discovery by August 29, 2008 should result in a prohibition on the taking of such discovery. Defendants' opposition has been overruled repeatedly by the Court in favor of additional extensions. There should not be a fifth extension of discovery. This case must end.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher Farrell respectfully request that the Court DENY Klayman's Motion and Order the continuation of Klayman's deposition to proceed as scheduled.

Respectfully submitted,

/s/

_____
Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch,
Inc., Thomas J. Fitton, Paul J. Orfanedes
and Christopher J. Farrell*

Dated: August 26, 2008