UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff,

  v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(August 26, 2008)

Currently pending before the Court are Plaintiff Larry Klayman's [203] Objections to Magistrate Judge Alan Kay's [199] July 1, 2008 Memorandum Order imposing sanctions on Plaintiff in response to Defendants' request, and denying Plaintiff's request for sanctions on Defendants. The Court has throughly reviewed Magistrate Judge Kay's July 1, 2008 Memorandum Order, Plaintiff's Objections, Defendants' Opposition to Plaintiff's Objections, and the parties' briefs regarding the underlying motions upon which Magistrate Judge Kay ruled in his July 1, 2008 Memorandum Order. The Court concludes that Plaintiff's [203] Objections to Magistrate Judge Kay's July 1, 2008 Memorandum Order must be overruled, and shall accordingly affirm that Memorandum Order [199] in its entirety.

The Court will not repeat herein the factual background and allegations of this case, which are extensively discussed in numerous opinions by this Court and Magistrate Judge Kay. *See, e.g., Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, Mem. Op. (D.D.C. Jan. 17, 2007), Docket No. [36]; Mem. Ops. (D.D.C. Apr. 3, 2007), Docket Nos. [50] and [52]; Mem. Op. (D.D.C. Dec. 3, 2007) [82]. Magistrate Judge Kay's July 1, 2008 Memorandum Order

addresses the parties' cross-requests for sanctions arising out of the discovery that is still ongoing in this action, and specifically resolves two requests for sanctions by Defendants and one by Plaintiff. The Court addresses herein only those facts relevant to Magistrate Judge Kay's resolution of those requests, and does so in the course of the discussion below.

Before doing so, however, the Court pauses to note the legal standard that governs its review of Plaintiff's Objections to Magistrate Judge Kay's July 1, 2008 Memorandum Order. This Court referred the instant case to Magistrate Judge Kay for disposition of all pending and future discovery-related motions pursuant to Local Civil Rule 72.2(a) on December 3, 2007. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.*

Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001). In light of this standard, the Court reiterates that "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden*

*v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

    *A.    The Court Affirms Magistrate Judge Kay's Imposition of Sanctions in Connection With the Postponement of Plaintiff's March 14, 2008 Deposition*

On March 13, 2008, Plaintiff moved to continue his deposition, which was scheduled for the following day. *See* 7/1/08 Kay Mem. at 1 & n.2. Plaintiff represented that "a court in Miami scheduled a case dispositive motion in federal court concerning a large trademark and unfair practice case for the same day," *id.* (citing Pl.'s Mot. for Brief Continuance, Docket No. [121]), and that his attorney would not be able to defend Plaintiff during his scheduled March 14, 2008 deposition, *id.* at 1-2. Plaintiff also stated that a continuance was justified due to Plaintiff's inability to obtain insurance coverage for this litigation. *Id.* at 2. Magistrate Judge Kay granted Plaintiff's motion over Defendants' objection. *Id.* (citing 3/13/08 Minute Order). At the same time, Magistrate Judge Kay ordered Plaintiff to provide him with certain information within the next five days, including: (1) the name of the case in Miami that conflicted with Plaintiff's deposition date; (2) the name of the judge assigned to that case; and (3) the date on which that judge scheduled a motions hearing for March 14, 2008. *Id.* As discussed below, however, Plaintiff failed to provide Magistrate Judge Kay with the information requested in his March 13, 2008 Minute Order until *after* a May 13, 2008 Sanctions Hearing before Magistrate Judge Kay.

After Magistrate Judge Kay granted Plaintiff's motion to continue his deposition, Defendants moved for reconsideration, arguing that Plaintiff received notice of the Miami hearing more than a week before he moved to continue his deposition, that Plaintiff's counsel had represented to defense counsel that Plaintiff planned to represent himself during his deposition, and that Plaintiff's counsel did not plan to attend Plaintiff's deposition. *Id.* (citing

Defs.' Mot. for Reconsid., Docket No. [122]). Defendants raised a question as to whether Plaintiff was being truthful in his representations regarding rescheduling his deposition, *id.*, and argued that Plaintiff's testimony should be barred from this litigation as a sanction for moving to continue his deposition, *id.* at 3. Along with their Motion for Reconsideration, Defendants submitted a Summary of Expenses detailing the fees and costs they claimed were associated with the postponement of Plaintiff's deposition. *Id.* (citing Defs.' Summ. of Expenses, Docket No. [168]).

On March 19, 2008, Magistrate Judge Kay held a telephone conference call with the parties, during which Plaintiff represented that he would file an opposition to Defendants' request for sanctions. *Id.* Plaintiff did not do so, however, either within or without the time allotted under the Local Civil Rules, and did not even do so when Magistrate Judge Kay gave him an additional twenty-four hours to respond following a May 13, 2008 Sanctions Hearing. *Id.* Plaintiff also did not furnish responses to the questions posed in Magistrate Judge Kay's March 13, 2008 Minute Order prior to the May 13, 2008 Sanctions Hearing. *Id.* Plaintiff did not justify this noncompliance with Magistrate Judge Kay's Minute Order during the Sanctions Hearing, and only filed a praecipe providing the information *after* the May 13, 2008 Sanctions Hearing. *Id.* at 3 & n.4.

In his July 1, 2008 Memorandum Order, Magistrate Judge Kay found that sanctions were appropriate based on Plaintiff's failure to timely raise any scheduling conflict with his March 14, 2008 deposition, as well as his misrepresentations regarding his counsel's role in the deposition. *Id.* at 3. Magistrate Judge Kay then continued to carefully examine each component of the $3,422.50 in sanctions that Defendants sought for 18.7 hours of work that they allegedly

expended in connection with the rescheduling of Plaintiff's deposition. *Id.* at 3-4. Magistrate Judge Kay eliminated fees not directly related to the rescheduling of Plaintiff's deposition and reduced the compensable fee by one half, ordering Plaintiff to pay Defendants $1,036 as a sanction for postponing his deposition.

Plaintiff's Objections to the imposition of this sanction are sparse and unavailing. First, Plaintiff asserts that "[t]he record is clear that Plaintiff has been truthful to the court," that he "did desire legal representation at his deposition" and that he "expected co-counsel to defend him at the time, but co-counsel proved unavailable." Pl.'s Objs. at 1-2. Beyond Plaintiff's self-serving assertions, however, the record is *not* clear that Plaintiff was truthful regarding the postponement of his deposition. Rather, Plaintiff appears to have squandered the numerous opportunities Magistrate Judge Kay provided him to proffer evidence in that respect. Significantly, Plaintiff did not–as required by Magistrate Judge Kay's March 13, 2008 Minute Order–provide requested information regarding the scheduling conflict with his deposition until *after* the May 13, 2008 Sanctions Hearing.

Furthermore, while Magistrate Judge Kay did not rely upon Plaintiff's belated praecipe in his July 1, 2008 Memorandum Order, the Court has reviewed that praecipe, through which Plaintiff places certain documents on the record, and notes that it does not support Plaintiff's account. The documents attached to Plaintiff's praecipe–the Miami court's order scheduling the conflicting motions hearing as well as communications between Plaintiff and defense counsel regarding the rescheduling of his deposition–are quite revealing. The Miami court's order is dated *March 5, 2008*, and thus strongly suggests that Plaintiff learned about the conflicting motions hearing more than a week before his deposition was to occur. *See* Pl.'s Praecipe, Ex. at

1. Plaintiff nevertheless failed to move to continue his deposition until March 13, 2008, just one day before it was to be held.  Further, the documents suggest that even upon learning of the conflict, Plaintiff did not proactively bring the issue to defense counsel's attention.  Instead, the documents Plaintiff proffers show that *defense* counsel noticed the conflicting motions hearing and asked Plaintiff, via e-mail dated March 10, 2008, whether he would need to start his deposition late as a result.  *See id.* at 2.  Defense counsel even offered to move Plaintiff's deposition up by a day in order to avoid the conflict, but Plaintiff declined his offer claiming that he had another court hearing on March 13.  *Id.* at 2-3.  Significantly, despite defense counsel bringing the conflict to Plaintiff's attention via e-mail on March 10, 2008, Plaintiff did not respond to defense counsel until March 13, 2008, when he asked to reschedule his deposition for the week of March 23, 2008.  *Id.*  Further, while the Miami court's order advises counsel that they may appear by telephone for the scheduled motions hearing, *id.* at 1, Plaintiff's response to defense counsel indicates no intent to consider this possibility, even though it might have allowed Plaintiff to proceed with his deposition as scheduled, *id.* at 3-5.

      Plaintiff's March 13, 2008 response to defense counsel does state that he has been unable to procure counsel to represent him at his deposition due to Mr. Dugan's unavailability, *id.* at 3, and in large part attributes his inability to procure other counsel to represent him to Defendants' alleged misrepresentations regarding insurance coverage, *id.* at 3-5.  To the extent that Plaintiff believed he was justified in seeking to postpone his deposition in light of these concerns, however, he failed to argue as much to Magistrate Judge Kay because he did not file an opposition to Defendants' request for sanctions, even when Magistrate Judge Kay generously afforded him another opportunity to do so after the May 13, 2008 Sanctions Hearing.  As noted

above, Plaintiff was required to take all of his shots before the Magistrate Judge, and cannot now be heard to complain when he failed both to provide the information requested of him and to oppose Defendants' request.  Simply put, based on the record before him, Magistrate Judge Kay quite reasonably concluded that Plaintiff failed to timely raise any scheduling conflict with his March 14, 2008 deposition, and did not err in finding that Plaintiff also misrepresented his counsel's role in the deposition.  Plaintiff's Objections certainly do not establish that Magistrate Judge Kay's findings were clearly erroneous or contrary to law.

Plaintiff also challenges the amount of sanctions Magistrate Judge Kay imposed on him in connection with the postponement of his deposition, arguing that "there are no underlying evidence . . . other than a conclusory affidavit" to support Defendants' request.  Pl.'s Objs. at 2. As Plaintiff failed to object to Defendants' request when given the opportunity to do so by Magistrate Judge Kay, he has missed his opportunity to do so.  Furthermore, Defendants' Summary of Expenses sufficiently breaks down its request for sanctions by discrete tasks and provides the time associated with each task.  Magistrate Judge Kay conscientiously examined each of those tasks and limited Plaintiff's sanction to one-half of those fees that were directly attributable to the rescheduling of Plaintiff's deposition.  Plaintiff has altogether failed to show legal or factual error in this respect.

> B.   *The Court Affirms Magistrate Judge Kay's Imposition of Sanctions for Plaintiff's Motion to Quash Subpoenas* Ducus Tecum *to Phillip Sheldon and Diener Consultants*

On Thursday, March 27, 2008, Plaintiff moved to quash subpoenas *ducus tecum* that Defendants served on Phillip Sheldon and Diener Consultants.  *See* 7/1/08 Kay Mem. at 4.  Mr. Sheldon's deposition was set for the following Monday, March 31, 2008, in Lancaster,

Pennsylvania. *Id.* When Magistrate Judge Kay was unable to rule on Plaintiff's motion to quash prior to the weekend, Defendants cancelled Mr. Sheldon's Monday morning deposition. *Id.* Magistrate Judge Kay later denied Plaintiff's Motion to Quash, *see* Docket No. [137], and this Court overruled Plaintiff's Objections to Magistrate Judge Kay's ruling and affirmed it in its entirety, *see* Docket No. [183].

Magistrate Judge Kay's July 1, 2008 Memorandum Order addresses Defendants' subsequent request for $3,676 in fees for 22.4 hours they allegedly expended in connection with Plaintiff's motions to quash the subpoenas in both this Court and in the Eastern District of Pennsylvania. 7/1/08 Kay Mem. at 4. Magistrate Judge Kay again carefully broke down the various aspects of Defendants' request. *Id.* After finding that each aspect was compensable, Magistrate Judge Kay nevertheless reduced the total sanction by one half, and ordered Plaintiff to pay Defendants $1,838 as a sanction for his efforts to quash the subpoenas. *Id.*

In his Objections, Plaintiff argues that any sanctions against him in connection with those efforts are unwarranted because he "moved to quash when it appeared that [this Court] had not yet had the chance to rule on his objections to [Mr. Sheldon's deposition]," and that as a result his motions to quash were "reasonable and called for." Pl.'s Objs. at 2. As Defendants note in their Opposition, however, Plaintiff could easily have moved to quash more than one business day in advance of Mr. Sheldon's deposition. Defs.' Opp'n at 4. In waiting until the last minute, Plaintiff left Defendants with little choice but to cancel Mr. Sheldon's deposition, *id.*, and Plaintiff offers this Court no grounds for concluding that Magistrate Judge Kay erred in sanctioning Plaintiff as a result. Moreover, to the extent that Plaintiff again challenges the sufficiency of Defendants' proof of the fees and costs they incurred due to Plaintiff's ultimately

8

unsuccessful motion to quash, Defendants' Summary of Expenses sufficiently breaks down its request for sanctions by discrete tasks and provides the time associated with each task. *See* Docket No. [170]. Magistrate Judge Kay conscientiously examined each of those tasks and limited Plaintiff's sanction to one-half of the fees attributable to Plaintiff's motions to quash. Plaintiff has altogether failed to show legal or factual error in this respect.

    C.    *The Court Affirms Magistrate Judge Kay's Imposition of Sanctions on Plaintiff in Connection with Defendants' Motion to Compel Supplemental Request for Production of Documents*

On March 12, 2008, Magistrate Judge Kay granted-in-part Defendants' Motion to Compel Plaintiffs' Responses to Defendants' Supplemental Requests for Production, and granted Defendants' request for fees and costs incurred in bringing that Motion. 7/1/08 Kay Mem. at 5 (citing Docket No. [117]). This Court subsequently overruled Plaintiff's objections to Magistrate Judge Kay's ruling, and affirmed it in full. *See* Docket No. [167]. Magistrate Judge Kay's July 1, 2008 Memorandum Order addresses Defendants' request for $9,826.50 in expenses allegedly associated with their Motion and Plaintiff's subsequent objections, and thoroughly considers each of the seven categories of Defendants' request. 7/1/08 Kay Mem. at 5. Specifically, Magistrate Judge Kay eliminated four categories of Defendants' request finding insufficient evidence that the expenses involved related to Defendants' supplemental requests for production. *Id.* at 5-6. As to the remaining categories, Magistrate Judge Kay granted one request in full (for time spent drafting a deficiency letter to Plaintiff), and found two other categories compensable but nevertheless reduced Defendants' requests by half. *Id.* at 6. Magistrate Judge Kay thus imposed a total sanction of $3,709.25 on Plaintiff in connection with Defendants' Motion to Compel.

Plaintiff objects to Magistrate Judge Kay's order, arguing that he was "merely asserting his rights" in objecting to Defendants' discovery requests. Pl.'s Objs. at 2-3. To the extent that Plaintiff attempts to reargue the merits of his objections to those requests, both Magistrate Judge Kay and this Court have previously considered those objections and rejected them. Moreover, it is uncontrovertable that Plaintiff's unsuccessful and repeated challenges to Defendants' discovery requests caused Defendants to incur significant, and ultimately unnecessary, legal expenses. *See* Defs.' Summary of Expenses, Docket No. [169]. Magistrate Judge Kay carefully considered which of these expenses warranted compensation by Plaintiff as a sanction, and Plaintiff has offered the Court no grounds for finding legal or factual error in Magistrate Judge Kay's conclusions.[1]

      D.     *The Court Affirms Magistrate Judge Kay's Denial of Plaintiff's Request for Sanctions Against Defendants*

Finally, Magistrate Judge Kay's July 1, 2008 Memorandum Order also addressed Plaintiff's request for sanctions, which was based on an allegation that Defendants violated this Court's December 3, 2007 Protective Order by placing a confidential document on the public record rather than filing it under seal. 7/1/08 Kay Mem. at 6. Magistrate Judge Kay correctly concluded that that Protective Order does not, on its face, require that documents be filed under seal. *See* 7/1/08 Kay Mem. at 6 & n. 9. Magistrate Judge Kay also rejected Plaintiff's suggestion that the Protective Order implicitly included such a requirement, declining to read meaning into

---

[1] Plaintiff vaguely asserts that "Defendants have failed to produce similar documents to Plaintiff, without bothering to explain why what is good for the goose is not good for the gander, and thus seeking a protective order," without providing the Court with any sense of what he refers to. Pl.'s Objs. at 3. Plaintiff's assertion certainly does not leave the Court with the definite and firm conviction that a mistake has been committed. *See Neuder*, 194 F.R.D. at 292.

the Protective Order's language. *Id.* at 6. Magistrate Judge Kay therefore found that Defendants had not violated the Protective Order by placing allegedly confidential documents on the public record. *Id.*

This Court's May 19, 2008 Order specifically found that the December 3, 2007 Protective Order does not, on its face, include a requirement that confidential documents be filed under seal. *See* Docket No. [178]. The Court therefore agrees with Magistrate Judge Kay's conclusion that Defendants did not violate the Protective Order by allegedly placing confidential documents on the public record. Moreover, as Magistrate Judge Kay noted in his July 1, 2008 Memorandum Order, "Plaintiff had ample opportunity since the beginning of discovery in this litigation to move for a more restrictive Protective Order." 7/1/08 Kay Mem. at 7. Indeed, this Court's May 19, 2008 Order expressly instructed Plaintiff to file a motion requesting a modification of the Protective Order, supported by legal authority, in the event he believed such relief was necessary. *See* Docket No. [178]. Plaintiff waited to do so until July 22, 2008, and then filed a cursory motion that did not address the relevant legal standards in this Circuit. *See* Docket No. [209]. The Court therefore denied Plaintiff's motion without prejudice, *see* 7/31/08 Minute Order, and Plaintiff has not refiled his motion. Plaintiff's Objections suggest that he is somehow entitled to sanctions because he advocated including a provision for sealing information in the Protective Order before it was entered. Pl.'s Objs. at 3. The fact remains, however, that the Protective Order–to this day–does not require that confidential information be filed under seal. Accordingly, Magistrate Judge Kay did not err in concluding that Defendants had not violated the Protective Order, rather he would have erred by concluding the opposite. The Court therefore cannot find either legal or factual error in Magistrate Judge Kay's denial of Plaintiff's request for

11

sanctions.

Accordingly, it is this 26th day of August, 2008, hereby

**ORDERED** that Plaintiff's [203] Objections to Magistrate Judge Alan Kay's July 1, 2008 Memorandum Order are OVERRULED; it is further

**ORDERED** that Magistrate Judge Kay's [199] July 1, 2008 Memorandum Order is AFFIRMED in its entirety.

**SO ORDERED.**

                    /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge