UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>  Plaintiff,<br><br>  v.<br><br>**JUDICIAL WATCH, INC.,** *et al.*,<br><br>  Defendants. | Civil Action No. 06-670 (CKK)(AK) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion to Rule Terminated Deposition of Larry Klayman Based on Local Rules and Equity [226]. Plaintiff asks this Court to order that his deposition be deemed terminated, asserting that because the prior deposition of Plaintiff exceeded seven hours his deposition has exceeded the maximum amount of time provided under Local Civil Rule 26.2(c). (Pl.'s Mot. at 1.) Plaintiff also asserts that following his August 18, 2008 deposition of Tom Fitton, a Defendant, Mr. Fitton left the deposition at the end of the day claiming that the seven hour maximum deposition period had expired and did not return the following morning as requested by Plaintiff. (Pl.'s Mot. at 1.) Plaintiff argues that equity should prevent him from having to be deposed for a longer period of time than Mr. Fitton. (Pl.'s Mot. at 2.)

The initial deposition of Mr. Klayman, after months of scheduling conflicts, occurred on April 8, 2008. (Defs.' Ex. 1.) As Defendants assert, and the deposition transcript confirms, this initial deposition of Mr. Klayman lasted for approximately five hours. (Defs.' Opp'n at 1; Defs.'

1

Ex. 1.) Plaintiff presents no evidence, and the Court finds no record, that following his deposition Plaintiff objected to the length of his deposition or Defendants' intention to proceed with a continuation of that deposition at a later date. Plaintiff also did not raise an objection to the length of his deposition or to its continuation in response to several orders setting and resetting the date of the continuation of Mr. Klayman's deposition. (*See* 4/30/08 Minute Order (ordering that the continuation of Mr. Klayman's deposition occur prior to the depositions of Mr. Fitton and Ms. Rorup); Docket No. [200] (Order setting deposition of Mr. Klayman for August 15, 2008)). Plaintiff himself moved this Court on August 12, 2008 to reset the deposition of Mr. Klayman for a later date due to his absence from the country. (*See* Docket No. [219].) This motion was granted by the Court and the deposition was reset for August 27, 2008. (*See* 8/13/08 Minute Order; 8/18/08 Minute Order.)[1]

Plaintiff has not moved this Court for any relief with respect to the deposition of Mr. Fitton, nor has he provided any evidence or reasons why the length of Mr. Fitton's deposition was insufficient. Plaintiff has not stated what specific areas of questioning remain to be asked of Mr. Fitton as was requested by the Court during its oversight of the depositions taken during the week of August 18. Plaintiff has not properly moved this Court for any other relief with respect to alterations in the discovery schedule.[2]

---

[1] The Court notes that Plaintiff agreed to all upcoming deposition dates at a Status Conference held on August 18, 2008, little more than one week ago. It is highly unlikely that in the intervening week significant changes have arisen in Plaintiff's workload that would require an alteration of these agreed upon dates.

[2] Plaintiff's request for changes in the form and scheduling of depositions which are found in Plaintiff's Reply to Defendant's Memorandum in Opposition do not constitute a proper motion for relief under the Federal Rules. Plaintiff is directed to consult and comply with the Federal Rules of Civil Procedure to ensure that such requests are made in the form of a proper motion before this Court. Furthermore, as with all discovery related motions, Plaintiff is

Local Civil Rule 26.2(c) provides that "[a] deposition is limited to one day of seven hours, however, the court may authorize . . . different limits on the length of a deposition". Local Civil Rule 26.2(c). The initial deposition of Mr. Klayman lasted for approximately five hours. (*See* Defs.' Ex. 1.) Given that a continuation of Mr. Klayman's initial April 8, 2008 deposition has been scheduled and rescheduled repeatedly without objection ever since, and that Plaintiff himself moved this Court to reschedule his continued deposition, it seems clear that the parties contemplated and understood that additional time would be required to complete the deposition of Mr. Klayman. The Court therefore concludes that the remaining two hours of time for the continuation of Mr. Klayman's deposition is necessary to ensure a fair examination of Mr. Klayman. *See* Fed. R. Civ. P. 26(b)(2); Local Civil Rule 26.2(c). The continued deposition of Mr. Klayman will proceed as scheduled on August 27, 2008.[3]

Accordingly, it is this  26th   day of August, 2008, hereby:

**ORDERED** that Plaintiff's Motion to Rule Terminated Deposition of Larry Klayman Based on Local Rules and Equity [226] is **denied**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

required to confer with Defendants' to seek consent before moving for changes in the discovery schedule. All prior deposition scheduling orders remain unaltered and in effect.

[3] Given that the continued deposition is to be videotaped in order to maintain continuity with the initial deposition, it is clear that Mr. Klayman must appear in person for the deposition.