IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, *ET AL.*

      Plaintiffs,

v.

JUDICIAL WATCH, INC., *ET AL.*

      Defendants.

Civil Action No. 1:06-CV-00670
Honorable Magistrate Judge Alan Kay

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME [234]

1. Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton"), Paul J. Orfanedes, Esq. ("Orfanedes") and Christopher J. Farrell ("Farrell") by undersigned counsel, hereby submit the following Memorandum in opposition to Plaintiff Larry Klayman's ("Klayman") Motion for Extension of Time:

2. Klayman again ignores the Federal Rules of Civil Procedure in failing to make any attempt to confer prior to filing this motion, which his own filing only confirms in its complete failure to even assert a failed attempt.  *See* LCvR 7(m); *see also* Fed. R. Civ. P. 26(f); *see also* April 25, 2007 Order[1].  Klayman made no attempt to confer with Counsel prior to filing this Motion.  (*See* Pl. Mot. [Document 234]).

---

[1] Judge Kollar Kotelly set forth her Scheduling and Procedures Order,

> Counsel are referred to Local Rule LCvR 26.2  and expected to fully conform with its directives.  Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m), to confer in good faith ;n an effort to resolve any discovery dispute before bringing it to the court's attention.  If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court.  **Counsel shall not file a discovery motion without prior consultation with opposing counsel.**  Counsel are advised that if the court is called upon to resolve such a motion, the losing attorney (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4).

*See* Scheduling and Procedures Order of April 25, 2007, Document 58, at p. 3, par. 4

3. Klayman after ignoring the requirement to confer, makes only the most vague allegations of need for an extension after having received prior extensions. (*See Id.*)

4. The Court ordered Klayman to file a Privilege Log by July 25, 2008 for documents produced to the Court for *in camera* review related to the Durbin production. (*See* Court Order of July 9, 2008 [Document 200]). Klayman, through his former counsel, had provided a Privilege Log to the Court on or about July 29, 2008, after which the Court ordered Klayman to supplement his privilege log by August 6, 2008. (*See* Court Minute Order of July 30, 2008). On August 4, 2008 the Court issued a Reset / Set Deadlines Order reiterating that Plaintiff is to produce a supplemental privilege log to the Court **by August 6, 2008**. (*See* Court Issued Reset / Set Deadline of August 4, 2008).

5. On August 6, 2008 instead of complying once again with the Court's Order, Plaintiff, without a legally sufficient justification filed an Objection to the Court's ruling. (*See* Pl.'s Objection of August 6, 2008 [Document 215]). The Court overruled Plaintiff's Objection. (*See* Court Order Minute Order of August 7, 2008). After the denial of Plaintiff's appeal, the Court issued a new order that Plaintiff file his Supplemental Privilege Log by **August 11, 2008**. (*See* Court's Minute Order of August 7, 2008).

6. Plaintiff failed to comply with the August 11, 2008 due date and allowed the date to simply pass with no new filing or by complying with the Order. (*See* Court Docket generally). Plaintiff, by his own volition, had obtained another *de facto* extension. (*See Id*).

7. The parties appeared before the Court on **August 18, 2008**, at which time the Court issued a new due date to Plaintiff by which to produce the Supplemental Privilege Log. (*See* Court Min. Order of August 18, 2008). In this order the Court specifically set forth

that, "Plaintiff is directed to produce his Supplemental Privilege Log no later than **August 26, 2008**." (*See Id.*)(emphasis added).

8. Klayman filed the motion herein on August 28, 2008, however, the Court had ordered it due on August 26, 2008. (*See Id.; see also* Pl.'s Mot. filed on August 28, 2008 [*See* Document 234]).

9. Plaintiff's latest Motion for an extension again wholly ignores the Federal Rules of Civil Procedure, any deference to this Court's standing orders and continually fails to set forth any good cause to support yet another extension, since the due date passed on August 26, 2008, the original due date. *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003)(*citing* Fed. R. Civ. P. 6)(further citations omitted); *see also Sosa v. Airprint Sys.*, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

10. Discovery closed in this Matter on May 15, 2008 and the Court ordered that remaining issues were to be concluded today, August 29, 2008. (*See* Court Order of July 9, 2008 [Document 200]).

11. To date, Defendants await a resolution of the discovery originally requested per subpoena on February 26, 2008 related to the Durbin production.

12. Just as Plaintiff recently filed a Motion to Transfer Judges, once again wholly ignoring all legal standards, and wasting the Court's time and resources as well that of the Defendants by seeking another Magistrate Judge.[2] (*See* Pl. Mot. [Document 224]). Plaintiff completely failed to even attempt to meet any legal standards in seeking to transfer away from Magistrate Judge Kay by citing only to pleadings and not to any extrajudicial source. (*See* Court's Order [Document 227]; *see also Murchison v. Inter-City Mortgage Corp. Profit Sharing & Pension Plans, et al.*, *503 F. Supp. 2d* 184, 187-188 (D.D.C.

---

[2] Defendants drafted an Opposition, but failed to file it before the Court ruled denying Plaintiff's Motion.

2007) (*citing Liteky v. United States, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)* (First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are [not] proper grounds . . . for recusal.). Klayman instead made the baseless argument that the Magistrate Judge has "not meted out decisions on a reasonable basis equally to each side." (*See* Pl. Mot. [Document 224]). Defendants submit it was merely another delay tactic, just as the current motion also seeks to delay further discovery beyond the discovery end date of August 29, 2008. (*See* Court Order of July 9, 2008 Document 200]). Moreover, Plaintiff, sought another Judge who met with the parties to mediate the case and heard settlement discussions with the parties, making a wholly inappropriate request. Defendants submit that this Motion, along with Plaintiff's recent discovery tactics, Plaintiff is just looking, once again, to delay this litigation.

13. To date, Plaintiff has also ignored the Court's outstanding order to produce any documents in response to Defendants' Supplemental Requests for Production by July 25, 2008. (*See Id*).

14. Plaintiff sets forth boldly and without support that Defendants would not be prejudiced. Clearly further delay costs these defendants, both individual defendants and Judicial Watch, Inc., not only time, money and angst to defend against Plaintiff's frivolous actions, but Plaintiff continues to disparage them on an ongoing basis. *See* Freedomwatchusa.org; *see also* savingjudicialwatch.com. Defendants are further prejudiced by outstanding discovery remaining undiscovered when discovery is otherwise closed. Further delay significantly prejudices these Defendants.

15. Accordingly, Defendants respectfully request that this Court further sanction Klayman

for his repeated refusal to comply with two Court's orders standing orders -- (Judge Kollar Kotelly's April 25, 2007 and for violating this Court's Order of August 18, 2008 requiring Plaintiff to produce a Supplemental Privilege Log by August 26, 2008). *See* Fed. R. Civ. P. 37(b) (2) (B).

## **CONCLUSION**

Klayman's effort is yet another transparent attempt to block Defendants' legitimate right of discovery in obtaining non privileged documents from the Durbin production. Klayman's Supplemental Privilege log was due first on August 6, 2008 and then he received multiple extensions, one in particular by his own volition. It is now August 29, 2008, the date that this Court set as a conclusion for outstanding discovery. Plaintiff continues to prevent discovery from being completed and should not be rewarded with another *de facto* extension. Klayman's meritless claims waste the Court's resources and that of Defendants while prejudicing Defendants' fundamental right of discovery.

WHEREFORE, for all of the forgoing reasons, Defendants respectfully request that the Court DENY Plaintiff's Motion for yet another Extension to file his Supplemental Privilege Log and further sanction Plaintiff for violating this Court's Orders after having received multiple extensions and reminders.

Respectfully submitted,

/s/

_____

Richard W. Driscoll (436471)
Juli Haller Simonyi (466921)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
jhaller@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

Dated: August 29, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August 2008, the foregoing was filed with the Court's ECF Filing System, which copies all counsel of record.

/s/

_____

Juli Z. Haller Simonyi