UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>　Plaintiff,<br><br>　　v.<br><br>JUDICIAL WATCH, INC., *et al.*,<br><br>　Defendants. | Civil Action No. 06-670 (CKK) |

**ORDER**
(December 30, 2008)

　　Presently pending before the Court is Plaintiff's THIRD request for an extension of time in which to file his oppositions to Defendants' motions for summary judgment. *See* Docket No. [287]. Although Plaintiff now seeks only a two-business day extension, the Court notes that, given the late day of this third request for an extension (filed on the same day as the deadline he seeks to extend), the two-business day request would, as a practical matter, result in virtually the same extension of time that was originally requested by Plaintiff and that has been twice-denied by this Court. *See* 12/18/08 Min Order; 12/23/08 Min. Order.

　　In considering Plaintiff's most recent request for an extension of time, it is necessary to view Plaintiff's request within the context of Plaintiff's continuing pattern of delay in prosecuting his case. More than two and a half years have passed since Plaintiff filed the Complaint in this case, and the Court will not repeat here the tortured history of this case nor Plaintiff's continued failures to comply with the Court's deadlines in this matter, as repeatedly set forth by both this Court and Magistrate Judge Alan Kay. *See, e.g.,* 5/12/08 Order, Docket No.

[166] (describing Plaintiff's efforts to "stonewall" and "obstruct[]" discovery in this matter). Rather, the Court shall only briefly highlight the multiple requests for extensions of court-ordered deadlines filed by Plaintiff in the above-captioned case. *See, e.g.,* Docket Nos. [17]; [20]; [34]; [100]; [112]; [136]; [148]; [234]; [237]. Despite Plaintiff's unfounded allegations of unfair treatment, the Court notes that it has consistently approved virtually all of these previous requests for extensions of time (excluding Plaintiff's most recent three requests), granting Plaintiff the requested extensions in all but one instance. Moreover, in contrast to the approximately dozen requests for extensions of time filed by Plaintiff since the inception of this lawsuit, Defendants have filed only five such requests with this Court, three of which sought extensions of time applicable to both parties and therefore benefitted Plaintiff as well as Defendants. *See* Docket Nos. [10], [79], [133], [257], [263].

Furthermore, the Court emphasizes that, in setting the current schedule for dispositive motions, the Court explicitly adopted the schedule jointly requested by the parties themselves, which afforded both parties a month and a half to file simultaneous opening briefs and more than a month to file simultaneous oppositions. *See* Scheduling and Procedures Order, Docket No. [239]. That schedule was then reset twice upon consent motion by Defendant, a request that benefitted BOTH parties by extending the deadline for filing the parties' simultaneous cross-motions for summary judgment, as well as oppositions and replies, by more than three weeks. *See* 10/22/08 Min. Order; 11/20/08 Min. Order. Plaintiff's allegation that Defendants have somehow been unfairly advantaged by the dispositive motions schedule—a schedule which was jointly requested by the parties—is simply unfounded. Both Plaintiff and Defendants had four

weeks to file their oppositions, oppositions which Defendants, unlike Plaintiff, timely submitted. Although Plaintiff now argues that four weeks was insufficient time in which to respond to Defendants' five motions for summary judgment, the Court notes that Defendants filed a single joint statement of material facts and that the three motions for summary judgment filed by the individual Defendants in this matter raise largely similar issues.

 Finally, Plaintiff argues that he needs an extension of time in which to file his oppositions because of his involvement in a car accident that occurred on November 6, 2008 (*i.e.,* 48 days prior to the December 24, 2008 deadline for filing his oppositions). Apparently the accident impaired only his ability to work on the oppositions to Defendants' motions for summary judgment in this case, as Plaintiff has continued to perform legal work—both in this case and in several other civil actions—since the November 6, 2008 incident. Indeed, since that date, Plaintiff has, in this case alone, filed: (a) a partial motion for summary judgment, *see* Docket No. [275]; (b) multiple filings related to his current request for an extension of time, *see* Docket Nos. [278], [279], [281], [283], [287]; and (c) several exhibits filed in opposition to Defendants' motions for summary judgment, including a substantive 16-page "Second Affidavit of Larry Klayman," *see* Docket No. [288]. Moreover, Plaintiff has also continued to perform legal work in several civil actions unrelated to the above-captioned matter. As demonstrated by Defendants, Plaintiff has made no less than ten separate filings in four different actions since November 6, 2008. *See* Defs.' Opp'n to Pl.'s Mot. for Ext. of Time, Docket No. [280] at 2-3. Significantly, despite Plaintiff's failure to timely prosecute the pending legal matter now before this Court, these submissions include filings for two new cases in which Plaintiff is the party plaintiff and is

representing himself *pro se* as in this case. *See id.* The Court therefore is unpersuaded by Plaintiff's claims that he had insufficient time to respond to Defendants' motions. This is particularly so given the time that Plaintiff has dedicated to filing repeated requests for an extension of time in this matter—time which could have been better spent preparing his substantive opposition to Defendants' motions for summary judgment.[1] The Court therefore remains unpersuaded by Plaintiff's third request for an extension of time and will not condone Plaintiff's repeated disregard for court-ordered deadlines by permitting Plaintiff to late-file his oppositions without good cause.

Accordingly, it is this 30th day of December, 2008, hereby

**ORDERED** that Plaintiff's [287] motion for an extension of time is DENIED; and it is further

**ORDERED** that Plaintiff's [291] Opposition and [292] Response to Defendants' Statement of Material Facts are hereby STRICKEN.

**SO ORDERED.**

  /s/
  COLLEEN KOLLAR-KOTELLY
  United States District Judge

---

[1] The Court also notes that Plaintiff has indicated in his submission to the Court that "the Court's clerk offered to Plaintiff's assistant, Kristen Pons, that she did not think the extension would be a problem." Pl.'s Mot. at 2. Although Plaintiff has not indicated to whom specifically Ms. Pons spoke, neither any members of Chambers' staff nor the Deputy Courtroom Clerk recall speaking with Ms. Pons and regardless, courtroom staff cannot speak on behalf of the Judge.