**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN,

    Plaintiff,

    v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.

Civil Action No. 06-670 (CKK)

**MEMORANDUM OPINION**
(June 25, 2009)

Currently pending before the Court is Plaintiff Larry Klayman's ("Klayman") Objections to Magistrate Judge Alan Kay's March 24, 2009 [301] Memorandum Opinion and [302] Order, which granted Defendants' [218] Motion for Sanctions for Plaintiff's Failure to Comply with Court Order and prohibits Plaintiff from testifying to or introducing into evidence any documents in support of his claims for damages or in support of his defenses to Defendants' counterclaims. In addition, Klayman has also moved for disqualification of Magistrate Judge Kay.  Although Klayman does not specify, it appears that he argues Magistrate Judge Kay should be disqualified pursuant to 28 U.S.C. § 455(a), which requires a federal judge to recuse himself  "in any proceeding in which his impartiality might reasonably be questioned."  Klayman's motion appears to principally assert that Magistrate Judge Kay's rulings in this case, as well as his alleged "liberal" political views, create an appearance of bias that requires recusal.  Upon searching consideration of Klayman's Objections, Defendants' Opposition, Klayman's Reply, the relevant case law, and the entire record herein, the Court concludes that: (a) Plaintiff's request that this Court disqualify Magistrate Judge Kay is DENIED, as the Court concludes that recusal

is neither required nor warranted; and (b) Klayman's Objections [304] to Magistrate Judge Kay's

March 24, 2009 Memorandum Opinion and Order must be OVERRULED, and Magistrate Judge

Kay's [302] Order shall be AFFIRMED accordingly.

## I.  BACKGROUND

The Court shall assume familiarity with the numerous opinions issued by both this Court

and Magistrate Judge Kay, which set forth in detail the factual background and allegations of this

case, and shall therefore provide only a brief summary of the instant case as is necessary to

provide context for resolution of Klayman's objections now before the Court.  *See Klayman v.*

*Judicial Watch, Inc.*, Civil Action No. 06-670, 2007 WL 140978 (D.D.C. Jan. 17, 2007);

*Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, 2007 WL 1034936 (Apr. 3, 2007);

and *Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670, 2007 WL 1034937 (Apr. 3, 2007)

(hereinafter "*Klayman I*").  Defendant Judicial Watch, Inc. is a 501(c)(3) organization formed

under the laws of the District of Columbia and headquartered in the District of Columbia.

*Klayman I*, 2007 WL 1034937, *2.  Defendant Fitton is President of Judicial Watch, Defendant

Orfanedes is the Secretary and a Director of Judicial Watch, and Defendant Farrell is a Director

of Judicial Watch.  *Id.*  Plaintiff Larry Klayman is the self-described founder and former

Chairman, General Counsel and Treasurer of Judicial Watch, who resides in and practices law in

the State of Florida.  *Id.*  Klayman, an attorney, is currently representing himself *pro se* in this

matter.

Klayman's Second Amended Complaint and Judicial Watch's Amended Counterclaim in

this action include various legal claims stemming from events that occurred after Klayman left

Judicial Watch in September 2003.  *Id.*  Many of these claims arise out of the Severance

2

Agreement entered into by Klayman and Judicial Watch on September 19, 2003.  *Id.*  The Court

need not address the specifics of the parties' claims at this time, other than to note that, *inter alia*,

Klayman asserts claims against the Defendants under the Lanham Act for unfair competition in

the form of false advertising and false endorsements and for breach of contract relating to the

Severance Agreement.  2d Am. Compl. ¶¶ 97-106; 115-162.  Judicial Watch asserts

counterclaims against Klayman under the Lanham Act for trademark infringement, unfair

competition in the form of false advertising and false association, and cybersquatting.  Am.

Count. ¶¶ 84-116.

On December 3, 2007, this Court referred the instant case to Magistrate Judge Kay for

disposition of all pending and future discovery-related motions pursuant to Local Civil Rule

72.2(a).  *See* Docket No. [85].  As is relevant to Klayman's Objections, on November 2, 2007,

Defendants served on Klayman their Supplemental Requests for Production of Documents.  *See*

3/12/08 Mem. Order, Docket No. [117], at 4.  Klayman's responses were due on December 6,

2007.  *Id.*  No responses were provided by that date, however, and on December 17, 2007,

counsel for Defendants sent a letter to then-Plaintiff's counsel indicating that they would file a

motion to compel unless they received the documents by December 19, 2007.  *Id.*  On December

18, 2007, Klayman served Responses on Defendants, in which he asserted various objections and

claims of privilege, but did not provide any documents responsive to Defendants' Supplemental

Requests or provide a privilege log substantiating his claims of privilege.  *Id.* at 4-5.  On January

9, 2008, Defendants again warned Klayman that they would file a motion to compel if they did

not receive responsive documents.  *Id.* at 5.  Klayman failed to produce the documents, and

Defendants filed a motion to compel on February 6, 2008.  *Id.* at 5; Defs' Suppl. Requests Mot.

to Compel, Docket No. [106-2].  Specifically, Defendants requested that Magistrate Judge Kay

compel Klayman to produce materials responsive to document requests nos. 1-57 and 60, and

also requested that Klayman be required to pay the fees and costs incurred by Defendants in

filing their motion to compel.  3/12/08 Mem. Order at 5.  Each of the document requests at issue

relate, in large part, to Defendants' counterclaims, and many also relate to Klayman's claims for

damages.  *See id.* at 8, 9.

On March 12, 2008, Magistrate Judge Kay granted Defendants' motion as to all but one

document request.  *See* 3/12/08 Order, Docket No. [117].  Because the document requests sought

relevant information and Klayman had not adequately demonstrated that the requests were

improper, Magistrate Judge Kay ordered Plaintiff to supplement his responses to the documents

within ten days.  *Id.* at 11.  In addition, Magistrate Judge Kay granted Defendants' request for

monetary sanctions, awarding Defendants costs and attorneys' fees.[1]  *Id.* at 12.  Klayman filed

objections to the Order, *see* Docket No. [125], which were overruled by this Court, *see* Docket

No. [167].  Magistrate Judge Kay's March 12, 2008 Memorandum Order was therefore affirmed

in its entirety.  *See id.*

Thereafter, on July 7, 2008, Magistrate Judge Kay held a Status Conference after the

scheduled close of discovery to address any outstanding discovery issues.  On July 9, 2008,

Magistrate Judge Kay issued an Order addressing all such remaining discovery issues and

memorializing the schedule set during the Status Conference.  *See* 7/9/08 Order, Docket No.

[200].  As Magistrate Judge Kay noted in his July 9, 2008 Order, "Plaintiff represented [at the

---

[1] Magistrate Judge Kay separately awarded Defendants the requested monetary sanctions
in an order dated July 1, 2008.  *See* Docket No. [199].

July 7, 2009 Status Conference] that he will be able to provide [the] documents [sought by Defendants] to Defendants by July 25, 2008." *Id.* at 2.  Magistrate Judge Kay further stated that "[t]he Court cautions Plaintiff to be mindful of this deadline, as further noncompliance with his discovery obligations will expose him to risk of sanctions." *Id.*  Klayman, however, failed once again to produce the responsive documents to Defendants.

Thereafter, on August 12, 2008, Defendants filed a motion requesting that Klayman be precluded from testifying or admitting any purported evidence in support of any of his alleged claims for damages or in support of his alleged defenses to Defendants' counterclaims as a sanction for his failure to produce the requested discovery as required by Magistrate Judge Kay. *See* Defs.' Mot. for Pl.'s Failure to Comply with Court Order, Docket No. [218].  Significantly, Klayman did ***not*** respond to Defendants' motion for sanctions nor did he produce the requested documents.  3/24/09 Mem. Op. at 6.  Indeed, as of March 24, 2009—more than six months after Klayman's opposition to Defendants' motion would have been due—Klayman had yet to respond in anyway to either Defendants' motion for sanctions or the outstanding document requests.[2] Consequently, Magistrate Judge Kay issued a Memorandum Opinion and Order, dated March 24, 2009, treating Defendants' motion as conceded pursuant to LCvR 7(b).  *Id.* at 7.  Magistrate Judge Kay nonetheless proceeded to consider the substantive merits of Defendants' request for sanctions and reviewed in detail the procedural history surrounding Defendants' outstanding document requests.  *See generally id.*  Magistrate Judge Kay ultimately concluded that

---

[2] In the intervening time period, pursuant to this Court's previous scheduling order, the parties each filed their motions for summary judgment on November 25, 2008.  *See* Docket Nos. [266], [267], [268], [269], [270], [275].  Accordingly, Defendants were required to file their motions for summary judgment and respond to Klayman's partial motion for summary judgment without the requested documents.

Klayman's failure to produce the relevant material severely prejudiced both the Defendants and the judicial system, and that Klayman, in refusing to comply with the Court's discovery orders, acted willfully and with full knowledge that his actions were not in accordance with the Federal Rules and Magistrate Judge Kay's orders.  *Id.* at 8-9.  As prior attempts to ensure Klayman's compliance through application of the lesser sanction of monetary costs and fees had proved fruitless, Magistrate Judge Kay granted Defendants' request to prohibit Klayman from testifying or introducing into evidence any documents in support of his claims for damages or in support of his defenses to Defendants' counterclaims.  *Id.* at 9.  Klayman now objects to this Order.

## II.  LEGAL STANDARD AND DISCUSSION

As discussed above, Klayman has combined his objections to Magistrate Judge Kay's March 24, 2009 Order with a request to disqualify Magistrate Judge Kay.  The Court shall begin first by addressing Klayman's request to disqualify Magistrate Judge Kay before than turning to a discussion of the March 24, 2009 Order and consideration of Klayman's objections to that ruling.

### A.    *Disqualification of Magistrate Judge Kay is Neither Appropriate or Necessary*

As stated above, Klayman has moved for disqualification of Magistrate Judge Kay. Although Klayman does not specify the legal authority for this request, it appears that he contends that Magistrate Judge Kay should be disqualified pursuant to 28 U.S.C. § 455(a).[3] Under section 455(a), a litigant is permitted to seek recusal of a federal judge "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In assessing

---

[3] Specifically, Klayman asserts that he "moves to disqualify the Magistrate Judge on the same grounds" upon which he previously moved to disqualify this Court.  Pls.' Objs. at 2. Reference to Klayman's motion to disqualify this Court shows that Klayman sought recusal under 28 U.S.C. § 455(a).  *See* Pl.'s Mot. for Recusal and/or Disqualification, Docket No. [298], at 1.

section 455(a) motions, the D.C. Circuit applies an "objective" standard: "Recusal is required

when 'a reasonable and informed observer would question the judge's impartiality.'" *S.E.C. v.

Loving Spirit Found. Inc.*, 392 F. 3d 486, 493 (D.C. Cir. 2004) (quoting *United States v.

Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001), *cert. denied*, 534 U.S. 952 (2001))).  Here,

although Klayman's briefing is far from a model of clarity, it appears that he alleges two sources

of bias that he contends would cause a "reasonable and informed observer" to question

Magistrate Judge Kay's impartiality.  First, Klayman asserts that various rulings by Magistrate

Judge Kay create an appearance of bias against him.  Pl.'s Objs. 1-4.  Second, Klayman argues

that Magistrate Judge Kay should be disqualified because of his alleged political background.  *Id.*

at 3-4; Pl.'s Reply at 4-5.  The Court shall address each in turn.[4]

Before doing so, however, the Court notes that Klayman makes his request to disqualify

Magistrate Judge Kay for the first time before this Court.  Although neither party has raised this

---

[4] Klayman also states that his motion to disqualify Magistrate Judge Kay incorporates by reference all arguments asserted in his separately-filed motion to recuse this Court, Docket No. [298].  *See* Pl.'s Objs. at 2 ("Plaintiff incorporates by reference the recusal and disqualification motion of the trial judge and respectfully moves to disqualify the Magistrate Judge on the same ground.").  However, as the D.C. Circuit has emphasized, "[r]ecusal is a highly personal decision."  *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988).  It is therefore unclear to the Court how arguments relating to an apparent bias on the part of this Judge would also be relevant to a motion to recuse Magistrate Judge Kay.  Nonetheless, to the extent Klayman has incorporated any such arguments, they fail for the same reasons set forth in the Court's Order, issued today, denying Klayman's motion to recuse this Court.

In addition, the Court notes that, in his instant Objections, Klayman has made various allegations that appear to be directed towards this Judge as well as towards Magistrate Judge Kay.  In particular, Klayman repeats his argument, asserted initially in his separate Motion to Recuse and/or Disqualify this Court, *see* Docket No. [298], that this Court must be disqualified based on the fact that it was appointed by the former Clinton administration.  Again, the Court has, by separate order issued today, denied Klayman's motion seeking to recuse this Court, finding that recusal is not warranted, justified or necessary.

issue, it is not entirely clear whether the request for disqualification is therefore properly before this Court.  As the D.C. Circuit has observed, "[r]ecusal is a highly personal decision."  *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988).  A motion to recuse pursuant to section 455(a) requires that a "judge must assess the truth of the facts alleged and determine if they would impeach his impartiality."  *Id.*  It is therefore "not a decision that an appellate panel may make for a district court judge in the first instance."  *Id.*  Rather, "[i]t is for the district court judge to decide as an initial matter whether he will . . . step aside in favor of another judge."  *Id.* at 1302.  Here, Klayman seeks an order from this Court disqualifying Magistrate Judge Kay without first providing the Magistrate Judge with an opportunity to evaluate the request himself.  The D.C. Circuit's opinion in *Liberty Lobby* would therefore seem to counsel against considering Klayman's request without first providing Magistrate Judge Kay the opportunity to "assess the truth of the facts alleged and determine if they would impeach his impartiality or appearance of impartiality."  *Id.* at 1301.

In this case, however, it is readily apparent upon review of Klayman's briefing that he has, in fact, failed to set forth ***any*** specific facts or evidence supporting his request to disqualify Magistrate Judge Kay.  Rather, Klayman's request is based solely on his own unfounded speculation and his evident displeasure with certain unfavorable rulings.  The Court therefore concludes that, in this particular circumstance where Klayman has failed to allege any specific facts supporting his request to recuse, there is no benefit—to either this Court or to Magistrate Judge Kay—in requiring Klayman to first raise his request for disqualification before the Magistrate Judge.  Quite simply, the Court sees no need to provide Magistrate Judge Kay with an opportunity to first "assess the truth of the facts alleged," when no such facts have even been

alleged.  Accordingly, the Court shall proceed to the merits of Klayman's assertion that

Magistrate Judge Kay must be disqualified pursuant to section 455(a).[5]

          1.    <u>Klayman's Dissatisfaction with Magistrate Judge Kay's Rulings Does Not Warrant Disqualification</u>

       Klayman broadly alleges that various rulings by Magistrate Judge Kay have created an

appearance of bias against him.  At the outset, the Court emphasizes that, although Klayman

complains generally of Magistrate Judge Kay's decisions on several issues, he fails to provide

any citations to the specific rulings that he believes are evidence of bias.  Rather, Klayman makes

a variety of unsupported, conclusory statements attacking unspecified decisions by Magistrate

Judge Kay.  *See, e.g.,* Pl.'s Objs. at 3 (alleging without support that Magistrate Judge Kay "acted

capriciously and unreasonably and contrary to established precedent"); *id.* at 4 (alleging without

support that ruling by Magistrate Judge Kay "is contrary to accepted practice and legal norms").

The D.C. Circuit has counseled, however, that "[a] judge should not recuse himself based upon

conclusory, unsupported or tenuous allegations."  *See In re Kaminski*, 960 F.2d 1062, 1065, n. 3

(D.C. Cir. 1992) (per curium); *see also Ivey v. Nat'l Treasury Employees Union*, Civ. Act. No.

05-1147, 2008 WL 4091676, *1 (D.D.C. Sept. 4, 2008) ("general and conclusory" statements are

insufficient to support a motion for recusal).  For this reason alone, then, Klayman's arguments

are insufficient to warrant disqualification.

       More importantly, it is evident upon review of Klayman's briefing that his arguments

---

[5] The Court notes that this is not the first time Klayman has moved this Court to remove Magistrate Judge Kay from this case.  *See* Pl.'s Mot. to Reassign Case to Magistrate Judge Facciola on Discovery and Related Issues, Docket No. [217].  The Court denied that motion by Order dated August 25, 2008, concluding that Klayman's allegation that Magistrate Judge Kay had taken sides in favor of Defendants was "entirely devoid of merit."  *See* Docket No. [227], at 2.

aimed at Magistrate Judge Kay's rulings in this case are simply based on his disagreement with decisions unfavorable to him.  Discovery in this case has been contentious and, in the three years since Klayman filed his complaint in this matter, Magistrate Judge Kay has issued more than fifty orders.  Unsurprisingly, not all rulings have been in Klayman's favor.  The fact that Klayman remains displeased with Magistrate Judge Kay's rulings, however, is not sufficient to support disqualification.  As the Supreme Court has made clear, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  Rather, judicial rulings by themselves "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*  Therefore, dissatisfaction with a court's rulings "almost invariably" provides a proper ground for appeal—***not*** for recusal. *Id.*  In this case, Klayman has, in fact, exercised his right to appeal in almost every instance, objecting to virtually all substantive discovery orders issued by Magistrate Judge Kay.  *See* Docket Nos. [99], [103], [123], [125], [154], [162], [172], [173], [175], [176], [203], [215], [254], [255].  This Court, after carefully reviewing the challenged rulings, affirmed each of them in all respects, finding them well-reasoned and well-supported by the record.  The Court specifically considered and rejected each of Klayman's Objections to Magistrate Judge Kay's rulings, and found neither factual nor legal error on Magistrate Judge  Kay's part.  *See* Docket Nos. [134], [167], [183], [184], [185], [189], 8/7/08 Minute Order, [261], [262].  Plaintiff's continuing displeasure with Magistrate Judge Kay's rulings simply does not establish bias on the part of Magistrate Judge Kay,

particularly where this Court has upheld without exception Magistrate Judge Kay's rulings.[6]  "[I]f

disqualification were required 'merely as a result of counsel's disagreement with judicial

conclusions reached in the course of litigation, the judicial system would grind to a halt." *Loving*

*Spirit Found.*, 392 F.3d at 494 (quoting *Barnett v. City of Chicago*, 952 F. Supp. 1265, 1269

(N.D. Ill. 1998)).

Klayman also appears to take issue with the tone or words used by Magistrate Judge Kay

in certain instances, broadly complaining that Magistrate Judge Kay has evidenced a "hostile"

attitude and has "show[n] animus toward him."  Pl.'s Reply at 3.  Klayman, however, has—once

again—failed to direct the Court to any evidence supporting this claim nor is the Court itself

aware of any such evidence.  Moreover, such a complaint does not demonstrate bias.  As the D.C.

Circuit has explained, "[s]harp words spoken by a trial court to counsel do not by themselves

establish impermissible bias.  There is a modicum of quick temper that must be allowed even

judges." *United States v. Lawson*, 494 F.3d 1046, 1055 (D.C. Cir. 2007) (quoting *United States*

*v. Donato*, 99 F.3d 426, 434 (D.C. Cir. 1996));  *see also Liteky*, 510 U.S. at 555-56 ("*Not*

establishing bias or partiality, however, are expressions of impatience, dissatisfaction,

annoyance, and even anger.") (emphasis in original).  The Court therefore concludes that

Magistrate Judge Kay's rulings do not warrant disqualification.

------

[6] Despite Klayman's focus on those decisions issued by Magistrate Judge Kay ruling against Klayman, the Court notes that Magistrate Judge Kay ruled in favor of Klayman with respect to at least one discovery dispute (and that this Court affirmed his ruling in that respect over Defendants' objections), and further notes that Magistrate Judge Kay has granted Klayman a number of extensions and continuances over Defendants' objections. *See, e.g.,* Docket No. [167] (overruling Defendants' Objections to Magistrate Judge Kay's March 12, 2008 Memorandum Opinion); *see also* 3/13/08 Minute Order (granting, over Defendants' objections, Klayman's request to continue his deposition); 8/13/08 Minute Order (granting Klayman's request to reset certain depositions over Defendants' objections).

2.      Disqualification Based on Magistrate Judge Kay's Alleged Political
        Background is Not Warranted Either

Klayman next argues that recusal is necessary because of Magistrate Judge Kay's alleged

political background and beliefs.  Specifically, Klayman alleges that "Magistrate Judge Kaye

[*sic*] [] is quite liberal and a Democrat," and that an appearance of bias therefore exists against

Klayman, who is a self-described "conservative public interest advocate."  Pl.'s Reply at 4.  Once

again, Klayman has failed to cite any facts or evidence in support of his claims.  *See generally id.*

However, even assuming that Magistrate Judge Kay is a "liberal" and/or a "Democrat," these

facts by themselves do not warrant disqualification.  "Judges generally have political

backgrounds to one degree or another but must be presumed, absent more, to be impartial.  At

least in the federal system, judges separate themselves from politics when going on the bench,

and their life tenure reduces any felt reliance on political patrons."  *MacDraw, Inc. v. CIT Group

Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998), *cert. denied*, 525 U.S. 874 (1998) (rejecting

Plaintiff's[7] allegation that recusal is warranted based upon judge's alleged political affiliation).

*Cf.  Karim-Panahi*, 2004 WL 1588167, * 4 (affirming lower court's denial of motion for recusal

based on allegations that the judge was "biased because of her 'political-religious connections'

and her alleged loyalty to those who selected, confirmed and appointed her").  Accordingly, it is

clear that, even if true, the mere fact that Magistrate Judge Kay may be a Democrat and/or have a

liberal political background does not warrant or require recusal.

---

[7] The Court notes that Klayman was counsel of record for Plaintiff in the *MacDraw* case.
*See* 138 F.3d at 35.

12

3.     Klayman's Unsupported Allegations Attacking the Court's Integrity Are
       Wholly Inappropriate

Finally, the Court notes that, throughout Klayman's Objections, he has made various

unsupported, unsubstantiated, and highly insulting allegations accusing this Court and Magistrate

Judge Kay of colluding together to intentionally deny Klayman his fair day in court.  For

example, Klayman has accused this Court and Magistrate Judge Kay, without any support, of

"work[ing] in tandem [to] destroy[] the independence of the Magistrate Judge and trial judge

review process."  Pl.'s Objs. at 2.  Klayman has also brazenly alleged—again without any

evidentiary or factual support—that this Court and Magistrate Judge Kay are "in obvious league"

together and have worked to "'cleverly' prevent[] Plaintiff from having [certain discovery] issues

heard by the appellate court."  *Id.* at 3.  He also accuses both this Court and Magistrate Judge

Kay of "effectively [throwing] [Plaintiff's motion] into the trash;" of ordering discovery as "'pay

back' to Plaintiff for his public interest efforts;" and of "allow[ing] this case to be transformed

from a commercial dispute into a sleazy divorce action" as "apparent pay back."  Pl.'s Reply at 2,

4.  Still yet, Klayman asserts that "this court and the magistrate-judge has [*sic*] brow-beaten and

punished Plaintiff."  *Id.* at 5.  These allegations have each been made by Klayman based solely

on his own reckless and unfounded speculation without citation to any facts or evidence.  It is

patently clear that such conclusory and unjustified allegations  are wholly insufficient to warrant

recusal.  *See In re Kaminski*, 960 F.2d at 1065, n. 3; *see also Ivey,* 2008 WL 4091676, *1.[8]

---

[8]  Based on these allegations, Klayman requests "an evidentiary hearing concerning the
communications between the Magistrate Judge and the trial judge in drafting, formulating and
issuing the Memorandum Opinion and Order that are being appealed herein," as well as "the
production of email and evidence of other communications between the two offices."  Pl.'s Objs.
at 2.  Noticeably, Klayman has failed to identify a single case authorizing the type of discovery
he now demands, which is not surprising considering the rather extraordinary relief he requests.

13

The Court, however, is concerned by the increasingly uncivil tone exhibited in Klayman's most recent filings, culminating in his wildly speculative attacks on the integrity of both this Court and Magistrate Judge Kay.  The Court is aware that Klayman apparently "has a history of accusing judges of bias or prejudging cases."  *Macdraw*, *Inc. v. CIT Group Equip. Fin., Inc.,* 994 F. Supp. 447, 459 (S.D.N.Y. 1997) (sanctioning Klayman, as counsel of record, for unprofessional comments in connection with a request for recusal and citing cases in which Klayman, acting as counsel of record, filed similar motions seeking to disqualify the presiding court based upon the trial judge's alleged bias).  Indeed, in this case alone, Klayman has now brought two motions seeking removal of Magistrate Judge Kay and one motion seeking recusal of this Court, and has unnecessarily repeated the unfounded allegations asserted therein in substantive briefing.  *See* Pl.'s Mot. to Reassign Case to Magistrate Judge Facciola on Discovery and Related Issues, Docket No. [217]; Pl.'s Mot. for Recusal and/or Disqualification, Docket No. [298]; Plaintiff's Objs., Docket No. [304]; Second Affidavit of Larry Klayman, Docket No. [288].  These filings are marked by an uncivil tone that is simply unacceptable.  The Court therefore places Klayman on notice that it shall not tolerate an inappropriate and uncivil tone in the future.  Klayman is capable of submitting filings that are both appropriate and civil.

> B.    *Magistrate Judge Kay's March 24, 2009 Memorandum Opinion and Order are Well-Supported and Well-Reasoned, and Shall be Affirmed in Their Entirety*

The Court now turns to Klayman's Objections to Magistrate Judge Kay's March 24, 2009 Memorandum Opinion and Order.  Upon a searching review of that Memorandum Opinion and

---

More importantly, as stated above, Klayman's allegations upon which this request is based are grounded in nothing more than unfounded speculation.  The Court therefore denies Klayman's unsupported and unprecedented request for discovery.

Order, as well as Klayman's Objections, Defendants' Opposition thereto, Klayman's Reply, and

the initial briefing regarding the underlying motions, the Court concludes that Klayman's

Objections [304] for the reasons stated below.

    1. <u>Legal Standard for Review of Klayman's Objections Pursuant to LCvR</u>
      <u>72.2(b)</u>

   Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate

judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]"  LCvR 72.2(b).  Local Civil

Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part

thereof to which objection is made, and the basis for the objection."  *Id.*  Pursuant to Local Civil

Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order

under this Rule found to be clearly erroneous or contrary to law."  *See also* Fed. R. Civ. P. 72(a)

("The district judge in the case must consider timely objections and modify or set aside any

portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.")

(emphasis added).  A court should make such a finding when "'on the entire evidence' the court

'is left with the definite and firm conviction that a mistake has been committed.'"  *Neuder v.

Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v.

U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217,

218 (D.D.C. 2001).  In light of this standard, the Court reiterates that "[p]arties must take before

the magistrate, not only their best shot, but all of their shots."  *Borden v. Sec'y of Health &

Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

2.     <u>Klayman Has Not Demonstrated that Magistrate Judge Kay's March 24, 2009 Memorandum Opinion and Order are Clearly Erroneous or Contrary to the Law</u>

The Court notes at the outset—as it has with respect to each of Klayman's previous Objections to Magistrate Judge Kay's rulings in this case—that Klayman's Objections fail to "specifically designate" the parts of Magistrate Judge Kay's Memorandum Opinion and Order to which Klayman objects or provide "the basis," *i.e.*, any legal authority, for specific objections, as required by Local Civil Rule 72.2(b).  *See generally* Pl.'s Objs., Docket No. [304].  Klayman's Objections do not provide this Court with any analysis or discussion of Magistrate Judge Kay's ruling, let alone provide any specific designation of the portions of Magistrate Judge Kay's ruling to which Klayman objects.  Klayman's objections are similarly devoid of any citation to supporting case law, and certainly do not provide the Court with sufficient legal authority or "basis" to support his objections, as required under local rules.  Accordingly, Klayman's objections are, ***once again***, in direct violation of the local rules of this Court.  Klayman's continued failure to conform his Objections to the requirements of the local rules of this Court—despite the Court's repeated admonishment to Klayman that his objections are in violation of LCvR 72.2(b)[9]—is yet another example of Klayman's disregard for this Court and its Orders.

Moreover, because Klayman failed to file any opposition to Defendants' motion for sanctions below (despite having more than six months in which to do so), Klayman raises all of his arguments against Defendants' motion for the first time before this Court.  As explained

---

[9] *See, e.g.,* 5/12/08 Order, Docket No.[167], at 4 (advising Klayman that his objections to failed to comply with LCvR 72.2(b)); 5/28/08 Order, Docket No. [183], at 4 (same); 11/6/08 Order, Docket No. [261], 4-5 (same); 11/6/08 Order, Docket No. [262], at 4-5 (same).

above, however, the "[p]arties must take before the magistrate, not only their best shot, but all of

their shots." *Borden*, 836 F.2d at 6.  "[A] motion for reconsideration is 'not simply an

opportunity to reargue facts and theories upon which the court has already ruled.'" *Globalaw Ltd*.

*v. Carmon & Carmon Law Off.*, 452 F. Supp. 2d 1, 59 (D.D.C. 2006) (quoting *United States v.*

*Funds from Prudential Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003)).  "Nor is it 'a vehicle for

presenting theories or arguments that could have been presented earlier.'" *Id.* (quoting *Funds*

*from Prudential Sec.*, 245 F. Supp. 2d at 38).  As Defendants note, Klayman's arguments quite

clearly *could have* been presented earlier to the Magistrate Judge and are therefore an improper

basis for Klayman's objections.  *See* Defs.' Opp'n at 5.  The Court concludes that Klayman has

therefore waived his arguments to Defendants' motion requesting sanctions.  *Marshall v. Chater*,

75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived.").

  Nonetheless, the Court finds that, even if it were to consider Klayman's objections—to

the extent he actually makes any substantive arguments—the Court would conclude that his

objections are wholly without merit.  Indeed, Klayman's objections offer no reason to conclude

that Magistrate Judge Kay's March 24, 2009 Memorandum Opinion and Order are clearly

erroneous or contrary to law.  As Magistrate Judge Kay explained, Rule 37 of the Federal Rules

of Civil Procedure provides that a court may sanction a party that fails to obey a discovery order.

*See* 3/24/09 Mem. Op. at 6 (citing Fed. R. Civ. P. 37).  Specifically, Rule 37(b)(2)(A) provides

that, "if a party . . . fails to obey an order to provide or permit discovery, including an order made

under [Rule 37(a)] . . . the court in which the action is pending may issue further just orders."

This includes an order "prohibiting the disobedient party from supporting or opposing designated

claims or defenses, or from introducing designated matters into evidence," or "striking pleadings in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii).  Significantly, Klayman has made no effort to dispute Magistrate Judge Kay's findings: (1) that Klayman repeatedly failed to comply with the discovery orders requiring him to produce documents responsive to Defendants's discovery requests, despite the fact that he "sought, and was repeatedly provided, more than adequate time to produce the required discovery documents," *see* 3/24/08 Mem. Op. at 5-6, 8; and (2) that he has not, to date, produced any documents responsive to Defendant's discovery requests, *id.  See generally* Pl.'s Objs.  Indeed, even now, Klayman makes no effort to comply with Magistrate Judge Kay's discovery orders, as affirmed by this Court, and in fact makes no representation that he will ***at any point*** make any efforts to produce the responsive documents at issue.  *See generally* Pl.'s Objs.  Accordingly, it is beyond dispute that Magistrate Judge Kay was well within his discretion to sanction Klayman.

The only question then is whether the sanction ordered by Magistrate Judge Kay is appropriate in this case.  Magistrate Judge Kay ruled that Klayman is "prohibited from testifying to or introducing into evidence any documents in support of his claims for damages or in support of his defenses to Defendants' counterclaims."  3/24/09 Mem. Op. at 9.  In so doing, Magistrate Judge Kay observed that, "[w]hile the sanction of barring certain testimony and evidence from admission is generally not as severe as the sanction of a default judgment, the sanctions that will be applied here may go to the heart of Plaintiff's claims and defenses."  *Id.* at 7.  In such a situation where a more serious sanction is contemplated, the D.C. Circuit has advised a trial court to consider "three basic justifications that support the use" of a more severe sanction, such as a default judgment: "(1) a determination that 'the errant party's behavior has severely hampered

18

the other party's ability to present his case'; (2) 'the prejudice caused to the judicial system where the party's misconduct has put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate delay'; and (3) 'the need to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" *Perez v. Berhanu*, 583 F. Supp. 2d 87, 90-91 (D.D.C. 2008) (quoting *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)).  Finally, while the D.C. Circuit does "not require a district court . . . to exhaust lesser sanctions before turning" to a more severe sanction, the Circuit does "require that the court explain its reasons for issuing [the more severe sanction] rather than a lesser sanction." *Webb*, 146 F.3d at 971.

Here, Magistrate Judge Kay properly applied D.C. Circuit precedent and concluded that the sanction requested by Defendants was appropriate.  Significantly, Klayman, in his Objections, does not make any attempt to dispute the Magistrate Judge's findings that: (1) Klayman's "conduct has severely prejudiced Defendants by preventing them from reviewing any documentary evidence relating to Plaintiff's damages or alleged counterclaims," *id.* at 8; (2) Klayman's "conduct throughout this case, and particularly with respect to his recalcitrance to provide *any* discovery in response to the instant discovery requests, has burdened the Court," *id.* (emphasis in original); and (3) Klayman "has acted willfully and with full knowledge that his actions were not in accordance with the Federal Rules and this Court's orders," and has "repeatedly failed to meet" his obligations to a party before the Court, *id.* at 9.  *See generally* Pls.' Objs.  Nor does Klayman contest Magistrate Judge Kay's conclusion, based on the record in this case, that "[p]rior attempts to alter Plaintiff's behavior with the lesser sanction of monetary costs and fees have proved fruitless," *id.* at 9.  *See generally id.*  Klayman thus points to no

19

factual or legal error in the March 24, 2009 Memorandum Opinion and Order, which the Court

concludes is amply supported by the record in this case.

Rather, Klayman simply repeats his argument that the underlying discovery, which relates

in part to his claims for damages, is improper.  These arguments, however, have already been

rejected by both Magistrate Judge Kay and this Court.  Indeed, Klayman filed a petition for a writ

of mandamus with the D.C. Circuit requesting the Circuit compel the "preservation and

prevention of the production of certain documents . . . requested by [Defendants] and ordered to

be produced . . . by Judge Colleen Kollar-Kotelly." *See* Docket No. [224-2] at 2.  The D.C.

Circuit denied Klayman's petition, as well as his motion for rehearing en banc.  *See In re*

*Klayman*, No. 08-5128 (D.C. Cir. Jul. 25, 2008) (denying Klayman's petition for mandamus)

(per curiam); *id.* (D.C. Cir. Sept. 10, 2008) (denying Klayman's motion for rehearing *en banc*)

(per curiam).  It is therefore evident that Klayman, like all litigants, has had an opportunity to

appeal the discovery orders at issue.  Having failed to receive a favorable decision, however,

Klayman may ***not*** simply ignore his obligations without repercussion.  *See, e.g., Weisberg v.*

*Webster*, 749 F.2d 864, 872 (D.C. Cir. 1984) (finding that trial court was within its discretion to

dismiss case as sanction for party's "willful" failure to timely comply with court's discovery

orders).

In addition, Klayman, seemingly conceding that some sanction is warranted in this

circumstance, argues that Magistrate Judge Kay should have instead "issued a civil contempt

finding," which, according to Klayman, would then permit him to appeal the underlying

discovery issues directly to the D.C. Circuit.  Pl.'s Obj. at 3.  Klayman wildly speculates that the

Magistrate Judge declined to do so only in a "clever[]" ploy to "prevent[] Plaintiff from having

20

the issues heard by the appellate court." *Id.*  As an initial matter, Klayman failed to file an

opposition to Defendants' motion for sanctions below and so never requested that Magistrate

Judge Kay issue a civil contempt order as an alternative sanction.  Moreover, a "district court[]

[has] discretion whether to hold a party who refuses to comply with a discovery order in civil or

criminal contempt."  *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 391 (D.C. Cir. 1998); *see*

*also Beecham v. Socialist People's Libyan Arab Jamahiriya*, 424 F.3d 1109, 1112 (D.C. Cir.

2005) ("District courts can impose any number of sanctions besides contempt when a party fails

to comply with a discovery order.").  Magistrate Judge Kay was therefore well within his

discretion in choosing not to issue a civil contempt order in this case.  More importantly,

however, Klayman's argument is predicated on an incorrect statement of the law in this Circuit.

Contrary to Klayman's assertions, the D.C. Circuit has made clear that "a civil contempt order

against a party in a pending proceeding is not appealable as a final order." *Byrd v. Reno*, 180

F.3d 298, 302 (D.C. Cir. 1999); *see also Beecham*, 424 F.3d at 1112 ("The law of this circuit

now is that 'a civil contempt order against a party in a pending proceeding is not appealable as a

final order under 28 U.S.C. § 1291.'") (quoting *Byrd*, 180 F.3d at 302)).  Klayman's assertion is

thus neither supported by the record or by the case law of this Circuit.

The Court concludes that Magistrate Judge Kay's March 24, 2009 Memorandum Opinion

and Order granting Defendants' [218] Motion for Sanctions for Plaintiff's Failure to Comply

with Court Order is well-reasoned, thorough, and supported by the record, and shall be affirmed

as a result.  The Court shall therefore overrule Plaintiff's Objections to Magistrate Judge Kay's

[301] March 24, 2009 Memorandum Opinion and [302] Order, and affirm that Memorandum

Order in its entirety.

**IV. CONCLUSION**

For the reasons set forth above, the Court  shall DENY Plaintiff's request to disqualify Magistrate Judge Kay, shall OVERRULE Plaintiff's [304] Objections to Magistrate Judge Alan Kay's March 24, 2009 Memorandum Opinion and Order, and shall AFFIRM Magistrate Judge Kay's March 24, 2009 Memorandum Opinion and Order in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

Date:   June 25, 2009

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge