UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

   Plaintiff/Counter-Defendant,

   v.

JUDICIAL WATCH, INC., *et al.*,

   Defendants/Counter-Plaintiffs.

Civil Action No. 06-670 (CKK)

MEMORANDUM OPINION
(October 14, 2009)

This Memorandum Opinion addresses the discrete issue held in abeyance by the Court's June 25, 2009 Memorandum Opinion: the amount of unpaid expenses owed by Plaintiff, Larry Klayman, to Defendant Judicial Watch, Inc. (hereinafter "JW"), pursuant to paragraph 10 of the Severance Agreement signed between the two parties. Klayman filed the above-captioned lawsuit against Defendants[1] alleging a variety of claims, including breach of contract, violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B), and defamation. Defendants JW and Fitton in turn filed a Counterclaim against Klayman, which, as amended, sets forth 11 causes of action against Klayman, including breach of contract, indemnification, trademark infringement, unfair competition, and cybersquatting.

In its June 25, 2009 Memorandum Opinion, the Court, *inter alia*, granted-in-part but held in abeyance-in-part JW's [270] motion for summary judgment with respect to Count One of its Amended Counterclaim, in which JW alleges that Klayman breached paragraph 10 of the

---

[1] In addition to JW, Klayman named as Defendants in this action Thomas J. Fitton, President of JW; Paul J. Orfanedes, Secretary and a Director of JW; and Christopher J. Farrell, a Director of JW.

Severance Agreement by failing to reimburse JW for personal costs and expenses incurred by Klayman during his employment. *See Klayman v. Judicial Watch, Inc.*, Civ. Act. No. 06-670, Mem. Op. (D.D.C. Jun. 25, 2009), Docket No. [319], at 71-77. More specifically, the Court granted JW's motion insofar as it related to Klayman's liability for breach of contract based on unpaid expenses, but held the motion in abeyance insofar as it related to JW's request for a determination of damages. *Id.* at 77.

In particular, JW had urged the Court to find Klayman liable for $85,242.03 — an amount which included both the unpaid expenses Klayman owed JW and the accrued interest JW claimed it was owed with respect to those unpaid expenses. JW, however, failed at that time to establish that it was legally entitled to prejudgment interest. Accordingly, the Court decided to "defer consideration of JW's request for prejudgment interest until after all liability issues have been resolved." *Id.* Moreover, because JW had not provided the Court with a sufficiently detailed breakdown of the total amount of damages requested, such that the Court could determine which portion of the request was attributable solely to the unreimbursed personal expenses, the Court was unable to make a finding as to the amount for which JW had shown Klayman was liable — *i.e.*, the unpaid expenses. *Id.* at 76-77. The Court therefore held in abeyance JW's motion with respect to the amount of unpaid expenses owed by Klayman pending submission by JW of "a detailed accounting, with supporting documentation, of the amount of unpaid expenses owed by Klayman — ***without interest*** — so that the Court can determine the appropriate amount of actual damages to award." *Id*. at 77 (emphasis in original). JW has since provided the Court with the supplemental accounting information as required. *See* JW's Supp. Br., Docket No. [321]. In addition, notwithstanding the Court's decision to defer consideration of JW's request for

prejudgment interest until after all liability issues are resolved, JW has once again raised its claim for prejudgment interest. *See generally id.*

Upon thorough consideration of the parties' supplemental submissions as well as attachments thereto, the relevant case law and record of this case as a whole, the Court finds that Klayman is liable to JW for $69,358.48 in unpaid expenses in breach of the Severance Agreement and therefore shall GRANT JW's [270] motion for summary judgment, as supplemented, insofar as it seeks monetary damages (excluding interest) in the amount of $69,358.48. To the extent, however, that JW has moved for reconsideration of the Court's previous decision to defer consideration of JW's request for prejudgment interest until after liability has been resolved as to all remaining claims and counterclaims, the Court shall DENY JW's request, for the reasons set forth below.

**DISCUSSION**

The factual background of this case is extensively discussed in this Court's June 25, 2009 Memorandum Opinion regarding the parties' cross-motions for summary judgment. *See Klayman v. Judicial Watch, Inc.,* Civ. Act. No. 06-670, Mem. Op. (D.D.C. Jun. 25, 2009), Docket No. [319] (hereinafter "June 25, 2009 Mem. Op."). The Court shall not now repeat that discussion, but assumes familiarity with it and expressly incorporates it herein. Having previously concluded that Klayman is liable for breach of contract based on unpaid expenses he owed to JW pursuant to paragraph 10 of the Severance Agreement, *see id.* at 71-77, the Court addresses only the question of damages resulting from this breach of contract.

In its June 25, 2009 Memorandum Opinion, the Court found Klayman liable for all unpaid expenses claimed by Defendants and listed in Invoice Nos. 1-47 and 49-52, which are attached as

Exhibit 13 to the Second Declaration of Susan E. Prytherch submitted in support of JW's motion for summary judgment. *See* Docket No. [265-2]. The Court, however, was unable to determine the specific amount of unpaid expenses owed by Klayman because JW had not provided the Court with a sufficiently detailed breakdown of the expenses owed. *See* June 25, 2009 Mem. Op. at 71-77. JW has now provided the Court with the Third Declaration of Susan E. Prytherch, which provides the required breakdown and establishes that Klayman owes JW a total of $69,358.48 in unpaid expenses pursuant to paragraph 10 of the Severance Agreement. JW's Supp. Br., Ex. 2 (Third Declaration of Susan E. Prytherch) (hereinafter "Third Prytherch Decl.").

  Specifically, attached to Ms. Prytherch's Third Declaration is a spreadsheet, prepared by Ms. Prytherch, that individually lists all of the unpaid expenses owed by Klayman and addressed in Invoices Nos. 1-47 and 49-52. *See id.*, Att. 1 (Spreadsheet Exhibit). The spreadsheet references each invoice by number, provides a brief description of the nature of the expense, and identifies the date of the invoice, the invoice amount, any adjustment, the adjusted total, any payment made by Klayman, and the amount outstanding, without interest. Third Prytherch Decl. ¶ 4; *see also id.* at ¶¶ 5-10 (explaining references on spreadsheet in detail). As set forth in the final row of the spreadsheet, Ms. Prytherch has determined that Klayman owes JW $69,358.48 in unpaid expenses. *See id.*, Att. 1 (Spreadsheet Exhibit). Having thoroughly reviewed Ms. Prytherch's third declaration, the attached spreadsheet, and Invoices No. 1-47 and 49-52, the Court concludes that JW has now sufficiently demonstrated that Klayman owes JW unpaid expenses totaling $69,358.48 and that JW is entitled to monetary damages in that amount (excluding interest). JW's motion for summary judgment, as supplemented, is therefore GRANTED insofar as it seeks an award of damages (excluding interest) in the amount of $69,358.48.

To the extent, however, that JW also requests the Court to reconsider its previous decision to defer a determination with respect to the amount of prejudgment interest due JW, the Court, in exercising its discretion, declines to do so. As was made clear in the Court's June 25, 2009 Memorandum Opinion, JW was directed to file supplemental briefing solely addressing "the amount of unpaid expenses owed by Klayman—*without interest*." June 25, 2009 Mem. Op. at 77 (emphasis in original). The Court further stated that it would "defer consideration of JW's request for prejudgment interest until after all liability issues have been resolved." *Id.* Nonetheless, JW has — in direct violation of the Court's June 25, 2009 Memorandum Opinion — re-raised its claim for prejudgment interest in its supplemental briefing, and has done so without acknowledging that it was precluded from addressing this issue in its supplemental filing.[2]

Regardless, the Court finds that JW has not proffered any additional argument that warrants reconsideration of the previous decision reserving consideration of the issue of prejudgment interest until after liability has been resolved as to all remaining issues. To the

---

[2] The Court notes that, given JW's inclusion of this argument — one that was not contemplated by the Court's June 25, 2009 Order and accompanying Memorandum Opinion — it issued a minute order providing Klayman an opportunity to respond to JW's request for prejudgment interest. The Court found that, "[a]lthough the time for such a response has now passed, . . . [it] shall nonetheless permit Plaintiff, who is representing himself *pro se*, additional time to respond to the substantive arguments raised in JW's filing relating to its request for prejudgment interest." 8/31/09 Min. Order. Klayman was specifically advised that any such response was limited "only to the issue of prejudgment interest." *Id.* Klayman subsequently filed a response to JW's supplement briefing, as permitted. *See* Pl.'s Resp., Docket No. [323]. His response, however, entirely failed to address JW's claim for prejudgment interest and is therefore entirely irrelevant to the Court's discussion below. Rather, Klayman's response focused instead on the Court's previous decision striking Klayman's untimely opposition and response statement with respect to Defendants' motions for summary judgment. *See id.* The Court has exhaustively addressed Klayman's unfounded and unsupported objections to its decision to strike his untimely pleadings and shall not revisit that decision herein, other than to note that Klayman has raised no new grounds or legal argument in his response that would justify reconsideration of the Court's prior decision. *See, e.g.,* June 25, 2009 Mem. Op. at 8-11.

contrary, case law counsels in favor of deferring this issue until all claims and counterclaims have been resolved. *See Giant Food, Inc. v. Jack I. Bender & Sons*, 399 A.2d 1293, 1302-03 (D.C. 1979) (adopting the "interest on the net balance" approach for determining prejudgment interest under D.C. Code § 15-108, which requires consideration of any relevant offsetting claims in calculating the amount of prejudgment interest due); *see also District Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 733 (D.C. 2003) (applying the "interest on the net balance" approach to determining the appropriate amount of prejudgment interest due). Accordingly, the Court DENIES JW's request to reconsider its previous decision deferring consideration of the issue of prejudgment interest. The Court shall revisit this issue, as may be appropriate, once all remaining liability issues have been resolved.

## CONCLUSION

For the reasons set forth above, the Court shall GRANT JW's [270] motion for summary judgment, as supplemented, with respect to Count One of JW's Amended Counterclaim, insofar as JW seeks monetary damages (excluding interest) in the amount of $69,358.48. However, to the extent that JW has moved for reconsideration of the Court's previous decision to defer consideration of JW's request for prejudgment interest until after liability has been resolved as to all remaining claims and counterclaims, the Court shall DENY JW's request. The Court shall revisit the issue of prejudgment interest as may be appropriate once liability has been finally determined. An appropriate Order accompanies this Memorandum Opinion.

Date:   October 14, 2009

                                   /s/
                                   COLLEEN KOLLAR-KOTELLY
                                   United States District Judge