IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>         **Plaintiff,**<br><br>**v.**<br><br>**JUDICIAL WATCH, INC.,** *et al.*,<br><br>         **Defendants.** | Civil Action No. 1:06-CV-00670 (CKK) (AK) |

## MOTION TO REMOVE STAY AND PROCEED WITH TRIAL

Defendants Judicial Watch, Inc. and Thomas J. Fitton (collectively, "Judicial Watch"), by undersigned counsel, hereby submit this Motion to Remove Stay and Proceed with Trial. In support of this Motion, Judicial Watch states:

1. This action is well-known to the Court and arises from a September 19, 2003, Severance Agreement among Judicial Watch and Plaintiff Larry E. Klayman ("Klayman"), which terminated Klayman's employment by Judicial Watch.

2. On June 15, 2006, Klayman filed his Second Amended Complaint against Defendants, alleging, *inter alia*, breach of the Agreement and defamation, and sought rescission of the Agreement and reinstatement to his former position as Chairman of Judicial Watch. *Klayman v. Judicial Watch, Inc.*, 2007 WL 140978 *4 (D.D.C. 2007).

3. On June 28, 2006, Defendants filed a Motion to Dismiss, Answer to the Amended Complaint, and Counterclaims against Klayman.

4.       Pursuant to the Motion to Dismiss and subsequent Motions for Summary Judgment, substantially all of Klayman's claims have been resolved in Defendants' favor. Defendants' counterclaims remain yet to be fully addressed.

5.       Since the filing of this action, Klayman has filed more than twenty-five motions for deadline extensions and utilized judicial complaints and motions to recuse/disqualify this Court in an effort to delay this action.  Indeed, from June 2010 through October 2011, Klayman initiated three attempts to remove Judge Kollar-Kotelly from this case.  *See* Docket 298 (Motion for Recusal and/or Disqualification); Docket 345 (Plaintiff's 28 U.S.C. § 144 Motion to Disqualify); and Docket 357 (Complaint for Judicial Misconduct).  Each of these motions was based on the exact same allegations.

6.       On October 5, 2011, Klayman filed a lawsuit against the Honorable Colleen Kollar-Kotelly and three other defendants based on the same tired allegations that were the foundation of his three prior attempts to disqualify Judge Kollar-Kotelly.  Rather than file this lawsuit immediately after receiving notice that his latest judicial complaint was unsuccessful, Klayman waited until immediately before the Pretrial Conference to file and move to postpone, in an apparent attempt to maximize the delay.

7.       Klayman's efforts to obtain a disqualification and recusal are a patent attempt at judge shopping.  As noted by the U.S. Court of Appeals for the Seventh Circuit, "[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) (cited with approval in *Strange v. Islamic Republic of Iran*, 2014 U.S. Dist. LEXIS 76320 (D.D.C. June 5, 2014)).  Permitting such a rule would license a party to judge shop. *Id.*

8. On October 11, 2011, Klayman filed a Motion to Postpone Pre-Trial Conference pending the outcome of his Petition for Writ of Mandamus. On the same day, this Court issued a stay of this litigation pending further order of the Court, presumably to allow Klayman's litigation against the Court to run its course.

9. On September 25, 2012, the litigation against this Court was dismissed. Thereafter, Klayman pursued appellate efforts, which were also denied.

10. On October 6, 2014, Klayman filed a Praecipe in this action and providing notice of his intent to file a Petition for Writ of Mandamus before the United States Supreme Court. Docket 373.

11. On January 12, 2015, the United States Supreme Court denied Klayman's Petition for Writ of Mandamus.

12. With the exhaustion of all possible remedies for Klayman's effort to disqualify this Court, the continued stay of these proceedings is no longer warranted.

13. This case has now been pending for nearly nine (9) years before this Court. For nearly five (5) long years, Klayman has manipulated civil procedure to substantially delay the proceedings, disrupted this Court's docket efficiency and prejudiced Defendants in their efforts to obtain a final judgment. It is long past time to schedule a trial date for adjudication of all remaining claims in this litigation.

WHEREFORE, for all of the foregoing reasons, Defendants Judicial Watch, Inc. and Thomas J. Fitton respectfully request that this Motion to Remove Stay and Proceed with Trial be GRANTED.

Respectfully submitted,

/s/

_____

Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
300 N. Washington Street, Suite 610
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc. and Thomas J. Fitton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March 2015, a copy of the foregoing Motion and proposed Order were served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/

_____
Richard W. Driscoll