IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN** | |
| Plaintiff, | |
| v. | Civil No. 1:06-CV-00670-CKK |
| **JUDICIAL WATCH, INC., *ET AL.*** | |
| Defendants. | |

### REPLY MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO REMOVE STAY AND PROCEED WITH TRIAL

Defendants Judicial Watch, Inc. and Thomas J. Fitton (collectively, "Defendants"), by undersigned counsel and pursuant to LCvR 7(d), hereby submit this Reply in support of their Motion to Lift Stay and Proceed with Trial.

The Opposition filed by Plaintiff Larry Klayman ("Klayman") does little more than point to vague allegations in a year old book to suggest that the Honorable Colleen Kollar-Kotelly, while Chief Judge of the FISA Court, obtained notice of and information regarding an NSA program for intelligence collection. *See* James Risen, *Pay Any Price: Greed, Power, and Endless War*, pp. 245-46, 257 (2014). Klayman points to this hearsay evidence as "clear" proof of a conflict, but makes no effort to identify how this conflict arises or how it affects him. As before, Klayman relies on flawed innuendo and leaps of logic to support his thesis.

Klayman also contends that it is improper to proceed with this case due to a "pending legal action". Plaintiff's Opposition at p. 2. However, Klayman makes no effort at all to identify any pending litigation that would require the stay to continue.

As legal support, Klayman relies on the case *Shareef v. Donahoe*, 2013 WL 5937343 (W.D.N.C. 2013), for the proposition that it is improper for a judge to rule on a motion in a case when there is a pending legal action against that judge. *Id*. Klayman's reliance is misplaced. Perusal of the *entire* case sheds light on the actual facts and holding, which Klayman ignores. In *Shareef*, the pending legal action was two appeals before the Fourth Circuit that, at the time of the opinion, had already been decided in favor of the judge. 2013 WL 5937343 at *1. Indeed, the pending legal action was concluded against the plaintiff and the judge proceeded to rule on the motions previously stayed. Id. at *3.

Klayman does not show – and cannot show – that any current, pending legal action requires this case to be stayed any longer. Klayman's attempts to paint this Court as biased and impartial have failed multiple times. His tired allegations were exhaustively reviewed and dismissed. All of Klayman's alleged grievances have been heard and rejected by the Highest Court in the United States.

Klayman's approach to this case is not unusual.  Over the years, he has perfected tactics to punish courts that disagree or rule against him.  This Court is not alone.  Recently, the Honorable Anne C. Conway, in *Klayman v. City Pages, et al.*, Case No. 5:13-cv-143 (M.D. Fla., Apr. 3, 2015), found it necessary to reprimand Klayman regarding his reaction to unfavorable rulings and admonish him to take care in filing any motion for reconsideration as sanction would be imposed for frivolous pleadings:

> As has been made clear in this case, as well as through reviewing the relevant proceedings at issue, when Plaintiff receives unfavorable rulings, he often plunges into a tirade against whomever he feels has wronged him—here, it has taken the form of motions to reconsider, objections, and even a petition for writ of mandamus with the Eleventh Circuit Court of Appeals.

*Id.* at p. 32. A copy of the *City Pages* Order is attached hereto as Exhibit A. Likening Klayman's approach to Lewis Carroll's *Alice's Adventures in Wonderland* (MacMillan and Co. 1865), which is quoted throughout the opinion, Judge Conway noted repeatedly that Klayman's arguments were without any basis in fact and lack citation to any information in the record.

Judicial Watch has been enduring Klayman's tactics for 5 long years. His contention that this Court is beset by a conflict of interest has been vetted over and over. All objective reviewers have summarily dismissed his allegations. And now, Klayman seeks to delay this action once more by referring this Court to a non-existent proceeding based on Klayman's imagination regarding what could possibly arise from a hearsay quote in a seldom read book from last year. How long will Judicial Watch be delayed while Klayman ruminates on unsupported theories?

Further delay of this case based on a manufactured conflict or an imaginary proceeding is unwarranted. There is no rational reason to delay this matter any further. This case should be returned to the docket and scheduled for trial.

WHEREFORE, Defendants Judicial Watch, Inc. and Thomas J. Fitton respectfully request that this Motion to Lift Stay and Proceed with Trial be GRANTED.

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
300 N. Washington Street, Suite 610
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
rdriscoll@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc. and Thomas J. Fitton*

3

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 13th day of April 2015, a copy of the foregoing Reply Memorandum was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/

_____

Richard W. Driscoll