# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

  v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(February 28, 2018)

    The Court issues the following Order to address evidentiary issues raised in open court by the parties on February 27, 2018.

    In his testimony, Plaintiff would like to rely on letters that he sent to David Barmak, who has served as outside counsel to Defendant Judicial Watch, Inc.[1] in capacities relevant to this litigation, but not as outside counsel in this litigation. Plaintiff has indicated that these letters summarize his claims. Consistent with the Court's prior orders, Plaintiff is not permitted to introduce these letters into evidence. *See, e.g.*, Order (Feb. 23, 2018), ECF No. 487, at 1-2, 5, 9 (recognizing sanctions prohibiting Plaintiff from introducing documents into evidence but permitting Plaintiff to offer Severance Agreement). He also is not permitted to quote from the letters, or to discuss his legal arguments in those letters, which would circumvent the Court's prior rulings. Rather, Plaintiff may testify <u>only</u> to the following: that he sent the letters to Mr. Barmak, that Mr. Barmak was an attorney who represented Defendant; that Plaintiff sent the letters on specified dates or during a specified time period; and that his letters discussed Plaintiff's claims. Plaintiff may testify to the aforementioned information about these letters on the basis of their relevance to his alleged good faith efforts to try to resolve this lawsuit. The Court shall issue a limiting instruction that the information is not being allowed for the truth of the matter asserted in the letters, but as an explanation for certain communications with Defendant.

    Plaintiff wants to testify about a Judicial Watch press release that allegedly disparaged him. Based on rulings cited above, Plaintiff is not permitted to introduce this press release into evidence. He is also not permitted to quote from the press release. Rather, Plaintiff may testify <u>only</u> to the following: that he saw this press release; that it had a given effect on him; and that it was disparaging for specific reasons. Defendant's counsel indicated that there is no dispute that the release was issued, and assented to Plaintiff's testimony as to what the release contains. Accordingly, the information is admitted without objection. Alternatively, the information in the press release, but again not the document, is admissible non-hearsay as a statement by an opposing

---

[1] References in this Order to "Defendant" shall pertain solely to Defendant Judicial Watch, Inc., the only remaining defendant to Plaintiff's claims.

1

party. Fed. R. Evid. 801(d)(2) ("The statement is offered against an opposing party and . . . is one the party manifested that it adopted or believed to be true.").

Plaintiff seeks to testify about two types of documents in support of his claim that Defendant failed to provide Plaintiff with access to documents regarding his former client, Peter Paul. First, he would like to tell the jury about a post online that was allegedly made by Mr. Paul concerning statements in Defendant's Internal Revenue Service Form 990, and about the effect that post had on Plaintiff. In particular, Plaintiff indicates that the post caused him to seek underlying receipts from Defendant that would tend to show that Plaintiff was wrongly accused by Mr. Paul. Plaintiff may testify <u>only</u> to what the post said and its effect on him, including his resulting request(s) to Defendant. The Court shall issue a limiting instruction that the information is not being allowed for the truth of the matter asserted in the post, but as an explanation for why he made certain requests from Defendant.

Also regarding Mr. Paul, Plaintiff intends to testify about letters exchanged by attorneys that allegedly show that Plaintiff did not abandon Mr. Paul. Plaintiff is prohibited from commenting on the relevant attorneys' letters. Rather, he may testify <u>only</u> that he asked for documents to show that he had not abandoned Mr. Paul as a client and that, if true, he did not receive those documents. He is not permitted to elaborate regarding the information contained in the letters. The Court shall issue a limiting instruction that the information is not being allowed for the truth of the matter asserted in the letters, but as an explanation for why he made certain request(s) from Defendant.

Plaintiff also seeks to testify regarding a motion to strike allegedly filed by Defendant in the Sandy Cobas litigation in Florida. The facts purportedly would show that he withdrew from the case as required under the Severance Agreement, that Ms. Cobas asked him to represent her again, that he entered an appearance again, that Judicial Watch filed a motion to strike that appearance, and that the judge denied the motion to strike. Plaintiff may testify <u>only</u> as to the aforementioned information, if true, insofar as the information supports his allegations that Defendant interfered with his representation of a client. The Court shall separately address the issue of disparagement, as well as the use of Defendants' exhibits, associated with the Sandy Cobas litigation.

**SO ORDERED.**

Dated: February 28, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

2