| | |
|---|---|
| LARRY KLAYMAN,<br>      Plaintiff,<br>v.<br>JUDICIAL WATCH, INC., *et al.*,<br>      Defendants. | Civil Action No. 06-670 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(March 7, 2018)

Counter-Plaintiffs Judicial Watch, Inc. ("Judicial Watch") and Thomas J. Fitton seek to introduce certain further exhibits at trial on March 7, 2018, in support of their counterclaims. The Court has a standing order calling for daily briefing on authenticity in order to resolve any such objections outside of the jury's presence and thereby facilitate an efficient trial. *See* Min. Order of Mar. 2, 2018.

Pursuant to the Court's order, Counter-Plaintiffs indicate that they want to admit Exhibits 62-67 through Mark Fitzgibbons's testimony pursuant to subpoena. Defs.' Notice Regarding Authenticity for Exs. to Be Used on Wednesday, Mar. 7, 2018, ECF No. 512 ("Notice"). Counter-Plaintiffs note that they also intend to use exhibits that already have been authenticated. *Id.* Counter-Defendant Larry E. Klayman has challenged the authenticity of four of the new exhibits, alleging in part that some of them are illegible and unsigned. Defs.'-Counterclaimants' Desigation [sic] of Exs. 62-66 ("Pl.'s Resp.").

Upon consideration of the briefing, the relevant legal authorities, and the record as a whole,[1] the Court rules as follows on the authenticity of Counter-Plaintiffs' exhibits proposed for introduction at trial on March 7, 2018.

**II. LEGAL STANDARD**

The threshold for proof of authenticity is low; Counter-Plaintiffs need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Notice Regarding Authenticity for Exs. to Be Used on Wednesday, Mar. 7, 2018, ECF No. 512 ("Notice");
- Defs.'-Counterclaimants' Desigation [sic] of Exs. 62-66 ("Pl.'s Resp.").

With respect to Exhibit 66, the Court shall draw on the standard established by the Federal Rules for the so-called business records exception to the hearsay rule. "A record of an act, event, condition, opinion, or diagnosis" is not excluded if

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) ("Records of a Regularly Conducted Activity").

### III. DISCUSSION

Counter-Plaintiffs indicate that Exhibits 62-67 will be introduced through the live testimony of Mr. Fitzgibbons, using copies of the exhibits that contain the exhibit stickers from his deposition.

**Exhibits 62 and 63** should be considered together. **Exhibit 62** contains a November 12, 1996, memorandum of understanding ("MOU") between American Target Advertising, Inc. ("ATA") and Judicial Watch for assistance with direct mail to potential donors. Of the six pages in this exhibit, the first two appear to be the first and last pages, respectively, of the full four-page MOU that follows. The only differences in the truncated iteration are that the front page of the MOU is harder to read, and it contains a sticker from Mr. Fitzgibbons's deposition. The last page of the MOU (in both the truncated and full versions) is a signature page with what appears to be Counter-Defendant's signature over his printed name.

**Exhibit 63** contains a contract between ATA and Judicial Watch, signed in December 1996, for what appears to be the same fundraising efforts. The Court previously found that this exhibit was authenticated contingent on the testimony of Mr. Orfanedes. Counter-Plaintiffs have not yet sought to introduce this exhibit through Mr. Orfanedes's testimony. Mr. Orfanedes, Counter-Defendant, and the president of ATA each have signed this contract. Attached to this contract is a duplicate copy of the four-page MOU in Exhibit 62.

Counter-Defendant objects to illegible and unsigned portions of Exhibits 62 and 63. Counter-Defendant previously raised the illegibility objection to Exhibit 62, and the Court tentatively excluded the exhibit for this reason. Order, ECF No. 488, at 1. Despite indicating that they would attempt to find a more legible version of Exhibit 62, Counter-Plaintiffs have yet to do so. In any event, the MOU is also contained in Exhibit 63. Counter-Defendant waived the

illegibility argument, *per se*, as to Exhibit 63 by not raising it with the other illegibility objections. **Accordingly, the Court shall exclude Exhibit 62 on the present record.**

Despite a formal waiver of the argument, any illegibility of Exhibit 63 could still go to authenticity. The portion of the contract signed in December 1996 is clearly legible; the last page of the MOU signed in November 1996 is not. However, that last page appears to be a signed version of the penultimate page of the MOU. Counter-Defendant's signature and the date are clear enough on the signature page. Moreover, although the penultimate page is not signed, the Court is prepared to accept the signature page as authenticating the MOU, contingent on the testimony of Mr. Fitzgibbons, as an employee of ATA, to lay foundation regarding the circumstances leading up to the MOU and the signing process for the MOU, or, if he cannot attest to the latter, at least ordinary course record-keeping applicable to the MOU. Accordingly, both the November 1996 and December 1996 versions of the contract are signed.

Counter-Defendant did not raise a fresh objection to handwriting in Exhibit 63. The handwriting appears to be from Counter-Defendant and Richard A. Viguerie, the president of ATA. He had objected to handwriting when Counter-Plaintiffs sought to introduce this exhibit through Mr. Orfanedes. In the absence of a fresh objection, the Court shall not require foundation as to handwriting that appears to be Counter-Defendant's. Rather, as part of his foundation, Mr. Fitzgibbons should discuss the signing process, in particular whether Mr. Fitzgibbons witnessed Mr. Viguerie's addition of initials to pages of the contract, or he can identify the source of the handwriting, and whether ATA received the entire exhibit, including Counter-Defendant's handwritten portions and the MOU attachment, for Mr. Viguerie's signature. **Contingent on the testimony of Mr. Fitzgibbons as described above, the Court finds sufficient evidence that Exhibit 63 is authenticated.**

As to **Exhibit 64**, Counter-Defendant indicates that he has no objection. **Accordingly, Exhibit 64 is admitted without objection.**

**Exhibit 65** is a September 26, 2003, memorandum purportedly sent by Kathleen Patten at ATA to Roger Stone with Friends of Larry Klayman. The memorandum discusses early progress in a direct mail campaign, presumably—given the timing and the recipient's affiliation—for Counter-Defendant's then-nascent U.S. Senate campaign. Counter-Defendant calls for the presence of the memorandum's author to authenticate this document. But the Court finds that Mr. Fitzgibbons's testimony could suffice. In order to lay adequate foundation, Mr. Fitzgibbons should be able to discuss who the sender and recipient are, how this memorandum was delivered, and how it has been kept since then. In the event Mr. Fitzgibbons is unfamiliar with the way the memorandum has been kept, he should at least be able to identify Ms. Patten's initials next to her name. For the recipient's part, the Court observes Mr. Stone's signature by stamp. **Contingent on the testimony of Mr. Fitzgibbons as described above, the Court finds sufficient evidence that Exhibit 65 is authenticated.**

**Exhibit 66** is an "ATA Client Analysis" with basic statistics as to donor mail sent and income derived therefrom. It is not clear who is the client, but based on line-item references to

"Klayman," "Florida," and "GOP," the Court presumes that the client is Counter-Defendant's campaign for U.S. Senate. The first page of the exhibit has a sticker confirming that it was used at Mr. Fitzgibbons's deposition.

Establishing that this record meets the requirements for the hearsay exception would give more than adequate proof of its authenticity.[2] Foundation would include testimony that Mr. Fitzgibbons works or worked at ATA, a description of Mr. Fitzgibbons's capacity at ATA, and a description of the employee(s) responsible for generating this record. Supporting evidence would also include the policy or practice of ATA to generate such records, and the means by which ATA did so. Such evidence also would include the process for setting up and maintaining any kind of file for keeping this client analysis. **Contingent on the testimony of Mr. Fitzgibbons to the conditions set forth in Rule 803(6), the Court finds sufficient evidence that Exhibit 66 is authenticated.**

As to **Exhibit 67**, Counter-Defendant does not raise an objection. **Accordingly, Exhibit 67 is admitted without objection.**

\*\*\*

### ORDER

The following exhibits proposed for introduction through the testimony of Mark Fitzgibbons have been **admitted without objection**: **Exhibits 64, 67**.

The following exhibits have been **authenticated** contingent on Mr. Fitzgibbons's testimony on the above-cited grounds: **Exhibits 63, 65, 66**.

The following exhibit is **not authenticated** on the present record: **Exhibit 62**.

**SO ORDERED.**

Dated: March 7, 2018

                                              /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge

---

[2] The Court does not mean to suggest that it otherwise would entertain a hearsay objection to this (or any other) exhibit proposed by Counter-Plaintiffs. As noted above, Counter-Defendant waived hearsay objections. Order, ECF No. 455, at 6.