UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br>　　Plaintiff/Counterdefendant,<br>v.<br>JUDICIAL WATCH, INC., *et al.*,<br>　　Defendants/Counterplaintiffs. | Civil Action No. 06-00670<br>Judge Colleen Kollar-Kotelly |

## JURY VERDICT FORM

### WE, THE JURY, UNANIMOUSLY FIND AS FOLLOWS:

<u>Larry Klayman v. Judicial Watch</u>

<u>Plaintiff Larry Klayman</u>:

1. Has Plaintiff Larry Klayman proved by a preponderance of the evidence his claim that Defendant Judicial Watch, Inc. breached the Confidential Severance Agreement by failing to make a good faith effort to remove him as the guarantor of a lease for Judicial Watch, Inc.'s headquarters? (See Claim No. 1 on page 27 of the Jury Instructions.)

　　　　　＿＿＿ YES　　　　_X_ NO

a.　　If yes, designate the type of breach:

　　　　　＿＿＿ Material　　　　＿＿＿ Simple

a.　　If yes, what, if any, nominal damages do you award to Plaintiff Larry Klayman?

　　　　Answer: ＿＿＿＿＿＿＿＿＿＿

1



2. Has Plaintiff Larry Klayman proved by a preponderance of the evidence his claim that Defendant Judicial Watch, Inc. breached the Confidential Severance Agreement by failing to pay health insurance for his children? (See Claim No. 2 on page 27.)

    \_\_\_\_ YES      _X_ NO

a. If yes, what, if any, nominal damages do you award to Plaintiff Larry Klayman?

Answer: _____

3. Has Plaintiff Larry Klayman proved by a preponderance of the evidence his claim that Judicial Watch, Inc. breached the Confidential Severance Agreement by filing a motion to strike Plaintiff's appearance in a Florida litigation involving Sandra Cobas after Plaintiff left Judicial Watch, Inc.?(See Claim No. 3 on page 27.)

    \_\_\_\_ YES      _X_ NO

a. If yes, designate the type of breach:

    \_\_\_\_ Material      \_\_\_\_ Simple

b. If yes, what, if any, nominal damages do you award to Plaintiff Larry Klayman?

Answer: _____

4. Has Plaintiff Larry Klayman proved by a preponderance of the evidence his claim that Judicial Watch, Inc. breached the Confidential Severance Agreement by failing to provide Plaintiff with access to documents regarding a client Peter Paul? (See Claim No. 4 on page 27.)

    _____ YES    \_\_✗\_\_ NO

a. If yes, designate the type of breach:

    \_\_\_\_\_ Material    \_\_\_\_\_ Simple

b. If yes, what, if any, nominal damages do you award to Plaintiff Larry Klayman?

    Answer: _____


5. Has Plaintiff Larry Klayman proved by a preponderance of the evidence his claim that Judicial Watch breached the Confidential Severance Agreement by disparaging him and misrepresenting the reasons for his departure from Judicial Watch, Inc.? (See Claim No. 5 on page 27.)

    \_\_\_\_ YES    \_\_✗\_\_ NO

a. If yes, designate the type of breach:

    \_\_\_\_\_ Material    \_\_\_\_\_ Simple

b. If yes, what, if any, nominal damages do you award to Plaintiff Larry Klayman?

    Answer: _____

Judicial Watch and Thomas Fitton v. Larry Klayman

Counterplaintiff Judicial Watch, Inc.:

1. Has Counterplaintiff Judicial Watch proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman breached the Confidential Severance Agreement by failing to repay a debt owed by Klayman & Associates? (See Counterclaim No. 1 on page 28.)

       **X** YES        ____ NO

a. If yes, designate the type of breach:

       ____ Material     **X** Simple

b. If yes, what, if any, damages do you award to Counterplaintiff Judicial Watch, Inc.?

Answer: $200,000. —

2. Has Counterplaintiff Judicial Watch, Inc. proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman breached his obligation in the Confidential Severance Agreement to pay costs and expense arising from his failure to make prompt payment to Judicial Watch in accordance with paragraphs 10 and 11 of the Confidential Severance Agreement? (See Counterclaim No. 2 on page 28.)

       **X** YES        ____ NO

a. If yes, designate the type of breach:

       ____ Material     **X** Simple

b. If yes, what, if any, damages do you award to Counterplaintiff Judicial Watch, Inc.?

Answer: $25,000. —

c.  If you awarded damages, do you find that Counterplaintiff Judicial Watch, Inc. is entitled to prejudgment interest of 6%?

_____ YES     __X__ NO

3.  Has Counterplaintiff Judicial Watch, Inc. proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman infringed Judicial Watch, Inc.'s registered trademarks: (1) JUDICIAL WATCH and/or (2)"BECAUSE NO ONE IS ABOVE THE LAW" in violation of the Lanham Act? (See Counterclaim No. 3 on page 28.)

__X__ YES     _____ NO

a.  If yes, please designate which trademarks (one or both) were infringed.

_____ Both _____

b.  What, if any, compensatory damages do you award to Counterplaintiff Judicial Watch, Inc.?

Answer: $ 750,000.—

4.  Has Counterplaintiff Judicial Watch, Inc. proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman engaged in unfair competition by direct mail, email and advertisements including the website supporting the Saving Judicial Watch effort in violation of the Lanham Act by a false and/or misleading affiliation, connection or association between Saving Judicial Watch and Judicial Watch? (See Counterclaim No. 4 on page 29.)

__X__ YES     _____ NO

5. Has Counterplaintiff Judicial Watch, Inc. proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman engaged in unfair competition by direct mail, email and advertisements including the website supporting the Saving Judicial Watch effort in violation of the Lanham Act by using false and/or misleading statements? (See Counterclaim No. 5 on page 29.)

        **X** YES          ___ NO

a. If yes to either or both of questions no. 4 and 5, what, if any, compensatory damages do you award to Counterplaintiff Judicial Watch, Inc.?

Answer: $1,000,000.—

6. Has Counterplaintiff Judicial Watch, Inc. proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman breached the Confidential Severance Agreement by publishing statements that were disparaging to Judicial Watch, Inc.? (See Counterclaim No. 6 on page 29.)

        **X** YES          ___ NO

a. If yes, designate the type of breach:

         ___ Material      **X** Simple

b. If yes, what, if any, compensatory damages do you award to Counterplaintiff Judicial Watch, Inc.?

Answer: $250,000.—

7. Has Counterplaintiff Judicial Watch, Inc. proved by a preponderance of the evidence its claim that Counterdefendant Larry Klayman breached the Confidential Severance Agreement by using information regarding Judicial Watch, Inc.'s donor or client lists or donor or client data? (See Counterclaim No. 8 on page 29.)

   __X__ YES      ____ NO

a. If yes, designate the type of breach:

   ____ Material      __X__ Simple

b. If yes, what, if any, compensatory damages do you award to Counterplaintiff Judicial Watch, Inc.?

   Answer: $75,000.—

Counterplaintiff Thomas Fitton:

8. Has Counterplaintiff Thomas Fitton proved by a preponderance of the evidence his claim that Counterplaintiff Larry Klayman breached the Confidential Severance Agreement by publishing statements that were disparaging to Mr. Fitton? (See Counterclaim No. 7 on page 29.)

    __X__ YES      ____ NO

a. If yes, designate the type of breach:

    ____ Material      __X__ Simple

b. If yes, what, if any, compensatory damages do you award to Counterplaintiff Thomas Fitton?

Answer: $500,000

__3/14/18__  
**DATE**

_____  
**JUROR FOREPERSON**