UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| LARRY KLAYMAN, | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 06-670 (CKK) |
| JUDICIAL WATCH, INC., *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION
(August 22, 2019)

Plaintiff/Counter-Defendant Larry Klayman again seeks reconsideration of the Court's decision to deny his post-trial motions in this matter and once again pursues voluntary recusal or disqualification of this Court. He further moves for relief on the basis that Defendant/Counter-Plaintiff Judicial Watch, Inc. ("Judicial Watch") and Counter-Plaintiff Thomas J. Fitton committed fraud, misrepresentation, and/or misconduct. Lastly, he requests that the temporary stay of Judicial Watch and Fitton's writ of garnishment be reinstated. *See* Pl.'s Mot. for Recons. of Pl.'s Mot. for Voluntary Recusal or Disqualification, Mot. for Recons. of Ct.'s Order Den. Mot. for J. Notwithstanding Verdict and Lifting Temporary Stay on Writs of Garnishment, and Mot. for Order to Show Cause and to Set Aside J. of Mar. 18, 2019 for Fraud, Misrepresentation, and/or Misconduct by Defs./Counterclaimants' Thomas J. Fitton and Judicial Watch, ECF No. 606 ("Klayman's Second Recons. & Recusal Mot."). The Court finds that Judicial Watch and Fitton do not need to file an opposition.

This Court's prior orders denying Klayman's post-trial motions have addressed all but two of the arguments that Klayman now makes. The Court incorporates and makes part of its opinion each of these past decisions. *See* Mem. Op. (Aug. 7, 2019), ECF No. 604; Mem. Op. (Mar. 18, 2019), ECF No. 581. Accordingly, Klayman's request that the temporary stay of Judicial Watch

1

and Fitton's writ of garnishment be reinstituted "to allow for a new judge to rule on" his post-trial motions is moot. *See* Klayman's Second Recons. & Recusal Mot. at 21. Even if his request were not moot, Klayman has not offered to provide a bond or other security as required by Federal Rule of Civil Procedure 62(b). *See* Defs.' Reply in Opp'n to Stay of Writs of Attachment by Garnishment, ECF No. 601, at 1 (noting that as of August 2, 2019 Klayman had not fulfilled bond or other security requirement).

The first of Klayman's new arguments is that the damages are unreasonable, in part due to how Judicial Watch and Fitton's counsel Richard W. Driscoll "misleadingly" described the decrease in donations from multi-year donors. During his closing argument, Mr. Driscoll stated that "during 2006, there was a $500,000 drop; and in 2007, there was a $1,400,000 drop." Trial Tr. 3684:1–3. Klayman claims this is misleading considering the testimony of Steven Anderson, who explained that the donations dropped from $4.8 million in 2005 to $4.3 million in 2006 (a decrease of $500,000) and further to $3.4 million in 2007 (an additional decrease of $900,000), totaling a $1.4 million drop in funding. *See* Trial Tr. 3064:2–12. Klayman did not object to this statement during Mr. Driscoll's closing. Nor did he address it during his own closing. Furthermore, the Court instructed the jury that counsels' statements were not evidence in the case. *See, e.g.*, Trial Tr. 245:10–15. While Mr. Driscoll could have been more precise in clarifying whether the $1.4 million drop was from 2005 to 2007 or from 2006 to 2007, the jury considered the evidence and the jury award was reasonable in light of the evidence. *See* Mem. Op. (Mar. 18, 2019), ECF No. 581, at 36–39 (discussing reasonableness of damages at length).

Second, Klayman moves to set aside the [584] March 18, 2019 judgment for alleged fraud, misrepresentation, and/or misconduct by Judicial Watch and Fitton under Federal Rule of Civil Procedure 60(b). This is based on "newly discovered evidence" in the form of deposition

testimony in a defamation suit initiated by Klayman against Fitton filed in the Southern District of Florida, *Klayman v. Fitton*, No. 19-cv-20544. In his deposition testimony, Fitton stated that Klayman was not "ousted as a result of a sexual harassment complaint." *See* Klayman's Second Recons. & Recusal Mot., Ex. 1 (Fitton Dep. Trans.) at 44:23–45:5. Klayman appears to contend that this statement contradicts Fitton's and other witnesses' testimony in this case, and that therefore Judicial Watch and Fitton have committed fraud, misrepresentation, and/or misconduct.

Under Klayman's own cited authority, "[f]raud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 643 (D.C. Cir. 1996) (internal quotation marks omitted). Showing fraud under Rule 60(b) requires meeting a high threshold, such as demonstrating "the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony." *Id.*

Klayman has not met the high standard for relief on these grounds, as he has contended solely that Fitton and possibly others testified falsely. Moreover, Klayman has not identified any of Fitton's testimony at trial contradicting the quoted deposition testimony or suggesting that Klayman was "ousted as a result of a sexual harassment complaint." He references only the testimony of Paul Orfanedes in addressing Mr. Orfanedes's understanding of why Klayman left Judicial Watch. *See* Trial Tr. 1834:14–25. Nowhere in his testimony did Mr. Orfanedes state that Klayman left Judicial Watch due to a "sexual harassment complaint." He testified that Klayman left Judicial Watch in part to avoid "an internal investigation into . . . whether he [Klayman] pursued an inappropriate relationship" with an employee and, at most, explained his concern that Judicial Watch might have been subject to "sexual harassment allegations" based on that alleged

relationship. *See* Trial Tr. at 1830:4–9, 1834:14–25. Accordingly, Klayman is not entitled to relief on these grounds.

For the foregoing reasons, this Court shall **DENY** [606] Larry Klayman's Motion for Reconsideration of Plaintiff's Motion for Voluntary Recusal or Disqualification; **DENY** [606] Klayman's Motion for Reconsideration of the Court's Order Denying Motion for Judgment Notwithstanding the Verdict and Lifting Temporary Stay on Writs of Garnishment; and **DENY** [606] Klayman's Motion for Order to Show Cause and to Set Aside Judgment of March 18, 2019 for Fraud, Misrepresentation, and/or Misconduct by Defendants/Counterclaimants Thomas J. Fitton and Judicial Watch.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 22, 2019

                                             /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge