UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.

Civil Action No. 06-670 (CKK)

**MEMORANDUM OPINION**
(September 9, 2019)

Pending before the Court is Plaintiff/Counter-Defendant Larry Klayman's [609] Motion to Stay Enforcement of Judgment Pending Appeal Without Bond ("Pl.'s Mot."). In their [610] Response to Plaintiff's Motion to Stay Enforcement of Judgment Pending Appeal Without Bond, Defendants/Counter-Plaintiffs argue that Klayman has failed to meet his burden to demonstrate that a bond is not required. The Court agrees.[1]

Upon the posting of a supersedeas bond, a party may obtain a stay pending appeal under Federal Rule of Civil Procedure 62. *See* Fed. R. Civ. P. 62(b). "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). Because the stay benefits the appellant and "deprives the appellee of the ultimate benefits of [the] judgment, a full supersedeas bond should be the requirement in normal circumstances." *Id.* Normal circumstances include

---

[1] Because the issue in contention between the parties is whether the Court should stay enforcement of the judgment pending appeal *without a bond*, the Court shall focus its analysis on whether a stay should be issued without a bond, rather than on whether a stay should be issued at all. Many of the authorities that Klayman cites address the general considerations relevant to whether a stay for enforcement of a judgment pending appeal should be issued, but those factors are inapplicable to whether a bond should be required for any such stay. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (listing "factors regulating the issuance of a stay"); *Doe v. Trump*, No. 17-5267, 2017 WL 6553389, at *1 (listing factors for courts to take into account when "considering whether to grant a stay pending appeal").

those "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case." *Id.* A district court, however, may in its discretion "order partially secured or unsecured stays" in "unusual circumstances." *Id.* at 760–61. The moving party has the burden to "'objectively demonstrate the reasons for such a departure.'" *Grand Union Co. v. Food Employers Labor Relations Ass'n*, 637 F. Supp. 356, 357 (D.D.C. 1986) (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1978)).

The Court of Appeals has emphasized three considerations when reviewing a district court's exercise of discretion in granting a stay without bond: (1) the damage award amount, (2) the net worth of the moving party in relation to the damage award, and (3) the residency status of the moving party. *Fed. Prescription Serv.*, 636 F.2d at 761. For example, in *Federal Prescription Service, Inc. v. American Pharmaceutical Association*, the net worth of the moving party was "about 47 times the amount of the damage award," and the moving party was "a long-term resident of the District of Columbia" who had not indicated "any intent to leave." *Id.* The Court of Appeals viewed these factors as supporting the district court's exercise of discretion in granting the stay without bond. *Id.*; *cf. Athridge v. Iglesias*, 464 F. Supp. 2d 19, 24–25 (D.D.C. 2006) (granting stay of enforcement of judgment pending appeal where defendants presented over $7 million in real estate holdings to guarantee judgment).

No such factors are evident here, and Klayman has neither "objectively demonstrate[d] a present financial ability to facilely respond to a money judgment" nor "presente[d] to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Athridge*, 464 F. Supp. 2d at 24 (internal quotation marks omitted). As for the damages award and Klayman's net worth, the total judgments in this case exceed $2.8 million, and while

Klayman has not indicated his net worth, he has admitted that he "simply cannot post bond for a $2.8 million-dollar judgment." Pl.'s Mot. at 6. This admission, and the "reasonable likelihood" of Klayman's "inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case," heavily weighs against granting a stay of enforcement of the judgment without bond. *See Fed. Prescription Serv.*, 636 F.2d at 760–61. Moreover, Klayman does not assert that he is a District of Columbia resident, and in fact has not disclosed his residency.

Accordingly, Klayman has failed to meet his burden of demonstrating why the Court should impose a stay of the enforcement of the judgment without a bond. *See, e.g.*, *Gates v. Syrian Arab Republic*, No. 06-cv-1500 (RMC), 2009 WL 10693489, at *2 (D.D.C. Oct. 21, 2009) (denying motion for stay without bond because moving party did not address relevant considerations and demonstrated "reasonable likelihood of . . . unwillingness to satisfy the judgment in full upon ultimate disposition of the case"); *Godfrey v. Iverson*, No. 05-cv-2044, 2007 WL 3001426, at *1 (D.D.C. Oct. 16, 2007) (denying motion for stay without bond because neither defendant was District of Columbia resident and there were no "unusual circumstances," even though moving party had "sufficient assets and income to satisfy the judgment"); *Grand Union Co.*, 637 F. Supp. at 358 (denying motion for stay without bond because moving party failed to address all relevant considerations, despite having net worth allegedly "thousands of times greater than the amount of the award").

For the foregoing reasons, this Court shall **DENY** Plaintiff's [609] Motion to Stay Enforcement of Judgment Pending Appeal Without Bond.

An appropriate Order accompanies this Memorandum Opinion.

Dated: September 9, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge