UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,

    Defendants.

Civil Action No. 06-670 (CKK)

**ORDER**
(November 19, 2021)

Pending before the Court is Plaintiff's [628] Motion to Strike, in which Plaintiff requests that the Court strike Defendants' [626] Motion to Lift Stay on the basis that Defendants "fail[ed] to disclose in . . . [their] motion that [Plaintiff] had requested a meet-and-confer" regarding Defendants' proposed motion, which Defendants "refused." Pl.'s Mot. to Strike at 1. Plaintiff claims that Defendants' representation that "Plaintiff, *pro se*, declined to state his consent or opposition, maintaining that there were ramifications for filing this Motion" was false. *See id.*; Defs.' Mot. to Lift Stay ¶ 7, ECF No. 626.

Upon review of the parties' communications regarding Defendants' intent to file a motion to lift the stay (filed as Exhibit A to ECF No. 629), the Court finds no basis to strike Defendants' motion from the docket. In an effort to comply with Local Civil Rule 7(m), Defendants' counsel did contact Plaintiff to determine whether he consented to their forthcoming request to lift the stay pertaining to Defendants' Motion for Fees and Costs. *See* ECF No. 629, at 7. In response, Plaintiff indicated that "we will need to meet and confer on this." *Id.* at 6. Defendants' counsel declined to "meet and confer" and indicated to Plaintiff that "[t]here is nothing to discuss. The Defendants intend to move to lift the stay regardless of your position. I am merely offering you the courtesy

of consenting or opposing the motion. If you decline to express your position, I will state that you decline to consent." *Id.* at 5. Defendants then indicated in their Motion to Lift Stay that Plaintiff "declined to state his consent or opposition" to their motion. Defs.' Mot. to Lift Stay ¶ 7, ECF No. 626.

Given the narrow issue raised in Defendants' motion to lift the stay, the Court doubts that further discussion between the parties would have been fruitful. "Nonetheless, the Court admonishes counsel to pay greater heed to their duty to confer during the course of this litigation." *Johnson v. Dist. of Columbia*, Civil Action No. 17-883(CKK), 2019 WL 3767103, at *2 (D.D.C. Aug. 19, 2019) (quoting *Styrene Info. & Research Ctr., Inc. v. Sebelius*, 851 F. Supp. 2d 57, 62 n.3 (D.D.C. 2012) (construing the duty to confer under Local Civil Rule 7(m) to require in person or telephone communications)). In the interest of judicial economy, the Rule 7(m) deficiencies alleged by Plaintiff shall not prevent the Court from addressing Defendants' Motion to Lift the Stay, which the Court shall do in a separate, forthcoming Order. *See id.* (citing *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 26 (D.D.C. 2017)).

It is this 19th day of November 2021 hereby **ORDERED** that Plaintiff's [628] Motion to Strike is **DENIED**.

The Clerk of Court is instructed to mail a copy of this Order to Plaintiff's address of record.

    **SO ORDERED.**

                                                         /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge