## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

     Plaintiff,

  v.

JUDICIAL WATCH, INC., *et al.*,

     Defendants.

Civil Action No. 06-670 (CKK)

## ORDER
(November 19, 2021)

Pending before the Court is Defendants' [626] Motion to Lift Stay. Pursuant to the Court's Minute Order dated April 26, 2019, the resolution of Defendants' [585] Motion for Attorney Fees and Costs was stayed pending Plaintiff's appeal of the judgment in this case. On July 30, 2021, the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") affirmed the judgment in favor of Defendants in all respects. *See Klayman v. Judicial Watch, Inc., et al.*, 6 F.4th 1301 (D.C. Cir. 2021). On September 15, 2021, the D.C. Circuit denied Plaintiff's petition for re-hearing en banc. *See* Order, *Klayman v. Judicial Watch, Inc., et al.*, Case No. 19-7105 (D.C. Cir. Sept. 15, 2021). Defendants request that the Court lift the stay of the resolution of their motion for attorneys' fees and costs and permit them to file supplemental briefing to address the "time and costs incurred" since their earlier briefing on that topic.

Plaintiff opposes Defendants' motion, indicating that he intends to pursue an appeal of the D.C. Circuit's decision to the Supreme Court. *See* Pl.'s Opp'n to Mot. to Lift Stay at 1, ECF No. 627. [1]   It is unclear whether Plaintiff has yet filed a petition for writ of certiorari to the Supreme

---

[1] The Court has addressed Plaintiff's [628] Motion to Strike Defendants' Motion to Lift the Stay in a separate Order, ECF No. 630. To the extent Plaintiff's Opposition to Defendants' Motion to Lift the Stay seeks the same relief as his Motion to Strike, the Court has addressed Plaintiff's arguments in its separate Order.

Court.  However, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion."
Sup. Ct. R. 10.  "A petition for a writ of certiorari is rarely granted when the asserted error consists
of erroneous factual findings or the misapplication of a properly stated rule of law."  *Id.*  Plaintiff
also argues that there is an "ongoing ancillary challenge" to this case, *Klayman v. Rao, et al.*, Case
No. 21-cv-2473 (D.D.C.), in which the presiding judge in this case is named as a defendant.  That
case, however, was dismissed with prejudice on October 25, 2021 for lack of subject matter
jurisdiction and failure to state a claim upon which relief may be granted.  *See* Order, ECF No. 5,
*Klayman v. Rao, et al.*, Case No. 21-cv-2473 (D.D.C. Oct. 25, 2021).

"When circumstances have changed such that the court's reasons for imposing the stay no
longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion. *Marsh v.
Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (collecting cases).  "The power to stay proceedings
is incidental to the power inherent in every court to control the disposition of the causes on its
docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots
Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (citations omitted). "Logically, the same court that
imposes a stay of litigation has the inherent power and discretion to lift the stay.  *Marsh*, 263 F.
Supp. 2d at 52 (citations omitted).  In light of the D.C. Circuit's affirmance of the judgment in
favor of Defendants in this case, the Court shall exercise its "inherent power and discretion" to lift
the stay imposed on April 26, 2019 and proceed with supplemental briefing and resolution of
Defendants' motion for attorney fees and costs.

Accordingly, it is this 19th day of November 2021 hereby

**ORDERED** that Defendants' [626] Motion to Lift Stay is **GRANTED**; it is further

**ORDERED** that the parties shall file by **no later than DECEMBER 3, 2021** a joint status
report providing a proposed schedule for filing supplemental briefs on Defendants' Motion for

Attorney Fees and Costs.  If the parties fail to reach agreement as to a proposed schedule, they shall file separate status reports by the same date.

The Clerk of Court is instructed to mail a copy of this Order to Plaintiff's address of record.

**SO ORDERED.**

/s/

COLLEEN KOLLAR-KOTELLY
United States District Judge