IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN

    Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*

    Defendants.

Civil No. 1:06-cv-00670-CKK

**OPPOSITION TO MOTION TO REASSIGN CASE**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "JW"), by counsel, hereby oppose the Motion to Reassign Case filed by Larry Klayman ("Klayman"). Plaintiff's Motion should be denied for failure to make the any showing to justify reassignment under Code of Conduct for United States Judges 3(C)(1)(a) as well as 28 U.S.C. § 455.

**I.     BACKGROUND**

Unsatisfied with the outcome of his appeal, on September 21, 2021, Klayman filed a lawsuit separate from the instant matter, styled as *Klayman v. Rao, et al.*, Case No. 21-cv-5269 (D.D.C.), naming the judges of the U.S. Court of Appeals for District of Columbia and two judges from the U.S. District Court for the District of Columbia as Defendants, including the Honorable Colleen Kollar-Kotelly. Approximately one month later, on October 25, 2021, the U.S. District Court for the District of Columbia, *sua sponte*, dismissed Klayman's Complaint in *Klayman v. Rao*, citing procedural grounds including judicial immunity, collateral estoppel, and lack of jurisdiction. The court also denied Klayman's motion to transfer that case. Klayman sought to transfer that case for ostensibly the same reasons he now seeks to have this case reassigned.

On December 28, 2021, Klayman filed this Motion to Reassign Case ("Motion") to another Judge within this District. The Motion alleges that this Court has a conflict of interest, pursuant to Code of Conduct for United States Judges 3(C)(1)(a), because Judge Kollar-Kotelly is a Defendant in the *Klayman v. Rao* case, which was filed by Klayman. No other grounds are cited in support of the Motion.

II.     **ARGUMENT**

Klayman's Motion is yet another effort to "judge shop" by attempting to manufacture a conflict of interest for the Court. In this latest attempt, Klayman makes no showing by affidavit or otherwise to demonstrate why a conflict of interest exists. It is based solely on "allegations" within a separate Complaint that was authored by Klayman. Because the Motion lacks evidentiary support, it should be promptly denied.

   A.     **Code of Conduct for United States Judges 3(C)(1)(a) Does Not Require Reassignment of this Action**

Klayman's sole authority for reassigning this case is Code of Conduct for United States Judges 3(C)(1)(a), seemingly arguing that because this Court is named as a defendant in the *Klayman v. Rao* case, there is an alleged conflict of interest that requires a different judge to hear the remainder of this case.

Code of Conduct for United States Judges 3(C)(1)(a) provides for the disqualification of a judge where, *inter alia*, "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The *Klayman v. Rao* case provides no such evidence as it was dismissed on purely procedural grounds on October 25, 2021, approximately one month after Klayman filed the action. No party engaged in any discovery and the case was terminated in its infancy before any defendant could have gained any 'personal knowledge of disputed evidentiary facts' that could cause impartiality or warrant recusal in this

separate matter. In addition, other than being named as a defendant, this Court had no involvement in the *Klayman v. Rao* case. Apart from the solitary circumstance that a separate lawsuit was filed against Judge Kollar-Kotelly, which was later dismissed on procedural grounds, Klayman alleges no facts or evidence that can show any impartiality, bias, or prejudice to warrant reassignment of this action.

"Judicial impartiality is presumed." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). Recusal is only warranted if a "reasonable and informed observer would question the judge's impartiality." *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir. 2015). Such an observer "must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to faithfully and impartially discharge and perform all duties incumbent upon them." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F.Supp.2d 78, 91 (D.D.C. 2011) (internal quotation marks omitted). "[C]onclusory, unsupported or tenuous allegations" are insufficient for recusal. *In re Kamanski*, 960 F.2d 1062, 1065 n. 3 (D.C. Cir. 1992).

Klayman does not provide anything beyond 'conclusory, unsupported or tenuous allegations' of bias, nor does he provide any evidence of "an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Osei v. Standard Chartered Bank*, 2019 WL 917998, at *4 (D.D.C. 2019), *aff'd sub nom. Akwasi Boakye Osei v. Standard Chartered Bank*, 2019 WL 2563460 (D.C. Cir. June 4, 2019). And the practice of suing this Court while she presides over this action to manufacture a conflict is blatant gamesmanship and should not be condoned.

**B.     28 U.S.C. § 455 Is Inapplicable Because There Is No Evidence of Judicial Bias**

Although not raised in Klayman's Motion, 28 U.S.C. § 455 does provides an avenue for recusal but does not apply to this case for the same reasons. Under 28 U.S.C. § 455(b)(1), a judge

shall disqualify herself where she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." This language mirrors that of the Code of Conduct for United States Judges 3(C)(1)(a) and for the same reasons it is inapposite to the circumstances of this case. Klayman alleges no actual facts or evidence to show judicial bias and his Motion should be denied.

### C. Reassignment of This Action After Nearly Seventeen Years Will Cause Judicial Inefficiency

This case was originally filed in 2006. During its nearly 17-year path, Judge Kollar-Kotelly has "presided over this litigation commendably, without any error that Klayman has identified." *Klayman v. Judicial Watch, Inc.*, No. 19-7105, 2021 U.S. App. LEXIS 22613, at *37 (D.C. Cir. July 30, 2021). To switch judges at this point, when the only remaining issue is the Defendants' Motion for Fees and Costs, would be extremely inefficient and cause substantial delays. In particular, the parties' respective positions regarding the pending motion for fees will benefit from the Court's knowledge of the past 16 years of litigation. Reassigning the action at this point will only impose judicial inefficiency, especially where Klayman cannot make a showing of any conflict.

### III. CONCLUSION

Because Klayman fails to cite any applicable authority in support of the Motion to Reassign Case, or any facts or evidence to show any judicial bias or prejudice against him, the Motion should be DENIED.

Dated: January 10, 2022                           Respectfully submitted,

/s/

_____

Richard W. Driscoll (436479)
Driscoll & Seltzer, PLLC
2000 Duke Street, Ste. 300
Alexandria, VA 22314
Telephone: (703) 879-2601
Facsimile: (703) 997-4892
rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christoper J. Farrell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January 2022, a true copy of the foregoing Opposition was electronically transmitted by the Court's ECF system, U.S. mail and by email to:

Larry Klayman, Esq.
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
leklayman@gmail.com

/s/

_____

Richard W. Driscoll