**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY KLAYMAN<br><br>       Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC., *Et Al.*<br><br>       Defendants. | Civil No. 1:06-cv-00670-CKK |

**SUPPLEMENTAL MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "Judicial Watch"), by undersigned counsel, respectfully submit the following Supplemental Memorandum[1] in support of their Motion for Attorney Fees and Costs.

## INTRODUCTION

Judicial Watch originally filed its Motion for Attorney Fees and Costs on April 1, 2019 [ECF 585]. The Motion is based on a fee-shifting provision in the parties' Confidential Severance Agreement ("CSA"), dated September 19, 2003. The American Rule does not apply where the parties' contract allocated fees and costs between them. *McGuire v. Russell Miller, Inc.,* 1 F.3d 1306, 1313 (2d Cir.1993); *see also Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 448 (2007) (American Rule can "be overcome by an enforceable contract allocating attorney's fees"). Here, the parties' CSA provides for fee shifting for the entire legal proceeding, as follows:

---

[1]    As requested by the Court, a courtesy copy of this Memorandum and the Exhibits (and the prior Motion papers) will be delivered to Chambers.

> <u>Attorneys' Fees</u>. The prevailing party in any legal proceeding instituted on account of a Party's breach of this Agreement shall be entitled to an award of the costs incurred in connection with such action, including reasonable attorneys' fees and suit costs.

<u>Exhibit A</u> to the original Motion for Fees and Costs [ECF 585] at Section 19(c). This litigation, including the pretrial, trial, and appellate phases, were all instituted by Klayman based on alleged breaches of the CSA. The matter was fully contested by Klayman at every turn. After nearly 16 long years of litigation, Judicial Watch now moves this Court for an award of their fees and costs incurred in the legal proceedings.

## I.   EXHIBIT CORRECTIONS

On April 16, 2019, Judicial Watch submitted a Supplemental Memorandum (ECF 588] in support of its original Motion containing redacted copies of exhibits, however, the filing omitted Exhibit 2. To correct this error, Judicial Watch resubmits Exhibit 2 and provides an exhibit containing fee invoices since that time as follows:

<u>Exhibit 2</u>:   Redacted copies of Fee Invoices for Counterclaim trial time (2018)

<u>Exhibit 3</u>:   Redacted copies of Fee Invoices for Defense of Claims (2019 – 2021)

## II.   ADDITIONAL FACTS RELEVANT TO AN AWARD OF FEES AND COSTS

In addition to the facts outlined in the original Motion, the following facts will assist the Court in determining the allocation of fees and costs in this case.

After this Court issued its Memorandum Opinion and Order denying the Plaintiff's post-trial motions, Klayman continued to contest the outcome of this case by filing motions for reconsideration [ECF 587], sanctions [ECF 592], disqualification [ECF 606], stay of enforcement without bond [ECF 609] and striking Defendants' motion to lift stay [ECF 628]. Each motion was unsuccessful. <u>Exhibit K</u> (Continued Docket for 06-cv-0670).

Klayman filed a Notice of Appeal [ECF 613] on September 6, 2019. Soon thereafter, on September 30, 2019, Klayman filed an emergency motion to stay enforcement pending the appeal. After full briefing, on October 21, 2019, the U.S. Court of Appeals denied the emergency motion. Klayman then moved for *en banc* reconsideration of the denial, which was denied on November 25, 2019. Exhibit L (Docket Entries in Appeal No. 19-7105)

Judicial Watch did not cross-appeal but did file motions to protect the judgment below, including a motion to dismiss for lack of jurisdiction (October 18, 2019) and a motion for summary affirmance (November 4, 2019). Exhibit L. On February 4, 2020, summary affirmance was denied but the motion to dismiss was referred to the merits panel assigned to the appeal and the parties were directed to address the issue in their briefs. Exhibit L.

On April 3, 2020, Klayman retained new counsel and successfully obtained an extension of the briefing schedule. Exhibit L. Throughout the spring and summer of 2020, the parties prepared and filed briefs and the appendix. Exhibit L. Oral argument was conducted before Circuit Judges Wilkins and Rao, and Senior Circuit Judge Silberman on November 10, 2020. Exhibit L.

On July 30, 2021, the U.S. Court of Appeals for the District of Columbia Circuit affirmed the underlying judgment in all respects, rejecting each of Klayman's arguments for reversal. Exhibit L. Undeterred, on August 30, 2021, Klayman filed two versions of his petition for rehearing *en banc*, one consisting of 15 pages and the other consisting of 25 pages together with a motion requesting leave to exceed the page limitation. Exhibit L. All of these efforts were denied on September 15, 2021. Exhibit L.

On July 30, 2021, the U.S. Court of Appeals issued its Mandate. Exhibit L. After obtaining a deadline extension, Klayman filed a petition for *certiorari* with the U.S. Supreme

Court on January 7, 2022. Given the statistics for cases accepted for review by the Supreme Court and the lack of underlying error or national significance arising from this case, Defendants are confident that the petition for *certiorari* will not succeed.

The appellate process has been lengthy (2.5 years and counting) without any relief being awarded to Klayman. For the entire appellate proceedings, Defendants were forced to oppose Klayman's tireless efforts to overcome the jury's rejection of his allegations of breach of the CSA.

## III.   ARGUMENT

### A.   JUDICIAL WATCH CONTINUES TO BE THE "PREVAILING PARTY" IN THIS CASE

Pursuant to the express terms of the Confidential Severance Agreement, Defendants are the prevailing party for purposes of this entire litigation. Judicial Watch is entitled to an award of attorneys' fees pursuant to the express terms of the CSA:

> The prevailing party in <u>any legal proceeding</u> instituted on account of a Party's breach of this Agreement <u>shall be entitled to an award of the costs</u> incurred in connection with such action, **including reasonable attorneys' fees and suit costs**.

<u>Exhibit A</u> to the original Motion for Fees and Costs [ECF 585] at Section 19(c). Where the party seeking fees is the defendant, the burden is to establish only that they received "some form of judicial relief, not necessarily a court-ordered consent decree or a judgment on the merits." *Texas v. Holder*, 63 F. Supp. 3d 54, 63-64 (D.D.C. 2014) (citing *Turner v. Nat'l Transp. Safety Bd.*, 608 F.3d 12, 15, 391 U.S. App. D.C. 90 (D.C. Cir. 2010)). In the District of Columbia, parties may freely contract around the American rule and provide for fee-shifting in their contract. *Ellipso, Inc. v. Mann*, 594 F. Supp. 2d 40, 43 (D.D.C. 2009). Here, Judicial Watch was unquestionably awarded judgment in its favor by the U.S. Court of Appeals on July 30, 2021, which reads: "

4

ORDERED and ADJUDGED that the judgments and orders of the
District Court appealed from in this cause be affirmed in full, in
accordance with the opinion of the court filed herein this date.

July 30, 2021, Judgment.

Based on the outcome of the appeal, Judicial Watch continues to be the prevailing party
in this case and by contract is entitled to recover its attorney fees. under any standard. There is a
court-ordered change in the legal relationship of the parties, and a judgment in favor of Judicial
Watch and Fitton. As such, Judicial Watch is entitled to reasonable fees and costs.

## II.     JUDICIAL WATCH SEEKS ITS REASONABLE FEES AS CALCULATED BY THE LODESTAR METHOD

In its original Motion for Fees and Costs, Judicial Watch requested an award of
$1,379,920 in attorneys' fees and $24,728.60 in costs for this matter. As described in this
Supplemental Memorandum, Judicial Watch seeks and additional $258,437 in attorneys' fees
and $138.01 in costs. Exhibit G[2] (Supplemental Summary of Attorneys' Fees). As previously
shown, courts in this Circuit employ the *Laffey* Matrix, a schedule of fees based on years of
experience for lawyers who practice "complex federal litigation." *Eley v. District of Columbia*,
793 F.3d 97 (D.C. Cir. 2015). To assist the Court in evaluating hourly rates under the USAO
Matrix and the LSI *Laffey* Matrix, updated copies of both schedules for the years 2019 – 2021
are included as Exhibit H and Exhibit I. Case law and practice in this Circuit continue to view
the USAO Matrix rates as a more conservative value that demonstrates a reasonable hourly rate.
Therefore, Judicial Watch's supplemental request is also based on the USAO Matrix to calculate
the lodestar amount for this case. *See* Second Declaration of Richard W. Driscoll ("Second
Driscoll Decl.") ¶ 4. Complete redacted copies of contemporaneous and standardized time
records are included to accurately show the work performed by each attorney. *See Nat'l Ass'n of*

---

[2]     To avoid confusion, Exhibits are lettered in continuation with the designations used in the
original Motion for Attorneys' Fees and Costs.

*Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). The time records for this case were contemporaneously recorded using PCLaw and CLIO time systems. All recorded time entries include the timekeeper, date, time (in 1/10-hour increments), rate, and nature of activity or work performed. Judicial Watch's supplemental request is further supported by the Second Declaration of the undersigned who is the Responsible Attorney for this matter and performed more than 95% of the additional work. Second Driscoll Decl.; <u>Exhibit 3</u>. Judicial Watch's request for $138.01 in costs is supported by a supplement to the detailed Client Cost Journal for this case. <u>Exhibit J</u>.

Based on the 441.5 hours worked on this matter by D&S's attorneys and law clerks and the applicable USAO Matrix rates, the total lodestar amount for this supplemental request is $258,437. <u>Exhibit G</u>; Second Driscoll Decl. Accordingly, Judicial Watch requests a cumulative award of $1,638,357 for reasonable attorney fees and $24,866.61 for its costs in this matter.

WHEREFORE, for all the foregoing reasons, and for those set forth in the original Motion for Attorney's Fees and Costs, Judicial Watch respectfully requests a legal fee award in the amount of $1,638,357 together with $24,866.61 as costs.

Dated: January 21, 2022                    Respectfully submitted,

                                          /s/

                                          _____
                                          Richard W. Driscoll (436471)
                                          Email: rdriscoll@driscollseltzer.com
                                          DRISCOLL & SELTZER, PLLC
                                          2000 Duke Street, Suite 300
                                          Alexandria, Virginia 22314
                                          703.879.2601 Telephone
                                          703.997.4892 Facsimile

                                          *Counsel for Defendants Judicial Watch, Inc.,*
                                          *Thomas J. Fitton, Paul J. Orfanedes and*
                                          *Christopher J. Farrell*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January 2022, a true copy of the foregoing Supplemental Memorandum and Second Declaration of Richard W. Driscoll were electronically transmitted by the Court's ECF system, U.S. mail and by email to:

> Larry Klayman, Esq.
> 7050 W. Palmetto Park Rd.
> Boca Raton, FL 33433
> leklayman@gmail.com

/s/

_____

Richard W. Driscoll