# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br>      Plaintiff,<br>v.<br>JUDICIAL WATCH, INC., *et al.*,<br>      Defendants. | Civil Action No. 06-670 (CKK) |

**ORDER**
(February 4, 2022)

The Court is in receipt of Plaintiff's [636] Motion to Transfer, in which Plaintiff once again seeks recusal or disqualification of the undersigned. Plaintiff has filed multiple previous motions for this same purpose, and his motion is once again opposed by Defendants. *See* Defs.' Opp'n, ECF No. 637.

In this iteration of his motion, Plaintiff cites section 3(C)(1)(a) of the Code of Conduct for United States Judges as the basis for seeking "transfer" of this case to another judge, which provides that a judge shall disqualify herself "in a proceeding in which the judge's impartiality might reasonably be questioned," including if "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* Code of Conduct for United States Judges § 3(C)(1)(a), *available at* https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#d. Here, Plaintiff has brought a separate lawsuit against the presiding judge based on his dissatisfaction with her rulings (and those of other judges) in this case. *See Klayman v. Rao et al.*, Case No. 21-cv-5269 (D.D.C.). Notably, the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") affirmed in full this Court's rulings that Plaintiff challenged on appeal and observed that this Court "presided over this litigation commendably, without any error that [Plaintiff] has identified."

1

*Klayman v. Judicial Watch*, 6 F.4th 1301, 1321 (D.C. Cir. 2021).  The D.C. Circuit also denied Plaintiff's petition for rehearing en banc. *See* Order, *Klayman v. Judicial Watch*, Case No. 19-7105 (D.C. Cir. Sept. 15, 2021).

Nonetheless, Plaintiff contends that the undersigned has a "conflict of interest" in continuing to preside over this case" because he has brought a separate case against her and several other judges in this Court and the D.C. Circuit. Pl.'s Mot. at 2, ECF No. 636.  As the Court previously noted, Plaintiff's "collateral" case was dismissed with prejudice *sua sponte* on October 25, 2021 for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* Order at 2, ECF No. 631 (citing Order, ECF No. 5, *Klayman v. Rao, et al.*, Case No. 21-cv-2473 (D.D.C. Oct. 25, 2021)).  Although he appears to have appealed that decision, he fails to demonstrate how the pendency of that appeal gives rise to any question of the presiding judge's "impartiality" or "personal bias or prejudice." Code of Conduct for United States Judges § 3(C)(1)(a).  He fails to offer any evidence or argument supporting his conclusory allegations of any "appearance" that the "court's impartiality may be called into question." *See* Pl.'s Mot. at 1, ECF No. 636.

Accordingly, the Court **ORDERS** that Plaintiff's [636] Motion to Transfer is **DENIED**.

The Clerk of Court is instructed to mail a copy of this Order to Plaintiff's address of record.

**SO ORDERED.**

Dated: February 4, 2022

                                                        /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge