**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY KLAYMAN<br><br>            Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC., *Et Al.*<br><br>            Defendants. | Civil No. 1:06-cv-00670-CKK |

**MEMORANDUM IN OPPOSITION TO THE**
**PLAINTIFF'S RENEWED MOTION TO TRANSFER**
**AND TO RECUSE AND/OR DISQUALIFY HON. COLLEEN KOLLAR-KOTELLY**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "Judicial Watch"), by undersigned counsel, hereby file this Memorandum in Opposition to the Motion to Transfer[1] and to Recuse and/or Disqualify the Honorable Colleen Kollar-Kotelly filed by Plaintiff Larry Klayman ("Klayman" or Plaintiff).

## I.      BACKGROUND

Alleging a "pattern and practice of making highly prejudicial statements and issuing severely prejudicial rulings and orders" against him, Klayman moves for transfer, recusal and/or disqualification of Judge Kollar-Kotelly, who has presided over the litigation since 2006. As support for the alleged pattern of bias, Plaintiff now points to two isolated circumstances, neither of which demonstrate any extra-judicial bias or prejudice. First, Klayman devotes page upon

---

[1] Klayman does not include any substantive argument or basis for the renewed motion to transfer. The argument is likely based on the putative bias or prejudice. As demonstrated herein, there are no factual allegations or evidence to support an extra-judicial bias or prejudice harbored by the Court.

page to a simple denial "without prejudice" of his motion for an ECF username and password.[2] Second, Klayman points to an alleged conflict of interest arising from an appeal of *Klayman v. Rao, et al.*, Case No. 21-cv-5269, which is currently pending before the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), and involves Plaintiff's civil claims against this Court and all Judges on the D.C. Circuit for ruling against him. These two circumstances are the only new allegations of bias made in the more than 25 pages devoted to the Motion.

Since discovery closed in early 2009, Klayman has filed at least five motions to recuse Judge Kollar-Kotelly and sued her at least twice. He is a serial (vexatious) movant for recusal and disqualification in this action. The D.C. Circuit did not find any error in this Court's denial of these motions. Nevertheless, Klayman employs the motion as a weapon or procedural tactic, usually for the purpose of delay and/or a basis to appeal.

For the same reasons that prior motions were denied, Klayman's current Motion is untimely and insufficient to meet the applicable standards and should be denied.

## II.   STANDARD OF REVIEW

### A.   STANDARD FOR RECUSAL OR DISQUALIFICATION UNDER 28 U.S.C. § 455(a)

Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself [herself] in any proceeding in which his [her] impartiality might reasonably be questioned." "[T]o be disqualifying, the appearance of bias or prejudice must stem from an extrajudicial source." *United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992). A court has broad discretion in considering the sufficiency of a motion to remove a judicial officer, and analysis of the motion begins "with a presumption against disqualification." *Cotton v.*

---

[2]     Although an attorney, Klayman is currently not permitted to make electronic filings due to a January 7, 2021, interim suspension imposed by the District of Columbia Court of Appeals pursuant to D.C. Bar R. XI, § 9(g).

*Washington Metropolitan Area Transit Authority*, 264 F. Supp. 2d, 39, 42 (D.D.C. 2003) (citing *Cobell v. Norton*, 237 F. Supp. 2d. 71, 78 (D.D.C. 2003)). "In order to overcome the presumption, the moving party must demonstrate by clear and *convincing* evidence that disqualification is required by § 455(a)." *Id*.

Whether grounds exist to warrant recusal under section 455(a) is determined by an objective standard. In assessing section 455(a) motions, the D.C. Circuit applies an "objective" standard: "Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *SEC v. Loving Spirit Found. Inc.*, 392 F. 3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001), *cert. denied*, 534 U.S. 952 (2001)). "This standard requires that [a court] take the perspective of a fully informed third-party observer who understands all the relevant facts and has examined the record and the law." *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir. 2015). Therefore, "bald allegations of bias or prejudice" do not suffice. *Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x 270, 275 (D.C. Cir. 2004).

"[J]udicial rulings alone almost never *constitute* a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Hite*, 769 F.3d 1154, 1172 (D.C. Cir. 2014) (stating that "unfavorable judicial rulings alone almost never constitute a valid basis for reassignment."); and *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (*per curiam*) ("That a judge commits error, of course, is by itself hardly a basis for imputing bias or even the appearance of partiality."). Also, opinions formed by the judge based on facts introduced or events occurring during the proceedings do not constitute a basis for bias or partiality "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Tripp v. Executive Office of the President*, 104 F. Supp. 2d 30,

34-35 (D.D.C. 2000). "Expressions of impatience, dissatisfaction, annoyance, and even anger" do not evidence the level of bias required by § 455(a). *Liteky*, 510 U.S. at 555-56.

> **B.**     **STANDARD FOR RECUSAL OR DISQUALIFICATION UNDER 28 U.S.C. § 144**

Under 28 U.S.C. § 144, a judge may be disqualified on grounds of bias or personal prejudice as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Motions for disqualification under 28 U.S.C. § 144 are committed to the sound discretion of the trial court. *Chitimacha Tribe of Louisiana v. Harry I. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983).

Judges are presumed to be impartial. *United States v. Mitchell*, 377 F. Supp. 1312, 1315 (D.D.C. 1974) (citing *Beland v. United States*, 117 F.2d 958, 960 (5th Cir.), *cert. denied*, 313 U.S. 585 (1941). "Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification." *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("disqualification is not automatic upon submission of affidavit and certificate"). Instead, recusal is required only upon the filing of a "timely and sufficient affidavit." 28 U.S.C. § 144.

Initially, whether the motion and supporting affidavit are both timely and legally sufficient is for this Court to determine. *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976) ("It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."); *see also United States v. Heldt*, 668 F.2d 1238, 1272 n.69 (D.C. Cir. 1981) (noting that "under section 144 . . . the transfer to another judge for decision is 'at most permissive'") (quoting *Haldeman*, 559 F.2d at 131). Regarding timeliness of the motion, section 144 is silent as to "what the timeliness requirement means where, as in this case, the recusal motion rests on events occurring after proceedings began." *Loving Spirit Found.*, 392 F.3d at 492. Most courts require that "the affidavit to be filed 'at the earliest moment.'" *Id.* This Circuit emphasizes that the timeliness requirement is "[c]rucial to the integrity of the judicial process," because it "ensures that a party may not wait and decide whether to file based on 'whether he likes subsequent treatment that he receives.'" *Id.* (quoting *In re United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960)).

Next, to determine whether an affidavit states a legally sufficient basis for disqualification, the Court "must accept the affidavit's factual allegations as true even if the judge knows them to be false." *Loving Spirit Found.*, 392 F.3d at 496; *see also United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C. 1965) ("when presented with an application and affidavit such as this one, a Court may not pass upon the truth or falsity of the allegations, but must accept them as true for the purpose of determining the legal sufficiency of the affidavit"). But the affidavit "must state facts as opposed to conclusions, and while the information and belief of the affiant as to the truth of the allegations are sufficient, mere rumors and gossip are not enough." *Hanrahan*, 248 F. Supp. at 474 (internal citations omitted). "The identifying facts of time, place, persons, occasion and circumstances must be set forth, with at least that degree of

particularity one would expect to find in a bill of particulars." *Id.* (internal citations omitted).
Because the Court accepts the facts stated in the affidavit as true, an attorney who presents the
motion must "sign a certificate stating that both the motion and declaration are made in good
faith." *Loving Spirit Found.*, 392 F.3d at 496; *see* 28 U.S.C. § 144 (requiring that the affidavit
"be accompanied by a certificate of counsel of record stating that it is made in good faith"). The
certification requirement "guard[s] against the removal of an unbiased judge through the filing of
a false affidavit." *Loving Spirit Found.*, 392 F.3d at 496.

If the affidavit is properly certified by counsel of record and the statements of fact are
made with sufficient particularity, the Court must determine:

> whether these facts would fairly convince a sane and reasonable
> mind that the judge does in fact harbor the personal bias or
> prejudice contemplated by the statute. It is well established that the
> facts must give fair support to the charge of a bent mind that may
> prevent or impede impartiality. The basis of the disqualification is
> that personal bias or prejudice exists, by reason of which the judge
> is unable to impartially exercise his functions in the particular case.
> The factual allegations must establish by more than a prima facie
> case, but not beyond a reasonable doubt that the mind of the judge
> is closed to justice; that the judge has a personal bias or prejudice
> against the affiant which is of such a nature, and of such intensity,
> that it would render the judge unable to give the affiant the fair
> trial to which every litigant is entitled. Obviously, such a showing
> could rarely be made.

*Hanrahan*, 248 F. Supp. at 475–76 (internal citations and quotations omitted). "Importantly, to
be disqualifying, the alleged bias usually 'must stem from an extrajudicial source and result in an
opinion on the merits on some basis other than what the judge learned from his participation in
the case.'" *Robertson*, 691 F. Supp. 2d at 78 (quoting *United States v. Grinnell Corp.*, 384 U.S.
563, 583 (1966)); *see also Liteky*, 510 U.S. at 554 (predispositions developed during proceedings
are rarely sufficient). Substantively, sections 144 and 455 "are quite similar, if not identical."
*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of State of Miss.*, 637

6

F.2d 1014, 1019 (5th Cir. 1981).

## III.   ARGUMENT

### A.   KLAYMAN'S AFFIDAVIT DOES NOT ALLEGE SUFFICIENT FACTS TO REQUIRE RECUSAL OR DISQUALIFICATION

To support this Motion, Klayman attaches a five-page affidavit detailing the denial of his motion for an ECF username and password, and the *Klayman v. Rao* case. This is his fourth affidavit filed in support of a motion to disqualify Judge Kotelly in this case, which violates the statute and justifies denial of the Motion. Klayman is expressly limited to one affidavit: "A party may file only one such affidavit in any case." 28 U.S.C. § 144. ***The express limit of one affidavit bars a motion based on a fourth affidavit***. Therefore, the Court has no authority to grant a motion based on 28 U.S.C. § 144.

Substantively, the Affidavit allegations lack any grounds to reasonably demonstrate that Judge Kotelly harbors an extrajudicial, personal bias or prejudice against Klayman. The new grounds are an Order ***"without prejudice"*** denying his motion for ECF filing privileges and the Court's failure to voluntarily recuse based on Klayman's third lawsuit for failing to rule in his favor. In summary, the grounds are one unfavorable Order and the Court's failure to voluntarily do something that Klayman wants it to do. Neither allegation meets the applicable standard.

Klayman does not identify a single incident of extrajudicial personal bias or prejudice against him by Judge Kotelly. Instead, he relies on a ruling by Judge Kotelly in this case and her continuing to preside over this action in the face of the *Klayman v. Rao* appeal. These are not the facts that will convince a "sane and reasonable mind" of extra-judicial bias or prejudice. *Hanrahan*, 248 F. Supp. at 475–76. Klayman cannot rely on the Order without proof of extra-judicial bias because "[i]t is well settled that actions of a judge in pending or previous litigation in which the movant has been involved are not grounds for disqualification under § 144."

7

*Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980); *see also, Hanarahan*, 248 F. Supp at 476 ("A bias or prejudice, if it may be called that, consisting merely in a state of mind based on the evidence adduced in open court is not the personal bias proscribed by the statute"). Klayman does not identify anything that Judge Kotelly learned beyond the bounds of this action as cause for his Motion. His disagreement with the ruling does not provide the evidence necessary to demonstrate bias by the Court. Therefore, the Affidavit does not provide sufficient detail or facts to warrant recusal or disqualification.

Reliance on the *Klayman v. Rao* appeal is an even more tenuous exercise of circular reasoning – Klayman moves to recuse the Court because she did not voluntarily recuse herself. In *Klayman v. Rao*, Klayman sued this Court and all judges on the D.C. Circuit for failing to rule in his favor. *See Klayman v. Rao*, Case No. 1:21-cv-02473-CRC, at ECF 1. On October 25, 2021, Judge Christopher R. Cooper *sua sponte* dismissed the action for failure to state a claim on which relief can be granted. *Id*., ECF 6. The primary reason for dismissing this collateral attack on a judgment is judicial immunity. Litigants cannot sue federal judges for past decisions whether seeking damages or equitable relief. "While courts do distinguish between equitable and monetary relief in this context, it is well established that judicial immunity bars claims . . . for retrospective declaratory relief of a violation of federal law." *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985)). Likewise, dismissal is justified because Article III courts do not have jurisdiction to grant the requested relief: a declaration that a past judicial decisions was illegal and an order vacating the prior judgment against him. Peculiarly, Klayman requested that a U.S. District Court reverse a U.S. Court of Appeals, relief that the district court cannot award. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (stating that

it is "axiomatic that a lower court may not order the judges or officers of a higher court to take an action").[3]

Defendants note that there is a striking distinction between *Klayman v. Rao* and this case. Recusal by the D.C. Circuit for an appeal in which each judge is a defendant is an understandable conflict of interest. Continuing to preside over this action is far different because she is not a defendant <u>in this action</u> and Klayman has not shown, in any way, that she has extra-judicial bias or prejudice, or personal knowledge of any disputed fact. Therefore, recusal or disqualification is neither required nor proper under 28 U.S.C. § 144. *See Tynan v. United States*, 376 F.2d 761, 764 (D.C. Cir. 1967) (stating that "if the statutory requirements are not met, it is the duty of the judge to refuse to disqualify himself").

### B.        KLAYMAN'S MOTION IS NOT TIMELY

This case was filed on April 12, 2006. allegations of bias contained in prior motions to recuse/disqualify were all found to be untimely. ECF Nos. 314, 355 and 425. *See also, Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 61 (D.D.C. 2010). Indeed, courts "have required the affidavit to be filed 'at the earliest moment.'" *Loving Spirit Found.*, 392 F.3d at 492. The D.C. Circuit makes clear that the timeliness requirement is "[c]rucial to the integrity of the judicial process," as it "ensures that a party may not wait and decide whether to file based on 'whether he likes subsequent treatment that he receives.'" *Id*. (quoting *In re United ShoeMach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960)).

Klayman's new allegations of bias are untimely. The *Klayman v. Rao* case was filed on September 21, 2021, shortly after his petition for rehearing *en banc* was denied by the D.C. Circuit. Therefore, Klayman was aware of the action for seven months before filing the Motion

---

[3]        Judge Cooper also notes that the relief is barred by *res judicata*. *Klayman v. Rao*, ECF 6 at pp. 10-13.

seeking disqualification. The Order denying his request for ECF filing is more recent, but that Order is without prejudice, effectively inviting him to try again. The other allegations in the Motion and Affidavit were all presented to, and rejected by, the D.C. Circuit on appeal. Klayman's repeating allegations of bias are tiring and vexatious. Refiling the same motion over and over should be sanctioned and prohibited. In any event, the allegations are untimely. Klayman was required to file his Motion as soon as he acquired knowledge of facts he claims to support recusal or disqualification. However, he did not act timely.

### C.   THE MOTION DOES NOT MEET THE STANDARD OF CLEAR AND CONVINCING EVIDENCE

The Motion and Affidavit do not establish any impartiality exhibited by the Court. Klayman does not explain how the offending Order results from an extrajudicial bias held by Judge Collar-Kotelly. There is no basis at all for a reasonable and informed observer to question the Court's impartiality. *S.E.C. v. Loving Spirit Found. Inc.*, 392 F. 3d 486, 493 (D.C. Cir. 2004). Plaintiff's motion for an ECF username and password was denied without prejudice, meaning it can be refiled.  Indeed, the Court's Order tacitly invites Klayman to refile the motion after following the Court's instructions. Therefore, an impartial observer should ask why Klayman did not refile his Motion. Likewise, the Klayman v. Rao argument is nonsensical and lacks the factual detail necessary to demonstrate a factual issue of bias or prejudice.

Klayman's burden is clear and convincing evidence. Here, not only is there no evidence, but an impartial observer is left wondering why Klayman this motion for a fifth time.

### CONCLUSION

After filing four prior motions of this type (in this case), Klayman should understand the burden he shoulders to succeed. Yet, this Motion lacks any substance to raise an issue regarding extra-judicial bias or prejudice. Accordingly, the Motion fails.

WHEREFORE, for all the foregoing reasons, Judicial Watch, Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell respectfully request that the Motion be DENIED.

Dated: March 18, 2022

Respectfully submitted,

/s/

_____

Richard W. Driscoll (436471)
Email: rdriscoll@driscollseltzer.com
DRISCOLL & SELTZER, PLLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
703.879.2601 Telephone
703.997.4892 Facsimile

*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton, Paul J. Orfanedes and*
*Christopher J. Farrell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March 2022, a true copy of the foregoing Reply Memorandum was electronically transmitted by the Court's ECF system, U.S. mail and by email to:

Larry Klayman, Esq.
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
leklayman@gmail.com

/s/

_____

Richard W. Driscoll