UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUDICIAL WATCH, INC., *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 06-670 (CKK) |

**ORDER**
(June 23, 2022)

The Court is in receipt of Plaintiff Larry Klayman's [642, 643] Renewed Motion to Transfer and to Recuse and/or Disqualify ("Pl.'s Mot.").[1] Plaintiff again seeks to "transfer this case to another jurist and/or disqualify the Honorable Colleen Kollar-Kotelly." Pl.'s Mot. at 1. Plaintiff has filed multiple previous motions for this same purpose, and his motion is once again opposed by Defendants. *See* Defs.' Opp'n, ECF No. 645.

Plaintiff contends principally that the Court's denial of his [639] Motion to File Electronically in this case, *see* Minute Order (Feb. 4, 2022), evidences the Court's "bias and prejudice" towards him. *See, e.g.*, Pl.'s Mot. at 1–2, 14–15. Plaintiff concedes, however, that whether or not to grant a *pro se* plaintiff's request for leave to file electronically is within the Court's discretion. *See* Pl.'s Mot. at 2. He further concedes: "Of course I can file using hard copies submitted to the clerk. So can anyone else." *Id.* Nonetheless, he claims that he is "prejudice[d]" and "harm[ed]" by the Court's denial of his request, which he contends demonstrates "extrajudicial bias and prejudice" that "mandates disqualification." *Id.* Plaintiff is correct that the decision whether to grant a *pro se* plaintiff's request to file documents using ECF

---

[1] Plaintiff has submitted this motion and his opposition to Defendants' Renewed Motion for Attorney Fees and Costs in single, consolidated filing. This Order addresses only Plaintiff's motion seeking "transfer," "recusal," and/or "disqualif[ication]" of this Court.

1

is entirely within the Court's discretion in managing its own docket. *See* LCvR5.4(b)(2). Moreover, as the Court indicated in its February 4, 2022 Minute Order, Plaintiff "has demonstrated sufficient ability to file pleadings on the docket." Plaintiff has not demonstrated any "extrajudicial" bias or prejudice warranting "recusal" or "transfer" of this action to another judge.

Plaintiff has further contends that the undersigned has a "conflict of interest" in continuing to preside over this case because (1) he has brought a separate lawsuit against the presiding judge in this case based on his dissatisfaction with her rulings (and those of other judges) in this case, *see Klayman v. Rao et al.*, Case No. 21-cv-5269 (D.D.C.); and (2) he has filed a "complaint pursuant to the Judicial Conduct and Disability Act . . . before the Judicial Council." Notice at 1, ECF No. 648; Pl.'s Mot. at 3. As the Court previously noted, Plaintiff's "collateral" case was dismissed with prejudice *sua sponte* on October 25, 2021 for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* Order at 2, ECF No. 631 (citing Order, ECF No. 5, *Klayman v. Rao, et al.*, Case No. 21-cv-2473 (D.D.C. Oct. 25, 2021)). Although he has appealed that decision, he fails to demonstrate how the pendency of that appeal gives rise to any question of the presiding judge's "impartiality" or "personal bias or prejudice." Code of Conduct for United States Judges § 3(C)(1)(a).

Plaintiff next engages in a lengthy discussion of the Court's various rulings in this case, claiming that they evidence "deep-seated . . . antagonism" towards him requiring recusal and/or transfer of this case to a different judge. *See* Pl.'s Mot. at 11–25. The Court has previously rejected Plaintiff's attempts to seek recusal due to his disagreement or dissatisfaction with the Court's rulings in this case and finds no reason to deviate from its earlier decisions. *See, e.g.* Mem. Op., ECF No. 315; Mem. Op. & Order, ECF No. 425; Mem. Op., ECF No. 608. Moreover, the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") thoroughly reviewed this

Court's rulings and affirmed them "in full," noting that "Judge Kollar-Kotelly presided over this litigation commendably, without any error that [Plaintiff] has identified." *Klayman v. Judicial Watch*, 6 F.4th 1301, 1321 (D.C. Cir. 2021). Although Plaintiff sought review of the D.C. Circuit's decision by the Supreme Court, his petition for a writ of certiorari was recently denied. *See Klayman v. Judicial Watch*, --- S.Ct. ----, 2022 WL 1528530 (Mem) (May 16, 2022).

Accordingly, the Court **ORDERS** that Plaintiff's [642, 643] Renewed Motion to Transfer and to Recuse and/or Disqualify is **DENIED**.

*The Clerk of Court is instructed to mail a copy of this Order to Plaintiff's address of record.*

**SO ORDERED.**

Dated: June 23, 2022

                                                 /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge