CO-938 (Rev. 4/2010)

# United States District Court
# for the District of Columbia

United States Court House  
John Marshall Place and Constitution Ave., NW  
Washington, DC 20001

Larry Klayman _____ Plaintiff )  
)  
vs. ) Civil Action No. 06-670 (CKK)  
)  
Judicial Watch, Inc., et al. _____ Defendant )

## WRIT OF ATTACHMENT ON A JUDGMENT
### (Garnishment of Wages, Earnings, Salary, Commissions, and Pensions)

To: Freedom Watch, Inc. (SERVE: Larry Klayman, 2020 Pennsylvania Avenue, NW, Suite 345, Washington, DC 20006) _____, Garnishee

WHEREAS judgement has been entered against the defendant on March 18, 2019, in the sum of $ 500,000, with interest $102,079.98 at 6% per annum, from March 18, 2019 and the cost of $ 0.00, less credit of $ 0.00, making a total balance due on the date of issuance of this attachment of $ 602,079.98 .

NOTE: Accruing interest will increase this amount in the future and it is also possible that additional costs accruing under the judgement may increase this total at a later date. It is also possible that payments made independently may decrease the total balance due. Before ceasing to withhold any disposable wages, under this attachment, it is suggested that you communicate with the plaintiff or his attorney to ascertain that the judgement has been completely satisfied.

NOW, THEREFORE, you are hereby notified that this Writ of Attachment (garnishment) constitutes a lien and continuing levy for the amount above stated upon the disposable wages, or as defined by law (See Instruction 1-3), due or to become due from you to the defendant.

YOU ARE HEREBY ORDERED to withhold from the disposable wages (See Instructions 1-2) of the defendant for any workweek or other pay period **THE LESSER OF:**

(1) 25% of defendant's disposable wages for each workweek or other pay period: **OR**

(2) the amount by which his disposable wages for each week exceed 30 times the prescribed federal minimum hourly wage in effect at the time the wages are payable. In the case of wages for any period other than a week, multiply the current federal minimum hourly wage by 30, then multiply the resultant product by the number of full and/or partial weeks which are included in the pay period being considered. (See Instructions 1-2) and to pay same to Thomas J. Fitton within 15 days after the close of the last pay period of the defendant ending in each calendar month, until said judgement, including interest, costs and other charges shall have been satisfied or until otherwise notified by this Court.

NOTICE TO EMPLOYER-GARNISHEE: Within ten (10) days after this writ is served upon you, you are required to answer the following interrogatories, UNDER THE PENALTY OF PERJURY, and to file in this Court one copy of this paper with your answers written thereon, and to serve a copy, by mail, or other means, upon the plaintiff and upon the defendant. If you fail to do so, judgement may be entered against you for the entire amount of the plaintiff's claims, with interest and costs.

WITNESS the Honorable Chief Judge of the said Court, this 10th day of August, 2022 .

//Richard W. Driscoll// (436471) _____  
*Attorney for Plaintiff*

Angela D. Caesar, Clerk

Address: 2000 Duke St., Ste. 300, Alexandria, Virginia 22314  
By: _____  
Deputy Clerk

### INTERROGATORIES TO BE ANSWERED BY EMPLOYER-GARNISHEE

1. If the defendant is employed by you, state the amount of disposable wages as defined by law (See Instruction 1) said defendant earns and when paid. Also state his Social Security Number.  
ANSWER: _____  
_____

2. If the defendant is not employed by you, has he been employed by you in the four-month period next preceding the service of the writ upon you; if so, when were his services terminated?  
ANSWER: _____

3. If you are presently withholding wages or earnings of this defendant to satisfy an attachment already served upon you, state the name of the judgement creditor to whom you are making payments and the number of the case in which the attachment was issued.  
ANSWER: _____

I declare under the penalties of perjury that the answers to the above interrogatories are, to the best of my knowledge and belief, true and correct as to every material matter.

Date: _____  _____  
*Employer-Garnishee*

**INSTRUCTIONS TO EMPLOYER-GARNISHEE**

1(a) The term "wages" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program; (b) the term "disposable wages" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to *be* withheld.

2. The term ○ederal minimum hourly wages" means the highest Federal minimum hourly wage prescribed by Sec. 6(a)(1) of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)(l)). (That wage is $3.35 per hour as of _____ . Any subsequent changes in the Federal minimum hourly wage must be observed by the garnishee.)

The District of Columbia Consumer Credit Protection Act of 1971, approved and effective December 17, 1981, eliminates the prior method of withholding the prescribed percentages of gross wages due or to become due to the judgment debtor employee. It adopts the restrictions on garnishment amount of the Federal Consumer Protection Act (Title III), effective July 1, 1970, and provides for an exemption formula which applies directly to the aggregate disposable wages for any workweek or other pay period. In the case of disposable wages which compensate for personal services rendered during a pay period of more than one workweek, in determining which of the two alternative parts of the withholding formula (See front of this Writ) results in the least withholding, as per regulation of the Commissioner of the District of Columbia, (1) the 25% part of the formula is to be applied to the aggregate disposable wages for the entire pay period involved; and (2) the Federal minimum hourly wage part of the formula (as long as the Federal minimum hourly wage is $3.35) is to be computed as follows: for a 2-week pay period -- 2 x 30 x $3.35 = $201.00; for a semi-monthly pay period -- 2 1/6 x 30 x $3.35 = $217.75 for a monthly pay period -- 4 1/3 x 30 x $3.35 = $435.46.

3. This Writ of Attachment remains in full force and effect as a continuing levy and lien upon the disposable wages as defined above, which are now due or to become due in the future to the defendant until such time as the judgment upon which this attachment is issued is fully paid.

4. In this event the defendant leaves your employ for a period of 90 days or less, and then is re-employed, this attachment shall remain in full force and effect and you are required to resume the withholdings from his disposable wages.

5. In the event the defendant leaves your employ for a period of 91 days or more, this attachment shall terminate and you shall return your copy of this attachment to the Count, setting forth the date of the termination in the space here provided.

---

I certify under the penalty of perjury that employment of the defendant was terminated on
_____
and that the defendant has not meanwhile been re-employed.

DATE: _____          _____
                                                                              EMPLOYER-GARNISHEE

---

6. If other attachments against this defendant have been served upon you and are still unsatisfied, you are required under the law to make withholdings to satisfy the attachments in the order in which they were received by you. If you were served with two or more attachments at the same time, the one bearing the earlier time stamp of the United States Marshal is entitled to be satisfied first.

7. You shall not pay anything nor withhold any disposable wages to satisfy this attachment until such time as all claims or judgments with respect to which you have received prior attachments against this defendant have been paid and satisfied. At that time, you are then required to withhold and pay the disposable wages as computed pursuant to this attachment, to satisfy this attachment. In the event the defendant leaves your employ while this attachment is pending or while it is in the process of being satisfied, see instructions 4 and 5 above.

8. The masculine pronoun, wherever used, includes the feminine pronoun, when appropriate.

WARNING: SEC. 6 OF THE D.C. CONSUMER CREDIT PROTECTION ACT OF 1971 (P.L. 92-200) PROHIBITS AN EMPLOYER FROM DISCHARGING AN EMPLOYEE FOR THE REASON THAT HIS UNPAID EARNINGS HAVE BEEN SUBJECTED OR ATTEMPTED TO BE SUBJECTED TO GARNISHMENT FOR THE PURPOSE OF PAYING A JUDGMENT. THE FEDERAL WAGE GARNISHMENT LAW RESTRICTS SUCH DISCHARGE WHERE AN EMPLOYEE'S EARNINGS HAVE BEEN SUBJECTED TO GARNISHMENT FOR ANY ONE INDEBTEDNESS AND PROVIDES THAT A WILLFUL VIOLATION OF SAID RESTRICTION MAY SUBJECT AN EMPLOYER TO A FINE OF NOT MORE THAN $1,000, OR IMPRISONMENT FOR NOT MORE THAN 1 YEAR, OR BOTH.