IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN<br><br>        Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC., *Et Al*.<br><br>        Defendants. | Civil No. 1:06-cv-00670-CKK |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION [ECF NO. 657] OF MAGISTRATE G. MICHAEL HARVEY AWARDING $707,131.91 TO DEFENDANTS FOR ATTORNEYS' FEES AND COSTS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "Judicial Watch"), by undersigned counsel, respectfully oppose the objections raised by Plaintiff Larry Klayman ("Klayman") to the October 25, 2022, Report and Recommendation [ECF No. 657] awarding $707.131.91 to Defendants for attorneys' fees and costs.

**A.    KLAYMAN EXHAUSTED ALL CHALLENGES TO THE FINAL JUDGMENT IN FAVOR OF JUDICIAL WATCH AND THOMAS FITTON**

This action was filed in early 2006. Discovery was complete in 2009 and the case should have gone to trial in early 2010 but was delayed by Klayman who filed multiple motions to recuse, judicial complaints and an independent action against Judge Kollar-Kotelly. The case was finally tried to a jury in March 2018, who completely rejected Klayman's claims and defenses and awarded judgment to Judicial Watch in the amount of $2,300,000 and to Thomas Fitton in the amount of $500,000. ECF No. 560. Following Plaintiff's unsuccessful post-trial motions, a final judgment in the amount of $2,932,970.16 (the "Judgment") was entered on

March 18, 2019. ECF No. 584 (adding $132,970.16 for damages and interest on Count I of the counterclaim).

The Judgment is now final and may not be attacked, directly or collaterally. *See Klayman v. Rao*, No. 21-cv-02473 (CRC), 2021 U.S. Dist. LEXIS 204644, at *15 (D.D.C. Oct. 25, 2021) (rejecting Klayman's repeated effort to challenge the Judgment in this case stating "[t]hese issues have been fully litigated to a final judgment on the merits"). Klayman initially appealed the Judgment based on a host of issues (many of which are raised as objections). The D.C. Circuit rejected the appeal entirely:

> Klayman's multitude of asserted errors fail. Judge Kollar-Kotelly presided over this litigation commendably, without any error that Klayman has identified.

*Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301, 1321 (D.C. Cir. 2021). Not surprisingly, Klayman petitioned the D.C. Circuit for rehearing, which was denied by *Per Curiam* Order, dated September 15, 2021. Klayman then petitioned for *certiorari* to the Supreme Court, which was also denied. *Klayman v. Judicial Watch, Inc.*, 142 S. Ct. 2731 (2022). Undeterred, Klayman petitioned for a rehearing before the Supreme Court. This too was denied. *Klayman v. Judicial Watch, Inc.*, 213 L.Ed.2d 1142 (U.S. 2022).

Klayman is engaged in an unprecedented abuse of the legal system to delay an inevitable outcome. He cannot frustrate Defendants' request for attorneys' fees and costs based on further baseless challenges to the Judgment. Judicial Watch, as the prevailing party, is contractually entitled to an award of fees and costs. There are no further legal remedies to be exhausted. Every objection to the Judgment has been vetted multiple times by trial and appellate courts. To the extent that Klayman is raising a new objection, it is barred by *res judicata*, as clearly explained by the District Court:

> ***There can be no doubt that the issues Klayman raises in this complaint have already been raised and decided in Judicial Watch I***. Although Klayman styles his suit as one to vindicate a deprivation of his due process rights, his specific allegations of wrongdoing all stem from previously adjudicated judicial decisions of either the district or appellate court. For example, he challenges Judge Kollar-Kotelly's evidentiary rulings and jury instructions in Judicial Watch I, Compl. ¶¶ 24-26, and the D.C. Circuit's affirmance of those rulings on appeal, Compl. ¶¶ 27-29. Klayman alleges that he set forth all these errors "in detail" in his opening and reply brief before the D.C. Circuit in the Judicial Watch Appeal. Compl. ¶¶ 24-25. He attaches those briefs as exhibits to his complaint, along with his petition for rehearing. Id., Ex. 1, 2.
>
> ***These issues have been fully litigated to a final judgment on the merits. In the Judicial Watch I appeal the D.C. Circuit considered, and rejected, each of the issues Klayman now raises in his complaint***.
>
> \*\*\*
>
> It is clear, then, that the issues outlined in Klayman's complaint have already been "raised and decided in a prior action," *Ficken*, 696 F. Supp. 2d at 32, and Klayman is therefore precluded from relitigating them here, *Sheppard*, 791 F. Supp. 2d at 5. ***Given this Court's interest in "conserve[ing] judicial resources, avoid[ing] inconsistent results, engender[ing] respect for judgments of predictable and certain effect, and prevent[ing] serial forum-shopping and piecemeal litigation," id., the Court sees it fit to invoke issue preclusion sua sponte in this instance.***

*Klayman v. Rao*, No. 21-cv-02473 (CRC), 2021 U.S. Dist. LEXIS 204644, at \*14-15 (D.D.C. Oct. 25, 2021) (emphasis added). The D.C. Circuit emphatically rejected Klayman's collateral attack on the Judgment. *Klayman v. Neomi Rao, Hon*, 49 F.4th 550, 552 (D.C. Cir. 2022). Any further grounds raised by Klayman are baseless and interposed for the sole purpose of delay.

    **B.    THE CONFIDENTIAL SEVERANCE AGREEMENT AWARDS COSTS FOR THE ENTIRE ACTION INITIATED IN CONNECTION WITH AN ALLEGED BREACH THEREOF**

The fee shifting provision in the September 19, 2003, Confidential Severance Agreement ("Agreement") governs the award of fees in this case. It states that fees for an entire proceeding

3

initiated on account of a party's breach of the Agreement shall be awarded to the prevailing party, as follows:

> <u>Attorneys' Fees</u>. The prevailing party *in any legal proceeding instituted on account of a Party's breach of this Agreement shall be entitled to an award of the costs incurred in connection with such action*, including reasonable attorneys' fees and suit costs.

<u>Exhibit A</u> to the Motion for Fees and Costs [ECF 585] at Section 19(c) (emphasis added). There is no distinction between claims or counterclaims, both were instituted on account of a breach of the Agreement. The first portion of Section 19(c) ("any legal proceeding instituted on account of a Party's breach of this Agreement . . .") defines the circumstances that trigger the provision. Once triggered, the second portion defines the permissible scope of an the required award ("costs incurred . . . , including reasonable attorneys' fees . . ."). Both phrases must be given meaning. Magistrate Harvey correctly observed that for Klayman's interpretation to be correct, the provision would need to include limiting language such as "only for contract claims" or similar language.

In the District of Columbia, an objective law of contracts is applied to discern the meaning of the written language. *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 23-24 (D.D.C. 2017). The words of the contract, taken as a whole, govern the parties' rights unless the language is not susceptible of a clear and definite undertaking. *Id*. However, "[a] contract is not rendered ambiguous merely because the parties disagree over its proper interpretation." *Parker v. U.S. Trust Co.*, 30 A.3d 147, 150 (D.C. 2011) (citation omitted).

Klayman's reading of the attorney fee provision ignores the phrase stating that Judicial Watch, as the prevailing party, "shall be entitled to an award of the **costs incurred in connection with such action**, including reasonable attorneys' fees and suit costs." Agreement § 19(c) (emphasis added). Plaintiff asserted claims primarily involving a breach of the Agreement.

4

Judicial Watch responded with counterclaims based on the Agreement and statute. The entire "action" arose from Klayman's breach of the agreement. Therefore, an award of reasonable attorney fees is mandatory ("**shall be entitled** to an award . . .") because the contract language unambiguously defines the scope of fees as "such action," meaning the action "instituted on account of a Party's breach." Although some claims were not based on a breach of the Agreement, those claims involved the same or similar conduct that formed the operative nucleus of material facts at issue. Limiting the award to only claims for breach of the Agreement ignores the phrase "incurred in connection with such action," reading it out of existence. *See GenopsGroup LLC v. Public House Invs. LLC*, 67 F. Supp. 3d 338, 343 (D.D.C. 2014) (courts must strive to give reasonable effect to all parts and avoid interpretations that would render part of the contract meaningless or incompatible with the whole).

### C. KLAYMAN IS NOT ENTITLED TO DISCOVERY OR AN EVIDENTIARY HEARING REGARDING THE FEE PETITION

As noted by Magistrate Harvey, Defendants voluntarily produced copies of all billing records, disclosed the nature of their arrangement with an insurance carrier, and provided detailed declarations from their counsel. Plaintiff has all the information required to "appraise the reasonableness of the fee requested and . . . present any legitimate challenges to the application." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1329 (D.C. Cir. 1982). Fee requests do not involve "the type of searching discovery that is typical where issues on the merits are presented." *Id*. It is the District Court's decision, in its sound discretion, to permit any additional inquiry considering the fee petition and the case as a whole. *Id*. Otherwise, protracted litigation over fees will deter attorneys from taking such cases.

As part of Klayman's effort to cast Defendants as dishonest, he argues that the difference between the requested award and the amount awarded proves that Magistrate Harvey found the

5

request to be fraudulent. This position is absurd. Defendants fully disclosed the payment arrangements with its carrier and made an alternative request to the actual amount paid. *See* ECF No. 585-9 at ¶ 5; and ECF No. 585 at p. 9 fn3. In the District of Columbia, fraud requires: (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken in reliance upon the representation, (6) which result in provable damages. *See Jacobson v. Hofgard*, 168 F. Supp. 3d 187, 195 (D.D.C. 2016). Not a single element of a fraud claim is present in the fee request.

Klayman is also not entitled to an evidentiary hearing unless the District Court determines that there is a "well-founded dispute." *Concerned Veterans*, 675 F.2d at 1330. Even when there are disputed issues of fact (which there are not), the Court can resolve such issues "by the documentation accompanying the fee application and through appropriate discovery lodged with the Court." *Id.*

Plaintiff's stated reason for a hearing does not involve a "well-founded dispute." The Objections raise worn-out, baseless allegations of misrepresentation that are not related to the fee request. Most of these allegations were previously rejected by the District Court, the D.C. Circuit, and the Supreme Court. In addition, Klayman did not support these bare allegations with any evidence. He does highlight three separate time entries, culled from 1,000s of time entries over a 16-year period, which he argues are excessive in comparison with the work product produced. Klayman does not contend the work was not done, or that the work product was not filed, or that the entries are just made up. Instead, he argues that the time billed for these three tasks is too much given the work product filed.[1] Here, Magistrate Harvey correctly denied the

---

[1] Plaintiff's ability to review the specific time entry, then compare the time with the actual work product filed, demonstrates that he is in possession of all information necessary to determine reasonableness of fees.

hearing request. Defendants voluntarily provided all information needed to evaluate reasonableness. Klayman's continued pursuit for a hearing demonstrates only that he is intent on "engaging in a purely vindictive contest over fees," which courts are cautioned to avoid. *Id.*

WHEREFORE, for all the foregoing reasons, and for those set forth in the original and supplemental Motion for Attorney's Fees and Costs, Judicial Watch respectfully requests that the Plaintiff's Objections be overruled and that the attorneys' fees and cost award in the amount of $707,131.91 be affirmed.

Dated: December 7, 2022

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Email: rdriscoll@driscollseltzer.com
DRISCOLL & SELTZER, PLLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
703.879.2601 Telephone
703.997.4892 Facsimile

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 7th day of December 2022, a true copy of the foregoing Response in Opposition was electronically transmitted by the Court's ECF system and by email to:

>Larry Klayman, Esq.
>7050 W. Palmetto Park Rd.
>Boca Raton, FL 33433
>leklayman@gmail.com

    /s/
_____
Richard W. Driscoll