IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN<br><br>    Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC., *Et Al*.<br><br>    Defendants. | Civil No. 1:06-cv-00670-CKK |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "Judicial Watch"), by undersigned counsel, respectfully oppose the "Cross Motion" for Sanctions filed by Plaintiff Larry Klayman ("Klayman") and state:

1. Klayman does not articulate any standard, rule, or statute for the sanctions he seeks. Therefore, Defendants are not able to respond substantively to the Motion.

2. Plaintiff lists pages of alleged misconduct without attaching a single piece of evidence or detail to substantiate the accusations. *See* Motion at pp. 5-10. Instead, providing his view and interpretation of events, Klayman concludes the actions are "false and fraudulent." For example, Klayman asserts that Defendants and their counsel transmitted a false statement to Roger Stone that Plaintiff was terminated by Judicial Watch for a sexual harassment complaint and alleges that they took money from Klayman and "put it into their own coffers." Motion at pp. 7-8. The bald nature of these accusations and absence of information or detail in support make it difficult to respond in substance. Absent further information, the Motion for Sanctions is not ripe for decision and should be denied for lack of substance. However, Defendants (and their

counsel) are confident that if and when examined in detail, the allegations will prove to be meritless.[1]

3.      Klayman's interpretation of Panel comments during oral argument is unjustified and provide no support for his Motion. During the appeal in *Klayman v. Rao*, No. 21-cv-02473 (CRC), 2021 U.S. Dist. LEXIS 204644 (D.D.C. Oct. 25, 2021), Klayman asked for prospective relief in the form of the Circuit Court reviewing the record from this case to "see what happened." Motion, Exhibit A at p. 27, line 25 – p. 28, line 4. The Panel responded by asking what standard to apply as a general rule. *Id*. at p. 30, lines 18-24. When Klayman did not propose a concrete standard, the Panel asked if the standard was "shocks the conscience." *Id*. at p. 31, lines 14-19. Klayman agreed. *Id*. at p. 31, lines 12-14. The Panel **never suggested** that they would adopt this standard or that this case satisfied the standard. They only requested that Klayman articulate how a court could justify a collateral attack on another court's judgment.

4.      Klayman misread the Panel comments. This is confirmed by the Circuit Court's opinion rejecting his appeal only a few short weeks later:

> We have thoroughly reviewed the record, in particular the alleged evidentiary errors committed by the trial judge in *Judicial Watch I*. It seems clear to us that the instant suit is an attempt to relitigate prior decisions of the district court and of this court. Klayman attempts to present the allegations in his complaint as independent violations of his constitutional rights, but they are in fact accusations that the decisions of the district court and of this court are incorrect. Such claims are only reviewable, and in this case have been reviewed, on appeal and on writ of certiorari to the Supreme Court. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995) ("It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to

---

[1]     Plaintiff also states that he is "referring this matter to the Committee on Grievances." The purpose for making such a statement is unclear. It provides no support for a sanctions motion, is not intimidating or threatening, and sounds much like playground tattle tailing.

be respected." (quoting *Walker v. Birmingham*, 388 U.S. 307, 314, 87 S. Ct. 1824, 18 L. Ed. 2d 1210 (1967))). Klayman's requested relief—vacatur of the judgment against him and a new trial—further illustrates that the instant suit is an attempt to relitigate the original Judicial Watch litigation. *As such, the district court correctly dismissed this case sua sponte because it had no jurisdiction to review the decisions of another federal district court judge or of this court; the claims are barred by res judicata; and Klayman was not entitled to injunctive relief because he had adequate, if unsuccessful, remedies at law*.

*Klayman v. Neomi Rao, Hon*, 49 F.4th 550, 552 (D.C. Cir. 2022) (emphasis added).

## CONCLUSION

Klayman did not cite any standard or submit any evidence to support his Motion. His reliance on questions and comments by the appeal Panel is unfounded in light of the decision denying the appeal in whole. There are simply no grounds on which to award any sanctions.

WHEREFORE, for all the foregoing reasons, Judicial Watch respectfully requests that the Motion for Sanctions be DENIED.

Dated: December 7, 2022            Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Email: rdriscoll@driscollseltzer.com
DRISCOLL & SELTZER, PLLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
703.879.2601 Telephone
703.997.4892 Facsimile

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of December 2022, a true copy of the foregoing Opposition to Motion for Sanctions was electronically transmitted by the Court's ECF system and by email to:

> Larry Klayman, Esq.
> 7050 W. Palmetto Park Rd.
> Boca Raton, FL 33433
> leklayman@gmail.com

/s/

_____
Richard W. Driscoll