UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,
      Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,
      Defendants.

Civil Action No. 06-670 (CKK)

## ORDER
(May 3, 2023)

The Court has reviewed Magistrate Judge Michael G. Harvey's [657] Report and Recommendation ("Report") regarding Defendants' [585] Motion for Attorney's Fees and Costs, as well as the [585] Motion itself and subsequent briefs in support and opposition thereof.

Notably, Defendants did not object to the Judge Harvey's Report. However, Plaintiff filed both [659] Interim Objections and [662] Objections to the Report, which the Court has taken into consideration.

Plaintiff argues that he should have been granted discovery and an evidentiary hearing, *see* ECF No. 662 at 4, which was addressed at length in Judge Harvey's Report, *see* ECF No. 657 at 33–39. Judge Harvey concluded that "Defendants have already provided all the information and documentation the D.C. Circuit has said is necessary for Klayman to interpose any legitimate objections, and Klayman has not identified any material factual issues that would require testimony before or fact-finding by the Court." ECF No. 657 at 39. The Court adopts Judge Harvey's analysis and conclusion as to discovery and an evidentiary hearing. Nothing in Plaintiff's [659] Interim Objections and [662] Objection suggest that Judge Harvey's conclusion was erroneous.

Plaintiff also argues that the fees awarded were outside the scope of the Severance Agreement. *See* ECF 662 at 15. This, too, was fully addressed in Judge Harvey's Report. *See* ECF No. 657 at 16–26. It was in fact at the heart of the Report—the Discussion section began by explaining that "[t]he threshold question is the scope of the Severance Agreement's fee-shifting provision" and, ultimately, "a straightforward reading of the fee-shifting provision's

1

plain terms shows that it is broad enough to cover claims in this litigation not directly arising from the Severance Agreement." *Id.* at 15.  The Court adopts Judge Harvey's analysis and conclusion as to the scope of the Severance Agreement.  Again, nothing in Plaintiff's [659] Interim Objections and [662] Objection suggest that Judge Harvey's conclusion was erroneous.

The remainder of Plaintiff's objections, such as taking issue with not being able to electronically file on the docket, *see* ECF No. 659 at 1–2, and transferring this case to another Judge, *see* ECF No. 662 at 16, lack merit and are nonresponsive to the Report.  As Defendants point out, many of Plaintiff's objections are "baseless and interposed for the sole purpose of delay."  ECF No. 664 at 3.

Accordingly, it is, this 3rd day of May, 2023, hereby **ORDERED** that the Court **ADOPTS** [657] Magistrate Judge Harvey's Report and Recommendation regarding [585] Motion for Attorney's Fees and Costs.  It is further **ORDERED** that Defendants' [585] Motion for Attorney's Fees and Costs is **GRANTED IN PART**, and Defendants shall be awarded $682,265.30 in fees and $24,866.61 in costs, for a total of $707,131.91.

**SO ORDERED**.

Date: May 3, 2023

_____/s/_____

Hon. Colleen Kollar-Kotelly
United States District Judge