LEAVE TO FILE GRANTED
Judge C Kollar-Kotelly
5/18/2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

        Plaintiff,

v.

JUDICIAL WATCH, INC.,

        Defendant.

Civil Action No. 1:06-cv-00670

## PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF MAY 3, 2023 PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(b)

Pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b) and 59(e), Plaintiff Larry Klayman, ("Mr. Klayman"), files this motion for relief from the Court's Order dated May 3, 2023 [Dkt. # 669] ("the Order"), or in the alternative, seeks to alter or amend the Court's Order, which, without any real bona fide factual and/or legal analysis, summarily rubber stamped and adopted in its entirety Magistrate Judge Michael G. Harvey's Report and Recommendation [Dkt. # 657] regarding Defendants' Motion for Attorney's Fees and Costs. The Order contains factual and legal errors and must be reconsidered.

### I.    LEGAL STANDARD

#### A.    FEDERAL RULE OF CIVIL PROCEDURE 59(e).

A motion to reconsider under FRCP 59(e) must be granted in order to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law); *EEOC v. Lockheed Martin Corp.*,

RECEIVED
MAY 17 2023
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

116 F.3d 110, 112 (4th Cir. 1997). So long as the Rule 59(e) motion is timely filed, the courts have considerable discretion. *Id.* at 112. The courts can and should correct clear errors in order to "preserve the integrity of the final judgment." *Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002).

Indeed, honest and ethical as opposed to biased and prejudiced "[j]udges are constantly reexamining their prior rulings in a case on the basis of new information or argument, or just fresh thoughts . . . no one will suggest that a judge [her]self may not change h[er] mind and overrule h[er] own order." *Blyther v. Chesapeake & Potomac Tel. Co.*, 661 A.2d 658, 662 (D.C. 1995); *see also Berge v. United States*, 949 F. Supp. 2d 36, 49 (D.D.C. 2013) (noting that "[e]rrors, however, are not uncommon in our legal system, and in fact are expected, which is why motions for reconsideration and appellate review have been integrated into our legal process.").

In *Lockhead*, the district court reconsidered a decision to deny enforcement of an EEOC subpoena in light of new affidavits submitted by the agency:

> The affidavits made it clear that the order denying enforcement was based on an erroneous understanding of the relevance of the information sought by the EEOC. In the context of a public agency attempting to fulfill its statutorily mandated purpose, manifest injustice would have been the result of allowing a ruling based on an erroneous and inadequate record to stand.

116 F.3d at 112. Under the correct view of the facts, the EEOC was clearly entitled to prevail. *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed, explaining that "the district court would likely have abused its discretion if it had failed to grant the Rule 59(e) motion." *Id.* (emphasis in original); *see Norman v. Arkansas*, 79 F.3d 748, 750 (8th Cir. 1996) (finding abuse of discretion where court refused to reconsider clear, factual error); *see also Anyanwutaki v. Moore*, 151 F.3d 1053, 1058-59 (D.C. Cir. 1998) (finding abuse of discretion where court refused to consider clear legal error).

2

Reconsideration is particularly appropriate in this case because the Court's decision in its Order failed to examine Mr. Klayman's arguments and in fact neglected to even address his meritorious examples of errors, where he identified where, how and why Magistrate Harvey's Recommendation [Dkt. # 657] should be reversed. This Court's Order of May 3, 2023 was predicated on a number of clear errors and the decade old bias and prejudice against Plaintiff, and should be reconsidered. Upholding the Court's Order on erroneous grounds is manifestly unjust.

### B.     FEDERAL RULE OF CIVIL PROCEDURE 60(b).

FRCP 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This Circuit and others have recognized that the Rule's reference to "mistake" encompasses not only mistakes made by litigants but also mistakes made by the Court. *See, e.g., D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 453 (D.C. Cir. 1975) (per curiam) (holding that district court abused its discretion by failing to correct a legal error pursuant to Rule 60(b)(1)); 11 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2858.1 (4th ed. 2012) (discussing relief under Rule 60(b)(1) for "Court Errors and Mistakes"). This Court also has discretion to provide relief from an order for "any other reason that justified relief." Fed. R. Civ. P. 60(b)(6).

Importantly, the U.S. Circuit Courts of Appeal have had a "longstanding disagreement whether 'mistake' in Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 142 S. Ct. 1856, 1861 & n.1, (2022). Resolving that question in *Kemp*, the U.S. Supreme Court recently held, based on the text, structure, and history of Rule 60(b), that "a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." *Id.* at 1860. In so holding, the Supreme Court

indicated that the term "mistake' in Rule 60(b)(1) should be given its broadest possible interpretation to include any mistake, including "all mistakes of law made by a judge." *Id.* at 1862.

There, the Supreme Court specifically rejected the Government's narrower reading of Rule 60(b)(1) in *Kemp* that the term "mistake" includes "only so-called 'obvious' legal errors." *Id.* The Supreme Court's decision sensibly spared the federal district courts form having "to decide not only whether there was a 'mistake' but also whether that mistake was sufficiently 'obvious,'" since the plain language of Rule 60(b)(1) "does not support – let alone require – that judges engage in this sort of complex line-drawing." *Id.* at 1863. Thus, the rule going forward could not be any simpler: relief from a final judgment or order may be granted under Rule 60(b)(1) based on a judge's mistakes, including legal ones.

## II.  LEGAL ANALYSIS

### A. THIS COURT MADE A MISTAKE WHEN IT RULED THAT "NOTHING IN PLAINTIFF'S [659] INTERIM OBJECTIONS AND [662] OBJECTIONS SUGGEST THAT MAGISTRATE JUDGE HARVEY'S CONCLUSION WAS ERRONEOUS[,]" [DKT. # 669], CONCERNING PLAINTIFF'S VALID REQUEST FOR AN EVIDENTIARY HEARING.

The law states that an evidentiary hearing is *required* in a case such as this, where there are disputes of fact. During the course of this litigation, Mr. Klayman provided the Court with copious examples of Defendants' and their counsel's fraudulent statements and behavior in this and other court cases to the Court. This fraudulent behavior includes but is not limited to: 1) Thomas Fitton signing and filing a false affidavit regarding Jose Basulto; 2) repeating the patently false narrative that Mr. Klayman did not produce any documents during the discovery phase of this case; 3) filing fraudulent pleadings regarding the extra $500,000 this Court allowed Defendants' counsel to present to the jury; 4) using the mail to transmit the false statement that

4

Mr. Klayman had been ousted from Judicial Watch because of a sexual harassment complaint; 5) entering into an illegal agreement with the American Conservative Union ("ACU") whereby Defendants donated monies in order for the ACU to exclude Mr. Klayman; 6) tortuously interfering with Mr. Klayman's relationship with the media; 7) using the mails to threaten Mr. Klayman by saying he can no longer refer to himself as the founder of Judicial Watch; 8) submitting a fraudulent bar complaint over Mr. Klayman's *pro hac vice* application in *United States v. Bundy*, 2:16-cr-00046 (D. Nev.); 9) using an office manager of Judicial Watch to publish false information that Mr. Klayman had been "convicted" of not paying child support; and 10) making false statements concerning the dismissal of *Klayman v. Fitton*, 1:19-cv-20544 (S.D. Fla.), to name just a few of the false statements made in the past. Because of these acts committed by Defendants and their counsel, Mr. Klayman sought discovery and an evidentiary hearing as he knew that Defendants – emboldened by this Court's refusal to hold them accountable – would allow for the continuation of this false and fraudulent pattern concerning the fees and costs.

The law is clear. "An application for attorneys' fees is only entitled to an award for time reasonably expended . . . [t]his is essential not only to permit the District Court to make an accurate and equitable award to place government counsel in a position to make an informed determination as to the merits of the application." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). "Accordingly, the opponent is entitled to the information it requires to appraise the reasonableness of the fee requested and in order that it may present any legitimate challenges to the application to the District Court." *Id.* at 1329: "[P]rocedural fairness requires that a hearing be held where in the District Court's view material

issues of fact that may substantially affect the size of the award remain in well-founded dispute." *Id.* at 1330.

Based on its bias and prejudice toward Plaintiff, this Court disregarded the law which requires an evidentiary hearing in a case such as this where facts are in dispute and simply dismissed Mr. Klayman's Objections by stating, "[n]othing in Plaintiff's [659] Interim Objections and [662] Objection suggest that Judge Harvey's conclusion was erroneous." This is false. Mr. Klayman provided the Court with specific examples of Magistrate Harvey's errors. For instance, Mr. Klayman pointed out that Magistrate Harvey refused to comb through the record and the pleadings filed by Defendants one-by-one to determine if the amount of time and fees sought correlated with the amount of work actually done. As just a few examples, counsel for Defendants billed at least 2.3 hours on work related to Defendants' October 27, 2021 Motion to Lift Stay, which consisted of two pages of substance and not a single citation of legal authority. Previously, on September 3, 2019, counsel for Defendants billed for 4.5 hours of work related to Defendant's Response to Plaintiff's Motion to Stay Enforcement of Judgment Pending Appeal Without Bond, which consisted of just three and a half pages of substance. Then, counsel for Defendants billed 13.7 hours of work related to Defendants' April 26, 2019 Opposition to Plaintiff's Motion for Reconsideration and Renewed Motion for Voluntary Recusal or Disqualification – which largely consisted of recycled legal research and only totaled approximately nine pages of substance.

Magistrate Judge Harvey, likely at the instruction of this Court, did not take the time and effort to comb over each and every billing record, which is required by law. Thus, this Court's Order rubberstamping Magistrate Judge Harvey's clearly erroneous recommendation concerning an evidentiary hearing must be reconsidered.

B.  **THIS COURT MADE A MISTAKE WHEN IT RULED THAT "NOTHING IN PLAINTIFF'S [659] INTERIM OBJECTIONS AND [662] OBJECTIONS SUGGEST THAT MAGISTRATE JUDGE HARVEY'S CONCLSION WAS ERRONEOUS[,]" [DKT. # 669], CONCERNING PLAINTIFF'S ARGUMENT THAT THE AWARDED ATTORNEYS' FEES WERE OUTSIDE THE SCOPE OF THE SEVERANCE AGREEMENT.**

The Severance Agreement is clear: "[t]he prevailing party in any legal proceeding instituted on account of a Party's breach of this Agreement shall be entitled to an award of the costs incurred in connection with such action, including reasonable attorneys' fees and suit costs." The only fees recoverable as those related to a legal proceeding instituted on **account of a Party's breach of the Severance Agreement.** Thus, any claims and defenses not directly related to the breach of the Severance are expressly excluded from the determination of fees. This would, notably, exclude all attorneys' fees arising out of the Lanham Act, which comprised of a majority of the fees sought by Defendants, as there is nothing in the Severance Agreement that pertains to the Lanham Act.

Magistrate Harvey egregiously erred by failing to abide by the express language of the Severance Agreement, which limits the fees recoverable to those related to a legal proceeding instituted "on account of" a party's breach of the Agreement. "On account of" is clearly limiting language that was included by Mr. Klayman in 2003 in drafting the Severance Agreement to ensure that only fees for legal actions brought for breach of the Severance Agreement would be compensable. Magistrate Harvey argued that in order for this to be a valid interpretation, the parties must have included further, redundant language such as "solely on account of." Respectfully, this reasoning is simply a bad interpretation of the English language. Including language like "solely" would be redundant. Parties of course can contract using redundant

7

adjectives, but this defeats the purpose of a plain and simple contract that adequately captures the intent of the parties.

Magistrate Judge Harvey considered fees outside the Severance Agreement. And this Court ~~intentionally erred~~ ruled that "a straightforward reading of the fee-shifting provision's plain terms shows that it is broad enough to cover claims in this litigation not directly arising from the Severance Agreement[,]" Order at 1-2, and this error must be reconsidered.

### III. CONCLUSION

For the foregoing compelling reasons, Mr. Klayman respectfully requests that the Court grant his motion for reconsideration and vacate its prior decision, thereby holding the fees in abeyance until Mr. Klayman is able to exhaust his remedies. Magistrate Judge Harvey's Recommendation is fatally flawed in numerous respects as it adopts the patently fraudulent statements of Defendants without scrutiny much less any question. This stark miscarriage of justice must be remedied. Allowing a ruling based on an erroneous and inadequate record to stand would be a manifest injustice and is contrary to the law and in violation of this Court's oath of office, which requires:

> I do solemnly swear that I will administer justice without regard to persons, and do equal right to the poor and to the rich, and that I will impartially discharge and perform all the duties incumbent upon me as judge under the Constitution and laws of the United States. So help me God. 28 U.S.C. § 453

**Dated**: May 17, 2023

Respectfully Submitted,

/s/ Larry Klayman

Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5336
Email: leklayman@gmail.com

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, May 17, 2023, a true and correct copy of the foregoing was filed in person with the Clerk of the Court and served via email to counsel of record at: rdriscoll@driscollseltzer.com.