IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JUDICIAL WATCH, INC., *Et Al*.<br><br>　　　　　Defendants. | Civil No. 1:06-cv-00670-CKK |

**OPPOSITION TO PLAINTIFF'S MOTION
FOR RELIEF FROM ORDER OF MAY 3, 2023**

Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell (jointly "Judicial Watch"), by undersigned counsel, hereby oppose the Motion for Relief [Dkt # 682] filed by Plaintiff Larry Klayman ("Klayman").

## **INTRODUCTION**

"At some point, litigation must come to an end" and for this case, "[t]hat point has now been reached." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011). This litigation began in early 2006. The parties completed discovery by the end of 2009, but trial did not occur until 2018 due to multiple motions and actions filed by Plaintiff to delay the case. The jury completely rejected Klayman's claims and defenses and awarded judgment to Judicial Watch in the amount of $2,300,000 and to Thomas Fitton in the amount of $500,000. [Dkt # 560] Following Plaintiff's unsuccessful post-trial motions, a final judgment in the amount of $2,932,970.16 was entered on March 18, 2019 [Dkt # 584] which added $132,970.16 for other damages and interest.

After the post-trial relief effort, Plaintiff pursued multiple appeals and collateral attacks on the judgment. Although Klayman may disagree with the final outcome, his unsuccessful appeal to the U.S. Supreme Court means the judgment in favor of Defendants must stand. All that remained was for this Court to award fees and costs pursuant to the contract between the parties, which occurred on May 3, 2023, with the adoption of Magistrate Harvey's Report and Recommendation. [Dkt # 669]

Klayman now seeks relief from the Court's Order based on tired, unsupported and often repeated objections that ignore facts and disregard well-established law. But the Motion fails to meet the clear burdens required by Rules 59 and 60. Therefore, the Court should deny the Motion as a transparent attempt to further delay this action. The end of this litigation has been reached.

## ARGUMENT

Klayman seeks relief under Fed. R. Civ. P. 59(e) and 60(b) from the Order [Dkt # 669] awarding fees and costs to Judicial Watch yet fails to present any evidence of any error. But he "bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013), quoting *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012); see also, *Outterbridge v. Dep't of Homeland Sec.*, 292 F. Supp. 3d 330, 333 (D.D.C. 2018). This Court "enjoys significant discretion in deciding whether to grant or deny a Rule 60(b) motion . . . ." *Comput. Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996). The Court is required to "balance the interest in justice with the interest in protecting finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Obtaining relief under Rule 59(e) or 60(b) is an "unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C.

2011), citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) and *Anderson v. Dist. of Columbia*, 72 F.3d 166, 167-68 (D.C. Cir. 1995).

Plaintiff's Motion lacks substance and falls far short of the extraordinary circumstances required to obtain relief. The Motion should be DENIED.

### A.  KLAYMAN ERRONEOUSLY ASSERTS THAT AN EVIDENTIARY HEARING IS REQUIRED

The Court, utilizing its broad discretion, correctly determined that Klayman is not entitled to an evidentiary hearing. "The trial court retains substantial discretion based on its view of the submissions as a whole to guide any further inquiry." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1329 (D.C. Cir. 1982).

As the prevailing party in the litigation, Judicial Watch is entitled to "an award of the costs incurred in connection with such action, including reasonable attorneys' fees and suit costs." Exhibit A to the Motion for Fees and Costs [Dkt # 585] at Section 19(c). The question of reasonableness is an objective standard that does not require subjective discovery. For this reason, "it is not expected that fee contests should be resolved only after the type of searching discovery that is typical where issues on the merits are presented." *Concerned Veterans*, 675 F.2d at 1329. Judicial Watch voluntarily produced copies of the fee invoices totaling several hundred pages, affidavits of counsel and charts to show the number of hours worked by each attorney in each month during the 13 years of litigation. Plaintiff received copies of every filing with the Court. Despite all this information, Klayman identified only three time entries, among thousands, that he contests. This minor objection hardly warrants an evidentiary hearing.

Perhaps recognizing the weakness of his argument, Klayman resorts to misrepresentation contending that the "law states that an evidentiary hearing is required in a case such as this, where there are disputes of fact." [Dkt # 682 at p. 4] Plaintiff provides no citation for this

fictitious law, and there is none. But the Circuit Court for the District of Columbia clearly instructs that a hearing or discovery are within the Court's discretion:

> The District Court's discretion in determining the need for a hearing, as in fixing the scope of permissible discovery, should be exercised in light of the fact that the interests of justice will be served by awarding the prevailing party his fees as promptly as possible.

*Concerned Veterans*, 675 F.2d at 1330. Similarly, there is no law that requires Magistrate Harvey to "comb over each and every billing record."

No legitimate dispute of fact is present. Defendants' work product is part of the record and may be accessed through the ECF system. Plaintiff already possesses the contemporaneous time records and invoices for the fees awarded. He obtained the benefit of a low hourly rate imposed by the Defendants' insurance company. Despite all this information, Klayman did not identify any dispute of fact worthy of additional discovery. Merely repeating previously unproven allegations without providing **clear proof** does not advance a motion for reconsideration. Nearly all these allegations have been vetted and rejected in prior motions and appeals. Considering this, the Court was entirely within its discretion to reject the request for a hearing.

**B. KLAYMAN ERRONEOUSLY ASSERTS THAT MAGISTRATE HARVEY FAILED TO APPLY THE CONTRACT LANGUAGE FOR FEE SHIFTING**

Klayman contends that there is clear error arising from Magistrate Harvey's conclusion that the language of the Severance Agreement is broad enough to award fees for the entire action and not merely claims for breach of contract. [Dkt # 657 at 16–26] In support of this argument, Plaintiff cites to nothing other than the language of the Severance Agreement and his own opinion.

It is entirely within the province of the Court to interpret the language of a contract. In the District of Columbia, an objective law of contracts is applied to discern the meaning of the

4

written language. *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 23-24 (D.D.C. 2017). The words of the contract, taken as a whole, govern the parties' rights unless the language is not susceptible of a clear and definite undertaking. *Id*. However, "[a] contract is not rendered ambiguous merely because the parties disagree over its proper interpretation." *Parker v. U.S. Trust Co.*, 30 A.3d 147, 150 (D.C. 2011) (citation omitted).

Here, Klayman disagrees with the Court's conclusion, but provides no evidence or citation to authority in support of his position. In essence, he argues that mere disagreement with the outcome is sufficient to demonstrate the extraordinary circumstances required for the Motion. In contrast, Magistrate Harvey's recommendation is based on a detailed and thorough analysis of the meaning of the contract language, complete with citations. A mere disagreement with Magistrate Harvey's conclusion is not sufficient to justify relief under Rules 59 or 60. The Court correctly adopted Magistrate Harvey's Report and Recommendation.

WHEREFORE, for all the foregoing reasons, Judicial Watch respectfully requests that Plaintiff's Motion be DENIED.

Dated: June 1, 2023                                  Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
Email: rdriscoll@driscollseltzer.com
DRISCOLL & SELTZER, PLLC
2000 Duke Street, Suite 300
Alexandria, Virginia 22314
703.879.2601 Telephone
703.997.4892 Facsimile

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton, Paul J. Orfanedes and Christopher J. Farrell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2023, a true copy of the foregoing Opposition was electronically transmitted by the Court's ECF system and by email to:

> Larry Klayman, Esq.
> 7050 W. Palmetto Park Rd.
> Boca Raton, FL 33433
> leklayman@gmail.com

/s/

_____
Richard W. Driscoll