**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LARRY ELLIOT KLAYMAN,

  *Plaintiff*,

  v.

JUDICIAL WATCH, INC. *et al.*,

  *Defendants*.

No. 06-cv-670-CKK-MAU

**MEMORANDUM OPINION**

Before the Court is Plaintiff Larry Klayman's ("Klayman") Motion to Stay Enforcement of Judgment Pending Appeal Without Bond ("Motion"). ECF No. 695. On May 3, 2023, the District Court issued an order awarding attorney's fees and costs to Defendants Judicial Watch, Inc. ("Judicial Watch") and Thomas J. Fitton ("Fitton"), in the amount of $707,131.91 ("Fees Order"). ECF No. 669 (adopting Report and Recommendation, ECF No. 657). Klayman seeks to stay enforcement of the Fees Order. ECF Nos. 695 & 700. Defendants Judicial Watch, Fitton, Paul J. Orfanedes, and Christopher J. Farrell (together, "Defendants") oppose the Motion. ECF No. 698. On July 15, 2024, the District Court referred the Motion to the undersigned for resolution pursuant to Local Civil Rule 72.2. ECF No. 701. For the following reasons, Klayman's Motion is **DENIED**.

Klayman requests that the Court stay enforcement of the Fees Order while his appeal of that decision is pending before the D.C. Circuit. ECF No. 695 at 1.[1] Klayman further requests that, in issuing a stay, the Court waives his requirement to post a supersedeas bond, which he states is "financially prohibitive." *Id.* at 2. In opposition, Defendants argue that Klayman fails to meet

---

[1]   Citations are to the page numbers in the ECF headers.

his burden to demonstrate entitlement to a stay without a bond.  ECF No. 698 at 2–4.  Although the District Court previously denied Klayman's request to stay enforcement of the judgment entered against him pending appeal without bond (ECF No. 615), Klayman renews many of his previous arguments here.  Just as before, none are availing.  The Motion is denied for several reasons.[2]

*First*, Klayman's Motion is moot.  Klayman requests a stay until he has "had an opportunity to have his appeal heard before" the D.C. Circuit.  ECF No. 695 at 1.  That has already happened.  Since Klayman filed this Motion, the D.C. Circuit has reviewed and denied Klayman's appeal of the Fees Order, among other issues he raised on appeal.  *Klayman v. Judicial Watch, Inc.*, No. 23-7119, 2025 WL 502039 (D.C. Cir. Feb. 14, 2025) (per curiam).

*Second*, to the extent that Klayman would argue his Motion is not moot because he has sought rehearing en banc, the Court also denies the Motion for failure to post a supersedeas bond.  Under Rule 62(b), "a party may obtain a stay by providing a bond or other security."  Fed. R. Civ. P. 62(b).  Rule 62(b) "entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (discussing former Rule 62(d), which the Advisory Committee amended as current Rule 62(b) in 2018).  Here, it is undisputed that Klayman has not provided a bond or any security.  Accordingly, he is not entitled to a stay as a matter of right.

*Third*, Klayman fails to meet his burden to show that the Court should waive the supersedeas bond requirement.  A supersedeas bond is required under "normal circumstances,"

---

[2]    In his Reply, Klayman argues for the first time that the "purported writs of garnishment and attempted service thereof by the Defendants" were defective and, thus, void.  ECF No. 700 at 2.  It is not clear to which writs of garnishment Klayman is referring or how this argument relates to Klayman's Motion in any way.  Because Klayman raises this argument for the first time on Reply and because it appears unrelated to the Motion, the Court declines to address it.

such as "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full." *Id.* at 760. The Court may only waive this requirement in "unusual circumstances," and only if the stay "do[es] not unduly endanger the judgment creditor's interest in ultimate recovery." *Id.* at 760–61. The moving party bears the burden to "objectively demonstrate the reasons for" a departure from the normal rule. *Godfrey v. Iverson*, No. 05-cv-2044, 2007 WL 3001426, at *1 (D.D.C. Oct. 16, 2007) (quoting *Grand Union Co. v. Food Emps. Lab. Rels. Ass'n*, 637 F. Supp. 356, 357 (D.D.C. 1986)). The Court must consider: "(1) the amount of the money award; (2) the documented net worth of the judgment debtors; and (3) whether the judgment debtors are D.C. residents, and if so, whether there is any indication that they may leave the jurisdiction before the completion of the appeals process." *Id.* (citing *Fed. Prescription Serv.*, 636 F.2d at 760).

Here, the Fees Order requires Klayman to pay Judicial Watch and Fitton approximately $707,000. ECF No. 669. Klayman, however, fails to document his net worth or provide *any* evidentiary support for his request that the Court depart from "normal circumstances." *Fed. Prescription Serv.*, 636 F.2d at 760. Moreover, as Defendants argue, Klayman is not a D.C. resident and does not own any D.C. real estate. ECF No. 698 at 1. Klayman argues his "ties to this jurisdiction remain strong," but he cannot meet his burden with this unsubstantiated statement alone. ECF No. 695 at 2; *see* ECF No. 700 at 7; *see, e.g.*, *Grand Union Co.*, 637 F. Supp. at 357–58 (finding plaintiff failed to meet burden when it stated nothing about its residency status, among other reasons). In any event, Klayman admits he "simply cannot afford to post bond" and makes no argument that he would be able to fulfill the judgment at a later time. ECF No. 695 at 2. Thus, there is a reasonable likelihood that Klayman will be unable or unwilling to satisfy the Fees Order

pending final disposition of his appeal, making a supersedeas bond necessary to protect Judicial

Watch and Fitton's interest in ultimate recovery.  *See Fed. Prescription Serv.*, 636 F.2d at 760–61.

*Fourth*, to the extent Klayman argues that he is entitled to a stay pending appeal as part of

the Court's equitable powers separate from the Rule 62(b) mechanism, he also fails to meet *this*

burden.  ECF No. 700 at 4–8.  When deciding whether to stay a judgment pending appeal, the

Court should consider the following factors:

> "(1) whether the stay applicant has made a strong showing that he is
> likely to succeed on the merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether issuance of the stay
> will substantially injure the other parties interested in the
> proceeding; and (4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 434–35 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776

(1987)).  The first two factors are the "most critical."  *Nken*, 556 U.S. at 434; *see, e.g., Mann v.*

*Wash. Metro. Area Transit Auth.*, 185 F. Supp. 3d 189, 194–96 (D.D.C. 2016) (denying stay

because plaintiff failed to show likelihood of success on the merits or irreparable harm, as plaintiff

only argued economic loss).

Klayman does not satisfy the first two factors.  First, Klayman is plainly unlikely to succeed

on the merits when the D.C. Circuit has already denied his challenge to the Fees Order.  *See*

*Klayman*, 2025 WL 502039.  Second, Klayman's unsupported assertion that he cannot afford the

bond (and presumably the fees) without being pushed "into financial ruin and potential

bankruptcy" fails to meet the extraordinary irreparable harm standard.  ECF No. 700 at 7; *see Wis.*

*Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 675 (D.C. Cir. 1985) (per curiam) ("[T]he

injury must be both certain and great; it must be actual and not theoretical."); *Va. Petroleum*

*Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) (per curiam) ("Mere

injuries, however substantial, in terms of money, time and energy necessarily expended in the

absence of a stay, are not enough."). Klayman simply does not present *any* evidence to support his assertion that he will suffer irreparable harm. Indeed, if "the Court of Appeals were to reverse this court's grant of [fees], Plaintiff could be made whole by return of the costs awarded." *Mann*, 185 F. Supp. 3d at 195. Because Klayman fails to satisfy the first two factors, the Court need not consider the remaining two. *See, e.g.*, *id.* (declining to consider additional stay factors upon failure of factors one and two); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 97 (D.D.C. 2011) ("[F]ailure to make any showing of irreparable harm is grounds for refusing to grant a stay, even if the other three factors merit relief.").

For the foregoing reasons, Klayman's Motion is **DENIED**.

Date:   March 13, 2025

_____
     MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE