UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,
    Plaintiff,

v.

JUDICIAL WATCH, INC., *et al.*,
    Defendants.

Civil Action No. 06-670 (CKK)

**MEMORANDUM OPINION & ORDER**
(March 13, 2025)

    Almost twenty years ago, Plaintiff Larry Klayman brought this suit against his former employer, Defendant Judicial Watch, Inc. Almost six years ago, this Court entered final judgment in favor of Defendants. *See* Final Judgment, ECF No. 584. On May 3, 2023, the Court issued an order awarding attorney's fees and costs to Defendants. Order, ECF No. 669 (the "Fees Order").

    Klayman appealed the Fees Order, among others, to the U.S. Court of Appeals for the District of Columbia Circuit. *See* Notice of Appeal, ECF No. 690. And he moved in this Court to stay enforcement of the Fees Order pending resolution of his appeal. *See* Mot. to Stay, ECF No. 695. The Court referred that motion to Magistrate Judge Moxila A. Upadhyaya. Order, ECF No. 701. But Klayman nevertheless moved to disqualify this Court from consideration of his Motion to Stay. Mot. for Recusal, ECF No. 702. Defendants opposed, Klayman replied, and the Motion for Recusal is ripe for this Court's review. The Court **DENIES** Klayman's Motion for Recusal for two independent reasons.

    *First*, Klayman's Motion for Recusal is moot—doubly so. Klayman moved to disqualify the Court from considering his Motion to Stay. But the Motion to Stay has already been resolved by Magistrate Judge Upadhyaya. Order, ECF No. 705. Moreover, the Motion to Stay is itself

1

moot because the D.C. Circuit has already reviewed and denied Klayman's appeal of the Fees Order. *Klayman v. Judicial Watch, Inc.*, No. 23-7119, 2025 WL 502039 (D.C. Cir. Feb. 14, 2025) (per curiam). The Court cannot recuse itself from consideration of a resolved motion to stay enforcement of an order pending resolution of a resolved appeal.

*Second*, to the extent Klayman's Motion for Recusal remains live, it lacks merit. This is at least the sixth time that Klayman has moved for recusal, disqualification, or transfer to a different court in the course of this long-running litigation. *See* ECF Nos. 315, 356, 425, 604, 649. Those motions have been denied at every turn, and the D.C. Circuit has now affirmed those denials in this and other cases on multiple occasions. As the D.C. Circuit most recently stated:

> Klayman argues that his case should be transferred to a judge outside our circuit because the district court judge was biased against him. For evidence of this supposed bias, he points only to adverse judicial rulings—which "alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir. 1995) (similar). We have rejected Klayman's unsupported allegations of district court bias before, and we do so again here. *See, e.g.*, *Klayman v. Porter*, No. 23-7144, 2024 WL 4763756, at *2-3 (D.C. Cir. Nov. 13, 2024); *Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301, 1318-19 (D.C. Cir. 2021).

*Klayman*, 2025 WL 502039, at *1. Klayman's latest Motion for Recusal retreads this old ground.

To the extent Klayman's motion suggests some new basis for recusal, it is entirely conclusory and thus does not present "clear and convincing evidence that disqualification is required." 28 U.S.C. § 455(a). Nor would Klayman's motion "fairly convince a sane and reasonable mind" that the Court harbors a disqualifying personal bias or prejudice against him. *United States v. Hanrahan*, 248 F. Supp. 471, 475 (D.D.C. 1965) (interpreting 28 U.S.C. § 144). And in any event, Klayman's Motion for Recusal is untimely. Such motions must be filed "at the earliest moment." *SEC v. Loving Spirit Found., Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004). But Klayman's Motion came at least eight months after the basis for any alleged prejudice arose.

2

Accordingly, the Court **ORDERS** that Klayman's [702] Motion for Recusal is **DENIED**.

**SO ORDERED.**

**Date:** March 13, 2025.

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge